## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | &#124; |
| | &#124;    **CIVIL ACTION** |
|       **Plaintiff**, | &#124; |
| | &#124; |
|   v. | &#124; |
| | &#124; |
| **PURDUE UNIVERSITY, PURDUE** | &#124; |
| **UNIVERSITY BOARD OF TRUSTEES,** | &#124; |
| **MITCHELL ELIAS DANIELS, JR.,** | &#124; |
| individually  and as agent for Purdue | &#124; **No.** |
| University, **ALYSA CHRISTMAS** | &#124; |
| **ROLLOCK**, individually and as agent for | &#124; |
| Purdue University, **KATHERINE** | &#124; |
| **SERMERSHEIM**, individually and as | &#124; |
| agent for Purdue University, **ERIN** | &#124; |
| **OLIVER**, individually and as agent | &#124; |
| for Purdue University, **JACOB** | &#124; |
| **AMBERGER**, individually and as agent | &#124;    **JURY TRIAL** |
| for Purdue University, | &#124;    <u>**DEMANDED**</u> |
| | &#124; |
|       **Defendants**. | &#124; |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED
## <u>UNDER PSEUDONYM AND FOR PROTECTIVE ORDER</u>

### <u>Introduction</u>

Plaintiff John Doe ("Plaintiff"), a wrongly suspended Purdue student who
lost his Navy ROTC scholarship as a result of false accusations of sexual
misconduct, submits this Memorandum of Law in support of his motion to file a
Complaint in the above-captioned matter as a pseudonymous Plaintiff, proceed in

[1]

the litigation under the pseudonym "John Doe" and restrain the named Defendants from revealing Plaintiff's identity.

Plaintiff's motion should be granted. There are a number of recognized criteria for determining whether to grant pseudonym status that are applicable in this case. *See Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. 137, 140 (S.D. Ind. 1996), *quoting Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). Application of those criteria to this case support finding that this case is an exceptional case warranting granting pseudonym treatment to Plaintiff.

The criteria pertinent here include: Plaintiff is challenging the campus sexual misconduct procedures at Defendant Purdue University that are effectively required by the April 2011 Dear Colleague Letter issued by the Department of Education's Office of Civil Rights but involve violations of due process; Plaintiff is required to disclose information of utmost intimacy; Plaintiff and his accuser would suffer serious harm if they are identified; and there is no prejudice to the Purdue Defendants if the suit is brought and litigated under a pseudonym.

## Statement of Facts

The statement of facts pertinent to this motion is provided in the detailed 63-page Complaint. The Court is respectfully requested to read the Complaint, as it does set out the facts of the case. Those facts, it is respectfully submitted, satisfy the legal criteria for filing and proceeding under a pseudonym.

[2]

<u>Argument</u>

I.      <u>The Law Governing Granting Pseudonym Status.</u>

At the outset, it should be acknowledged that the Seventh Circuit has stated that "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal court." Doe *v. Blue Cross and Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).  At the same time, as the Court in *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. 137, 139 (S.D. Ind. 1996) (Hamilton, J.), recognized:

> Notwithstanding the powerful presumption in favor of open proceedings where the parties are identified, the federal courts of appeal and a number of district courts have recognized that a district court may have the discretion to permit a party to proceed under a fictitious name. This unusual practice has been permitted in exceptional cases where the party has a privacy right so substantial as to outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings." [*Doe v.*] *Frank*, 951 F.2d [320] at 323 [11[th] Cir. 1992], *quoting Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir.1981). See, e.g., *James v. Jacobson*, 6 F.3d 233, 238–39 (4th Cir.1993); *Coe v. United States Dist. Ct. for the Dist. of Colo.*, 676 F.2d 411, 418 (10th Cir.1982); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir.1979); *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y.1996); *Doe v. Bell Atlantic Business Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D.Mass.1995). The Supreme Court appears not to have ruled specifically on the practice or its compatibility with Fed.R.Civ.P. 10, but it has implicitly permitted the use of fictitious names in a number of cases. E.g., *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973).  All courts recognize, however, that proceeding under a fictitious name is an unusual measure reserved for exceptional cases.

[3]

The Seventh Circuit has not laid down a test for determining whether pseudonym status should be granted, and the Court in *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. at 139-140, noted that "[t]here is no simple formula when this unusual procedure is appropriate" and observed:

> Courts dealing with requests to proceed under fictitious names have avoided trying to articulate any mechanical legal test. They have instead identified a number of factors that should be considered to determine whether a plaintiff's interest in privacy is so significant as to outweigh the strong presumption favoring public identification of litigants.

The Court in *Doe v. Indiana Black Expo, Inc.* continued, relying upon a Southern District of New York case, stating:

> In *Doe v. Shakur*, for example, the court identified as factors:
>
> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.
>
> 164 F.R.D. at 361. Other factors may include whether the interests of children are at stake, e.g., *Doe v. Stegall*, 653 F.2d at 186, and whether there are less drastic means of protecting legitimate interests of either the party seeking anonymity or the opposing party, *see Jacobson*, 6 F.3d at 241. As the Eleventh Circuit has instructed, a judge presented with a request to proceed under a fictitious name should carefully review all the circumstances of the given case and then decide "whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323. Against the backdrop of the presumption in

[4]

> favor of public disclosure, therefore, the court will review and then
> evaluate the nature of plaintiff's claims, his asserted need for privacy,
> and the defendants' interests in public disclosure of the plaintiff's
> name.

923 F.Supp. at 140.  *See EW v. New York Blood Center*, 213 F.R.D. 108, 111

(E.D.N.Y. 2003) (similar factors recognized).

It is respectfully submitted that he discussion that follows establishes that

this is such an exceptional case warranting pseudonym treatment.

## II.    The Plaintiff's Claims Involve Challenging Government Activity.

The first factor recognized in *Doe v. Indiana Black Expo, Inc.* when

considering whether to grant pseudonym status is "whether the plaintiff is

challenging governmental activity." 923 F.Supp. at 140.  That is certainly the case

here.   Plaintiff is challenging the campus sexual misconduct procedures at

Defendant Purdue University that are effectively required by the April 2011 Dear

Colleague Letter issued by the Department of Education's Office of Civil Rights

but involve violations of constitutional due process.

The first claim in the Complaint is brought under 42 U.S.C. § 1983 for

violations of the Fourteenth Amendment because Defendant Purdue University is a

land grant school, but even the second claim in the Complaint for violation of Title

IX rests in part on the inadequate procedures that, as discussed in the Complaint,

are effectively dictated by the April 201 Dear Colleague Letter issued by the

Department of Education's Office of Civil Rights.

As the Complaint details, Defendant Purdue University used a Kafkaesque process that denied due process of law in violation of constitutional due process and 42 U.S.C. § 1983: there was no hearing of any kind; there was no cross-examination; there was no sworn testimony; there was no access given for the respondent even to see the investigator's report, much less comment on it; there was no providing, to respondent, the evidence that supposedly supported the false allegations of complainant and thus no fair and adequate ability to prepare a defense to those allegations; there was no presumption of innocence but rather a presumption that the accusing female's story was true; there was no reasoned consideration of evidence as required by a burden of proof; there was a conflict of interest in decision-making on violation and sanction by one person who is both Dean of Students and Title IX Coordinator, who among other things can tailor decision-making in specific cases to give the appearance of vigorous Title IX enforcement and meet perceived reporting needs to the U.S. Department of Education Office of Civil Rights ("OCR"); there was no requirement for evidence to be stated in support of conclusions and thus an effective discretion to engage in discriminatory decision-making and a prejudiced ability for the respondent to prepare and submit an appeal.

### III.    The Litigation Involves Information That Is Highly Personal.

The second factor recognized in *Doe v. Indiana Black Expo, Inc.* when considering whether to grant pseudonym status is "whether the plaintiff would be required to disclose information of the utmost intimacy."   923 F.Supp. at 140. That, again, is certainly the case here.   Plaintiff will be required to disclose information that is highly sensitive and highly personal as to the relationship he had with his accuser Jane Doe, which as stated in the Complaint involved a consensual sexual relationship at one time but did not include the two alleged incidents of alleged non-consensual activity.

Plaintiff should be permitted to proceed under a pseudonym given that the nature of this litigation. Plaintiff does not merely contend that the revelation of his name *and* the name of his accuser would result in embarrassment or public humiliation.  Rather, Plaintiff notes the highly sensitive nature and privacy issues that would be involved with being falsely linked to an allegation of sexual misconduct.

In fact, numerous courts around the country have permitted plaintiffs alleging similar claims against colleges and universities to proceed anonymously. *See e.g. John Doe v. Columbia University and Trustees of Columbia University,* 831 F.3d 46 (2016); *Doe v. Washington & Lee Univ.,* No. 14-CV-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744

(E.D. Tenn. 2009); *Doe v. Univ. of Massachusetts-Amherst*, 2015 WL 4306521 (D. Mass. 2015); *Doe v. Univ. of S. Florida Bd. of Trustees*, 2015 WL 3453753 (M.D. Fla. 2015); *Doe v. Salisbury Univ.*, 2015 WL 3478134 (D. Md. 2015); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012)("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names," *citing to Does I–XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000)).

Similarly, Plaintiff here should be permitted to proceed anonymously due to the highly sensitive and personal nature associated with being falsely accused of sexual misconduct.

### IV.    Disclosure of Plaintiff's Identity Would Result In Significant Harm To Plaintiff.

A third factor recognized in *Doe v. Indiana Black Expo, Inc.* when considering whether to grant pseudonym status is ""whether the plaintiff would risk suffering injury if identified." 923 F.Supp. at 140. That, again, is certainly the case here. Revelation of his identify would result in significant harm to Plaintiff, the exact type which he seeks to remedy by the commencement of this lawsuit. *See Doe v. Colgate Univ.*, No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *3

(N.D.N.Y. Apr. 12, 2016)("[s]hould Plaintiff prevail in providing that the charges against him were unfounded and the procedures Defendants followed in their investigation were unfair, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges.")

Forcing Plaintiff to reveal his identity would not further any aspect of the litigation and "instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention." *Doe v. Colgate Univ.,* 2016 WL 1448829, at *3. Even if Plaintiff were ultimately exonerated and his records expunged, the disclosure of his name could nonetheless significantly hinder his ability to pursue future career and educational endeavors, including military service and graduate studies, as any entity or employer would undoubtedly have access to the records related to this matter and discover that Plaintiff was falsely accused of sexual misconduct. It is widely recognized that the likelihood of acceptance as a transfer student to an elite undergraduate program, or to a top tier graduate program, is significantly reduced in light of the high number of applicants and stiff competition, let alone the social stigma associated with being found responsible and sanctioned for "sexual misconduct," regardless of whether the decision is ultimately overturned as a result of litigation.

While in the past, courts strongly disfavored allowing plaintiffs to proceed anonymously except in extreme circumstances, the nature of the Internet today is

such that any plaintiff's identity is readily accessible via a simple online search; thus, courts must be willing to afford additional protective measures to avoid further damage to a plaintiff involved in a matter concerning such egregious and unfounded violations as the present one. Further, there is no doubt that "cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers." *Doe v. Colgate Univ.,* No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016); s*ee also Doe v. Brown,* No. 15-144, 2016 WL 715794, at * 1 (D.R.I. Feb. 22, 2016)("This case concerns an issue that has been the subject of increasing attention and controversy, particularly in academia, and which has garnered much recent media and scholarly commentary.")

Here, if Plaintiff were required to reveal his name, the public's access to his identity could result in further damage to his future educational and career endeavors, resulting in additional mental, emotional and psychological harm -- the very harms which he seeks to remedy in this action. As such, "protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected." *Doe v. Colgate Univ.,* No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016).

Based on the foregoing, John Doe should be permitted to proceed anonymously as requiring him to reveal his identity would result in significant harm to John Doe, including the exact damages he seeks to remedy in this matter; namely, physical, psychological, emotional and reputational damages, economic injuries and the loss of educational and career opportunities.

**V.    The Purdue Defendants Will Not Be Prejudiced By Allowing Plaintiff To Proceed With A Pseudonym.**

A fourth factor recognized in *Doe v. Indiana Black Expo, Inc.* when considering whether to grant pseudonym status is "whether the party defending against a suit brought under a pseudonym would be prejudiced." 923 F.Supp. at 140. That, again, is certainly the case here. The Purdue Defendants will not be prejudiced in any way by proceeding against an anonymous party. As one Court observed, "Other than the need to make redactions and take measures not to disclose plaintiff's identity, Defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006).

The Purdue Defendants are already aware of Plaintiff's true identity. Thus, there is no doubt that Purdue Defendants will have an unobstructed opportunity to conduct discovery, present their defenses and litigate this matter, regardless of whether Plaintiff identifies himself or proceeds anonymously. Accordingly, Plaintiff must be permitted to proceed anonymously in this action as revealing his

[11]

name will cause significant prejudice to Plaintiff, while proceeding anonymously will not hinder the Purdue Defendants in any way.

## VI.   **Additional Considerations.**

Plaintiff should also be permitted to proceed in this action anonymously because the public's interest in this matter would not be furthered by disclosing Plaintiff's identity, as his challenges to Defendant Purdue's denial of due process concerns a larger association than the interest of an individual plaintiff; it affects the male student population at Defendant Purdue University as a whole. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006).   Further, the public's knowledge will only be minimally restricted, as it will still know what is alleged to have occurred that resulted in charges of sexual misconduct being filed, as well as the flawed process by which the Defendants investigated and adjudicated those charges. To the contrary, forcing Plaintiff to reveal his identity could have a potential chilling effect on other similarly situated future plaintiffs.

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff John Doe requests that his *Ex Parte* Motion to Proceed Under Pseudonym and for Protective Order be granted in its entirety.

[12]

**Dated: New York, New York**
**January 24, 2017**

Respectfully submitted,

ALEX MENDOZA LAW, LLC
By: /s/Roberto Alejandro Mendoza
Roberto Alejandro Mendoza 30766-49
6950 Indianapolis Blvd.,
Hammond, Indiana 46324
(219) 200-2000
alex@alexmendozalaw.com
(LOCAL COUNSEL)
**Attorneys for Plaintiff John Doe**

NESENOFF & MILTENBERG, LLP
By: /s/Philip A. Byler
Philip A. Byler, Esq.
Andrew T. Miltenberg, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
pbyler@nmllplaw.com
(*PRO HAC VICE* ADMISSION PENDING)
**Attorneys for Plaintiff John Doe**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that he served the attached document/s on all parties of record via the Court's CM/ECF system.

/s/Roberto Alejandro Mendoza
Roberto Alejandro Mendoza 30766-49
ALEX MENDOZA LAW, LLC
6950 S. Indianapolis Blvd.
Hammond, IN 46324
(219) 200-2000

[14]