IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR.,** individually and as agent for Purdue University, **ALYSA CHRISTMAS ROLLOCK**, individually and as agent for Purdue University, **KATHERINE SERMERSHEIM**, individually and as agent for Purdue University, **ERIN OLIVER**, individually and as agent for Purdue University, **JACOB AMBERGER**, individually and as agent for Purdue University, | ) ) ) ) ) No. 2:17-cv-00033-JD-PRC ) ) ) ) ) ) ) |
| Defendants. | ) |

**RESPONSE OF DEFENDANTS TO EX PARTE MOTION
TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

Defendants, The Trustees of Purdue University, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, Katherine Sermersheim, Erin Oliver, and Jacob Amberger ("Defendants"), by counsel, respond to Plaintiff's Motion to Proceed under Pseudonym and For Protective Order ("Motion") [ECF No. 2], as follows:

Defendants acknowledge that the relief requested in the Motion will not impede Defendants in presenting their defense in this Court. Defendants also affirm and concur that the non-party identified in Plaintiff's Complaint as "Jane Doe" is appropriately identified by a pseudonym to protect her privacy.

However, the Motion relies upon invalid assumptions about Plaintiff's particular circumstances and would establish a bad precedent.

1

Plaintiff cites no favorable authority from the Seventh Circuit. Plaintiff acknowledges that his Motion is "disfavored" and that a showing of "exceptional circumstances" would be required to overcome the Seventh Circuit's controlling precedent. Docket No. 3 at p.3.

Plaintiff's suit is not exceptional. In Indiana, students who seek to litigate expulsion from college file suit in their own name. *See, e.g., Chang v. Purdue Univ.*, 985 N.E.2d 35 (Ind. Ct. App. 2013); *Amaya v. Brater*, 981 N.E.2d 1235 (Ind. Ct. App. 2013); *Gordon v. Purdue Univ.*, 862 N.E.2d 1244, 1251 (Ind. Ct. App. 2007).

Plaintiff submits no evidence in support of his motion. The key evidence is the Complaint itself, together with Plaintiff's efforts to publicize his Complaint. Both the Complaint and Plaintiff's publicity-seeking show him calling attention to himself and intimate details of his past.

Plaintiff's Complaint runs 68 pages and 150 paragraphs – hardly the "short and plain statement" required by Federal Rule of Civil Procedure 8(a)(1). Plaintiff did not file the Complaint under seal. Instead, his counsel circulated it to the Indianapolis Star, which prominently reported it, along with remarks from Plaintiff's counsel. *See* Ex. A hereto (copy of Star story). Selective voluntary disclosure of information for tactical advantage is inconsistent with a demand for a protective order relating to that same information.

Plaintiff's generic claim of reputational risk "is not sufficient"; he "must specifically identify the potentially embarrassing information, and clearly define the serious harm likely to result from public disclosure." *Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 546 (N.D. Ind. 1991) (internal citations omitted).

Plaintiff quotes *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. 137 (S.D. Ind. 1996) for the proposition that this Court should consider "whether the plaintiff would be required to disclose

information of the utmost intimacy." Docket No. 3 at p. 7. Yet Plaintiff's prolix complaint freely discloses much intimate information, including:

- History of intercourse (¶¶ 19, 27, 31, 52)
- Anatomic and other details of sexual and social contacts (¶¶ 21, 26, 50)

Plaintiff also appears to allege that third-parties know of his connection to the case. Plaintiff repeatedly identifies himself by his past Navy ROTC status. (¶¶ 28, 34, 61) According to the Complaint, Plaintiff told Navy ROTC colleagues that he was under investigation (¶ 34) and enlisted thirty acquaintances to serve as character references for the investigation (¶ 32). Plaintiff also alleges that the Navy possesses Purdue's underlying investigation report, apparently with Plaintiff's permission (¶ 140).

Plaintiff's complaint casts reputational aspersions on five individual defendants and one non-party Purdue employee, each prominently and repeatedly named, <u>even though his Complaint seeks no relief from any of them</u>. Plaintiff's Prayer for Relief seeks a judgment only against "Defendant Purdue".

The court in *Doe v. Indiana Black Expo, Inc.* called for equal consideration of the reputational interests of the defendants:

> The plaintiff has made serious public accusations against them. He has not made any effort to conceal the identities of the defendants. Instead, he has chosen to make these accusations anonymously in a public forum where he faces little risk of civil liability for making such accusations. . . .
>
> As courts have recognized, the mere filing of a civil lawsuit can have significant effects on a defendant. The public charges made in a civil lawsuit can cast a shadow over a defendant's reputation until the case is resolved. . . . But only rarely can a defendant in a lawsuit remain anonymous, and certainly not where the plaintiff has chosen to file publicly a complaint naming the defendants but using a false name for himself.

923 F.Supp. at 141 (internal citations omitted). These equities are equally relevant here.

WHEREFORE, Defendants respectfully submit that the record in this case lacks the

requisite showing of cause to permit Plaintiff to proceed under a pseudonym.

                Respectfully submitted,

                /s/ William P. Kealey
                William P. Kealey
                Attorney No. 18973-79
                James F. Olds
                Attorney No. 27989-53
                Stuart & Branigin LLP
                300 Main Street, Suite 900
                P.O. Box 1010
                Lafayette, IN 47902-1010
                Email: wpk@stuartlaw.com
                Telephone: 765.423.1561
                ***Attorneys for Defendants Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, Katherine Sermersheim, Erin Oliver, Jacob Amberger and The Trustees of Purdue University***

## **CERTIFICATE OF SERVICE**

      I certify that on the 2nd day of March 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Andrew T. Miltenberg | Roberto Alejandro Mendoza |
| Philip A. Byler | Alex Mendoza Law LLC |
| Nesenoff & Miltenberg, LLP | 6950 Indianapolis Blvd |
| 363 Seventh Avenue | Hammond, IN 46324 |
| 5th Floor | |
| New York, NY 10001 | |

                /s/ William P. Kealey
                William P. Kealey

887923v1