# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE**,<br><br>Plaintiff,<br><br>v.<br><br>**PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES**, **MITCHELL ELIAS DANIELS, JR.**, individually and as agent for Purdue University, **ALYSA CHRISTMAS ROLLOCK**, individually and as agent for Purdue University, **KATHERINE SERMERSHEIM**, individually and as agent for Purdue University, **ERIN OLIVER**, individually and as agent for Purdue University, **JACOB AMBERGER**, individually and as agent for Purdue University,<br><br>Defendants. | **CIVIL ACTION**<br><br>No. 2:17-cv-00033-JD-PRC |

## PLAINTIFF'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO
## PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

### Introduction

Plaintiff John Doe ("Plaintiff"), a wrongly suspended Purdue student who lost his Navy ROTC scholarship as a result of false accusations of sexual misconduct, submits this Reply Memorandum of Law in further support of his motion to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff, proceed in

[1]

the litigation under the pseudonym "John Doe" and restrain the named Defendants from revealing Plaintiff's identity.

In Plaintiff's motion, it was carefully argued that there are a number of recognized criteria for determining whether to grant pseudonym status that are applicable in this case, *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996), *quoting Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996), and that application of those criteria to this case support finding that this case is an exceptional case warranting granting pseudonym treatment to Plaintiff.

Defendants' response is first to concede that a number of those criteria do apply in this case. Defendants concede that pseudonym status will not impede Defendants in presenting their defense in this Court. (Dfs. Response p. 1.) Defendants concede that it is appropriate to identify the person identified in the Complaint as "Jane Doe" as "Jane Doe." (Dfs. Response p. 1.) But Defendants' response then is to deny that Plaintiff has an exceptional case warranting pseudonym status. (Dfs. Response p. 2.) The basis for that denial, however, is a series of misconceived arguments involving an erroneous attack on the Complaint.

## Argument In Reply

**I.     Defendants Cite To Inapposite Case Law.**

Defendants cite to cases in which students who sought to litigate expulsion from college filed in their own name: *Chang v. Purdue Univ.*, 985 N.E.2d 35 (Ind.

[2]

Ct. App. 2013); *Amaya v. Brater*, 981 N.E.2d 1235 (Ind. Ct. App. 2013); *Gordon v. Purdue Univ.*, 862 N.E.2d 1244 (Ind. Ct. App. 2007). (Dfs. Response p. 2.) But these cases are readily distinguishable. These cases did not involve disclosure of "information of the utmost intimacy."

One of the factors recognized in *Doe v. Indiana Black Expo, Inc.* when considering whether to grant pseudonym status and applied by Plaintiff to this case is "whether the plaintiff would be required to disclose information of the utmost intimacy." 923 F.Supp.2d at 140. As pointed out in the motion, this factor certainly applies to this case. Plaintiff will be required to disclose information that is highly sensitive and highly personal as to the relationship he had with his accuser Jane Doe, which as stated in the Complaint involved a consensual sexual relationship at one time but did not include the two alleged incidents of alleged non-consensual activity.

Further, Plaintiff does not merely contend that the revelation of his name *and* the name of his accuser would result in embarrassment or public humiliation. Plaintiff is not alleging "a generic claim of reputational risk." (Dfs. Response p. 2.) Rather, Plaintiff notes the highly sensitive nature and privacy issues that would be involved with being falsely linked to an allegation of sexual misconduct.

It is this factor of disclosing "information of the utmost intimacy" that has caused numerous courts around the country have permitted plaintiffs alleging similar claims against colleges and universities to proceed anonymously. *See e.g. John Doe*

*v. Columbia University and Trustees of Columbia University,* 831 F.3d 46 (2016); *Doe v. Washington & Lee Univ.,* No. 14-CV-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015); *Doe v. Univ. of the South*, 687 F. Supp.2d 744 (E.D. Tenn. 2009); *Doe v. Univ. of Massachusetts-Amherst,* 2015 WL 4306521 (D. Mass. 2015); *Doe v. Univ. of S. Florida Bd. of Trustees,* 2015 WL 3453753 (M.D. Fla. 2015); *Doe v. Salisbury Univ.,* 2015 WL 3478134 (D. Md. 2015); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012). These cases provide the case authority that is on point, not the student expulsion cases cited by Defendants.

## II.     Defendants Erroneously Attack The Complaint.

The major argument of Defendants against pseudonym status is an erroneous attack on the Complaint involving a level of mischaracterization.  (Dfs. Response pp. 2-3.)

Defendants first complain about the length of the Complaint in a way that can only be described as misleading and that is bereft of the legal considerations that have led Title IX reverse discrimination plaintiffs to plead many specific facts to establish discriminatory gender bias.  For one example, in *Doe v. Columbia*, 831 F.3d 46 (2d Cir. 2016), a 67-page Complaint was still attacked for not satisfying the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2008), the District Court so ruled, and it took the Second Circuit to reverse and uphold the Complaint.  For another example, in *Neal v.*

*Colorado State University*, 16-cv-873-RM-CBS, 2017 WL 633045 (D. Col. Feb. 16, 2017), a 90-page Complaint was attacked for not satisfying the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662, and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, and the Magistrate Judge has recently issued a 58-page opinion recommending denial of the University's motion to dismiss the Title IX reverse discrimination claim against it.

With that understanding, Plaintiff respectfully requests that the Court read the Complaint so that the Court can see for himself that the Complaint is not needlessly prolix or sensational as Defendants contend but, rather, it was carefully drafted to meet (and exceed) the standard described above -- specifically, in order to avoid unnecessary and time consuming motion practice at the Rule 12 stage and protect Plaintiff's rights.

The Complaint here brings constitutional due process, Title IX reverse discrimination and related state law claims on behalf of John Doe, a now suspended student at Defendant Purdue University despite a previously unblemished disciplinary record and a now dismissed member of Navy ROTC. John Doe's dream and hope had been to serve his country as a Naval officer has been destroyed as the result of a disciplinary case based on false accusations of sexual assault made five months after the supposed occurrences with no contemporaneous documentation

supporting them and contrary to the text messages shared by John Doe and the complainant Jane Doe.

The Complaint alleges that Defendant Purdue University used a disciplinary paradigm that denied due process of law in violation of constitutional due process and 42 U.S.C. § 1983: (i) there was no hearing of any kind; (ii) Plaintiff was not allowed to have cross-examination of his accuser or of any other witnesses; (iii) there was no sworn testimony; (iv) Plaintiff was not allowed to see the investigator's report, much less comment on it; (v) the Plaintiff was not presented with the evidence that supposedly supported Jane Doe's false allegations, and thus Plaintiff was not afforded a fair and adequate ability to prepare a defense to those allegations; (vi) there was no presumption of innocence but rather a presumption that the accusing female's story was true; (vii) there was no reasoned consideration of evidence as required by a burden of proof; (viii) there was a conflict of interest in decision-making on violation and sanction by one person who is both Dean of Students and Title IX Coordinator (who among other things can tailor decision-making in specific cases to give the appearance of vigorous Title IX enforcement and meet perceived reporting needs to the U.S. Department of Education Office of Civil Rights ("OCR")); and (ix) there was no requirement for evidence to be stated in support of conclusions – effectively giving discretion to engage in discriminatory decision-making, which in turn prejudiced Plaintiff's ability to prepare and submit an appeal.

[6]

The Complaint is well organized as follows: (i) introduction; (ii) identification of the parties; (iii) jurisdiction and venue; (iv) the "April 2011 Dear Colleague Letter" of the Department of Education's OCR and its impact on colleges and universities; (v) the dating relationship of John Doe and Jane Doe from Fall Semester 2015 to January 2016; (vi) events at Defendant Purdue April 1-10, 2016 concerning reporting of sexual assault; (vii) John Doe notified on April 11, 2016 of Jane Doe's allegations and suspended from Navy ROTC; (viii) John Doe's written response on April 20, 2016; (ix) the "investigation" from April 28 to May 26, 2016, and John Doe placement on interim leave of absence from Navy ROTC; (x) no hearing on June 6, 2016, just an unrecorded meeting with three-person panel of the Advisory Committee on Equity and Defendant Dean Sermersheim; (xi) Dean Sermersheim's Determination and Sanctions issued June 14, 2016; (xii) John Doe's First Appeal on June 22, 2016; Defendant Vice President Rollock's First Appeal Decision on June 28, 2016; (xiii) Defendant Dean Sermersheim's re-issued Determination and Sanctions on June 29, 2016; (xiv) John Doe's appeal on July 10, 2016, of the re-issued Determination and Sanctions; (xv) Defendant Vice President Rollock's Second Appeal Decision on July 22, 2016; (xvi) John Doe's repeated request for the Investigative Report and provision in October 2016 after the disciplinary proceeding; (xvii) the 42 U.S.C. §1983 denial of due process claim -- Count I; (xviii) the Title IX reverse discrimination claim -- Count II; (xix) the state

law breach of contract claim -- Count III; (xx) the state law estoppel and reliance claim -- Count IV; (xxi) Prayer for Relief.

Thus, Defendants engage in a deceptively unfair drive-by attack by asserting that the Complaint "freely discloses much intimate information," including "History of intercourse (¶¶19, 27, 31, 52)" and "Anatomic and other details of sexual and social contacts (¶¶ 21, 26, 50)." (Dfs. Response p. 3.) What the Complaint does is to state the facts critically relevant to the disciplinary process under scrutiny. Paragraph 19 of the Complaint describes the dating relationship of John Doe and Jane Doe that included their consensual sexual intercourse. Paragraph 21 of the Complaint states what the allegations of sexual misconduct were according to Dean Sermersheim's April 11, 2016 letter received by John Doe. Paragraph 26 of the Complaint details the contents of a separate Notice of Allegations document that was included with Dean Sermersheim's April 11, 2016 letter. Paragraph 27 of the Complaint alleges what John Doe claims is false in the Notice of Allegations document that was included with Dean Sermersheim's April 11, 2016 letter. Paragraph 31 of the Complaint states facts that John Doe included in his April 20, 2016 Response to Notice of Allegations to contradict the allegations in the Notice of Allegations. Paragraph 50 of the Complaint states and for the most part quotes what is contained in Defendant Dean Sermersheim's June 29, 2016 re-issued Determination and Sanctions. Paragraph 52 of the Complaint calls into question

Defendant Dean Sermersheim's June 29, 2016 re-issued Determination and Sanctions in light of John Doe's April 20, 2016 written Response to the Notice of Allegations.

The Complaint attacks Defendants' disciplinary paradigm, which is arcane, complex and, ultimately, unfair and unconstitutional. In the wake of *Twombley* and *Iqbal*, the length and complexity of the Complaint was necessarily dictated by the complexity of Defendants' illegal and improper disciplinary scheme that it attacks.

### III. The Defendants Ignore The Factor Of Challenging Governmental Activity.

Defendants ignore the factor recognized in *Doe v. Indiana Black Expo, Inc.* when considering whether to grant pseudonym status and applied by Plaintiff to this case of "whether the plaintiff is challenging governmental activity." 923 F.Supp.2d at 140. As pointed out in the motion, this factor certainly applies to this case. Plaintiff is challenging the campus sexual misconduct procedures at Defendant Purdue University that are effectively required by the April 2011 Dear Colleague Letter issued by the Department of Education's Office of Civil Rights but involve violations of constitutional due process.

The first claim in the Complaint is brought under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment because Defendant Purdue University is a land grant school, but even the second claim in the Complaint for violation of Title IX rests in part on the inadequate procedures that, as discussed in the Complaint, are

effectively dictated by the April 2011 Dear Colleague Letter issued by the Department of Education's Office of Civil Rights.

Defendants appear to be avoiding a straight forward consideration of this factor by asserting that "Plaintiff's Complaint casts reputational aspersions" on the individual defendants. (Dfs. Response p. 3.) Defendants quote *Doe v. Indiana Black Expo, Inc.* that a civil lawsuit can affect a defendant, but do not identify what specifically the supposed reputational aspersions against the individual defendants are in this case. It could well be that Defendants may be embarrassed by the lack of due process at Defendant Purdue and by the unfair treatment of John Doe, but that is not a justification for not recognizing and addressing the challenging governmental activity factor for allowing pseudonym status.

Plaintiff's Complaint challenges a flawed disciplinary paradigm administered by the individual defendants at a land grant school. The individual defendants have no reasonable expectation of privacy concerning their actions in administering Purdue's disciplinary program. The reasons are axiomatic and illustrate clearly the difference between Defendants and Plaintiff in the context of this lawsuit. The public has an interest in the manner in which Purdue's officials administer discipline in order to ensure that students like Plaintiff are not harmed by a flawed system. Forcing Plaintiff to proceed under his own name would cause him to suffer the very same harm that the public has an interest in preventing.

### IV. Defendants Do Not Address The Factor Of Significant Harm To Plaintiff From Disclosure Of Identity.

Defendants do not address factor recognized in *Doe v. Indiana Black Expo, Inc.* when considering whether to grant pseudonym status is "whether the plaintiff would risk suffering injury if identified." 923 F.Supp.2d at 140. That factor certainly applies here. As explained in the motion, revelation of his identify would result in significant harm to Plaintiff, the exact type which he seeks to remedy by the commencement of this lawsuit. *See Doe v. Colgate Univ.,* No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016)("[s]hould Plaintiff prevail in providing that the charges against him were unfounded and the procedures Defendants followed in their investigation were unfair, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges.").

It is no answer that John Doe's ROTC colleagues would recognize him. We live today in a world of internet searches and the Drudge Report. The disclosure of John Doe's name could significantly hinder his ability to pursue future career and educational endeavors, including military service and graduate studies, as any entity or employer would undoubtedly have access to the records related to this matter and discover that Plaintiff was falsely accused of sexual misconduct. It is widely recognized that the likelihood of acceptance as a transfer student to an elite undergraduate program, or to a top tier graduate program, is significantly reduced in

[11]

light of the high number of applicants and stiff competition, let alone the social stigma associated with being found responsible and sanctioned for "sexual misconduct," regardless of whether the decision is ultimately overturned as a result of litigation. Further, there is no doubt that "cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers." *Doe v. Colgate Univ.,* No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016); s*ee also Doe v. Brown,* No. 15-144, 2016 WL 715794, at * 1 (D.R.I. Feb. 22, 2016)("This case concerns an issue that has been the subject of increasing attention and controversy, particularly in academia, and which has garnered much recent media and scholarly commentary.")

## Conclusion

For these reasons, the reasons stated in the motion and such other reasons as may appear just to the Court, Plaintiff John Doe requests that his *Ex Parte* Motion to Proceed Under Pseudonym and for Protective Order be granted in its entirety.

**Dated: New York, New York**
**          March 6, 2017**

                                            Respectfully submitted,

                                            ALEX MENDOZA LAW, LLC
                                            By: /s/Roberto Alejandro Mendoza
                                            Roberto Alejandro Mendoza 30766-49
                                            6950 Indianapolis Blvd.,
                                            Hammond, Indiana 46324
                                            (219) 200-2000

alex@alexmendozalaw.com
(LOCAL COUNSEL)
**Attorneys for Plaintiff John Doe**

NESENOFF & MILTENBERG, LLP
By: /s/Philip A. Byler
Philip A. Byler, Esq.
Andrew T. Miltenberg, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
pbyler@nmllplaw.com
(ADMITTED *PRO HAC VICE*)
**Attorneys for Plaintiff John Doe**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he served the attached document on all parties of record via the Court's CM/ECF system.

 /s/Roberto Alejandro Mendoza
Roberto Alejandro Mendoza 30766-49