**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.,** individually and as agent for Purdue | ) | |
| University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-00033-JD-PRC |
| individually and as agent for Purdue University, | ) | |
| **KATHERINE SERMERSHEIM**, individually and as | ) | |
| agent for Purdue University, **ERIN OLIVER**, individually | ) | |
| and as agent for Purdue University, **JACOB** | ) | |
| **AMBERGER**, individually and as agent for Purdue | ) | |
| University, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## <u>TABLE OF CONTENTS</u>

Table of Contents ...................................................................................................ii-iii

Table of Authorities ...............................................................................................iv-viii

INTRODUCTION ...........................................................................................1

STANDARD OF REVIEW ...............................................................................3

A.  Rule 12(b)(6)...................................................................................3

B.  Rule 12(b)(1)...................................................................................3

1.  Eleventh Amendment............................................................3

2.  Standing ................................................................................3

ARGUMENT ....................................................................................................4

A.  The Complaint fails to allege any standing for Plaintiff to sue for an injunction against prospective investigation and adjudication of sexual misconduct complaints. ..................................................................4

B.  The Complaint does not allege any participation by Defendant Daniels and therefore fails to plausibly state a claim against him. ..............................................5

C.  The Complaint fails to state a claim against Defendants Oliver and Amberger ......6

D.  Plaintiff fails to state an actionable claim under Section 1983. ..............................7

1.  The Complaint fails to state a claim upon which relief may be granted against Purdue University and its officials in their official capacity because none of them is a "person" within the meaning of Section 1983...7

2.  The Complaint fails to state a claim upon which relief may be granted and is beyond the subject matter jurisdiction of this Court because the Eleventh Amendment bars suit against Purdue University for any damages or injunctive relief under Section 1983 and bars suit against the Individual Defendants in their official capacity for damages under Section 1983. ......8

3.  The Complaint fails to allege a violation of the Fourteenth Amendment....9

a.  The Complaint fails to allege any protected liberty or property interest.........................................................................10

b.      The Complaint alleges that Plaintiff was afforded the process that was due for school discipline........................................................13

       (i)     Purdue's procedures, which have a statutory foundation that is orderly and fair, were followed. ..............................13

       (ii)    No denial of substantive due process.................................14

       (iii)   No denial of procedural due process...................................15

4.      The Individual Defendants have qualified immunity against Plaintiff's allegations that he is entitled to more due process than notice and an opportunity to be heard. ...........................................................17

5.      The Individual Defendants have absolute immunity for a quasi-judicial process.......................................................................................19

E.     Plaintiff fails to state an actionable claim under Title IX.. ....................................19

1.      The Complaint fails to state a claim upon which relief may be granted against the Individual Defendants..............................................19

2.      The Complaint's conclusory allegation of gender bias fails to satisfy the requirements to plead plausible facts showing the Plaintiff was expelled because he is male....................................................................................20

F.     The Eleventh Amendment bars Counts III and IV. ................................................22

CONCLUSION...................................................................................................................23

## TABLE OF AUTHORITIES

**Cases**

*Alvarado v. Litscher*, 267 F.3d 648 (7th Cir. 2001) ......................................................... 6

*Amaya v. Brater*, 981 N.E.2d 1235 (Ind. Ct. App. 2013) ................................................. 22

*Anderson v. Creighton*, 483 U.S. 635 (1987) ................................................................... 18

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) .............................................................................. 3

*B.S. ex rel. Schneider v. Bd. of School Trustees, Fort Wayne Cmty. Schools*, 255 F. Supp. 2d 891
 (N.D. Ind. 2003) .............................................................................................................. 16

*Baskin v. City of Des Plaines*, 138 F.3d 701 (7th Cir. 1998) ............................................ 6

*Berger v. National Collegiate Athletic Ass'n*, 843 F.3d 285 (7th Cir. 2016) ................... 4

*Board of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78 (U.S. 1978) ............... 16

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972) .................................... 11

*Brettler v. Purdue Univ.*, 408 F. Supp. 2d 640 (N.D. Ind. 2006) ................................... 8, 9

*Brown v. City of Michigan City*, 462 F.3d 720 (7th Cir. 2006) ...................................... 10

*Brunson v. Murray*, 843 F.3d 698 (7th Cir. 2016) ......................................................... 19

*Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352 (6th Cir.1996) ................................. 20

*Bull v. Bd. of Trustees of Ball State Univ.*, 2011 WL 6740549 (S.D. Ind. Dec. 22, 2011) ........... 22

*Buttitta v. City of Chicago*, 9 F.3d 1198 (7th Cir. 1993) .............................................. 16

*Calderon v. Ashmus*, 523 U.S. 740 (1998) ...................................................................... 3

*Chang v. Purdue University,* 985 N.E.2d 35 (Ind. Ct. App. 2013) ................................ 22

*Charleston v. Bd. of Trustees of Univ. of Ill. at Chicago*, 741 F.3d 769 (7th Cir. 2013) ........ 11, 12

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) .......................................................... 5

*Cleavinger v. Saxner*, 474 U.S. 193 (1985) ................................................................... 19

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) ......................................... 15

*Colburn v. Trustees of Indiana Univ.*, 739 F. Supp. 1268 (S.D. Ind. 1990) *aff'd* 973 F.2d 581 (7th

Cir. 1992) ............................................................................................... 8, 9, 11

*Council 31 of the Am. Fed'n of State, Cty. and Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875 (7th Cir. 2012) ...................................................................................................... 8

*Cygnar v. City of Chicago*, 865 F.2d 827 (7th Cir.1989) ........................................... 6

*Delgado v. Jones*, 282 F.3d 511 (7th Cir. 2002) ...................................................... 18

*Derfus v. City of Chicago*, 42 F. Supp. 3d 888 (N.D. Ill. 2014) ................................. 4

*Despard v. Bd. of Trustees of Indiana Univ.*, 2015 WL 4946112 (S.D. Ind. Aug. 18, 2015) ...... 11

*Doe v. Crown Point School Corp.*, 2015 WL 5038093 (N.D. Ind. Aug. 26, 2015) ...................... 6

*Doe v. Univ. of Cincinnati*, 173 F. Supp. 3d 586 (S.D. Ohio 2016) ............................. 21

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773 (7th Cir. 2007) ...................... 3

*Edelman v. Jordan*, 415 U.S. 651 (1974) ................................................................ 9

*Ellis v. Bennett*, 2013 WL 5278419 (N.D. Ind. Sept. 18, 2013) .............................. 6, 18

*Fitzgerald v. Barnstable School Comm.*, 555 U.S. 246 (U.S. 2009) ............................. 20

*Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167 (2000) ........................... 4

*Gaff v. Indiana-Purdue University of Ft. Wayne*, 45 N.E.3d 458 (Ind. Ct. App. 2015), *aff'd in part, vac'd in part*, 51 N.E.3d 1163 (Ind. 2016) ........................................................... 9

*Green v. Mansour*, 474 U.S. 64 (1985) ................................................................... 9

*Hartman v. Keri,* 883 N.E.2d 774 (2008) ........................................................ 14, 19

*Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 57 F. Supp. 3d 902 (N.D. Ind. 2014) ...................... 3

*Indiana Bureau of Motor Vehicles v. Ash, Inc.*, 895 N.E.2d 359 (Ind. Ct. App. 2008) ............... 22

*Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746 (7th Cir. 2005) ...................... 8

*Kashani v. Purdue Univ.*, 813 F.2d 843 (7th Cir. 1987) ............................................. 8

*Katz-Crank v. Haskett*, 843 F.3d 641 (7th Cir. 2016) .............................................. 11

*Kentucky v. Graham*, 473 U.S. 159 (1985) ............................................................. 9

*Kiddy-Brown v. Blagojevich*, 408 F.3d 346 (7th Cir. 2005) ....................................... 18

*Knox v. McGinnis*, 998 F.2d 1405 (7th Cir.1993) ................................................... 5

*Levin v. Madigan*, 692 F.3d 607 (7th Cir. 2012) ........................................................ 20

*Linwood v. Bd. of Educ. of the City of Peoria*, 463 F.2d 763 (7th Cir. 1972) ............................. 18

*Ludlow v. Northwestern Univ.*, 79 F. Supp. 3d 824 (N.D. Ill. 2015) ............................................ 20

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ..................................................... 3

*Maltby v. Winston*, 36 F.3d 548 (7th Cir. 1994) ......................................................... 18

*Marinov v. Trustees of Purdue Univ.*, 804 F.Supp. 849 (N.D. Ind. 2011) ..................................... 9

*Mathews v. Eldridge*, 424 U.S. 319 (1976) ............................................................... 16

*McMahon v. Kindlarski*, 512 F.3d 983 (7th Cir. 2008) .................................................... 10

*Michigan v. Ewing*, 474 U.S. 214 (1987) ................................................................ 15

*Osteen v. Henley*, 13 F.3d 221 (7th Cir. 1993) ................................................. 9, 11, 12

*Papasan v. Allain*, 478 U.S. 265 (1986) ................................................................. 8

*Park v. Indiana University School of Dentistry*, 692 F.3d 828 (7th Cir. 2012) ........................... 12

*Parratt v. Taylor*, 451 U.S. 527 (1981) ................................................................. 10

*Paul v. Davis*, 424 U.S. 693, 712 (1976) ............................................................... 11

*Pearson v. Callahan*, 555 U.S. 223 (2009) .............................................................. 18

*Peirick v. IUPUI*, 510 F.3d 681 (7th Cir. 2007) ......................................................... 9

*Polenz v. Parrott*, 883 F.2d 551 (7th Cir. 1989) ....................................................... 11

*Pollard v. Georgetown School District*, 132 F. Supp. 3d 208 (D. Mass. 2015) ........................... 20

*Quern v. Jordan*, 440 U.S. 332 (1979) ................................................................... 8

*Raygor v. Regents of the Univ. of Minn.,* 534 U.S. 533 (2002) .......................................... 22

*Rochin v. California*, 342 U.S. 165 (1952) .............................................................. 14

*Rodgers v. Univ. of Missouri Bd. of Curators*, 56 F. Supp. 3d 1037 (E.D. Mo. 2014) ..................... 20

*Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069 (7th Cir. 2013) .......................................... 3

*Schirmer v. Nagode*, 621 F.3d 581 (7th Cir. 2010) ....................................................... 5

*Shotz v. City of Plantation, Fla.*, 344 F.3d 1161 (11th Cir. 2003) ..................................... 20

*Sierakowski v. Ryan*, 223 F.3d 440 (7th Cir. 2000) ........................................................ 5

*Silha v. ACT, Inc.*, 807 F.3d 169 (7th Cir. 2015) ........................................................... 4

*Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010) ............................................. 3

*Taake v. County of Monroe*, 530 F.3d 538 (7th Cir. 2008) ........................................... 14

*Thomas v. Illinois,* 697 F.3d 612 (7th Cir. 2012) ......................................................... 8

*Tobin For Governor v. Illinois State Bd. of Elections*, 268 F.3d 517 (7th Cir. 2001) ................. 19

*Trentadue v. Redmon*, 619 F.3d 648 (7th Cir. 2010) ...................................................... 6

*Tun v. Whitticker*, 398 F.3d 899 (7th Cir. 2005) ........................................................... 14

*Tyler v. The Trustees of Purdue University*, 834 F. Supp. 2d 830 (N.D. Ind. 2011) ...................... 1

*Vance v. Ball State Univ.*, 2012 WL 29148 (S.D. Ind. Jan. 5, 2012) .......................................... 22

*Wasserman v. Purdue Univ.*, 431 F. Supp. 2d 911, 917 (N.D. Ind. 2006) ............................ 3, 8, 9

*Wellman v. Trustees of Purdue Univ.*, 581 F.Supp. 1228 (N.D. Ind. 1984) ................................. 9

*Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989) .......................................... 7

*Williams v. Wendler*, 530 F.3d 584 (7th Cir. 2008) ...................................................... 11

*Wood v. Strickland*, 420 U.S. 308 (1975) ................................................................. 15

*Zimmerman v. Bd, of Trustees of Ball State Univ.*, 940 F. Supp. 2d 875 (S.D. Ind. 2013) .......... 14

**Statutes**

42 U.S.C. § 1983 ............................................................................................... 5, 7

I.C. § 21-39-2-2 to -3 ........................................................................................ 13

I.C. § 21-39-2-4(b) ............................................................................................ 14

Ind. Code § 21-23-2, et seq .................................................................................. 7

Ind. Code §§ 21-23-2-2, 21-27-7-4, 21-27-7-5 ......................................................... 8

Ind. Code, § 34-13-4-1 to -4 ................................................................................ 9

Indiana Code § 21–39–2–3 ................................................................................... 14

**Rules**

Federal Rule of Civil Procedure 8(a)(2) ........................................................................... 3

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ................................................... 1

**Introduction**

Defendants Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, Katherine Sermersheim, Erin Oliver, and Jacob Amberger (collectively, the "Individual Defendants") and The Trustees of Purdue University ("Purdue" or "Purdue University")[1] (collectively, "Defendants"), by counsel, submit this brief in support of their motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for entry of an order dismissing Plaintiff's Complaint. Plaintiff John Doe alleges that Purdue University violated the Fourteenth Amendment and Title IX when it was determined that Jane Doe was more credible in her account of John Doe's sexual conduct with her. Tellingly, Plaintiff's Complaint frames the same allegations as a breach of contract. Plaintiff's contract claim lies solely against Purdue University but cannot be heard in this Court, due to the Eleventh Amendment jurisdictional bar. Under controlling law, Plaintiff's remaining allegations each fail to state a claim upon which relief may be granted under the Fourteenth Amendment, Title IX, or Section 1983, and those allegations are in large part also barred by the Eleventh Amendment. Plaintiff, who is approaching the end of his suspension period and does not petition this Court for an order of readmission to Purdue, has also failed to allege any standing for injunctive relief.

The Complaint faults the Defendants for not conducting a quasi-criminal, courthouse-style trial. Under well-established principles for school discipline, the Constitution affords Plaintiff no more process than he received. The Complaint alleges that the investigators collected the text messages and other evidence that John Doe offered; that Purdue gave him a hearing (with his lawyer at his side) before a three-person panel; and that the Dean of Students decided the matter by weighing the credibility of the only two persons with direct knowledge. As alleged

---

[1] The caption refers to "Purdue University, Purdue University Board of Trustees." For present purposes, there is no distinction between Purdue University and the Board of Trustees of Purdue University. *See Tyler v. The Trustees of Purdue University*, 834 F. Supp. 2d 830, 845 (N.D. Ind. 2011).

in the Complaint, the Dean determined that "a preponderance of evidence supports that" Plaintiff was "not a credible witness" and that Jane Doe was "a credible witness." ECF No. 1 at ¶ 50.

A school disciplinary decision that expressly hinges on personal credibility is inherently singular. The Constitution, Title IX, and Section 1983 are not implicated when – according to the Plaintiff – the core question to be decided was "the credibility of his character and integrity." ECF No. 1 at ¶ 32.  Credibility is uniquely the province of the fact-finder.

Plaintiff invokes Title IX, but to no effect.  The Complaint does not contend that Purdue's conduct rules and procedures are anti-male, or anything other than gender-neutral. Regardless of the national or campus political climate, the Complaint does not challenge the Title IX-compliance of Purdue's conduct rules. Increased enforcement of campus conduct rules against sexual assault cannot be equated to gender bias, because assault is assault regardless of gender. There is no cause of action under Title IX for disparate gender impact of a conduct rule that is gender-neutral on its face.  Also, there is no cause of action under Title IX against the Individual Defendants, because they are not federal funding recipients.

Plaintiff's sole remaining claim — Count I, under Section 1983 – also fails to state a claim. Purdue University is not a "person" within the meaning of Section 1983. Defendant Daniels' status as Purdue President does not violate Section 1983. The Complaint alleges no action or statement indicating that any of the remaining Individual Defendants did anything but perform their assigned role in Purdue's process. Plaintiff's wish-list of procedures is no basis for Section 1983 relief.  The doctrine of qualified immunity bars a Section 1983 allegation where, as here, the Complaint shows compliance with existing law.  The doctrine of absolute immunity bars a Section 1983 allegation where, as here, the Complaint alleges a quasi-judicial proceeding.

**Standard of Review**

**A.     Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) states that a complaint "must contain . . . a short and plain statement" showing that the plaintiff "is entitled to relief" from each named defendant. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted).  *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

**B**.     **Rule 12(b)(1)**

**1.     Eleventh Amendment**

 "[T]he Eleventh Amendment [bar] is jurisdictional in the sense that it is a limitation on the federal court's judicial power[.]" *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998). "When the Eleventh Amendment applies to bar suit against a state, it is well settled that federal courts are divested of subject matter jurisdiction."  *Wasserman v. Purdue Univ*., 431 F. Supp. 2d 911, 917 (N.D. Ind. 2006).

**2.     Standing**

Standing to bring and maintain a suit is an essential component of the Article III case-or-controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "In order to establish standing, a plaintiff must show: '(1) injury in fact, which must be concrete and particularized, and actual and imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) redressability.'" *Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 57 F. Supp. 3d 902, 910-11 (N.D. Ind. 2014) (quoting *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073-74 (7th Cir. 2013)). "To meet this burden and to survive a challenge to standing under Rule

12(b)(1), a plaintiff must plead sufficient factual allegations, taken as true, that 'plausibly suggest' each of these elements." *Berger v. National Collegiate Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016) (quoting *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015)). Plaintiffs are required to demonstrate standing for each form of relief sought. *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 185 (2000).

**<u>Argument</u>**

**A.      The Complaint fails to allege any standing for Plaintiff to sue for an injunction against prospective investigation and adjudication of sexual misconduct complaints.**

The Complaint prays for prospective injunctive relief as follows:

- "an injunction enjoining violations of the Fourteenth Amendment in the process of investigating and adjudicating sexual misconduct complaints" (ECF No. 1 at p. 66)

- "an injunction against and to [sic] an injunction enjoining violations of the Title IX in the process of investigating and adjudicating sexual misconduct complaints" (ECF No. 1 at p. 67)

However, the Complaint does not allege that Plaintiff is or will be a student at Purdue University, and the above-quoted injunction prayer does not seek any injunctive relief with respect to any prospective interaction between Plaintiff and any Defendant. Plaintiff has failed to satisfy his burden to plead standing for prospective injunctive relief.

Standing for a damage claim is insufficient to confer standing for prospective injunctive relief. *See Derfus v. City of Chicago*, 42 F. Supp. 3d 888, 895 (N.D. Ill. 2014) (summary of authorities). "Standing for injunctive relief requires that a plaintiff demonstrate that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,'

4

not 'conjectural' or 'hypothetical.'" *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (no standing for injunctive relief where plaintiff failed to show it was likely he would be arrested and subjected to choke hold again)).[2]

Plaintiff does not allege any prospective effect on him from any policy or procedure of Purdue University. Therefore he has failed to allege standing for his prayer for prospective injunctive relief.

**B.    The Complaint does not allege any participation by Defendant Daniels and therefore fails to plausibly state a claim against him.**

In Plaintiff's 68-page Complaint, his sole allegation against Defendant Daniels by name is in paragraph 7: "Defendant Mitchell Elias Daniels, Jr. ("Defendant Daniels") is the President of Defendant Purdue ('The Buck Stops Here' with him), and he may be contacted at a Defendant Purdue e-mail listed on Defendant Purdue's web site."  There is no mention of Defendant Daniels in the "Factual Allegations Common to All Claims" starting on page 6 of the Complaint. Plaintiff's four causes of action are brought under Section 1983, Title IX, and two common law contract theories.  Holding the office of university president is not a constitutional offense, a violation of Title IX, or actionable under the common law of contract.

In order to state a cause of action under 42 U.S.C. § 1983, Plaintiff must allege that Daniels personally participated in depriving Plaintiff of a federal right and did so under color of state law.  "[T]here is no vicarious liability" under Section 1983.  *Doe v. Crown Point School*

---

[2] *See Schirmer v. Nagode*, 621 F.3d 581, 585 (7th Cir. 2010) ("As a general rule, the fact that a person was previously prosecuted for violating a law is insufficient by itself to establish that person's standing to request injunctive relief."); *Sierakowski v. Ryan*, 223 F.3d 440, 444–45 (7th Cir. 2000) (where statute allowed physician discretion to test patient for HIV without their knowledge or consent, prospects of future testing were too speculative for injunctive relief); *Knox v. McGinnis*, 998 F.2d 1405, 1413 (7th Cir.1993) (finding prisoner who complained about restraints used while in segregation unit lacked standing for injunctive relief because he was no longer in segregation unit, even though possibility existed that he would return to unit someday).

*Corp.*, 2015 WL 5038093, *6 (N.D. Ind. Aug. 26, 2015). "Section 1983 does not allow actions

against individuals merely for their supervisory role of others. Instead, [f]or liability, a supervisor

must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Ellis v.*

*Bennett*, 2013 WL 5278419, *6 (N.D. Ind. Sept. 18, 2013) (internal citations and quotation

marks omitted).  A mandatory element of a Section 1983 allegation based on alleged ratification

is that the senior person "approved the subordinate's decision and the basis for it."  *Baskin v.*

*City of Des Plaines*, 138 F.3d 701, 705 (7th Cir. 1998).[3]

Because the Complaint alleges nothing but Defendant Daniels' officer status at Purdue,

the Complaint fails to state a claim against Defendant Daniels.  Moreover, as set forth below,

there is no individual liability under Title IX, and Plaintiff does not allege any contract liability

against Defendant Daniels. For these reasons, the Complaint should be dismissed with respect to

Defendant Daniels.

**C.**    **The Complaint fails to state a claim against Defendants Oliver and Amberger.**

The Complaint's only allegations against Defendants Oliver and Amberger are:

- Paragraph 7: Allegations of their titles and campus locations.

- Paragraph 22: "Defendant Dean Semersheim's [sic] April 11, 2016 letter stated further that Defendant Purdue had elected to investigate the allegations in absence of a formal complaint and that Defendant Ms. Erin Oliver, Associate Director of Defendant Purdue's Office of Institutional Equity, and Defendant Mr. Jacob Amberger, Investigator in Defendant Purdue's Office of Institutional Equity, were appointed to investigate the matter."

- Paragraph 32: Doe met once with Oliver and Amberger "in the presence of Steven Knecht, an attorney who acted as John Doe's supporter during the meeting.  To the

---

[3] *See also Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010) (requirement for Section 1983 supervisory liability that supervisor "facilitated, approved, condoned, or turned a blind eye to" alleged wrongdoing); *Alvarado v. Litscher*, 267 F.3d 648 (7th Cir. 2001); *Cygnar v. City of Chicago*, 865 F.2d 827, 847 (7th Cir.1989) ("there is no doctrine of superior's liability in § 1983 actions; instead, the official must actually have participated in the constitutional wrongdoing").

Investigators, John Doe steadfastly denied sexually assaulting Jane Doe in any way and provided texts of his communications with Jane Doe that showed nothing to indicate that a sexual assault had taken place, as the texts were basically inconsistent with a sexual assault having occurred. John Doe explained a few texts to establish that no texts supported the claim of sexual assault and further provided the Investigators with a list of over 30 names to substantiate the credibility of his character and integrity, which was important because Jane Doe attacked John Doe's character and integrity in her statements to Defendant Purdue.  The meeting with the Investigators appeared to John Doe and Steven Knecht to go very well, but it was the one and only meeting that John Doe had with the Investigators Defendant Oliver and Defendant Amberger and there were no further communications that John Doe had with the Investigators Defendant Oliver and Defendant Amberger."

- Paragraph 33: "the Defendant Investigators prepared a Report and sent it to Defendant Dean of Students Sermersheim."

These facts are not actionable. In these allegations, Plaintiff states that he had the assistance of counsel (attorney Steven Knecht); was aware of Jane Doe's statements; supplied text message evidence; and the meeting with the investigators went well. Whether Plaintiff concurs with the investigators' evaluation is not a constitutional issue or a Title IX issue. The law does not prohibit Title IX investigators from evaluating evidence bearing on credibility and reporting what they found.

**D.    Plaintiff fails to state an actionable claim under Section 1983:**

**1.    The Complaint fails to state a claim upon which relief may be granted against Purdue University and its officials in their official capacity because none of them is a "person" within the meaning of Section 1983.**

Section 1983 only provides a cause of action against a "person."  42 U.S.C. § 1983 ("Every person …").  It is well-established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989) (affirming dismissal of allegation of improper retaliation by state employer and its officials).  Purdue University is a state university. Ind. Code § 21-23-2, et seq. The Trustees of Purdue University is a body corporate created by the Indiana legislature to operate Purdue

University. Ind. Code §§ 21-23-2-2, 21-27-7-4, 21-27-7-5. Purdue University is an instrumentality of the State of Indiana. *Wasserman*, 431 F. Supp. 2d at 916; *Brettler v. Purdue Univ.*, 408 F. Supp. 2d 640, 651 (N.D. Ind. 2006). Therefore neither Purdue University nor any of its officials in their official capacity is a "person" under Section 1983. *Colburn v. Trustees of Indiana Univ.*, 739 F. Supp. 1268, 1280 (S.D. Ind. 1990) *aff'd* 973 F.2d 581 (7th Cir. 1992). As a result, Plaintiff's Section 1983 claim against Purdue University fails to state a claim and must be dismissed.

> **2.**    **The Complaint fails to state a claim upon which relief may be granted and is beyond the subject matter jurisdiction of this Court because the Eleventh Amendment bars suit against Purdue University for any damages or injunctive relief under Section 1983 and bars suit against the Individual Defendants in their official capacity for damages under Section 1983.**

The Eleventh Amendment bars suit under Section 1983 against Purdue University and its officials acting in their official capacities.

The Eleventh Amendment bar applies "whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). "If properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Council 31 of the Am. Fed'n of State, Cty. and Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 881-82 (7th Cir. 2012). "The Supreme Court has expressly held that Congress has not abrogated the states' immunity in § 1983 suits." *Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748 (7th Cir. 2005) (citing *Quern v. Jordan*, 440 U.S. 332, 341-45 (1979)); *accord Thomas v. Illinois,* 697 F.3d 612, 613 (7th Cir. 2012).

Purdue University is an instrumentality of the State of Indiana and, therefore, is entitled to assert the Eleventh Amendment as a jurisdictional bar.[4]

---

[4] *Kashani v. Purdue Univ.*, 813 F.2d 843, 844-845 (7th Cir. 1987); *Marinov v. Trustees of*

8

The Complaint's prayer seeks "a judgment against Defendant Purdue awarding John Doe damages" but does not pray for damages against any Individual Defendant.  Plaintiff attempts (in the caption of the Complaint) to name each of the Individual Defendants under Section 1983 "as agent for Purdue University."  Had Plaintiff prayed for an award of damages against the Individual Defendants as agents for Purdue University, the Eleventh Amendment would also bar that claim. As stated in a Seventh Circuit case involving a college student's disciplinary expulsion, "insofar as the defendants are being sued for damages in their official capacities, the suit is against the university and if the university is the state is therefore barred by the Eleventh Amendment."  *Osteen v. Henley*, 13 F.3d 221, 223 (7th Cir. 1993).[5]

**3.  The Complaint fails to allege a violation of the Fourteenth Amendment.**

Count I of the Complaint alleges deprivation of Plaintiff's right to due process under the Fourteenth Amendment.  A § 1983 claim for violation of a right of due process under the Fourteenth Amendment entails: 1) the conduct complained of must be committed by a person acting under color of state law; 2) there must be a constitutionally protected property or liberty interest at issue; 3) there must have been a deprivation of a protected property or liberty interest; and 4) the deprivation must occur without due process.  *Parratt v. Taylor*, 451 U.S. 527, 535-37

---

*Purdue Univ.*, 804 F. Supp. 2d 849, 864-865 (N.D. Ind. 2011); *Wasserman*, 431 F. Supp. at 915; *Brettler*, 431 F. Supp. 2d at 651; *Wellman v. Trustees of Purdue Univ.*, 581 F.Supp. 1228 (N.D. Ind. 1984). *See also Peirick v. IUPUI*, 510 F.3d 681 (7th Cir. 2007); *Colburn*, 739 F. Supp. at 1280-1281; *Gaff v. Indiana-Purdue University of Ft. Wayne*, 45 N.E.3d 458, 463 (Ind. Ct. App. 2015), *aff'd in part, vac'd in part*, 51 N.E.3d 1163 (Ind. 2016) ("Indiana has not consented to be sued for damages for federal constitutional violations, *see* Ind. Code, § 34-13-4-1 to -4").

[5] *See Green v. Mansour*, 474 U.S. 64, 68 (1985) ("[C]ompensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment."); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment").

(1981). In examining a procedural due process claim, the Court performs a two-step inquiry, determining: (1) whether the Plaintiff was deprived of a liberty or property interest; and (2) if so, what process was due. *McMahon v. Kindlarski*, 512 F.3d 983, 987–88 (7th Cir. 2008) (citing *Brown v. City of Michigan City*, 462 F.3d 720, 728 (7th Cir. 2006).  Plaintiff's Complaint fails to allege deprivation of a constitutionally protected liberty or property interest without due process.

> **a.     The Complaint fails to allege any protected liberty or property interest.**

Plaintiff describes his alleged liberty and property interests as follows:

- "a protected liberty interests in his good name, reputation, honor, and integrity" (¶ 80)

- "a protected property interest in pursuing his education, as well as in future educational and employment opportunities and occupational liberty" (¶ 81)

- A "protected property interest in his continued enrollment at Defendant Purdue and to be free from arbitrary suspension and dismissal arises from [sic] the policies, courses of conduct, practices and understandings established by Defendant Purdue."  (¶ 82)

- A "constitutionally protected property interest . . . from the express and implied contractual relationship between Defendant Purdue and John Doe" (¶ 83)

- A "protected property interest in continuing his education at that university until he has completed his course of study" (¶ 85).

Whether any of these allege a protected property or liberty interest in the context of the face of the complaint is a question of law.

A plaintiff who alleges a protected property or liberty interest must plead a basis:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.... Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings from an independent source such as state law-rules or

10

understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).  Whether such a property interest exists is "'defined by existing rules or understandings that stem from an independent source such as state law' and arise only where the plaintiff demonstrates a 'legitimate claim of entitlement.'" *Colburn,* 739 F. Supp. at 1289 (quoting *Polenz v. Parrott*, 883 F.2d 551, 555 (7th Cir. 1989)).

There is no protected liberty or property interest in reputation, honor, and integrity.[6] Plaintiff has no liberty interest in his status as a Purdue undergraduate either.  Even assuming the possibility of a right to pursue higher education, there is no liberty interest in pursuing higher education at Purdue.  *Despard v. Bd. of Trustees of Indiana Univ.*, 2015 WL 4946112, *3 (S.D. Ind. Aug. 18, 2015).

Plaintiff has no property interest in attending Purdue either.

[O]ur circuit has rejected the proposition that an individual has a stand-alone property interest in an education at a state university. . . .  It cannot be the case, we have reasoned, "that any student who is suspended from college has suffered a deprivation of constitutional property," in part because this "would imply that a student who flunked out would have a right to a trial-type hearing on whether his tests and papers were graded correctly and a student who was not admitted would have a right to a hearing on why he was not admitted."

*Charleston v. Bd. of Trustees of Univ. of Ill. at Chicago*, 741 F.3d 769, 772-73 (7th Cir. 2013) (quoting *Williams v. Wendler*, 530 F.3d 584, 589 (7th Cir. 2008)); *see also Osteen v. Henley*, 13 F.3d 221, 223 (7th Cir.1993) ("it is an open question in this circuit whether a college student as

---

[6] *Paul v. Davis*, 424 U.S. 693, 712 (1976) ("interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law, providing a forum for vindication of those interests by means of damages actions. And any harm or injury to that interest, even where as here inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law"); *Katz-Crank v. Haskett*, 843 F.3d 641, 649 (7th Cir. 2016).

distinct from an elementary school or high school student has a property right in continued attendance").

*Charleston* establishes that a Purdue student has no inherent or "stand-alone" property interest in a Purdue education. Under *Charleston*, to plead a property interest in a Purdue education entails "the exact promises the university made to the student, and the promises the student made in return" to give rise to a property interest meriting constitutional protection. 741 F.3d at 773.

Plaintiff alludes to "various policies constitute representations and promises" (ECF No. 1 at ¶ 146) that "Purdue would not tolerate, and John Doe would not suffer, harassment by fellow students and would not deny John Doe his procedural rights should he be accused of a violation of Purdue Policies." ECF No. 1 at ¶ 148. Plaintiff further alleges: "John Doe's constitutionally protected property interest in his continued enrollment at Defendant Purdue and to be free from arbitrary suspension and dismissal arises from the policies, courses of conduct, practices and understandings established by Defendant Purdue." ECF No. 1 at ¶ 82.

Plaintiff is merely alleging that he had a procedural right not to be denied Purdue's internal procedures. Courts have rejected such allegations as circular logic, not a federally protected property interest. A student cannot bootstrap disciplinary procedures into a property interest entitled to due process protection. As further stated by the *Charleston* court:

> We have rejected similar claims of an "interest in contractually-guaranteed university process" many times, *see, e.g., Park v. Indiana University School of Dentistry*, 692 F.3d 828, 832 (7th Cir. 2012), but we will be clear once more: a plaintiff does not have a federal constitutional right to state-mandated process.

741 F.3d at 773-74; s*ee also Osteen*, 13 F.3d at 225 ("As we tirelessly but unavailingly remind counsel in this court, a violation of state law (for purposes of this case the student judicial code

may be treated as a state law) is not a denial of due process, even if the state law confers a procedural right.").

Last, Plaintiff's allegation that he has a property interest in "employment opportunities and occupational liberty" is immaterial. Plaintiff alleges a one-year suspension from Purdue commencing June 13, 2016.  ¶ 43(1). He does not allege any effort by any Defendant to publicize the disciplinary determination and one-year suspension, or to limit him from application for re-admission to Purdue University or any other university, or to limit him from any employment or occupation. Given Plaintiff's failure to allege any plausible facts to connect his one-year suspension to unspecified "employment opportunities and occupational liberty" his allegation of such a property interest merits no discussion.

> **b.    The Complaint alleges that Plaintiff was afforded the process that was due for school discipline.**

Because Plaintiff has alleged no protected liberty or property interest in his status as a Purdue University student, he also fails to allege deprivation of a protected liberty or property interest. In turn, Plaintiff fails to allege deprivation of constitutionally required due process for student discipline.

> **(i)    Purdue's procedures, which have a statutory foundation that is orderly and fair, were followed.**

Plaintiff expressly alleges that Purdue followed its procedures.  ECF No. 1 at ¶ 33.  The Complaint thus pleads away any allegation that Purdue deprived Plaintiff of the procedures that he was allegedly promised.

The Indiana legislature has given Purdue the power to govern conduct of the students, faculty, and employees. I.C. § 21-39-2-2 to -3. This includes the power to punish any student, faculty member or employee who violates the University rules or standards of conduct.  I.C.

§ 21-39-2-4(b). Purdue's student discipline policies and procedures have been determined to be orderly and fair. The Indiana Supreme Court summarized Purdue's procedures in *Hartman v. Keri*: "These statutes authorize educational institutions to construct their own disciplinary procedures in a way that protects the needs of the participants and also serves the educational goals of the institution. Although Purdue's procedure may lack the trappings of a traditional court proceeding, it is orderly and reasonably fair . . .." 883 N.E.2d 774, 778-79 (2008). Consistent with this holding, Plaintiff's Complaint describes an orderly and deliberate process in which Purdue is alleged to have followed its procedures faithfully. ECF No. 1 at ¶ 33.

### (ii) No denial of substantive due process.

To the extent that Plaintiff is attempting to allege a denial of Fourteenth Amendment substantive due process, the Complaint falls far short of the requisite allegation. "Substantive due process . . . is most often described as an abuse of government power which 'shocks the conscience.'" *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005) (school discipline case) (quoting *Rochin v. California*, 342 U.S. 165 (1952)).[7]  Plaintiff has not alleged facts that, if true, shock the conscience. According to the Complaint, the central issue was Plaintiff's "credibility." ¶¶ 32, 50. The Constitution does not guarantee that Purdue decision-makers must believe Plaintiff's story.

---

[7] "If a party believes that the contract contemplates fundamental rights that are substantively protected by the Due Process Clause, but which have not yet been recognized by our court or the Supreme Court, the party's burden will be great, because it must show that the rights at stake are deeply rooted in our history and tradition or implicit in our concept of ordered liberty, and that the remedies available in state courts do not adequately protect those rights". *Taake v. County of Monroe*, 530 F.3d 538, 542-43 (7th Cir. 2008) (internal citations omitted); *see also Zimmerman v. Bd, of Trustees of Ball State Univ.*, 940 F. Supp. 2d 875, 889 (S.D. Ind. 2013) ("Defendants' exercise of authority fell well within the parameters of Indiana Code § 21–39–2–3 and, thus, could not have shocked the conscience").

"[S]ubstantive due process rights are created only by the Constitution." *Regents of Univ.*

*of Michigan v. Ewing*, 474 U.S. 214, 229 (1987) (Powell, J., concurring). A college student's

alleged "interest in continued enrollment . . . bears little resemblance to the fundamental interests

that previously have been viewed as implicitly protected by the Constitution." *Id*. at 229-30.

Further, the Supreme Court has indicated that judicial review of school disciplinary

decisions is limited:

> It is not the role of the federal courts to set aside decisions of school administrators which
> the court may view as lacking a basis in wisdom or compassion.... [Public school students
> do not have] the right to relitigate in federal court evidentiary questions arising in school
> disciplinary proceedings or the proper construction of school regulations. The system of
> public education that has evolved in this nation relies necessarily on the discretion and
> judgment of school administrators and school board members and § 1983 was not
> intended to be a vehicle for federal correction of errors in the exercise of that discretion
> which do not rise to the level of violations of specific constitutional guarantees.

*Wood v. Strickland*, 420 U.S. 308, 326 (1975) (citations omitted).

For these reasons, the Complaint fails as a matter of law to allege a Section 1983 claim

for denial of substantive due process.

### (iii) No denial of procedural due process.

To the extent that Plaintiff is attempting to allege a denial of Fourteenth Amendment

procedural due process, his allegations are directly undercut by controlling precedent.  Plaintiff

alleges deprivation of Fourteenth Amendment due process on the basis of a laundry list of

procedures lifted from courthouse litigation. ¶ 92. But Plaintiff was not in the courthouse.

Purdue never promised Plaintiff a trial, and the courts long ago concluded that the Constitution

does not promise the equivalent of a courthouse trial to a student facing discipline.

The United States Supreme Court has held that the fundamental requirements of due

process are notice and the opportunity to be heard in a meaningful time and a meaningful

manner. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *see also Mathews v.*

15

*Eldridge*, 424 U.S. 319, 333 (1976); *Buttitta v. City of Chicago*, 9 F.3d 1198, 1206 (7th Cir. 1993).

In the context of school discipline, nothing more than this is required, as summarized in *B.S. ex rel. Schneider v. Bd. of School Trustees, Fort Wayne Cmty. Schools*:

> [T]o comport with due process, suspension and expulsion procedures must provide the student with a meaningful opportunity to be heard. The proceedings need not, however, take the form of a judicial or quasi-judicial trial; so long as the student is given notice of the charges against him, notice of the time of the hearing and a full opportunity to be heard, the expulsion procedures do not offend due process requirements.

255 F. Supp. 2d 891, 898 (N.D. Ind. 2003) (internal citations omitted).  That case further states that the "clear weight of authority holds that a student facing an expulsion hearing does not have the right to cross-examine witnesses[.]" *Id*. at 899. "A school is an academic institution, not a courtroom or administrative hearing room." *Board of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 88 (U.S. 1978).

Plaintiff does not allege that he was deprived of notice of the charges against him or an opportunity to be heard.  Therefore he has failed to allege any deprivation of Fourteenth Amendment procedural due process for a school expulsion procedure.

The heart of Plaintiff's procedural grievance is narrow. Plaintiff expressly alleges that "Defendant Purdue's procedures in effect at the time were followed."  ECF No. 1 at ¶ 33. Plaintiff's appeal, as described in the Complaint, was as follows:

1. Failure of decision to "provide [the] factual basis"

2. "conclusion that I am not a credible witness has not been corroborated with any facts"

3. "he could not defend himself against Defendant Dean Sermersheim's attack on his credibility if there is no factual evidence presented"

4. "two of the three panel members did not read the Investigator's Report before the meeting" and attitude of panel members was "one of overt skepticism and hostility"

5. "reiterated that Jane Doe's accusations of sexual assault were false and noted that one of Jane Doe's accusations was based on what John Doe had allegedly told her about digitally penetrating her"

6. "Jane Doe's possible motives for making false accusations against John Doe"

7. "behavior on the part of Jane Doe inconsistent with the accusations of sexual assault"

8. Not knowing "particular evidence" that "supported John Doe not being a credible witness and Jane Doe being a credible witness"

ECF No. 1 at ¶¶ 59-64.

In this list, Nos. 2, 3, 5, 6, 7, 8 take on the robustness of the credibility determination. Nos. 1 and 4 fault the time-management and documentation practices of the decision-makers. No. 4 also seemingly faults one panel member for doubting Plaintiff's story. Plaintiff's list falls far short of a constitutional grievance.

The Complaint states that Plaintiff, accompanied by a lawyer, "met with the three-person panel of the advisory Committee on Equity and Defendant Dean Sermersheim" who asked him questions, discussed text message evidence with him, and heard him out. ECF No. 1 at ¶¶ 39-40. The Constitution does not promise him anything more.

### 4. The Individual Defendants have qualified immunity against Plaintiff's allegations that he is entitled to more due process than notice and an opportunity to be heard.

Plaintiff's Complaint alleges that he should have been afforded a trial-like hearing process featuring confrontation and cross-examination of witnesses, discovery, a presumption of innocence and assignment of burden of proof, and written factual findings. As summarized

above, Plaintiff does not have a clearly established right to such an adjudicatory procedure.  The

due process rights of students facing discipline in an educational setting are not the same as those

afforded to defendants in a criminal or quasi-criminal setting. *See Linwood v. Bd. of Educ. of the*

*City of Peoria*, 463 F.2d 763, 770 (7th Cir. 1972) (noting that an expulsion hearing "need not

take the form of a judicial or quasi-judicial trial," and noting that the due process in the context

of an expulsion hearing "is not to be equated . . . with that essential to a criminal trial or juvenile

court delinquency proceeding").

Therefore, as a matter of law each of the Individual Defendants has qualified immunity

against a Section 1983 claim for deprivation of those alleged procedures. Qualified immunity

protects public officials from civil suit based on their discretionary functions "'as long as their

actions could reasonably have been thought consistent with the rights they are alleged to have

violated.'" *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 352 (7th Cir. 2005)  (quoting *Anderson v.*

*Creighton*, 483 U.S. 635, 638 (1987)).

Qualified immunity "is not merely a defense to liability but an immunity from suit."

*Maltby v. Winston*, 36 F.3d 548, 554 n.6 (7th Cir. 1994).  Thus, the issue of qualified immunity

"is to be resolved at the earliest stage of litigation."  *Kiddy-Brown*, 408 F.3d at 352 (citing

*Delgado v. Jones*, 282 F.3d 511, 515 (7th Cir. 2002)); s*ee also Pearson v. Callahan*, 555 U.S.

223, 232 (2009); *Ellis v. Bennett*, 2013 WL 5278419, *6 (N.D. Ind. Sept. 18, 2013) (entering

judgment on the pleadings on qualified immunity against Section 1983 allegation).

Here, no controlling case establishes a constitutional violation on facts similar to those

alleged by Plaintiff.  Therefore the qualified immunity is established on the face of the

Complaint.

5.      **The Individual Defendants have absolute immunity for a quasi-judicial process.**

Plaintiff's attempt to plead a right to additional adjudicatory procedures is self-defeating because officials acting in a quasi-judicial capacity have absolute immunity to claims under § 1983. *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 523 (7th Cir. 2001). Taking as true Plaintiff's allegations that he faced a process that was judicial in nature and therefore merited judicial procedures, his allegation entitles the Individual Defendants to absolute immunity from damages no matter how erroneous the act or injurious the consequences. *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985); *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); s*ee also Hartman*, 883 N.E.2d at 778-79 (concurrence stating that Purdue procedure that provides for notice, an opportunity to respond, an investigation of the facts, an opportunity for a hearing, that any determination must be established by a preponderance of the evidence, and a right to appeal is quasi-judicial).  Plaintiff's Complaint alleges as much.  Therefore the Individual Defendants have absolute immunity under § 1983.

E.      **Plaintiff fails to state an actionable claim under Title IX.**

1.      **The Complaint fails to state a claim upon which relief may be granted against the Individual Defendants.**

A Title IX claim can only be brought against a federal grant recipient, not an individual. Title IX authorizes suits against institutions and programs only and does not authorize suits against school officials, teachers, or other individuals. "Title IX reaches institutions and programs that receive federal funds, 20 U.S.C. § 1681(a) . . . but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals."

19

*Fitzgerald v. Barnstable School Comm.*, 555 U.S. 246, 247 (U.S. 2009).[8]  Therefore Count II against the Individual Defendants must be dismissed.

> **2.      The Complaint's conclusory allegation of gender bias fails to satisfy the requirement to plead plausible facts showing the Plaintiff was expelled because he is male.**

The facts alleged in the complaint, even accepted as true, do not create a plausible inference that Purdue University discriminated against Plaintiff on the basis of gender in violation of Title IX.  A conclusory allegation that an investigation resulted in an erroneous finding is insufficient to meet the requirement of Federal Rule of Civil Procedure 8 and the requirement to plead "particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding."  *Ludlow v. Northwestern Univ.*, 79 F. Supp. 3d 824, 836 (N.D. Ill. 2015) (internal citation omitted). Plaintiff does not allege any conduct by any defendant expressing or implying that the investigation, determination, and sanction in Plaintiff's case were attributable to his gender. The Complaint admits that the Defendants conformed to Purdue's procedures in Plaintiff's case. ECF No. 1 at ¶ 33. Plaintiff has not alleged any facts to show that Purdue University would have investigated or decided the same case differently or sanctioned Plaintiff differently if Plaintiff were a different gender.  Plaintiff alleges that federal oversight pressures have resulted in more procedural protections, not fewer.  ECF No. 1 at ¶ 72. As alleged by Plaintiff, federal political pressure to invest more resources in sexual assault cases does not equate to deprivation of constitutionally required due process protections.

The Complaint does not allege that Purdue applies one set of procedural or disciplinary

---

[8] *See also Levin v. Madigan*, 692 F.3d 607, 614 (7th Cir. 2012); *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1170 n. 12 (11th Cir. 2003) ; *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir.1996); *Pollard v. Georgetown School District*, 132 F. Supp. 3d 208, 229-30 (D. Mass. 2015); *Rodgers v. Univ. of Missouri Bd. of Curators*, 56 F. Supp. 3d 1037, 1047 (E.D. Mo. 2014).

standards to female respondents and a different set of procedural disciplinary standards to male respondents.  The Complaint's allegation that there are "limited procedural protections afforded to male students, like John Doe, in sexual misconduct cases" (ECF No. 1 at ¶ 18) stops short of alleging different procedural protections afforded to similarly situated female students in sexual misconduct cases.

An allegation of bias in favor of alleged victims of sexual assault and against students accused of sexual assault is not an allegation of gender bias.  *Doe v. Univ. of Cincinnati*, 173 F. Supp. 3d 586, 607 (S.D. Ohio 2016).

The Complaint does not allege that any Purdue procedure or disciplinary standard has a facial gender bias. Plaintiff does not allege that the lack of cross-examination or confrontation of witnesses in school-student disciplinary proceedings at Purdue is attributable to gender bias. Plaintiff specifically disclaims any allegation that Purdue engaged in selective enforcement against him.  ECF No. 1 at p. 55.  In any event, there is no cause of action under Title IX for relief under a disparate impact theory.  Plaintiff cannot state a claim by alleging that disciplinary procedures that are gender-neutral on their face disproportionately affect men.  *Doe*, 173 F. Supp. 3d at 608.

More generally, Plaintiff's allegations regarding the Obama Administration's enforcement priorities are not the basis for a Title IX claim. The Complaint alleges that everyone – the Obama Administration, Plaintiff, and Defendants – is relying upon Title IX to guide college student discipline in sexual assault cases.  Since Plaintiff expressly alleges that Title IX applies to *his* case, his allegations regarding pressure to enforce Title IX lead nowhere.

For these reasons, the Complaint fails to satisfy the requirement to plead plausible facts showing that Plaintiff was expelled from school because he is male.

**F.      The Eleventh Amendment bars Counts III and IV.**

Counts III and IV of the Complaint allege state law contract theories against "Defendant Purdue."  Counts III and IV seek only money damages. The Eleventh Amendment bars this Court from exercising jurisdiction over Plaintiff's state law contract claims against Defendant Purdue University, as a non-consenting state agency.[9]  Defendant Purdue University has not waived its Eleventh Amendment immunity to suit in this court for breach of contract in this case. For these reasons, Plaintiff's state law claims against Purdue University must be dismissed for lack of subject-matter jurisdiction.[10]

---

[9] *See Raygor v. Regents of the Univ. of Minn.,* 534 U.S. 533, 542 (2002) ("[28 U.S.C.] § 1367(a)'s grant of [supplemental] jurisdiction does not extend to claims against nonconsenting state defendants.")*; Vance v. Ball State Univ.*, 2012 WL 29148, *2 (S.D. Ind. Jan. 5, 2012) ("The Eleventh Amendment prohibits the Court from adjudicating those state-law claims, where, as here, the state agency objects.") (citation omitted); *Bull v. Bd. of Trustees of Ball State Univ.*, 2011 WL 6740549, *4 (S.D. Ind. Dec. 22, 2011).

[10] The applicable law for a student's common law contract allegation against Purdue University is summarized in *Chang v. Purdue University*: "[I]n the area of academic services, [the courts'] approach has been akin to the one used in the case of contracts conditioned upon the satisfaction of one party." 985 N.E.2d 35, 46 (Ind. Ct. App. 2013), *quoted in Amaya v. Brater*, 981 N.E.2d 1235, 1240 (Ind. Ct. App. 2013) (expulsion of medical student).  A plaintiff who alleges contract formation under Indiana law is bound by that allegation and cannot obtain equitable relief under the doctrine of promissory estoppel. *See First Nat'l Bank of Logansport v. Logan Mfg. Co., Inc.*, 577 N.E.2d 949, 955 (Ind. 1991); *Indiana Bureau of Motor Vehicles v. Ash, Inc.*, 895 N.E.2d 359, 367 (Ind. Ct. App. 2008).

**<u>Conclusion</u>**

For the above-stated reasons, Defendants respectfully request that their motion to dismiss be granted.

Respectfully submitted,

<u>/s/ William P. Kealey</u>
William P. Kealey
Attorney No. 18973-79
James F. Olds
Attorney No. 27989-53
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
Telephone: 765.423.1561
***Attorneys for Defendants Mitchell Elias Daniels,
Jr., Alysa Christmas Rollock, Katherine
Sermersheim, Erin Oliver, Jacob Amberger and
The Trustees of Purdue University***

23

## CERTIFICATE OF SERVICE

      I certify that on the 31st day of March 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Andrew T. Miltenberg  
Philip A. Byler  
Nesenoff & Miltenberg, LLP  
363 Seventh Avenue  
5th Floor  
New York, NY 10001

Roberto Alejandro Mendoza  
Alex Mendoza Law LLC  
6950 Indianapolis Blvd  
Hammond, IN 46324

      /s/ William P. Kealey        
      William P. Kealey

892925v1

24