IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE**,<br>         Plaintiff,<br>    v.<br>**PURDUE UNIVERSITY**, et al.,<br>         Defendants. | No.   2:17-cv-00033-JD-PRC |

### REPORT OF PARTIES' PLANNING MEETING

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held telephonically on March 28, 2017, and was attended by Philip A. Byler, counsel for Plaintiff, and William P. Kealey, counsel for Defendants:

On March 31, 2017, Defendants are filing their motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction due to the Eleventh Amendment bar, among other grounds for dismissal. Therefore Defendants participate in the submission of this Report subject to their pending Eleventh Amendment objection.

1. Pre-Discovery Disclosures.

The Parties will exchange, by **May 12, 2017**, the information required by Fed. R. Civ. P. 26(a)(1) (principal counsel for Plaintiff, Philip A. Byler, will be on trial beginning April 24, 2017, and Plaintiff would therefore encounter great difficulty in making FRCP 26(a)(1) disclosures prior to May 12, 2017).

2. Discovery Plan.

    a. At this stage of the litigation and with the information currently available to the Parties, respectively, the Parties anticipate they will need discovery on the following subjects (the Parties reserve the right to object to any specific discovery request in the normal course):

    Plaintiff anticipates he will need discovery on the following subjects:
    - Defendants' policies and practices relating to Title IX, investigation of student complaints, and disciplinary proceedings, including

without limitation the question of why Defendants' Title IX system does not utilize hearings and does not have other procedural safeguards of accuracy in fact finding and responsibility determination; depositions of persons involved therein.
- Documents, data and communications that relate to the allegations Jane Doe made to Defendants, and other interactions between Defendants and Jane Doe; depositions of persons identified therein.
- Defendants' investigation into the allegations made by Jane Doe and the proceedings that arose out of the investigation, including without limitation documents, data and communications that relate to Plaintiff's response to Jane Doe's allegations, and other interactions between Defendants and Plaintiff. These materials include without limitation all memoranda and other documents pertaining to investigation meetings and Committee meetings with Plaintiff, Jane Doe and all individuals treated as witnesses or said to be witnesses, any document which the university produces as the investigation report, and all materials relating to the investigation. Depositions of persons identified in the materials referenced above.
- Defendants' communications and interactions with the Office of Civil Rights of the Department of Education; depositions of persons identified therein.
- Statistical information as to disposition of sexual assault cases filed with the university, including without limitation the gender of complainants and respondents, number and percentage of responsibility findings, and number of successful appeals
- Jane Doe's health care records; depositions of persons identified therein.
- Jane Doe's academic and disciplinary records at all higher-ed institutions attended, and Jane Doe's employment and financial records; depositions of persons identified therein.
- Jane Doe's electronic communications including email and social media; depositions of persons identified therein including family members and other students at Purdue.
- Records and data sufficient to ascertain Plaintiff's damages including without limitation inquiry into potential future earnings and opportunity cost.
- Any subject identified by Defendants, to which Plaintiff does not object in the course of the litigation.

Defendants anticipate they will need discovery on the following subjects:
- Plaintiff's academic and disciplinary records at all higher-ed institutions attended; depositions of persons identified therein.

- Plaintiff's ROTC and military records; depositions of persons identified therein.
- Plaintiff's health care records; depositions of persons identified therein.
- Records in the possession of Plaintiff's employers if any; depositions of persons identified therein.
- Plaintiff's financial records.
- Plaintiff's electronic communications including email and social media; depositions of persons identified therein including family members.

b. The Parties estimate that 10 to 20 depositions will be needed per side. The Parties agree to reevaluate and discuss the number of depositions based on their initial disclosures made under Rule 26(a)(1). The Parties will abide by the limitation of Fed. R. Civ. P. 33(a)(1) with respect to number of interrogatories. The Parties propose a maximum of 30 requests for admission by each party to any other party. Responses will be due 30 days after service unless extended by agreement or by order of the Court. The parties propose that fact discovery should close **January 19, 2018**.

c. The Parties propose that the production of reports from retained experts under Fed. R. Civ. P. 26(a)(2) shall be due: from Plaintiff by **March 30, 2018**; from Defendants by **May 4, 2018**. Any evidentiary objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation for the anticipated testimony, shall be filed by **August 10, 2018**. Counsel stipulate that a failure to file such objections is waiver of any objection to opinion testimony outlined in the statement filed by the witness's proponent.

d. Supplementation of disclosures and discovery responses will be governed by Fed. R. Civ. P. 26(e)(1)(A) and will occur quarterly no later than the last business day of the quarter. Fed. R. Civ. P. 26(a)(1) and (a)(2) disclosures shall not be filed with the Court.

e. Pursuant to R. Evid. 502(d) and (e) and Fed. R. Civ. Proc. 26(b)(5), the parties stipulate that the attorney-client privilege is not waived by inadvertent disclosure connected with the litigation of this cause.

3. <u>Electronically Stored Information</u>

The Parties have discussed preservation and disclosure of electronically stored discovery information, and have agreed that the scope of electronically stored discovery information shall be limited to relevant and discoverable records, e-mails and other

electronic documents/data that are reasonably accessible. All electronically stored information may be produced on either a compact disc, thumb drive or "dropbox" in an easily and commonly accessible file format.

4. <u>Other Items</u>

   a. The last date for Plaintiff to seek leave of Court to join additional parties or amend the pleadings is **June 30, 2017**.

   b. The last date for Defendants to seek leave of the Court to join additional parties or amend the pleadings is **July 28, 2017**.

   c. The last date for the filing of dispositive motions is **August 10, 2018**.

   d. The timing of filing pretrial disclosures under Fed. R. Civ. P. 26(a)(3) shall be governed by the Court's Order controlling the case, which will be entered upon the assignment of a trial date.

   e. This case should be ready for trial by **January 14, 2019**, and the parties request a pretrial conference in advance of same. Plaintiff estimates a two-week trial and has demanded a jury. Defendants estimate a one-week trial.

   f. The parties have not yet agreed upon a mediator, but will confer and mutually agree to a mediator after the completion of the plaintiff's deposition. Thirty (30) days before the final pretrial conference counsel will provide a written status report to the Court regarding the status of mediation.

<u>Audio/Visual Equipment</u>

Counsel are aware that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. Counsel know that this includes an evidence presentation system, which consists of a document camera, digital projector, and screen. Counsel know the projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. Counsel acknowledge they can contact one of the Court's courtroom deputy clerks for information or training.

Respectfully submitted,                        Respectfully submitted,

/s/Philip A. Byler                             /s/William P. Kealey (by permission)
Attorney for Plaintiff                         Attorney for Defendants

| | |
|---|---|
| Philip A. Byler, Esq.<br>Andrew T. Miltenberg, Esq.<br>NESENOFF & MILTENBERG, LLP<br>363 Seventh Avenue, Fifth Floor<br>New York, New York 10001<br>(212) 736-4500<br>pbyler@nmllplaw.com<br>(ADMITTED *PRO HAC VICE*) | William P. Kealey<br>Attorney No. 18973-79<br>Stuart & Branigin LLP<br>300 Main Street, Suite 900<br>P.O. Box 1010<br>Lafayette, IN 47902-1010<br>Email: wpk@stuartlaw.com<br>Telephone: 765.423.1561 |

Roberto Alejandro Mendoza 30766-49
Alex Mendoza Law, LLC
6950 Indianapolis Blvd.,
Hammond, Indiana 46324
(219) 200-2000
alex@alexmendozalaw.com
(LOCAL COUNSEL)

# CERTIFICATE OF SERVICE

    The undersigned attorney certifies that on March 31, 2017 he served the attached document on all parties of record via the Court's CM/ECF system.

        /s/Roberto Alejandro Mendoza
        Roberto Alejandro Mendoza 30766-49
        Alex Mendoza Law, LLC
        6950 Indianapolis Blvd.,
        Hammond, Indiana 46324
        (219) 200-2000
        alex@alexmendozalaw.com
        (LOCAL COUNSEL)