UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CV-33-JTM-PRC |
| ) | |
| PURDUE UNIVERSITY, PURDUE ) | |
| UNIVERSITY BOARD OF TRUSTEES, ) | |
| MITCHELL ELIAS DANIELS, JR., ALYSA ) | |
| CHRISTMAS ROLLOCK, KATHERINE ) | |
| SERMERSHEIM, ERIN OLIVER, and ) | |
| JACOB AMBERGER, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on an Ex Parte Motion to Proceed Under Pseudonym and for Protective Order [DE 2], filed by Plaintiff John Doe on January 24, 2017.[1] Although the motion is titled as an "ex parte" motion, the motion was not filed under seal. The certificate of service provides that the motion was served through the electronic court-filing system on all attorneys of record. However, the motion was filed the same date as the Complaint, and no defendant had yet been served process. Nevertheless, on February 15, 2017, the Court set a briefing schedule on the motion. On March 2, 2017, Defendants filed a joint response brief, and on March 6, 2017, Plaintiff filed a reply.

---

[1] Plaintiff filed a "Notice of Ex Parte Motion to Proceed Under Pseudonym and for Protective Order," (ECF 2), and a "Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order," (ECF 3), but did not actually file a "Motion to Proceed Under Pseudonym and for Protective Order." Because the Memorandum of Law sets out the relief requested, the Court construes the Notice and Memorandum together and rules as if Plaintiff had properly filed a Motion. The Court advises Plaintiff that the Local Rules for the Northern District of Indiana do not provide for the filing of a "Notice of Motion."

**BACKGROUND**

On January 24, 2017, Plaintiff filed his Complaint, alleging that he was wrongly suspended from Purdue University and, as a result, dismissed from Navy ROTC because of a disciplinary case based on false accusations of sexual misconduct. Plaintiff asserts claims of a denial of his due process rights under the Fourteenth Amendment to the United States Constitution brought pursuant to 42 U.S.C. § 1983, a violation of Title IX of the Education Amendments of 1972, state law breach of contract, and state law estoppel and reliance.

**ANALYSIS**

In the instant motion, Plaintiff asks the Court to allow him to proceed pseudonymously as "John Doe" and restrain the named Defendants from revealing Plaintiff's identity. Defendants argue that Plaintiff's suit is not exceptional and that the circumstances of this case do not overcome the presumption in favor of open proceedings.

Federal Rule of Civil Procedure 10 requires that the caption of the Complaint include the names of all the parties, and Federal Rule of Civil Procedure 17 requires that all civil actions be prosecuted in the name of the real party in interest. *See* Fed. R. Civ. P. 10, 17. The Seventh Circuit Court of Appeals has explained that "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross and Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996) (recognizing that courts have permitted proceeding under a fictitious name in exceptional cases "where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings'" (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir.

1981))). The Seventh Circuit Court of Appeals has also said that "the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party requesting anonymity] . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); *see also Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th Cir. 2011), *aff'd en banc in relevant part*, 687 F.3d 840, 842-43 (7th Cir. 2013).[2]

The Seventh Circuit Court of Appeals has not articulated a test or elements for determining when exceptional circumstances exist to justify allowing a party to proceed under a pseudonym. However, the United States District Court for the Southern District of Indiana has compiled several factors that courts consider to determine whether a "plaintiff's interest in privacy is so significant as to outweigh the strong presumption favoring public identification of litigants." *Indiana Black Expo*, 923 F. Supp. at 140. The non-exclusive factors are

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Id*. (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)); *see also Doe v. City of Indianapolis*, No. 1:12-CV-62, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012) (citing *Indiana Black Expo*, 923 F. Supp. at 140). Additional factors include whether the interests of children are at stake and "whether there are less drastic means of protecting legitimate interests of either the party

---

[2] In *Doe v. Blue Cross and Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); and *Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th Cir. 2011), the Seventh Circuit Court of Appeals sua sponte raised a concern about the plaintiff proceeding pseudonymously and the district court judge's failure to independently determine whether exceptional circumstances justify a departure from the normal method of proceeding in federal court under a party's true name.

seeking anonymity or the opposing party." *Indiana Black Expo*, 923 F. Supp. at 140 (citing *Stegall*, 653 F.2d at 186; *James v. Jacobson*, 6 F.3d 233, 241 (10th Cir. 1982)). Under a similar balancing test applied in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008), cited with approval by the Seventh Circuit Court of Appeals in *Elmbrook Sch. Dist.*, 658 F.3d at 724, the Second Circuit Court of Appeals also considered whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity and whether the plaintiff's identity has thus far been kept confidential. The decision whether to allow a party to proceed pseudonymously is within the discretion of the court. *Doe v. City of Indianapolis*, 2012 WL 639537, at *1 (citing *K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997)). The Court considers each factor in turn.

Under the first factor, Plaintiff argues that his allegations challenge government activity because Purdue University is a state university and because at issue is the April 2011 Dear Colleague Letter issued by the Department of Education's Office of Civil Rights. Defendants do not address this element. Plaintiff brings claims under 42 U.S.C. § 1983 for violations of the Fourth Amendment and under Title IX for the inadequate procedures Plaintiff alleges are effectively dictated by the April 2011 Dear Colleague Letter. This first factor favors Plaintiff's request to proceed pseudonymously. *See Doe v. City of Indianapolis*, 2012 WL 639537, at *1 (citing *John Does I-IV v. City of Indianapolis*, 1:06-CV-865, 2006 WL 2289187, at *1-2 (S.D. Ind. Aug. 7, 2006) (quoting *Roe v. Wade*, 410 U.S. 113 (1973))).

Second, this litigation requires the disclosure of "information of the utmost intimacy," as demonstrated by the details set out in the Complaint, including information regarding Plaintiff's and Jane Doe's sexual relationship, Jane Doe's allegations of sexual misconduct, and the details of the University's findings. Other courts have permitted plaintiffs alleging similar claims against colleges and universities to proceed anonymously. *See, e.g.*, *John Doe v. Columbia Univ.*, 831 F.3d 46 (2d

4

Cir. 2016) (ruling on a motion to dismiss under Rule 12(b)(6) and acknowledging, but not analyzing, that the plaintiff is proceeding by pseudonym); *Doe v. Brown Univ.*, No. 16-017, 210 F. Supp. 3d 310 (D. R.I. 2016) (acknowledging the prior grant of a motion to proceed pseudonymously); *Doe v. Colgate Univ.*, No. 5:15-CV-1069, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) (granting plaintiff's motion to proceed under pseudonym after balancing the factors set out in *Sealed Plaintiff*, 537 F.3d at 188-89); *Doe v. Washington & Lee Univ.*, No. 14CV52, 2105 WL 4647996 (W.D. Va. Aug. 5, 2015) (ruling on a motion to dismiss under Rule 12(b)(6) and acknowledging, but not analyzing, that the plaintiff is proceeding by pseudonym); *Doe v. Univ. of Massachusetts-Amherst*, No. 14-30143, 2015 WL 4306521, at * (D. Mass. July 14, 2015) (same); *Doe v. Salisbury Univ.*, JKB-1403853, 2015 WL 3478134 (D. Md. June 2, 2015) (same); *Doe v. Univ. of S. Florida Bd. of Trs.*, No. 8:15-CV-682, 2015 WL 3453753, (M.D. Fla. May 29, 2015) (same); *Doe v. Univ. of Montana*, No. CV 12-77, 2012 WL 2416481 (D. Mont. June 26, 2012) (unsealing the case but maintaining plaintiff and accuser's anonymity through the use of pseudonyms, finding "that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names"); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (overruling, without substantive analysis, the defendant's objection to the Magistrate Judge's granting of the Plaintiff's motion to proceed under pseudonyms).

    Defendants counter that "Plaintiff's prolix complaint freely discloses much intimate information, including . . . history of intercourse. . . [and] anatomic and other details of sexual and social contacts." (ECF 16, p. 3). It is unclear how this lessens the importance of this factor. If anything, the details in the Complaint, which Plaintiff argues are necessary for him to state a claim, strengthen the argument that highly sensitive and personal details of an intimate nature will be at

5

issue in this case. This second factor weighs in favor of allowing Plaintiff to proceed under a pseudonym.

The third factor—whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution—is not at issue in this case.

Fourth, the Court considers whether Plaintiff would risk suffering injury if identified, which is related to the factor considered by the Second Circuit Court of Appeals of whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. This factor also weighs in Plaintiff's favor. If Plaintiff's identity is revealed, Plaintiff would suffer the very harm to his reputation that he seeks to remedy by bringing this lawsuit; in other words, if Plaintiff is successful in proving that the charges of sexual misconduct against him were unfounded and that Defendants' procedures violated his due process rights, the revelation of Plaintiff's identity "would further exacerbate the emotional and reputational injuries he alleges." *Colgate Univ.*, 2016 WL 1448829, at *3. As the court in *Colgate University* reasoned:

> The rise of sexual assaults on college campuses is a troubling epidemic, however, in addressing this epidemic, courts have a duty to ensure that "[e]ach case must be decided on its own merits, according to its own facts. If a college student is to be marked for life as a sexual predator, it is reasonable to require that he be provided a fair opportunity to defend himself and an impartial arbiter to make that decision." The Court finds that forcing Plaintiff to reveal his identity would not advance any aspect of the litigation but instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention. The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations.

*Id.* (citing *Doe v. Brandeis Univ.*, 177 F. Supp. 3d 561, 573 (D. Mass. 2016)). The nature of the internet in present society also makes case-related information associated with an individual's name accessible.

6

As for the fifth factor, Defendants acknowledge that they will not be impeded in presenting their defense in this Court if Plaintiff is permitted to proceed anonymously. Thus, this factor favors Plaintiff.

The sixth factor of whether the interests of children are at stake is not applicable.

As for whether Plaintiff's identity has thus far been kept confidential, there is no evidence that it has not. Defendants note that, based on the Complaint, Plaintiff provided a list of names of thirty character references during the underlying investigation at Purdue University. This fact does not negate his efforts to keep this matter confidential as the provision of those names was part of the university's investigative process. Defendants then assert that the U.S. Navy possesses Purdue University's underlying investigation report, "apparently with Plaintiff's permission." (ECF 16, p. 3 (citing Cmplt., ¶ 140). However, nothing in that paragraph of the Complaint suggests that Plaintiff gave permission for the Navy ROTC to possess the Investigator's Report; rather, the paragraph alleges that Purdue University did not allow Plaintiff to see the Investigator's Report and that the only time he saw it was when the Navy ROTC officer allowed him to review it. Finally, Defendants assert that Plaintiff's Complaint alleges in paragraph 34 that he "told Navy ROTC colleagues that he was under investigation," (ECF 16, p. 3), but, in fact, paragraph 34 alleges that Plaintiff was prohibited from discussing the case with his fellow Navy midshipmen, (ECF 1, ¶ 34). This factor supports Plaintiff's motion.

Finally, there do not appear to be any less drastic means of protecting the legitimate interests of either Plaintiff who seeks anonymity or Defendants. And, the public interest will continue to be served as the record in this case will not be sealed and the legal and procedural rulings in this case will remain a matter of public record. The courtroom proceedings will remain open, subject to the

least intrusive means possible of protecting the identities of the parties and witnesses. The actual identities of Plaintiff and his accuser are of minimal value to the public.

Having balanced the factors, the Court finds that Plaintiff has overcome the strong presumption in favor of requiring a litigant's name to be a matter of public record by showing that the harm to Plaintiff exceeds the likely harm from concealment.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Proceed Under Pseudonym and for Protective Order [DE 2] and **ORDERS** that the parties use the pseudonym "John Doe" for Plaintiff and the pseudonym "Jane Doe" to refer to the female complainant in the underlying disciplinary proceeding. The Court further **ORDERS** Defendants to refrain from revealing Plaintiff's identity.

SO ORDERED this 31st day of May, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

8