IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | **CIVIL ACTION** |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** ) | |
| **DANIELS, JR.,** individually and as agent for Purdue ) | |
| University, **ALYSA CHRISTMAS ROLLOCK**, ) | No. 2:17-cv-00033-JD-PRC |
| individually and as agent for Purdue University, ) | |
| **KATHERINE SERMERSHEIM**, individually and as ) | |
| agent for Purdue University, **ERIN OLIVER**, individually ) | |
| and as agent for Purdue University, **JACOB** ) | |
| **AMBERGER**, individually and as agent for Purdue ) | |
| University, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**Summary**

Defendants, by counsel, submit this brief in reply to Plaintiff's opposition to Defendants' motion to dismiss Plaintiff's Complaint.

Plaintiff concedes that his contract law claims (Counts III and IV) are barred by the Eleventh Amendment.

Plaintiff's Section 1983 claim alleges a denial of Fourteenth Amendment due process. The Title IX claim alleges intentional sex discrimination. Plaintiff concedes that he can only attempt the Section 1983 claim against the individual Defendants and can only attempt the Title IX claim against Defendant Purdue University. Plaintiff is attempting to plead that the individual Defendants denied Plaintiff constitutional due process, and Purdue University

1

discriminated against him because he is male.

Plaintiff alleges that Purdue's process must be deficient because the disciplinary decision went against him: "Defendants have a woefully deficient Title IX disciplinary process that does not afford due process (no meaningful notice and opportunity to be heard was given) and that enables erroneous outcomes and unduly severe penalties because of sex." Opposition at p. 2. Plaintiff cannot allege either a Section 1983 claim or a Title IX claim by reasoning backward from a credibility determination based on the weight of the evidence. In *Wood v. Strickland*, 420 U.S. 308, 326 (1975), the Supreme Court held that public school students lack "the right to relitigate in federal court evidentiary questions arising in school disciplinary proceedings," adding that "§ 1983 was not intended to be a vehicle for federal correction of errors in the exercise of that discretion which do not rise to the level of violations of specific constitutional guarantees." *Id*.

The due process requirements for school discipline have been well-established for decades, and the Complaint on its face shows that those requirements were met. Plaintiff's Section 1983 claim against the individual defendants in their individual capacities fails because qualified immunity is a complete bar. Plaintiff is seeking to make new Fourteenth Amendment law by advocating the over-turning of well-established jurisprudence on the subject of the requisite minimum due process for school discipline. The doctrine of qualified immunity bars Section 1983 liability for damages where, as here, the settled authority is contrary to Plaintiff's theory of relief.

Whether Plaintiff perceives a stigma from his suspension is immaterial to whether Plaintiff has stated a claim. No authority holds that a one-year suspension of a college freshman (whether for academic cheating, insufficient academic performance, or misconduct on campus)

implicates substantive due process.

To state a claim under Title IX, Plaintiff must allege plausible facts to show that Purdue suspended him from school because he is male. Plaintiff's Title IX allegation is summarized in a sentence: "Only an anti-male bias to find for the female complainant and against the male respondent can explain Defendant Dean Sermersheim's purported findings." Opposition at p. 7. This allegation is circular and therefore merely conclusory.

No matter how much process was afforded to John Doe and Jane Doe, someone needed to decide credibility by a preponderance of the evidence. Plaintiff cannot state a Title IX claim for "anti-male bias" solely by insisting on his innocence. According to Plaintiff, Dean Sermersheim was tasked to decide his word against Jane Doe's: "This case was a 'she said/he said.'" Opposition at p.17. Plaintiff cites no authority finding that a student can state a Title IX claim merely by alleging the superior credibility of his account. If this were enough to state a Title IX claim, would Jane Doe have a Title IX claim in the event that Dean Sermersheim had found her less credible than John Doe? The Complaint alleges no plausible factual basis to impute actual bias to Dean Sermersheim's evaluation of the credibility of John and Jane. When weighing the accuser's word against the accused, someone's word must be discounted. That reality cannot be a sufficient basis to allege bias.

Plaintiff dramatizes his case as analogous to a rape conviction. It is not. Just as a suspension from school for fighting or cheating is not a conviction or a criminal law sanction, neither is a suspension for violation of an anti-harassment policy.

Plaintiff cites no authority applying constitutional criminal law requirements to student discipline cases. Plaintiff also denies that he seeks a quasi-judicial process, which would confer

3

absolute immunity against Plaintiff's Section 1983 claims.[1]

**Argument**

A.   **Plaintiff concedes that the Eleventh Amendment bars Counts III and IV.**

Purdue University has not waived its Eleventh Amendment immunity to suit in this Court for breach of contract in this case.  Therefore, Plaintiff's state law claims against Purdue must be dismissed. Opposition at pp. 24-25.  Purdue concurs that dismissal of Counts III and IV should be without prejudice.

B.   **Plaintiff has abandoned his Section 1983 claim against Purdue University.**

By silence, Plaintiff concedes that Purdue University and the individual Defendants in their official capacity are not "persons" who can be sued under Section 1983, and that the Eleventh Amendment bars any Section 1983 claim against Purdue University, whether for damages or injunctive relief.  Opposition at pp. 13-14.  Plaintiff's claim against Purdue University under Section 1983 must be dismissed altogether.

C.   **Plaintiff cites no controlling authority recognizing a constitutionally actionable property or liberty interest in his enrollment at Purdue.**

Plaintiff fails to cite any controlling federal case holding that a university student has a protected property or liberty interest in continued college enrollment.  Plaintiff quotes *Charleston v. Bd. of Trustees of Univ. of Ill. at Chicago*, 741 F.3d 769 (7th Cir. 2013) for the proposition that a "legally protected entitlement to his continued education at the university" could be alleged "by pleading the existence of an express or implied contract" with the school.  Opposition at p. 17.  However, Plaintiff cannot pursue that argument in this Court because the

---

[1]*Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016) ("When a functional analysis of the responsibilities at issue reveals that they are judicial in nature, the actor is entitled to absolute immunity from damages no matter how erroneous the act or injurious the consequences.").

4

Eleventh Amendment bars Counts III and IV.[2]

### D. Plaintiff cites no settled authority to overcome the qualified immunity of the individual Defendants against Plaintiff's claim for Section 1983 damages.

Plaintiff's argument for deferral of the question of qualified immunity is not well-taken. The doctrine of qualified immunity is a procedurally ripe and complete bar to Plaintiff's attempted Section 1983 damage claims against the individual Defendants in their individual capacities. Because Plaintiff's factual allegations are taken as true at this stage, it is appropriate to determine whether, if true, the allegations are sufficient to overcome qualified immunity.

The Seventh Circuit has recently stated:

> Qualified immunity shields federal and state officials from money damages unless a plaintiff demonstrates that the official violated a statutory or constitutional right and that the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). A right is clearly established when existing precedent has "placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). To meet his burden on the second prong, a plaintiff must "show either a reasonably analogous case that has both articulated the right at issue and applied it to a factual circumstance similar to the one at hand or that the violation was so obvious that a reasonable person necessarily would have recognized it as a violation of the law." *Chan v. Wodnicki*, 123 F.3d 1005, 1008 (7th Cir. 1997). This requirement does not mean that a plaintiff must be able to point to a case "on all fours" with the defendant officer's misconduct. *See Hope v. Pelzer*, 536 U.S. 730, 741 (2002). But there must be settled authority that would cause him to understand the illegality of the action. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

*Howell v. Smith*, 853 F.3d 892, 897 (7th Cir. 2017).

The United States Supreme Court has recently emphasized that qualified immunity presents a high bar for a Section 1983 plaintiff to clear: "for a right to be clearly established, 'existing precedent must have placed the statutory or constitutional question beyond debate.'"

---

[2] Plaintiff's allegation that he had a procedural right not to be denied Purdue's internal procedures [Complaint at ¶¶ 82-83] is a contract claim under state law, not an allegation of a federally protected property interest. *Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir. 1993).

*White v. Pauly*, __ U.S. ___, 137 S. Ct. 548, 551 (2017) (internal citations omitted). "As this Court explained decades ago, the clearly established law must be 'particularized' to the facts of the case. Otherwise, '[p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.'" *Id*. at 552 (internal citations omitted).  This jurisprudence has direct application where, as here, the Plaintiff seeks to make new law in a recently emergent category of civil rights litigation.

Plaintiff does not contend that any settled authority put the individual Defendants on notice that there was an illegality in how they decided Jane Doe's allegation against John Doe. Plaintiff concedes that *Linwood v. Bd. Of Educ. Of the City of Peoria*, 463 F.2d 763 (7th Cir. 1972), "did say expulsion did not necessarily require an adjudicatory hearing." Opposition p. at 19.  Plaintiff cites no contrary authority.  Plaintiff does not allege that the individual Defendants were incompetent or knowingly violated a constitutional due process requirement. Qualified immunity "provides 'ample room for mistaken judgments' and protects all but the 'plainly incompetent and those who knowingly violate the law.'" *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) and *Malley v. Briggs*, 475 U.S. 335, 343 (1986)).

Taking Plaintiff's alleged facts as true, he received notice of the claim against him and an opportunity to be heard.  Plaintiff "submitted a written response to the allegations" [Opposition at p. 3] and provided his account and evidence to investigators [Opposition at p. 4], and then was asked to meet with a three-person panel convened to "listen" to him and provide him an opportunity for "clarification."  *Id*.  Accompanied by a lawyer, Plaintiff "met with the three-person panel of the advisory Committee on Equity and Defendant Dean Sermersheim" who asked him questions, discussed text message evidence with him, and heard him out.  ECF No. 1

6

at ¶¶ 39-40.  Plaintiff offered reasons he should be believed and Jane Doe should not.  *Id*. at ¶¶ 30-31, 61-63.

Plaintiff apparently contends that the lack of witness confrontation and cross-examination means that he did not receive a hearing.  ECF No. 1 at ¶ 39.  But no case defines a school discipline hearing by those criteria.  Under controlling authority, cited in Plaintiff's opposition brief, Plaintiff's June 6, 2016 attendance at a meeting with school officials to present his side of the story was a hearing.  *Goss v. Lopez*, 419 U.S. 565, 582 (1975).

**1.    Defendants Oliver and Amberger have qualified immunity.**

No settled due process authority faults Oliver and Amberger from reporting their evaluation of Plaintiff's credibility.  Plaintiff alleges that the investigator's "falsely stated he had confessed" to Jane Doe's allegations.  Opposition at p. 13.  Quarreling with an investigator's interpretation of a witness interview does not implicate the Fourteenth Amendment.

**2.    Defendant Sermersheim has qualified immunity.**

Alleging that Defendant Sermersheim required John Doe to answer Jane Doe's allegation and later found John Doe's side of the story less credible than Jane Doe's does not state a claim under the Fourteenth Amendment.  Jane Doe's allegation needed to be decided one way or the other by a preponderance of the available evidence.

Plaintiff's also complains that Dean Sermersheim did not supply him with the report that she obtained from her office's investigator. No settled authority establishes a due process obligation to turn over an investigator's evaluation of Jane Doe and John Doe.  Plaintiff refers to a "30-minute meeting in which questions [were] posed based on an investigator report that the respondent has not seen." Opposition at p. 18.  The Complaint does not allege that Plaintiff needed the report in order to answer the questions.  Even today, Plaintiff does not allege the

7

existence of any more or different exonerating evidence than the account and evidence that he did present.

        **3.     Defendant Rollock has qualified immunity.**

The same analysis applies to Defendant Rollock's qualified immunity as to Defendant Sermersheim's qualified immunity. The only difference is that Defendant Rollock evaluated Plaintiff's appeal. Plaintiff does not point to any due process flaw in the appeal.

        **4.     Defendant Daniels has qualified immunity.**

Plaintiff stops well short of contending that Defendant Daniels participated in any fashion in Plaintiff's disciplinary case or even knew of it prior to this lawsuit. Plaintiff cites no settled authority that a University president is vicariously liable for an alleged due process defect in a University student-discipline determination.

Plaintiff's opposition brief contends that Defendant Daniels, as Purdue President, turned a "blind eye" to "what has happened in this case." Opposition at p. 12. The Complaint says no such thing. The Complaint alleges only Defendant Daniels' status as university president with presidential authority over Purdue's operation. ECF No. 1 at ¶ 7.

Turning a blind eye means to ignore something, pretending not to see it. Turning a blind eye is a knowing act. *Trentadue v. Redmon*, 619 F.3d 648, 652–53 (7th Cir. 2010). One must be aware of something in order to pretend not to see it. On the face of the Complaint, there was no report to Defendant Daniels and therefore nothing for him to ignore and pretend not to see.

**E.     Plaintiff has no standing for prospective injunctive relief against the individual Defendants under Section 1983 or against Purdue University under Title IX.**

Plaintiff has not carried his burden to show standing as a prerequisite for federal jurisdiction over his injunctive relief claim. Plaintiff's past suspension is irrelevant to the question whether he faces any prospective injury at Purdue. Standing for a damage claim is

8

insufficient to confer standing for prospective injunctive relief. *See Derfus v. City of Chicago*, 42 F. Supp. 3d 888, 895 (N.D. Ill. 2014) (summary of authorities). Plaintiff cites no case to the contrary.

Plaintiff does not allege that he is or wants to be a Purdue student and does not seek injunctive relief compelling his readmission to Purdue. Plaintiff does not allege that he intends to engage in any future conduct at Purdue that would expose him to (in the words of the Complaint's Prayer, p.66 ¶ (ii)) "the process of investigating and adjudicating sexual misconduct complaints." Plaintiff cites no case in which a student who is not enrolled in a university can obtain injunctive relief regarding the enrolled students. Plaintiff cites no case finding standing on the basis of a hypothetical unnamed student facing a hypothetical sexual misconduct complaint.

A litigant "generally must assert his own legal rights and interests" and cannot assert "the legal rights or interests of third parties."[3] In addition to the constitutional limits on standing, there are also prudential limits on standing, including that, generally, when a plaintiff asserts a generalized grievance shared by a large class of citizens, an exercise of jurisdiction is not warranted. *Israel v. United States*, No. 2:16-CV-102-PRC, 2016 WL 6804842, at *2 (N.D. Ind. Nov. 17, 2016) (citing *Dunnet Bay*, 799 F.3d at 688–89). When a plaintiff lacks standing to bring a claim, the claim is dismissed without prejudice because the Court lacks jurisdiction to adjudicate that claim. *Israel v. United States*, 2016 WL 6804842, at *2 (citing *Ramsay v. Mayer*, 420 Fed.Appx. 586, 588 (7th Cir. 2011)).

**F.    Plaintiff has alleged no basis for relief against Purdue University under Title IX.**

---

[3] *Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 689 (7th Cir. 2015), *cert. denied sub nom. Dunnet Bay Const. Co. v. Blankenhorn*, 137 S. Ct. 31 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). *See Exodus Refugee Immigration, Inc. v. Pence*, 165 F. Supp. 3d 718, 730 (S.D. Ind. 2016), *aff'd*, 838 F.3d 902 (7th Cir. 2016) (citing *Dunnet Bay*, 799 F.3d at 689); *Marin–Garcia v. Holder*, 647 F.3d 666, 670 (7th Cir. 2011) (quoting *Massey v. Wheeler*, 221 F.3d 1030, 1035 (7th Cir. 2000)).

Plaintiff concedes that the complaint does not state a claim against the individual Defendants under Title IX.  Opposition at p. 20.  Plaintiff admits that, to state a claim against Purdue University under Title IX, the complaint "must plead specific facts sufficient to support a plausible inference that the defendant is liable for" intentional sex discrimination. Opposition at p. 20 (quoting *Doe v. Columbia*, 831 F.3d 46, 54 (2d Cir. 2016)). Plaintiff claims the outcome of Purdue's disciplinary proceedings was erroneous due to gender bias. ECF No. 1 at ¶¶ 116–17. To plead an actionable Title IX claim for relief from an erroneous outcome, Plaintiff must plead specific facts showing both a plausible inference that the outcome was erroneous *and* sufficient facts showing that gender bias motivated the outcome.[4]

Plaintiff does not fault Purdue for having a policy barring the conduct that Jane Doe alleged against John Doe.  If having the policy does not offend Title IX, applying the policy to decide Jane Doe's allegation cannot offend Title IX.  Even taking as true Plaintiff's allegation that Purdue personnel took steps to ensure that harassment allegations were forwarded and not suppressed, that allegation only speaks to the institution's commitment to enforce its rules and does not equate to bias against male students, even if the accused students are generally male. *See Doe v. Trustees of Boston Coll.*, 2016 WL 5799297, at *25 (citing *King v. DePauw Univ.*, No. 14-cv-70-WTL-DKL, 2014 WL 4197507, at *10 (S.D. Ind. Aug. 22, 2014)).

Plaintiff faults the informality of the marshalling of evidence. Plaintiff states: "there was no hearing, no statements taken in investigation were sworn" [Opposition at p. 18] and  "Jane

---

[4] *Doe v. Trustees of Boston Coll.*, No. 15-CV-10790, 2016 WL 5799297, at *24 (D. Mass. Oct. 4, 2016) (citing *Doe v. Univ.of Cincinnati*, 173 F. Supp. 3d 586, 606 (S.D. Ohio 2016)). *Ludlow v. Northwestern University*, discusses the difference, at the pleading stage, between alleging an erroneous finding and alleging that "gender bias was a motivating factor behind the erroneous finding."  79 F.Supp. 3d 824, 835 (N.D. Ill. 2015).  In that case, "Ludlow's allegations that the investigation was flawed and biased are not connected in any way to his gender and are wholly conclusory, and therefore do not meet the Rule 8 pleading requirements.  *See Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)."  *Id*. at 836.

10

Doe did not appear in person . . . before the Advisory Committee on Equity and Defendant Dean Sermersheim who thus never met or heard any direct testimony from Jane Doe and thus never had the opportunity to ask any questions of Jane Doe." Opposition at p. 4.  However, Plaintiff does not contend that either Purdue's policy or Title IX specifies what evidence could or must be considered in his case, or in what form.  Plaintiff fails to allege facts showing that the informality was designed to tip the scales against Plaintiff.

Plaintiff's argument that Purdue's disciplinary procedures fail to protect the accused is a due process argument, not a bias argument.  Plaintiff does not allege that any defect in Purdue's procedures is specific to accused males, as compared to accused females.  In *Doe v. Cummins*, 662 Fed. Appx. 437 (6th Cir. 2016), the Sixth Circuit rejected the logic that procedural deficiencies are a basis to impute bias:

> Appellants, however, fail to show how these alleged procedural deficiencies are connected to gender bias. As noted by the district court, these deficiencies at most show a disciplinary system that is biased in favor of alleged victims and against those accused of misconduct. But this does not equate to gender bias because sexual-assault victims can be both male and female. *See Sahm v. Miami Univ.*, 110 F.Supp.3d 774, 778 (S.D. Ohio 2015) ("Demonstrating that a university official is biased in favor of the alleged victims of sexual assault claims, and against the alleged perpetrators, is not the equivalent of demonstrating bias against male students."). Accordingly, without additional facts linking these alleged procedural deficiencies to gender bias, these procedural defects do not create a plausible inference of gender discrimination under Title IX. *See Yusuf*, 35 F.3d at 715 ("Allegations of a procedurally or otherwise flawed proceeding that has led to an adverse and erroneous outcome combined with a conclusory allegation of gender discrimination is not sufficient to survive a motion to dismiss.").

*Id*. at 453.  *Doe v. Washington and Lee University*, 2015 WL 4647996, at *1 (W.D. Va. Aug. 5, 2015), cited at page 21 of Plaintiff's Opposition, invokes this same rule.  *Washington and Lee Univ.*, 2015 WL 4647996 at *9 (quoting *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994)).

The Complaint describes Purdue endeavoring to decide Plaintiff's case on the evidence, consisting of text messages, statements, and interviews of John Doe and Jane Doe.  ¶¶ 29-36.

11

When he was interrogated by a three-person panel, John Doe had Jane Doe's witness statement. ¶ 37. The Complaint does not allege the existence of any evidence other than the evidence that John Doe provided himself and Jane Doe's witness statement. The complaint alleges that six different individuals (Defendants Oliver, Amberger, Sermersheim and three unnamed panelists) evaluated Plaintiff's personal credibility based on his own explanations of his conduct. ¶¶ 32-40. These alleged facts are entirely consistent with a policy of evidence-based decision-making, not bias, and therefore are not a plausible factual basis to allege a Title IX violation.

The scope of the dispute between Jane Doe and John Doe was narrow; the Complaint acknowledges most of the circumstances of John Doe's interactions with Jane Doe. ECF No. 1 at ¶ 30. John Doe lists the facts and arguments that he offered on his own behalf. Complaint, ¶ 31. John Doe alleges no facts to show that Dean Sermersheim had a thumb on the scale when she weighed Jane Doe's witness statement against the credibility of John Doe's statements (both written and live) as listed in Paragraphs 30 and 31 of the Complaint. To plead facts showing an erroneous outcome attributable to intentional sex discrimination, Plaintiff must allege far more than just a dispute about how accurately Dean Sermersheim weighed the evidence. Unbiased persons can weigh the same evidence of credibility differently.

Defendant Sermersheim's alleged conflict of interest as Purdue's Title IX coordinator cannot be equated to actual bias in her credibility evaluation of Jane Doe and John Doe. Title IX is gender-neutral, as evidenced by the fact that Plaintiff himself cloaks his grievance in Title IX.

In *Doe v. Cummins*, the Sixth Circuit held that "school-disciplinary committees are entitled to a presumption of impartiality, absent a showing of actual bias." 662 Fed. Appx. at 449–50. The court in *Doe v. Cummins* also rejected the sufficiency of an imputation of bias based on an allegation of male-female disparity in disciplinary cases: "[A]ppellants fail to

12

eliminate the most obvious reasons for the disparity between male and female respondents in UC sexual-misconduct cases: '(1) UC has only received complaints of male-on-female sexual assault, and (2) males are less likely than females to report sexual assaults.' It would be unreasonable, therefore, for us to infer that the gender disparity in UC's sexual-misconduct cases is the result of gender bias, as opposed to these other, more innocent causes." 662 Fed. Appx. at 453-54 (internal citation omitted). *See King v. DePauw Univ.*, 2014 WL 4197507, at *11 (noting that a university "is not responsible for the gender makeup of those who are accused by other students of sexual misconduct").

Plaintiff cites to *Prasad v. Cornell Univ.*, 2016 WL 3212079, at *1 (N.D.N.Y. Feb. 24, 2016) and *Neal v. Colorado State Univ.-Pueblo*, 2017 WL 633045, at *1 (D. Colo. Feb. 16, 2017), each of which involved allegations of compromised evidence, plus complicity of the university. Plaintiff does not even try to show similarities between the straightforward credibility dispute in the present case and the alleged manipulations in those cases. The Complaint admits that the Defendants conformed to Purdue's procedures in Plaintiff's case. ECF No. 1 at ¶ 33.

An allegation of political pressure from the Obama Administration is not a sufficient basis to overcome this presumption and impute actual bias. *Doe v. Coll. of Wooster*, No. 5:16-CV-979, 2017 WL 1038982, at *5 (N.D. Ohio Mar. 17, 2017); *Doe v. Univ. of Cincinnati*, 173 F. Supp. 3d 586, 602 (S.D. Ohio 2016).

Plaintiff contends that *Doe v. Columbia*, *supra*, a Rule 12(b)(6) decision, "reflected the superior wisdom when stating . . . 'A covered university that adopts, even temporarily, a policy of bias favoring one sex over the other in a disciplinary dispute . . . has practiced sex discrimination …'" Opposition at p. 23. Despite naming the university president as a defendant, Plaintiff's lengthy complaint does not allege that Purdue University has adopted a policy of bias

favoring females over males in disciplinary disputes. The Complaint does not allege that any Purdue procedure or disciplinary standard has a facial gender bias. For comparison, the Complaint alleges that Plaintiff, as a Navy ROTC participant, was under a Navy "'zero tolerance' policy toward sexual harassment" (ECF No. 1 at ¶ 61) but does not impute any gender bias to that fact.

According to Plaintiff: "The Complaint alleges at length that the Purdue procedures have operated *de facto* in a gender biased way and has produced a gender biased erroneous outcome and a gender biased sanction." Opposition at p. 23. In other words, according to Plaintiff, "male respondents in such cases are almost invariably found guilty." *Id*. An allegation of a pattern of outcomes is not an allegation of actual bias by the decision-maker in Plaintiff's case. An allegation of disparate outcomes is a disparate impact argument, not an allegation of intentional sex discrimination. Plaintiff cites no authority for a private right of action under Title IX for disparate impact. *See King*, 2014 WL 4197507, at *10 ("the Court is unaware of any authority that permits a disparate impact claim under Title IX").

**Conclusion**

For the above-stated reasons, Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety as follows:

A.    Dismissal of Counts III and IV without prejudice due to lack of subject-matter jurisdiction on account of the Eleventh Amendment bar.

B.    Dismissal of Count I against Purdue University and the individual defendants in their official capacities because they are not Section 1983 persons and because of the Eleventh Amendment bar.

C.    Dismissal of Count I for damages against the individual Defendants in their

individual capacity for lack of an actionable property or liberty interest and due to the qualified immunity bar.

  D.  Dismissal of Count II against Purdue University for failure to allege any policy of bias or other plausible facts to show an erroneous outcome motivated by Purdue University intentionally discriminating against Plaintiff because he is male.

  E.  Dismissal without prejudice of Counts I and II for prospective injunctive relief because Plaintiff lacks standing.

            Respectfully submitted,

            /s/ William P. Kealey
            William P. Kealey
            Attorney No. 18973-79
            James F. Olds
            Attorney No. 27989-53
            Stuart & Branigin LLP
            300 Main Street, Suite 900
            P.O. Box 1010
            Lafayette, IN 47902-1010
            Email: wpk@stuartlaw.com
            Telephone: 765.423.1561
            ***Attorneys for Defendants Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, Katherine Sermersheim, Erin Oliver, Jacob Amberger and The Trustees of Purdue University***

## CERTIFICATE OF SERVICE

      I certify that on the 23rd day of June 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Andrew T. Miltenberg | Roberto Alejandro Mendoza |
| Philip A. Byler | Paul Luka |
| Nesenoff & Miltenberg, LLP | Alex Mendoza Law LLC |
| 363 Seventh Avenue | 6950 Indianapolis Blvd |
| 5th Floor | Hammond, IN 46324 |
| New York, NY 10001 | |

        /s/ William P. Kealey
        William P. Kealey

917269v1