No. 17-3565

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

| | |
|---|---|
| JOHN DOE, | |
| Plaintiff-Appellant, | On Appeal from the United States District Court for the Northern |
| v. | District of Indiana, Hammond Division |
| PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, | Case No. 2:17-cv-33-PRC |
| MITCHELL ELIAS DANIELS, JR., ALYSA CHRISTMAS ROLLOCK, KATHERINE SERMERSHEIM, ERIN OLIVER, and JACOB AMBERGER, | Hon. Paul R. Cherry |
| Defendants-Appellees. | |

---

### **PLAINTIFF-APPELLANT'S DOCKETING STATEMENT**

Plaintiff-Appellant John Doe ("Plaintiff"), proceeding under a pseudonym authorized by the Magistrate Judge, respectfully submits this Docketing Statement pursuant to Circuit Rules 3(c)(1) and 28(a).

**I.     Jurisdictional Statement**

1.     Plaintiff's claims in this action arise under 42 U.S.C. § 1983, Title IX of the Education Amendments of 1972 codified at 20 U.S.C. § 1681(a) and the State of Indiana law of contract and quasi-contract. Plaintiff is a now suspended student of Defendant Purdue University despite a previously unblemished disciplinary record and is a now dismissed member of Navy ROTC.  Plaintiff's dream and hope of serving his country as a Naval officer has been destroyed as the result of a disciplinary case based on false accusations of sexual assault made five months after the supposed occurrences with no contemporaneous documentation supporting them and contrary to the text messages shared by John Doe and the complainant. Plaintiff commenced this

action on January 24, 2017, by filing a Complaint seeking monetary, injunctive and declaratory relief. The Complaint sought redress: in Count I for denials of due process the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983; in Count II for sex discrimination in violation of Title IX of the Education Amendments of 1972 codified at 20 U.S.C. § 1681(a); in Count III, for breach of contract under the State of Indiana contract law; and in Count IV for estoppel and reliance under the State of Indiana quasi-contract law. The District Court's jurisdiction over the subject matter of this action thus arose under 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367 because: (i) the case arises under the laws of the United States; (ii) the claims brought under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 et seq., and 42 U.S.C. § 1983 are civil rights claims; and (iii) the state law claims are so closely related to the Title IX and 42 U.S.C. § 1983 federal law claims as to form the same case or controversy under Article III of the U.S. Constitution.

  2. On November 15, 2017, United States Magistrate Judge Paul R. Cherry, having consent forms filed by the parties and exercising jurisdiction to decide the case pursuant to 28 U.S.C. § 636(c), issued an Opinion and Order (the "November 15 Opinion and Order"), granting Defendants' motion to dismiss as to all counts [Dkt. 31]; and also on November 15, 2017, the Northern District of Indiana Clerk, Jason Schrader, entered a Judgment dismissing the Complaint (the "November 15 Judgment") on all counts [Dkt. 32]. While the November 15 Opinion and Order on its face appeared to grant the motion to dismiss in part with prejudice and in part without prejudice, what was ruled effected a granting of the motion to dismiss the entire Complaint with prejudice with respect to the federal law claims:

  (a) The November 15 Opinion and Order states that it grants Defendants' motion to dismiss Plaintiff's Complaint as to all counts. The November 15 Opinion and Order

then states that: (1) the injunctive relief claims in Counts I and II (due process and Title IX) are dismissed without prejudice; (2) the state law claims in Counts III and IV are dismissed without prejudice; and (3) the 42 U.S.C. § 1983 claims against Defendants Purdue, the Purdue University Board of Trustees and individual defendants in their official capacities are dismissed without prejudice. The November 15 Opinion and Order then states that: (1) all claims against Defendant Daniels in his official capacity are dismissed with prejudice; (2) the claims for damages under 42 U.S.C. § 1983 against the individual defendants are dismissed with prejudice; and (3) the claims under Title IX are dismissed with prejudice. (Slip Op. p. 45.)

      (b)    The three areas of purported dismissal without prejudice in the November 15 Opinion and Order were in fact with prejudice as to the federal law claims given what is ruled as to the claims dismissed with prejudice:

*One*, as stated above, the November 15 Opinion and Order states that the claims for prospective injunctive relief under Counts I and II (due process and Title IX) are dismissed without prejudice; however, (a) the November 15 Opinion and Order dismisses with prejudice Count II (the Title IX claim) and one cannot seek any relief much less prospective injunctive relief with no claim (Slip Op. pp. 27-44), and (b) the November 15 Opinion and Order dismisses with prejudice the part of Count I (the 42 U.S.C. § 1983 claim) against the individual defendants for damages on the ground that there is no protected interest that Plaintiff has to require due process of law (Slip Op. pp. 16-27).

*Two*, as stated above, the November 15 Opinion and Order states that the claim in the part of Count II (the section 1983 claim) against Purdue, the Purdue Board of Trustees and the individual defendants in their individual capacities for injunctive relief is dismissed without prejudice; however, (a) the Court has ruled that sovereign immunity renders Purdue and the

Purdue Board of Trustees immune from suit (Slip Op. pp. 15-16), and (b) the Court has ruled that there is no ongoing violation so as to require injunctive relief (Slip Op. pp. 11-13).

*Three*, the Court dismisses the state law claims without prejudice on the ground of no subject matter jurisdiction (Slip Op. p. 45), which follows from the dismissal of the federal law claims that as discussed above must be considered with prejudice.

3.      On December 15, 2017, Plaintiff filed his Notice of Appeal to the United States Court of Appeals for the Seventh Circuit from the November 15 Opinion and Order and the November 15 Judgment [Dkt. 31-32]. This filing of the Notice of appeal was within 30 days from the entry of the November 15 Opinion and Order and November 15 Judgment that effected a dismissal with prejudice of the entire Complaint and thereby making the November 15 Judgment a Final Judgment. This Court therefore has jurisdiction under 28 U.S.C. § 1291.

## II.    No Claims Or Parties Remaining for Disposition in the District Court

Because the November 15 Opinion and Order and November 15 Judgment dismissed the Complaint on all counts and because, as stated above, the November 15 Opinion and Order effected a dismissal with prejudice of the entire Complaint, thereby making the November 15 Judgment a Final Judgment, there are no claims or parties remaining for disposition in the District Court.

## III.   Parties to the Litigation Appearing In Their Official Capacity

The following individual Defendants are joined both in their respective official capacities as agents for Defendant Purdue University and individually: (i) Defendant Mitchell Elias Daniels, Jr. is the President of Defendant Purdue; (ii) Defendant Alysa Christmas Rollock is the Vice President of Ethics and Compliance at Defendant Purdue; (iii) Defendant Katherine L. Sermersheim is the Dean of Students at Defendant Purdue; (iv) Defendant Ms. Erin Oliver is

Associate Director of Defendant Purdue's Office of Institutional Equity; and (v) Defendant Mr. Jacob Amberger is an Investigator in Defendant Purdue's Office of Institutional Equity.

## IV.     No Related Appeals

There are no related appeals.

**Dated: December 22, 2017**

/s/ Philip A. Byler
Philip A. Byler, Esq. *(Counsel of Record) (Admission Pending)*
Andrew T. Miltenberg, Esq.
**NESENOFF & MILTENBERG, LLP**
363 Seventh Avenue, 5th Floor
New York, New York 10001
(212) 736-4500
(212) 736-2260 Fax
pbyler@nmllplaw.com
amiltenberg@nmllplaw.com

-and-

/s/ Damon M. Cheronis
Damon M. Cheronis, Esq.
**LAW OFFICES OF DAMON M. CHERONIS**
140 S. Dearborn, Suite 411
Marquette Building
Chicago, Illinois 60603
(312) 386-7033
(312) 277-1920
damon@cheronislaw.com

*Attorneys for Plaintiff-Appellant*

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that he served the attached document/s on all parties of record via the Court's CM/ECF system.

      /s/ Damon M. Cheronis
      Damon M. Cheronis, Esq.
      **LAW OFFICES OF DAMON M. CHERONIS**
      140 S. Dearborn, Suite 411
      Marquette Building
      Chicago, Illinois 60603
      (312) 386-7033
      (312) 277-1920
      damon@cheronislaw.com