**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.,** individually and as agent for Purdue | ) | |
| University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-00033-JPK |
| individually and as agent for Purdue University, | ) | |
| **KATHERINE SERMERSHEIM**, individually and as | ) | |
| agent for Purdue University, **ERIN OLIVER**, individually | ) | |
| and as agent for Purdue University, **JACOB** | ) | |
| **AMBERGER**, individually and as agent for Purdue | ) | |
| University, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO  DISMISS**
***EX PARTE YOUNG* CLAIM AND ENTER RULE 54(B) DISMISSAL**

Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, Katherine Sermersheim, Erin

Oliver, and Jacob Amberger (the "Individual Defendants"), by counsel, respectfully move the

Court to (i) dismiss Plaintiff's Count I against the Individual Defendants for failing to state an *Ex*

*Parte Young* claim upon which relief may be granted and (ii) enter final judgment pursuant to

Federal Rule of Civil Procedure 54(b) dismissing the Individual Defendants from this case.

The Individual Defendants should not remain in this case. Pursuant to Rule 54(b), a

judgment of dismissal should be entered now in their favor on all claims. Count II, alleging relief

under Title IX, is only stated against Defendant Purdue University because a Title IX private

right of action is only against the entity that receives federal funding, not any individual

associated with the funded entity. *Smith v. Metropolitan School Dist. Perry Tp.*, 128 F.3d 1014,

1

1018-19 (7th Cir. 1997). Counts III and IV no longer pend against any defendant because those two claims were dismissed without prejudice by this Court's November 15, 2017 ruling and were not appealed. ECF No. 32. Therefore only Count I remains as an attempted claim against the Individual Defendants.

On appeal, pursuant to the doctrine of qualified immunity, the Seventh Circuit affirmed dismissal of Plaintiff's attempted damage claims against the Individual Defendants in their individual capacities under Count I. *Doe v. Purdue Univ.*, 928 F.3d 652, 665-66 (7th Cir. 2019). That ruling also affirmed this Court's dismissal of damage claims against the Individual Defendants in their official capacities, *id.* at 658 n.1, and directed the dismissal of Plaintiff's claims against Defendant Mitchell Daniels. *Id.* at 664-65. The only remaining attempted claim against the remaining Individual Defendants is for *Ex Parte Young* official-capacity injunctive relief. As set forth below, the Complaint does not allege any plausible claim against any Individual Defendants for such relief.

## Procedural Background

Plaintiff is a former Purdue University student and Purdue NROTC Midshipman who was suspended for one academic year after it was determined that he violated University policy by his conduct toward fellow NROTC Midshipman "Jane Doe." On January 24, 2017, he filed a Complaint alleging:

**Count I.** Monetary damages, via 42 U.S.C. § 1983, and an injunction for Purdue University's and the Individual Defendants' violation of the Fourteenth Amendment Due Process Clause;

**Count II.** Monetary damages and an injunction for Purdue University's violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681;

**Count III.**    Monetary damages for Purdue University's breach of contract; and,

**Count IV.**    Monetary damages for Purdue University's violation of state common law

estoppel and reliance principles.

On November 15, 2017, this Court granted the Defendants' Motion to Dismiss for lack of jurisdiction and for failure to state a claim. ECF No. 31. Specifically, this Court dismissed Count I against Purdue and the official-capacity defendants because they are not "persons" for the purposes of section 1983, and dismissed the individual-capacity defendants for failure to articulate a cognizable property or liberty interest, and did not address the question qualified immunity.  This Court dismissed Count II for failure to plead facts sufficient to demonstrate any causal connection between gender bias and the outcome of Purdue's investigation, and also dismissed the remaining counts for lack of subject-matter jurisdiction due to the Eleventh Amendment's bar. This Court also dismissed Plaintiff's request for injunctive relief on the basis of lack of standing.

On appeal, on June 28, 2019, the Seventh Circuit reversed the dismissal in part. The Court held that Plaintiff had sufficient standing to seek injunctive relief from a university official with authority "to expunge the finding of guilt from his disciplinary record." *Purdue Univ.*, 928 F.3d at 666-67. That ruling did not address whether the Complaint pleads sufficient facts to support such relief, only that Plaintiff has standing to seek it.

The Seventh Circuit also held that the Complaint pleads a cognizable liberty interest in Plaintiff's potential Navy career, and that the Complaint sufficiently pleads a Title IX claim against Purdue. *Id.* at 662-63, 670.  However, pursuant to the doctrine of qualified immunity, the Seventh Circuit affirmed dismissal of Plaintiff's Section 1983 claims against the Individual Defendants for damages in their individual capacities. The Court also affirmed dismissal of

Defendant Daniels under the bar against *respondeat superior* claims under 1983. *Id.* at 664-66.

## Standards

**I.   Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint "must contain . . . a short and plain statement" showing that the plaintiff "is entitled to relief" from each named defendant. Accordingly, a party may move in its responsive pleading to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted); *see Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

**II.   Federal Rule Civil Procedure 54(b)**

Federal Rule of Civil Procedure 54(b) provides in relevant part that in a case involving multiple claims and parties "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." As summarized by the Seventh Circuit: "Rule 54(b) allows the district court to enter a final judgment when it has resolved all claims concerning a single party, or has wrapped up a single claim with respect to all parties." *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 593 (7th Cir. 1990). Whether there is "no just reason for delay," is left to the discretion of the trial court. *Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 948 (7th Cir. 1980).

## Discussion

**I.   12(b)(6) Motion to Dismiss Plaintiff's *Ex Parte Young* Claim for Injunctive Relief**

Normally, a state agency or state officials acting in their official capacities may not be

sued in federal court.  *See* U.S. CONST. amend. XI.; *Ind. Protection & Advocacy Servs. v. Ind. Fam. & Soc. Serv. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010).  However, the Supreme Court has recognized several exceptions, including permitting suits for prospective relief to enjoin ongoing violations of federal law.  *Ind. Protection & Advocacy Servs.*, 603 F.3d at 371.

This Court initially dismissed the Plaintiff's request for injunctive relief, for lack of standing.  Examining the question of *Ex parte Young* relief on appeal, the Seventh Circuit agreed with this Court that the Plaintiff lacked standing to enjoin ongoing investigations and adjudications of misconduct complaints—in addition to removing conditions for reentry into Purdue—because he had failed to demonstrate that he intended to reenroll at Purdue.  *Purdue Univ.*, 928 F.3d at 666.  However, addressing his claim to expunge "the finding of guilt from his disciplinary record," the Seventh Circuit determined that Plaintiff would not lack standing because it would constitute an "ongoing harm." *See id.*

On remand, the threshold question is whether the Complaint has alleged plausible facts to show that any Individual Defendant is answerable in an official capacity for any prospective claim for expungement. *Ashcroft,* 556 U.S. at 678.

Plaintiff alleges that he had a "previously unblemished disciplinary record."  *Compl.* 2, ¶1; 34, ¶55; 61, ¶129.  However the Complaint conspicuously does not allege that any Individual Defendant has any official responsibility for prospectively maintaining any disciplinary record, or that there even is any record (such as a transcript) that would be available to third-parties (such as the military or an employer) showing any past suspension of Plaintiff. Therefore Plaintiff has not alleged plausible facts to show an official-capacity claim for injunctive relief against any Individual Defendant.

## II.    54(b) Motion for Entry of Final Judgment of Dismissal

This Court may direct entry of a final judgment as to one or more, but fewer than all, parities if all the claims naming those parties are resolved and this Court determines that there is no just reason for delay.  FED. R. CIV. P. 54(b).

When one or more parties—but less than all parties—have been dismissed from a lawsuit, Rule 54(b) is an appropriate basis for refining the suit to the true matters at issue. *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 821 (7th Cir. 1986). When all the claims involving one or more parties have been resolved, the party

> is entitled to a definitive resolution of its rights against [the other party]. . . .  He doesn't have to wait till the end of what may be protracted proceedings in the district court to find out for sure whether he is, as the district court found, not violating any rights of the plaintiff.

*Id.* With the increased flexibility afforded to parties to bundle multiple parties and multiple claims to a single suit also comes "the danger of hardship and denial of justice through delay if each issue must await the determination of all issues as to all parties before a final judgment can be had." *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950).  Indeed, Rule 54(b) was amended to combat this problem, and to permit parties with no further stake in the litigation to get a final resolution without the uncertainty of waiting out the indefinite remainder of the case.  *See* Charles Alan Wright et al., *§ 2654Purpose and Significance of Rule 54(b)*, 10 FED. PRAC. & PROC. CIV. § 2654 (4th ed.) (noting that the "basic purpose" of the Rule is to "avoid the possible injustice of a delay in entering judgment" on a distinct claim or to fewer than all of the parties, until final).

As further set forth above, Plaintiff's Complaint does not state an *Ex Parte Young* claim against any Individual Defendant, and all other claims against the Individual Defendants have been previously dismissed. There is no just reason to delay entry of an order of dismissal of the

6

Individual Defendants altogether from the case.

## Conclusion

The Individual Defendants respectfully urge entry of a final judgment dismissing them from this case.

Respectfully submitted,

**/s/ William P. Kealey**
William P. Kealey (No. 18973-79)
Tyler L. Jones (No. 34656-29)
James F. Olds (No. 27989-53)
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
          tlj@stuartlaw.com
          jfo@stuartlaw.com
Telephone: 765.423.1561
***Attorneys for Defendants***

1217384