IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) |
| **DANIELS, JR.,** individually and as agent for Purdue | ) |
| University, **ALYSA CHRISTMAS ROLLOCK**, | ) No. 2:17-cv-00033-JPK |
| individually and as agent for Purdue University, | ) |
| **KATHERINE SERMERSHEIM**, individually and as | ) |
| agent for Purdue University, **ERIN OLIVER**, individually | ) |
| and as agent for Purdue University, **JACOB** | ) |
| **AMBERGER**, individually and as agent for Purdue | ) |
| University, | ) |
| | ) |
| Defendants. | ) |

## SUBPOENA DUCES TECUM

TO:    General Counsel of the Navy
        Navy Litigation Office
        720 Kennon Street SE
        Bldg 36 Room 233
        Washington Navy Yard, DC 20374-5013

CC:    John Matuszak
        Counsel, General Counsel's Office of the Navy
        john.matuszak@navy.mil

You are hereby commanded to produce to Defendants at the office of William P. Kealey,

at Stuart & Branigin, LLP, 300 Main Street, Suite 900, Lafayette, IN 47902-1010, for inspection

or copying no later than 4:30 PM, thirty (30) days following the service of this document, the

following:

EXHIBIT E

1.  Any document or photograph from an investigation conducted by the Navy or the NROTC, including a "Preliminary Investigation Report," into the Plaintiff, occurring after April 11, 2016;

2.  Any transcript, including a typed or handwritten record, of any hearing or testimony submitted to the Navy or the NROTC concerning the Plaintiff;

3.  Any "Service Record" concerning the Plaintiff;

4.  Any "Student File" concerning the Plaintiff;

5.  Any "Disenrollment Package" concerning the Plaintiff;

6.  Any emails, documents, letters, text messages, electronic records, or copies of same, in the possession of the Navy or the NROTC concerning, addressing, or referencing:

    a.  Any investigation conducted by Purdue University, the Navy, or the NROTC, including a "Preliminary Investigation Report," into the Plaintiff, occurring after April 11, 2016;

    b.  Any award or rescission of any scholarship provided by the Navy or the NROTC to the Plaintiff;

    c.  Any "Disenrollment Package," or the Plaintiff's expulsion or disqualification from the Navy or the NROTC.

7.  Any handwritten, typed, or recorded statement by former NROTC participants/midshipmen Plaintiff or Jane Doe.

Furthermore, in compliance with Rule 45(a)(1)(iv), recipient of this subpoena is provided with the text of Fed. R. Civ. P. 45(d)-(e):

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which

may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for

it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

Witness my hand and seal this _____ day of August, 2019.


_____
Judge, U.S. District Court, N.D. Indiana



Distribution to:

Counsel of Record;

General Counsel of the Navy
Navy Litigation Office
720 Kennon Street SE
Bldg 36 Room 233
Washington Navy Yard, DC 20374-5013