**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
-----------------------------------------------------------x

| | |
|---|---|
| **JOHN DOE,** | CIVIL ACTION |
| | No. 2:17-cv-33-JPK |
| Plaintiff, | |
| | |
| v. | |
| | |
| **PURDUE UNIVERSITY, PURDUE** | |
| **UNIVERSITY BOARD OF TRUSTEES,** | |
| **MITCHELL ELIAS DANIELS, JR.,** in | |
| his official capacity as President of Purdue | |
| University, **ALYSA CHRISTMAS** | |
| **ROLLOCK,** in her official capacity at | |
| Purdue University**, and KATHERINE** | |
| **SERMERSHEIM,** in her official | |
| capacity at Purdue University, | |
| | |
| Defendants. | |

-----------------------------------------------------------x

## PLAINTIFF JOHN DOE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS INDIVIDUAL DEFENDANTS AND FOR RULE 54(b) JUDGMENTS

NESENOFF & MILTENBERG, LLP
Philip A. Byler (*pro hac vice* admission)
Andrew T. Miltenberg (*pro hac vice* admission)
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
Attorneys for Plaintiff John Doe

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ……………………………………………………...…1

STATEMENT OF THE CASE …………………………………………….…3

    A.    The Complaint ……………………………………...…………………3

    B.    Defendants' Motion To Dismiss The Complaint and The
           District Court's Dismissal of the Original Complaint ……………...……4

    C.    The Seventh Circuit Reinstates Due Process and Title IX Claims………..6

    D.    Pre-Current Motion Communications By Plaintiff
           John Doe's Counsel To Defendants' Counsel …………………………...7

    E.    The Amended Complaint ……………………………………………..8

ARGUMENT ………………………………………………………………11

  I.    AN AMENDED COMPLAINT HAS BEEN FILED AS OF
       RIGHT UNDER RULE 15(a)(1)(B) OF THE FEDERAL
       RULES OF CIVIL PROCEDURE IN CIRCUMSTANCES
       WHERE LEAVE WOULD BE GRANTED TO FILE THE
       AMENDED COMPLAINT ANYWAY…………………………….…11

  II.    DEFENDANTS' *NON SEQUITUR* ARGUMENT FOR DISMISSAL
       IS MISCONCEIVED, PARTICUALRLY GIVEN THE SEVENTH
       CIRCUIT DECISION AND THE AMENDED COMPLAINT…………13

 III.    RULE 54(b) JUDGMENTS FOR THE INDIVIDUAL DEFENDANTS
       WOULD MISAPPLY RULE 54(b) AND WRONGLY DEFEAT
       *EX PARTE YOUNG* PROSPECTIVE RELIEF IN THIS CASE…………18

CONCLUSION …………………………………………………...…..21

i

# TABLE OF AUTHORITIES

**Page**

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) …………………………………..………..14

*Bertha v. Sullivan*, 719 Fed. App'x 516 (7th Cir. Dec. 11, 2017)…………………...12

*Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507 (1950) ………..………..19

*Doe v. Columbia*, 101 F.Supp.2d 376 (S.D.N.Y. 2015), *reversed*,
   831 F.3d 46 (2d Cir. 2016) …………………………………………………..6

*Doe v. Purdue*, 928 F.3d 652 (7th Cir. 2019) …………………… 1, 5, 6-7, 8, 11, 15

*Doe v. Purdue*, 281 F.Supp.3d 754 (N. D. Ind. 2017), *reversed*,
   928 F.3d 652 (7th Cir. 2019) …………………………………………....….4-6

*Elliott v. Hinds*, 786 F.2d 298 (7th Cir. 1986) ………………………………..16-17

*Ex Parte Young*, 209 U.S. 123 (1908) ………………….…………….…..1, 2, 5, 8, 9, 13,
                                                                    15, 16, 17, 20

*Foman v. Davis*, 371 U.S 178 (1962) …………………………………….…..……12

*Hardy v. Bankers Life & Cas. Co.*, 222 F.2d 827 (7th Cir. 1955) …………………19

*Horn v. Transcon Lines, Inc.*, 898 F.2d 589 (7th Cir. 1990)………………………..21

*Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 296 (1997)
   (O'Connor, J., concurring in part and concurring in judgment)……………..16

*Ind. Protection & Advocacy Servs. v. Ind. Fam. & Soc.
   Serv. Admin.*, 603 F.3d 365 (7th Cir. 2010) …………………………13-14, 16

*Mull v. Ackerman*, 279 F.2d 25 (2d Cir. 1960) …………………………………19

*National Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,*
   784 F.2d 817 (7th Cir. 1986) …………………………………….……..……20

*Officer v. As Chase Life & Annuity Co*, 500 F.Supp.2d 1083 (N.D. Ind. 2007).…20

*Richards v. Smith*, 276 F.2d 652 (5th Cir. 1960)…………………………………..19

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago*
    *and No. Ind.*, 786 F.3d 510 (7th Cir. 2015) …………………………….……...12

*Shepard v. Irving*, 77 Fed. App'x 615 (4th Cir. 2003)………………….…………17

*Steiner v. 20th Century-Fox Film Corp*., 220 F.2d 105 (9th Cir. 1955)…................19

*Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015)…………….……..12

*Verizon Maryland Inc. v. Public Service Comm'n of Maryland,*
    535 U.S. 635 (2002) ………………………………………………….……16

*Wolfel v. Morris*, 972 F.2d 712 (6th Cir. 1992) ………………….…………………17

## **Constitutional Provisions, Statutes and Rules**

42 U.S.C. § 1983 …………………………………………………3, 5, 6, 9, 17

Eleventh Amendment, U.S. Constitution ………………………………………13

Fourteenth Amendment, U.S. Constitution ……………………………3, 5, 6, 9, 17

Rule 12(b), Federal Rules of Civil Procedure ………………………….…………12

Rule 12(b)(6), Federal Rules of Civil Procedure ………………….....4-6, 14, 15, 18

Rule 12(e), Federal Rules of Civil Procedure ………………………….…………12

Rule 12(f), Federal Rules of Civil Procedure ………………………….…….……12

Rule 15(a)(1)(B), Federal Rules of Civil Procedure …………..………….…1, 11-13

Rule 15(a)(2), Federal Rules of Civil Procedure………………….………………12-13

Rule 15(c)(1)(B) & (C), Federal Rules of Civil Procedure…………..…....………12

Rule 54(b), Federal Rules of Civil Procedure ………………..…….1, 7, 8, 11, 18-21

Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et seq*…..…3, 4, 6, 8, 9

**<u>Other Authorities</u>**

Rule 54(b) Notes of Advisory Committee on Rules – 1946 Amendment ....19, 20-21

Rule 54(b) Notes of Advisory Committee on Rules – 1961 Amendment…..…18-19

## **INTRODUCTION**

Plaintiff John Doe respectfully submits this Memorandum of Law in opposition to Defendants' motion to dismiss the individual Defendants and for entry of Rule 54(b) Judgments for those individual Defendants. The motion should be denied. The Amended Complaint, filed as of right pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, effectively moots Defendants' motion.

The original Complaint joined five individuals as Defendants in both their respective individual capacities and as agents for Defendant Purdue University (Defendant Purdue"). The five were: President Mitchell Daniels; Vice President Alysa Rollock; Dean Katherine Sermersheim; Associate Director Erin Oliver; and Investigator Jacob Amberger. (ECF No. 1; Ex. A hereto.) The Amended Complaint follows the guidance of the decision of the U.S. Court of Appeals for the Seventh Circuit in this case, *Doe v. Purdue*, 928 F.3d 652 (7th Cir. 2019) (Ex. B hereto); the Seventh Circuit's decision upheld claims for violations of due process and Title IX. For the due process claim, the Amended Complaint joins three of the originally named individual Defendants in their official capacities only -- President Mitchell Daniels, Vice President Alysa Rollock and Dean Katherine Sermersheim – which is necessary for the effectuation of the prospective injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908), that the Seventh Circuit, in upholding the claim for dur process, recognized may be available in this case. (ECF No. 51; Ex. C hereto.)

These three individuals in their official capacity must remain in the case and thus should not be dismissed, much less given the benefit of Rule 54(b) Judgments. Under the law governing Rule 54(b), this case does not present an occasion for an exception to the general federal court rule of Final Judgments. Defendants rely upon an inapposite case; the individual Defendants are not seeking Rule 54(b) Judgments in order to appeal.

Defendants wrongly attempt to claim that there is an issue of whether any of the individual Defendants are answerable in their official capacity; Defendants base that assertion on the unexplained, legally erroneous and at best mooted notion that there are not plausible pleaded facts to show an official capacity claim for injunctive relief against any individual Defendant. (Dfs. Br. 5.) Defendants either are confused or are being overly clever in seeking to avoid what the Seventh Circuit has upheld in this case in terms of legal claims and directed this Court to do on remand (address expungement) and what is well recognized in the law as a due process claim for *Ex Parte Young* prospective injunctive relief that is stated in the Amended Complaint. For such a claim, Defendant Purdue is immune from suit (absent waiver) because of the doctrine of sovereign immunity; thus, well established law arising from *Ex Parte Young* provides for official capacity liability so that a federal court injunction for prospective relief (such as expunging a disciplinary record) to remedy due process violations is faithfully implemented.

2

## STATEMENT OF THE CASE

A statement of the case is provided here as a corrective to Defendants' materially incomplete and at times inaccurate "procedural history" (Dfs. Br. 2-4.)

## A.    The Complaint.

This action was commenced on January 24, 2017, with a Complaint by Plaintiff John Doe, who was identified in the Complaint not as a former student at Defendant Purdue (which is what Defendants misstate), but as "a now suspended student at Defendant Purdue University despite a previously unblemished disciplinary record and a now dismissed member of Navy ROTC."  (ECF No. 1 ¶ 1, pp. 1-2; Ex. A hereto ¶ 1, pp. 1-2.)  The Complaint continued:

> . . . John Doe's dream and hope had been to serve his country as a Naval officer has been destroyed as the result of a disciplinary case based on false accusations of sexual assault made five months after the supposed occurrences with no contemporaneous documentation supporting them and contrary to the text messages shared by John Doe and the complainant.
>
> 2.    The false accusations of sexual assault were upheld by Defendant Purdue using a Kafkaesque process that denied due process of law in violation of constitutional due process and 42 U.S.C. § 1983: there was no hearing of any kind; there was no cross-examination; there was no sworn testimony; there was no access given for the respondent even to see the investigator's report, much less comment on it; there was no providing, to respondent, the evidence that supposedly supported the false allegations of complainant and thus no fair and adequate ability to prepare a defense to those allegations; there was no presumption of innocence but rather a presumption that the accusing female's story was true; there was no reasoned consideration of evidence as required by a burden of proof; there was a conflict of interest in decision-making on violation and sanction by one person

3

who is both Dean of Students and Title IX Coordinator, who among other things can tailor decision-making in specific cases to give the appearance of vigorous Title IX enforcement and meet perceived reporting needs to the U.S. Department of Education Office of Civil Rights ("OCR"); there was no requirement for evidence to be stated in support of conclusions and thus an effective discretion to engage in discriminatory decision-making and a prejudiced ability for the respondent to prepare and submit an appeal.

3. An erroneous outcome and an unduly severe disproportionate sanction resulting from anti-male discriminatory bias afflicting Defendant Purdue's process occurred in this case in violation of Title IX.

(ECF No. 1 ¶¶ 1-3, pp. 1-3; Ex. A hereto ¶¶ 1-3, pp. 1-3.)

The Complaint described the regulatory environment, detailed at length the specific factual events of the disciplinary case and pled four claims: (i) 42 U.S.C. § 1983 violations of constitutional due process seeking injunctive and monetary relief; (ii) Title IX discrimination seeking injunctive and monetary relief; (iii) breach of contract seeking monetary relief; and (iv) estoppel seeking monetary relief. (ECF No. 1 ¶¶ 11-150 & Prayer for Relief, pp. 6-63; Ex. A hereto ¶¶ 11-150 & Prayer for Relief, pp. 6-63.)

**B.    Defendants' Motion To Dismiss The Complaint and The
District Court's Dismissal of the Original Complaint.**

In response to the Complaint, Defendants moved to dismiss for lack of jurisdiction and failure to state a claim, a motion opposed by Plaintiff John Doe (ECF Nos. 18-19, 28.)   On November 15, 2017, the Magistrate Judge (having consent of the parties to rule as the District Court) granted Defendants' motion to dismiss.  *Doe*

*v. Purdue*, 281 F.Supp.3d 754, 767 (N. D. Ind. 2017) (ECF No. 31), *reversed*, 928 F.3d 652 (7th Cir. 2019) (Ex. B hereto).

The 42 U.S.C. § 1983 violations of constitutional due process were dismissed on the grounds that prospective injunctive relief was not available, that Plaintiff John Doe did not have a protected property or liberty interest and that University President Defendant Daniels could not be sued under 42 U.S.C. § 1983 on the basis of a supervisory role. Contrary to Defendants' Brief (Df. Br. 3), the Magistrate Judge did *not* dismiss the claim for 42 U.S.C. § 1983 violations of constitutional due process on the ground that the individual Defendants in their official capacities were not "persons" amenable to suit under 42 U.S.C. § 1983. Rather, the Magistrate Judge recognized that Plaintiff John Doe was "correct" that *Ex Parte Young* provided for an exception from Eleventh Amendment immunity with respect to individual Defendants in their official capacities. The Magistrate Judge instead rejected the application of the *Ex Parte Young* exception to this case on the ground that Plaintiff John Doe did not have standing, as he (supposedly) did not allege ongoing violations of federal law. 281 F.Supp.2d at 767.

With respect to the Title IX claim, the Magistrate Judge accepted that the pleaded facts cast doubt on the accuracy of the outcome of the disciplinary proceeding, but dismissed the Title IX claim on the ground that the pleaded facts did not plausibly allege gender bias as a reason for the erroneous outcome (relying upon,

among other things, the district court opinion in *Doe v. Columbia*, 101 F.Supp.2d 376 (S.D.N.Y. 2015), that had been reversed by the U.S. Court of Appeals for the Second Circuit, 831 F.3d 46 (2d Cir. 2016)).  The Magistrate Judge also dismissed the state law breach of contract and promissory estoppel claims based on the Eleventh Amendment immunity.   281 F.Supp.2d at 774-784.

## C.   <u>The Seventh Circuit Reinstates Due Process and Title IX Claims.</u>

On appeal, Plaintiff John Doe argued that the Complaint did sufficiently allege ongoing violations of federal law and Plaintiff John Doe had standing for prospective injunctive relief, that the Complaint did sufficiently allege property and liberty interests for the claim for 42 U.S.C. § 1983 violations of constitutional due process and that the Complaint did sufficiently allege gender bias as a reason for the erroneous outcome.  On June 28, 2019, the Seventh Circuit reversed in significant part the Magistrate Judge's decision, reinstating Plaintiff John Doe's claims for 42 U.S.C. ¶ 1983 violations of constitutional due process and Title IX discrimination. and recognizing Plaintiff John Doe's standing for prospective injunctive relief. *Doe v. Purdue*, 928 F.3d at 666-667 (Ex. B hereto).  The Court may wish to read for himself the Seventh Circuit decision, especially given that Defendants are not entirely correct in characterizing certain aspects of the Seventh Circuit's decision.

Among other things, the Seventh Circuit ruled that because Plaintiff John Doe had not (yet) pleaded an intention to re-enroll, he did not have standing for lifting

the conditions placed by Defendants on re-entry; the Seventh Circuit also ruled that because Plaintiff John Doe had pleaded ongoing harm of a marred record, he has standing "to expunge the finding of guilt from his disciplinary record"; the Seventh Circuit further ruled that because Plaintiff John Doe does have a liberty interest (stigma-plus), "we instruct the court to address the issue of expungement on remand." *Doe v. Purdue*, 928 F.3d at 666-667 (Ex. B hereto).  The Seventh Circuit, while recognizing that Plaintiff John Doe had alleged facts constituting constitutional violations, did deny Plaintiff John Doe's standing to enjoin ongoing sexual misconduct investigations and adjudications as to other students and did dismiss the individual Defendants in their individual capacities -- Defendant Daniels because a supervisory role did not support individual capacity liability on his part and the other individual Defendants based on qualified immunity. *Doe v. Purdue*, 928 F.3d at 664-666 (Ex. B hereto).

**D.      Pre-Current Motion Communications By Plaintiff
         John Doe's Counsel To Defendants' Counsel._____**

Before Defendants made the motion to dismiss the individual Defendants and for entry of Rule 54(b) Judgments for those individual Defendants, counsel for Plaintiff John Doe communicated the intention to amend the Complaint.

On July 15, 2019, counsel for Plaintiff John Doe sent a letter to Defendants' counsel responding to questions posed by Defendants' counsel; counsel for Plaintiff John Doe stated, among other things, that Plaintiff John Doe wanted to return to

Defendant Purdue after the Fall 2019 semester and wanted his ROTC scholarship back, that counsel for Plaintiff John Doe would amend the Complaint, that amending the Complaint "should not be an issue given the early stage of the case and the Seventh Circuit's decision indicating some appropriate amendments," that Plaintiff John Doe was not willing to stipulate to a Rule 54(b) entry of judgment as to the individual Defendants, noting there needed to be "a Purdue officer responsible for implementing *Ex Parte Young* relief," and that Plaintiff John Doe would not be bringing a state court case to assert the state law claims.  (Ex. D hereto.)

On August 15, 2019, counsel for Plaintiff John Doe e-mailed Defendants' counsel and, among other things, stated that Plaintiff John Doe would be amending the Complaint and that Defendants were making their motions "because Purdue's Title IX office does not want to live under the U.S. Constitution and abide by due process of law and a proper interpretation of Title IX."  (Ex. E hereto.)

E.    **The Amended Complaint.**

Exhibit C hereto is the filed Amended Complaint, and Exhibit F is the Amended Complaint with underlinings to show the changes from the original Complaint.  The Court may wish to read for himself the Amended Complaint.  The Amended Complaint is supported by a declaration of merit by Plaintiff John Doe.  (Ex. G hereto.)  Putting to the side correction of typographical errors and dates and wording clarity, the amendments are as follows.

The Amended Complaint updates information as to Plaintiff John Doe in paragraph 4, page 3 and paragraph 82 on page 44, with respect to his living with his parents and his intention to-re-enroll at Defendant Purdue (but facing readmission requirements as part of the disciplinary case sanction).

The Amended Complaint, as noted above, joins three of the originally named individual Defendants in their official capacities only -- President Mitchell Daniels, Vice President Alysa Rollock and Dean Katherine Sermersheim -- which is necessary for the effectuation of the prospective injunctive relief under *Ex Parte Young*. Accordingly, the case caption on page 1 is changed, and the information as to those three official capacity individual Defendants is supplemented in paragraphs 8-11 on pages 4-6 and paragraph 119-122 on pages 54-56 as to why those three individual Defendants are joined for implementation of *Ex Parte Young* prospective injunctive relief to remedy due process violations.

The Amended Complaint asserts the two causes of action upheld by the Seventh Circuit: (i) constitutional due process through 42 U.S.C. § 1983; and (ii) Title IX. Accordingly, the beginning of the first paragraph 1 reflects that change, and the statement of the claims starting at paragraph 83 on page 44 going through paragraph 155 on page 66 contain only those two claims. The statement of the "stigma-plus" liberty interest in paragraph 86 on pages 44-45 is expanded reflecting the Seventh Circuit's decision; the Navy's knowledge of the disciplinary proceeding

9

and consequent actions are noted in paragraphs 25 and 32 on pages 14 and 17-18 respectively; the description of the university allegations is slightly changed in paragraph 42 on page 25.  John Doe's obligations to Navy ROTC are expanded upon in paragraph 38 on page 22 and paragraph 76 on page 41.  The allegations that had supported the contract and promissory estoppel claims in the original Complaint are moved in the Amended Complaint to be part of the due process claim at paragraphs 90-98 on pages 46-48, which is to preserve the property interest issue, as the Seventh Circuit recognized the split in the case law (*e.g.*, Indiana state law recognizes a university student's enrollment as property contrary to the Seventh Circuit view) and the U.S. Supreme Court may disapprove of the Seventh Circuit view.

The Amended Complaint spells out the prospective injunctive relief for the due process and Title IX violations in paragraph 123 on page 56, paragraph 153 on page 65 and in the Prayer for Relief on pages 66-67.  The requested prospective injunctive relief would vacate John Doe's disciplinary findings and decision, grant expungement of the disciplinary record from John Doe's school records at Defendant Purdue, order the ending of the suspension subject to any readmission requirements and enjoin future due process and Title IX violations in the disciplinary process for the sexual misconduct complaint that is the subject of this action (so that Defendants cannot turn around and do again with respect to the sexual misconduct charge against Plaintiff John Doe in this case what Defendants did in this case).

# **ARGUMENT**

Before the Court is Defendants' motion to dismiss the individual Defendants and for entry of Rule 54(b) Judgments for those individual Defendants.  It seems curious that the Defendants would even make this motion (i) given the Seventh Circuit's decision that upheld the pleading of the due process and Title IX claims, indicated points for amending the Complaint and included the statement that because Plaintiff John Doe does have a liberty interest (stigma-plus), "we instruct the court to address the issue of expungement on remand," *Doe v. Purdue*, 928 F.3d at 666-667 (Ex. B hereto), and (ii) given the correspondence of counsel for Plaintiff John Doe to Defendants' counsel stating that Plaintiff John Doe would be amending the Complaint.

In any event, the Amended Complaint effectively moots Defendants' motion, which is based on misconceived arguments that misapprehends the Seventh Circuit decision.  Defendants' motion to dismiss the individual Defendants and for entry of Rule 54(b) Judgments should be denied for the reasons that follow.

## **I.**

## **AN AMENDED COMPLAINT HAS BEEN FILED AS OF RIGHT UNDER RULE 15(a)(1)(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE IN CIRCUMSTANCES WHERE LEAVE WOULD BE GRANTED TO FILE THE AMENDED COMPLAINT ANYWAY**

Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure provides for the amending of a pleading "once as a matter of course" "if the pleading is one to which

11

a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015) (the right to amend complaint under Rule 15(a)(1)( B)); *Bertha v. Sullivan*, 719 Fed. App'x 516, 519 (7th Cir. Dec. 11, 2017) (error to disregard Amended Complaint filed per Rule 15(a)(1)(B)).  Here, Plaintiff John Doe has timely filed, "once as a matter of course," the Amended Complaint 21 days after the filing by Defendants, on August 13, 2019, of a motion under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss for failure to state a claim as to the individual Defendants.  The amendments in the Amended Complaint "relate back" pursuant to Rule 15(c)(1)(B)&(C).

Even if Plaintiff John Doe needed to seek leave of the Court under Rule 15(a)(2) of the Federal Rules of Civil Procedure to file the Amended Complaint (which Plaintiff John Doe doesn't), then Plaintiff John Doe would so cross-move the Court; and, unquestionably, that cross-motion would properly be granted per Rule 15(a)(2) of the Federal Rules of Civil Procedure, which states that "[t]he court should freely give leave when justice so requires," and the case law under  Rule 15(a)(2) of the Federal Rules of Civil Procedure -- *e.g.*,  *Foman v. Davis*, 371 U.S 178 (1962); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and No. Ind.*, 786 F.3d 510 (7th Cir. 2015).  Here, there is no unfair prejudice to Defendants, no undue delay, no bad faith and no futility because the Amended Complaint is being filed before

any discovery and indeed before an Answer has been filed by Defendants in this case, the U.S. Court of Appeals for the Seventh Circuit in this case has upheld the due process and Title IX claims in the original Complaint and the amendments fill in the points that the U.S. Court of Appeals for the Seventh Circuit identified in its opinion in this case as appropriate for an Amended Complaint for prospective injunctive relief under *Ex Parte Young* and Title IX.

In short, this case goes forward based on the Amended Complaint that has been filed as of right under **Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure** in circumstances where leave would be properly given under **Rule 15(a)(2) of the Federal Rules of Civil Procedure** to file the Amended Complaint anyway.

## II.

### DEFENDANTS' *NON SEQUITUR* ARGUMENT FOR DISMISSAL IS MISCONCEIVED, PARTICUALRLY GIVEN THE SEVENTH CIRCUIT DECISION AND THE AMENDED COMPLAINT

Defendants begin their argument for dismissal of the individual Defendants by conceding that the U.S. Supreme Court has recognized exceptions to the rule against suing a state entity or state officials in federal court and by recognizing the exception for federal court suits for prospective injunctive relief to enjoin ongoing violations of federal law, citing *Ind. Protection & Advocacy Servs. v. Ind. Fam. & Soc. Serv. Admin.*, 603 F.3d 365, 371 (7th Cir. 2010), in which it was held that the *Ex Parte Young* exception to Eleventh Amendment immunity to federal court suit

applied.  Defendants then proceed to note the Seventh Circuit's rulings that: (i) denied Plaintiff John Doe's standing to enjoin ongoing sexual misconduct investigations and adjudications as to other students; (ii) denied Plaintiff John Doe's standing to seek lifting of the conditions placed by Defendants on re-entry absent an allegation of intention to re-enroll (which is rectified in the Amended Complaint); and (iii) recognized Plaintiff John Doe's standing to expunge the finding of guilt from the disciplinary record because there was ongoing harm.  (Dfs. Br. 5.)

Defendants then jump, illogically, to the assertion that "[o]n remand, the threshold question is whether the Complaint has alleged plausible facts to show any Individual Defendant is answerable in an official capacity for any prospective claim for expungement," citing only *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which is a case stating the pleading standard for a Rule 12(b)(6) motion to dismiss and not a case dealing with official capacity responsibility under *Ex Parte Young*.  (Dfs. Br. 5.)  Defendants conclude their dismissal argument with the assertion that "the Complaint does not allege that any individual Defendant has any official responsibility for prospectively maintaining any disciplinary record" and therefore Plaintiff John Doe "has not alleged plausible facts to show an official capacity claim for injunctive relief against any Individual Defendant."  (Dfs. Br. 5.)  In support of that proposition, Defendants cite to nothing -- no case and no other legal authority.

As noted at the outset, Defendants either are confused or are being overly clever in seeking to avoid what the Seventh Circuit has upheld in this case in terms of legal claims and directed this Court to do on remand and what is well recognized in the law as a due process claim for *Ex Parte Young* prospective injunctive relief that is recognized in the Amended Complaint.   Four points totally eviscerate Defendants' dismissal argument and show it is without any merit.

*First*, the Seventh Circuit stated a very different inquiry for remand when stating that because Plaintiff John Doe does have a liberty interest (stigma-plus), "we instruct the court to address the issue of expungement on remand." *Doe v. Purdue*, 928 F.3d at 666-667 (Ex. B hereto).  Had that inquiry been a matter of examining whether the Complaint alleged plausible facts to show an official capacity claim for injunctive relief against any Individual Defendant (which the Seventh Circuit's stated inquiry is not), the Seventh Circuit would have performed that analysis itself based on the Complaint in the record before the Seventh Circuit in an appeal from the Magistrate Judge's grant of a Defendants' Rule 12(b)(6) motion to dismiss.  The Seventh Circuit did not do so because the Complaint alleged facts as to the identities of the individual Defendants such that among them were individuals who in their official capacities would be expected to implement a federal court injunction for prospective relief.

*Second*, according to the Seventh Circuit in *Ind. Protection & Advocacy Servs. v. Ind. Fam. & Soc. Serv. Admin.*, 603 F.3d at 371:

> A court applying the *Ex parte Young* doctrine now "need only conduct a 'straightforward inquiry' into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland Inc. v. Public Service Comm'n of Maryland,* 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002), quoting *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 296, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) (O'Connor, J., concurring in part and concurring in judgment).

Defendants go off on an erroneous road when stating its misconceived "threshold" issue because Defendants overlook the purpose of joining officials in their official capacity in an *Ex Parte Young* suit for prospective injunctive relief: so that a federal court injunction remedying ongoing violations of federal law is implemented and the ongoing violations of federal law are stopped.  Defendants' argument, if given credence, could give an illicit avenue for evading the enforcement of a federal court injunction intended to remedy ongoing violations of federal law by the assertion there is no one responsible against whom the prospective relief would be sought.

*Third*, the case law has established the propriety of the kind of relief sought by Plaintiff John Doe without the kind of "threshold" analysis of whether there are facts to show the named official is answerable in an official capacity for the prospective claim; the focus is on whether federal law is violated and the relief is prospective in nature; there is an official or there are officials who will be responsible for implementing the federal court injunction.  *See  Elliott v. Hinds*, 786 F.2d 298,

16

302 (7th Cir. 1986) ("reinstatement and expungement of personnel records"); *Wolfel v. Morris*, 972 F.2d 712, 719 (6th Cir. 1992) (records of punished inmates cleared of any mention of discipline); *Shepard v. Irving*, 77 Fed. App'x 615, 620 (4th Cir. 2003) (failing grade and plagiarism record constituted ongoing injury and were expunged).

*Fourth*, the Amended Complaint does allege ample facts for why the individual Defendants joined in the Amended Complaint in their respective official capacities are named for *Ex Parte Young* prospective injunctive relief:

8.      Defendant President Daniels as Defendant Purdue's President is ultimately responsible for the university's compliance with a federal court injunction; Defendant Daniels is not in an individual capacity liable under 42 U.S.C. § 1983 for saying "The Buck Stops Here," but his saying "The Buck Stops Here" is a recognition of his official capacity responsibility for Defendant Purdue's performance and operations as an educational institution of higher learning, which includes compliance with federal and state laws and court decrees specific to Defendant Purdue, including any expungement of a disciplinary record.

9.      Defendant Vice President Rollock as Defendant Purdue's Vice President of Ethics and Compliance is responsible in her official capacity for the overall operation of the disciplinary investigation and adjudication process at Defendant Purdue, as seen in her decision-making on appeals, and thus would be tasked to have Defendant Purdue comply with any federal court injunction concerning ongoing due process violations a disciplinary case, including any expungement of a disciplinary record.

10.     Defendant Dean Sermersheim as Defendant Purdue's Dean of Students is responsible in her official capacity for the conduct of disciplinary investigations and meetings with the disciplinary respondents and is responsible in her official capacity for making the decision in a disciplinary case.  Dean Sermersheim appointed Ms. Erin Oliver, Associate Director of Defendant Purdue's Office of

Institutional Equity, and Mr. Jacob Amberger, an Investigator in Defendant Purdue's Office of Institutional Equity, to investigate what were false accusations against John Doe, and Dean Sermersheim, after holding a meeting with John Doe along with members of the Equity Committee that failed to constitute a real hearing, made the disciplinary decision in John Doe's case.

11.     The constitutional due process violations here in John Doe's disciplinary case occurred because Defendant President Daniels, Defendant Vice President Rollock and Defendant Dean Sermersheim, when engaged in constitutional due process violations, effectively acted outside their respective authority.   For a federal court injunction ordering prospective relief in a case involving a sexual misconduct disciplinary proceeding at Defendant Purdue, joinder of Defendant President Daniels, Defendant Vice President Rollock and Defendant Dean Sermersheim in their respective official capacities is necessary so that the injunction is enforced.

(Ex. C hereto: Amended Complaint ¶¶ 8-11, pp. 4-6.)

## III.

## RULE 54(b) JUDGMENTS FOR THE INDIVIDUAL DEFENDANTS WOULD MISAPPLY RULE 54(b) AND WRONGLY DEFEAT *EX PARTE YOUNG* PROSPECTIVE RELIEF IN THIS CASE

There should be no issue as to granting Rule 54(b) Judgments to the individual Defendants named in the Amended Complaint in their official capacity because, as discussed in Point II of the Argument above, there can be no dismissal as to those individual Defendants so as even to raise the issue of Rule 54(b) Judgments.   Nor should there be entry of Rule 54(b) Judgments as to the two investigators joined in the original Complaint but not in the Amended Complaint; there was just a Rule 12(b)(6) pleading decision in their favor; and as pointed out in the Notes of Advisory

Committee on Rules – 1961 Amendment, there is U.S. Court of Appeals case law

holding Rule 54(b):

> to be inapplicable to the dismissal, even with the requisite trial court
> determination, of one or more but fewer than all defendants jointly
> charged in an action, *i.e.* charged with various forms of concerted or
> related wrongdoing or related liability. See *Mull v. Ackerman*, 279 F.2d
> 25 (2d Cir. 1960); *Richards v. Smith*, 276 F.2d 652 (5th Cir. 1960);
> *Hardy v. Bankers Life & Cas. Co*., 222 F.2d 827 (7th Cir. 1955); *Steiner
> v. 20th Century-Fox Film Corp*., 220 F.2d 105 (9th Cir. 1955).

Defendants nevertheless assert that all the individual Defendants should be

granted a Rule 54(b) Judgment because no *Ex Parte Young* claim is stated against

any individual Defendant.   (Dfs.  Br. 6.)   That position, however, is based on

Defendants' dismissal argument shown in Point II of the Argument above to be

without any merit; and further, Defendants' position results in an erroneous

application of Rule 54(b).   Defendants, in seeking Rule 54(b) Judgments for

individual Defendants, would wrongly defeat *Ex Parte Young* prospective injunctive

relief in this case that the Seventh Circuit appeared to hold open for Plaintiff John

Doe.   The purpose of Rule 54(b) is to avoid injustice and hardship from the delay

of reaching a final judgment. *Dickinson v. Petroleum Conversion Corp.*, 338 U.S.

507, 511 (1950); Notes of Advisory Committee on Rules – 1946 Amendment.  Rule

54(b) was not intended to give a means of cleverly inflicting injustice by effectively

defeating a meritorious claim -- here, for *Ex Parte Young* prospective injunctive

relief.

19

In this connection, Defendants' reliance upon *National Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,* 784 F.2d 817, 821 (7th Cir. 1986), is entirely misplaced. The grant of a Rule 54(b) Judgment in that case was intended to facilitate the taking of an appeal so as to avoid injustice and hardship, a consideration not at all presented in this case. Indeed, the case law under Rule 54(b) concerns whether a Rule 54(b) Judgment should be entered to facilitate appeal. *Officer v. As Chase Life & Annuity Co*, 500 F.Supp.2d 1083, 1086 (N.D. Ind. 2007). There is no such consideration in this case.

Defendants' effort to misapply Rule 54(b) reflects that Defendants are erroneously ignoring that Rule 54(b) was intended, after much discussion and consideration of case law, to be an exception in "the infrequent harsh case" to the general federal court rule of a Final Judgment. The Notes of Advisory Committee on Rules – 1946 Amendment explained:

> The historic rule in the federal courts has always prohibited piecemeal disposal of litigation and permitted appeals only from final judgments except in those special instances covered by statute. (Citations omitted.) Rule 54(b) was originally adopted in view of the wide scope and possible content of the newly created "civil action" in order to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case. It was not designed to overturn the settled federal rule stated above. . . .
>
> . . . .
>
> After extended consideration, it concluded that a retention of the older federal rule was desirable, and that this rule needed only the exercise of a discretionary power to afford a remedy in the infrequent harsh case to

> provide a simple, definite, workable rule. This is afforded by amended
> Rule 54(b). It re-establishes an ancient policy with clarity and precision.

*See Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 593 (7th Cir. 1990)(error to enter

Rule 54(b) Judgment where no immediate appeal needed).

Accordingly, the portion of Defendants' motion for the entry of Rule 54(b

Judgments to the individual Defendants is wholly without merit and should be

denied.

## <u>CONCLUSION</u>

For the reasons stated above, Defendants' motion to dismiss the individual

Defendants and for entry of Rule 54(b) Judgments for those individual Defendants

should be denied, and the Court should order such other relief as deemed just and

proper.

September 3, 2019                              Respectfully submitted,

NESENOFF & MILTENBERG, LLP

By: */s/ Philip A. Byler*
Philip A. Byler (*pro hac vice* admission)
Andrew T. Miltenberg (*pro hac vice* admission)
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
pbyler@nmllplaw.com

*Attorneys for Plaintiff John Doe*