

| | Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| --- | --- | --- | --- |
| | Andrew T. Miltenberg | Ariya M. Waxman | *Senior Litigation Counsel* |
| | | Tara J. Davis | Megan S. Goddard |
| ATTORNEYS AT LAW | Stuart Bernstein | Diana R. Warshow | *Counsel* |
| nmllplaw.com | | Gabrielle M. Vinci | Rebecca C. Nunberg |
| | | Kara L. Gorycki | *Counsel* |
| | | Cindy A. Singh | Jeffrey S. Berkowitz |
| | | Nicholas E. Lewis | *Counsel* |
| | | Adrienne D. Levy | Marybeth Sydor |
| | | | *Title IX Consultant* |

**July 15, 2019**

**VIA EMAIL**
William P. Kealey, Esq.
Stuart & Branigin
300 Main Street – Suite 900
Lafayette, Indiana 47902-1010
wpk@stuartlaw.com

        Re:  **John Doe v. Purdue University, et al.**
           **Case No. 2:17-cv-00033-PRC**

Dear Mr. Kealey:

   In response to your letter dated July 3, 2019 (first seen by me on July 8, 2019), you can have an extension of time to file a responsive pleading until July 22, 2019 (so as not to be in technical default), and we may modify that date depending upon a schedule upon which we agree to include amending the Complaint per the Seventh Circuit's decision. As for your inquiries concerning other subjects, note the following:

   1. John Doe completed one year at Purdue University ("Purdue") before the suspension and thereafter took some courses at Taylor University, but does not presently attend Taylor University or any other school. John Doe does intend to return to school and would like the option of returning to Purdue, but he would prefer to return after the upcoming Fall semester. John Doe does want his ROTC scholarship back.

   2. We will seek leave to amend the Complaint, but that leave should not be an issue given the early stage of the case and the Seventh Circuit's decision indicating some appropriate amendments.

   3. We will not agree to an open-ended extension of time to answer any pleading, but we will agree to a schedule for an Amended Complaint and for Answers.

   4. No, we are not willing to stipulate to a Rule 54(b) entry of judgment as to the individual defendants and suggest that the subject is premature until we get past the pleading stage. Among many things, there needs to be an identification of a Purdue officer responsible for implementing *Ex Parte Young* relief.

| **NEW YORK** | | 363 Seventh Avenue | | Fifth Floor | | New York, NY 10001 | | T: 212.736.4500 | | F: 212.736.2260 | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| **BOSTON** | | 101 Federal Street | | 19th Floor | | Boston, MA 02110 | | T: 617.209.2188 | | | |

**NESENOFF &
MILTENBERG**LLP
ATTORNEYS AT LAW

5. We do not have a present intention to file a state court suit on the state law contract claims, and we do not contemplate a change on that point.

6. We do intend to submit an updated Rule 16 report and request a case management conference, but there have been some retirements that affect us and we should deal first with the pleadings anyway.

Your letter does not raise the subject, but we should include consideration of the possibility of a Mediation.

I am available to discuss these topics further at your earliest convenience.

Very truly yours,
NESENOFF & MILTENBERG LLP

By: */s/ Philip A. Byler*
Philip A. Byler, Esq.
Andrew T. Miltenberg, Esq.