**EXHIBIT C**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

---------------------------------------------------------------x
| JOHN DOE, | CIVIL ACTION |
| | No. 2:17-cv-33-JPK |
| **Plaintiff,** | |
| -against- | |
| PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR., in his official capacity as President of Purdue University, ALYSA CHRISTMAS ROLLOCK, in her official capacity at Purdue University, and KATHERINE SERMERSHEIM, in her official capacity at Purdue University, | |
| **Defendants.** | |
---------------------------------------------------------------x

### DECLARATION OF PLAINTIFF JOHN DOE IN OPPOSITION TO DEFENDANTS' MOTION FOR ISSUANCE OF SUBPOENA TO U.S. NAVY

**PLAINTIFF JOHN DOE**, hereby declares subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

1.  I am the Plaintiff John Doe named in the above-captioned action.

2.  I have been given a copy of Defendants' papers in support of their motion to authorize a subpoena to the U.S. Navy. Defendants' apparent notion that I took it upon myself to authorize disclosure of the disciplinary proceeding to the

Navy ROTC is just unintelligibly oblivious of what is expected of a member of Navy ROTC concerning an accusation of sexual misconduct. I was legally obligated to disclose, to the Navy ROTC, information about and documents from the university sexual misconduct proceeding concerning me; and once found responsible and sanctioned for sexual misconduct by the university and the university appeal was denied, I was no longer eligible for Navy ROTC that had an announced "Zero Tolerance" policy toward sexual misconduct.

3. My two appeals in the university sexual misconduct proceeding clearly reflected my concern over the loss of my ROTC position and scholarship due to the university sexual misconduct proceeding.

4. The first appeal, dated June 23, 2016, was from Dean Sermersheim's June 14, 2016 decision which asserted that I had violated Purdue's anti-harassment policy and thus sanctioned me with among other things a suspension. My first (June 23, 2016) appeal, which was in the form of a letter to Vice President Rollock, is Exhibit B to Defendants' Motion to authorize a subpoena to the U.S. Navy and is Exhibit D to my opposition to Defendants' motion. My first (June 23, 2016) appeal had four main points.

5. *First*, Jane Doe's allegations of sexual assault were false, that I never penetrated Jane Doe while she was sleeping without her consent, digitally or otherwise, and further stated that Dean Sermersheim's decision I had done so was

incorrect and contrary to the facts and that I was being suspended for something I did not do and did not occur.

6. *Second*, the ordered suspension would cause me significant harm, including the loss of my scholarship and participation in Navy ROTC.

7. *Third*, the disciplinary proceeding had exacted a great emotional toll on me, causing great depression and anxiety, particularly because of the concerns about whether the process would be fair all the while knowing that Jane Doe's allegations were false and knowing the disruptions of all the friendships I had developed given that I could not talk to friends in Navy ROTC about the reality of the situation.

8. *Fourth*, my "rights to due process of law have been violated." I pointed out: that I "was never provided with the evidence that was supposed to support this allegation which prevented me from adequately preparing a defense to the false accusation"; that I had "also not been provided the evidence relied upon in making the finding against me in order to prepare and submit a proper appeal"; that at the June 6, 2016 meeting with the three-person panel of the Advisory Committee on Equity, two panel members by their own admission were not prepared at the meeting; that I had responded to everything that was asked of me, including providing ample documentation of my relationship with Jane Doe; and that I had received a summary notification providing no basis for the determination.

9. My June 23, 2016 appeal resulted in Vice President Rollock issuing a letter dated June 28, 2016, stating that she could not decide my appeal because Dean Sermersheim did not state her reasoning; thus, Vice President Rollock directed Dean Sermersheim to revise her June 14, 2016 decision letter. The next day, June 29, 2016, Dean Sermersheim issued her revised decision letter, stating in a few brief sentences supposedly what I had done but otherwise adhering to her original decision finding me responsible and sanctioning me.

10. From Dean Sermersheim's re-issued determination and sanctions, I appealed, which was in the form of a letter dated July 10, 2016, to Vice President Rollock. My second (July 10, 2016) appeal is not included in Defendants' motion to authorize a subpoena to the U.S. Navy, but is included as Exhibit E to my opposition to Defendants' motion. My second (July 10, 2016) appeal had seven main points.

11. *First*, while Vice President Rollock had directed Defendant Dean Sermersheim to provide the factual basis for her determination, Dean Sermersheim had failed to provide that factual basis, that Dean Sermersheim merely restated her conclusions with a few extra sentences.

12. *Second*, I was never given the opportunity to review the Investigator's Report and thus could not address the allegations supposedly questioning my credibility, nor had I been permitted to respond to any "factual evidence." My

second (July 10, 2016) appeal stated: "Dean Sermersheim's unsubstantiated conclusion that I am not a credible witness still has not been corroborated with any facts."  My second (July 10, 2016) appeal reported that I had provided the Investigators with a list of over 30 names to substantiate the credibility of my character and integrity, but I could not defend myself against Dean Sermersheim's attack on my credibility if no factual evidence was presented.

13.   *Third*, the June 6, 2016 meeting with Defendant Dean Sermersheim and the three-person panel of the Advisory Committee on Equity was flawed at best. My July 10, 2016 appeal asserted that a reasonable person would question the fairness of a meeting where two of the three panel members did not read the Investigator's Report before the meeting and that a reasonable person would question whether they took seriousness of the importance of a process that had punitive and irreversible consequences.  My July 10, 2016 appeal further asserted that the attitude of the panel members was "one of overt skepticism and hostility."  I asked "what could possibly explain their attitude other than that they had prejudged the outcome and my (alleged) guilt?"

14.   *Fourth,* at the beginning of my Fall 2015 semester, I had started the year in Navy ROTC, and one of the issues discussed was the "zero tolerance" policy toward sexual harassment.  Jane Doe's accusations of sexual assault were false; one of Jane Doe's accusations was one of Jane Doe's false accusations was that I had

digitally penetrated her while she was sleeping, and then told her about it. I asked: "Why would I not only admit to something that didn't happen, but also knowingly admit to something that would jeopardize my ROTC scholarship and future serving my country?"

15. *Fifth*, Jane Doe had some likely motives for making false accusations against me. One was to punish me for having reported to the university in January 2016 Jane Doe's suicide attempt in December 2015, an attempt that could have been reported to Navy ROTC as well. A second possible motive was Jane Doe had started up in the Spring 2016 semester a relationship with an upperclassman who was a member of Navy ROTC and who made it plain he did not like me.

16. *Sixth*, behavior on the part of Jane Doe was inconsistent with the accusations of sexual assault. After the relationship ended, Jane Doe contacted me on a number of occasions, at times seeking advice, which Jane Doe would not do had there been any sexual assaults. To the investigators, I had provided text evidence of these contacts. I asked: "If I had sexually violated [Jane Doe], why would she continue to initiate contact and even seek my advice?"

17. *Seventh*, my July 10, 2016 appeal pressed as to what was the particular evidence used to determine Dean Sermersheim's finding that the preponderance of the evidence supported my not being a credible witness and Jane Doe being a credible witness. I repeated that I had been denied the evidence that supposedly

supports the factual basis for Dean Sermersheim's determination and denied the Investigator's Report. My second (July 10, 2016) appeal requested that Dean Sermersheim's determination and sanctions be set aside and that the Investigator's Report be provided to me as well as "all documents and materials relating to my official file at Purdue University."

18. Defendant Vice President Rollock, in a letter dated July 21, 2016, to me, denied my appeal and upheld Dean Sermersheim's determination and sanctions.

19. Exhibit A to Defendants' motion is a July 29, 2016 e-mail by the Navy ROTC Commander to Purdue Vice President Alysa Rollock. This July 29, 2016 e-mail was not sent to me and I cannot verify its authenticity, but I do note the following with respect to it:

20. *First*, the date of that e-mail -- July 29, 2016 -- is eight days after the date of Purdue Vice President Alysa Rollock's July 21, 2016 letter to me, denying what was my second appeal from Dean Sermersheim's decision to find me responsible and sanction me for alleged sexual misconduct that I had not committed. Throughout my dealings with the Navy ROTC concerning the university sexual misconduct proceeding against me, the Navy ROTC knew the general status of the university sexual misconduct proceeding without information from me. Indeed, I learned of the initiation of the university sexual misconduct proceeding from the Navy ROTC in April 2016 and, as a result of the university sexual misconduct

policy, was put under an oral directive not allowing me to participate in Navy ROTC and not allowing me in the Purdue ROTC armory unless to attend a class or to meet with a Naval superior, which supplemented the university no contact order not allowing me in university buildings in which Jane Doe had classes and not allowing me in the university dining hall that had been most used by both Jane Doe and me. In May 2016, I signed a formal acknowledgment of being placed on interim leave of absence from Navy ROTC, and I signed an authorization to release of information pertaining to the case to the Department of Naval Sciences at Purdue. I would have been obligated to inform the Navy ROTC; however, the Navy ROTC had been informed of the university sexual misconduct proceeding at about the same that I first learned of it. I was legally obligated to authorize disclosure of information about and documents from the sexual misconduct proceeding by Purdue to the Navy ROTC.

21.    *Second*, at the time in late July and early August 2016, I became slow to check my e-mail out of fear of receiving more bad news concerning the university sexual misconduct proceeding. As I stated in my first (June 23, 2016) appeal to Purdue Vice President Rollock, the sexual misconduct disciplinary proceeding made me depressed, anxious and sick at heart, particularly because my intended career was at stake, the accusations against me were false and I had come to realize the process I was subject to was unfair.

22. *Third*, because of the final university decision of responsibility and sanction as to the alleged sexual misconduct, I submitted on August 16, 2016, my involuntary resignation from the Navy ROTC. Attached is a copy of my August 16, 2016 letter, which is Exhibit F to my opposition to Defendants' motion. I submitted the leter to the Navy ROTC signed; I kept "my copy" electronically on my computer (which is why the "copy" I have is unsigned). The letter reflects that the Purdue sexual misconduct decision was the reason for the involuntary resignation and that I believed that the decision was wrong and would continue to fight it. The involuntary resignation certainly was not what I wanted to do, but due only to a university sexual misconduct proceeding that had reached an erroneous outcome finding me responsible for sexual misconduct and suspending me, I was not in compliance with Navy ROTC requirements that included a "zero tolerance" policy and consecutive years spent at the school, which was rendered impossible with a suspension.

23. Defendants' motion (at p. 4) states that they want documents from the Navy ROTC concerning: (1) an investigation of me with respect to the alleged sexual misconduct with Jane Doe; (2) my service record with Navy ROTC; (3) my student file; (4) my so-called "disenrollment package"; and (5) e-mails and statements to and from Jane Doe and me. None of these supposed categories justify the proposed subpoena to the U.S. Navy (Exhibit E to Defendants' motion).

24. As to (1), the only investigation of me with respect to the alleged sexual misconduct with Jane Doe was done by the Purdue investigators. To my knowledge, there was no separate U.S. Navy investigation and no separate U.S. Navy proceeding concerning what was a university-generated university sexual misconduct proceeding, as there had been no formal complaint by Jane Doe to the university and no appearance and no writing by Jane Doe to Dean Sermersheim and the Advisory Committee on Equity. The Navy ROTC was a recipient of information from Purdue.

25. As to (2), other than what Purdue sent to the Navy ROTC concerning the university sexual misconduct proceeding, there is nothing in my service record with the Navy ROTC that is material to this case.

26. As to (3), my student file is with Purdue, not the Navy ROTC.

27. As to (4), there was no "disenrollment package." That appears to be a figment of the Purdue attorney's mind. If a student is no longer with the Navy ROTC, that student does not qualify for a Navy ROTC scholarship.

28. As to (5), e-mails and statements to and from Jane Doe and me were collected by the Purdue investigators, not anyone from the Navy ROTC.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 02 day of September, 2019.

_John Doe (court-authorized pseudonym)_
**Plaintiff John Doe**