IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR.,** individually and as agent for Purdue University, **ALYSA CHRISTMAS ROLLOCK**, individually and as agent for Purdue University, **KATHERINE SERMERSHEIM**, individually and as agent for Purdue University, **ERIN OLIVER**, individually and as agent for Purdue University, **JACOB AMBERGER**, individually and as agent for Purdue University, | ) ) ) ) ) No. 2:17-cv-00033-JPK ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO ISSUANCE OF A SUBPOENA TO THE U.S. NAVY**

Defendants, by counsel, reply to "Plaintiff John Doe's Memorandum of Law in Opposition to Defendants' Motion for Issuance of a Subpoena to the U.S. Navy."

**Summary and Overview**

Plaintiff does not cite any provision of Federal Rule of Civil Procedure 45 in opposition to issuance of a *subpoena duces tecum* to the Navy. Among the possible objections permitted by Rule 45 are "undue burden or expense on a person subject to the subpoena" (45(d)(1)); lack of "reasonable time to comply" (45(d)(3)(A)(i)); "requires disclosure of privileged or other protected matter" (45(d)(3)(A)(iii)); "subjects a person to undue burden" (45(d)(3)(A)(iv)); and disclosure of a trade secret or other confidential research, development, or commercial information, or certain undesignated expert opinions (45(d)(3)(B)). By his silence, Plaintiff

1

concedes that his opposition has no support in Rule 45.

Nor does Plaintiff cite any provision of Rule 26(c) to ask the Court to bar access to the records of his Navy participation.

Just the opposite: Plaintiff himself selectively discloses information that (he claims) is in the Navy's file. John Doe argues that "an involuntary resignation due to the Defendant Purdue sexual misconduct decision is what the resignation letter reflects." ECF No. 53 at p. 27 and Ex. F.  Yet John Doe does not disclose any of the Navy's communications to him, nor any Navy documents reflecting his scholarship or standing or conduct, nor any communications showing whether or how he tried to exonerate himself under the Navy's "zero tolerance" policy.

John Doe has previously opened the door to more of the story: "On May 20, 2016, John Doe signed a formal acknowledgment of being placed on interim leave of absence from Navy ROTC; and on May 24, 2016, John Doe signed an authorization to release of information pertaining to the case to the Department of Naval Sciences at Defendant Purdue. . . . Jane Doe was also in Navy ROTC . . ." ECF No. 1 ¶ 34. John Doe has also previously faulted fellow Navy ROTC members *as a separate cause* of his Navy difficulties: "Jane Doe had started up in the Spring 2016 semester a relationship with an upperclassman who was a member of Navy ROTC and who made it plain he did not like John Doe." ECF No. 1 ¶ 62.

Plaintiff's assertions about the contents of the Navy's files have no foundation and are inadmissible. The only evidence for the content of Navy documents is the documents themselves. Evid. R. 1002. Defendants are not bound by Plaintiff's recitation of the facts. *See Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015) ("The purpose of discovery is to refine the case and to prepare it for trial based on a full understanding of the relevant facts."); *see also U.S. v. 23.76 Acres of Land, More or Less, in Anne Arundel Cnty.,*

*State of Md.*, 32 F.R.D. 593, 596 (D. Md. 1963) ("It is the rare law suit in which there are not at least two versions of a single transaction or occurrence. The purpose of discovery is to permit each party to learn of the other party's version. That the versions may conflict creates a question for the trier of the fact, but hardly creates a basis to refuse discovery.")

Plaintiff complains about "a broad subpoena to the U.S. Navy." ECF No. 53 p. 27. For John Doe, the term "broad subpoena" is code-speak to edit the story of his year in Navy ROTC. Plaintiff is deploying an impermissible sword-and-shield tactic, aptly summarized by one court as follows:

> [T]he forum that Plaintiffs have selected routinely refuses to let litigants selectively disclose information only when, and to the extent, that disclosure suits their present purpose; sword-and-shield litigation tactics are anathema to the Federal Rules' discovery provisions. *See Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.*, 132 F.R.D. 204, 207 (N.D. Ind. 1990) (calling selective disclosure "truth garbling").

*Flomo v. Bridgeston Americas Holding, Inc.*, Case No. 1:06-cv-00627-DFH-JMS, 2009 WL 10688034, *4 (S.D. Ind. June 16, 2009). Where, as here, the plaintiff opens a door by express allegations, the plaintiff cannot then seek to block exploration of the opened door. "Having made such allegations, our adversarial system requires that Defendants be entitled to explore the factual basis for them during discovery." *Id*.

Obviously John Doe has established nothing in this case. The Seventh Circuit's ruling determined only what claims survive 12(b)(6) dismissal. "[T]he story that follows is one-sided because the posture of the case requires it to be . . . To be sure, John may face problems of proof, and the factfinder might not buy the inferences that he's selling." *Doe v. Purdue Univ.*, 928 F.3rd 652, 656, 670 (7th Cir. 2019). Apparently John Doe is worried that "the inferences he's selling" will not hold up in the face of evidence from the Navy.

Plaintiff's contentions will be explored in depositions in this case of John Doe, Jane Doe,

their Navy ROTC supervising officers, and others. Purdue is entitled to obtain the Navy's documents in preparation for those depositions now. Federal Rule of Civil Procedure 26(d) states:

> **(1) *Timing.*** A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.
>
> ***
>
> **(3) *Sequence.*** Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
> > (A) methods of discovery may be used in any sequence; and
> >
> > (B) discovery by one party does not require any other party to delay its discovery.

Tellingly, Plaintiff never explains why *any* discovery in this 19-month old case should be delayed.

**The Navy Does Not Object**

The only pending request is for *issuance* of the subpoena. Defendants have provided the Court with documentation of the Navy's non-objection to issuance of the subpoena. ECF No. 50.

Generally speaking, John Doe does not have standing to challenge a subpoena to a non-party issued by another party; it is typically up to the non-party to challenge it, absent some specific stake in the request. *See, e.g.*, *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013) ("The law is clear that generally, a party does not have standing to quash a subpoena to a non-party. Instead, it is usually up to the non-party to bring its own motion to quash."); *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012) ("As a general rule, 'a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy

4

interests.'" (quoting *Hard Drive Prods. V. Does 1-48*, No. 11 CV 9062, 2012 WL 2196038, at *3 (N.D. Ill. June 14, 2012)); *Piercy v. Wilhelmi*, No. 16-MC-43-NJR, 2016 WL 9176539 at *2 (S.D. Ill. June 17, 2016) ("As a general rule, a party can move to quash a subpoena issued to a nonparty only if the party has a claim of privilege, privacy, or other personal right with regard to the documents sought.").

John Doe does not assert any statutory privacy objection to issuance of the subpoena. Challenges to relevancy and burden of discovery are reserved for the party having to produce the documents, not a party to whom the subpoena is not directed. *See, e.g.*, *Piercy*, No. 16-MC-43-NJR, 2016 WL 9176539 at *2 ("Defendants do not claim that any purported privilege, privacy interest, or other personal right is implicated; instead, they simply claim that the subpoenas are burdensome and seek irrelevant information. Defendants, however, do not have standing to challenge the subpoenas on these grounds; only the non-party to whom the subpoena was directed can raise these challenges.") (internal citation and footnote omitted).

**Conclusion**

Defendants respectfully request that this Court issue the proposed subpoena.

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (No. 18973-79)
Tyler L. Jones (No. 34656-29)
James F. Olds (No. 27989-53)
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
        tlj@stuartlaw.com
        jfo@stuartlaw.com
Telephone: 765.423.1561
***Attorneys for Defendants***

1240363