IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** <br><br> Plaintiff, <br> v. <br><br> **PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR.,** individually and as agent for Purdue University, **ALYSA CHRISTMAS ROLLOCK**, individually and as agent for Purdue University, **KATHERINE SERMERSHEIM**, individually and as agent for Purdue University, **ERIN OLIVER**, individually and as agent for Purdue University, **JACOB AMBERGER**, individually and as agent for Purdue University, <br><br> Defendants. | CIVIL ACTION <br><br> No. 2:17-cv-00033-JPK |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
EX PARTE YOUNG CLAIM AND ENTER RULE 54(b) DISMISSAL**

Mitchell Elias Daniels Jr., Alysa Christmas Rollock, Katherine Sermersheim, Erin Oliver, and Jacob Amberger (the "Individual Defendants"), by counsel, reply to "Plaintiff John Doe's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Individual Defendants and for Rule 54(b) Judgments."

On September 3, 2019, Plaintiff filed his Amended Complaint. ECF No. 51. The Amended Complaint abandons Plaintiff's claims against Defendants Erin Oliver and Jacob Amberger and therefore effectively concedes entry of final judgment in their favor now. See ECF No. 52, at 1 ("the Amended Complaint joins three of the originally named individual Defendants in their official capacities only – President Mitchell Daniels, Vice President Alysa Rollock and Dean Katherine Sermersheim …").

1

Plaintiff offers no rationale for delay in granting Defendants Oliver and Amberger "a definitive resolution of [their] rights against [the other party]." *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 821 (7th Cir. 1986).

Plaintiff reads Advisory Committee comments as narrowing the scope of Rule 54(b). Plaintiff is mistaken. As noted in *In re Uranium Antitrust Litigation*, 473 F.Supp. 382, 388-89 (N.D. Ill. 1979):

> In its Note to an amendment of 54(b), the Advisory Committee criticized these [pre-1961 amendment] decisions which held "the rule to be inapplicable to the dismissal, even with the requisite trial court determination, of one or more but (fewer) than all defendants jointly charged in an action, i. e., charged with various forms of concerted or related wrongdoing or related liability." Noting that the danger of hardship through delay of appeal until the whole action is completed may be just as great in cases involving multiple parties as those involving multiple claims, the Committee recommended an extension of the rule to multiple party litigation. That amendment was adopted in 1961.

"Rule 54(b) allows the district court to enter a final judgment when it has resolved all claims concerning a single party, or has wrapped up a single claim with respect to all parties." *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 593 (7th Cir. 1990).

The Amended Complaint attempts to frame new *Ex Parte Young* official-capacity claims against Defendants Rollock, Sermersheim, and Daniels. Because the Amended Complaint moots the original Complaint, the Rule 54(b) analysis with respect to Defendants Rollock, Sermersheim, and Daniels will be re-addressed by Defendants Rollock, Sermersheim, and Daniels in connection with their forthcoming pleading in response to the Amended Complaint.

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (No. 18973-79)
Tyler L. Jones (No. 34656-29)
James F. Olds (No. 27989-53)
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
tlj@stuartlaw.com
jfo@stuartlaw.com
Telephone: 765.423.1561
***Attorneys for Defendants***

1241461