IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR.,** in his official capacity as President of Purdue University, **ALYSA CHRISTMAS ROLLOCK**, in her official capacity at Purdue University, **KATHERINE SERMERSHEIM**, in her official capacity at Purdue University, | ) ) ) ) ) No. 2:17-cv-33-JPK ) ) ) ) |
| Defendants. | ) ) ) ) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS SECTION 1983 DAMAGE CLAIMS, DUE PROCESS CLAIMS, AND INJUNCTIVE RELIEF CLAIMS**

Come now Defendants The Trustees of Purdue University, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, and Katherine Sermersheim, by counsel, and move under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of all claims of Plaintiff's Amended Complaint (ECF No. 51), except Plaintiff's claim for damages under Title IX.

John Doe's characterization of events has been summarized in this Court's November 15, 2017 ruling (ECF No. 31) and in the Seventh Circuit's June 28, 2019 ruling. Therefore, John Doe's characterization of events will not be re-summarized here.

The Amended Complaint narrows the original Complaint by dropping two defendants (Oliver and Amberger) and (pursuant to the appellate ruling) dropping any allegations of

1

individual-capacity liability for individual defendants. However, the Amended Complaint still prays for Section 1983 damages, *Ex parte Young* injunctive relief, and Title IX damages and injunctive relief. Of those allegations, only the Title IX damage claim states an actionable federal question.

In the present Motion, Defendants seek dismissal of the Amended Complaint's Section 1983 damage claims (which have been previously dismissed in this case in 2017); dismissal of John Doe's stigma-plus theory of due process relief for failure to meet the pleading requirement specified in the appellate ruling; dismissal of John Doe's property-interest theory of due process relief for failure to meet the pleading requirement specified in the appellate ruling; and dismissal of John Doe's injunctive relief claims due to subject-matter jurisdiction defects.

**A.      Plaintiff's Section 1983 damage claim in Count I must be dismissed.**

Count I of the Amended Complaint is captioned "42 U.S.C. § 1983: Denial of Fourteenth Amendment Due Process." Paragraph 125 of Count I alleges an entitlement to damages. There is no cause of action for damages under Section 1983 against Purdue University or any official-capacity defendant because they are not "persons" within the meaning of Section 1983. Further, the Eleventh Amendment bar applies.

Section 1983 only provides a cause of action against a "person." 42 U.S.C. § 1983 ("Every person . . ."). Purdue University is an instrumentality of the State of Indiana. *See*, *e.g.*, *Brettler v. Purdue Univ.*, 408 F. Supp.2d 640, 651 (N.D. Ind. 2006). It is well established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Colbern v. Trs. of Ind. Univ.*, 739 F. Supp. 1268, 1280 (S.D. Ind. 1990), *aff'd* 973 F.2d 581 (7th Cir. 1992). Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer

is an agent. An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citations and alterations omitted).

Purdue University is an instrumentality of the State of Indiana and is therefore protected by Eleventh Amendment immunity. *Wasserman v. Purdue Univ. ex rel. Jischke*, 431 F. Supp.2d 911, 915-16 (N.D. Ind. 2006); *see also* Ind. Code §§ 21-23-2-2, 21-27-7-4, & -5. "[T]he Eleventh Amendment bar is jurisdictional in the sense that it is a limitation on the federal court's judicial power[.]" *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998). "When the Eleventh Amendment applies to bar suit against a state, it is well settled that federal courts are divested of subject matter jurisdiction." *Wasserman*, 431 F. Supp.2d at 917. "Indiana has not consented to be sued for damages for federal constitutional violations[.]" *Gaff v. Indiana-Purdue Univ. of Ft. Wayne*, 45 N.E.3d 458, 463 (Ind. Ct. App. 2015) (citing Ind. Code §§ 34-13-4-1 to -4), *aff'd in part, vac'd in part* 51 N.E.3d 1163 (Ind. 2016). "If properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Council 31 of the Am. Fed'n of State, Cnty. and Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 881-82 (7th Cir. 2012) (citing *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010)).

This Court has already dismissed these allegations once, thereby determining the law of the case. (ECF No. 31 at 15-16) ("the Court grants the Motion to Dismiss the § 1983 claims for . . . money damages . . . against Purdue University and the Purdue University Board of Trustees and the §1983 claims for money damages against the individual defendants in their official capacities"); *see also Doe v. Purdue Univ.*, 928 F.3d 652, 658 n.1 (7th Cir. 2019) ("John's complaint also asserted § 1983 claims against Purdue and all other defendants in their official

capacities. Before us, **he concedes that § 1983 does not permit him** either to assert official-capacity claims or **to sue Purdue itself**." (citing *Will*, 491 U.S. at 71) (emphasis added)). That dismissal, and subsequent abandonment before the Seventh Circuit, also controls the Amended Complaint.

B.   **The Amended Complaint fails to allege actionable disclosure by Purdue to the Navy as a Stigma-Plus liberty interest claim.**

The law of the case is that only the "official determination of guilt, not the preceding charges or any accompanying rumors" can be the basis for a claim that Purdue "allegedly deprived John of occupational liberty." *Doe*, 928 F.3d at 662-63. Further, John Doe must allege that Purdue told "the Navy about the guilty finding." *Id*. at pp. 662. Yet his 67-page Amended Complaint never makes such an allegation. Paragraph 86 alleges that Navy ROTC knew of the "notice of investigation" but says nothing about how the Navy learned of the "finding of responsibility for sexual misconduct and sanction of suspension." Paragraph 25 says only that the Navy "was aware … of the sexual misconduct proceeding against John Doe." Because the Amended Complaint does not plead the central element required for his stigma-plus claim in Count I, John Doe fails to state a stigma-plus claim upon which relief may be granted.

C.   **The law of the case bars Count I's attempted property-interest claim.**

The Amended Complaint fails to state a constitutional due process claim for deprivation of a protected property interest because John Doe does not allege that Purdue promised him "the right to a continuing education or the right not to be suspended without good cause," *Doe*, 928 F.3d at 660, or that Purdue failed to honor an "'identifiable contractual promise,'" *id.* (citing *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009)). Therefore John Doe has failed to plead the central element required for a due process deprivation of a protected property interest.

**D.     Plaintiff's injunctive relief claims have fatal defects.**

Counts I and II of the Amended Complaint pray for "an injunction vacating John Doe's disciplinary findings and decision, granting expungement of the disciplinary record from John Doe's school records at Defendant Purdue, ordering the end of the suspension subject to any readmission requirements and enjoining future due process violations in the process of investigating and adjudicating the sexual misconduct complaint that is the subject of this action". (ECF No. 51 at pp. 66-67). The Amended Complaint fails to plausibly allege a factual basis for subject-matter jurisdiction for such relief.

    a.     **The Amended Complaint does not meet the redress test for standing to petition for expungement.**

At the Seventh Circuit, John Doe "claim[ed] that if the guilty finding is expunged, a career in the Navy may once again be open to him." *Doe*, 928 F.3d at 666. However his Amended Complaint makes no such allegation and therefore fails to meet the standing test endorsed by the Court of Appeals.

To establish standing, a plaintiff must also show that a favorable decision will likely redress his injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The Amended Complaint lacks an actionable claim for expungement because John Doe does not allege that expungement would render him eligible to re-enroll in Navy ROTC. *Doe*, 928 F.3d at 663 (foreclosure of "possibility of his re-enrollment" in Navy ROTC program is element of claim for stigma-plus test).

John Doe's due-process allegations beg the obvious question whether he violated Purdue's Anti-Harassment Policy. Not only does the Amended Complaint fail to directly allege whether or how John Doe would become eligible to re-enroll in Navy ROTC, the Amended Complaint begs the question how the Navy itself would become convinced of his innocence. The

Amended Complaint conspicuously does not ask this Court to declare his innocence. Because the Amended Complaint does not allege any plausible facts to show that Navy ROTC would re-enroll him if his Purdue discipline was expunged <u>on due process grounds</u>, the Amended Complaint does not satisfy the redress requirement for a petition to expunge.

Presumably the Amended Complaint says nothing about a determination of innocence because John Doe's innocence—whether he violated Purdue's Anti-Harassment Policy—is not a federal question.[1] A petition for declaratory judgment on a non-federal question does not confer federal jurisdiction. The Declaratory Judgment Act "offers no independent basis for [Doe's] federal claims. . . . The Act provides no independent source of federal subject-matter jurisdiction." *Manley v. Law*, 889 F.3d 885, 893 (7th Cir. 2018) (citation omitted). Further, there can be no diversity jurisdiction in a suit against Purdue University,[2] and the Eleventh Amendment bars supplemental jurisdiction for state-law claims against Purdue University and its officials.[3] There is no jurisdictional basis for Doe's claims for injunctive relief.

---

[1] Purdue has authority to "dismiss . . . any student . . . who violates [Purdue's] rules or standards of conduct[.]" Ind. Code § 21-39-2-4. Purdue has the authority to "govern, by regulation or other means, the conduct of students, faculty, employees, and others while upon property owned, used, or occupied by [Purdue]." Ind. Code § 21-39-2-2.

[2] Purdue University is an arm of the state of Indiana. *Kashani v. Purdue Univ.*, 813 F.2d 843, 845 (7th Cir. 1987); *Severson v. Bd. of Trs. of Purdue Univ.*, 777 N.E.2d 1181, 1193 (Ind. Ct. App. 2002). As an arm of the state, Purdue University is not a citizen, so there is no diversity jurisdiction. *See*, *e.g.*, *Bd. of Trs. of Univ. of Ill. v. Micron Tech., Inc.*, No. 2:11-CV-2288, 2016 WL 9686053, at *2 n.4 (C.D. Ill. March 28, 2016) (citations omitted).

[3] *See Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 542 (2002) ("[28 U.S.C.] § 1367(a)'s grant of [supplemental] jurisdiction does not extend to claims against nonconsenting state defendants."); *Vance v. Ball State Univ.*, No. 1:09-CV-01501, 2012 WL 29148, at *2 (S.D. Ind. Jan. 5, 2012) ("The Eleventh Amendment prohibits the Court from adjudicating those state-law claims where, as here, the state agency objects.") (applying *Raygor*, *supra*); *Bull v. Bd. of Trs. of Ball State Univ.*, No. 1:10-CV-00878, 2011 WL 6740549, at *4 (S.D. Ind. Dec. 22, 2011) (same).

### b.     No actionable controversy regarding Purdue enrollment.

There is no actionable controversy between John Doe and any of the named Defendants regarding John Doe's eligibility to enroll at Purdue University.

Paragraph 47 of the Amended Complaint alleges that John Doe was suspended "from Defendant Purdue commencing June 13, 2016 for one full academic year; that he was to have no contact with Jane Doe until she completes her current academic program; that "as a condition of re-entry, John Doe would be required to complete a 90-minute bystander intervention training or equivalent program offered by" Purdue; and "as a condition of re-entry, John Doe would be required to meet with Chris Greggila, Assistant Director of CARE during the first semester of return."

The Complaint does not allege that any of these circumstances presents an actionable controversy between John Doe and Defendants. Obviously the 2016-17 academic year suspension concluded long ago. John Doe does not allege that Jane Doe is even enrolled at Purdue, nor that the specified restriction on contact with her is an obstacle to John Doe's re-enrollment. John Doe does not allege any controversy regarding completion of the 90-minute bystander training or meeting with non-party Chris Greggila following his re-enrollment. Therefore, the Complaint fails to allege any actionable controversy for "ordering the end of the suspension subject to any readmission requirements."

Further, there is no actionable controversy based upon hypothetical future obstacles to enrollment. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 97 (2013) ("'conjectural or hypothetical' speculation does not give rise to the sort of 'concrete' and 'actual' injury necessary to establish Article III standing"); *City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983) (no standing for claim based "conjectural" or "hypothetical" event); *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th

Cir.1992) ("[F]ederal courts may only adjudicate 'cases or controversies' and may not render advisory opinions.").

### c. No standing for injunction against future disciplinary process.

The law of the case is that "John doesn't have standing" for "an injunction enjoining violations of the Fourteenth Amendment in the process of investigating and adjudicating sexual misconduct complaints" because he has not alleged "that Purdue would again investigate him for sexual misconduct, much less that any such investigation would violate due process." *Doe*, 928 F.3d at 666. The Amended Complaint alleges nothing new or different from the original Complaint in this respect, so this standing defect requires dismissal of John's action to "enjoin[] future due process violations in the process of investigating and adjudicating the sexual misconduct complaint that is the subject of this action."

## Conclusion

For these reasons, Defendants respectfully urge the Court to dismiss all claims of Plaintiff's Amended Complaint (ECF No. 51), except Plaintiff's Title IX claim for damages.

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (No. 18973-79)
Tyler L. Jones (No. 34656-29)
James F. Olds (No. 27989-53)
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
        tlj@stuartlaw.com
        jfo@stuartlaw.com
Telephone: 765.423.1561
***Attorneys for Defendants***

1242205