# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 2:17-CV-33-JPK |
| | ) |
| PURDUE UNIVERSITY, *et al.*, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Verified Motion for Issuance of a Subpoena [DE 45], filed by Defendants Purdue University ("Purdue"), *et al.*, on August 15, 2019. Plaintiff John Doe filed a response on September 3, 2019, and Defendants filed their reply on September 4, 2019. In the instant motion, Defendants request that the Court issue a subpoena directing non-parties the United States Navy ("Navy"), Naval Reserve Officers Training Corps (NROTC), and Purdue Naval Reserve Officers Training Corps ("Purdue NROTC") to produce certain documents that may be in their possession. For the following reasons, the motion is granted.

## BACKGROUND

On November 15, 2017, Magistrate Judge Paul R. Cherry granted Defendants' previous motion to dismiss and dismissed the case without prejudice. On June 28, 2019, the Seventh Circuit Court of Appeals reversed and remanded this matter for further proceedings. Defendants represent that, following the Court of Appeals' decision, they contacted the Navy General Counsel's office to determine whether the Navy, NROTC, or Purdue NROTC was the custodian of any records pertaining to Plaintiff, and further whether those parties would comply with a request for production and subpoena *duces tecum* issued by defense counsel. (Mot. Subpoena 3, ECF No. 45).[1]

---

[1] Page numbers refer to the page numbers assigned by the filer, which are found in the footer, and not the page numbers assigned by the Court's CM/ECF system.

The Navy General Counsel's office informed defense counsel that Purdue NROTC had responsive documents, but that either a release from Plaintiff or a judge-executed subpoena would be necessary before documents could be produced. *Id.* Following several communications, Plaintiff informed Defendants that he would not execute such a release, and thus Defendants filed the instant motion. *Id.* at 3-4.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iii), a party may serve a subpoena commanding a non-party to testify at a deposition and produce designated documents. Rule 45(d)(3)(A)(iv) requires a court to quash or modify a subpoena based on a timely motion if the subpoena subjects a person to an undue burden. Factors considered in determining whether a subpoena is unduly burdensome include non-party status, relevance, the issuing party's need for the discovery, and the breadth of the request. *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015). The party seeking to quash the subpoena bears the burden of proving that it is unduly burdensome or that the information sought is privileged. *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012).

The broad scope of discovery, which applies to discovery requests sent to non-parties as well as parties, permits a party to seek information

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The limits and breadth of discovery expressed in Rule 26 are applicable to non-party discovery under Rule 45." *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 307 (S.D. Ind. 2016). When a party seeks discovery that is "unreasonably cumulative

or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or is outside of the scope of discovery, the Court must limit discovery. Fed. R. Civ. P. 26(b)(2)(C).

The Seventh Circuit Court of Appeals has stated that "there is a strong public policy in favor of disclosure of relevant materials." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). The Court of Appeals has further instructed that "[b]efore restricting discovery, the court should consider 'the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truthseeking function' in the particular case before the court." *Id.* (internal citations omitted).

The Seventh Circuit Court of Appeals remanded this matter for consideration of whether, *inter alia*, Defendants violated the Fourteenth Amendment by depriving Plaintiff of a liberty interest: the freedom to pursue naval service, his career of choice. *Doe v. Purdue Univ.*, 928 F.3d 652, 661-63 (7th Cir. 2019). Defendants argue that the documents at issue are relevant to this question. Specifically, Defendants represent that, in their belief, the Navy, NROTC, or Purdue NROTC has documents pertaining to the following: (1) an investigation of Plaintiff, regarding his alleged sexual assault of Jane Doe, (2) Plaintiff's service record with Purdue NROTC, (3) Plaintiff's student file, (4) a "disenrollment package," and (5) emails and statements from Plaintiff and Jane Doe. (Mot. Subpoena 4, ECF No. 45). As discussed below, Plaintiff disputes this, most notably by asserting that there is no such "disenrollment package."

Defendants note that the Complaint alleges that Plaintiff lost a scholarship and future career opportunities due to Purdue's investigation. *Id.* at 5. Accordingly, documents pertaining to the value and terms of this scholarship, such as those that may be in Plaintiff's "disenrollment package" and related emails, and the extent and nature of any career opportunities with the Navy

are relevant to proving or defending against the allegations in the Complaint. *Id.* at 5-6. Defendants assert that Purdue NROTC's student file and service record are also likely to contain information regarding the dates Plaintiff entered the program and his official status when he left, and that such documents are germane to the question of whether Plaintiff's resignation from the program was voluntary. *Id.* at 6. Further, Defendants explain that the documents sought will confirm whether Purdue NROTC or the Navy has any additional facts concerning Plaintiff's interactions with Jane Doe. *Id.*

Defendants contend that the relevant factors in Federal Rule of Civil Procedure 26 justify the Court's execution of the requested subpoena. Defendants explain that the Navy is the primary and potentially only entity with access to all the documents sought by the subpoena, and in their absence Defendants will have only Plaintiff's characterizations of his relationship and past dealings with the Navy and Purdue NROTC. *Id.* Defendants argue that these documents are necessary to ensure the parties are equally placed to present and defend claims. *Id.*

In response, Plaintiff argues that Defendants are attempting to "engage in a fishing expedition in an effort to come up with something to avoid the U.S. Court of Appeals for the Seventh Circuit rul[ing] in this case recognizing Plaintiff John Doe's constitutionally protected 'stigma-plus' liberty interest and rejecting Defendants' attack upon that interest." (Mem. Opp'n 1, ECF No. 53). Plaintiff contends that none of the five categories of documents noted by Defendants justify the authorization of the "proposed broad subpoena," stating: (1) the only investigation into Plaintiff's alleged misconduct was conducted by Purdue; there was no separate Navy investigation or proceeding, (2) NROTC has no documents material to this case that were not sent to it by Purdue, (3) Plaintiff's student file is with Purdue, not NROTC, (4) there is no "disenrollment package," and (5) emails and statements from Plaintiff and Jane Doe were collected by Purdue

4

investigators, not NROTC. *Id.* at 17-18. Plaintiff asserts that "[t]he statement of these categories make it seem that Defendants wish to pretend that it was the Navy ROTC that conducted the sexual misconduct disciplinary proceeding and not the Purdue Defendants. Such pretense certainly does not establish relevance and justification for the proposed subpoena to the U.S. Navy." *Id.* at 18-19.

Plaintiff goes on to argue that Defendants intentionally omitted from their motion a portion of the Court of Appeals' decision in an effort to support the contention that the loss of Plaintiff's position with the NROTC and his scholarship was self-inflicted. *Id.* at 19-20. Plaintiff further asserts that this omission was "because recognition of the Seventh Circuit's specific ground of rejection of Defendants' argument calls into immediate question of what is the point in seeking now a broad subpoena to the U.S. Navy." *Id.* at 21. Plaintiff states that "Defendants may want to ignore the 800-pound gorilla in the room of the university sexual misconduct decision and sanction and re-litigate the Seventh Circuit opinion, but that is not the basis for a broad subpoena to the U.S. Navy as the first order of business in discovery." *Id.* at 22.

Finally, Plaintiff argues that Defendants' "three stated reasons" do not provide justification for the subpoena: first, Defendants' reference to the parties' Rule 26(f) Report is misguided, as the Report is no longer controlling post-remand and Defendants' statement in the Report that they desire discovery from the Navy does not provide a justification for the subpoena; second, contrary to Defendants' assertion, the Navy is not the sole entity with a complete set of the relevant documents. Rather, if any entity has the documents, it is Purdue; third, Defendants' reliance on *Does 1-5 v. City of Chicago*, 2019 WL 2173784 (N.D. Ill. May 20, 2019) is misplaced, as that case did not involve a non-party subpoena. *Id.* at 23-24.

Defendants counter that Plaintiff has failed to cite to any provision of Federal Rule of Civil Procedure 45 in opposition to the subpoena. (Reply 1, ECF No. 54). Plaintiff likewise did not cite

to any provision of Rule 26(c) to support an argument that access to his records from the relevant non-parties should be barred. *Id.* at 2. Defendants further note that they are not bound by Plaintiff's recitation of the facts, and are thus not required to accept as true Plaintiff's assertions regarding the content of the Navy's files. *Id.* Defendants additionally explain that, absent a claim of privilege, privacy, or some other personal right, Plaintiff does not have standing to challenge the issuance of a subpoena to a non-party, and Plaintiff has asserted no such claim. *Id.* at 5 (citing *Piercy v. Wilhelmi*, No. 16-MC-43-NJR, 2016 WL 9176539 at *2 (S.D. Ill. June 17, 2016)). Moreover, Defendants filed a notice with the Court demonstrating that the Navy, NROTC, and Purdue NROTC do not object to the issuance of the subpoena. *Id.* at 4 (citing (Notice, ECF No. 50)).

The Court is unpersuaded by Plaintiff's contentions. Plaintiff sets forth almost no arguments that are relevant to the Court's consideration under Rules 26 and 45. Instead, Plaintiff focuses on what he believes to be an attempt to circumvent the recent reversal and remand ruling by the Court of Appeals. If Defendants are engaged in such a tactic, it is far from apparent in the filings before the Court. It is hard to see how Defendants are making an end run around the Court of Appeals' ruling on a motion to dismiss by engaging in discovery. By definition, discovery is aimed primarily at marshaling evidence for dispositive motions and/or trial. Plaintiff makes several passing references to the subpoena as "broad." To be sure, overbreadth is a consideration under Rules 26 and 45 in that an overly broad subpoena may impose an undue burden. *See* Fed. R. Civ. P. 26(b)(1), 45(d)(1). Yet, Plaintiff offers no explanation as to why he believes the subpoena to be broad, nor does he connect this purported broadness to the imposition of a burden on himself or even the non-parties to whom the subpoena would be issued. Further, Plaintiff's argument that Defendants are already in possession of all the documents they seek—an allegation pertinent to the parties' relative access to relevant information, and thus properly considered under Rule

26(b)(1)—falls flat when countered with the lack of objection by the non-parties to whom the subpoena would be issued. Plaintiff again fails to connect his argument to any potential harm. He neither asserts that the gathering and producing of potentially duplicative material would somehow fall to him or impose an undue burden on any entity, nor does he contend that party discovery might be delayed by the issuance of an allegedly unnecessary subpoena. Absent any such arguments, the Court fails to see how Defendants' possible possession of the relevant documents would be a ground for denying Defendants' motion or otherwise quashing the subpoena in this instance.

Finally, and perhaps most critically, it is unclear whether Plaintiff has standing to challenge the issuance of the subpoena. "A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) (finding that the prosecution's standing to challenge a subpoena addressed to a non-party rested upon the prosecution's interest in preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on a witness's credibility). Conversely, "generally, a party does not have standing to quash a subpoena to a non-party" *unless* that party has a claim of privilege, privacy interest, or other personal right. *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013); *Malibu Media, LLC*, 287 F.R.D. at 516-17. "Instances that fall under the 'personal right or privilege' exception and confer standing on a party include the assertion of work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party." *Parker*, 291 F.R.D. at 187. Plaintiff neglects to set forth a single argument regarding a legitimate interest held by him that may be infringed upon if the subpoena is issued to

the relevant non-parties. He has thus failed to demonstrate to the Court that he has standing to challenge the issuance of this subpoena.

Given that the non-parties to whom the subpoena would be issued do not object to its issuance, coupled with the lack of any argument establishing that Plaintiff has standing to challenge the subpoena and his failure to persuasively assert any other relevant consideration under Rules 26 or 45, the Court can find no reason why the subpoena should not be issued.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Verified Motion for Issuance of a Subpoena [DE 45]. Under the unique circumstances of this matter, the Court will execute the subpoena attached as Exhibit E to Defendants' motion. A signed copy of the subpoena will be filed at the next docket entry.[2] The Court **AUTHORIZES** Defendants to issue the signed subpoena to non-parties the Navy, NROTC, and Purdue NROTC.

So ORDERED this 19th day of September, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

---

[2] The Court has corrected the date and signature line on the final page of the subpoena.