**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
----------------------------------------------------------x

| | |
|---|---|
| **JOHN DOE,** | CIVIL ACTION |
| | No. 2:17-cv-33-JPK |
| Plaintiff, | |
| v. | |
| **PURDUE UNIVERSITY, PURDUE** | |
| **UNIVERSITY BOARD OF TRUSTEES,** | |
| **MITCHELL ELIAS DANIELS, JR.,** in | |
| his official capacity as President of Purdue | |
| University, **ALYSA CHRISTMAS** | |
| **ROLLOCK,** in her official capacity at | |
| Purdue University**, and KATHERINE** | |
| **SERMERSHEIM,** in her official | |
| capacity at Purdue University, | |
| Defendants. | |

----------------------------------------------------------x


**PLAINTIFF JOHN DOE'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' "MOTION TO DISMISS SECTION 1983 DAMAGE
CLAIMS, DUE PROCESS CLAIMS AND INJUNCTIVE RELIEF CLAIMS"**


NESENOFF & MILTENBERG, LLP
Philip A. Byler (pro hac vice admission)
Andrew T. Miltenberg (pro hac vice admission)
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
Attorneys for Plaintiff John Doe

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ………………………………………………..…iii

INTRODUCTION ……………………………………………………………...…1

PERTINENT CASE BACKGROUND………………………………………....5

    A.   The Seventh Circuit Reinstates Section 1983 Due Process
         and Title IX Causes of Action…………………………………………5

    B.   The Amendments of the Amended Complaint Are Per The
         Seventh Circuit Opinion………………………………………….………6

THE FACTS AND THE MOTION TO DISMISS LEGAL STANDARD ……...8

ARGUMENT ……………………………………………………………………9

I.    THE SECTION 1983 DUE PROCESS CAUSE OF ACTION
     STATED IN THE AMENDED COMPLAINT DOES NOT SEEK
     DAMAGES AS RELIEF…………………………………………....9

II.    THE SEVENTH CIRCUIT DECISION HAS UPHELD
     THE DUE PROCESS CAUSE OF ACTION ON THE
     BASIS OF THE STIGMA-PLUS LIBERTY INTEREST ………………..11

III.   THERE IS NO "PROPERTY INTEREST CLAIM" IN THE
     AMENDED COMPLAINT: THE PROPERTY INTEREST
     ALLEGATIONS MERELY PRESERVE AN ISSUE THAT
     THE SEVENTH CIRCUIT RECOGNIZES IS A MATTER OF
     A SPLIT IN THE CASE AUTHORITY…………………….....………13

IV.   THE INJUNCTIVE RELIEF BEING SOUGHT
     IN THE AMENDED COMPLAINT IS PER THE
     SEVENTH CIRCUIT DECISION………….…………………….….…15

    A.   The Seventh Circuit Has Already Ruled That Expungement
         Is Relief That Is Available and That Is To Be Considered …………..15

B.   Under The Amended Complaint, John Has Standing
     For Injunctive Relief With Respect To Re-Enrollment………………20

C.   Under The Amended Complaint, John Has Standing For
     For Injunctive Relief With Respect To Due Process and Title
     IX Violations In The Disciplinary Process For The Sexual
     Misconduct Complaint That Is The Subject Of This Action ……….24

CONCLUSION ……………………………………………………………...…25

# <u>TABLE OF AUTHORITIES</u>

**Page**

<u>Cases</u>

*Already LLC v. Nike Inc.*, 568 U.S. 85 (2013) ……..…………………………….22-23

*Amaya v. Brater*, 981 N.E.2d 1235, 123-1240 (Ind. Ct. App. 2013)…………….…14

*Board of Regents v. Roth*, 408 U.S. 564 (1972)…………………………….…..15

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) …………………………………23

*D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 684 (7th Cir. 2013)…………………9

*Doe v. Purdue*, 928 F.3d 652 (7th Cir. 2019) …………………………….………*passim*

*Doe v. Purdue*, 281 F.Supp.3d 754 (N. D. Ind. 2017), *reversed*,
    928 F.3d 652 (7th Cir. 2019) …………………………………………...…..10

*Ex Parte Young*, 209 U.S. 123 (1908) ………………...……..2, 3, 4, 6, 7, 10, 19-20

*Fryberger v. Univ. of Arkansas*, 889 F.3d 471 (8th Cir. 2018)……………………..20

*Gagne v. Trustees of Indiana Univ.,* 692 N.E.2d 489, 493 (Ind. Ct. App. 1998)….14

*Hinriches v. Whitburn*, 975 F.2d 1329 (7th Cir. 1992) …………………………23-24

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) …………………………17-18

*Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980)……………………………………18

*McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873 (7th Cir. 2012)……..…..…9, 11

*Neel v. Indiana University Board of Trustees,* 435 N.E.2d 607
    (Ind.Ct.App.1982) ……………………………………………………………14

*Reilly v. Daly*, 666 N.E.2d 439, 444 (Ind. Ct. App. 1996) …………………………14

*Yusuf v. Vassar College*, 35 F.3d 709 (2d Cir. 1994) ………………………..…19

## **Constitutional Provisions, Statutes and Rules**

42 U.S.C. § 1983 ……………………………………….…………..1, 2, 3, 4, 5, 7,
9, 10, 14, 25

Eleventh Amendment, U.S. Constitution ……………………………………2, 6, 10

Fourteenth Amendment, U.S. Constitution ……………………….……..1, 2, 3, 4, 5, 7,
9, 10, 13, 14,
15, 18, 19, 25

Rule 12(b)(6), Federal Rules of Civil Procedure …………..……………...1, 9, 25

Rule 15(a)(1)(B), Federal Rules of Civil Procedure …………..……………....6

Title IX of the Educational Amendments of 1972,
20 U.S.C. § 1681 *et seq.* …………………………………….…...1, 2, 3, 4, 5,
6, 7, 8, 15, 19,
20, 23, 25

## INTRODUCTION

Plaintiff John Doe ("John") respectfully submits this Memorandum of Law in opposition to Defendants' "motion to dismiss Section 1983 Damage Claims, Due Process Claims and Injunctive Relief Claims." Defendants' motion should be denied as contrary to the decision of the U.S. Court of Appeals for the Seventh Circuit in this case, *Doe v. Purdue*, 928 F.3d 652 (7th Cir. 2019) (Ex. A hereto). The Seventh Circuit in this case upheld causes of action for violations of due process and Title IX discrimination stated in the original Complaint and outlined proper injunctive relief. The Amended Complaint (Ex. B hereto, ECF Docket No. 51) pleads the two causes of action upheld by the Seventh Circuit for violations of due process and Title IX discrimination -- while asserting no other causes of action -- and states proper injunctive relief requests per the Seventh Circuit decision. The four arguments of Defendants are entirely misconceived, involving distorted mistreatments of the Seventh Circuit decision and the Amended Complaint.

Defendants' first argument is that the damages claim under 42 U.S.C. § 1983 in the Amended Complaint be dismissed. There is, however, no "damages cause of action under 42 U.S.C. § 1983" in the Amended Complaint. There is a cause of action under 42 U.S.C. § 1983 for constitutional due process violations for which the Prayer for Relief in the Amended Complaint requests only injunctive relief. A cause of action under 42 U.S.C. § 1983 seeking damages would require joining, as

1

Defendants, individuals in their individual capacities, which the Amended Complaint does not do so. The Amended Complaint joins three of the originally named individual Defendants for the effectuation of prospective injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908), that the Seventh Circuit, in upholding the cause of action for due process violations, recognized is available in this case as an exception to Eleventh Amendment immunity. Defendants wrongly fail to recognize *Ex Parte Young* in this context and bizarrely advocate that the Court now return to the ruling reversed by the Seventh Circuit. The pleading of damage in connection with the due process claim must be read to support injunctive relief.

Defendants' second argument is that the due process claim be dismissed because the Amended Complaint does not sufficiently plead the "stigma-plus" liberty interest. The Seventh Circuit in this case, however, upheld the pleading of the "stigma-plus" liberty interest in the original Complaint to support the application of due process requirements, and the Amended Complaint continues and supplements that pleading. Defendants are simply re-litigating an issue that was decided against them by the Seventh Circuit.

Defendants' third argument is that the "property interest claim" be dismissed. There is, however, no "property interest claim" in the Amended Complaint. The cause of action is for due process violations under 42 U.S.C. § 1983 that were noted by the Seventh Circuit after the Seventh Circuit upheld the pleading of the "stigma-

plus" liberty interest.  9288 F.3d at 661-666.  The pleading of a property interest merely preserves the issue that the Seventh Circuit recognizes has split case law authority and is not a present basis in the adjudication for recognizing due process of law requirements. That basis is provided by the "stigma-plus" liberty interest.

Defendants' fourth argument is that the injunctive relief requested in the Amended Complaint be dismissed.  The Amended Complaint, however, seeks injunctive relief per the Seventh Circuit decision, and the Seventh Circuit upheld prospective injunctive relief for the due process violations under *Ex Parte Young* and for Title IX discrimination and directed that one form of injunctive relief (expungement) be considered by the District Court on remand.  928 F.3d at 664-667, 670.  Specifically, the Seventh Circuit ruled that because John does have a "stigma-plus" liberty interest, John was stigmatized by the disciplinary adjudication finding him guilty of a sexual offense and there were constitutional due process violations, "we instruct the court to address the issue of expungement on remand." 928 F.3d at 661-664, 666-667 (Ex. A hereto).  That Defendants would have this Court blithely cast aside the directive of the Seventh Circuit to consider expungement is an indication of how ill-considered Defendants' motion is.  Similarly, now that the Amended Complaint pleads John's intention to re-enroll, prospective injunctive relief against re-enrollment requirements in the disciplinary sanction is part of removing an impediment resulting from a disciplinary sanction that was imposed in

violation of due process requirements and Title IX.  So too is prospective relief to enjoin Defendants from turning around and doing again, with respect to the sexual misconduct charge against John in this case, what Defendants did unlawfully in this case.

Too much of Defendants' motion involves distortion and misstatement of the Seventh Circuit's decision and misconceived efforts to re-litigate the issues decided by the Seventh Circuit.  It should be considered sanctionable behavior to make a motion, as Defendants do, pretending that the Seventh Circuit had not upheld *Ex Parte Young* injunctive relief and had not upheld a "stigma-plus" liberty interest based on John's obligation to authorize disclosure of the sexual misconduct decision.

Defendants posture that they are seeking to streamline the case, but that is not true at all, as Defendants would be "streamlining" the case to only a Title IX cause of action for damages contrary to the Seventh Circuit decision.  What Defendants are really doing is: (i) putting off answering the Complaint; (ii) seeking to get rid of the constitutional due process cause of action and thereby avoid having to live up to due process of law requirements -- never mind that the Seventh Circuit upheld the constitutional due process cause of action; (iii) seeking to get rid of injunctive relief -- never mind that the Seventh Circuit upheld prospective injunctive relief: and (iv) imposing costs on John for suing to vindicate his federal constitutional and Title IX rights and to require Defendants recognize constraints upon their actions grounded

4

in due process of law and non-discriminatory treatment of a male accused (wrongly) of sexual assault.

## PERTINENT CASE BACKGROUND

Because Defendants' motion rests at numerous places on a distorted treatment of the Seventh Circuit decision and the Amended Complaint, a brief review of the Seventh Circuit decision and the Amended Complaint is helpful background.

**A.**     **The Seventh Circuit Reinstates Section 1983**
        **Due Process and Title IX Causes of Action.**

Exhibit A hereto is the Seventh Circuit decision in this case. *Doe v. Purdue*, 928 F.3d 652.  The Seventh Circuit, in reviewing a grant of a motion to dismiss. reversed in significant part the Magistrate Judge's decision, reinstating Plaintiff's claims for 42 U.S.C. § 1983 violations of constitutional due process and Title IX discrimination and recognizing John's standing for prospective injunctive relief. The Seventh Circuit ruled that because John had pleaded ongoing harm of a marred record, he has standing "to expunge the finding of guilt from his disciplinary record." The Seventh Circuit further ruled that because John does have a "stigma-plus" liberty interest, John was stigmatized by the disciplinary adjudication finding him guilty of a sexual offense and there were constitutional due process violations, "we instruct the court to address the issue of expungement on remand."  928 F.3d at 661-667 (Ex. A hereto).

The Seventh Circuit, while recognizing that John had alleged facts constituting constitutional violations, stated that because John had not (yet) pleaded an intention to re-enroll, he did not (yet) have standing for lifting the conditions placed by Defendants on re-entry. The Seventh Circuit denied John's standing to enjoin sexual misconduct investigations and adjudications as to other students; and the Seventh Circuit, while leaving intact the pleading of the individual Defendants for the effectuation of prospective injunctive relief under *Ex Parte Young*, 209 U.S. 123 as an exception to the Eleventh Amendment, dismissed the individual Defendants in their individual capacities for damages purposes. 928 F.3d at 666-667 (Ex. A hereto).  The Seventh Circuit said its rulings on injunctive relief applied as well to the injunctive relief sought under Title IX.  928 F.3d at 670 (Ex. A hereto).

**B.     The Amendments of the Amended Complaint**
**Are Per The Seventh Circuit Opinion._____**

Exhibit B hereto is the Amended Complaint that was filed as of right pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.  Putting to the side correction of typographical errors and dates and wording clarity, the amendments are as follows:

1.     The Amended Complaint updates information as to John in paragraph 4, page 3 and paragraph 82 on page 44, with respect to his living with his parents and his intention to re-enroll at Defendant Purdue (but facing readmission requirements as part of the disciplinary case sanction).

2.      Per the Seventh Circuit opinion, the Amended Complaint joins three of the originally named individual Defendants necessary for the effectuation of the prospective injunctive relief under *Ex Parte Young*.   Accordingly, the case caption on page 1 is changed, and the information as to those three individual Defendants is supplemented in paragraphs 8-11 on pages 4-6 and paragraph 119-122 on pages 54-56 as to why those three individual Defendants are joined for implementation of *Ex Parte Young* prospective injunctive relief to remedy due process violations.

3.      Per the Seventh Circuit opinion, the Amended Complaint asserts the two causes of action upheld by the Seventh Circuit: (i) constitutional due process through 42 U.S.C. § 1983; and (ii) Title IX.  Accordingly, the beginning of the first paragraph 1 reflects that change, and the statement of the claims starting at paragraph 83 on page 44 going through paragraph 155 on page 66 contain only those two claims.  The statement of the "stigma-plus" liberty interest for the constitutional due process violations in paragraph 86 on pages 44-45 is expanded reflecting the Seventh Circuit's decision; the Navy's knowledge of the disciplinary proceeding and consequent actions are noted in paragraphs 25 and 32 on pages 14 and 17-18 respectively; the description of the university allegations is slightly changed in paragraph 42 on page 25.  John's obligations to Navy ROTC are expanded upon in paragraph 38 on page 22 and paragraph 76 on page 41.  The allegations that had supported the contract and promissory estoppel claims in the original Complaint are

moved in the Amended Complaint to be part of the due process claim at paragraphs 90-98 on pages 46-48, which is to preserve the property interest issue, as the Seventh Circuit recognized the split in the case law (*e.g.*, Indiana state law recognizes a university student's enrollment as property contrary to the Seventh Circuit view) and the U.S. Supreme Court may disapprove of the Seventh Circuit view.

4.    The Amended Complaint spells out the prospective injunctive relief for the due process and Title IX violations in paragraph 123 on page 56, paragraph 153 on page 65 and in the Prayer for Relief on pages 66-67.  The requested prospective injunctive relief would vacate John's disciplinary findings and decision, grant expungement of the disciplinary record from John's school records at Defendant Purdue, order the ending of the suspension subject to any readmission requirements and enjoin future due process and Title IX violations in the disciplinary process for the sexual misconduct complaint that is the subject of this action (so that Defendants cannot turn around and do again with respect to the sexual misconduct charge against John in this case what Defendants did in this case).

## THE FACTS AND THE MOTION TO DISMISS LEGAL STANDARD

Defendants say the facts are summarized in the Seventh Circuit opinion.  (Dfs Mem. 1.)  The Seventh Circuit does summarize the factual allegations stated in the Complaint, and while there is now an Amended Complaint, the factual allegations

of the Complaint are carried forward in the Amended Complaint, albeit with some supplementation as indicated above.

Defendants have made a motion to dismiss.  The Seventh Circuit in *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 (7th Cir. 2012), stated the applicable standard, which requires "construing the complaint in the light most favorable to the plaintiffs, accepting as true all well-pleaded facts, and drawing reasonable inferences in the plaintiffs' favor." *Accord*:  *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 684 (7th Cir. 2013).

<u>**ARGUMENT**</u>

Defendants' "motion to dismiss Section 1983 Damage Claims, Due Process Claims and Injunctive Relief Claims" should be denied for the reasons that follow.

**I.**

**THE SECTION 1983 DUE PROCESS CAUSE OF ACTION STATED IN THE AMENDED COMPLAINT DOES NOT SEEK DAMAGES AS RELIEF**

Defendants' first argument is that Plaintiff's "Section 1983 damage claim" must be dismissed." (Dfs. Mem. 2-4.)  The short answer to Defendants is as follows: (i) there is no "Section 1983 damages claim" in the Amended Complaint; (ii) there are two causes of action pleaded in the Amended Complaint, "Count I" under 42 U.S.C. § 1983 for constitutional due process violations and "Count II" for Title IX discrimination; and (iii) the cause of action under 42 U.S.C. § 1983 for constitutional due process violations in the Amended Complaint seeks only injunctive relief.

9

Paragraph 123 of the Amended Complaint pleads an entitlement to an injunction.  (Ex. B hereto, ¶ 123, p. 56).  The Prayer for Relief in the Amended Complaint requests only injunctive relief for the cause of action under 42 U.S.C. § 1983 for constitutional due process violations. (Ex. B hereto, p. 66.) A cause of action under 42 U.S.C. § 1983 seeking damages would require joining, as Defendants, individuals in their individual capacities, which the Amended Complaint does not do so.  The Amended Complaint joins three of the originally named individual Defendants for the effectuation of prospective injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908), that the Seventh Circuit, in upholding the cause of action for due process violations, recognized is available in this case as an exception to Eleventh Amendment immunity (Ex. B hereto, ¶¶ 7-11, 119-122, pp. 4-6, 54-56.)

Defendants dwell on the law of Eleventh Amendment immunity and who is a "person" under 42 U.S.C. § 1983 (Dfs. Mem. 3-4), but Defendants wholly omit to recognize the *Ex Parte Young* exception to Eleventh Amendment immunity that both the Magistrate Judge, 281 F.Supp.2d at 767, and the Seventh Circuit, 928 F.3d at 666-667 (Ex. A hereto) did.  Apparently, Defendants want (i) the Magistrate Judge's reversed ruling rejecting application of *Ex Parte Young* and dismissing John's due process cause of action to be reinstated and (ii) the Seventh Circuit's controlling ruling applying *Ex Parte Young* in upholding the cause of action for due process

violations to be ignored.  That apparent desire of Defendants is not one that can properly be entertained.

Defendants complain about Paragraph 125 in the Amended Complaint that is a carryover from the original Complaint and that Defendants say pleads damages. On this point in the Amended Complaint, the pleading of harm to and injury suffered by John in connection with the due process claim goes to supporting the request for injunctive relief "construing the complaint in the light most favorable to the plaintiffs, accepting as true all well-pleaded facts, and drawing reasonable inferences in the plaintiffs' favor," *McReynolds v. Merrill Lynch & Co.*, 694 F.3d at 879.

## II.

### THE SEVENTH CIRCUIT DECISION HAS UPHELD THE DUE PROCESS CAUSE OF ACTION ON THE BASIS OF THE STIGMA-PLUS LIBERTY INTEREST

Defendants' second argument is that the Amended Complaint fails to allege actionable disclosure by Defendant Purdue to the Navy and thus **the due process claim should be dismissed because the Amended Complaint does not sufficiently plead stigma-plus.**  (Dfs. Mem. 4.)  The short answer to Defendants is that they are attempting to re-litigate an issue on which the Seventh Circuit specifically ruled against them. The Seventh Circuit recognized that John was obligated to authorize disclosure, to the Navy, of Defendant Purdue's sexual misconduct case against John and the guilty finding in that case and that was "Purdue, not John" that revealed to

the Navy the guilty finding in the sexual misconduct case. The Seventh Circuit firmly rejected Defendants' contrary argument.  928 F.3d at 661-663 (Ex. A hereto).

Accordingly, the Seventh Circuit in this case upheld the pleading of the "stigma-plus" liberty interest in the Complaint to establish the cause of action for constitutional due process violations and require the application of due process requirements to the Purdue sexual misconduct disciplinary process,  928 F.3d at 661-667 (Ex. A hereto), and the Amended Complaint continues that same pleading and supplements it.  Paragraph 86 of the Amended Complaint states:

> A person has a protected liberty interest in his good name, reputation, honor, and integrity, of which he cannot be deprived without due process.  Deprivation of the protected liberty interest, identified by the "stigma-plus" test, occurs where, as here, the State inflicted reputational damage accompanied by an alteration in legal status that deprived the person of a right he previously held.  John Doe satisfies this test because Defendants inflicted reputational harm by wrongfully branding him as a sex offender and Defendants changed John Doe's legal status by suspending him, subjecting him to readmission requirements and causing the loss of his Navy ROTC scholarship. John Doe had an obligation to authorize Defendants to disclose the sexual misconduct proceedings to the Navy ROTC; and in any event, the Navy ROTC appeared to know of the sexual misconduct proceedings from Defendants as soon as Defendant Dean Semersheim's April 11, 2016 letter notice of investigation was issued to John Doe because John Doe at that point was not allowed to participate in Navy ROTC and was not allowed in the ROTC armory unless to attend a class or to meet with a Naval superior. The finding of responsibility for sexual misconduct and sanction of suspension made John Doe ineligible for Navy ROTC.

(Ex. B hereto, ¶ 86, p. 44.)

Further, Defendants' argument gives an impression at odds with facts pleaded in the Amended Complaint about the Navy's receipt of information from Purdue about the sexual misconduct case: John in April 2016 first learned at the ROTC Armory of the sexual misconduct case; John in May 2016 was placed on interim leave of absence from the Navy ROTC and signed an authorization to release information to the Navy pertaining to the sexual misconduct case; and John in June 2016 met with a Navy ROTC representative who allowed John to look at a redacted version of the investigation report that Defendants had not given to John.  (Ex. B hereto, ¶¶ 25, 38, 39, 42, 76, pp. 14, 22, 23, 25, 41-42.)  Defendants should not be making this argument given that Exhibit A to Defendants' motion for a subpoena to the Navy was a July 29, 2016 e-mail from the Navy ROTC Commander to Defendant Vice President Rollock, eight days after John's appeal had been denied by Defendant Vice President Rollock, about John's then non-responsiveness to efforts to contact him about Purdue's action.  (ECF Docket No. 45, Dfs. Mem. 1-2 & Ex. A.)

### III.

### THERE IS NO "PROPERTY INTEREST CLAIM" IN THE AMENDED COMPLAINT: THE PROPERTY INTEREST ALLEGATIONS MERELY PRESERVE AN ISSUE THAT THE SEVENTH CIRCUIT <u>RECOGNIZES IS A MATTER OF A SPLIT IN THE CASE AUTHORITY</u>

Defendants' third argument is that the Seventh Circuit bars "the property interest claim."  (Dfs. Mem. 4.)  The short answer to Defendants is as follows: (i) there is no "property interest claim" in the Amended Complaint; (ii) the cause of

13

action is under 42 U.S.C. § 1983 for due process violations that the Seventh Circuit noted based on the "stigma-plus" liberty interest that the Seventh Circuit upheld, 928 F.3d at 661-664 (Ex. A hereto); and (iii) the pleading of the property interest is not necessary for the adjudication of the due process violations under 42 U.S.C. § 1983, but rather is intended to preserve the issue of property.

The Seventh Circuit ruled that there was not in this case a specific contractual promise to support a property interest under Seventh Circuit precedent.  928 F.3d at 659-660 (Ex. A hereto). At the same time, the Seventh Circuit recognized there is a split in the case law authority on what is required for a property interest.  928 F.3d at 660 & n.2 ("The First, Sixth and Tenth Circuit have recognized a generalized property interest in higher education", citing cases) (Ex. A hereto).  The Seventh Circuit also discussed that Indiana state law takes a different view than the Seventh Circuit.  928 F.3d 652, 659-60 (Ex. A hereto).

In fact, Indiana state law is that an implied contract exists between a student and school: *Amaya v. Brater*, 981 N.E.2d 1235, 123-1240 (Ind.Ct.App.2013); *Neel v. Indiana University Board of Trustees,* 435 N.E.2d 607, 610 (Ind.Ct.App.1982). In cases involving a medical student and a law student, *Reilly v. Daly*, 666 N.E.2d 439, 444 (Ind. Ct. App. 1996), and *Gagne v. Trustees of Indiana Univ.,* 692 N.E.2d 489, 493 (Ind. Ct. App. 1998), ruled that a student's interest in pursuing an education is included within the Fourteenth Amendment's protection of liberty and property.

14

Given that the U.S. Supreme Court stated in *Board of Regents v. Roth*, 408 U.S. 564, 576-577 (1972), that "[p]roperty interests, of course, are not created by the Constitution [, r]ather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law," Plaintiff John Doe had argued that the student has a legally protected entitlement to attend the school, established by the admission and payment of tuition, secured by Indiana law, and provided procedural protections.  (App. Br. to 7th Cir., p. 30.)

The foregoing is to explain why John in the Amended Complaint has preserved the issue of property. It is not to provide a present basis in the adjudication of this case for application of due process; that is provided by the Seventh Circuit's ruling that John has a "stigma-plus" liberty interest.

## IV.

## THE INJUNCTIVE RELIEF BEING SOUGHT IN THE AMENDED COMPLAINT IS PER THE SEVENTH CIRCUIT DECISION

Defendants' fourth argument is that John's injunctive relief claims have "fatal defects." (Dfs. Mem. 5-8.)   The short answer to Defendants is as follows: (i) the Seventh Circuit upheld prospective injunctive relief sought in the Complaint for the due process violations and Title IX discrimination and has directed that one form of injunctive relief (expungement) be considered by the District Court on remand, 928 F.3d at 666-667, 670 (Ex. B hereto); and (ii) the Amended Complaint seeks

injunctive relief per the Seventh Circuit decision.  Defendants' three attacks on the pleading of injunctive relief in the Amended Complaint are without merit.

**A.  The Seventh Circuit Has Already Ruled That Expungement Is Relief That Is Available and That Is To Be Considered.**

Defendants' first attack on the pleading of injunctive relief in the Amended Complaint is that (say the Defendants) the Amended Complaint does not plead what is required for John to have standing to seek expungement.  (Dfs. Mem. 5-6.)  It is a startling argument given the Seventh Circuit's decision that, among other things, ruled that because John does have a "stigma-plus" liberty interest, John was stigmatized by the disciplinary adjudication finding him guilty of a sexual offense and there were constitutional due process violations, "we instruct the court to address the issue of expungement on remand."  928 F.3d at 661-667 (Ex. A hereto).  Yet, Defendants would have this Court ignore the directive of the Seventh Circuit to consider expungement.

Defendants, to make their argument, misstate the Seventh Circuit decision and misread the Amended Complaint contrary to motion to dismiss rules (p. 9 above).  Defendants say that John does not allege that he will be eligible to re-enroll in Navy ROTC.  (Dfs. Mem. 5.)  But what the Seventh Circuit has recognized and what John has alleged is that John was stigmatized by the disciplinary adjudication's finding that he committed a sexual offense of which he had to authorize disclosure to the Navy and was deprived of occupational liberty by being rendered ineligible for the

16

Navy. 928 F.3d at 661-663; Ex. B hereto, ¶ 86, p. 44.  Expungement will redress the injury by removing the disciplinary case finding that John committed a sexual offense and thus what caused John's ineligibility for the Navy -- which is why the Seventh Circuit directed that it be considered.  The Seventh Circuit did not state anything further was needed to obtain expungement; indeed, if more was required along the lines that Defendants argue, the Seventh Circuit would not have directed the District Court to consider expungement given that the original Complaint did not allege an intention by John to re-enroll at Purdue much less in the ROTC. Defendants are insensibly trying to rationalize shielding a constitutionally infirm disciplinary finding and record from effective prospective injunctive relief.

The case cited in this connection by Defendants, *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), does not support Defendants' argument and is way off point.  *Lujan v. Defenders of Wildlife* presented a question of standing, not permissible prospective injunctive relief.  The plaintiff Defenders of Wildlife challenged regulations limiting the geographic coverage of the Endangered Species Act to effects in the United States and on the high seas because the regulations excluded foreign countries.  504 U.S. at 558-559.  The U.S. Supreme Court thus discussed the three requirements of standing: (i) "injury in fact;" (ii) causal connection between the complained of conduct and the injury; and (iii) likelihood the injury will be redressed by a favorable decision.  504 U.S. at 560-561.  To support

17

standing, two members of the plaintiff Defenders of Wildlife submitted affidavits: one member claimed an interest in seeing the Nile crocodile in Egypt, and the other member claimed an interest in seeing endangered species in Sri Lanka.  504 U.S. at 563-564.  Justice Scalia for the Court, however, was unimpressed with the novel standing theories of "ecosystem nexus" and "animal nexus."  504 U.S. at 565-567.

Defendants nevertheless seek to buttress their attack on expungement relief by also asserting that "John Doe's due-process allegations beg the obvious question whether he violated Purdue's Anti-Harassment Policy." (Dfs. Mem. 5.)  It is a legally nonsensical assertion for at least two reasons.

*First*, a primary reason why due process is afforded and matters is so that cases are not decided "on the basis of an erroneous or distorted conception of the law or the facts."  *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980).   The disciplinary process held in this case that was lacking in due process; and accordingly, the Amended Complaint pleads that "[t]he denial of due process in this case resulted in an 'erroneous outcome' based on erroneous and distorted conception of the facts."  (Ex. B hereto, ¶ 136, p. 59.)

*Second*, no one can read the Amended Complaint without understanding that John's position is that he was wrongly accused and found in violation of Purdue's Anti-Harassment Policy and that Purdue's deficient process enabled a wrong result to occur.  The Seventh Circuit appeared to understand this point.  928 F.3d at 661-

18

664 (Ex. A hereto).   Also, a primary theory of Title IX discrimination in the Amended Complaint (and the Complaint before it) was the "erroneous outcome" challenge recognized in the case law (the lead case is *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d Cir. 1994)) because Plaintiff "was innocent and wrongly found to have committed sexual assault and gender bias was a motivating factor." (Ex. B hereto, ¶¶ 134-135, p. 59.)

Defendants' apparent lack of appreciation for the importance of due process is matched by Defendants' disturbing apparent rebellion from being subject to federal constitutional and Title IX requirements in sexual misconduct disciplinary cases.   Defendants are operating with an unhelpful misconception when asserting that "[p]resumably the Amended Complaint says nothing about a determination of innocence because John Doe's innocence -- whether he violated Purdue's Anti-Harassment Policy -- is not a federal question," citing Indiana state law on the authority of Purdue to discipline.   (Dfs. Mem. 6 & n. 1.)   The Amended Complaint says plenty about John about not committing the sexual offense of which he was accused in the course of pleading how the lack of due process violated constitutional due process and contributed to an "erroneous outcome" in violation of Title IX.   It is a federal question whether Defendants violated federal constitutional due process and Title IX: Defendants cannot discipline a student for sexual misconduct in violation of federal constitutional due process and Title IX.   *Ex Parte Young*

prospective relief can address due process violations, and Defendant Purdue is fully liable under Title IX, *see* 20 U.S.C. §§ 1681 and 1687; *Fryberger v. Univ. of Arkansas*, 889 F.3d 471 (8th Cir. 2018).

**B.    Under The Amended Complaint, John Has Standing
For Injunctive Relief With Respect To Re-Enrollment.**

Defendants' second attack on the pleading of injunctive relief in the Amended Complaint is that (say the Defendants) there is no actionable controversy regarding John's enrollment at Purdue University.  (Dfs. Mem. 7-8.)  Clearly, however, there is an actionable controversy about John being subject to the part of the disciplinary sanction regarding his re-enrollment and the disciplinary sanction exists because of the complained of constitutional due process violations and Title IX discrimination.

As noted above, the Seventh Circuit, while recognizing that John had alleged facts constituting constitutional violations, stated that because John had not (yet) pleaded an intention to re-enroll, he did not (yet) have standing for lifting the conditions placed by Defendants on re-entry.  928 F.3d at 666-667 (Ex. A hereto). As also noted above, the Amended Complaint pleads "John Doe's Intention To Re-enroll" at Defendant "Purdue and continue his education there, but is faced with readmission requirements wrongly as part of the sanction from the disciplinary proceeding against John Doe."  (Ex. B hereto, ¶¶ 4, 82, pp. 3, 44.)

That pleading in the Amended Complaint provides the basis for John's standing for prospective injunctive relief with respect to disciplinary re-enrollment

requirements following the disciplinary suspension.  Just as expungement of the disciplinary record provides prospective injunctive relief for the marred record resulting from an unconstitutionally imposed disciplinary sanction, so restraint against re-enrollment requirements in the disciplinary sanction provides prospective injunctive relief for the impediments to re-enrollment resulting from an unconstitutionally imposed disciplinary sanction.

Defendants refer to "Paragraph 47 of the Amended Complaint" (Dfs. Mem. 7), which states in full:

Dean Sermersheim's June 14, 2016 letter went on to state that Defendant Purdue does not tolerate harassment of any person in the workplace or educational environment and ordered the following sanctions against John Doe: (1) a suspension from Defendant Purdue commencing June 13, 2016 for one full academic year, which was a reflection of how detrimental John Doe's alleged conduct was to the university and which meant that John Doe was ineligible to register for any academic programs under the sponsorship of Defendant Purdue; (2) John Doe was to continue to have no contact with Jane Doe until she completes her current academic program; (3) as a condition of re-entry, John Doe would be required to complete a 90-minute bystander intervention training or equivalent program offered by the Vice President for Ethics and Compliance or Center for Advocacy, Response, and Education ("CARE"); and (4) as a condition of re-entry, John Doe would be required to meet with Chris Greggila, Assistant Director of CARE during the first semester of return.  Dean Sermersheim's June 14, 2016 letter also reminded John Doe that Defendant Purdue prohibits any overt or covert act of reprisal, discrimination, intimidation or harassment against an individual complaining of harassment or enforcing Defendant Purdue's *Anti-Harassment Policy*.  Included with Dean Sermersheim's June 14, 2016 letter was a document entitled "Re-Entry for Purdue University Students Separated from the University" providing re-entry instructions.  The sanction was disproportionate, going beyond what

21

> Jane Doe had requested, which can only be explained by an anti-male
> discriminatory bias.

Ex. B hereto, ¶ 47, pp. 27-28.)  But Defendants then assert that "[t]he Complaint

does not allege any of these circumstances presents an actionable controversy."

(Dfs. Mem. 7.)  To be sure, "the Complaint" did not allege an intention to re-enroll,

but the Amended Complaint does and thus John does have standing for lifting

conditions placed upon him for re-entry in the disciplinary sanction.

The cases cited by Defendants for "conjectural" or "hypothetical" disputes not

constituting actionable controversies are inapposite and in fact demonstrate why

there is an actionable controversy.

*Already LLC v. Nike Inc.*, 568 U.S. 85 (2013), was a trademark litigation in

which Nike Inc., an athletic footwear manufacturer, sued Already LLC, a

competitor, for trademark infringement and Already LLC counterclaimed for

trademark invalidity.  Nike Inc. then issued a covenant not to sue and moved to

dismiss its own trademark infringement claims with prejudice and to dismiss the

counterclaim for invalidity as moot.  The U.S. Supreme Court ruled that Nike Inc.'s

covenant not to sue established Nike Inc.'s cessation of enforcement and mooted

Already LLC's counterclaim and that a justiciable controversy did not exist for the

counterclaim because in that situation, the challenged behavior could not reasonably

be expected to recur.  The reference to "conjectural" or "hypothetical" disputes in

that case, 568 U.S. at 97, was in the context of a Nike Inc. covenant not to sue

22

effectively precluding further actual disputes. In distinct contrast, here, Defendants fully intend to enforce its disciplinary sanction as to re-enrollment requirements despite the fact that John's Complaint has been upheld alleging that the disciplinary sanction violated constitutional due process and Title IX.

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), was a civil rights action brought by an individual who had been subjected to a "chokehold" by police after the plaintiff was stopped for an ostensible traffic violation.  After the lawsuit was filed and after two other incidents involving use of "chokeholds," the City of Los Angeles imposed a moratorium on use of "chokeholds" by its police officers.  The U.S. Supreme Court ruled (5-4) that the plaintiff (Lyons) did not present a case or controversy, as there was no real and immediate threat that the plaintiff would again be stopped by police officers who would illegally choke him.  The reference to "conjectural" or "hypothetical" disputes in that case, 461 U.S. at 101, was in the context of a City moratorium on further offending "chokeholds."  In distinct contrast, here, Defendants fully intend to enforce its disciplinary sanction as to re-enrollment requirements despite the fact that John's Complaint has been upheld alleging that the disciplinary sanction violated constitutional due process and Title IX.

*Hinriches v. Whitburn*, 975 F.2d 1329 (7th Cir. 1992), was a civil rights action by an applicant for aid to families with dependent children (AFDC) brought against Wisconsin state officials challenging requirement that the applicant participate in

23

job training and search program notwithstanding the fact that she was engaged in home teaching in accordance with her traditionalist Roman Catholic views. The case was determined not to be "ripe" because the plaintiff applicant had not given Wisconsin an adequate opportunity to accommodate her particular religious beliefs and also had failed to explain to Wisconsin state officials exactly why her religious beliefs precluded her from participating at all in the program. Yet, in distinct contrast, here, Defendants fully intend to enforce its disciplinary sanction as to re-enrollment requirements despite the fact that John's Complaint has been upheld alleging the disciplinary sanction violated constitutional due process and Title IX.

**C.     Under The Amended Complaint, John Has Standing For
        For Injunctive Relief With Respect To Due Process and Title
        IX Violations In The Disciplinary Process For The Sexual
        <u>Misconduct Complaint That Is The Subject Of This Action.</u>**

Defendants' third attack on the pleading of injunctive relief in the Amended Complaint is that (say the Defendants) John does not have standing for enjoining future disciplinary action against John because he has not alleged Defendants would investigate him for sexual misconduct and that such investigation would violate due process. (Dfs. Mem. 8.)

Defendants misapprehend, however, what John is alleging in seeking in injunctive relief on this point. John is not seeking to bar Defendants from some hypothetical disciplinary case in the future; that would be contrary to the Seventh Circuit decision. 928 F.3d at 666 (Ex. A hereto). Rather, John's focus is far more

immediate: an order to enjoin Defendants from turning around and doing again, with respect to the sexual misconduct charge against John in this case, what Defendants did unlawfully in this case.  (Ex. B hereto, ¶ 123, p. 56.)  Arguably, such conduct would be contempt of Court, but given Defendants' reaction to this suit, it should be made clear that Defendants cannot, with respect to the sexual misconduct charge against John in this case, turn around and do again what they did here.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the Section 1983 claim for damages (the Section 1983 claim seeks only injunctive relief), Due Process claim (the Seventh Circuit has upheld) and injunctive relief (which the Seventh Circuit has upheld) should be denied, and the Court should order such other relief as deemed just and proper.

Dated: October 1, 2019   Respectfully submitted,

NESENOFF & MILTENBERG, LLP

By: */s/ Philip A. Byler*
Philip A. Byler (*pro hac vice* admission)
Andrew T. Miltenberg (*pro hac vice* admission)
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
pbyler@nmllplaw.com
amiltenberg@nmllplaw.com

***Attorneys for Plaintiff John Doe***

25