IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) |
| **DANIELS, JR.,** in his official capacity as President of | ) |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |

**RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
SECTION 1983 DAMAGE CLAIMS, DUE PROCESS CLAIMS,
AND INJUNCTIVE RELIEF CLAIMS**

Defendants, The Trustees of Purdue University, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, and Katherine Sermersheim, by counsel, reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Section 1983 Damage Claims, Due Process Claims and Injunctive Relief Claims (DE 58).

This case has pended since January 2017. In that time, John Doe has filed two complaints – the original complaint while he was serving a suspension during the 2016-17 school year, and his amended complaint in September 2019, more than two years after his suspension ended. His two complaints run to a combined total exceeding 130 pages. The June 2019 appellate ruling in this case provided John Doe a roadmap as to what claims he is permitted to plead and how he must state them for an actionable claim.

1

Despite ample opportunity and highly specific appellate guidance, John Doe fails his duty to allege well-pleaded facts on key issues. *See Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (A well-pleaded complaint must contain sufficient factual matter that, if true, states a claim to relief that is "'plausible on its face,'" and a claim is such when the factual content allows the court to draw a "'reasonable inference'" that the defendant is liable for the misconduct) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

John Doe also refuses to acknowledge the law of the case and the import of the plain language of his own Amended Complaint. Aside from his Title IX claim for damages, there is no issue to be joined between John Doe and Purdue University.[1] Because the Title IX claim pends only against Purdue, there is no issue of any kind to be joined between John Doe and the remaining Individual Defendants.

**A. Disavowal of Section 1983 damage allegation.**

John Doe does not dispute that the Amended Complaint's Section 1983 damage claim, found in Paragraph 125, was dismissed in 2017. His response to Defendants' current motion to dismiss effectively abandons Paragraph 125.

This leaves John Doe's Title IX claim as his only damage claim. In the absence of a Section 1983 damage allegation, John Doe's due-process allegations are limited to *Ex parte Young* allegations for official-capacity injunctive relief. *See generally Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1028 (7th Cir. 1996) ("[a] federal court could enjoin operation of the

---

[1] On the Title IX claim, the appellate ruling concluded: "Taken together, John's allegations raise a plausible inference that he was denied an educational benefit on the basis of his sex. To be sure, John may face problems of proof, and the factfinder might not buy the inferences that he's selling. But his claim should have made it past the pleading stage, so we reverse the magistrate judge's premature dismissal of it." *Doe v. Purdue Univ.*, 928 F.3d 652, 670 (7th Cir. 2019).

rules even if the Eleventh Amendment forbids an award of damages").

### B. Failure to meet the pleading requirement for the stigma-plus claim.

John Doe cannot state a stigma-plus claim against Purdue by merely alleging faulty procedures. John Doe does not dispute that only the "official determination of guilt, not the preceding charges or any accompanying rumors" can be the basis for a claim that Purdue "allegedly deprived John of occupational liberty." *Doe v. Purdue Univ.*, 928 F.3d 652, 662-63 (7th Cir. 2019). John Doe does not dispute that he must allege that Purdue told "the Navy about the guilty finding." *Id*. at 662. As the appellate ruling makes plain, actionable stigma hinges on the act of disclosure.[2]

Yet John Doe never alleges who disclosed his sexual-misconduct suspension to the Navy. The Amended Complaint does not allege that Purdue did so or that John Doe self-disclosed. The Amended Complaint alleges that "the Navy ROTC appeared to know of the sexual misconduct proceedings from Defendants *as soon as* Defendant Dean Semersheim's April 11, 2016 letter notice of investigation was issued." (Am. Compl., ¶86) (emphasis added). The Amended Complaint is silent on how the Navy became aware of the investigation—that is, John Doe does not allege that any of the Defendants told the Navy about the investigation or the guilty finding. The Amended Complaint fails to make out a stigma-plus allegation, because this Court is not able to draw a reasonable inference that any Defendant called the Navy's attention to

---

[2] John Doe correctly stops short of arguing that he can allege a stigma-plus claim for disclosure by someone other than Purdue. In *Olivieri v. Rodriguez*, 122 F.3d 406, 408 (7th Cir. 1997), there was "no evidence that the defendants disclosed to anyone the grounds of [John Doe's discipline]." In that case, the plaintiff could not obtain stigma-plus relief on "the largely discredited doctrine of 'compelled republication' or (more vividly) 'self-defamation,' which allows the victim of a defamation to satisfy the requirement of publication by publishing it himself to prospective employers as in the present case." *Id.* Self-publication is "inconsistent with the fundamental principle of mitigation of damages." *Id.*

impending discipline of John Doe or the outcome of that investigation, or forced John Doe to do so. Because John Doe has failed to plead a central element for a stigma-plus claim, his liberty-interest due process claim does not meet the pleading requirement imposed by the appellate ruling.

The Amended Complaint instead points to a separate determination by the Navy. John Doe alleges that the Navy knew that he was facing an allegation that, if true, would violate the Navy's zero tolerance policy on sexual harassment of Jane Doe, a fellow Navy ROTC cadet. (*Id.*, ¶76). Nothing in the appellate ruling supports a stigma-plus claim against Purdue for parallel Navy scrutiny of John Doe for potential violation of Navy rules.

The Amended Complaint does not support the inference that, but-for a disclosure by Purdue to the Navy that John Doe was suspended for sexual misconduct, John Doe would have remained in Navy ROTC at Purdue. *Doe*, 928 F.3d at 663 (foreclosure of "possibility of his re-enrollment" in Navy ROTC program is element of claim for stigma-plus test). John Doe stopped attending Purdue after his freshman year. *See generally* Am. Compl., ¶4. The Amended Complaint does not allege that John Doe would have remained eligible for Navy ROTC while not enrolled at Purdue. Therefore, John Doe has alleged nothing more than Navy ROTC ineligibility while he was not enrolled at Purdue. ROTC ineligibility due to non-enrollment does not equate to ineligibility due to stigmatization. Non-enrollment can have many causes and therefore is not a plausible fact to support a claim of stigmatization.

**C. Purdue has no obligation to answer a property-interest due-process allegation that fails to state a claim under the current law of the case.**

John Doe does not even try to argue that the law of the case permits him to proceed on a property-interest due process allegation. Apparently, his Amended Complaint persists in that allegation in the hope that a future precedent will open a door to that claim. John Doe concedes

that "[t]he Seventh Circuit ruled that there was not in this case a specific contractual promise to support a property interest under Seventh Circuit precedent." (Opp'n Mem. 14).

### D.  John Doe does not allege an injury redressable by expungement.

Litigants have a continuing obligation to ensure that subject-matter jurisdiction is present in their case, and an objection for lack of subject-matter jurisdiction may be raised at any time. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). Yet John Doe refuses to engage in the obligatory task of showing standing (in the form of redress for an actionable controversy) for his injunctive relief claims.

The appellate ruling opened the door to consideration of expungement as a remedy for a Fourteenth Amendment stigma-plus claim for deprivation of a "liberty interest". *Doe* , 928 F.3d at 667. This holding is a narrow provision for redress of the stigma-plus claim. It is specific to John Doe's representation to the appellate court that "if the guilty finding is expunged, a career in the Navy may once again be open to him." *Id.* at 666. Yet the Amended Complaint conspicuously does not assert that expungement will make him re-eligible for the Navy. (It is telling that John Doe's opposition is silent on how a due-process expungement would establish his innocence on Cadet Jane Doe's underlying allegations that—according to the Amended Complaint—were known to the Navy from an early point.) Therefore, the Amended Complaint fails the redress requirement for standing to petition for expungement as a Fourteenth Amendment stigma-plus remedy.

Expungement to redress a non-federal reputation grievance is not within the Court's subject-matter jurisdiction. By his failure to allege actionable facts for stigma-plus expungement under the Fourteenth Amendment, John Doe has failed to allege an expungement claim within

this Court's subject-matter jurisdiction.

### E.  John Doe does not allege any controversy regarding his re-enrollment.

John Doe's conclusory grievance regarding reenrollment fails to satisfy his obligation to allege well-pleaded facts showing an actionable controversy. (At most, the Amended Complaint shows that John Doe is refusing to mitigate his alleged harm by even attempting to re-enroll at Purdue at the start of the 2017-18 school year following the conclusion of his one-year suspension.) Since the Amended Complaint shows on its face that John Doe has chosen not to even attempt to re-enroll, it is impossible to construe his allegations as a controversy regarding re-enrollment.

"[T]o establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of future violations of their rights." *Scherr v. Marriott Int'l,, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (citing *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983)). The appellate court invoked this rule.  John Does "has not alleged that he intends to re-enroll at Purdue, much less that he faces a 'real and immediate threat' that Purdue would again investigate him for sexual misconduct, much less that any such investigation would violate due process." 928 F.3d at 666.

The appellate court further warned: "John also seeks to remove the conditions of re-entry imposed by Purdue as part of his discipline. John lacks standing here too. As we already noted, he has not alleged that he intends to return to Purdue—a necessary fact to demonstrate a cognizable injury from the barriers to re-entry. That said, the magistrate judge dismissed this claim without prejudice, so on remand John can seek to remedy his lack of standing by pleading the necessary facts, if he has them."  928 F.3d at 666. This requirement applies across all of John Doe's theories of relief. *Id*. at 670 ("A final note: John seeks both money damages and injunctive

6

relief for his claim under Title IX. Our earlier discussion of his entitlement to injunctive relief for his due process claim applies equally here.").

John Doe has heeded none of this. John Doe's disciplinary process at Purdue is over. He served his suspension. He has not alleged that Purdue reported its disciplinary determination to the Navy or that vacating that disciplinary determination would render him eligible to re-enroll in Navy ROTC. He has never asked for an injunction ordering Purdue to reopen Jane Doe's allegation against him. Because he has not even attempted to re-enroll at Purdue, there is no controversy about his ability to do so. The Amended Complaint alleges no real and immediate obstacle to his re-enrollment. Nor is there any allegation of a plausible factual basis to consider whether—upon re-enrollment—he would be eligible to re-enroll in Navy ROTC.

John Doe's Title IX claim is entirely retrospective. He alleges that his suspension was an act of gender bias that caused him damages. The alleged facts for that gender-bias damage claim against Purdue University do not establish any standing for prospective injunctive relief, whether against the University itself or the Individual Defendants in their official-capacities.

## Conclusion

For these reasons, Defendants respectfully urge the Court to dismiss all claims of Plaintiff's Amended Complaint (ECF No. 51), except Plaintiff's Title IX claim for damages.

Dated:  October 7, 2019 Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (18973-79)
Tyler L. Jones (34656-29)
James F. Olds (27989-53)
Stuart & Branigin, LLP
300 Main St., Ste. 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
           tlj@stuartlaw.com
           jfo@stuartlaw.com
Telephone: 765-423-1561
***Attorneys for Defendants***

1245671v2