UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CV-33-JPK |
| ) | |
| PURDUE UNIVERSITY, *et al.*, ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss *Ex Parte Young* Claim and Enter Rule 54(B) Dismissal [DE 43], filed by Defendants Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, Katherine Sermersheim, Erin Oliver, and Jacob Amberger ("the Individual Defendants") on August 13, 2019. In the instant motion, the Individual Defendants move for a dismissal of Count I of the original Complaint as to them for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 3, 2019, Plaintiff John Doe filed an Amended Complaint, as permitted pursuant to Rule 15(a)(1)(B).

"When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling." *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). Consequently, "[c]ourts routinely deny motions to dismiss as moot after an amended complaint is filed, unless a defendant wishes to apply that same motion to the amended complaint because the amended complaint has not remedied the previous deficiencies." *Trading Techs. Int'l, Inc. v. BGC Partners, Inc.*, No. 10 C 715, 2010 WL 3272842, at *1 (N.D. Ill. Aug. 17, 2010).

On September 17, 2019, Defendants filed a motion to dismiss all claims in Plaintiff's Amended Complaint, except Plaintiff's claim for damages pursuant to Title IX of the Education Amendments of 1972, noting that the Amended Complaint narrows the original Complaint by

dropping Defendants Oliver and Amberger and further dropping allegations of individual-capacity liability for the remaining Individual Defendants. The filing of Plaintiff's Amended Complaint and subsequent filing of Defendants' motion to dismiss all claims except one in the Amended Complaint renders the instant motion to dismiss the original Complaint moot.

Accordingly, the Court hereby **DENIES as moot** the Individual Defendants' Motion to Dismiss *Ex Parte Young* Claim and Enter Rule 54(B) Dismissal [DE 43]. The Court intends to rule on Defendants' Motion to Dismiss Section 1983 Damage Claims, Due Process Claims, and Injunctive Relief Claims [DE 58] in the next 45 days.

So ORDERED this 31st day of March, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT