

Ira S. Nesenoff
Andrew T. Miltenberg

Barbara H. Trapasso
Ariya M. Waxman
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Robert D. Werth
Jeffrey S. Berkowitz
Kara L. Gorycki

Philip A. Byler
*Senior Litigation Counsel*
Megan S. Goddard
*Counsel*
Rebecca C. Nunberg
*Counsel*
Marybeth Sydor
*Title IX Consultant*

May 14, 2020

**E-Filed**
Magistrate Judge Joshua P. Kolar
5400 Federal Plaza
Suite 3700
Hammond, Indiana 46320

        Re:   *Plaintiff John Doe v. Purdue University, et al.*
                <u>Civil Action No.  2:17-cv-33-JPK</u>

Dear Judge Kolar:

       The undersigned is the attorney for Plaintiff John Doe in the above-referenced action.  I write because this case needs your immediate attention.

       The basic problem is that Defendants have not answered the Amended Complaint that was filed per the Seventh Circuit opinion in this case, 928 F.3d 652 (7th Cir. 2019), that upheld causes of action for violations of constitutional due process and Title IX discrimination stated in the original Complaint and outlined proper injunctive relief, and the Seventh Circuit ruled that because Plaintiff does have a "stigma-plus" liberty interest, Plaintiff was stigmatized by the disciplinary adjudication finding him guilty of a sexual offense and there were constitutional due process violations, "we instruct the court to address the issue of expungement on remand." 928 F.3d 652, 661-664, 666-667.  Yet, the Defendants incorrectly view the Seventh Circuit opinion as not upholding much of anything and are refusing to answer 20 of 25 interrogatories and are refusing to produce highly relevant documents as to certain document requests described in Plaintiff's motion to compel and for associated relief.

       Defendants have not filed an Answer to the Amended Complaint because Defendants made another motion to dismiss last September 2019 and that has been pending since October 2019, seven months ago when Defendants sent to your Honor by email a proposed opinion (to which I objected and contained nothing that was not addressed by Plaintiff's opposition memorandum of law).  Plaintiff's position, as stated in Plaintiff's opposition memorandum of law, is that Defendants are essentially asking this Court to reverse the Seventh Circuit's opinion in this case (which is outside the jurisdiction of this Court to do), and I have assumed that the motion would be denied in due course and have been dealing with interrogatories and document production in



discovery.  But I have needed to make a motion to compel and depositions are now being noticed by Defendants: five Navy personnel next week (even though the disenrollment of Plaintiff is stated in the Navy documents due to Purdue's suspension -- nothing else -- and the only investigation report in the Navy documents is Purdue's); Plaintiff, Plaintiff's parents and Plaintiff's former roommate in early June; and Plaintiff needs to take depositions of university personnel.  But these depositions should really not be going forward without an Answer to the Amended Complaint and without Defendants' document production and interrogatory answers.
.
Defendants' response, when I assert that depositions should not go forward until Defendants have answered the Amended Complaint, is that the pending motion to dismiss is their responsive pleading.  I reply that a motion to dismiss is not a pleading but a motion that is improperly asking this Court to reverse the Seventh Circuit.  Defendants then go about noticing depositions and issuing subpoenas.

As part of the motion to compel and for associated relief, Plaintiff argues that it would be a fair exercise of discretion on the part of the Court to reset the litigation deadlines given: (i) the Covid-19 pandemic (my New York office has been closed since mid-March and still is closed); (ii) the lack of an Answer as of yet to the Amended Complaint (which Plaintiff should have before depositions); and (iii) Defendants' errant view of the Seventh Circuit opinion here slowing discovery.

Finally, contrary to Defendants' belittling of the Seventh Circuit opinion, when Secretary of the Department of Education Betsy DeVos announced new regulations on May 6, she cited three cases in support, one of which was the Seventh Circuit's opinion in this case: https://www.thecollegefix.com/betsy-devos-cites-liberal-icons-to-justify-due-process-in-new-campus-sexual-misconduct-rules/.  This case is being watched.

> **Respectfully submitted,**
> **NESENOFF & MILTENBERG, LLP**
> **By: /s/** *Philip A. Byler*
> **Philip A. Byler**
> **Andrew T. Miltenberg**
> **pbyler@nmllplaw.com**
> *Attorneys for Plaintiff John Doe*



TO:   William P. Kealey
      Tyler L. Jones
      Stuart & Branigin LLP
      wpk@stuartlaw.com
      tlj@stuartlaw.com
      *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on May 15, 2020:

William P. Kealey, Esq.
Tyler L. Jones, Esq.
James F. Olds, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: **wpk@stuartlaw.com**
       **tlj@stuartlaw.com**
       **jfo@stuartlaw.com**
*Attorneys for Defendants*

**BY:**   ☐ **U.S. Mail**     ☐ **Federal Express**

          ☐ **Hand-Delivery**    x    **Other: Email**

_____*Philip A. Byler, Esq.*_____
**Philip A. Byler, Esq.**

363 Seventh Avenue  |  Fifth Floor  |  New York, NY 10001-3904  |  T: 212.736.4500  |  F: 212.736.2260  |  nmllplaw.com