

Ira S. Nesenoff
Andrew T. Miltenberg

Barbara H. Trapasso
Ariya M. Waxman
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Robert D. Werth
Jeffrey S. Berkowitz
Kara L. Gorycki

Philip A. Byler
*Senior Litigation Counsel*
Megan S. Goddard
*Counsel*
Rebecca C. Nunberg
*Counsel*
Marybeth Sydor
*Title IX Consultant*

May 18, 2020

**E-Filed**
Magistrate Judge Joshua P. Kolar
5400 Federal Plaza
Suite 3700
Hammond, Indiana 46320

     **Re:**  *Plaintiff John Doe v. Purdue University, et al.*
        <u>Civil Action No. 2:17-cv-33-JPK</u>

Dear Judge Kolar:

  The undersigned is the attorney for Plaintiff John Doe in the above-referenced action. I write as a supplement to my letter dated May 14, 2020, to your Honor because I wish make it clear that as part of the teleconference that your Honor has graciously set for tomorrow at 3 pm Central time is Plaintiff's request that the depositions of five Navy personnel be rescheduled to a date when Plaintiff's counsel can participate in person and so that the Navy lawyer can attend in person.

  First of all, proper arrangements have not been put in place for the Navy depositions that allows for my effective participation as Plaintiff's counsel that includes my being able to present documents from the Navy production to the witnesses for questions. This is important because Plaintiff's position is that the Navy document production supports Plaintiff's case. Secondly, as the Navy lawyer has informed us yesterday, he is still under Covid-19 travel restrictions, and I believe he should be present in person because he has given counsel (both sides) instructions as to what is permissible testimony. Third, the Navy lawyer asked counsel (both sides) to send to him and to the witnesses the questions and the documents about which we wish to ask, but I do not have contact information for four of the five Navy witnesses because they are not listed on Defendants' Federal Rule 26 Initial Disclosures Statement requiring disclosure of witnesses with contact information.

  I note again that as part of the motion to compel and for associated relief, Plaintiff argues that it would be a fair exercise of discretion on the part of the Court to reset the litigation deadlines given: (i) the Covid-19 pandemic (my New York office has been closed since mid-March and still is closed); (ii) the lack of an Answer as of yet to the Amended Complaint (which Plaintiff should



have before depositions); and (iii) Defendants' errant view of the Seventh Circuit opinion here slowing discovery.

                                         **Respectfully submitted,**
                                         **NESENOFF & MILTENBERG, LLP**

                                         **By: /s/** *Philip A. Byler*
                                         **Philip A. Byler**
                                         **Andrew T. Miltenberg**
                                         pbyler@nmllplaw.com
                                         *Attorneys for Plaintiff John Doe*

TO:    William P. Kealey
           Tyler L. Jones
           Stuart & Branigin LLP
           wpk@stuartlaw.com
           tlj@stuartlaw.com
           *Attorneys for Defendants*



## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on May 18, 2020:

William P. Kealey, Esq.
Tyler L. Jones, Esq.
James F. Olds, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: **wpk@stuartlaw.com**
      **tlj@stuartlaw.com**
      **jfo@stuartlaw.com**
*Attorneys for Defendants*

**BY:**   ☐ **U.S. Mail**      ☐ **Federal Express**

         ☐ **Hand-Delivery**    x    **Other: Email**

_____*Philip A. Byler, Esq.*_____
**Philip A. Byler, Esq.**