

Ira S. Nesenoff
Andrew T. Miltenberg

Barbara H. Trapasso
Ariya M. Waxman
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Robert D. Werth
Jeffrey S. Berkowitz
Kara L. Gorycki

Philip A. Byler
*Senior Litigation Counsel*
Megan S. Goddard
*Counsel*
Rebecca C. Nunberg
*Counsel*
Marybeth Sydor
*Title IX Consultant*

May 19, 2020

**E-Filed**
Magistrate Judge Joshua P. Kolar
5400 Federal Plaza
Suite 3700
Hammond, Indiana 46320

      Re: *Plaintiff John Doe v. Purdue University, et al.*
         <u>Civil Action No. 2:17-cv-33-JPK</u>

Dear Judge Kolar:

  The undersigned is the attorney for Plaintiff John Doe in the above-referenced action. Defendants have just filed a status conference report and attached an e-mail that reflects my intention to participate in any depositions of Navy personnel despite my objection because Defendants have not answered the Amended Complaint.

  What Defendants don't deal with is that I was not asked about May 20 and May 21 and that proper arrangements still have not been put in place for the Navy depositions that allows for my effective participation as Plaintiff's counsel that includes my being able to present documents from the Navy production to the witnesses for questions -- which as my May 18 letter notes, is important because the Navy document production supports Plaintiff's case. Defendants know the problem because I have made it clear, including in my May 18 letter to the Court. The notion that there would be depositions of Navy personnel without the presentation of documents form the Navy production is absurd.

  What Defendants also don't deal with is that the Navy lawyer asked counsel (both sides) to send to him and to the witnesses the questions and the documents about which we wish to ask, but I do not have contact information for four of the five Navy witnesses because they are not listed on Defendants' Federal Rule 26 Initial Disclosures Statement requiring disclosure of witnesses with contact information.

  Of course, this is on top of the fact that Defendants are proceeding to depositions without answering the Amended Complaint.



      I note again that as part of the motion to compel and for associated relief, Plaintiff argues that it would be a fair exercise of discretion on the part of the Court to reset the litigation deadlines given: (i) the Covid-19 pandemic (my New York office has been closed since mid-March and still is closed); (ii) the lack of an Answer as of yet to the Amended Complaint (which Plaintiff should have before depositions); and (iii) Defendants' errant view of the Seventh Circuit opinion here slowing discovery.

                        **Respectfully submitted,**
                        **NESENOFF & MILTENBERG, LLP**

                        **By: /s/ Philip A. Byler**
                        **Philip A. Byler**
                        **Andrew T. Miltenberg**
                        pbyler@nmllplaw.com
                        *Attorneys for Plaintiff John Doe*

TO:    William P. Kealey
          Tyler L. Jones
          Stuart & Branigin LLP
          wpk@stuartlaw.com
          tlj@stuartlaw.com
          *Attorneys for Defendants*



## CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on May 18, 2020:

William P. Kealey, Esq.
Tyler L. Jones, Esq.
James F. Olds, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: **wpk@stuartlaw.com**
       **tlj@stuartlaw.com**
       **jfo@stuartlaw.com**
*Attorneys for Defendants*

**BY:**  ☐ **U.S. Mail**    ☐ **Federal Express**

      ☐ **Hand-Delivery**    x    **Other: Email**

____*Philip A. Byler, Esq.*_____
**Philip A. Byler, Esq.**