**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | **CIVIL ACTION** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **No. 2:17-cv-00033-JPK** |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.,** in his official capacity as President of | ) | |
| Purdue University**, ALYSA CHRISTMAS ROLLOCK,** | ) | |
| in her official capacity at Purdue University, | ) | |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) | |
| at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff John Doe (the "Plaintiff"), by and through his attorneys Nesenoff & Miltenberg, LLP, hereby responds and objects to Defendants' Second Set of Interrogatories ("Second Set Interrogatories").

**GENERAL OBJECTIONS**

The following General Objections apply to the Second Set Interrogatories as a whole, and each of the Responses herein is made subject to them:

1.     Plaintiff objects to the Second Set Interrogatories to the extent that they seek information that is not relevant to any party's claim or defense.

2.     Plaintiff objects to the Second Set Interrogatories to the extent that they seek information that  even if arguably relevant, is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

EXHIBIT B

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

      3.      Plaintiff objects to the Second Set Interrogatories to the extent they seek information that is protected by the attorney-client privilege, the work product doctrine and/or are otherwise entitled to any other applicable privilege or protection recognized by law.  Plaintiff states that any production of documents in response to the Second Set Interrogatories or made in Defendants' First Set of Interrogatories is not and cannot be construed as a waiver of any privilege or objection with respect to any request for documents. Plaintiff reserves his right to demand the return of any privileged documents inadvertently produced.

      4.      Plaintiff objects to the Second Set Interrogatories to the extent they seek information containing, referring to, or constituting personal, confidential or proprietary information.

      5.      Plaintiff objects to the Second Set Interrogatories to the extent they are vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious.

      6.      Plaintiff incorporates by reference into its Specific Responses and Objections each General Response and Objection set forth herein. A Specific Response and Objection may repeat a General Response and Objection, but the omission of any General Response and Objection in any Specific Response and Objection shall not be construed to waive any General Response and Objection.  Any Specific Response and Objection to any Request is not to be construed as a waiver of any General Response and Objection to the Request.  Plaintiff's Responses are made without waiver of, or prejudice to, these or any additional objections that Defendant may make. All such Objections are hereby reserved, as is the right to enforce the protective order filed in this action.

8.      Plaintiff reserves all objections to relevancy, materiality and admissibility of any of the information supplied.    By supplying any information in response to the Second Set Interrogatories or made in Defendants' First Set of Interrogatories, Plaintiff does not admit that such information is relevant in this lawsuit.

9.      Plaintiff expressly reserves the right to supplement the Response to the Second Set Interrogatories should additional information come into his possession as a result of Plaintiff's or his counsel's independent efforts.

10.     To the extent that Plaintiff's Responses are incomplete, they are made subject to additional facts that will be ascertained as a result of further discovery, investigations and analysis of such facts by Plaintiff. Accordingly, Plaintiff expressly reserves the right to correct, clarify, amend or supplement the documents responsive to any of the Requests.

11.     These General Objections are deemed to continue throughout their Responses to the Second Set Interrogatories, even where no further reference to these objections is made in such responses.

**RESPONSES AND SPECIFIC OBJECTIONS**

12.     Please identify the following information concerning any cell phone primarily used or owned by the Plaintiff, since August 2015 to the present:

    a.      Its telephone number;
    b.      The name and address of your cellular telephone service provider for
            each cellular telephone number;
    c.      Your cellular telephone account number for each cellular telephone
            number; and,
    d.      The owner of the phone or whose name the phone or the phone's contract
            is listed.

**RESPONSE:**

**In addition to the General Objections stated above and incorporated herein as if fully stated, Plaintiff specifically objects that the Second Set Interrogatories seeking cell phone information are seeking information that is not relevant to the issues in this case and even if arguably somehow relevant, is not** proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**Plaintiff's cell phone information does not contain any information that is relevant to and/or non-privileged in this case. Defendants are engaged in an intrusive fishing expedition without any idea what relevant information may thereby be obtained; the only persons connected to this case with whom Plaintiff ever talked on his cell phone were his parents and his counsel. At the same time, Defendants are refusing to answer Plaintiff's interrogatories relating to gender bias for Plaintiff's Title IX claim, the person at Purdue responsible for communications with the Navy ROTC at Purdue and the amount of federal funding that Purdue received in 2016 -- all highly relevant matters in this case.**

**PLAINTIFF HEREBY RESERVES THE RIGHT TO SUPPLEMENT THE INFORMATION DISCLOSED HEREIN.**

**Dated: New York, New York**                          **NESENOFF & MILTENBERG, LLP**
    **April 10, 2020**                          **By:** _/s/ Philip A. Byler. Esq._____
                                        **Philip A. Byler, Esq. (pro hac vice)**
                                        **Andrew T. Miltenberg (pro hac vice)**
                                     **363 Seventh Avenue, Fifth Floor**
                                     **New York, New York 10001**
                                     **(212) 736-4500**
                                     **pbyler@nmllplaw.com**
                                     **amiltenberg@nmllplaw.com**

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served upon the attorneys of record for

each party to the above-entitled cause at the address shown below on April 10, 2020:


William P. Kealey, Esq.
Tyler L. Jones, Esq.
James F. Olds, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: **wpk@stuartlaw.com**
        **tlj@stuartlaw.com**
        **jfo@stuartlaw.com**

*Attorneys for Defendants*

      **BY:**  ☐  **U.S. Mail**    ☐  **Federal Express**

           ☐  **Hand-Delivery**  **x**  <u>**Other: Email**</u>


____*Philip A. Byler, Esq.*_____
**Philip A. Byler, Esq.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | CIVIL ACTION |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:17-cv-00033-JPK |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.,** in his official capacity as President of | ) | |
| Purdue University**, ALYSA CHRISTMAS ROLLOCK,** | ) | |
| in her official capacity at Purdue University, | ) | |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) | |
| at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO**
**DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff John Doe

("Plaintiff"), by and through his attorneys Nesenoff & Miltenberg, LLP, hereby responds and

objects to Defendants' Second Set of Requests for Production of Documents (the "Second Set

Requests").

**GENERAL OBJECTIONS**

1.      Plaintiff objects to the Second Set Requests to the extent that they seek documents

that are not relevant to any party's claim or defense.

2.      Plaintiff objects to the Second Set Requests to the extent that they seek documents

that  even if arguably relevant, are not proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving

1

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3.      Plaintiff objects to the Second Set Requests to the extent they seek documents that are protected by the attorney-client privilege, the work product doctrine and/or are otherwise entitled to any other applicable privilege or protection recognized by law.  Plaintiff states that any production of documents in response to these Requests or Requests made in Defendants' First Set of Requests for Production of Documents is not and cannot be construed as a waiver of any privilege or objection with respect to any request for documents. Plaintiff reserves his right to demand the return of any privileged documents inadvertently produced.

4.      Plaintiff objects to the Second Set Requests to the extent they seek the production of documents containing, referring to, or constituting personal, confidential or proprietary information.

5.      Plaintiff objects to the Second Set Requests to the extent they are vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious.

6.      Plaintiff incorporates by reference into its Specific Responses and Objections each General Response and Objection set forth herein. A Specific Response and Objection may repeat a General Response and Objection, but the omission of any General Response and Objection in any Specific Response and Objection shall not be construed to waive any General Response and Objection.  Any Specific Response and Objection to any Request is not to be construed as a waiver of any General Response and Objection to the Request.  Plaintiff's Responses are made without waiver of, or prejudice to, these or any additional objections that Defendant may make. All such Objections are hereby reserved, as is the right to enforce the protective order filed in this action.

8.      Plaintiff reserves all objections to relevancy, materiality and admissibility of any of the documents supplied.  By supplying any documents in response to the Second Set Requests or made in Defendants' First Set of Requests for Production of Documents, Plaintiff does not admit that such documents are relevant in this lawsuit.

9.      Plaintiff expressly reserves the right to supplement any document production should additional documents come into his possession as a result of Plaintiff's or his counsel's independent efforts.

10.     To the extent that Plaintiff's Second Set Responses are incomplete, they are made subject to additional facts that will be ascertained as a result of further discovery, investigations and analysis of such facts by Plaintiff. Accordingly, Plaintiff expressly reserves the right to correct, clarify, amend or supplement the documents responsive to any of the Requests.

11.     These General Objections are deemed to continue throughout their Responses to the Second Set Requests, even where no further reference to these objections is made in such responses.

## RESPONSES AND SPECIFIC OBJECTIONS

1.      All data from any Instagram account owned or operated, wholly or in part, by Plaintiff, including the account with the username ▮▮▮▮▮▮▮▮▮▮" from August 2015 to the present.  This data is the property of the Plaintiff, and may be obtained and downloaded in its entirety as set forth in the following link: https://help.instagram.com/181231772500920.

**RESPONSE**:

**In addition to the General Objections stated above and incorporated herein as if fully stated, Plaintiff specifically objects that this Second Set Document Request seeking Plaintiff's Instagram documents is seeking documents that are not relevant to the issues in this case and**

even if arguably somehow relevant, are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff's Instagram documents do not contain any information that is relevant to this case. Plaintiff, who uses a Court authorized pseudonym in the case, did not use Instagram to discuss anything connected to this case. Defendants are engaged in an intrusive fishing expedition without any idea what relevant information may thereby be obtained. At the same time, Defendants are refusing to produce documents in response Plaintiff's Document Requests that include the university investigation report in this Plaintiff's case that was hidden from Plaintiff during the investigation and that is believed to contain false information, electronically stored information (including e-mails), documents concerning events sponsored by the Center for Advocacy, Response and Education ('CARE') at Purdue in the 2015-2016 school year and concerning promotions at Purdue sponsored by CARE on their Facebook page of events in the 2015-2016 school year even though one CARE event in the 2015-2016 school year was noted in the Complaint and Amended Complaint and in the Seventh Circuit opinion, documents concerning the investigations conducted by the U.S. Department of Education's Office for Civil Rights at Purdue in the time period January 2014 to December 2017, and documents concerning the opening of sexual assault center at Purdue in or around August 2016 even though such documents show Purdue maintaining a 'victim centric' disciplinary process.

4

2.      All data from any Snapchat account owned or operated, wholly or in part, by

Plaintiff, including the account with the username "insect_magician," from August 2015 to the

present.  This data is the property of the Plaintiff, and may be obtained and downloaded in its

entirety as set forth in the following link: https://support.snapchat.com/en-US/a/download-my-

data.

**RESPONSE**:

     **In addition to the General Objections stated above and incorporated herein as if fully**

**stated, Plaintiff specifically objects that this Second Set Document Request seeking Plaintiff's**

**Snapchat documents is seeking documents that are not relevant to the issues in this case and**

**even if arguably somehow relevant, are not** proportional to the needs of the case, considering

the importance of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit.

     **Plaintiff's Snapshot documents do not contain any information that is relevant to this**

**case.  Plaintiff, who uses a Court authorized pseudonym in the case, did not use Snapshot to**

**discuss anything connected to this case.  Defendants are engaged in an intrusive fishing**

**expedition without any idea what relevant information may thereby be obtained.  At the**

**same time, Defendants are refusing to produce documents in response Plaintiff's Document**

**Requests that include the university investigation report in this Plaintiff's case that was**

**hidden from Plaintiff during the investigation and that is believed to contain false**

**information, electronically stored information (including e-mails), documents concerning**

**events were sponsored by the Center for Advocacy, Response and Education ('CARE') at**

Purdue in the 2015-2016 school year and concerning promotions at Purdue sponsored by

CARE on their Facebook page of events in the 2015-2016 school year even though one CARE

event in the 2015-2016 school year was noted in the Complaint and Amended Complaint and

in the Seventh Circuit opinion, documents concerning the investigations conducted by the

U.S. Department of Education's Office for Civil Rights at Purdue in the time period January

2014 to December 2017, and documents concerning the opening of sexual assault center at

Purdue in or around August 2016 even though such documents show Purdue maintaining a

'victim centric' disciplinary process.


**THE INSTANT PRODUCTION IS WITHOUT PREJUDICE TO AND WITH A
RESERVATION OF ALL RIGHTS TO SUPPLEMENT AND/OR AMEND PLAINTIFF'S
PRODUCTION OF DOCUMENTS ACCOMPANYING THIS RESPONSE.**


**Dated:** New York, New York
     April 10, 2020

                                **NESENOFF & MILTENBERG, LLP**

                                **By:** */s/ Philip A. Byler, Esq.*
                                    Philip A. Byler, Esq.
                                    Andrew T. Miltenberg, Esq.
                              **363 Seventh Avenue, Fifth Floor**
                              **New York, New York 10001**
                              **(212) 736-4500**
                              **pbyler@nmllplaw.com**
                              **amiltenberg@nmllplaw.com**

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served upon the attorneys of record for

each party to the above-entitled cause at the address shown below on April 10, 2020:


William P. Kealey, Esq.
Tyler L. Jones, Esq.
James F. Olds, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: **wpk@stuartlaw.com**
       **tlj@stuartlaw.com**
       **jfo@stuartlaw.com**

*Attorneys for Defendants*

BY:    ☐  U.S. Mail     ☐    Federal Express

         ☐  Hand-Delivery   x   <u>Other: Email</u>

               _____*Philip A. Byler, Esq.*_____
                **Philip A. Byler, Esq.**

7