**Stuart + Branigin**
LAWYERS

**William P. Kealey**
765.428.7077
wpk@stuartlaw.com

March 13, 2020

<u>*Via Email – pbyler@nmllplaw.com*</u>
Philip A. Byler
363 Seventh Avenue,
5th Floor
New York, New York 10001

    Re:    *John Doe v. Purdue University, et al.*

Dear Phil:

    This letter initiates meet-and-confer under Local Rule 37-1 regarding deficiencies in Plaintiff's Amended Rule 26(a) Disclosures, answers to interrogatories, and responses to document requests.  Please provide your availability for a call on these matters in the coming week.

    **I.**    **Damage discovery**

    Federal Rule of Civil Procedure 26(a)(1)(iii) requires Plaintiff to disclose "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

    On December 2, 2019 Plaintiff made a supplemental disclosure under this provision. However, the supplemental disclosure is non-compliant.

    There must be a computation "of each category of damages claimed." Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiff provides no amounts for "non-economic damages" and asserts that these amounts are "not subject to calculation."  This assertion is counter to the plain language of Rule 26(a)(1)(iii) and has been rejected by numerous courts.  *E.g.*, *Lucas v. Transamerica Life Ins. Co.*, No. 5:10-CV-76-KKC, 2011 U.S. Dist. LEXIS 126104, at *4 (E.D. Ky. Oct. 21, 2011) ("With respect to non-economic damages, although a plaintiff may be unable to 'precisely explain his quantification ... the plaintiff is required to provide specific amounts of compensatory and punitive damages he seeks.'" (citing *Richardson v. Rock City Mechanical Co.*, No. 3-09-0092, 2010 U.S. Dist. LEXIS 16647 (M.D. Tenn. Feb. 24, 2010))); *Dixon v. Bankhead*, No. 4:00CV344-WS, 2000 U.S. Dist. LEXIS 23497, at * 1 (N.D. Fla. Dec. 20, 2000), ("[i]f Plaintiff is to be permitted to testify to his intangible emotional harm, as he should be, he surely can place a dollar value on that from his own perspective. He is in a better position to do this than the jury."); *King v. City of Waycross*, No. 5:14-cv-32, 2015 U.S. Dist. LEXIS 124468, at *8-*9 (S.D.

**Stuart & Branigin LLP**
300 Main St. | Suite 900 | P.O. Box 1010 | Lafayette, Indiana 47902-1010
P: 765.423.1561 | F: 765.742.8175 | stuartlaw.com

EXHIBIT C

Ga. Sept. 17, 2015) ("For instance, in their Amended Complaint, Plaintiffs alleged the Defendant is 'liable to Plaintiffs for their resulting injuries, including physical, economic and emotional damages.' However, in their disclosures, rather than providing computations of these alleged damages and identifying any documents supporting those computations, Plaintiffs made scarce conclusory statements about the type of damages they are seeking. In so doing, Plaintiffs failed to provide the information required by Rule 26."). Please immediately supplement Plaintiff's initial disclosures to either provide a properly disclosed computation for the "non-economic damages" sought or indicate that Plaintiff does not seek a specified amount for non-economic damages.

Plaintiff's amended 26(a) disclosure next lists multiple types of damages including "future economic losses, loss of education opportunities, . . . loss of future career prospects," "prejudgment interest, attorneys' fees, expenses, costs and disbursements" but then confusingly states "these damages include but are not limited to, the following:" "Loss of future income," ($3,000,000) "Loss of Scholarships," ($100,000) and "Legal fees." ("$200,000 and counting"). These cursory round-number statements do not comply with the requirement to disclose "a computation of each category of damages claimed."

Additionally, Plaintiff has not provided the documents relied upon to compute these numbers. "[B]y its very terms Rule 26(a) requires . . . a 'computation,' supported by documents." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2nd Cir. 2006). Plaintiff must immediately produce any documents that will be cited as damage evidence.

In parallel, Interrogatory Number 7 asks Plaintiff to list the type and amount of damages Plaintiff is alleging, plus the date(s) of each alleged harm, identification of supporting documents, and witness names and contact information. Plaintiff's response to Interrogatory Number 7 is incomplete. The response does not list any amount and does not identify any supporting documents. The response lists only Plaintiff's parents as witnesses to these damages. The response does not provide any contact information.

Those omissions cannot be justified by pointing to future expert opinions. A party is not excused from making disclosures merely because it has not fully investigated the case or because its calculations may change. *See Trinidad v. Sch. City of E. Chi.*, No. 2:19-CV-90-JTM-JPK, 2019 U.S. Dist. LEXIS 158617, at *2 (N.D. Ind. Sept. 18, 2019).

Please immediately supplement Plaintiff's initial disclosure to remedy those omissions. This case has now been pending for more than three years. Plaintiff's continuing failure to comply with damage disclosure obligations will entitle Purdue to an exclusionary sanction if not promptly remedied. *See Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp.*, 2017 U.S. Dist. LEXIS 110070, *8, 2017 WL 3016385 (N.D. Ind. July 17, 2017) (citing *Design Strategy*).

II.   **Interrogatory Answers**

Interrogatory Number 4 asks for information concerning Plaintiff's rate of pay at jobs held since 2016 and, specifically, to state "[w]hether you were paid by the year, month, week,

day, hour, or otherwise and what rate . . . ." Plaintiff identified three positions but not any applicable rates of pay. Plaintiff's Answer is incomplete and must be supplemented. Additionally, the position for the salad-bar attendant only states that Plaintiff held this position during the 2017-2018 school year but provided no dates. That Answer is incomplete and must be supplemented.

Interrogatory Number 5 asked Plaintiff to "Identify every person known to or believed by you to have firsthand knowledge of the matters describe in the 'Notice of Allegations' provided to you on April 11, 2016 via letter by Dean Katherine Sermersheim, or in your 'Response' to the same, submitted via email attached to Dean Sernersheim on April 22, 2016" and continued: "For each person identified, please provide a statement summarizing what facts that person is believed to have firsthand knowledge of, and your most recent contact information (phone number, email, address, etc.) for that person." Plaintiff responded by denying that anyone has any knowledge "of the matters described in the 'Notice of Allegations' because . . . [they] are fiction." The response names only the Plaintiff and Mr. Uthuppan. The answer fails to disclose anything about the alleged knowledge of Mr. Uthuppan or Plaintiff or any other witness. Plaintiff's response amounts to hiding the substance of his case-in-chief witnesses. Such undisclosed testimony will be excluded if not promptly disclosed. Fed. R. Civ. P. 37(c)(1).

### III. Responses to Requests for Production

Plaintiff served the Defendants with his responses to Defendants' requests for production on November 8, 2019. Yet four months later, Plaintiff has still failed to produce any documents. Plaintiff responded that he would produce documents in relation to the following requests:

- Request Number 1 -- "all documents, writings, electronic records, social media posts, text messages, recordings, or things utilized or identified in responding to Defendant's First Set of Interrogatories to Plaintiff."
- Request Number 4 -- Plaintiff's "health care records relating to care, treatment or diagnoses rendered to . . . the plaintiff, for the past 10 years."
- Request Number 6 -- Plaintiff's post-Purdue educational records.
- Request Number 8 -- Plaintiff's "bills, invoices, and other documents, electronic records, recordings, or tangible things that purport to document any of [Plaintiff's] claimed damages or injuries."
- Request Number 12 -- Plaintiff's tax returns from 2015 to the present.

Plaintiff's confidentiality contention does not excuse him from producing the documents. The documents are not confidential within this case. Further, the burden on a party asserting a need for Rule 26(c) confidentiality protection is significant under controlling precedent. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002); *see, e.g., Lucas v. GM LLC*, 2019 U.S. Dist. LEXIS 125423 (N.D. Ind. July 29, 2019). The defense agrees to treat Plaintiff's document production as confidential pending your presentation of a protective order motion under *Baxter*, and we will endeavor to find common ground on which we can join in your request. But in the meantime, the documents must be produced immediately.

      Request Number 2 seeks "[a]ll correspondence, including but not limited to, emails, text messages, instant messages, letter, social media posts, between Jane Doe and you." Plaintiff claims that he has already produced "all such documents" during Purdue's investigation. However, it is obvious that Plaintiff did not in fact produce all such documents during Purdue's investigation. The earliest text message provided by Plaintiff to Purdue's investigators was dated December 23, 2015. It is inconceivable that Plaintiff and Jane Doe, who (according to Plaintiff) were in a dating relationship since August 2015, did not have any texts prior to December 23. If Plaintiff did not preserve text messages for the period prior to December 23 (the period that is at the heart of Jane Doe's allegations) Plaintiff will be answerable for spoliation of that evidence. Please immediately determine and report whether your client has made a full and complete production of documents responsive to Request Number 2.

                                            Very truly yours,

                                            William P. Kealey

1277994-1