## Doe v Purdue - discovery meet-and-confer

Kealey, William P. <WPK@stuartlaw.com>
Thu 4/23/2020 2:12 PM

**To:** Phil Byler <pbyler@nmllplaw.com>
**Cc:** Jones, Tyler L. <TLJ@stuartlaw.com>

📎 3 attachments (422 KB)
Doe v Purdue Plaintiff's Responses and Objections to Defendant's Second Set of Interrogatories 04.10.20.pdf; DOE v PURDUE Plaintiff's Objections and Responses to Defendants' Second Request for Production of Documents 04.10.20.pdf; D. O. H. v. Lake Cent. Sch. Corp._ 2014 U.S. Dist. LEXI.pdf;

Phil,

Plaintiff's interrogatory response dated April 10, like the response dated November 8, is not verified. Please provide verification pages for both documents by April 30.

Plaintiff's disclosure of his damage "computation" and supporting documents was due six months ago, according to the case management order and FRCP 26(a)(1). If not received by April 30 we will move for relief.

Your client's damage claim in his initial disclosure puts in issue everything since mid-2016 relating to his "physical", "emotional", and "psychological" status and education. The defense is entitled to inquiry broadly into every aspect of those topics for the past four years. It is well-established that a claimant who opens the door broadly must permit broad discovery of records that bear on his claims. This includes his phone and text records and social media activity. See attached *D.O.H. v. Lake Cent. Sch. Corp.* case. Your categorical objection to discovery of your client's social media and cell phone accounts has no legal basis. If you are not willing to reconsider your position, we will necessarily move to compel very soon. We are also waiting on your client's long-overdue income and medical records.

I have your sixteen-page April 8 letter about Purdue's discovery responses. I am puzzled by your statement that Purdue has refused to produce the investigation report. Have you reviewed Purdue's production? I am puzzled by your contention that your client has a Title IX claim for alleged pro-victim bias. See *Doe v. Columbia Coll. Chi.*, 299 F. Supp. 3d 939 (N.D. Ill. 2017), which was written by one of the three judges on the Seventh Circuit *Doe v. Purdue* panel. I am puzzled by your continuing contention that a case such as your client's "always entails looking at whether males are invariably found guilty at the university in these sexual misconduct cases." If that's your theory of relief, you will need to revise it because PACER shows that four women have brought Title IX lawsuits against Purdue after their allegations against males did not result in culpability for the male. I am puzzled by your arguments that the Seventh Circuit "upheld" anything. The opinion concluded, "To be sure, John may face problems of proof, and the factfinder might not buy the inferences that he's selling."

Regarding your reliance on *Yusuf* for the relevance of "patterns of decision-making that also tend to show the influence of gender", in the Seventh Circuit such evidence must compare your client to similarly situated female respondents. *Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1114 (7th Circ. 2009). See *Martin v. S. Ill. Univ. Sch. of Med.*, No. 16-CV-3294,

**EXHIBIT E**

2017 U.S. Dist. LEXIS 174828, at *28-32 (C.D. Ill. Oct. 23, 2017) (collecting cases applying the *McDonnell Douglas* framework to Title VI and IX claims). I note your April 8 letter's statement, "The events of this case relate to the 2015-2016 school year, and thus what is most relevant are the 2015-2016 statistics." Please advise whether you are willing to narrow your request for outcome data to similarly situated female respondents in the 2015-16 school year.

Your April 8 letter concludes:

> **MEET AND CONFER.**
>
> I am not going to continue to exchange letters with you concerning Plaintiff's discovery discussed in this letter; this is it.

If you change your mind and decide to talk with me, I will ask that we do so by recorded Zoom videoconference, because your April 8 letter once again reverts to intemperate rhetoric. I also ask you to review the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit. https://www.insd.uscourts.gov/sites/insd/files/Standards%20for%20Professional%20Conduct.pdf You agreed to comply with those standards when you applied for *pro hac vice* admission in this case.

Bill

**William P. Kealey**
Stuart & Branigin LLP
(765) 428-7077