## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

JOHN DOE,                              )
             Plaintiff,              )
                        )
      v.                             )    CAUSE NO.: 2:17-CV-33-JPK
                        )
PURDUE UNIVERSITY, *et al.*,           )
             Defendants.            )

### OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss Section 1983 Damage Claims, Due Process Claims, and Injunctive Relief Claims [DE 58], filed by Defendants Purdue University Board of Trustees, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, and Katherine Sermersheim. Plaintiff John Doe filed a response, and Defendants filed a reply.

Defendants filed a previous motion to dismiss [DE 43], which Plaintiff opposed on the grounds that it was mooted by the filing of an Amended Complaint [DE 51]. The Court denied Defendants' motion as moot and indicated it would turn to the instant motion. Plaintiff's Amended Complaint reasserts claims that were previously rejected by the Seventh Circuit Court of Appeals. Likewise, Defendants advance grounds to dismiss the Amended Complaint that were rejected by the Court of Appeals. Accordingly, and for the additional reasons set forth below, Defendants' Motion to Dismiss [DE 58] is granted in part and denied part.[1]

### BACKGROUND

On January 24, 2017, Plaintiff John Doe filed his original Complaint against Purdue University, Purdue University Board of Trustees, Mitchell Elias Daniels, Jr., President of Purdue,

---

[1] The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this motion pursuant to 28 U.S.C. § 636(c).

Alysa Christmas Rollock, Vice President for Ethics and Compliance at Purdue, Katherine Sermersheim, Dean of Students at Purdue, Erin Oliver, and Jacob Amberger, with all natural person Defendants facing claims both individually and as agents of Purdue University. Count I of Plaintiff's original Complaint alleged claims under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment to the United States Constitution, Count II alleged a violation of Title IX of the Education Amendments of 1972, Count III alleged breach of contract pursuant to Indiana state law, and Count IV alleged estoppel and reliance pursuant to Indiana state law.

On March 31, 2017, Defendants filed a motion to dismiss, seeking dismissal of all of Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In response, Plaintiff pursued only his claims for injunctive relief, his § 1983 claims against the natural person Defendants, and his Title IX claim against Defendant Purdue University. On November 15, 2017, the Court granted Defendants' motion to dismiss Plaintiff's original Complaint as to all counts.

On December 15, 2017, Plaintiff filed a notice of appeal. On June 28, 2019, the Seventh Circuit Court of Appeals found that Plaintiff had pleaded facts sufficient to state a claim under both § 1983, for a denial of his due process rights, and Title IX. *Doe v. Purdue Univ.*, 928 F.3d 652 (7th Cir. 2019). The Court of Appeals therefore reversed and remanded this case for proceedings consistent with its opinion. *Id.*

Upon remand, Defendants President Daniels, Vice President Rollock, Dean Sermersheim, Erin Oliver, and Jacob Amberger moved for dismissal of Count I of the original Complaint as to them. On September 3, 2019, Plaintiff filed an Amended Complaint against Defendants Purdue University, Purdue University Board of Trustees, President Daniels, Vice President Rollock, and Dean Sermersheim, with the natural person Defendants now facing claims only in their official capacities at Purdue University. On September 17, 2019, Defendants filed the instant motion to

dismiss all claims in Plaintiff's Amended Complaint except Plaintiff's claim for damages under Title IX.

In its June 28, 2019 opinion, the Seventh Circuit Court of Appeals recounted in detail the facts alleged in Plaintiff's original Complaint that were relevant to the court's decision. *Id.* at 656-58. The Amended Complaint differs from the original Complaint in few respects, and those differences, where they affect the outcome of this matter, are discussed further in the Court's analysis. Accordingly, the Court assumes familiarity with the underlying facts and only briefly discusses the allegations in the Amended Complaint, which mirror in many key aspects the original Complaint at issue before the Court of Appeals.

As explained by the Court of Appeals, "the story that follows is one-sided because the posture of the case requires it to be." *Id.* at 656. In reviewing a motion to dismiss, the Court views the facts as a plaintiff pleads them. Here, Plaintiff alleges that he and Jane Doe, both undergraduate students at Purdue University and members of Navy ROTC, had a dating relationship from the Fall 2015 semester to January 2016. (Am. Compl. ¶¶ 4, 23, 25, 38, ECF No. 51). In April 2016, Purdue informed Plaintiff of allegations that he sexually assaulted Jane Doe, which Plaintiff denied. *Id.* at ¶¶ 24-25, 34. Purdue elected to investigate Jane Doe's allegations and, following a disciplinary proceeding spanning from April to July 2016, Plaintiff was found to have violated Purdue's anti-harassment policy. *Id.* at ¶¶ 25-71. As a result, Plaintiff was suspended for one full academic year, with readmission requirements imposed should he attempt to re-enroll. *Id.* at ¶ 47. Due to this disciplinary process and eventual finding of guilt, Plaintiff was disallowed from participating in Navy ROTC, involuntarily resigned from Navy ROTC, and lost his Navy ROTC scholarship. *Id.* at ¶¶ 32, 76, 86.

Count I of the Amended Complaint alleges a claim under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 for a denial of Plaintiff's protected liberty interest in "his good name, reputation, honor, and integrity" without due process. *Id.* at ¶ 86. Plaintiff alleges that he was deprived of a protected liberty interest "because Defendants inflicted reputational harm by wrongfully branding [Plaintiff] as a sex offender and Defendants changed [Plaintiff's] legal status by suspending him, subjecting him to readmission requirements and causing the loss of his Navy ROTC scholarship." *Id.* Count I alleges a second independent basis for relief predicated upon a denial of Plaintiff's protected property interest in "pursuing his education, as well as in future educational and employment opportunities," arising from "the policies, courses of conduct, practices and understandings established by [Purdue]" and "the express and implied contractual relationship" between Plaintiff and Purdue. *Id.* at ¶¶ 87-89.

In the Prayer for Relief, as to Count I, Plaintiff requests a judgment against Defendants President Daniels, Vice President Rollock, and Dean Sermersheim awarding Plaintiff injunctions vacating Plaintiff's disciplinary findings and decision, granting an expungement of the disciplinary record from Plaintiff's school records at Purdue, ordering the end of Plaintiff's suspension subject to any readmission requirements, and enjoining future due process violations in the investigation and adjudication of the sexual misconduct allegations that are the subject of this action. *Id.* at ¶ (i), p. 66.

Count II of the Amended Complaint alleges a violation of Title IX of the Education Amendments of 1972 on the basis that an "erroneous outcome" occurred in this case because Plaintiff was innocent and wrongly found to have committed a sexual assault and because gender bias was a motivating factor in those findings. *Id.* at ¶ 135. Plaintiff alleges that Purdue "failed to conduct an adequate, reliable, and impartial investigation when it conducted its investigation of

Jane Doe's allegations and subsequent adjudication in a manner that was biased against [Plaintiff]." *Id.* at ¶ 137. Plaintiff further alleges that Purdue has created a victim-centered process that prosecutes an accused male student under a presumption of guilt and improperly places the burden of proof on the male student, and that this process deprived Plaintiff, as a male student, of educational opportunities on the basis of his sex. *Id.* at ¶ 140. Plaintiff alleges that Dean Sermersheim's responsibilities as both Dean of Students and Title IX Coordinator created a conflict of interest and, further, that placing decision making as to both the violation and sanction in one person who is both Dean of Students and Title IX Coordinator permits the decision making in specific cases to be tailored to give the appearance of vigorous Title IX enforcement and meet perceived reporting needs to the United States Department of Education Office of Civil Rights. *Id.* at ¶¶ 143-44.

In the Prayer for Relief, as to Count II, Plaintiff requests a judgment against Defendant Purdue University for money damages and injunctions vacating Plaintiff's disciplinary findings and decision, granting an expungement of the disciplinary record from Plaintiff's school records at Purdue, ordering the end of Plaintiff's suspension subject to any readmission requirements, and enjoining future Title IX violations in the investigation and adjudication of the sexual misconduct allegations that are the subject of this action. *Id.* at ¶ (ii)(a)-(b), p. 66-67.

The Seventh Circuit Court of Appeals found that Plaintiff's original Complaint alleged facts sufficient to state a claim that Purdue deprived him of a protected liberty interest in violation of the Fourteenth Amendment. As discussed further below, the allegations relevant to the Court of Appeals decision remain in the Amended Complaint. Plaintiff claims that Purdue's official determination of guilt caused his expulsion from Navy ROTC, which deprived him of the opportunity to pursue his career of choice. Plaintiff further alleges that, among other things,

Purdue's withholding of the evidence upon which it relied in adjudicating his guilt rendered the disciplinary process fundamentally unfair. On these facts—and others also contained in the Amended Complaint—the Court of Appeals found that Plaintiff stated a claim that Purdue deprived him of a protected liberty interest in violation of due process. The Court of Appeals also found that Plaintiff had standing to seek an injunction ordering Purdue to expunge the finding of guilt from his disciplinary record. Once again, the Amended Complaint repeats the necessary allegations to establish standing to seek such relief—namely, that Plaintiff's blemished record is a continuing harm for which he may seek redress.

Nonetheless, the Court of Appeals found that Plaintiff lacked standing to bring his claim for an injunction removing the conditions of re-entry imposed by Purdue, because Plaintiff had not alleged that he intended to return to the university. Here, Plaintiff's Amended Complaint has alleged sufficient facts to bring this claim: Plaintiff affirmatively states that he intends to re-enroll at Purdue. *Id.* at ¶ 82.

Finally, the Court of Appeals found that Plaintiff lacked standing to bring his claim for an injunction against future due process and Title IX violations in the process of adjudicating sexual misconduct complaints because Plaintiff had failed to allege both that he intended to return to the university and that he faced a real and immediate threat that Purdue would again investigate him for sexual misconduct, or that any such investigation, should it occur, would violate due process or Title IX. While the Amended Complaint affirmatively states that Plaintiff intends to re-enroll at Purdue, it fails to allege that Plaintiff faces a real and immediate threat of being reinvestigated for sexual misconduct in a manner that would violate his rights. Plaintiff thus once again lacks standing to seek such injunctive relief.

## STANDARD OF REVIEW

A challenge to standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1) for a lack of subject matter jurisdiction. *See Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) ("If the plaintiff lacks standing, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1)."). "The party invoking federal jurisdiction bears the burden of establishing [that jurisdiction exists]." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "Under Rule 12(b)(1), 'the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, unless standing is challenged as a factual matter.'" *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 691 (7th Cir. 2015) (quoting *Reid L. v. Ill. State Bd. of Educ.*, 358 F.3d 511, 515 (7th Cir. 2004)).

"The purpose of a motion to dismiss [pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quotation marks and citation omitted). In evaluating such a motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [his] favor." *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 862 (7th Cir. 2016) (quotation marks and citation omitted); *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion to dismiss for failure to state a claim, a complaint must comply with Rule 8(a)(2) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks and citation omitted). Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Supreme Court of the United States has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard is not analogous to a "probability requirement" but, rather, "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks, brackets, and citation omitted). The factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). To meet the plausibility standard outlined in *Twombly*, "the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556).

While it is common for complaints to include both claims and the relief sought for those claims, the focus of a motion to dismiss is on the plaintiff's claim. A demand for damages "is not itself a part of the plaintiff's claim." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002); *see* Fed. R. Civ. P. 54(c) (final judgments "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"); *Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 629 (W.D. Va. 2014) (citing *Bontkowski*, 305 F.3d at 762) ("[T]he nature of the relief included in the demand for judgment is immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted.").

## ANALYSIS

Defendants seek dismissal of all claims in Plaintiff's Amended Complaint, except the claim for damages under Title IX, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff responds that Defendants' arguments misconstrue and run contrary to the Seventh Circuit Court of Appeals decision in this matter and, therefore, Defendants' motion must be denied. The Court considers each argument in turn.

### A. Count I: Liberty Interest Claim

Defendants seek dismissal of Plaintiff's claim for a violation of procedural due process under the Fourteenth Amendment and 42 U.S.C. § 1983 for Defendants' deprivation of a protected liberty interest.

The Fourteenth Amendment provides, *inter alia*, that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Pursuant to 42 U.S.C. § 1983,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

Count I of the Amended Complaint alleges that Defendants deprived Plaintiff of a protected liberty interest: his freedom to pursue a career in the Navy. (Am. Compl. ¶¶ 86, 118, ECF No. 51). As explained by the Seventh Circuit Court of Appeals, "[t]o succeed on [the theory that Defendants deprived him of a protected liberty interest, Plaintiff] must satisfy the 'stigma plus' test, which requires him to show that the state inflicted reputational damage accompanied by an alteration in legal status that deprived him of a right he previously held." *Doe*, 928 F.3d at 661.

9

Defendants assert that the Amended Complaint fails to satisfy this stigma plus test and that, consequently, Plaintiff has failed to state a claim upon which relief can be granted. According to Defendants, "[t]he law of the case is that only the 'official determination of guilt, not the preceding charges or any accompanying rumors' can be the basis for a claim that [Defendants] 'allegedly deprived [Plaintiff] of occupational liberty.'" (Br. Supp. Mot. Dismiss 4, ECF No. 60 (quoting *Doe*, 928 F.3d at 662-63)). Further, Defendants contend that Plaintiff must allege that Purdue told the Navy about the guilty finding in order to adequately state a stigma plus claim. *Id.* Yet, while Defendants correctly quote the Court of Appeals decision to underpin their argument, they fail to address the Court of Appeals' unambiguous conclusion that Plaintiff "satisfied the 'stigma plus' test." *Doe*, 928 F.3d at 663.

The Court of Appeals definitively ruled that the allegations in the original Complaint satisfied the stigma plus test. *Id.* at 661-63. In reaching this conclusion, the Court of Appeals recounted Plaintiff's argument that he satisfied the stigma plus test

> because he allege[d] that Purdue inflicted reputational harm by wrongfully branding him as a sex offender; that Purdue changed his legal status by suspending him, subjecting him to readmission requirements, and causing the loss of his Navy ROTC scholarship; and that these actions impaired his right to occupational liberty by making it virtually impossible for him to seek employment in his field of choice, the Navy.

*Id.* at 661. The Court of Appeals noted Defendants' contention that the Navy knew about the guilty finding "only because [Plaintiff] signed a form authorizing the disclosure after the investigation began" and their argument that, "[b]ecause Plaintiff permitted the disclosure . . . , he cannot complain that Purdue stigmatized him." *Id.* Nonetheless, the Court of Appeals found that, because Plaintiff alleged he had an obligation to authorize Purdue to disclose the proceedings to the Navy, Plaintiff's case was akin to the facts in *Dupuy v. Samuels*, 397 F.3d 493 (7th Cir. 2005), in which the Court of Appeals held that "the publication requirement of the stigma-plus test was satisfied

when the plaintiffs were obligated to authorize a state agency to disclose its finding that they were child abusers to the plaintiffs' current and prospective employers." *Id.* at 662.

Defendants complain that the Amended Complaint fails to allege who disclosed Plaintiff's guilty finding to the Navy. (Resp. Pl.'s Mem. Opp'n 3, ECF No. 65). Yet, the Court of Appeals found no issue on this point in Plaintiff's original Complaint. Rather, the Court of Appeals found that the original Complaint satisfactorily alleged that "Purdue, not [Plaintiff], revealed to the Navy that it had found him guilty of sexual violence, and [Plaintiff] had a legal obligation to authorize the disclosure." *Doe*, 928 F.3d at 662. The Court of Appeals further stated that, "if what [Plaintiff] says is true, the university has stigmatized him by telling the Navy about the guilty finding." *Id.* Having found that Plaintiff demonstrated that Defendants inflicted reputational damage, the Court of Appeals then considered whether Plaintiff had shown that this stigma was accompanied by a change in legal status. *Id.* On the allegations before it, the Court of Appeals found that "[a]fter conducting an adjudicatory proceeding, Purdue formally determined that [Plaintiff] was guilty of a sexual offense. That determination changed [Plaintiff's] status: he went from a full-time student in good standing to one suspended for an academic year." *Id.* The Court of Appeals concluded:

> it was this official determination of guilt, not the preceding charges or any accompanying rumors, that allegedly deprived [Plaintiff] of occupational liberty. It caused his expulsion from the Navy ROTC program (with the accompanying loss of scholarship) and foreclosed the possibility of his re-enrollment in it. [Plaintiff] has satisfied the "stigma plus" test.

*Id.* at 662-63.

The Court of Appeals determined that Plaintiff "adequately alleged that Purdue deprived him of a liberty interest." *Id.* at 663. In reviewing the Amended Complaint, the Court can find neither omitted nor additional allegations that would change this determination. As stated above, to satisfy the stigma plus test, Plaintiff must (1) "show that the state inflicted reputational damage"

that was (2) "accompanied by an alteration in legal status that deprived him of a right he previously held." *Id.* at 661. The Court considers each point in turn.

The Amended Complaint alleges that Defendants inflicted reputational harm by wrongfully branding Plaintiff as a sex offender. (Am. Compl. ¶ 86, ECF No. 51). It further alleges that Plaintiff had a legal obligation to authorize Defendants to disclose the sexual misconduct proceedings to Navy ROTC. *Id.* at ¶¶ 38, 86. Finally, it alleges that "Navy ROTC appeared to know of the sexual misconduct proceedings *from Defendants*" at the time of issue of an April 2016 letter from Dean Sermersheim notifying Plaintiff of Jane Doe's complaint because, at that point, Plaintiff "was not allowed to participate in Navy ROTC and was not allowed in the ROTC armory unless to attend a class or to meet with a Naval superior." *Id.* at ¶ 86 (emphasis added). As before, Plaintiff has satisfactorily alleged that it was Defendants, not Plaintiff, that revealed his guilty finding to the Navy and that Plaintiff had a legal obligation to authorize this disclosure. Plaintiff has once again shown that Defendants inflicted reputational damage.

The Amended Complaint alleges that, following an adjudicatory proceeding, Dean Sermersheim formally determined that Plaintiff was guilty of a sexual offense. *Id.* at ¶ 46. This determination was upheld on appeal by Vice President Rollock. *Id.* at ¶ 70. The Amended Complaint alleges that this determination changed Plaintiff's legal status: he went from enrolled as a student at Purdue to suspended for an academic year. *Id.* at ¶¶ 4, 47, 86. Further, this determination made Plaintiff ineligible to participate in Navy ROTC, caused the loss of Plaintiff's Navy ROTC scholarship, and foreclosed the possibility of his re-enrollment in Navy ROTC. *Id.* at ¶¶ 50, 76, 86. Plaintiff has thus once again shown that the reputational damage inflicted by Defendants was accompanied by an alteration in legal status that deprived Plaintiff of a right he previously held.

The Seventh Circuit Court of Appeals held that allegations such as the ones currently before the Court satisfy the stigma plus test. Accordingly, as before, Plaintiff has satisfied the stigma plus test and has stated a claim upon which relief can be granted. The Court denies Defendants' request to dismiss Plaintiff's claim for a violation of procedural due process under the Fourteenth Amendment and § 1983.

## B. Count I: Property Interest Claim

Defendants seek dismissal of Plaintiff's claim for a violation of procedural due process under the Fourteenth Amendment and 42 U.S.C. § 1983 for deprivation of a protected property interest. As explained by the Seventh Circuit Court of Appeals,

> to demonstrate that he possesses the requisite property interest, a university student must do more than show that he has a contract with the university; he must establish that the contract entitled him to the specific right that the university allegedly took, such as the right to a continuing education or the right not to be suspended without good cause. Generalities won't do; the student's complaint must be specific about the source of this implied contract, the exact promises the university made to the student, and the promises the student made in return.

*Doe*, 928 F.3d at 660 (quotation marks and citations omitted).

Defendants argue that the Amended Complaint "fails to state a constitutional due process claim for deprivation of a protected property interest because [Plaintiff] does not allege that Purdue promised him 'the right to a continuing education or the right not to be suspended without good cause,' or that Purdue failed to honor an 'identifiable contractual promise.'" (Br. Supp. Mot. Dismiss 4, ECF No. 60 (quoting *Doe*, 928 F.3d at 660)).

Plaintiff responds that the Amended Complaint contains no property interest claim but, rather, the pleading of the property interest is intended to preserve the issue, as the Court of Appeals recognized that there is a circuit split regarding whether there is a generalized property interest in higher education. (Pl.'s Mem. Opp'n 13-14, ECF No. 63 (citing *Doe*, 928 F.3d at 659

n.2)). Plaintiff explains that the Amended Complaint has preserved the issue of a property interest but that this claim is not alleged "to provide a present basis in the adjudication of this case for application of due process." *Id.* at 15.

In their reply, Defendants state that Plaintiff does not attempt to argue that the law of the case permits him to proceed on a property interest due process allegation, and that "[Plaintiff] concedes that '[t]he Seventh Circuit [Court of Appeals] ruled that there was not in this case a specific contractual promise to support a property interest under Seventh Circuit precedent.'" (Resp. Pl.'s Mem. Opp'n 4-5, ECF No. 65 (quoting Pl.'s Mem. Opp'n 13-14, ECF No. 63)).

The Amended Complaint appears to assert a property interest claim as an independent ground for relief. (*See* Am. Compl. ¶¶ 87-125, ECF No. 51). Because Plaintiff represents that he does not intend to pursue this claim, the Court need not delve into the extent to which the Court of Appeals made clear that such a claim is unavailable to Plaintiff in this matter absent specific allegations. Accordingly, to the extent that Plaintiff's allegations regarding a property interest constitute a separate "claim," Defendants' request to dismiss the property interest claim in Count I is granted.

### C. Counts I and II: Injunctive Relief Claims

Defendants seek dismissal of Plaintiff's claims for injunctive relief in Counts I and II on the basis that Plaintiff lacks standing. Counts I and II seek injunctions vacating Plaintiff's disciplinary findings and decision, granting an expungement of the disciplinary record from Plaintiff's school records at Purdue, ordering the end of Plaintiff's suspension subject to any readmission requirements, and enjoining future due process and Title IX violations in the process

of investigating and adjudicating the sexual misconduct complaint that is the subject of this action. (Am. Compl. ¶¶ (i)-(ii), p. 66-67, ECF No. 51).[2]

Title IX of the Education Amendments of 1972 provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). The Supreme Court has established "that the 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (quoting *Lujan*, 504 U.S. at 560). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). An injury is particularized if it "affect[s] the plaintiff in a personal and individual way." *Id.* (quotation marks and citation omitted). To be concrete, an injury must actually exist, though it need not necessarily be tangible. *Id.* at 1548-49.

"[A] plaintiff must demonstrate standing for each form of relief sought. A plaintiff may have standing to pursue damages but not injunctive relief, for example, depending on the

---

[2] In their briefs, the parties seem to use "expungement" to encompass both the request for an injunction vacating Plaintiff's disciplinary findings and decision and the request for an injunction granting an expungement of the disciplinary record from Plaintiff's school records at Purdue. The Court notes that its discussion of expungement applies equally to Plaintiff's request for an injunction vacating his disciplinary findings and decision.

circumstances." *Kenseth v. Dean Health Plan*, 722 F.3d 869, 890 (7th Cir. 2013). Accordingly, "[t]o have standing for prospective injunctive relief, a plaintiff must face a real and immediate threat of future injury as opposed to a threat that is merely conjectural or hypothetical." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (quotation marks and citation omitted).

*1. Re-Enrollment*

Defendants argue that there is no actionable controversy between Plaintiff and any named Defendant regarding Plaintiff's eligibility to enroll at Purdue. Defendants note that the Amended Complaint alleges Plaintiff was suspended from Purdue commencing June 13, 2016 for one full academic year, disallowed from having contact with Jane Doe until she completed her current academic program, required to complete a 90-minute bystander intervention training or equivalent program as a condition of re-entry, and required to meet with Chris Greggila, Assistant Director of the Center for Advocacy, Response, and Education (CARE) during the first semester of return as a condition of re-entry. (Br. Supp. Mot. Dismiss 7, ECF No. 60 (citing Am. Compl. ¶ 47, ECF No. 51)). Defendants explain that the 2016-2017 academic year concluded long ago, that Plaintiff does not allege that Jane Doe is still enrolled at Purdue, and that Plaintiff does not allege that the restriction on contact with Jane Doe is an obstacle to his re-enrollment. *Id.* Defendants insist that Plaintiff does not allege any controversy regarding the required completion of bystander training or meeting with Chris Geggila. *Id.*

Defendants thus assert that the Amended Complaint fails to allege any actionable controversy for "ordering the end of the suspension subject to any readmission requirements," as stated in the Amended Complaint's Prayer for Relief. *Id.* (quoting Am. Compl. ¶¶ (i), (ii)(b), p. 66, 67, ECF No. 51). Additionally, Defendants argue that there is no actionable controversy based upon hypothetical future obstacles. *Id.*

16

The Seventh Circuit Court of Appeals found that, because the original Complaint did not allege that Plaintiff intended to re-enroll at Purdue, Plaintiff lacked standing to seek removal of the conditions of re-entry imposed by Purdue. *Doe*, 928 F.3d at 666. The Court of Appeals described the allegation of intent to re-enroll as a "necessary fact to demonstrate a cognizable injury from the barriers to re-entry" and explained that Plaintiff could "seek to remedy his lack of standing by pleading the necessary facts, if he [had] them," upon remand. *Id.*

As explained by Plaintiff, the Amended Complaint affirmatively alleges that Plaintiff intends to re-enroll at Purdue and continue his education there. (Pl.'s Mem. Opp'n 20, ECF No. 63; Am. Compl. ¶¶ 4, 82, ECF No. 51). Additionally, the Court finds that Plaintiff has sufficiently alleged that he faces a real and immediate threat of injury from the conditions of re-entry imposed by Purdue. At the very least, per the allegations in the Amended Complaint, Plaintiff would be subject to training requirements and a meeting with the CARE Assistant Director.

Defendants assert that Plaintiff's disciplinary process at Purdue is over. (Resp. Pl.'s Mem. Opp'n 7, ECF No. 65). In reviewing the Amended Complaint, accepting as true all well-pleaded facts alleged and drawing all possible inferences in Plaintiff's favor, the Court finds that this is simply not so. Should Plaintiff attempt to re-enroll at Purdue he will be faced with re-entry requirements as a continuation of the disciplinary process due to his guilty finding. (Am. Compl. ¶¶ 4, 47, ECF No. 51). Since Plaintiff alleges that this disciplinary process and guilty finding violated the Fourteenth Amendment and Title IX, any sanctions—here, the re-entry requirements—imposed as a result of that process and determination are necessarily traceable to Defendants' challenged conduct. Plaintiff has thus adequately pleaded that he faces a real and immediate threat of future injury in the form of the re-entry requirements when he attempts to re-enroll at Purdue, that this injury is traceable to the challenged conduct, and that it is likely to be

redressed by a favorable judicial decision—i.e., by the Court granting an injunction ordering the end of Plaintiff's suspension subject to any readmission requirements. Defendants' request to dismiss Plaintiff's claim for an injunction ordering the end of Plaintiff's suspension subject to any readmission requirements is denied.

*2. Expungement*

Defendants argue that Plaintiff does not have standing to petition for expungement of his disciplinary record because he has failed to establish that his alleged injury—Plaintiff's inability to pursue a career in the Navy—is likely to be redressed by a favorable judicial decision. Specifically, Defendants assert that the Amended Complaint fails to allege that a career in the Navy may be available to Plaintiff if his guilty finding is expunged. (Br. Supp. Mot. Dismiss 5, ECF No. 60). Moreover, Defendants argue that the Amended Complaint "begs the question [of] how the Navy itself would become convinced of [Plaintiff's] innocence." *Id.*

Plaintiff counters that Defendants have both misstated the Seventh Circuit Court of Appeals decision in this matter and misread the Amended Complaint. (Pl.'s Mem. Opp'n 16, ECF No. 63). Plaintiff explains that "what the [Court of Appeals] has recognized and what [Plaintiff] has alleged is that [Plaintiff] was stigmatized by the disciplinary adjudication's finding that he committed a sexual offense of which he had to authorize disclosure to the Navy," and that Plaintiff "was deprived of occupational liberty by being rendered ineligible for the Navy." *Id.* at 16-17. Plaintiff further explains that expungement will redress his injury by removing the disciplinary case finding that he committed a sexual offense, thereby removing the cause of Plaintiff's ineligibility for the Navy. *Id.* at 17.

The Court of Appeals held that Plaintiff has standing to pursue an injunction ordering university officials to expunge the finding of guilt from his disciplinary record. *Doe*, 928 F.3d at

18

666-67. The Court of Appeals specifically explained that Plaintiff's "marred record is a continuing harm for which he can seek redress." *Id.* at 666. And, further, the Court of Appeals found that Plaintiff pleaded the necessary liberty interest and instructed this Court to address the issue of expungement on remand, explicitly rejecting any claim that Plaintiff did not have standing to seek such relief. *Id.* at 666-67.

Accepting as true all well-pleaded facts alleged in the Amended Complaint and drawing all possible inferences in Plaintiff's favor, the Court finds that the Amended Complaint does allege that a career in the Navy is likely to be available to Plaintiff if his guilty finding is expunged. Defendants argue that, ultimately, such a career may not be available to Plaintiff regardless of any expungement of his record, but that is for another day. Defendants' conjecture, even if true, cannot overcome well-pleaded facts and reasonable inferences at this stage. Even crediting the arguments put forth by Defendants, the Amended Complaint has supplied "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting Plaintiff's allegations. *See Twombly*, 550 U.S. at 556; *Indep. Tr. Corp.*, 665 F.3d at 935. The Amended Complaint states that Plaintiff involuntarily resigned from Navy ROTC, effectively foreclosing his ability to pursue a career in the Navy, because he was unable to maintain the requirements for Navy ROTC after his guilty finding. (Am. Compl. ¶ 76, ECF No. 51). The obvious inference from this allegation is that, should the guilty finding be expunged, Plaintiff may once again be eligible to enroll in Navy ROTC and pursue a career in the Navy. Plaintiff has satisfactorily pleaded that he has suffered an injury in fact, that this injury is traceable to the challenged conduct of Defendants, and that this injury is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc.*, 136 S. Ct. at 1547.

Because the Court finds that Plaintiff has standing to pursue the requested injunctive relief as to expungement, it need not address Defendants' additional arguments regarding subject matter

jurisdiction on this issue.[3] Plaintiff's injunctive relief is sought as a remedy for federal claims. Perhaps he will not be able to prove those claims, but that is not an issue to decide on a motion to dismiss.

*3. Future Disciplinary Process*

The Seventh Circuit Court of Appeals found that, because the original Complaint did not allege that Plaintiff intended to re-enroll at Purdue, much less that he faced a real and immediate threat that Purdue would again investigate him for sexual misconduct or that any such investigation would violate due process or Title IX, Plaintiff did not have standing to claim the requested relief of an injunction against violations of the Fourteenth Amendment and Title IX in the process of investigating and adjudicating sexual misconduct complaints. *Doe*, 928 F.3d at 666, 670 (noting that the Court of Appeals' discussion regarding Plaintiff's entitlement to injunctive relief for his due process claim applied equally to his entitlement to injunctive relief for his Title IX claim). The Court of Appeals further explained that, even if Plaintiff *had* alleged that the threat of injury was real and immediate, he would still lack standing because, in actuality, Plaintiff was seeking to "champion the rights of other men at Purdue who might be investigated for sexual misconduct using the flawed procedures that [Plaintiff] describe[d] in his complaint." *Id.* at 666. As stated by the Court of Appeals: "[Plaintiff] plainly lacks standing to assert the Fourteenth Amendment rights of other students, even if he had alleged (which he didn't) that the threat of injury to any one of them was real and immediate." *Id.* (quotation marks and citation omitted).

---

[3] Defendants argue that Plaintiff's Amended Complaint begs the question of whether he violated Purdue's Anti-Harassment Policy. And, Defendants assert that there can be no basis under the Declaratory Judgment Act for a declaration that Plaintiff was innocent of such a violation since it is not a federal question. However, the due process allegations at issue are federal questions and Plaintiff has not sought such a declaratory judgment. Plaintiff has stated a claim that expungement is necessary for him to pursue a career in his chosen profession.

As the Court previously noted, the Amended Complaint alleges that Plaintiff intends to re-enroll at Purdue and continue his education there. (Am. Compl. ¶¶ 4, 82, ECF No. 51). Plaintiff has thus pleaded the first allegation necessary to establish standing to seek an injunction against future due process and Title IX violations in the process of investigating and adjudicating the sexual misconduct complaint that is the subject of this action. Whether Plaintiff has sufficiently alleged that he seeks to champion his own rights, rather than the rights of others, and whether he faces a real and immediate threat that Purdue will again investigate him for sexual misconduct and that any such investigation would violate due process or Title IX, however, is a different question.

The Prayer for Relief in Plaintiff's original Complaint sought an injunction against violations of the Fourteenth Amendment and Title IX "in the process of investigating and adjudicating sexual misconduct complaints." (Compl. ¶¶ (i)-(ii), p. 66-67, ECF No. 1). As discussed by the Court of Appeals, this language clearly covered sexual misconduct complaints generally and revealed that Plaintiff impermissibly sought to champion the rights of other men. Plaintiff's Amended Complaint does slightly better. The Prayer for Relief in the Amended Complaint seeks an injunction against future due process and Title IX violations "in the process of investigating and adjudicating the sexual misconduct complaint *that is the subject of this action*." (Am. Compl. ¶¶ (i), (ii)(b), p. 66, 67, ECF No. 51 (emphasis added)). Nonetheless, while Plaintiff has revised the Prayer for Relief to note that the relief sought is specific to Plaintiff, he fails to put forth any allegation that he faces a real and immediate threat that Purdue will again investigate him for sexual misconduct in a manner that would violate his rights. Even if an inference could be drawn from the allegations in the Amended Complaint that Purdue would seek to reinvestigate the claims, Plaintiff still fails to offer any allegation that such an investigation would again violate due process or Title IX. It bears repeating the Court of Appeals once more:

Plaintiff has not alleged "that he faces a 'real and immediate threat' that Purdue would again investigate him for sexual misconduct, *much less that any such investigation would violate due process.*" *Doe*, 928 F.3d at 666 (emphasis added).

In his response, Plaintiff asserts that he "is not seeking to bar Defendants from some hypothetical disciplinary case in the future," but, rather, he is seeking "an order to enjoin Defendants from turning around and doing again, with respect to the sexual misconduct charge against [Plaintiff] in this case, what Defendants did unlawfully in this case." (Pl.'s Mem. Opp'n 24-25, ECF No. 63). Plaintiff states that "it should be made clear that Defendants cannot, with respect to the sexual misconduct charge against [Plaintiff] in this case, turn around and do again what they did here." *Id.* at 25. Plaintiff's contention is unavailing. True, Plaintiff has sufficiently alleged that the requested injunctive relief applies solely to the process of investigating and adjudicating the sexual misconduct complaint that was brought specifically against him. But Plaintiff must do more: he must allege that he faces a real and immediate threat that he would be investigated in a manner violative of his rights. Plaintiff references mainly historical polices in his Amended Complaint and makes no allegation that Purdue would conduct the same investigation under its current polices. In the absence of such allegations, Plaintiff lacks standing to assert a claim for such prospective injunctive relief. *See Simic*, 851 F.3d at 738 ("To have standing for prospective injunctive relief, a plaintiff must face a real and immediate threat of future injury as opposed to a threat that is merely conjectural or hypothetical." (quotation marks and citation omitted)). Plaintiff has therefore failed to establish standing to seek an injunction prohibiting future due process and Title IX violations in the process of investigating and adjudicating the sexual misconduct complaint that is the subject of this action.

The Prayer for Relief in Counts I and II of the Amended Complaint bundle together Plaintiff's separate requests for injunctive relief pertaining to re-enrollment conditions, expungement of his record, and the investigation and adjudication of the sexual misconduct complaint. As explained above, Plaintiff has established standing to pursue injunctive relief regarding the re-enrollment conditions and expungement of his record. Nonetheless, "[a] plaintiff cannot sidestep Article III's requirements by combining a request for injunctive relief for which he *has* standing with a request for injunctive relief for which he *lacks* standing." *Salazar v. Buono*, 559 U.S. 700, 731 (2010) (Scalia, J., concurring). While he has standing to pursue injunctive relief as to re-enrollment and expungement, on the allegations in the Amended Complaint Plaintiff lacks standing to pursue his requested injunctive relief as to the investigation and adjudication of the sexual misconduct complaint that is the subject of this action. Accordingly, Defendants' request to dismiss Plaintiff's claim for such an injunction is granted.

### D. Count I: Claim for Damages Pursuant to 42 U.S.C. § 1983

Defendants seek dismissal of Plaintiff's claim for damages pursuant to 42 U.S.C. § 1983 for a violation of procedural due process under the Fourteenth Amendment. The Court turns to this issue last because it is nothing more than an ambiguity in the Amended Complaint that is easily clarified.

Defendants argue that no cause of action for damages exists against Purdue or the natural person Defendants sued in their official capacity because they are not "persons" within the meaning of § 1983. The Supreme Court has definitively held that "neither a State nor its officials acting in their official capacities are 'persons' under [42 U.S.C.] § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As noted by Defendants, courts in this jurisdiction consider Purdue to be an arm of the state of Indiana. *Wasserman v. Purdue Univ. ex rel. Jischke*, 431 F.

Supp. 2d 911, 915 (N.D. Ind. 2006) (collecting cases). Further, Count I of the Amended Complaint is brought against the natural person Defendants in their official capacity. As such, Defendants are correct that they are not "persons" within the meaning of § 1983.

Plaintiff responds that the Amended Complaint does not seek damages for the alleged violations of § 1983 outlined in Count I but, rather, seeks only injunctive relief on that Count. (Pl.'s Mem. Opp'n 9-10, ECF No. 63). Defendants correctly note that Paragraph 125 of the Amended Complaint can be read to allege that Plaintiff is "entitled to damages in an amount to be determined at trial" for the alleged violation of § 1983. (Br. Supp. Mot. Dismiss 2, ECF No. 60; Am. Compl. ¶ 125, ECF No. 51). However, the Court is persuaded by Plaintiff's explanation that the Amended Complaint nonetheless seeks only injunctive relief as to Count I. Paragraph 125 of the Amended Complaint appears to be an inadvertent holdover from the original Complaint, which Plaintiff seems to concede in his response. (*See* Compl. ¶ 106, ECF No. 1; Am. Compl. ¶ 125, ECF No. 51; Pl.'s Mem. Opp'n 11, ECF No. 63). Regardless, Paragraph 123 of the Amended Complaint alleges that Plaintiff seeks injunctive relief as to Count I, and the Prayer for Relief contains only a request for injunctive relief as to this same count.

Of course, as noted above, the Prayer for Relief does not necessarily limit the damages a plaintiff may receive. While any argument to dismiss Count I in its entirety fails due to the Court's finding that Plaintiff has standing to seek certain injunctive relief, this is not to suggest that it was improper for Defendants to raise this issue. Nonetheless, for the reasons set forth above, the Court notes that it will construe the Amended Complaint as not containing a request for damages for the alleged violations of § 1983 in Count I. No claim for monetary damages may derive from any finding on Count I.

Defendants additionally argue that the claim for damages in Count I must be dismissed because it is barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Notwithstanding the phrase 'Citizens of another State' the Supreme Court 'has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) (quoting *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974)). Accordingly, "[i]f properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Id.*

Plaintiff counters that Defendants fail to recognize the *Ex parte Young* exception to Eleventh Amendment immunity. (Pl.'s Mem. Opp'n 10-11, ECF No. 63). Under *Ex parte Young*, there is an exception to Eleventh Amendment immunity that allows for prospective injunctive relief claims against individual officials in their official capacities for ongoing constitutional violations. 209 U.S. 123, 159-60 (1908). In response, Defendants state that Plaintiff has "effectively abandon[ed] Paragraph 125 [of the Amended Complaint]" and, therefore, "[i]n the absence of a Section 1983 damage allegation, [Plaintiff's] due-process allegations are limited to *Ex parte Young* allegations for official-capacity injunctive relief." (Resp. Pl.'s Mem. Opp'n 2, ECF No. 65). Though they do not state so explicitly, Defendants thus seem to properly concede that Plaintiff may permissibly pursue injunctive relief pursuant to *Ex parte Young* and, therefore, Eleventh Amendment immunity does not require dismissal of Count I. Accordingly, Defendants'

request to dismiss Count I on this ground is denied in light of the Court's ruling on Plaintiff's standing for injunctive relief.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss Section 1983 Damage Claims, Due Process Claims, and Injunctive Relief Claims [DE 58]. The Court dismisses without prejudice (1) Plaintiff's claim for injunctive relief in Count I, *solely* as to the request for an injunction against future due process violations in the process of investigating and adjudicating the sexual misconduct complaint that is the subject of this action, for lack of standing; (2) Plaintiff's claim for injunctive relief in Count II, *solely* as to the request for an injunction against future Title IX violations in the process of investigating and adjudicating the sexual misconduct complaint that is the subject of this action, for lack of standing; and (3) Plaintiff's due process claim based on the deprivation of a property interest in Count I, for failure to state a claim upon which relief can be granted. The Court denies the request to dismiss all other claims.

So ORDERED this 19th day of May, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT