UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
-----------------------------------------------------------------x
| | |
|---|---|
| JOHN DOE, | CIVIL ACTION |
| | No. 2:17-cv-33-JPK |
| **Plaintiff,** | |
| -against- | |
| PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR., in his official capacity as President of Purdue University, ALYSA CHRISTMAS ROLLOCK, in her official capacity at Purdue University, and KATHERINE SERMERSHEIM, in her official capacity at Purdue University, | |
| **Defendants.** | |

-----------------------------------------------------------------x

# REPLY DECLARATION OF PHILIP A. BYLER
## IN COMPLIANCE WITH N.D. IND. L.R. 37-1(a) AND RULE 37(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**PHILIP A. BYLER**, hereby declares subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Senior Litigation Counsel at Nesenoff & Miltenberg LLP, attorneys for Plaintiff John Doe, and I am admitted *pro hac vice* to this Court for this case. While this Reply Declaration is being submitted in further support of Plaintiff's motion to compel discovery responses and for associated relief, the intention really is to facilitate a dialogue with Defendants' counsel that enables the

litigation to proceed by counsel cooperating and not by intervention of the Court in compliance with the Court's directive of May 18, 2020 (ECF 83).

2. I provided my credentials in my original Declaration in support of the motion so that the Court and Defendants' counsel would know that I am a serious lawyer and so that it would be understood why I believed the parties had seemingly hit an impasse from Defendants' seemingly standing on their objections to responding to most interrogatories and certain document requests. (ECF 72: Byler Decl.)

3. Defendants did not respond to Plaintiff interrogatories until January 27, 2020 and even then, refused to answer 20 of 25 interrogatories (ECF 72: Byler Decl. Exs. B, F); and while Defendants produced documents, Defendants' responses to Plaintiff's document were broad and encompassing and Defendants' actual production was less than what it seemed (ECF 72: Byler Decl. ¶¶ 3-11 & Ex. D).

4. The exchange of counsel correspondence began with my letter dated February 28, 2020 to Mr. Kealey (ECF 72: Byler Decl. Ex. F) that detailed that Defendants' responses did not answer 20 of 25 interrogatories, interposed a general objection to producing any electronically stored information and made specific objections to 14 document requests.

5. Defendants portray Mr. Kealey's reply letter dated March 13, 2020, to me (ECF 72: Byler Decl. Ex. G) as making some compromise proposals (Dfs. Mem.

3), but compromise did not seem to be the main thrust of Mr. Kealey's response, but rather a continuation of standing on objections. I decided, rightly or wrongly, that I needed to reply in an April 8, 2020 letter that was an attempt to address the objections with legal analysis in an attempt to move Defendants off the objections and to address what did not seem to me to be real compromises; indeed, most of my letter consisted of what may be called clinical legal analysis aimed at addressing Defendants' objections (ECF 72: Byler Decl. Ex. H).

6.   While I am Ohio born and raised, I have lived in New York for 42 years and do so now at a time that we have a U.S. President from New York, and I can credibly state that I am accustomed to a robust expression, more so than what I gather is typical in the Northern District of Indiana; here, a more Pence-like discourse is in order. As to the compromises, I ask that the Court and Defendants' counsel look past the tone to the serious substantive position I was stating about CARE documents sought for proof of gender bias consistent with the Seventh Circuit opinion, 928 F.3d at 669, and OCR documents reflecting federal pressures, *Doe v. Miami*, 882 F.3d 579 (6th Cir. 2018) ("pressure" one factor in establishing gender bias):

> Document Request Nos. 7 and 8 are for "[a]ll documents constituting, concerning or referring to events were sponsored by the Center for Advocacy, Response and Education ('CARE') at Defendant Purdue University in the 2015-2016 school year" and "[a]ll documents constituting, concerning or referring to promotions by CARE on their Facebook page of events sponsored by CARE at Defendant Purdue University in the 2015-2016 school year." As I stated in my February 28 letter, "one CARE event in the 2015-2016 school year was noted in

the Complaint and Amended Complaint and in the Seventh Circuit opinion." (02 28 2020 Byler Letter, p. 7.) Yet, your March 13 letter bizarrely claims that CARE events and CARE promotions are not relevant. (03 13 20 Kealey Letter, p. 4.) That is a totally untenable position to take. You need to produce responsive documents for Document Requests Nos. 7 and 8.

. . . .

Document Request No. 51 seeks documents concerning investigations conducted by the U.S. Department of Education's Office for Civil Rights at Purdue in the time period January 2014 to December 2017. As I noted in my February 28 letter, "there is a whole section of the Complaint and Amended Complaint concerning the actions of the Department of Education and its influence on university sexual misconduct disciplinary proceedings relating to the element of gender bias in a Title IX suit." (02 28 20 Byler Letter, p. 8.) Your March 13 letter notes that the Seventh Circuit opinion recognized an OCR investigation was opened in 2016, 928 F.3d at 668, and thus argues that only the OCR investigation in 2016 is relevant and requests that Document Request No. 51 be limited to 2016. (03 13 20 Kealey Letter, p. 5.) You have not produced the 2016 OCR investigation file, and you need to do so. I included 2014 and 2015 because the university complaint in this case occurred during the 2015-2016 school year, and an OCR investigation in 2014 or 2015 could well have impacted the procedures followed in Plaintiff's case. I included 2017 because that was during the Trump Administration, and policies in this subject have changed – at least at the top, and that may have affected how Purdue operated during the 2016-2017 school year.

7. Defendants note the gap in time between March 13, 2020 when M. Kealey sent his letter and April 8, 2020 when I sent my letter (Dfs. Mem. 3); however, that was the period when the country was shut ordered down, which included my

firm's New York offices, and the New York City metropolitan area became the epicenter of the Covid-19 pandemic in the United States.

8.     Unfortunately, contrary to my hope, Mr. Kealey's e-mail dated April 23, 2020 appears to have responded to the robust expression and not to my legal analysis, continued to stand on all of Defendants' objections and did not address the discovery issues reviewed in my April 8, 2020 letter (ECF 72: Byler Decl. Ex. I).

9.     Six days later (not weeks), my letter dated April 29, 2020 to Mr. Kealey (ECF 72: Byler Decl. Ex. J) responded that "the core problem afflicting discovery is that Defendants view the Seventh Circuit opinion as not upholding much of anything," but nevertheless replied substantively to Mr. Kealey's comments about the investigation report, pro-victim bias, the relevance of statistics and the "patterns of decision-making" cited in *Yusuf v. Vassar,* 35 F.3d 709, 716 (2d Cir. 1994) and then indicated the parties seemed to be at an impasse.  Plaintiff's motion made May 4, 2020 followed.

10.    I did not believe I was ignoring the invitation of Defendants' counsel to dialog and compromise.  Defendants were apparently standing on most all their objections, and the parties seemed to me to have hit an impasse.  While this motion is pending, however, counsel for the parties will enter into a dialog to try to resolve discovery differences.

11. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of May, 2020.

_____/s/ Philip A. Byler_____
**Philip A. Byler**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on May 22, 2020.

William P. Kealey
Tyler L. Jones
James F. Olds
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
       tlj@stuartlaw.com
       jfo@stuartlaw.com
*Attorneys for Defendants*

BY:   ☐ U.S. Mail     ☐  Federal Express

☐ Hand-Delivery    x   Other: Email

                ____*Philip A. Byler, Esq.*_____
                    Philip A. Byler, Esq.