IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) |
| **DANIELS, JR.,** in his official capacity as President of | ) |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### RULE 37-1(a) CERTIFICATION REGARDING
### DEFENDANTS' MOTION FOR SANCTIONS

Pursuant to Local Rule 37-1(a), Defendants certify that Defendants have attempted to confer with Plaintiff in an effort to resolve the matters in Defendants' Motion for Sanctions without court action, as follows:

1. Following the filing of the Parties' Joint Stipulation, Defendants, through their counsel Tyler Jones and paralegal Pam Gellenbeck, sent three email reminders on June 17, 19, and 23, 2020, requesting that Plaintiff produce the information and materials identified in the stipulation. The June 23rd email specifically asked that Plaintiff's counsel, Philip Byler, contact Defendants' counsel if there was a reason why the information could not be produced by the end of the day on June 24, 2020.

2. Since the protective order (ECF No. 73) was put in place, Mr. Jones sent email reminders on June 5, 10, and 12, 2020, to Mr. Byler requesting the production of outstanding, promised medical authorizations.

3. After Plaintiff failed or declined to produce all of the stipulated information and promised medical authorizations, Mr. Jones sent a letter to Mr. Byler on June 25, 2020, summarizing all of the outstanding deficiencies and requested that Mr. Byler either provide the information and authorizations or that he contact Defendants' counsel anytime the following week from June 29 – July 2, 2020, to discuss why the Plaintiff would not or could not produce this information and material.  This letter was titled "Meet-and-Confer: John Doe: v. Purdue University et al."  It reiterated that the letter was not the initiation of Meet-and-Confer but a continuation from the Parties' previous discussions and emails.

4. Plaintiff did not make any attempt to call Defendants' counsel or to email them to set up a time to talk, despite their availability.  The only response that Defendants' counsel received was an email confirmation of receipt from Mr. Byler on June 25, 2020.

5. On July 3-4, 2020, Mr. Byler produced a portion of the stipulated materials and an additional medical authorization, leaving the Snapchat data and two medical authorizations outstanding.

6. After not hearing anything on the remaining discovery, Defendants' counsel, William P. Kealey, sent Mr. Byler a follow-up email on July 7, 2020, warning that the Defendants would file a Motion for Sanctions if Plaintiff did not comply with this Court's June 3, 2020 Order.  Mr. Byler responded later that day and, again, represented that Plaintiff would produce the remaining authorizations but was silent about the stipulated social media data. Mr. Kealey replied that day and the day after (July 8th) by attaching a copy of the

Stipulation (ECF No. 89) and the Order (ECF No. 90) and reiterating his request for missing Snapchat data. The next day, July 9, 2020, Mr. Byler responded by questioning the utility of the data and labeling the discovery directed by this Court in the Order as "misconceived." On July 10, 2020, Mr. Kealey responded to Mr. Byler and reminded him that this Court had ordered the production of the Snapchat data, inter alia, and that Defendant would move for sanctions on his refusal to abide by it. Mr. Byler responded on July 12, 2020, by claiming that he had been cooperating, even though Plaintiff was non-compliant with the Order.

7. On July 14, 2020, Mr. Jones sent Mr. Byler a final email, requesting that he produce Plaintiff's readily available Snapchat data and his remaining medical releases. This email cautioned Mr. Byler that Defendants' counsel needed this information by July 16, 2020, to enable Defendants' counsel adequate time to prepare for the Plaintiff's deposition in mid-August. Mr. Byler responded the next day and advised that he would get back with Mr. Jones.

8. Since his response, Mr. Byler has not attempted to call or email Defendants' counsel.

9. Defendants' counsel has made good-faith efforts to Meet-and-Confer with opposing counsel and to resolve this dispute without this Court's intervention. True and accurate copies of all written communications referenced herein are included as exhibits in support of Defendants' Motion for Sanctions.

Dated: July 17, 2020

Respectfully submitted,

*/s/ Tyler L. Jones*
Tyler L. Jones (Atty No. 34656-29)
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: tlj@stuartlaw.com
Telephone: 765.423.1561

***Attorney for Defendants***

#1308576