IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | **CIVIL ACTION** |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** ) | |
| **DANIELS, JR.**, in his official capacity as President of ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, **KATHERINE** ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF JOHN DOE'S REPLY TO COUNTERCLAIM

PLAINTIFF JOHN DOE, through counsel, in Reply to Defendants' Counterclaim, respectfully alleges as follows:

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Title IX of the Education Amendments of 1972 for the purpose of determining the rights and legal relations between Defendant/Counterclaimant The Trustees of Purdue University ("Purdue") and Plaintiff/Counterclaim-defendant John Doe.

**REPLY:** **Denied.**

2. The present action involves an actual controversy between Purdue University and John Doe regarding John Doe's sexual misconduct in violation of Purdue University conduct regulations and the danger that he presented to the Purdue University community.

**REPLY:** **Denied.**

3. Purdue University's Policy on Anti-Harassment (III.C.1) defines Harassment and Sexual Violence as offenses against the Anti-Harassment Policy.

[1]

**REPLY:** **Admit that Purdue University's Policy on Anti-Harassment speaks for itself and does include definitions of harassment and sexual violence, but except as admitted, denied.**

4.   In August 2015, when John Doe and Jane Doe arrived at Purdue University as freshmen who were each participating in Navy ROTC, they commenced a personal relationship

**REPLY:** **Admit.**

.

5.   In November 2015, while Jane Doe was sleeping, John Doe digitally penetrated her vagina.

**REPLY:** **Denied.**

6.   On another occasion in November 2015, John Doe again attempted sexual contact with the groin area of Jane Doe while she was sleeping. When she awoke, she expressed alarm.

**REPLY:** **Denied.**

7.   In text messages and in person, John Doe attempted to apologize to Jane Doe for both incidents. In one text exchange, Jane Doe talked about "when I wake up to you touching me . . . and you just touch me I literally can't trust you if you don't respect my boundaries". To which John Doe replied: "We already went over this several times. I cant [sic] even apologize any more [sic] because you get angry at me for it" and "What more do you want me to say? Do you want this to be over? We have literally talked about this for a week and I already told you I cant [sic] change what I did, only what i will do from here on out. Do you want me to feel shitty for the rest of my life because of what I did? Im [sic] feeling like i will. Im [sic] sorry. I cant [sic] change what I did, as much as i want to. I violated you and never should have."

**REPLY:** **Admit that in December 2015, after Jane Doe had attempted to commit suicide, John Doe and Jane Doe exchanged texts that included some of the quoted language but included other language as well, but except as admitted, denied and avers that the quoted texts did not refer to what five month later was alleged against John Doe.**

8.   On April 4, 2016, a Navy officer holding the rank of Commander for the Purdue Navy ROTC unit notified the Purdue Office of Dean of Students, "I have an issue that involved two NROTC students that I expect is coming your way. I can provide more details over phone if you have not received the report from Title IX coordinator I would like to speak with you about process your office would take as I have parallel actions I need to take with the alleged offender that would require your actions to have officially have commenced."

[2]

**REPLY:** Admit that a Navy officer notified the Purdue Office of Dean of Students in the quoted language, but except as admitted, denied and avers that refers the Court to the entire testimony of the Navy officer in question.

9. Later that day, another Navy officer delivered a "Sexual Violence, Relationship Violence and Stalking Report" to Purdue. The delivering officer reported that a female friend of Jane Doe approached him and mentioned that Jane Doe wanted to speak to him. Jane Doe then reported to the Navy officer that John Doe had made unwanted sexual contact at least twice. The Navy officer indicated that Jane Doe and John Doe would no longer have contact at Navy ROTC.

**REPLY:** Admit that a Navy officer made a report to Purdue of alleged sexual misconduct based on an oral statement by Jane Doe against John Doe, but except as admitted, denied and refers the Court to the entire testimony of the Navy officer in question.

10. On April 5, 2016, Navy ROTC placed John Doe under restrictions in the program.

**REPLY:** Admit that Plaintiff John Doe was placed under interim restrictions in the Navy ROTC program, but except as admitted, denied.

11. A Navy ROTC investigator subsequently reviewed the evidence provided by Jane Doe and John Doe and recommended that Navy ROTC find John Doe in violation of the Navy's zero-tolerance policy on sexual harassment.

**REPLY:** Denied and avers that the testimony of the Navy witnesses and the Navy documents show that the Navy did not do an independent investigation, but rather relied exclusively upon the Purdue investigation and suspension for the actions the Navy took and that the Navy disenrollment documents showed that the only reason stated for disenrollment was the Purdue suspension.

12. John Doe's actions toward Jane Doe constitute Sexual Harassment and meet the definition of Sexual Violence under Purdue's Anti-Harassment policy, as follows: (1) Non-Consensual sexual contact: touching, with any body part or object, another person's intimate parts (e.g., genitalia, groin, breast, buttocks), whether clothed or unclothed, and (2) Non-Consensual sexual intercourse: oral, anal, and/or vaginal penetration, to any degree and with any body part or object.

**REPLY:** Denied.

WHEREFORE, Counterclaimant Purdue University respectfully requests that this Court:

A. Declare that John Doe's above-alleged sexual misconduct violated Purdue University's conduct regulations.

**REPLY:  Denied.**

B. Declare that Purdue University, in the exercise of its discretionary authority as an instrumentality of the State of Indiana to police the safety of its campus, has at all relevant times possessed good and adequate cause to suspend John Doe from enrollment at Purdue University.

**REPLY:  Denied.**

C. Declare that Purdue University, in the exercise of its discretionary authority to protect its educational environment from interference with its educational mission, has at all relevant times possessed good and adequate cause to exclude John Doe from Purdue University's educational environment.

**REPLY:  Denied.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Doe prays for the following relief:

(i) Defendants' Counterclaim for declaratory relief be dismissed with prejudice;

(ii) Plaintiff John Doe be awarded fees and costs in defending against the Counterclaim; and

(iii) The Court award such further and other relief as the Court deems just and proper.

**Dated:  July 29, 2020**

**Respectfully submitted,**
**NESENOFF & MILTENBERG, LLP**
**By: /s/ *Philip A. Byler***
**Philip A. Byler, Esq.**
**Andrew T. Miltenberg, Esq.**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
pbyler@nmllplaw.com
amiltenberg@nmllplaw.com
*Attorneys for Plaintiff John Doe*

[4]