IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| PURDUE UNIVERSITY, PURDUE UNIVERSITY | ) |
| BOARD OF TRUSTEES, MITCHELL ELIAS | ) |
| DANIELS, JR., in his official capacity as President of | ) |
| Purdue University, ALYSA CHRISTMAS ROLLOCK, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) |
| KATHERINE SERMERSHEIM, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**D**EFENDANTS' **R**EPLY IN **S**UPPORT OF **T**HEIR **M**OTION FOR **D**ISCOVERY **S**ANCTIONS

Defendants, by counsel, file this reply in support of their Motion for Discovery Sanctions. (ECF No. 92).

Plaintiff, who claims he dreamed of a Navy career, is unwilling to follow rules and orders. Facing possible dismissal of his damage claim, he doubles down on his refusal to produce social media evidence and a medical authorization for his counseling records. Plaintiff has chosen dismissal over compliance and disclosure.

Plaintiff had an obligation to produce promised Snapchat data under a stipulation between counsel (ECF No. 89) and this Court's subsequent Order (ECF No. 90). Plaintiff also had an obligation to produce his missing medical authorizations long ago, pursuant to Federal Rule of Civil Procedure 26(a) and this Court's scheduling Order (ECF No. 57).

Plaintiff's opposition asserts that Defendants "have been engaging in scorched earth discovery that seems really aimed at character assignation of Plaintiff." ECF No. 98 at p. 2. This

1

posturing by Plaintiff is not new. Plaintiff has a history of obstructing discovery on his damage claim. In 2019, he forced Defendants to obtain a court-issued subpoena after he refused to permit the release of his military records. In response to Defendants' Verified Motion for a Subpoena to the Navy regarding Plaintiff's ROTC disenrollment, Plaintiff informed this Court that (in the Court's words) "the only investigation into Plaintiff's alleged misconduct was conducted by Purdue; there was no separate Navy investigation or proceeding." (ECF No. 61, at 4). That representation by Plaintiff to the Court was false. The Court authorized Defendants' subpoena to the Navy, and the Navy produced hundreds of pages. One of those documents is a Navy Lieutenant's recommendation that John Doe be removed from the NROTC program following her investigation into whether John Doe sexually harassed and assaulted Jane Doe. *See* **Exhibit N** ("I have concluded that MIDN 4/C [Doe] did in fact engage in sexual harassment and assault . . . .").

This pattern of obstruction continues. When Defendants zero in on key evidence, Plaintiff forces Defendants into motion practice. Plaintiff filed this case *184 weeks* ago. Fact discovery closes in seven weeks. Plaintiff's deposition is scheduled for August 18. Yet, even in the face of the present Motion, Plaintiff is defying a court order and withholding evidence bearing on his own allegations. This is Plaintiff's choice. The appropriate consequence is an order striking his damage claim.

    **A.    In his own words, Plaintiff expressly refuses to comply with the Court's order on Snapchat evidence.**

Plaintiff has stipulated: "In reference to Defendants' Motion to Compel (ECF No. 80), *not later than June 15, 2020, Plaintiff will provide Defendants with a complete data download of all Instagram and Snapchat data from his accounts, from August 2015 to the present*." ECF No. 89 (emphasis added). By stipulating to produce this information, he has waived relevancy objections. *See Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1205-06 (7th Cir. 1989) ("[O]nce made, a

stipulation is binding unless relief from the stipulation is necessary to prevent a 'manifest injustice' or the stipulation was entered into through inadvertence or based on an erroneous view of the facts or law." (citations omitted)). Here, Plaintiff does not claim that he accidentally promised to provide Defendants "a complete data download of all . . . Snapchat data." Plaintiff does not claim that holding him to his word would work a "manifest injustice."

Plaintiff admits that he possesses the Snapchat download. ECF No. 98-2, at 4-5. At a link that has been provided to Plaintiff at least twice, https://support.snapchat.com/en-US/a/download-my-data, there is a non-exhaustive list of the information collected by the site, including: Snap History, Chat History, User Profile, Friends, Account History, Location History, and Search History.

Plaintiff decrees that, upon reviewing his Snapchat data, he concluded that it has no "relation . . . to *Doe v. Purdue*." ECF No. 98-2, at 5. With this stance, Plaintiff purports to exempt himself from compliance with a stipulated order of this Court. ECF No. 89-90. Plaintiff states, "I must ask: why are Defendants so keen on possessing what seems to be irrelevant information and what would they plan on doing with it?" ECF No. 98-2, at 6. Plaintiff shows no recognition that he is defying a binding stipulation and this Court's order enforcing the stipulation. Or maybe he does not care whether he disobeys the Court.

Because Plaintiff has expressly elected non-compliance, a discovery sanction is appropriate.

**B.        Plaintiff is blocking access to his counseling records.**

It is undisputed that Plaintiff has failed to deliver a complete set of medical authorizations for access to records in the possession of his providers. Defendants filed the present Motion and supporting brief on July 17, 2020. At that time, Plaintiff had only executed 7 of the 9 medical

authorizations for his treatment providers. On July 22, 2020, Plaintiff delivered one more authorization. *See* ECF No. 98-5, at 2 (authorization for Winfield Family Medicine, executed on July 21, 2020). On July 31, Plaintiff filed his opposition brief. That brief is silent on the missing authorization, which is for Family Concern Counseling.[1] Plaintiff has made his choice: He is refusing to authorize Defendants' access to caregiver records bearing on his claim to emotional distress damages.

In his July 31, 2020 brief, Plaintiff's counsel does not address his client's choice. Several weeks ago, in response to one of many requests by the defense for medical authorizations, Plaintiff's counsel stated, "I am working with plaintiff to resolve privilege and relevance issues that are connected to them." ECF No. 98-1 at p. 7. However, Plaintiff's July 31 response says nothing about privilege or relevance for the missing Family Counseling Center authorization and records. It is now apparent that Plaintiff's lengthy foot-dragging on a medical authorization for the Family Concern Counseling records was never due to the temporary excuses that Plaintiff's counsel made for his client. The obvious conclusion is the same as with Snapchat: Plaintiff simply refuses to comply. Even though Plaintiff's emotion distress damage claim has opened the door to his counseling records, he refuses to permit Defendants to access them.

Plaintiff has failed his obligation to produce the documents supporting his damage claims. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii); *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp.*, 2017 U.S. Dist. LEXIS 110070, *8, 2017 WL 3016385 (N.D. Ind. July 17, 2017) (citing *Design*

---

[1] Plaintiff asserts claims for emotional and psychological damages and related injuries, *inter alia*. *E.g.*, ECF No. 98, at 3. In response to an interrogatory requesting him to identify his psychological or psychiatric counseling treatment provider(s), he stated: "Starting in early 2018 and continuing periodically to date, Plaintiff has received counselling for his psychological and social well-being with [doctor's name] of Family Concern Counseling." ECF No. 98-4, at 7; *see also* ECF No. 98-5 (listing the eight executed authorizations).

4

*Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006)). Plaintiff claims that these cases are inapposite because he has provided a damage calculation and his supporting damages documents. ECF No. 98, at 13. But whether he provided a calculation is the issue in this Motion. The issue is that he is blocking access to supporting documents from Family Concern Counseling. *See Gumwood HP Shopping Partners, L.P.*, 2017 U.S. Dist. LEXIS 110070 at *8 (Rule 26(a)(1) requires disclosure of damages computation *and* supporting documents) (citing *Design Strategy, Inc*, 469 F.3d at 295).

By choosing to block inquiry into his counseling records, in the face of possible dismissal of his emotional distress claim, Plaintiff has elected not to his have his emotional distress claim tried on the merits. Therefore, dismissal of that claim is not only warranted by rule, it is the only possible outcome.

    **C.    Plaintiff fails to avail himself of applicable case law.**

Plaintiff does not cite any case holding that defiance of a stipulation, the Federal Rules of Civil Procedure, and two court orders is not sanctionable. Instead, he offers quibbling comparisons between his non-compliance and the non-compliance addressed in cases such as *Brown v. Columbia Sussex Corp.*, 664 F.3d 182 (7th Cir. 2011) and *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997). He claims that *Mojapelo* and *Tamari* are inapposite because they involve "a long period of time with a series of basic failures of discovery . . . ." ECF No. 98 at 14.

These arguments provide no safe harbor for Plaintiff. Like the discovery non-compliance in *Mojapelo*, Plaintiff's non-compliance is "'objectively unreasonable behavior,' rather than 'a mere mistake or slight error in judgment.'" 748 Fed. App'x 68, 71 (7th Cir. 2019) (quoting *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000)).

Plaintiff also dwells on the scope of Defendants' previous motion to compel. Plaintiff's open refusal to produce the missing discovery—in the face of the present Motion, after 184 weeks of litigation, on the eve of his deposition and the close of discovery—shows why a Rule 37 sanction is ripe now. Plaintiff ignores the Seventh Circuit's advisement that "Though a motion to compel usually precedes the imposition of sanctions . . . . if a party receives notice that certain discovery proceedings are to occur by a specific date, and then refuses to comply, a court may impose sanctions." *Id.* at 70 (citing *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984)).

**<u>Conclusion</u>**

For the foregoing reasons, Defendants respectfully urge this Court to strike Plaintiff's damage claims against Defendants in his Amended Complaint, to prohibit Plaintiff from presenting any evidence in support of those damage allegations, to grant reasonable attorney fees incurred in preparing and presenting the present Motion, and to grant all other just and proper relief.

Dated: <u>August 7, 2020</u>    Respectfully submitted,

<u>/s/ Tyler L. Jones</u>
William P. Kealey (No. 18973-79)
Tyler L. Jones (No. 34656-29)
James F. Olds (No. 27989-53)
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
         tlj@stuartlaw.com
         jfo@stuartlaw.com
Telephone: 765.423.1561
***Attorneys for Defendants***