**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | **CIVIL ACTION** |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** ) | |
| **DANIELS, JR.,** in his official capacity as President of ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK,** ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, ) | |
| **KATHERINE SERMERSHEIM**, in her official capacity ) | |
| at Purdue University, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**RESPONSE OF DEFENDANTS TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUR-REPLY REGARDING SANCTION MOTION**

Defendants, by counsel, in response to Plaintiff's Motion for Leave to File Sur-Reply,

state:

Plaintiff's proposed 13-page sur-reply spotlights that:

- NROTC officer "Sheppard testified that . . . Jane Doe talked to him about the alleged sexual misconduct by Plaintiff John Doe". ECF No. 101-1 at p. 13.

- NROTC Commanding Officer Hutton designated Lieutenant Redlawsk "to investigate" with the objective to make "determinations of what occurred." ECF No. 101-1 at p. 3.

About a year ago, Plaintiff submitted his own sworn testimony denying the existence of

such evidence. In paragraph 25 of the "Declaration of Plaintiff John Doe in Opposition to

Defendants' Motion for Issuance of Subpoena to U.S. Navy" dated September 2, 2019 and filed

1

as ECF No. 53-3, Plaintiff falsely testified, "other than what Purdue sent to the Navy ROTC concerning the university sexual misconduct proceeding, there is nothing in my service record with the Navy ROTC that is material to this case."

Lieutenant Redlawsk's report shows that, as tasked by Commanding Officer Hutton, her investigation led her to the conclusion that John Doe "did in fact engage in sexual harassment and assault." ECF No. 99 at p. 2. That conclusion responded to a direct report by Jane Doe to NROTC officer Sheppard. ECF No. 101-1 at p. 13.

Plaintiff's sur-reply cites testimony about Plaintiff's NROTC "service record" to argue that the Navy never disciplined Plaintiff. Plaintiff would not be returning to Purdue for the coming school year, and it was "a requirement of the Naval ROTC program that a student cadet be continuously enrolled in the university." ECF No. 101-1 at p. 5. Plaintiff cites testimony that the disenrollment process was "not about the circumstances of your suspension, it is about the fact that you have been suspended . . . [NROTC] requires disenrollment for any case where a student is suspended." ECF No. 101-1 at p. 9. The sur-reply cites other Navy testimony that NROTC "did not care why Plaintiff John Doe was suspended by Purdue." *Id*. at p. 10.

Thus, Plaintiff is now abandoning the core element of his stigma-plus allegation. Paragraph 76 of his Amended Complaint states:

> On August 16, 2016, John Doe involuntarily resigned from Navy ROTC, his dream of serving his country as a Naval officer destroyed. John Doe did not want to resign, but he could not maintain the requirements for Navy ROTC as a student suspended for sexual misconduct; and in any event, such a sexual misconduct disciplinary decision is unacceptable in terms of continued participation in Navy ROTC given, among other things, its zero tolerance policy toward sexual harassment and the disapproval of sexual misconduct in today's military.

ECF No. 51 at p. 41. Years into this case, Plaintiff is now admitting that his NROTC disenrollment was "not about the circumstances of [John Doe's] suspension" from Purdue University but rather solely because he was not "continuously enrolled" at Purdue University.

For these reasons, Defendants do not object to leave for Plaintiff to file his sur-reply to the pending Rule 37 motion for sanctions.

Dated: August 17, 2020                    Respectfully submitted,

                                          */s/ William P. Kealey*
                                          William P. Kealey (No. 18973-79)
                                          Tyler L. Jones (No. 34656-29)
                                          James F. Olds (No. 27989-53)
                                          Stuart & Branigin LLP
                                          300 Main Street, Suite 900
                                          P.O. Box 1010
                                          Lafayette, IN 47902-1010
                                          Email: wpk@stuartlaw.com
                                                 tlj@stuartlaw.com
                                                 jfo@stuartlaw.com
                                          Telephone: 765.423.1561
                                          ***Attorneys for Defendants***

131642-1

3