# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| **JOHN DOE,** ) | **CIVIL ACTION** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 2:17-cv-00033-JPK |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** ) | |
| **DANIELS, JR.,** in his official capacity as President of ) | |
| Purdue University**, ALYSA CHRISTMAS ROLLOCK,** ) | |
| in her official capacity at Purdue University, ) | |
| **KATHERINE SERMERSHEIM**, in her official capacity ) | |
| at Purdue University, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff John Doe (the "Plaintiff"), by and through his attorneys Nesenoff & Miltenberg, LLP, hereby responds and objects to Defendants' Interrogatories.

**GENERAL OBJECTIONS**

The following General Objections apply to the Interrogatories as a whole, and each of the Responses herein is made subject to them:

1.      Plaintiff objects to the Interrogatories to the extent they seek information protected by the attorney-client, attorney work product or any other applicable privilege.  Plaintiff further objects to the Interrogatories insofar as they seek to elicit the disclosure of material prepared in anticipation of litigation as proscribed by the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, oppressive, harassing, will require an undue burden or expense to respond to, and/or

1

seek information neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to the Interrogatories to the extent they seek opinions or contentions relating to facts, or the application of law to fact, as premature at this stage of discovery and reserves his right to supplement at any time his responses to these Interrogatories.

4. Plaintiff further objects to the Interrogatories to the extent that they exceed the scope of permissible discovery and they seek to impose on Plaintiff a burden greater than that imposed by the Federal Rules of Civil Procedure and/or any other applicable law.

5. Plaintiff objects to the Interrogatories to the extent they seek information from Plaintiff regarding matters as to which Plaintiff has no information and insofar as they seek information outside the scope of Plaintiff's possession, custody or control.

6. Plaintiff objects to these Interrogatories to the extent they seek information ascertainable from Plaintiff's document production, copies of which have been or are being made available to Defendant's counsel in this action.

7. Plaintiff objects to the Interrogatories to the extent that they seek confidential, proprietary, personal, financial, or other sensitive information.

8. Plaintiff objects to the Interrogatories to the extent that they are cumulative or duplicative or seek information that is obtainable from other sources that are more convenient, less burdensome or less expensive.

9. Plaintiff objects to these Interrogatories to the extent the information and documents requested can be found in Plaintiff's pleadings and filings.

10. Plaintiff's responses to the Interrogatories are based upon diligent investigations by Plaintiff and his counsel, but reflect only the present state of their investigation and research into

the factual and legal issues relating to this action. Plaintiff's responses, therefore, are not intended to be, nor shall be deemed to be, a representation that no other facts or contentions other than those specified in the responses exist. Plaintiff reserves the right to amend or supplement these responses at any time in light of further investigations, research or analysis, to the extent permitted or required by law.

11. All specific responses to the Interrogatories are provided without waiver, and with express reservation of: (a) all objections as to competency, relevancy, materiality and admissibility of the responses and the subject matter thereof as evidence in any further proceedings in this action, including trial, or in any other action; and (b) the right to object on any ground at any time to a demand or request for further response to these or any other discovery requests.

12. These General Objections are deemed to be incorporated by reference into each Response regardless of whether they are specifically re-stated and/or referenced therein. The assertion of same, similar or additional objections on Plaintiff's responses to the Interrogatories or the failure to assert any additional objections is not intended as a waiver to any of Plaintiff's General Objections as set forth herein.

## RESPONSES AND SPECIFIC OBJECTIONS

1. Please state your full legal name, present residential address, marital status and date and place of birth.

**Response:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

2. If you have ever been a plaintiff or a defendant in a lawsuit, legal action, or administrative proceeding, whether criminal or civil in nature, or made any claim or filed any lawsuit against anyone other than this lawsuit, state as to each such claim or lawsuit the date; the

3

court or administrative agency and place where filed; the name of the parties; the nature of the claim or lawsuit; and the date and manner of disposition.

**Response: Plaintiff has never been a plaintiff or defendant in a civil or criminal lawsuit, legal action or administrative proceeding, and Plaintiff has never made any made any claim or filed any lawsuit against anyone other than this lawsuit.**

3. Identify all social media websites or applications that you used, participated on, posted photos, opinions, or statuses, or otherwise had an account with/on at any point during or after August 2015 and for each state your username, account name, or any other identifier for your account.

**Response: Plaintiff has an Instagram account with the Username ▬▬▬▬. Plaintiff had a Facebook account under the name ▬▬▬▬, but its use was discontinued about one year ago.**

4. State the names and addresses of all of your employers since 2016, including self-employment, and, as to each such employment, state:

  a. The date you commenced such employment and, if applicable, the date and reason you left such employment;

  b. The nature of the employment and your job title;

  c. Whether you were paid by the year, month, week, day, hour, or otherwise and what rate; and,

  d. Your reason for leaving the employment.

**Response: Steiner Homes, Crown Point, Indiana, June-August 2017, summer employee (miscellaneous jobs laborer), term of summer employment ended; Taylor**

4

**University, Valparaiso, Indiana, school year 2017-2018, salad bar attendant, school year ended; Indiana Beverage, 2850 Barley Road, Valparaiso, Indiana, June-August 2018, pallet wrapper, term of summer employment ended. Plaintiff has not had employment since September 2018.**

5. Identify every person known to or believed by you to have firsthand knowledge of the matters describe in the "Notice of Allegations" provided to you on April 11, 2016 via letter by Dean Katherine Sermersheim, or in your "Response" to the same, submitted via email attached to Dean Sernersheim on April 22, 2016. For each person identified, please provide a statement summarizing what facts that person is believed to have firsthand knowledge of, and your most recent contact information (phone number, email, address, etc.) for that person.

**Response: No one has first-hand knowledge of the matters described in the "Notice of Allegations" because the matters described in that document are fiction. Plaintiff and Plaintiff's roommate, Elvin Uthuppan, were and are witnesses with first-hand knowledge that what was alleged in the "Notice of Allegations" was false.**

6. Identify every person known to or believed by you to have firsthand knowledge of any investigation, enrollment determination or disciplinary determination by Purdue Naval Resource Officer Training Corps' ("NROTC") concerning you in 2016. For each person identified, please provide a statement summarizing what facts that person is believed to have firsthand knowledge of, and your most recent contact information (phone number, email, address, etc.) for that person.

**Response: Plaintiff does not know and does not believe that the NROTC did any investigation, enrollment determination or disciplinary determination separate from the Defendants. Defendants' disciplinary determination made Plaintiff ineligible for NROTC.**

7. List each type and amount of damages that you allege against Defendants, including any harm to your physical well-being, emotional and psychological state, reputation, past and future economic earnings, educational and athletic opportunities, and future career prospects. For each listed type and amount of damages:

   a. State the date(s) of each alleged harm referred to in the answer to this interrogatory;

   b. Identify all supporting documents;

   c. For each alleged harm, identify (by name, address, phone number and email address) each individual who has witnessed the harm.

**Response: The July 2016 Defendants' disciplinary decision resulted in the loss of Plaintiff's full ride NROTC scholarship as well as a Presidential scholarship and the loss of Plaintiff's ability to pursue a career as a U.S. Navy officer. See Plaintiff's August 2016 involuntary resignation letter already on file in this case. The July 2016 Defendants' disciplinary decision resulted in the infliction of emotional and psychological damages, reputational damages and associated physical well-being damages, for which Plaintiff has been receiving treatment as stated in the Response to Interrogatory No. 8. Because of facts stated in Responses to Interrogatories Nos. 8 and 11 below, any career prospects for Plaintiff, other than what had been his chosen path, are delayed. Plaintiff's parents have witnessed the foregoing.**

6

8. State whether, since you reached age 16, you have consulted with, or otherwise utilized, services related to marital, family, social, psychological, or psychiatric counseling or treatment; and if so, state (i) the identity of all persons providing such counseling or treatment and (ii) the date(s) on which you utilized or received a counseling or treatment.

**Response: Starting in early 2018 and continuing periodically to date, Plaintiff has received counselling for his psychological and social well-being with Noel Perry of Family Concern Counselling. Starting late 2018, Plaintiff has received acupuncture treatments for reducing high stress levels. Specific dates of the appointments will be contained in a document file of Plaintiff's costs that will be produced.**

9. For each clinical diagnosis of harm that you attribute to the events alleged in your Complaint, state the name and date of the diagnosis; the name and address of the persons making each diagnosis, and the date(s) of diagnosis.

**Response: Plaintiff has only discussed periodically with his treating professional possible clinical diagnoses.**

10. If you, your attorneys, or anyone acting on your behalf knows of the existence of any statement, whether recorded, written, reported by a stenographer or otherwise, given by a person having or claiming to have knowledge regarding any of the facts, conditions, events or happenings referred to in your Complaint or concerning how the incidents alleged in your Complaint occurred, or concerning the injuries or damages you alleged, state:

    a. Whether or not the statement was taken by you or by anyone acting on your behalf;

    b.    the name, title, employer, residence address, employment address, telephone number, and present whereabouts of each person giving the statement;

    c.    the date each such statement was taken;

    d.    the name, title, employer, residence address, employment address, telephone number, and present whereabouts of each person giving the statement;

    e.    the means by which the statement is preserved;

    f.    the name, title, employer, residence address, employment address, telephone number, and present whereabouts of each person who has a copy of the original and/or a copy or transcript of any such statement; and

    g.    the substance of the statement.

**Response: Separate from what may or may not be recorded in Defendants' investigation file (of which Plaintiff does not have a copy), Plaintiff knows of no written or recorded statements as requested in Interrogatory No. 10.**

11.    List each institution of higher education in which you have enrolled in or after 2016; the semesters in which you were enrolled; whether you were faced any potential discipline by the institution while enrolled, and if so, the allegation and outcome of the discipline you faced.

**Response: Taylor University (Fall 2016, Spring 2017, Fall 2017). No sexual or other behavioral misconduct was ever alleged, and thus there was no discipline and no potential discipline from any alleged sexual or other behavioral misconduct. Poor academic performance, which resulted from high stress and other psychological issues for which Plaintiff has been receiving treatment as stated in the Response to Interrogatory No. 8 and which was contrary to Plaintiff's academic history before Defendants' disciplinary case, led to Plaintiff not being eligible for one academic semester.**

**PLAINTIFF HEREBY RESERVES THE RIGHT TO SUPPLEMENT THE INFORMATION DISCLOSED HEREIN**

**Dated: New York, New York
        November 8, 2019**

                                                 NESENOFF & MILTENBERG, LLP

                                       By: */s/ Philip A. Byler, Esq.*
                                               Philip A. Byler, Esq. (pro hac vice)
                                               Andrew T. Miltenberg (pro hac vice)
                                       363 Seventh Avenue, Fifth Floor
                                       New York, New York 10001
                                       (212) 736-4500
                                       pbyler@nmllplaw.com
                                       amiltenberg@nmllplaw.com

## CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on November 8, 2019.

William P. Kealey, Esq.
Tyler L. Jones, Esq.
James F. Olds, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
       tlj@stuartlaw.com
       jfo@stuartlaw.com

*Attorneys for Defendants*

    BY:   ☐ U.S. Mail   ☐ Federal Express

           ☐ Hand-Delivery   x   <u>Other: Email</u>


____*Philip A. Byler, Esq.*_____
**Philip A. Byler, Esq.**

## VERIFICATION

I, the Plaintiff given the pseudonym John Doe in the action *Doe v. Purdue*, No. 2:17-cv-33-JPK, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing representations are true and correct true and correct in Plaintiff's Answers contained in Plaintiff's Responses to Defendants' First Set of Interrogatories.

Dated: April 29, 2020

*/s/ John Doe (court authorized pseudonym)*
John Doe (Court authorized pseudonym)

As To Objections:

Dated: November 7, 2019

NESENOFF & MILTENBERG, LLP
By: /s/Philip A. Byler
Philip A. Byler (pro hac vice admission)
Andrew T. Miltenberg
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
pbyler@nmllplaw.com
Attorneys for Plaintiff John Doe

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on April 29, 2020:

William P. Kealey, Esq.
Tyler L. Jones, Esq.
James F. Olds, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
       tlj@stuartlaw.com
       jfo@stuartlaw.com

*Attorneys for Defendants*

BY:   ☐ U.S. Mail       ☐ Federal Express

      ☐ Hand-Delivery   x   Other: Email

_____Philip A. Byler, Esq._____
     Philip A. Byler, Esq.