IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, **KATHERINE** | ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF JOHN DOE'S RESPONSE TO DEFENDANTS'
SUBMISSION OF DEPOSITION TESTIMONY IN PURPORTED
FURTHER SUPPORT OF DEFENDANTS' SANCTIONS MOTION**

Plaintiff John Doe respectfully submits this Response to "Defendants' Notice of Plaintiff's Deposition Testimony" (ECF No. 107), which Defendants did in purported further support of Defendants' sanctions motion (ECF No. 92). Plaintiff's deposition testimony, attached as Exhibit A to Defendants' Notice, concerns Plaintiff's assertion of privilege as to counseling he has received from Perry Consulting and why he did not execute the medical authorization for Perry Consulting. The deposition testimony provides no support for Defendants' ill-considered sanctions motion.

**I.    The Medical Authorizations, Including the Authorization Requested For Perry Consulting, Were Not Part of the Stipulation of the Parties So Ordered by the Court.**

The first reason why the noticed deposition testimony provides no support for Defendants' sanctions motion is that the medical authorizations, including the authorization requested for Perry Consulting, were not part of the Stipulation of the Parties so ordered by the Court.

[1]

This point was addressed in Plaintiff's Opposition to Defendants motion for sanctions as follows:

### E. **Plaintiff Provided Signed Medical Authorizations.**

Defendants note that they sent to Plaintiff's counsel the medical authorizations by e-mail; the e-mails of Plaintiff's indicate he said he would send them on to Plaintiff (Dfs. Br. 3), which Plaintiff's counsel obviously did in an effort to cooperate in discovery, and Plaintiff's counsel worked with Plaintiff to provide signed authorizations. (Byler Decl. ¶ 8.) On June 15, 2020, Plaintiff produced six signed medical authorizations notwithstanding the lack of formal request or demand and did so with the expectation of producing more. (Dfs. Br. 3-4; Plaintiff Decl. ¶ 8; Byler Decl. ¶ 8; Dfs. Br. Ex. E.) In fact, two more signed authorizations would be produced. (Byler Decl. ¶ 8 & Pl. Mot. Ex. 2.)

### F. Signed Medical Authorizations Not Part Of Stipulation of the Parties.

What Defendants do not make clear is that the signed medical authorizations were not part of the compromises resulting in the Stipulation of the Parties so ordered by the Court resolving the parties' respective motions to compel. (ECF Nos. 89-90.) While Defendants refer to its brief in support of its motion to compel (ECF No. 81) and the statement of the case in that brief was off base, all that is presently important in that motion to compel brief is that the medical authorizations were not at issue. The Court can review for himself the Stipulation of the Parties (ECF No. 89) and see that the medical authorizations were not part of that Stipulation of the Parties and thus not part of the Court so ordering it (ECF No. 90). The Court can also see that the Stipulation of the Parties covered a wide number of issues, as to which only one subparagraph concerning production of social media is now being raised (ECF No. 89, p. 3). Also, it should be noted that the Court Order (ECF No. 90) did not itself set any deadlines, only granted the relief implied in the Stipulation of the Parties. (Byler Decl. ¶ 10.)

### G. **Defendants Mistreat Medical Authorizations As Part of the So Ordered Stipulation of the Parties.**

Defendants nevertheless shift back to discussing the medical authorizations as if they were covered by the so ordered Stipulation of the Parties (Dfs. Br. 3-4), when those medical authorizations were not so covered. Defendants' Certification for the motion for sanctions (ECF No. 94) is misleading and insufficient for a number of reasons; one reason is that Defendants mix together Defendants' litigious correspondence about the authorizations and the social media and does not in the Certification discuss the content of the correspondence. To proceed in that manner results in mistreating the production of medical authorizations as part of the so ordered Stipulation of the Parties when those medical authorizations were not part

> of the so ordered Stipulation of the Parties. Most of all, Defendants' Certification misses the forest of Plaintiff's ample document production and discovery cooperation for the trees of Defendants' overly contentious e-mails. (Byler Decl. ¶ 11.)

(ECF Doc. 98: Plaintiff's Memorandum of Law In Opposition To Defendants' Motion For Sanctions, July 31, 2020, pp. 6-7.)

By noticing a segment of Plaintiff's deposition testimony concerning the medical authorization for Perry Consulting for the motion for sanctions, Defendants are continuing in the error of mistreating the medical authorizations as part of the Stipulation of the Parties so ordered by the Court. The medical authorizations were not part of the Stipulation of the Parties so ordered by the Court. Plaintiff's deposition testimony thus does not constitute a violation of the Court Order so ordering the Stipulation of the Parties by any stretch of the imagination. Plaintiff's deposition testimony concerning the medical authorization for Perry Consulting is irrelevant to Defendants' motion for sanctions.

## II.   The Reason That The Deposition Testimony Is Submitted Is Because Of Plaintiff's Assertion of Privilege, Which Is Not For A Motion For Sanctions.

The second reason why the noticed submitted deposition testimony provides no support for Defendants' sanctions motion is that the noticed submitted deposition testimony concerns Plaintiff's reason for not executing an authorization for Perry Consulting counselling records and Plaintiff's assertion of privilege for this counselling records. Such deposition testimony involving assertion of privilege is not for a motion for sanctions. Defendants are simply trying to bully their way to obtain privileged records.

It should be noted that the segment of Plaintiff's deposition testimony that was submitted was atypical of the deposition as a whole. There were no other issues of assertion of privilege and no other issues of instructions not to answer. Much of the deposition proceeded like the first couple

of pages submitted: testimony was taken without even objection, and the only objections elsewhere were to form.

Defendants, in submitting the deposition testimony, does not state and argue why Plaintiff's assertion of privilege as to counseling records at Perry Consulting is somehow improper, and that omission on the part of Defendants should be held against Defendants. It is not obvious that the assertion of privilege as to counseling records at Perry Consulting is subject to challenge. To the contrary, the deposition testimony speaks for itself as to why the assertion of privilege is proper. Plaintiff explains well why he did not execute the authorization for Perry Consulting counselling records. In any event, any argument that Defendants now make for considering Plaintiff's deposition testimony should be disregarded because it was not presented when Plaintiff had an opportunity to respond to the argument.

## CONCLUSION

For the reasons stated above and in fairness, the Court should disregard the noticed deposition testimony with regard to Defendants' motion for sanctions, and the Court should order such further and other relief as the Court deems just and proper.

**Dated: September 1, 2020**

**Respectfully submitted,**
**NESENOFF & MILTENBERG, LLP**
**By: /s/ *Philip A. Byler***
**Philip A. Byler, Esq.**
**Andrew T. Miltenberg, Esq.**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
**pbyler@nmllplaw.com**
**amiltenberg@nmllplaw.com**
***Attorneys for Plaintiff John Doe***