IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) |
| **DANIELS, JR.,** in his official capacity as President of | ) |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR PROTECTIVE ORDER REGARDING DANIELS DEPOSITION

Come now Defendants The Trustees of Purdue University and Mitchell Elias Daniels ("Movants"), by counsel, and move pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) for entry of an order barring the deposition of Defendant Mitch Daniels, as noticed in the "Notice of Zoom Conference Deposition" attached as **Exhibit A**.

Mitch Daniels is the President of Purdue University. Good cause exists to protect President Daniels from deposition. Because there is no need for his deposition testimony, the noticed deposition would be an undue burden and annoyance. As the former Governor of Indiana, President Daniels is a well-known public figure. His prominence exposes him to inappropriate deposition requests motivated by nothing more than his status, not his participation in events at issue. *See Berning v. UAW Local 2209*, 242 F.R.D. 510, 514 (N.D. Ind. 2007) (granting protective order to President of the UAW where he lacked any personal or unique knowledge to the case, and observing that the President of UAW "is particularly vulnerable to

1

unwarranted harassment and abuse that [Plaintiff's] deposition may produce, and he has a right to be protected from such harassment.").

Plaintiff's first complaint alleged a Section 1983 claim against President Daniels in his individual and official capacities. This Court dismissed the claims against President Daniels. Plaintiff did not appeal dismissal of the official capacity claim, which was barred by the Eleventh Amendment. The Seventh Circuit affirmed the dismissal of the individual capacity claim, stating:

> We begin with John's individual-capacity claim against Mitch Daniels, the president of Purdue. The magistrate judge was right to dismiss this claim. Section 1983 "does not allow actions against individuals merely for their supervisory role of others." To be liable, a supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." John's complaint asserts nothing more about Daniels than that "'The Buck Stops Here' with him." There is no allegation that Daniels knew about the conduct, much less that he facilitated, approved, or condoned it.

*Doe v. Purdue Univ.*, 928 F.3d 652, 664-65 (7th Cir. 2019) (internal citations omitted).

Plaintiff's Amended Complaint [ECF No. 51] makes no new substantive allegation about President Daniels. The Amended Complaint does not allege that he participated in Purdue's investigation, determination of culpability, and one-year suspension of Plaintiff for sexual misconduct. The proposed deposition is effectively seeking Purdue University's corporate information, not President Daniels' personal knowledge.

The Amended Complaint alleges that President Daniels is sued in his official capacity for prospective injunctive relief under *Ex parte Young*, relating to "compliance with federal and state laws and court decrees specific to Defendant Purdue, including any expungement of a disciplinary record." [ECF No. 51, ¶8]. By definition, such relief is about the official's future actions, not past events, and an official capacity defendant is named solely due to the capacity of the office.

There are three official-capacity defendants in the caption: Rollock, Sermersheim, and Daniels. Plaintiff has the burden to show why he cannot obtain any needed discovery from Rollock or Sermersheim. District courts in the Seventh Circuit employ the apex doctrine to evaluate whether a high-ranking executive is properly subjected to a deposition. *Todd v. Ocwen Loan Servicing*, 2019 U.S. Dist. LEXIS 229505, *7 (S.D. Ind. Dec. 13, 2019). That doctrine focuses on whether the litigant seeking the deposition has "exhausted less-intrusive means of discovery to obtain the needed information." *Id.* at *9.

Plaintiff's counsel has already deposed Defendants Rollock and Sermersheim, whom the Amended Complaint portrays as the highest-ranking administrators involved in Plaintiff's discipline. During meet-and-confer, Plaintiff's counsel has not identified any "needed information" that Plaintiff unsuccessfully tried to obtain from Rollock and Sermersheim, yet expects to obtain from President Daniels. See the Rule 37-1(a) Certification Regarding Defendants' Motion for Entry of Protective Order filed herewith.

Further, Plaintiff has not employed less burdensome means to obtain needed information from President Daniels, such as by sending interrogatories to him. *See Nucap Indus. v. Robert Bosch LLC*, Case No. 15 CV 2207, 2017 U.S. Dist. LEXIS 201458, at *11-*14 (N.D. Ill. Dec. 7, 2017) (granting protective order where plaintiffs could not express a specific reason why the information sought from a chairman of defendant's board of management could not be obtained through less intrusive means); *Berning*, 242 F.R.D. at 514 (granting protective order against attempt to depose the President of UAW, after noting that Plaintiff "has not attempted to obtain the desired information through less burdensome means, such as interrogatories, and has only chosen to depose one of the three administrative assistants that UAW offered for deposition."); *Todd v. Ocwen Loan Servicing*, No. 2:19-cv-00085-JMS-DLP, 2019 U.S. Dist. LEXIS 229505,

3

at *8 (S.D. Ind. Dec. 13, 2019) (deposition of CEO was premature where plaintiff had not established that he possessed relevant information or that the information could be had through less burdensome means); *see also Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-82 (7th Cir. 2002).

During meet-and-confer, Plaintiff's counsel has rationalized a deposition of President Daniels as follows: "Plaintiff has a vital interest in discovery of how a federal court injunction involving expungement would be enforced at Purdue University." Rule 37-1(a) Certification Regarding Defendants' Motion for Entry of Protective Order (filed herewith) at Ex. C. This assertion begs the issues.

- Plaintiff's Amended Complaint does not specify a Purdue record to be expunged. What Purdue record would require the involvement of the President of the University, rather than the person(s) who maintain whatever record is hypothetically ordered to be expunged? Asking the President of the University "how" expungement occurs at Purdue is nothing more than a FRCP 30(b)(6) question for which Purdue would be entitled to produce a designee of its choosing.
- Plaintiff's Amended Complaint makes no reference to Plaintiff's Purdue transcript, presumably because the transcript bears no notation of his one-year suspension.
- Plaintiff has never asked this Court to expunge a Purdue record in the possession of the Navy, nor would President Daniels be a witness to whether or how the Navy would expunge a Purdue record in the Navy's possession. Surely Plaintiff is not seeking to expunge the Purdue transcript showing his bad Purdue grades, which led NROTC to place him on leave of absence, off-scholarship. See **Exhibit B**.

Wherefore, Movants respectfully request that this Court enter an Order protecting President Daniels from the deposition noticed in **<u>Exhibit A</u>**.

Dated: September 11, 2020     Respectfully submitted,

<u>/s/ William P. Kealey</u>
William P. Kealey, Attorney No. 18973-79
Tyler L. Jones, Attorney No. 34656-29
James F. Olds, Attorney No. 27989-53
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
          tlj@stuartlaw.com
          jfo@stuartlaw.com
Telephone: 765.423.1561
***Attorneys for Defendants***