

**Stuart + Branigin**
L A W Y E R S

William P. Kealey
765.428.7077
wpk@stuartlaw.com

September 4, 2020

**Via Email Only**
Philip A. Byler
pbyler@nmllplaw.com
Nesenoff & Miltenberg LLP
363 Seventh Avenue, 5th Floor
New York, NY 10001

       *Re:*    *Meet-and-Confer: John Doe v. Purdue University et al.*

Dear Phil,

       This letter concerns your recently served deposition notices for Purdue University President Mitch Daniels and former Purdue employee Erin Oliver.

       The Amended Complaint's only substantive reference to President Daniels, who is sued solely in his official capacity for prospective injunctive relief, is his connection to "compliance with federal and state laws and court decrees specific to Defendant Purdue, including any expungement of a disciplinary record." [ECF No. 51, ¶8]. There is no allegation that President Daniels participated in any aspect of your client's Purdue discipline. This omission led to the Seventh Circuit's affirmance of Magistrate Cherry's dismissal of Plaintiff's personal-capacity claim against President Daniels. *Doe v. Purdue Univ.*, 928 F.3d 652, 664-65 (7th Cir. 2019).

       District courts in the Seventh Circuit employ an apex doctrine to evaluate whether a high-ranking executive is properly subjected to a deposition. *Todd v. Ocwen Loan Servicing*, 2019 U.S. Dist. LEXIS 229505, *7 (S.D. Ind. Dec. 13, 2019). That doctrine focuses on whether the litigant seeking the deposition has "exhausted less-intrusive means of discovery to obtain the needed information." *Id.* at *9. You have deposed the highest-ranking administrators involved in the events alleged in the Amended Complaint. None of your written discovery is directed to the personal knowledge of President Daniels. What "needed information" have you been unable to obtain short of a deposition of President Daniels?

       As disclosed in our Rule 26 disclosures on October 18, 2019, Erin Oliver is no longer with Purdue University. You will need to work with the University of Notre Dame if you wish to coordinate a deposition of her and arrange for service of a deposition subpoena. Please consult with us once you learn her availability. Tyler and I are not available on the date in your current notice.

       Very truly yours,

WKy

       William P. Kealey

cc:    Tyler L. Jones

EXHIBIT A