**Jones, Tyler L.**

| | |
|---|---|
| **From:** | Byler <philb@optonline.net> |
| **Sent:** | Thursday, September 10, 2020 9:33 PM |
| **To:** | Kealey, William P.; Jones, Tyler L. |
| **Subject:** | PAB Meet and Confer Letter Response |
| **Attachments:** | DOE v PURDUE PAB Letter to WPK re Daniels 09 10 2020.pdf |

Dear Bill:

Attached is my letter in response to yours regarding a meet and confer concerning the deposition of Defendant President Daniels.

If you wish still to talk regarding this subject, shoot me an e-mail.

Phil Byler

EXHIBIT C



**NESENOFF & MILTENBERG** LLP

ATTORNEYS AT LAW

Ira S. Nesenoff
Andrew T. Miltenberg

Barbara H. Trapasso
Ariya M. Waxman
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Robert D. Werth
Jeffrey S. Berkowitz
Kara L. Gorycki

Philip A. Byler
*Senior Litigation Counsel*
Megan S. Goddard
*Counsel*
Rebecca C. Nunberg
*Counsel*
Marybeth Sydor
*Title IX Consultant*

September 10, 2020

**By E-Mail**
William P. Kealey, Esq.
Tyler L. Jones, Esq.
Stuart & Branigin LLP
300 Main Street – Suite 900
Lafayette, Indiana 47902-1010
**wpk@stuartlaw.com**
**TLJ@stuartlaw.com**

         **Re:**     <u>Meet and Confer: *John Doe v. Purdue University, et al.*</u>

Dear Bill:

      Let me begin by saying that I appreciate your approaching this issue in a rational way in your September 4, 2020 letter. We do not share the same conclusion, but at least we are dealing with it in a lawyerly fashion.

      As you acknowledge in your September 4, 2020 letter, in the Amended Complaint in this case, Defendant Mitchell Daniels, the President of Defendant Purdue University, is a named defendant in his official capacity; and Defendant President Daniels is s named in the amended Complaint for the enforcement of injunctive relief under clams for denial of constitutional due process and Title IX discrimination per *Ex Parte Young*, 209 U.S. 123 (1908). Paragraph 7 of the Amended Complaint (ECF Doc. No. 51) states in pertinent part:

> Defendant Mitchell Elias Daniels, Jr. ("Defendant President Daniels"), joined herein in his official capacity at Defendant Purdue, is the President of Defendant Purdue who says "The Buck Stops Here" with him, and he may be contacted at a Defendant Purdue e-mail listed on Defendant Purdue's web site. . . .



**NESENOFF & MILTENBERG** LLP
ATTORNEYS AT LAW

Paragraph 8 of the Amended Complaint (ECF Doc. No. 51) states:

> Defendant President Daniels as Defendant Purdue's President is ultimately responsible for the university's compliance with a federal injunction; Defendant Daniels is not in an individual capacity liable under 42 U.S.C. § 1983 for saying "The Buck Stops Here," but his saying "The Buck Stops Here" is a recognition of his official capacity responsibility for Defendant Purdue's performance and operations as an educational institution of higher learning, which includes compliance with federal and state laws and court decrees specific to Defendant Purdue, including any expungement of a disciplinary record.

The case you cite for a protective order against Plaintiff's notice of deposition of Defendant President Daniels, *Todd v. Ocwen Loan Servicing*, 2019 U.S. Dist. LEXIS 229505, 2019 WL 8272621 (S.D. Ind. Dec. 13, 2019), is very different and not on point to justify the issuance of protective order. In that case, the Plaintiff Todd sued the Defendant mortgage loan holder, Deutsche Bank, and the Defendant loan servicer, Ocwen Loan Servicing, over what was described as unexplained and errant loan servicing conduct with respect to Plaintiff Todd's mortgage loan, invoking five statutes -- *e.g.*, the Fair Debt Collection Act; and the Plaintiff Todd sought to depose the former Chief Executive Officer of the parent company of Defendant Ocwen Loan Servicing, one Ronald Faris. Former CEO Faris was not a named defendant in the case, and in fact, his connection to and responsibility in the case was not apparent; the requested deposition seemed to be a fishing expedition. In those circumstances, the *Todd* district court considered the totality of the circumstances and concluded that a deposition was of Mr. Faris was not warranted in the case -- at least not yet.

The *Todd* district court, in deciding the case, was more nuanced about consideration of the "apex doctrine" than what your letter indicates. What the *Todd* district court said was as follows:

> The Defendant seeks to apply the "apex doctrine," a framework used by some courts to analyze whether to allow the depositions of high-ranking senior executives or officials. [Dkt. 58 at 4-5.] The Seventh Circuit has not formally adopted the apex


**NESENOFF & MILTENBERG** LLP
ATTORNEYS AT LAW

doctrine, but the District Courts, including this Court, routinely apply an apex doctrine analysis to the question of whether a high-ranking executive may be deposed. *In re Bridgestone/Firestone*, 205 F.R.D. at 536; *Hudkins v. City of Indianapolis*, No. 1:13-cv-1179-SEB-DML, 2015 WL 4664592, at *7 (S.D. Ind. Aug. 6, 2015); *Berning v. UAW Local 2209*, 242 F.R.D. 510 (N.D. Ind. 2007); *Nucap Indus. v. Robert Bosch, LLC*, No. 15 CV 2207, 2017 WL 6059770 (N.D. Ill. Dec. 7, 2017). The burden remains on the party seeking a protective order to establish good cause. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981); *Hodgdon v. Northwestern Univ.*, 245 F.R.D. 337, 341 (N.D. Ill. 2007) ("[Rule 26] puts the burden on the party seeking the protective order to show some plainly adequate reason for its issuance."). Before restricting discovery, a court should consider "the totality of the circumstances, weighing the value of the material sought against the burden of providing it," and taking into account society's interest in furthering "the truth seeking function" in the particular case before the court. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

2019 U.S. Dist. LEXIS 229505, 2019 WL 8272621*3.

What the *Todd* district court actually said requires Defendants to carry the burden of establishing good cause for a protective order against a named Defendant in this case in the person of Defendant President Daniels. Defendants' burden is not carried when a totality of the circumstances analysis is not presented (and Defendants do not provide such a totality of the circumstances analysis), and Defendants' burden is not carried by saying that Plaintiff has not used other means to find out what Defendant President Daniels knows about the facts of this case -- as if, like the *Todd* case and former CEO Faris, Defendant President Daniels is not a named party to this action and the Amended Complaint has not identified the reasons Defendant President Daniels is joined in his official capacity. But in fact, the Amended Complaint does join Defendant President Daniels as a named party to the action, and the Amended Complaint has identified the reasons Defendant President Daniels is joined in his official capacity.


**NESENOFF & MILTENBERG** LLP
ATTORNEYS AT LAW

      The Seventh Circuit stated in its opinion: "having determined that John has pleaded a liberty interest, we instruct the court to address the issue of expungement on remand." *Doe v. Purdue University*, 928 F.3d 652, 667 (7th Cir. 2019). Plaintiff has a vital interest in discovery of how a federal court injunction involving expungement would be enforced at Purdue University. Given that the buck stops with Defendant President Daniels, it makes no sense to be asking what other people can say; it is Defendant President Daniels who needs to say how the buck stops with him.

      Very truly yours,
      **NESENOFF & MILTENBERG LLP**
      By: ___*Philip A. Byler, Esq.*___
      **Philip A. Byler, Esq.**