IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| PURDUE UNIVERSITY, PURDUE | ) |
| UNIVERSITY BOARD OF TRUSTEES, | ) |
| MITCHELL ELIAS DANIELS, JR., in | ) |
| his official capacity as President of Purdue | ) No. 2:17-cv-33-JPK |
| University, ALYSA CHRISTMAS | ) |
| ROLLOCK, in her official capacity at | ) |
| Purdue University, KATHERINE | ) |
| SERMERSHEIM, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |

**MOTION TO QUASH SUBPOENA
TO TESTIFY AT A DEPOSITION
TO MR. NOEL PERRY**

Family Concern Counseling and Mr. Noel Perry, by and through their attorneys, Wagenmaker & Oberly, LLC, hereby submit their Motion to Quash a Subpoena to Testify at a Deposition in a Civil Trial.  (See Exhibit A, Subpoena attempted to be served on Mr. Perry).  Mr. Perry received the subpoena on Mr. Perry on September 17, 2020, with a command to produce documents on or before September 22, 2020, and to appear for a deposition on September 24, 2020.  Pursuant to Fed. R. Civ. P. 45(d)(2)(B), counsel for Mr. Perry served a written objection to the command to produce documents on Mr. William Kealey, counsel for Defendant Purdue University, on September 21, 2020.  (See Exhibit B, Letter to Mr. William Kealey dated September 21, 2020).  Mr. Perry files this Motion pursuant to Fed. R. Civ. P. 45(d)(3), to quash the command to testify at a deposition.  For the reasons set forth herein, the subpoena to testify

1

should be quashed with respect to any testimony by Mr. Perry based on the psychologist-patient privilege, Mr. Perry's professional ethics obligations not to disclose confidential communications, failure to allow a reasonable time to comply, relevance, improper service, and because this Motion is timely filed.

1. *Factual Background*

Mr. Perry is a professional mental health counselor working in Valparaiso, Indiana, and employed by Family Concern Counseling. He is pursuing state licensure in Indiana and has completed 2500 of the required 3000 hours for state licensure.  Mr. Perry counseled Plaintiff John Doe from 2018 through 2020. During his counseling career, Mr. Perry has counseled 140 clients. He invests significant personal time and energy into his clients, and his patients have full confidence that their communications to him are privileged, unless specifically excepted by statute.  (See Ind. Code Ann. § 25-23.6-6-1. Disclosure of privileged information). Mr. Perry relies on the confidential nature of his communications with his clients in order to protect and enhance his professional relationships with his clients and his ability to best serve them.  Mr. Perry believes that disclosure of his confidential communications with any single client would impede his ability to effectively serve all his clients, who could not be assured their communications with Mr. Perry are protected from disclosure, thus undermining the confidential relationship necessary for successful treatment.

2. *Psychologist-Patient Privilege*

a. **Applicable Law**

Fed. R. Evid. 501 provides:

*The common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege unless any of the following provides otherwise:*

- *the United States Constitution;*
- *a federal statute; or*
- *rules prescribed by the Supreme Court.*

*But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.*

This case involves claims under the U.S. Constitution (14th Amendment) and federal law (Title IX of the Education Amendments of 1972). Since this case presents two federal questions and no state law questions, federal privilege law applies. *See Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 926 (7th Cir. 2004) ("the evidentiary privileges that are applicable to federal question suits are given not by state law but by federal law").

### b. Psychologist-Patient Privilege Under Jaffe

In *Jaffe v. Redmond*, the U.S. Supreme Court held that confidential communications between psychotherapists and their patients are protected from compelled disclosure under the federal rules of evidence. 518 U.S. 1, 23-24 (1996). *Jaffe* also stated that it was unnecessary and not feasible "to delineate [the privilege's] full contours in a way that would govern all conceivable future questions in this area", and instead the Court allowed lower courts to fill out the extent and contours of the psychologist-patient privilege. *Id.* at 349 (internal citations omitted). Indeed, the courts have done so. *See United States v. Robinson*, 5 F. Supp. 3d 933, 938-39 (S.D. Ohio 2014) (summarizing the Ninth Circuit's extension of the privilege to employee assistance program counselors, unlicensed rape crisis counselors, and those engaged in admitting patients for mental health treatment).

Courts have also extended the privilege to unlicensed counselors. *See Estate of Wendy Lawrence Michael Rand v. Lavoie,* 2017 U.S. Dist. LEXIS 230030 *6 (D. N. H.) ("A majority of courts . . . have held that the psychotherapist-patient privilege extends to unlicensed counselors under certain circumstances"); *Oleszko v. State Compensation Insurance Fund*, 243 F.3d 1154,

1157(9th Cir. 1996) (extending the privilege to unlicensed counselors); *United States v. Hayes*, 227 F.3d 578, 587 (6th Cir. 2000) (extending the privilege to an unlicensed social worker); *Bose v. Rhodes Coll.*, 2017 WL 4479258 *14 (W.D. Tenn.) (extending the privilege to two unlicensed graduate-level interns); *United States v. Lowe*, 948 F. Supp. 97, 99 (D. Mass. 1996) (extending privilege to unlicensed rape crisis counselors).

Although the Seventh Circuit has not considered the applicability of the privilege to unlicensed professionals, based on the breadth of jurisdictions that have specifically extended the privilege, Mr. Perry's status – in every respect - as John Doe's counselor, and the substance of the information Mr. Perry seeks to keep confidential, extending the protections of the privilege to Mr. Perry's testimony is warranted.

### c. Mr. Perry's Assertion of the Privilege on John Doe's Behalf

Federal case law, including federal case law in this jurisdiction, holds that Mr. Perry can assert the privilege on behalf of his patient. *Sowell v. Dominquez*, 2013 WL 5913806 *19 (N.D. Ind.). "His authority to do so is presumed in the absence of evidence to the contrary." *Id.* (quoting *In re Hospital Subpoena*, 854 F. Supp. 1380, 1391 (S.D. Ind. 1994)). Based on Mr. Perry's professional ethics responsibilities to John Doe and the requirement that Mr. Doe waive the privilege in order for Mr. Perry to disclose confidential communications, Mr. Perry has asserted and hereby does assert the protections of the psychologist-patient privilege on behalf of his client, Plaintiff John Doe.

### d. John Does' Express Invocation of the Privilege and Objection to Mr. Perry's Testimony

Furthermore, Plaintiff John Doe has independently asserted protection of the psychologist-patient privilege in these proceedings. Plaintiff's counsel, Attorney Philip Byler, advised the undersigned counsel's law firm on September 22, 2020, that Plaintiff asserted

4

protection of the privilege with respect to his confidential communications with Mr. Perry, and records thereof, during his deposition testimony in this case.   (See Exhibit C, Letter from Attorney Philip Byler dated September 22, 2020).  Attorney Byler further advised that Plaintiff John Doe objects to "Mr. Perry's testimony and disclosure of records concerning the counselling that Plaintiff John Doe received." For this reason, Mr. Perry is prohibited from disclosing his confidential communications with Plaintiff and from disclosing records regarding such communications.

3.  *Mr. Perry's Ethical Obligations*

Mr. Perry is further prohibited from disclosing his confidential communications with Plaintiff John Doe, pursuant to his professional responsibilities as a mental health counselor. The American Mental Health Counselors Association Code of Ethics ("Code of Ethics") contains two provisions related to confidentiality and responding to information requests pursuant to subpoenas and court orders.

> Section I.A.2(d) of the Code of Ethics provides:

> *Mental health counselors (or their staff members) do not release information by request unless accompanied by a specific release of information or a valid court order. Mental health counselors make every attempt to release only information necessary to comply with the request or valid court order. Mental health counselors are advised to seek legal advice upon receiving a subpoena in order to respond appropriately.*

Section I.D.2(j) further provides:

> *Mental health counselors (or their staff members) do not release an assessment or evaluation report by request unless accompanied by a specific release of information or a valid court order. A subpoena is insufficient to release a report. In such a case, the counselor must inform his or her client of the situation. If the client refuses release, the mental health counselor coordinates between the client's attorney and the requesting attorney to protect client confidentiality and the counselor's legal welfare.*

Under the Code of Ethics, a request for information from a third party or a subpoena is not sufficient to warrant release of information. Instead, release of information requires a valid and enforceable court order, or else a specific authorization to release information by the client.

Mr. Perry will comply with a valid and enforceable court order. However, absent such an order, Mr. Perry is professionally obligated to not disclose his confidential communications or records thereof.

4.  *The Subpoena is Untimely*

In early September, Mr. Perry received a message from a law firm regarding appearing for a deposition. Mr. Perry returned the phone call, leaving a message, and indicated he could be reached before or after hours when he was not serving clients. In a subsequent message from the law firm left during Mr. Perry's business hours, Mr. Perry was provided with a range of possible dates for depositions. At this point Mr. Perry sought the advice of counsel on how to respond to phone calls from the law firm and to a possible subpoena. On September 17th, a process server interrupted one of Mr. Perry's counseling sessions and attempted to serve a subpoena on him. The subpoena demanded Mr. Perry provide documents five days later, by September 22nd, and appear for a deposition one week later on September 24th.

N.D. Ind. L.R. 30-1, Scheduling Depositions, provides:

> **(b)** *Notice. Attorneys must schedule depositions with at least 14-days' notice, unless opposing counsel agrees to shorter notice or the court orders otherwise.*

This jurisdiction has held that 14-day requirement in Local Rule 30-1 applies to the time between when a subpoena for a deposition is served and the date of the scheduled deposition. *Walton v. BMO Harris Bank*, 2017 U.S. Dist. LEXIS 200317, *3-4 (N.D. Ind. 2017) (holding that seven days and nine days were both insufficient amounts of time between service of a notice of deposition and the scheduled deposition, and granting Defendant's motion to quash the

subpoenas).  Here, Mr. Perry received the deposition notice on September 17th, with a command to appear seven days later on September 24th.  Based on the local rules and legal precedent within this jurisdiction, the command to appear for a deposition on September 24th is untimely.

5. *Some of the Materials Sought are Irrelevant*

Mr. Perry asserts that his confidential communications with John Doe and records thereof, or portions of them, are not relevant to the claims and counterclaim in this lawsuit and are therefore not discoverable under Rule 401 of the Federal Rules of Evidence. To the extent this court orders that Mr. Perry's confidential communications be disclosed, Mr. Perry will seek a protective order to limit any disclosure to communications that are relevant to the instant litigation.

6. *Improper Service*

Information exists showing that the subpoena was not properly served on Mr. Perry, per the requirements of Fed. R. Civ. Pro. 45(b)(1). The subpoena was left in the crack of a door by a police officer.  Courts in the Seventh Circuit have held that methods other than personal service of subpoenas must be a "sensible option" that satisfies the requirements of Rule 45(b)(1). *Achors v. FCA US, LLC*, 2017 WL 6015436 *6 (S.D. Ind.).  Here, the process server interrupted Mr. Perry during a private and confidential counseling session.  Mr. Perry advised him that he could not answer the door while counseling a client.  Waiting until the session was over and Mr. Perry could receive the subpoena was a "sensible option" in this case, rendering the method of attempted service inadequate.  Additionally, upon arriving at the office of Family Concern Consulting, the process server made no attempt to inquire if Mr. Perry was present, or if and when Mr. Perry would be available.  Such an approach was an additional option that could have afforded proper service.  However, the process server did not exercise it.

7

Courts in this jurisdiction have also looked to Fed. R. Civ. P. 5(b) to determine whether the service requirements for subpoenas have been met. *Stepp v. Rexnord Indus.*, 2014 WL 3866135 *6-7 (S. D. Ind.).  Rule 5(b)(2)(B)(i) allows for leaving a paper "at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office."  However, the process server did not comply with this rule.  The rule contemplates that a subpoena may be left with a clerk or the person in charge of an office if the person upon whom service is attempted is unavailable.  Had the process server done so, service would have been proper.  However, he did not, even though a clerk was available.

Courts in this circuit have also held that although personal service is not required for subpoenas, service by certified mail is proper to comply with Rule 45.  *Extrusion Mach. & Equip., Inc. v. Ameriform Acquisition Co., LLC*, 2016 U.S. Dist. LEXIS 62061, *3 (S.D. Ind.) *(citing Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012)). The process server also did not attempt service by certified mail which would have been a "sensible option" under *Anchors*.

Because the requirements for service of subpoenas under Rule 45(b)(1) were not met, delivery of the subpoena upon Mr. Perry constituted improper service.

7. *This Motion is Timely*

Fed. R. Civ. P. 45(d)(3) requires that a motion to quash a subpoena be filed "timely". Courts in the Seventh Circuit have held that motions to quash are timely "when made at or before the time of compliance." *Sun Enters. v. May (In re May)*, 2014 Bankr. LEXIS 3534, *9 (N.D. Ind.) (citing *Woodard v. Victory Records, Inc.*, 2014 WL 2118799 *4 (N.D. Ill.)).  Because Mr. Perry files this motion prior to September 24, 2020, the date of the command to appear, this motion is timely.

8

## CONCLUSION

For the above stated reasons, Mr. Perry moves that the Court quash the subpoena for him to testify on September 24, 2020,

          Respectfully submitted,

By: _____

Paul Z. Winters
Attorney at Law
Wagenmaker & Oberly
53 W. Jackson Blvd., Suite 1734
Chicago, IL 60604
312-626-1600 (phone)
312-626-1610 (fax)
paul@wagenmakerlaw.com

9