USDC IN/ND case 2:17-cv-00033-GSL    document 115-2    filed 09/23/20    page 1 of 3

John Doe v. Purdue University, et al (Civil Action No. 2:17-cv-33-JPK)
Motion to Quash Subpoena to Mr. Noel Perry
Exhibit B: Letter to Mr. William Kealey dated September 21, 2020

**WAGENMAKER & OBERLY**

September 21, 2020

Stuart & Branigin LLP
c/o Mr. William P. Kealey
300 Main St., Suite 900, P.O. Box 1010
Lafayette, IN 47902

*Sent via email to wpk@stuartlaw.com*

RE:   Subpoena of Noel Perry
       *John Doe v. Purdue University et al.*
       US District Court, Northern District of Indiana – Case No. 2:17-cv-33

Dear Mr. Kealey:

I am writing on behalf of my clients, Family Concern Counseling and Mr. Noel Perry, in the above-referenced matter and to follow up on your telephone discussion today with my attorney colleague Clyde Taylor. The purpose of this letter is to inform you of my clients' objection to your subpoena and the requests therein, in accordance with Rule 45 of the Federal Rules of Civil Procedure (FRCP).

The subpoena, dated September 11, 2020 and for which service upon Mr. Perry was attempted on September 17, 2020, commands that he appear on September 24, 2020, to testify regarding his care and treatment of ▮▮▮▮▮▮▮. The subpoena also commands that Mr. Perry produce "any and all medical records pertaining to your care and treatment of ▮▮▮▮▮▮▮" on or before September 22, 2020.

   A.   **Document Request**

Mr. Perry objects to the subpoena's request for production of documents for the following reasons.

1. **Mr. Perry's communications with Mr. Horb are privileged.**

Mr. Perry is a mental health counselor and his communications with his clients and records thereof are privileged unless waived by the client. In *Jaffe v. Redmond*, 518 U.S. 1 (1996), the United States Supreme Court held that conversations between psychotherapists and their patients are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence. Mr. Perry qualifies as a "psychotherapist" for purposes of *Jaffe* and, therefore, his communications with his clients, and records thereof, are privileged.

Without revealing information that is itself privileged or protected, Mr. Perry asserts that the records sought by the requesting party contain frank and extensive disclosure of ▮▮ ▮▮ emotions and observations about ▮▮▮▮ mental and emotional health and well-being, all of which were provided to Mr. Perry in confidence based on ▮▮▮▮ trust in their confidential relationship. Mr. Perry's disclosure of such communications without ▮▮ ▮▮ consent would violate his professional relationship with ▮▮▮▮ and potentially cause ▮▮▮▮ embarrassment or disgrace. Disclosure would likewise impede development of relationships with Mr. Perry's other clients who would not be assured their

📞 312 626 1600        53 W JACKSON BLVD SUITE 1734        145 RIVER LANDING DR SUITE 202
📠 312 626 1610        CHICAGO IL 60604                    CHARLESTON SC 29492

USDC IN/ND case 2:17-cv-00033-GSL    document 115-2    filed 09/23/20    page 2 of 3

John Doe v. Purdue University, et al (Civil Action No. 2:17-cv-33-JPK)
Motion to Quash Subpoena to Mr. Noel Perry
Exhibit B: Letter to Mr. William Kealey dated September 21, 2020

communications with Mr. Perry are protected from disclosure, thus undermining the confidential relationship necessary for successful treatment.

### 2. Mr. Perry can assert the privilege on Mr. Horb's behalf.

Federal case law, including federal case law in this jurisdiction, holds that Mr. Perry can assert the privilege on behalf of his patient. *Sowell v. Dominquez*, 2013 WL 5913806 *19 (N.D. Ind.). The privilege is presumed unless waived. Further, I understand that Mr. Horb has not waived protections of the privilege. *Ajibade v. Wilcher*, 2017 U.S. Dist. LEXIS 2293 *3 (S.D. Ga.) (citing *Jaffe*, 518 U.S. at 15).

### 3. Mr. Perry's confidential communications are not relevant to this lawsuit.

Mr. Perry asserts that his confidential communications with ▮▮▮▮▮▮ and records thereof, or portions of them, are not relevant to the claims and counterclaim in this lawsuit and are therefore not discoverable under Rule 401 of the Federal Rules of Evidence.

### 4. Professional ethics prohibit Mr. Perry disclosing his confidential communications.

The American Mental Health Counselors Association Code of Ethics prohibits Mr. Perry's disclosure of his confidential communications with his clients and any records thereof, unless pursuant to a valid waiver by the client or a court order. A request for information from a third party or a subpoena is not sufficient to warrant release of information.

### 5. The subpoena is untimely.

In early September, Mr. Perry received a message from a law firm regarding appearing for a deposition. Mr. Perry returned the phone call, leaving a message, and indicated he could be reached before or after hours when he was not serving clients. In a subsequent message from the law firm, Mr. Perry was provided with a range of possible dates for depositions. On September 17th, a process server interrupted one of Mr. Perry's counseling sessions and attempted to serve a subpoena on him. The subpoena demanded Mr. Perry provide documents five days later, by September 22nd, and appear for a deposition one week later on September 24th. Even if Mr. Perry's records of his confidential communications with ▮ ▮ were not privileged, Mr. Perry would be unable to produce them in the time provided in the subpoena.

### 6. Improper Service.

Information exists showing that the subpoena was not properly served on Mr. Perry, per FRCP 45(b)(1). The subpoena was left in the crack of a door by a police officer.

USDC IN/ND case 2:17-cv-00033-GSL document 115-2 filed 09/23/20 page 3 of 3

John Doe v. Purdue University, et al (Civil Action No. 2:17-cv-33-JPK)
Motion to Quash Subpoena to Mr. Noel Perry
Exhibit B: Letter to Mr. William Kealey dated September 21, 2020

B. **Deposition Request**

Mr. Perry similarly objects to the subpoena's command that he appear for testimony on September 24, 2020. We will file a Motion to Quash regarding this command to appear, in accordance with FRCP 45(d)(3).

Please let Mr. Taylor (clyde@wagenmakerlaw.com) or me (sally@wagenmakerlaw.com) know if you have any questions or wish to address this matter further.

Sincerely,

*Sally P. Wagenmaker*

Sally Wagenmaker

cc: Mr. Noel Perry, *via email*
 Mr. Philip Byler attorney for ▮▮▮▮▮▮▮, *via email*