USDC IN/ND case 2:17-cv-00033-GSL   document 115-3   filed 09/23/20   page 1 of 2

John Doe v. Purdue University, et al (Civil Action No. 2:17-cv-33-JPK)
Motion to Quash Subpoena to Mr. Noel Perry
Exhibit C: Letter from Attorney Philip Byler dated September 22, 2020



| Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| Andrew T. Miltenberg | Ariya M. Waxman | *Senior Litigation Counsel* |
| | Tara J. Davis | Megan S. Goddard |
| | Diana R. Warshow | *Counsel* |
| | Gabrielle M. Vinci | Rebecca C. Nunberg |
| | Robert D. Werth | *Counsel* |
| | Jeffrey S. Berkowitz | Marybeth Sydor |
| | Kara L. Gorycki | *Title IX Consultant* |

**September 22, 2020**

**By E-Mail**
Clyde Taylor, Esq.
Wagenmaker & Oberly, LLC
53 W. Jackson Blvd., Suite 1734
Chicago, Illinois 60604
clyde@wagenmakerlaw.com

     Re:    <u>*John Doe v. Purdue University, et al.*</u>

Dear Mr. Taylor:

     You have reached out to me to ask if Plaintiff John Doe objects to Mr. Perry's testimony and disclosure of records. Plaintiff John Doe has already asserted privilege -- what would be the psychologist-patient privilege -- at Plaintiff John Doe's deposition. At pages 146-147 of the deposition, Plaintiff John Doe testified as to receiving counselling with Mr. Perry in the period from early 2018 to mid-2020. At pages 148-149 of the deposition, Plaintiff John Doe explained that while he signed authorizations for all the other providers that were requested, Plaintiff John Doe did not sign an authorization with respect to Mr. Perry because all the other records were "more than adequate" and "because if you're in a consulting setting, the whole idea behind consulting is that you have confidentiality between you and your counselor. And in that setting, you're allowed to be more vulnerable with things you say and the feelings you express. And that is how I was able to improve my mental wellbeing. And to crack it open to me would be a large violation of that confidentiality. . . ."

     Accordingly, Plaintiff John Doe does object to Mr. Perry's testimony and disclosure of records concerning the counselling that Plaintiff John Doe received.

USDC IN/ND case 2:17-cv-00033-GSL document 115-3 filed 09/23/20 page 2 of 2

John Doe v. Purdue University, et al (Civil Action No. 2:17-cv-33-JPK)
Motion to Quash Subpoena to Mr. Noel Perry
Exhibit C: Letter from Attorney Philip Byler dated September 22, 2020



As a lawyer, I am quite comfortable with Plaintiff John Doe's assertion of privilege, especially since Defendants have seemingly been obsessed with besmirching a young man in Plaintiff John Doe and have lost sight of the fundamental issues of due process and a flawed gender biased process at Purdue. Judge Amy Coney Barrett's opinion in *Doe v. Purdue*, 928 F.3d 652 (7th Cir. 2019), will undoubtedly be read a lot now by members of the public; my view, for what it is worth, is that Purdue administrators, particularly President Daniels, should read it now and consider what they are doing in this case.

**Very truly yours,**
**NESENOFF & MILTENBERG LLP**
**By: ___*Philip A Byler, Esq.*___**

**Philip A. Byler, Esq.**