IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) |
| **DANIELS, JR.,** in his official capacity as President of | ) |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPLY OF PURDUE UNIVERSITY AND MITCHELL DANIELS IN SUPPORT OF PROTECTIVE ORDER

Come now Defendants The Trustees of Purdue University and Mitchell Elias Daniels ("Movants"), by counsel, and submit their Reply in support of their Motion for Protective Order Regarding Daniels Deposition [ECF No. 110].

Plaintiff's opposition is conspicuously silent on the law of the case that Plaintiff has failed to state a claim against President Daniels in his individual capacity, because there is no allegation of involvement by him in any of the alleged events. *Doe v. Purdue Univ.*, 928 F.3d 652, 664-65 (7th Cir. 2019).

Plaintiff's remaining official capacity claim against President Daniels is only a suit against his office. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (an official-capacity suit "is not a suit against the official personally"). President Daniels stands before this Court solely as the office-occupant, not because his name is Mitchell Daniels. *See id.* at 166 n.11; Fed. R. Civ. P.

1

25(d). This conclusion is reinforced by the fact that the injunctive relief prayer in Plaintiff's Complaint is not specific to any of the persons named as official-capacity defendants.[1]

Plaintiff admits that his real agenda has little to do with "expungement." Plaintiff's real agenda is to interrogate President Daniels about "Title IX Kangaroo Courts" and "how Defendant President Daniels is risking his legacy at Purdue by what has been happening in this case and others like it." ECF No. 116, at 9. This targeting of a public figure with a "legacy" plainly has nothing to do with prospective injunctive relief.

Legitimate federal discovery has a carefully limited purpose: gathering evidence for the factfinder to decide the case. It is an overt misuse of federal discovery to use it for the political grandstanding that Plaintiff openly admits as his true intention.

Plaintiff makes no offer of proof as to the personal knowledge of President Daniels on the topic of "expungement". Indeed, Plaintiff does not point to any discovery sought or obtained from Purdue or any other witness on that topic. Why is Plaintiff's only attempted discovery on "expungement" in the form of a request to depose the University President? Because Plaintiff cannot think up any other Rule 26(b)(1) rationale to depose the University President.

Even so, Plaintiff admits that "expungement" is an institutional topic, not a personal topic. Plaintiff asserts that he needs to inquire into "how a federal court injunction involving expungement would be enforced at *Purdue University*." ECF No. 116, at 8 (emphasis added).

Plaintiff cannot even get the terminology right. Injunctions are "enforced" by courts, not executives. Plaintiff stops well short of contending that there is any contested fact regarding

---

[1] There is no rule equipping a party to compel a deposition of a chief executive solely because of the office held. *See generally, e.g., Trump v. Hawaii*, 138 S. Ct. 2392 (2018) (President Trump named in his official capacity for the purposes of challenging a Presidential Proclamation); *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) (then-Secretary of the Interior, Manuel Lujan Jr., named in his official capacity for purposes of pursuing a lawsuit against the Department of the Interior).

compliance with a hypothetical order of expungement. (Such a hypothetical order is far over the horizon, because Plaintiff has proved nothing entitling him to an order of expungement. Plaintiff cannot even articulate what he wants expunged. ECF No. 110, at 4.).

This Court has the authority under Rule 26(c)(1)(C) to rule that Purdue University's recordkeeping and administrative procedures are 30(b)(6) deposition topics and must be discovered under that rule—not by a deposition of President Daniels. That rule provides that the organization selects the deponent. *See* Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.").

Wherefore, Movants respectfully request that this Court enter an Order protecting President Daniels from deposition in this case.

Dated: October 1, 2020	Respectfully submitted,

/s/ William P. Kealey
William P. Kealey, Attorney No. 18973-79
Tyler L. Jones, Attorney No. 34656-29
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
          tlj@stuartlaw.com
          jfo@stuartlaw.com
Telephone: 765.423.1561
***Attorneys for Defendants***

1328226-1