# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, **KATHERINE** | ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF JOHN DOE'S REPORT IN COMPLIANCE WITH THE COURT'S SEPTEMBER 24, 2020 ORDER ON REDACTIONS IN ECF 101 AND ECF 106

Plaintiff John Doe respectfully and apologetically submits this Report in compliance with the Court's September 24, 2020 Order (ECF No. 117) to review and report on the redactions for Plaintiff John Doe's papers filed under ECF 101 and under ECF 106.

There was no issue of a failure to make redactions in ECF 106 in the Sur-Reply Memorandum of Law itself. Any references to Plaintiff John Doe and Jane Doe in the Sur-Reply Memorandum of Law were done by bracketing the names as [Plaintiff John Doe] and [Jane Doe] to indicate substitution of the pseudonyms for the actual names.

Similarly, there was no issue of a failure to make redactions in ECF 101 in the Motion itself and the Supplemental Memorandum of Law itself. Again, any references to Plaintiff John Doe and Jane Doe in the Motion and the Supplemental Memorandum of Law were done by bracketing the names as [Plaintiff John Doe] and [Jane Doe] to indicate substitution of the pseudonyms for the actual names.

[1]

The problem of not redacting in places where there should have been redaction occurred in the exhibits to ECF 106 and ECF 101.

The quality of the redactions made in ECF 106 was superior to the redactions made in ECF 101 because for the redactions made in ECF 106, the Adobe Redaction Function was used by the responsible paralegal, which eliminated the issue of the inadequacy of some of the reactions in ECF 101 done by hand by me. Going forward, the Adobe Redaction Function will always be used.

But the fact remains that there were redactions that were not made that should have been made in ECF 106 and ECF 101, and my paralegal and I have identified every one of them. Most all those instances involved the real name of Plaintiff John Doe; however, that is beside the point. I take the responsibility because I physically did the redactions in ECF 101 exhibits and my current paralegal who physically did the redactions for ECF 106 exhibits just redacted what was redacted in ECF 101, albeit using the Adobe Redaction Function for ECF 106 exhibits; ECF 101 and ECF 106 exhibits are the same. This last year, with the lengthy shutdown from Covid-19 in New York, there was a turnover of paralegals at my firm, and that included my losing a paralegal who had worked for me for years and who made sure tasks such as redactions were done right. During that period, there were demands on my time such that I inadvertently missed needed redactions.

What needs to be done is that ECF 101 and ECF 106 remain sealed, and Plaintiff John Doe re-file those entries with all the proper redactions made to the exhibits.

**Dated: October 5, 2020**   **Respectfully submitted,**
**NESENOFF & MILTENBERG, LLP**
**By: /s/ *Philip A. Byler***
**Philip A. Byler, Esq.**
**Andrew T. Miltenberg, Esq.**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
pbyler@nmllplaw.com
amiltenberg@nmllplaw.com
*Attorneys for Plaintiff John Doe*