IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE**, | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, **KATHERINE** | ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JOHN DOE'S ASSERTION OF PRIVILEGE IN
COMPLIANCE WITH THE COURT'S SEPTEMBER 24, 2020 ORDER**

Plaintiff John Doe respectfully submits this statement in compliance with the Court's September 24, 2020 Order (ECF No. 117) to assert privilege as to the specific counseling communications between himself and Mr. Noel Perry, a professional mental health care counsellor. It should be noted that the counsellor Mr. Noel Perry has independently asserted privilege in a motion to quash a subpoena on the ground of the psychologist-patient privilege under *Jaffe v. Redmond*, 518 U.S. 1, 23-24 (1996) (ECF 115).

Plaintiff John Doe had already intended to assert privilege -- what would be the psychologist-patient privilege -- at Plaintiff John Doe's deposition. At pages 146-147 of the deposition, Plaintiff John Doe testified as to receiving counseling with Mr. Perry in the period from early 2018 to mid-2020. At pages 148-149 of the deposition, Plaintiff John Doe explained that while he signed authorizations for all the other providers (eight of them) that were requested, Plaintiff John Doe did not sign an authorization with respect to Mr. Perry because all the other

[1]

records were "more than adequate" and "because if you're in a consulting setting, the whole idea behind consulting is that you have confidentiality between you and your counselor. And in that setting, you're allowed to be more vulnerable with things you say and the feelings you express. And that is how I was able to improve my mental wellbeing. And to crack it open to me would be a large violation of that confidentiality. . . ."

Lest there be any doubt, Plaintiff John Doe does assert privilege as to his communications and substance of his communications with Mr. Perry during the private counseling sessions he had with Mr. Perry, and Plaintiff John Doe does object to Mr. Perry testifying and disclosing his records concerning the substance of and communications with Plaintiff John Doe regarding the counseling that Plaintiff John Doe received.  Plaintiff John Doe is not asserting privilege as to the timeline of his counseling with Mr. Noel Perry and the fact that he has received such counseling services.

Plaintiff John Doe does not have documents to put in a privilege log.  He has produced already to Defendants what documents he has had in his possession, custody or control regarding his receipt of counseling services from Mr. Perry, which documents were bills for Mr. Perry's services.  But Plaintiff John Doe does not have and has not had in his possession, custody or control any documents regarding his communications and the substance of his communications with Mr. Perry during the private counseling sessions he had with Mr. Perry.

**Dated:  October 5, 2020**                                    **Respectfully submitted,**
                                                                **NESENOFF & MILTENBERG, LLP**
                                                                **By: /s/ *Philip A. Byler***
                                                                **Philip A. Byler, Esq.**
                                                                **Andrew T. Miltenberg, Esq.**
                                                                **363 Seventh Avenue, Fifth Floor**
                                                                **New York, New York 10001**
                                                                **(212) 736-4500**
                                                                pbyler@nmllplaw.com
                                                                amiltenberg@nmllplaw.com
                                                                *Attorneys for Plaintiff John Doe*

[2]