**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | **CIVIL ACTION** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:17-cv-00033-JPK |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR.,** in his official capacity as President of Purdue University**, ALYSA CHRISTMAS ROLLOCK,** in her official capacity at Purdue University, **KATHERINE SERMERSHEIM**, in her official capacity at Purdue University, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff John Doe ("Plaintiff"), by and through his attorneys Nesenoff & Miltenberg, LLP, hereby responds and objects to Defendants' First Set of Requests for Production of Documents (the "Requests").

**GENERAL OBJECTIONS**

1. Plaintiff objects to the Requests to the extent they seek documents that are protected by the attorney-client privilege, the work product doctrine and/or are otherwise entitled to any other applicable privilege or protection recognized by law.

2. Plaintiff objects to the requests to the extent they seek the production of documents outside of his possession, custody and control.

3. Plaintiff objects to the Requests to the extent they seek the production of documents within Defendant's possession, custody and control.

1

EXHIBIT J

4. Plaintiff objects to the Requests to the extent they seek the production of documents containing, referring to, or constituting personal, confidential or proprietary information.

5. Plaintiff objects to the Requests to the extent they are vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious, and seek documents neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff states that this production of documents in response to the Requests is not and cannot be construed as a waiver of any privilege or objection with respect to any request for documents. Plaintiff reserves his right to demand the return of any privileged documents inadvertently produced.

7. Plaintiff incorporates the foregoing into his responses to each specific document request. Plaintiff's responses are made without waiver of, or prejudice to, these or any additional objections that Defendant may make. All such objections are hereby reserved, as is the right to enforce the protective order filed in this action.

8. Plaintiff reserves all objections to relevancy, materiality and admissibility of any of the documents supplied. By supplying documents in response to the Requests, Plaintiff does not admit that such documents are relevant in this lawsuit.

9. Plaintiff expressly reserves the right to supplement this document production should additional documents come into his possession as a result of Plaintiff's or his counsel's independent efforts.

10. To the extent that Plaintiff's responses are incomplete, they are made subject to additional facts that will be ascertained as a result of further discovery, investigations and analysis

of such facts by Plaintiff. Accordingly, Plaintiff expressly reserves the right to correct, clarify, amend or supplement the documents responsive to any of the Requests.

11. Plaintiff's agreement to produce documents, or his objections to the production of any documents or categories of documents, is not intended as a statement that any documents exist.

12. These general objections are deemed to continue throughout their responses to these Requests, even where no further reference to these objections is made in such responses.

## RESPONSES AND SPECIFIC OBJECTIONS

1. Any and all documents, writings, electronic records, social media posts, text messages, recordings, or things utilized or identified in responding to Defendant's First Set of Interrogatories to Plaintiff.

**Response: Subject to the General Objections stated above which are incorporated in this Response as if fully stated here and Plaintiff additionally objects that medical records and bills should be subject to a protective order before disclosure, Plaintiff will produce responsive work records and Plaintiff will produce responsive medical records for the past four years.**

2. All correspondence, including but not limited to, emails, text messages, instant messages, letter, social media posts, between Jane Doe and you.

**Response: Subject to the General Objections stated above which are incorporated in this Response as if fully stated here, Plaintiff already produced all such documents in the Purdue "investigation" of the disciplinary case and thus Defendants have them. Other than what was provided by Plaintiff in the Purdue "investigation" of the disciplinary case, there was no correspondence. If need be, Plaintiff can reproduce them.**

3

3. Any and all documents, writings, electronic records social media posts, text messages, recordings, or things to or from you that reference the incident or facts alleged in your Amended Complaint or the injuries you contend occurred as a result of the incidents alleged in your Amended Complaint.

**Response: There are no such responsive documents.**

4. All health care records relating to care, treatment or diagnoses rendered to you, the plaintiff, for the past 10 years.

**Response: Subject to the General Objections stated above which are incorporated in this Response as if fully stated here and Plaintiff additionally objects that medical records and bills should be subject to a protective order before disclosure, Plaintiff will produce responsive medical records for the past four years.**

5. Any and all statements, whether written or recorded in any format from any person relating to any fact or incident, as alleged in your Complaint.

**Response: Subject to the General Objections stated above which are incorporated in this Response as if fully stated here, the Purdue "investigators" conducted an interview of Plaintiff's roommate, ▓▓▓▓▓▓▓▓▓▓, who denied an incident alleged by Jane Doe.**

6. Copies of your educational records for each educational institution you attended at any time in or after 2016, including but not limited to records of tuition and living expenses, grades, and educational progress, and admission and eligibility enrollment.

**Response: Subject to the General Objections stated above which are incorporated in this Response as if fully stated here, Plaintiff will produce responsive educational records.**

7.  All of your social media postings from August 1, 2015 – present.

**Response: Subject to the General Objections stated above which are incorporated in this Response as if fully stated here, Plaintiff additionally objects that what relatively few social media postings he has do not relate to this case, are not relevant and will not lead to the discovery of admissible evidence.**

8.  All bills, invoices, and other documents, electronic records, recordings, or tangible things that purport to document any of your claimed damages or injuries alleged in your Complaint.

**Response: Subject to the General Objections stated above which are incorporated in this Response as if fully stated here and Plaintiff additionally objects that medical records and bills should be subject to a protective order before disclosure, Plaintiff will produce responsive documents.**

9.  All documents, electronic records, recordings, or tangible things you have obtained from any third-party or non-party via a subpoena *duces tecum* that pertain to matters alleged in your Complaint.

**Response: There are no such responsive documents.**

10. All documents, electronic records, recordings, or tangible things you have

obtained from any governmental agency or entity or political subdivision pursuant to any Access to Public Records Act (APRA), Freedom of Information Act (FOIA), or similar request that any be relevant to the matters alleged in your Complaint.

**Response: There are no such responsive documents.**

11. All exhibits which you intend to introduce at trial.

**Response: Subject to the General Objections stated above which are incorporated in this Response as if fully stated here and Plaintiff additionally objects that discovery may reveal documents not currently known, Plaintiff will produce responsive documents with which the Complaint and Amended Complaint were drafted.**

12. Your income tax returns for the years of 2015 – present.

**Response: Subject to the General Objections stated above which are incorporated in this Response as if fully stated here and Plaintiff additionally objects that tax returns should be subject to a protective order before disclosure, Plaintiff will produce responsive documents.**

13. All communications between you and the U.S. Navy or Navy ROTC during or after your participation in Navy ROTC at Purdue University regarding your Navy ROTC eligibility.

**Response: Subject to the General Objections stated above which are incorporated in this Response as if fully stated here, Plaintiff would be able to produce responsive documents from Plaintiff's University e-mail account, but Plaintiff's University e-mail account was**

**deactivated by the University.**

**THE INSTANT PRODUCTION IS WITHOUT PREJUDICE TO AND WITH A RESERVATION OF ALL RIGHTS TO SUPPLEMENT AND/OR AMEND PLAINTIFF'S PRODUCTION OF DOCUMENTS ACCOMPANYING THIS RESPONSE.**

**Dated: New York, New York**
     **November 8, 2019**

NESENOFF & MILTENBERG, LLP

By: /s/ *Philip A. Byler, Esq.*
     Philip A. Byler, Esq.
     Andrew T. Miltenberg, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
pbyler@nmllplaw.com
amiltenberg@nmllplaw.com

7

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on November 8, 2019.

William P. Kealey, Esq.
Tyler L. Jones, Esq.
James F. Olds, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
tlj@stuartlaw.com
jfo@stuartlaw.com

*Attorneys for Defendants*

BY:   ☐ U.S. Mail     ☐ Federal Express

☐ Hand-Delivery   x   Other: Email


_____*Philip A. Byler, Esq.*_____
**Philip A. Byler, Esq.**