IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | **CIVIL ACTION** |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** ) | |
| **DANIELS, JR.**, in his official capacity as President of ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, **KATHERINE** ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF JOHN DOE'S REPLY RE NOEL PERRY MOTION TO QUASH

Plaintiff John Doe respectfully submits this Reply to Defendants' opposition to non-party Noel Perry's motion to quash the subpoena served on him (ECF No. 125) in order to make three points so as to correct some misimpressions from Defendant's opposition to the Perry motion to quash and to provide some needed perspective.

*First*, Defendants repeat the false refrain from their motion for sanctions that Defendants have been facing a refusal to provide discovery as to damages. As shown in Plaintiff's opposition papers (ECF No. 98), Defendants' charge was and is false. Plaintiff produced documents in support of his economic losses, and Plaintiff has produced documents in support of his non-economic losses that included medical records in his possession and eight signed medical authorizations (of nine requested) that were not required by the discovery stipulation so ordered by the Court (ECF Nos. 89-90) and that were not in response to a formal demand. Attached as Plaintiff Motion Exhibits 3 and 4 to Plaintiff's opposition papers to Defendants' sanctions motion (ECF No. 98) are the e-mails of Plaintiff's counsel with Defendants' counsel, producing the

[1]

medical records that were in Plaintiff's possession; the initial effort to transmit a pdf to Defendants' counsel failed because the medical records were so voluminous that the pdf was too large to be transmitted by e-mail (ECF No. 98: Pl. Mot. Exs. 3-4); and so Plaintiff's counsel arranged for a link that was sent to Defendants' counsel, who acknowledged receipt (ECF No. 98: Pl. Mot. Ex. 4). (ECF No. 98: Byler Decl. ¶ 6 & Pl.5 Mot. Exs. 3-4.) Indeed, as Plaintiff notes, counsel for Defendants could only draft the medical authorizations and send them to Plaintiff's counsel because Defendants' counsel was able to get the names of the medical providers from the documents produced by Plaintiff. (ECF No. 98: Plaintiff Decl. ¶ 6.) When Plaintiff's counsel asked Defendants' counsel why the medical authorizations given the volume of medical records produced by Plaintiff, the response was that there may be additional records that were not in Plaintiff's possession. (ECF No. 98: Byler Decl. ¶ 7.) On August 18, 2020 (not June 18, 2020), Plaintiff gave a full day's deposition.

*Second*, there has been no waiver. Before the Plaintiff's deposition, all that raised the question of privilege was the authorization requested for the Perry records and communications. Plaintiff did not provide that authorization, and Plaintiff was asked about that fact at Plaintiff's deposition – pages that have been submitted to the Court and commented on by Plaintiff (ECF Nos. 107-108). The Court would not have requested Plaintiff to file a report to make clear the assertion of privilege if there had been a waiver, but the Court did make that request (ECF No. 117) and Plaintiff provided the requested statement (ECF No. 123).

*Third*, this issue of privilege for the Perry counseling communications is but a small part of the case. Defendants appear to pretend that Plaintiff does not care about injunctive relief (ECF No. 122). But Plaintiff vigorously opposed Defendants' motion to dismiss that was directed to injunctive relief (ECF Nos. 58, 63) and, as Plaintiff has made clear more recently in opposing

Defendants' motion for a protective order against the deposition of Defendant Daniels, Plaintiff does very much care about injunctive relief and Plaintiff's case for injunctive relief is solid (ECF Nos. 106, 116). Further, Plaintiff's case for economic damages is not involved either. Finally, even as to non-economic injury, as Plaintiff pointed out in his deposition, Plaintiff produced plenty of medical records from his own possession and with providing eight medical authorizations.

**Dated:  October 13, 2020**   **Respectfully submitted,**
**NESENOFF & MILTENBERG, LLP**
**By: /s/** *Philip A. Byler*
**Philip A. Byler, Esq.**
**Andrew T. Miltenberg, Esq.**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
pbyler@nmllplaw.com
amiltenberg@nmllplaw.com
*Attorneys for Plaintiff John Doe*