# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) |
| **DANIELS, JR.,** in his official capacity as President of | ) |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## LR 37-1 CERTIFICATION FOR REQUEST FOR ISSUANCE OF ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S NON-COMPLIANCE WITH ORDER AND <u>SPOLIATION OF EVIDENCE</u>

Defendants, by counsel, pursuant to N.D. Ind. L.R. 37-1(a) provide this certification that Defendants conferred in good faith with Plaintiff in an effort to resolve the matter raised in Defendants' present motion; namely, John Doe's failure to comply with this Court's Order, ECF No. 117, and spoliation of Snapchat photographs and videos. On October 8-9, 2020, Defendants' counsel, Tyler Jones, exchanged several emails with Plaintiff's counsel, Philip Byler, about the fact that Plaintiff's newest Snapchat production was missing 11 photos and videos. After Plaintiff provided his explanation and admitted to deleting the 11 missing photos and videos, Mr. Jones suggested that the parties have a phone call to discuss this and other discovery question that are not at issue here.  On October 14, 2020, Mr. Jones and Mr. Byler had a telephone call.  When Mr. Jones brought up the topic of the deleted photos and videos, Mr. Byler interrupted him, raised his voice, and made it extremely difficult for Mr. Jones to summarize his understanding of the problem

and potential steps forward. Seeing as a call would not be conducive towards resolution, Mr. Jones

ended the call and sent emails informing Mr. Byler that Defendants would set out their position in

writing. On October 21, 2020, Mr. Jones sent Mr. Byler a draft version of its request and petition

to the Court and explained that Defendants were requesting the Court issue an order to show cause

to John for his non-compliance with the Court's order. Mr. Jones asked Mr. Byler to respond by

the end of business the next day if he had an objection. Mr. Byler responded on October 22, 2020

and communicated his rejection of Defendants' position and requested relief. Given the respective

positions of the Parties, it is apparent that the Parties have reached an impasse on this issue.

Dated: October 26, 2020                    Respectfully submitted,

                                           */s/ Tyler L. Jones*
                                           William P. Kealey, Attorney No. 18973-79
                                           Tyler L. Jones, Attorney No. 34656-29
                                           James F. Olds, Attorney No. 27989-53
                                           Stuart & Branigin LLP
                                           300 Main Street, Suite 900
                                           P.O. Box 1010
                                           Lafayette, IN 47902-1010
                                           Email: wpk@stuartlaw.com
                                                  tlj@stuartlaw.com
                                                  jfo@stuartlaw.com
                                           Telephone: 765.423.1561
                                           ***Attorneys for Defendants***

2