IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR.,** in his official capacity as President of Purdue University, **ALYSA CHRISTMAS ROLLOCK**, in her official capacity at Purdue University, **KATHERINE SERMERSHEIM**, in her official capacity at Purdue University, | ) ) ) ) No. 2:17-cv-33-JPK ) ) ) ) |
| Defendants. | ) ) |

**D**EFENDANTS' **B**RIEF IN **S**UPPORT OF **T**HEIR **M**OTION FOR **D**ISCOVERY **S**ANCTIONS

Defendants, by counsel, respectfully move, pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(ii) and (iii), for an order striking Plaintiff's damage claim against the Defendants, and prohibiting him from introducing evidence relating to his damage claims, as a sanction for his willful disregard of his obligation to disclose his damage claim under Fed. R. Civ. P. 26(a)(1)(A)(iii), and for his willful disregard of his obligation to comply with this Court's Order granting "the relief implied in the parties' [89] Joint Stipulation on Pending Motions to Compel." (ECF No. 90).

**I.   S**TATUS OF **D**ISCOVERY ON **P**LAINTIFF'S **D**AMAGE **C**LAIM **A**GAINST **P**URDUE

Both of Plaintiff's "Counts" allege that he has "sustained tremendous damages, including, without limitation, emotional distress, loss of educational, [athletic, military career opportunities], economic injuries and other direct and consequential damages." (ECF No. 51, at

56, 65-66). His prayer for relief similarly requests "damages in an amount to be determined at trial, including, without limitation, damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational and athletic opportunities, and loss of future career prospects . . . ." (*Id.* at 66-67). Plaintiff's Second Amended Rule 26 Initial Disclosures assert that he is seeking no less than $3,685,000.00 in damages, including at least $100,000.00 in emotional and psychological damages. *See* **Ex. A.**

Plaintiff has failed to disclose his supporting medical records for his damage claim, including records concerning his "physical well-being, [and] emotional and psychological [well-being.]" Plaintiff has been under a continuing obligation to unilaterally disclose his damage calculations *and supporting documentation*. Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added). Plaintiff has also been under a continuing obligation to abide by his Stipulation to this Court and the Defendants and to respect this Court's Order granting "the relief implied in the parties' [89] Joint Stipulation on Pending Motions to Compel." (ECF No. 90). However, despite initially agreeing to produce social media data and his medical records, Plaintiff has inexplicably reneged and left Defendants without key documents, with Plaintiff's deposition and the discovery deadline fast approaching.

Defendants incorporate by reference their previous Brief in Support of their Motion to Compel (ECF No. 81), which adequately summarizes the discovery and meet-and-confer that had taken place up to May 19, 2020. Since then, Plaintiff has produced portions of his medical records and bills for injuries and treatment he asserts are associated to his claim. When the Defendants requested authorizations for these treatment providers so that the Defendants could get the complete record of his damages, the Plaintiff agreed. Defendants' counsel, Tyler L. Jones, forwarded Plaintiff's counsel, Philip A. Byler, authorizations for all of Plaintiff's

treatment providers on May 12, 2020. Mr. Byler responded by confirming that he had forwarded the authorizations to his client. A true and accurate copy of these emails are attached as **Exhibit B**.

After the Court's telephonic status conference on May 19, 2020, and after Defendants deposed five Navy ROTC witnesses, counsel of record conferred and reached a compromise as stated in the Joint Stipulation (ECF No. 89), filed on June 2, 2020. The Stipulation provided in relevant part:

> 6. Defendants' Motion to Compel is withdrawn without prejudice, subject to Plaintiff's performance as follows:
>
> - In reference to Defendants' Motion to Compel (ECF No. 80), not later than June 15, 2020, Plaintiff will provide Defendants with a complete data download of all Instagram and Snapchat data from his accounts, from August 2015 to the present.

The next day, this Court entered the Stipulation as an Order, "Noting the agreement of the parties, the Court GRANTS the relief implied in the parties' [89] Joint Stipulation on Pending Motions to Compel." (ECF No. 90) (The "Order").

After Mr. Jones had not heard from Mr. Byler on the outstanding authorizations, he followed up with him on June 5, 2020 and requested that John Doe execute these authorizations. Mr. Byler responded that he would get back with Mr. Jones. A true and accurate copy of these emails is attached as **Exhibit C**. Mr. Jones also followed up on June 10 and 12, and Mr. Byler generally reiterated that he would get them executed and returned to Defendants' counsel. Specifically, Mr. Byler confirmed that he would have all the signed authorizations to Mr. Jones

3

by Monday, June 15, 2020. A true and accurate copy of these communications is attached as **Exhibit D**.

On Monday, June 15, 2020, Mr. Byler produced six of the nine executed authorizations, and Mr. Jones confirmed receipt of the same. A true and accurate copy of these emails are attached as **Exhibit E**.

On June 17, 2020, two days after the stipulated social media data was due, Mr. Jones sent Mr. Byler emails following up on the outstanding discovery, including the Snapchat data and missing medical authorizations. Mr. Byler responded, seemingly unaware of the deadline in the Order, and requested that Mr. Jones reiterate the information that Defendants were seeking under the Order. Mr. Jones complied, and Mr. Byler's subsequent response did not state any difficulty or problem with complying with the Order or producing the remaining authorizations. A true and accurate copy of these emails is attached as **Exhibit F**.

On June 19, 2020, a Stuart & Branigin paralegal, Pam Gellenbeck, reminded Mr. Byler that the Defendants were still waiting on Plaintiffs' responses and Mr. Byler responded that he was working on it. A true and accurate copy of these emails are attached as **Exhibit G**.

On June 23, 2020, Mr. Jones sent another email following up with Mr. Byler. The email requested that Mr. Byler contact Defendants' counsel by 5:00 p.m. on Wednesday, June 24, 2020. The only response Mr. Jones received from Mr. Byler was a statement that he was not ignoring Mr. Jones. A true and accurate copy of these emails is attached as **Exhibit H**.

On June 25, 2020, Mr. Jones sent a thorough letter to Mr. Byler entitled "Meet-and-Confer: John Doe v. Purdue University et al." A true and accurate copy of this letter is attached as **Exhibit I**. The letter reiterated that it was a continuation of Defendants' counsels' previous attempts to remedy Plaintiff's discovery deficiencies without court intervention. This letter

summarized the status of discovery, what had not been produced, and Defendants' counsel's availability to speak. The letter added:

> I have tried my best—as have my clients—to be patient and to offer your client multiple opportunities to cure these deficiencies. . . . *If there is a legitimate, specific reason why this information cannot be[in] my email inbox by 4:30 p.m. (EST), July 2, 2020, then I am all ears and Defendants' counsel will be available for a phone call Monday-Thursday of next week. . . .*

(**Ex. I**) (emphasis added). Despite Mr. Jones's invitation to speak at almost any time on Monday, June 29 – Thursday, July 2, 2020, he did not receive any call or communication from Plaintiff's counsel during this time, except for a lone email on June 25, 2020, which acknowledged receipt of the email. A true and accurate copy of that email is attached as **Exhibit J**.

On July 3-4, 2020, Mr. Byler produced a portion of the stipulated materials and an additional medical authorization, leaving the Snapchat data and two medical authorizations outstanding. A true an accurate copy of that email is attached as **Exhibit K**.

After not hearing anything more for several days, Defendants' counsel, William P. Kealey, sent Mr. Byler a follow-up email on July 7, 2020, warning that the Defendants would file a Motion for Sanctions if Plaintiff did not comply with this Court's June 3, 2020 Order. Mr. Byler responded later that day and, again, represented that Plaintiff would produce the remaining authorizations but was silent about the stipulated social media data. Mr. Kealey replied that day and the day after (July 8th) by attaching a copy of the Stipulation (ECF No. 89) and the Order (ECF No. 90) and reiterating his request for missing Snapchat data. The next day, July 9, 2020, Mr. Byler responded by questioning the utility of the data and labeling the discovery directed by this Court in the Order as "misconceived." On July 10, 2020, Mr. Kealey responded to Mr. Byler and reminded him that this Court had ordered the production of the Snapchat data, *inter alia*, and

5

that Defendant would move for sanctions on his refusal to abide by it. Mr. Byler responded on July 12, 2020, by claiming that he had been cooperating, even though Plaintiff was non-compliant with the Order. A true and accurate copy of this email chain is attached as **Exhibit L**.

On July 14, 2020, Mr. Jones sent Mr. Byler a final reminder email, requesting that he produce Plaintiff's readily available Snapchat data and his remaining medical releases. This email cautioned Mr. Byler that Defendants' counsel needed this information by July 16, 2020, to enable Defendants' counsel adequate time to prepare for the Plaintiff's deposition in mid-August. Mr. Byler responded the next day and advised that he would get back with Mr. Jones. A true and accurate copy of these emails is attached as **Exhibit M**. He has since not contacted Mr. Jones or Mr. Kealey to discuss these discovery deficiencies.

## II. PLAINTIFF'S DAMAGE CLAIMS AGAINST DEFENDANTS SHOULD BE STRICKEN, AND HE SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE OF DAMAGES

Plaintiff commenced this case in January 2017. His complaint is directed to his Purdue enrollment in the 2015-2016 school year. The Court entered a case management plan on September 9, 2019 (ECF No. 57) that set the deadline for 26(a) disclosures for October 18, 2019, among other deadlines. The current deadline for the conclusion of fact discovery is September 30, 2020. (ECF No. 88). Plaintiff has had ample time to prepare and present his damage claim.

Plaintiff has failed to disclose the "documents or other evidentiary material . . . on which each computation [of each category of damages] is based[.]" Fed. R. Civ. P. 26(a)(1)(A)(iii). "[B]y its very terms Rule 26(a) requires . . . a 'computation,' supported by documents." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006). *See Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp.*, 2017 U.S. Dist. LEXIS 110070, *8, 2017 WL 3016385 (N.D. Ind. July 17, 2017) (quoting *Design Strategy*, discussing Rule 26(a) damage-disclosure obligation, and imposing exclusionary sanction). A party's obligation to deliver all the documents used to

calculate damages is "the functional equivalent of a standing Request for Production under Rule 34[,]" which grants the opposing party general access to these relevant documents. *Design Strategy*, 469 F.3d at 296 (quoting Fed. R. Civ. P. 26 advisory committee notes to 1993 amendments). Further, the duty to supplement under Federal Rule of Civil Procedure 26(e) applies to this obligation.

Although the Defendants would be entitled to an order compelling Plaintiff to comply with Rule 26(a) and Rule 34,[1] Plaintiff has already ignored this Court's deadline in the scheduling order (ECF No. 57) to disclose all supporting documentation for his damages calculation. There is no requirement that a motion or order to compel precede discovery sanctions *Mojapelo v. Nat'l R.R. Passenger Co.*, 748 Fed. App'x 68, 70 (7th Cir. 2019) (citing *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984)). However here, Court granted the "the relief implied in the parties' [89] Joint Stipulation on Pending Motions to Compel." (ECF No. 90).

This Court is authorized to prohibit Plaintiff "from supporting . . . designated claims [or] from introducing designated matters in evidence[.]" Fed. R. Civ. P. 37(b)(2)(A)(ii). This Court may also "strike pleadings in whole or in part" due to discovery abuses. *Id.* at (iii). A sanction under Federal Rule of Civil Procedure 37(b) is appropriate where a party's failure to comply with discovery is caused by "willfulness, bad faith, or fault[.]" *Mojapelo*, 748 Fed. App'x at 70 (quoting *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011)).

Such a sanction is warranted in this case. As in *Mojapelo*, sanctions up to and including "[d]ismissal may be appropriate after a party makes more than just one discovery error and gives

---

[1] "A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses." *Balderas v. Target Corp.*, No. 2:17-CV-270-JEM, 2018 U.S. Dist. LEXIS 215635, at *2 (N.D. Ind. Dec. 20, 2018) (citing Fed. R. Civ. P. 37(a)).

no reasonable explanation for missing deadlines or responding to interrogatories." 748 Fed. App'x at 70 (citing *Brown*, 664 F.3d at 191-92; and *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997)). Plaintiff's intentional disregard for his disclosure obligation under Rule 26(a) and the Order, and his repeated, unjustified delay meets the "willfulness" and "bad faith" standards for sanctions under Rule 37(b). At the very least, Plaintiff's behavior demonstrates "fault." *Brown*, 664 F.3d at 191 ("fault 'suggests unreasonable behavior' and it 'does not include conduct that we would classify as a mere mistake.'") (quoting *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000)). Absent the presence of willfulness, bad faith, or fault, there is no way to explain how it takes eleven requests to coax a party to meet its obligations under the federal rules and a court's previous orders.

The course of recent emails leaves no room for doubt that Plaintiff is willfully non-compliant with Rule 26(a) and the Order.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully urge this Court to strike Plaintiff's damage claims against Defendants in his Amended Complaint, to prohibit Plaintiff from presenting any evidence in support of those damage allegations, to grant reasonable attorney fees incurred in preparing and presenting their Motion, and to grant all other just and proper relief.

Dated: July 17, 2020                    Respectfully submitted,

                                                 */s/ Tyler L. Jones*
William P. Kealey (No. 18973-79)
Tyler L. Jones (No. 34656-29)
James F. Olds (No. 27989-53)
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
        tlj@stuartlaw.com
        jfo@stuartlaw.com
Telephone: 765.423.1561
***Attorneys for Defendants***

1311273