**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

---------------------------------------------------------------x

| | |
|---|---|
| **JOHN DOE,** | CIVIL ACTION |
| | No. 2:17-cv-33-JPK |
| Plaintiff, | |
| | |
| v. | |
| | |
| **PURDUE UNIVERSITY, PURDUE** | |
| **UNIVERSITY BOARD OF TRUSTEES,** | |
| **MITCHELL ELIAS DANIELS, JR.,** in | |
| his official capacity as President of Purdue | |
| University, **ALYSA CHRISTMAS** | |
| **ROLLOCK,** in her official capacity at | |
| Purdue University, and **KATHERINE** | |
| **SERMERSHEIM,** in her official | |
| capacity at Purdue University, | |
| | |
| Defendants. | |

---------------------------------------------------------------x

## PLAINTIFF JOHN DOE'S SECOND AMENDED
## RULE 26(a)(1)(A) INITIAL DISCLOSURES

**PLAINTIFF JOHN DOE**, by his attorneys, Nesenoff & Miltenberg, LLP, makes the following disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. These disclosures are based on information reasonably available to Plaintiff John Doe as of this date. The inclusion of documents in this disclosure statement shall not be deemed to waive: (i) the attorney-client privilege and/or the work-product doctrine, either generally or as they may pertain to the particular document; and/or (ii) objections to the admissibility of these documents at trial.

EXHIBIT A

**Rule 26(a)(1)A)(i): Name, Address and Telephone Number of Each Individual Likely To Have Discoverable Information That Plaintiff May Use To Support His Case in the Complaint:**

Plaintiff John Doe

c/o Nesenoff & Miltenberg LLP
363 Seventh Avenue-Fifth Floor
New York, New York 10001
212.736.4500

Defendant Alyssa C. Rollock

c/o Stuart & Branigan LLP
300 Main Street – Suite 900
P.O. Box 1010
Lafayette, Indiana 47902
765.423.1561

Defendant Katherine L. Sermersheim

c/o Stuart & Branigan LLP
300 Main Street – Suite 900
P.O. Box 1010
Lafayette, Indiana 47902
765.423.1561

Defendant Mitchell Elias Daniels, Jr.

c/o Stuart & Branigan LLP
300 Main Street – Suite 900
P.O. Box 1010
Lafayette, Indiana 47902
765.423.1561

Ms. Erin Oliver

c/o Stuart & Branigan LLP
300 Main Street – Suite 900
P.O. Box 1010
Lafayette, Indiana 47902
765.423.1561

Mr. Jacob Amberger

c/o Stuart & Branigan LLP
300 Main Street – Suite 900
P.O. Box 1010
Lafayette, Indiana 47902
765.423.1561

EXHIBIT A

Monica Soto Bloom                    c/o Stuart & Branigan LLP
                                     300 Main Street – Suite 900
                                     P.O. Box 1010
                                     Lafayette, Indiana 47902
                                     765.423.1561

Steven Knecht, Esq.                  22 N 2nd Street
                                     Lafayette, Indiana 47901
                                     765.423.2557



Captain Hutton                       Whereabouts currently unknown

Lieutenant Taylor                    Whereabouts currently unknown

"Jane Doe"                           Whereabouts currently unknown

Tandra Foster, Esq.                  c/o Stuart & Branigan LLP
                                     300 Main Street – Suite 900
                                     P.O. Box 1010
                                     Lafayette, Indiana 47902
                                     765.423.1561


**Rule 26(a)(1)(A)(ii):        A copy of or a description by category and location of, all documents, data compilations ad tangible things in the possession, custody or control of the party that the disclosing party may use to support its claims or defenses unless solely for impeachment:**

Plaintiff will rely on documents in his possession relating to the allegations and affirmative defenses including, but not limited to:

  1. Documents in Plaintiff's possession, custody or control relating to the events in question, including: text messages with Jane Roe; the documents

referenced in the Amended Complaint; documents relating to the disciplinary proceeding investigation, hearing, appeal; communications with the U.S. Navy; 2016 Purdue University publications; and documents relating to damages.

2.     U.S. Department of Education documents regarding Title IX, including but not limited to the April 4, 2011 Dear Colleague Letter, Secretary DeVos's September 7, 2017 speech announcing revocation of the April 2011 Dear Colleague Letter, the September 22, 2017 Dear Colleague Letter and intended new regulations to give due process, Obama Administration officials' pronouncements (*e.g.*, former Assistant Secretary Lhamon speeches).

All of the foregoing documents are available at the offices of Nesenoff & Miltenberg, LLP, 363 Seventh Avenue, 5th Floor, New York, New York 10001.

**Rule 26(a)(1)(A)(iii): A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

Plaintiff John Doe claims the following damages:

(1)     Damages from past and future economic losses:

(a) Loss of Income To Date - $35,000
This amount is based upon a computation of loss of the income in the difference between a commissioned officer's salary ($45,450 based on Monthly Basic Pay Table) and the wages earned in the period June 2019 to April 2020 (with two more months added based on the 10-month average).

(b) Loss of Scholarships - $100,000
This amount is based upon a computation adding the loss of four years of a Navy scholarship to Purdue and of a Presidential Scholarship.

(c) Loss of Future Income - $3,000,000
This amount is based upon a computation of the present value of the difference between a projected income and economic benefits of a career Navy officer minus a projected income and economic benefits of a career white collar employee.

(d) Legal Fees - $200,000 and counting

This amount is based upon Nesenoff & Miltenberg LLP invoices and the attorney fee shifting provisions of Title IX and 42 U.S.C. § 1983.

(2)    Damages from non-economic injuries:

(a)    Damages to Reputation - $250,000

This amount is based upon a computation derived from considering jury instructions for awarding defamation damages.

(b)    Emotional and Psychological Damages - $100,000

This amount is based upon a computation derived from considering jury instructions for awarding infliction of emotional distress damages.

Plaintiff reserves the right to retain the services of experts who will calculate Plaintiff's damages as a result of the disciplinary decision and sanction. Thus, Plaintiff reserves the right to modify this calculation of damages accordingly.

**Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on as insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy judgment.**

Plaintiff is unaware of any insurance agreements that would cover any or all of the claims herein.

## RESERVATION OF RIGHTS

Plaintiff John Doe reserves the right to supplement, amend or modify these

disclosures as new information becomes available.  These disclosures are made

without waiver of attorney work product and other privileges and without waiver of

objections to relevance.

April 29, 2020                           Respectfully submitted,
                                         NESENOFF & MILTENBERG, LLP
                                         By: /s/Philip A. Byler
                                         Philip A. Byler (pro hac vice admission)
                                         Andrew T. Miltenberg
                                         363 Seventh Avenue, Fifth Floor
                                         New York, New York 10001
                                         (212) 736-4500
                                         pbyler@nmllplaw.com
                                         **Attorneys for Plaintiff John Doe**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served upon the attorneys of

record for each party to the above-entitled cause at the address shown below on April

29, 2020:

William P. Kealey, Esq.
Tyler L. Jones, Esq.
James F. Olds, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
        tlj@stuartlaw.com
        jfo@stuartlaw.com

*Attorneys for Defendants*

**BY:**  ☐  **U.S. Mail**      ☐      **Federal Express**

        ☐  **Hand-Delivery**    **x**    **Other: Email**

_____**Philip A. Byler, Esq.**_____
        **Philip A. Byler, Esq.**