## Stuart + Branigin
### L A W Y E R S

Tyler L. Jones
765.428.7085
tlj@stuartlaw.com

June 25, 2020

**_Via Email Only_**
Philip A. Byler
pbyler@nmllplaw.com
Nesenoff & Miltenberg LLP
363 Seventh Avenue, 5th Floor
New York, NY 10001

   **Re:**  *Meet-and-Confer: John Doe v. Purdue University et al.*

Dear Phil,

   To the extent it was not previously articulated or that it is unclear, this letter continues Defendants' attempts to make good-faith efforts to resolve Plaintiff's outstanding discovery deficiencies. For the reasons stated herein, Plaintiff has not satisfied his obligations to the Defendants and the Court. If there is a legitimate, specific reason for this, Defendants' counsel are generally available for a phone call anytime next week, Monday-Thursday. If this continued dialogue fails to remedy the current deficiencies, **specifically by 4:30 p.m. (EST), July 2, 2020**, Defendants will renew their Motion to Compel and add a new section to address the missing medical authorizations.

### *Background*

   Defendants served their first document requests and interrogatories on September 25, 2019. Plaintiff responded to these requests on November 8, 2019. Defendants served their second document requests and interrogatories on March 11, 2020. Plaintiff provided his responses on April 10, 2020. Three topics emerged as points of contention: (1) Plaintiff's text messages with Jane Doe; (2) Plaintiff's social media data & records; and (3) Plaintiff's medical treatment.

### *Plaintiff's Text Messages with Jane Doe*

   Plaintiff's Rule 26 disclosures list his text messages with Jane Doe as evidence that may be used in support of his claim. His Amended Complaint (ECF No. 51) alleges that he and Jane Doe began a dating relationship in *August 2015*. During Purdue's investigation of Jane's allegation against John, John purported provided his texts with Jane Doe—130 pages beginning in *December 23, 2015*. Given the prolific texting between the two of them, the Defendants logically requested that John produce the rest of his text messages with Jane Doe, in particularly those preceding December 23, 2015. Defendants' First Request for Productions, Request No. 2,

EXHIBIT I

requested all correspondence, including text messages, between the Plaintiff and Jane Doe. When John Doe claimed that he had produced all of his messages, Defendants' Second Interrogatories, Request No. 12 asked John Doe for information that would enable the Defendants to issue a subpoena to his cell phone provider for those records. John Doe objected to producing this information.

After the Defendants filed their Motion to Compel, and following the Parties' telephonic conference with the Court, the Parties conducted an in-depth conference to reach compromises on all outstanding discovery disputes at that time. The product of that meeting was the Joint Stipulation on the Parties' pending Motions to Compel (ECF No. 89), wherein the Defendants agreed to withdraw their Motion to Compel, *without prejudice*, so long as the Plaintiff performed as follows:

> In reference to Defendants' Motion to Compel (ECF No. 80), not later than June 15, 2020, Plaintiff will provide Defendants with the following information for the time period between August 2015-August 2016: (a) his cell phone number(s), (b) the name of his cell-phone provider, (c) and his account number for this cell phone number(s), and any other information that may be necessary to subpoena his text message records with Jane Doe. Plaintiff will cooperate with Defendants' efforts to issue a subpoena on the cell phone provider for all text message communications with Jane Doe

The Court entered an Order (ECF No. 90) providing in relevant part: "Noting the agreement of the parties, the Court GRANTS the relief implied in the parties'[89] Joint Stipulation on Pending Motions to Compel."

Since that time, the Defendants timely satisfied their obligations to the Plaintiff by producing hundreds of pages of CARE Facebook records, a calendar of events, and statistics for other campus investigations, among other things. However, Plaintiff has failed or declined to uphold his end of the bargain.

On June 17, 2020, two days after the cell phone information was due, I sent you an email following up on the outstanding discovery. You responded, seemingly unaware of the deadline, and requested that I reiterate the information I was seeking. I did so by reproducing the applicable portion of the Stipulation (see above). Your subsequent response did not state that you would have difficulty or an objection to producing that information, so I believed the matter was settled. A copy of these emails is attached.

On June 19, 2020, my paralegal, Pam Gellenbeck forwarded Purdue's statistics, due to you under the Stipulation. She reminded you that we were still waiting on your client's responses and you responded that you were working on it. These emails are attached. On June 23, 2020, I sent an email following up with you. The email reiterated the outstanding request and requested that you contact us by 5:00 p.m. on Wednesday June 24, 2020 if you could not or

would not produce the information. The only response we received from you was a statement that you were not ignoring me. We have not heard from you since. I have attached these emails.

The discovery deadline is currently set for September 30, 2020, essentially three months from today. For the Defendants to obtain Plaintiff's text messages and use them during their anticipated deposition of the Plaintiff within the current deadline, they must send out a subpoena ASAP. We will need to give the provider at least 30 days to respond, and potentially longer depending on the extent of the communications or the difficulty in finding them. However, Defendants cannot begin this potentially time-consuming process until Plaintiff satisfies what he represented he would provide.

My clients get one chance to depose the Plaintiff, barring Court intervention. It is not fair or permissible that they should have to conduct this deposition without these relevant communications or that they should have to attempt to cram all of their depositions near the deadline because Plaintiff could not timely provide the necessary information. You have not provided any specific reason for this deficiency, and I do not see a legitimate reason why your client is unable to answer these simple questions.

### *Plaintiff's Social Media Records*

Plaintiff's initial disclosure puts in issue everything relating to his "physical," "emotional," and "psychological" health and education since mid-2016. The disclosure also puts his career prospects as a naval officer and qualifications for scholarships at issue. Defendants' first set of interrogatories requested that John identify the social media platforms he used from August 2015 to the present. He identified that he had an active Instagram account and a Facebook account that had since been deactivated. Even though he did not disclose that he had a Snapchat account, the Defendants did not go running to the Court; they simply requested that he produce all of this relevant social media data in their Second Requests for Production. Nevertheless, Plaintiff objected.

After the Defendants filed their Motion to Compel, and following the Parties' telephonic conference with the Court, the Parties conducted an in-depth conference to reach compromises on all outstanding discovery disputes. The product of that meeting was the Joint Stipulation on the Parties' pending Motions to Compel (ECF No. 89), wherein the Defendants' agreed to withdraw their Motion to Compel, without prejudice, so long as the Plaintiff performed as follows:

> In reference to Defendants' Motion to Compel (ECF No. 80), not later than June 15, 2020, Plaintiff will provide Defendants with a complete data download of all Instagram and Snapchat data from his accounts, from August 2015 to the present.

I will not repeat what is written above, suffice it to say that the Court accepted the Parties' Stipulations (ECF No. 90), and after Plaintiff failed to produce this data, I have emailed you twice (and my paralegal has emailed you once) to discuss the non-production. Likewise, for the

same reasons identified above, your client's failure or refusal to comply with the Stipulations considerably prejudices my clients' defense and discovery rights. As we have discussed, downloading this data has been streamlined by all the identified social media platforms so that—depending on the size of the file—the entirety of most records can be downloaded electronically (and forwarded) in minutes. There is no reason why this data could not be quickly obtained and produced, and you have not provided me one.

### *Plaintiff's Medical Authorizations*

In response to Defendants' requests for production, Plaintiff produced portions of medical records and bills for injuries and treatment he asserts are associated to his claim. After the Defendants inquired if Plaintiff would execute authorizations for these providers so that the Defendants could get the complete records, the Plaintiff agreed. I forwarded you authorizations for all of Plaintiff's treatment providers on May 12, 2020. This email is attached.

After I had not heard from you, I followed up with you on June 5, 2020 and requested that your client execute these records. You responded that you would get back with me. I also followed up on June 10 and 12, and you generally reiterated that you would get them executed and returned to me. A copy of these communications is attached.

On Monday, June 15, 2020, you produced six of the nine executed authorizations, and I confirmed receipt of the same. Thinking that the remainder were forthcoming, I did not follow up on them that day. On June 17, 2020, I followed up with you about the missing authorizations and also noted that at least one of the providers was a treating physician for Plaintiff's alleged injuries—an indisputably important witness. You responded that you had not checked the authorizations but that you were working on it. After not receiving any word, on June 23, 2020 I sent an email following up with you. The email reiterated the outstanding request and requested that you contact us by 5:00 p.m. on Wednesday June 24, 2020 if you could not or would not produce the authorizations. The only response I received from you was a statement that you were not ignoring me. I have not heard from you since. All these emails are attached.

For the same reasons as stated above, these authorizations are crucial to the Defendants' ability to fairly and fully depose your client and to present any defenses which may or may not be applicable. There is no apparent reason for these remaining authorizations not to be produced.

### *COVID-19/"Coronavirus" Difficulties*

I—and all counsel and parties in this matter—am aware of the difficulties posed by COVID-19. Some projects have taken longer, and there has been a significant learning curve for many of us as we experimented with working remotely. Many of Purdue's spring semester classes and events were cancelled or made virtual and all of the counsel in this case can now say that they have conducted remote/virtual depositions. I am also sympathetic to the potential

dangers and risks posed by COVID-19: my father was diagnosed with it and was in the hospital for weeks on oxygen.

Nevertheless, it has now been several weeks since the outbreak garnered mainstream attention in March, and everyone has—for better or worse—transitioned to this 'new normal.' While I can appreciate that COVID-19 may make it harder to get physical records executed and delivered, and add some small delays, a generalized statement that COVID-19 is slowing down operations is not sufficient. *We are all experiencing the hardship presented by the virus*, but this did not foreclose the Defendants from timely satisfying their half of the Stipulations. Your client's outstanding discovery obligations are completely digital or could be answered by a quick phone call. There is no apparent reason why this minimal information should take several weeks.

### Conclusion

I have tried my best—as have my clients—to be patient and to offer your client multiple opportunities to cure these deficiencies. But, to protect my clients' rights, I must put my foot down at some point. We need this information in order to complete our discovery by the current deadline. If there is a legitimate, specific reason why this information cannot be my email inbox by **4:30 p.m. (EST), July 2, 2020**, then I am all ears and Defendants' counsel will be available for a phone call Monday-Thursday of next week. Otherwise, we will take all reasonable action necessary to enforce our clients' rights and the agreed Stipulations.

Respectfully,

Tyler L. Jones, #34656-29

TLJ:psg
Enclosures (#6)
cc:    William P. Kealey
        Pam Gellenbeck
        Heydy Rodriguez
#1307084

Stuart & Branigin LLP

300 Main St.  |  Suite 900  |  P.O. Box 1010  |  Lafayette, Indiana 47902-1010

765.423.1561  |  stuartlaw.com

**Gellenbeck, Pamela S.**

| | |
|---|---|
| **From:** | Jones, Tyler L. <TLJ@stuartlaw.com> |
| **Sent:** | Tuesday, May 12, 2020 3:15 PM |
| **To:** | Phil Byler; Byler |
| **Cc:** | Kealey, William P.; Heydy Rodriguez |
| **Subject:** | Doe v. Purdue et al: Authorizations and Service |
| **Attachments:** | ██ Medical Auth - Porter Regional Hospital.DOC; ██ Medical Auth - St. Mary Medical Center.DOC; ██ Medical Auth - HealthLink.DOC; ██ Medical Auth - Carepointe Hearing Center.DOC; ██ Medical Auth - Porter Regional Hospital Outpatient Rehab Svcs.DOC; ██ Medical Auth - Valparaiso Family Dentistry-Southshore Family Dentistry.DOC; ██ Medical Auth - Winfield Family Medicine.DOC; ██ Medical Auth - Sacred Dunes Alternative Health.DOC; ██ Medical Auth - Family Concern Counseling, Inc..DOC |

Phil,

Please find attached to this email authorizations for the healthcare providers identified in your records, thus far. Please have your client execute (or please execute on behalf of your client, with his authorization) these authorizations and return these to Bill or me before the end of the week.

Additionally, you should have received our notices for your client's deposition and his parents' depositions, yesterday. Please advise if you will accept service of our Subpoena to your client's parents, on their behalf. Otherwise, we will serve them through traditional means.

Thank you,

Tyler

**Tyler L. Jones**
ASSOCIATE


Stuart +
Branigin
L A W Y E R S

300 Main Street, Suite 900 | P.O. Box 1010 | Lafayette, IN 47902-1010
P: 765.428.7085 | F: 765.742.8175 | tlj@stuartlaw.com

This message is a confidential legal communication to named recipients. If you receive this message in error or are not a named recipient, please notify the sender and delete this email.
Stuart & Branigin LLP

**Jones, Tyler L.**

| | |
|---|---|
| **From:** | Phil Byler <pbyler@nmllplaw.com> |
| **Sent:** | Friday, June 12, 2020 3:50 PM |
| **To:** | Jones, Tyler L. |
| **Cc:** | Kealey, William P. |
| **Subject:** | Re: Follow-up: Deposition Dates and Authorizations |

Tyler:

Yes.

Have a good weekend.

*Phil*

Philip A. Byler, Esq.
Nesenoff & Miltenberg LLP
363 Seventh Avenue - 5th Floor
New York, New York 10001
pbyler@nmllplaw.com
Telephone: 212.736.4500
Telecopier: 212.736.2260


# NESENOFF &
# MILTENBERG LLP

Phil Byler, Esq.

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500  •  212.736.2260 fax

Vcard  •  nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.


The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action

about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

**From:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Sent:** Friday, June 12, 2020 3:45 PM
**To:** Phil Byler <pbyler@nmllplaw.com>
**Cc:** Kealey, William P. <WPK@stuartlaw.com>
**Subject:** RE: Follow-up: Deposition Dates and Authorizations

Phil:

Any word?  Will we have the authorizations by Monday?

Thanks, have a pleasant weekend,

Tyler

**From:** Phil Byler <pbyler@nmllplaw.com>
**Sent:** Wednesday, June 10, 2020 11:49 AM
**To:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Cc:** Kealey, William P. <WPK@stuartlaw.com>
**Subject:** Re: Follow-up: Deposition Dates and Authorizations

Hi Tyler:

I got waylaid yesterday by something unexpected that will be very interesting, but does not involve us. I have already been in communication with ████ about the authorizations and pinning down deposition dates.  I will get back to you.

*Phil*

Philip A. Byler, Esq.
Nesenoff & Miltenberg LLP
363 Seventh Avenue - 5th Floor
New York, New York 10001
pbyler@nmllplaw.com
Telephone: 212.736.4500

2

Telecopier: 212.736.2260



**Phil Byler, Esq.**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500  •  212.736.2260 fax

Vcard  •  nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

**From:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Sent:** Wednesday, June 10, 2020 11:45 AM
**To:** Phil Byler <pbyler@nmllplaw.com>
**Cc:** Kealey, William P. <WPK@stuartlaw.com>
**Subject:** RE: Follow-up: Deposition Dates and Authorizations

Phil,

I am following up on the email chain below.  Please advise what date we can expect to receive your client's medical authorizations and social media records.  We will need to have his

medical records and social media records in order to fairly depose him sometime in the date range originally suggested.

If there is going to be any trouble with producing any of these records or documents, we need to know now so that we can reschedule depositions accordingly.

Tyler

**From:** Phil Byler <pbyler@nmllplaw.com>
**Sent:** Friday, June 5, 2020 6:42 PM
**To:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Subject:** Re: Follow-up: Deposition Dates and Authorizations

Hi Tyler:

I was occupied this afternoon on another case. I see your email. Thanks for the nice comments. I will get back to you with respect the rest.

Phil

Get Outlook for Android

**NESENOFF &**
**MILTENBERG** LLP

**Phil Byler, Esq.**
363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
212.736.4500  •  212.736.2260 fax
Vcard  •  nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

**From:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Sent:** Friday, June 5, 2020 12:17:31 PM
**To:** Phil Byler <pbyler@nmllplaw.com>; Byler <philb@optonline.net>
**Cc:** Kealey, William P. <WPK@stuartlaw.com>
**Subject:** Follow-up: Deposition Dates and Authorizations

Phil,

I hope all is well.  First, I'd like to thank you again for forwarding a Word version of the Amended Complaint.  I'd also note that the Court seemed pleased at counsels' ability to amicably work out our discovery disputes.  That deserves a Kudos for you, Bill, me, and all of our teammates and staff (Heydy, Pam, Michele, etc.).

Continuing in that spirit—and as promised last week—I am following up on the following:

1. Specific dates for the following live depositions during the weeks of June 22 and/or June 29:
    a. Your client
    b. Roommate ████████
    c. Your client's parents (though we are willing to discuss the need for these depositions if you are not planning on calling on them at trial or relying on their testimony in response or support of any substantive or dispositive motion)
2. Your client's executed medical authorizations, which I forwarded to you on May 12

I would note that the sooner we get the authorizations, the sooner we will be able to get the records and depose your client on them.  To the extent that we do not have his complete medical records (or to the extent we are missing any other pertinent production, such as his cell phone or social media records) we will reserve the right to depose him a second time on those documents.

We are generally available on the following dates: June 25-26, July 1-3.

Please advise,

Tyler

**Tyler L. Jones**

5

ASSOCIATE



300 Main Street, Suite 900 | P.O. Box 1010 | Lafayette, IN 47902-1010
P: 765.428.7085 | F: 765.742.8175 | tlj@stuartlaw.com

This message is a confidential legal communication to named recipients. If you receive this message in error or are not a named recipient, please notify the sender and delete this email.
Stuart & Branigin LLP

**Jones, Tyler L.**

| | |
|---|---|
| **From:** | Phil Byler <pbyler@nmllplaw.com> |
| **Sent:** | Monday, June 15, 2020 10:17 AM |
| **To:** | Jones, Tyler L. |
| **Cc:** | Kealey, William P. |
| **Subject:** | Re: Doe v Purdue Authorizatoins and Photographs |

Tyler:

Yes to your question.

*Phil*

Philip A. Byler, Esq.
Nesenoff & Miltenberg LLP
363 Seventh Avenue - 5th Floor
New York, New York 10001
pbyler@nmllplaw.com
Telephone: 212.736.4500
Telecopier: 212.736.2260


**|NESENOFF &**
**|MILTENBERG** LLP

**Phil Byler, Esq.**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500    •    212.736.2260 fax

Vcard    •    nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.


The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

**From:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Sent:** Monday, June 15, 2020 9:58 AM
**To:** Phil Byler <pbyler@nmllplaw.com>
**Cc:** Kealey, William P. <WPK@stuartlaw.com>
**Subject:** RE: Doe v Purdue Authorizatoins and Photographs

Thank you for the authorizations, Phil.

For clarification, are these photos being submitted a supplement to a previous request for production?

Tyler

**From:** Phil Byler <pbyler@nmllplaw.com>
**Sent:** Monday, June 15, 2020 9:43 AM
**To:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Subject:** Doe v Purdue Authorizatoins and Photographs

Good Morning Tyler:

Attached are a pdf of authorizations and a pdf of photographs of Plaintiff before the events giving rise to this case.

*Phil*

Philip A. Byler, Esq.
Nesenoff & Miltenberg LLP
363 Seventh Avenue - 5th Floor
New York, New York 10001
pbyler@nmllplaw.com
Telephone: 212.736.4500
Telecopier: 212.736.2260



**Phil Byler, Esq.**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500    •    212.736.2260 fax

Vcard    •    nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

**Jones, Tyler L.**

| | |
|---|---|
| **From:** | Phil Byler <pbyler@nmllplaw.com> |
| **Sent:** | Thursday, June 18, 2020 10:23 AM |
| **To:** | Jones, Tyler L.; Byler |
| **Cc:** | Kealey, William P. |
| **Subject:** | Re: Overdue Stipulated Materials and Depositions |

Tyler:

I am working on it.  I did not check the pdf with the authorizations.

*Phil*

Philip A. Byler, Esq.
Nesenoff & Miltenberg LLP
363 Seventh Avenue - 5th Floor
New York, New York 10001
pbyler@nmllplaw.com
Telephone: 212.736.4500
Telecopier: 212.736.2260

# NESENOFF & MILTENBERG LLP

**Phil Byler, Esq.**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500    •    212.736.2260 fax

Vcard    •    nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

1

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

**From:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Sent:** Wednesday, June 17, 2020 12:48 PM
**To:** Phil Byler <pbyler@nmllplaw.com>; Byler <philb@optonline.net>
**Cc:** Kealey, William P. <WPK@stuartlaw.com>
**Subject:** RE: Overdue Stipulated Materials and Depositions

Phil,

It has also come to my attention that your client did not execute the authorizations for three important providers—one of which is a provider he is seeing for treatment of his claimed injuries.
- Winfield Family Medicine
- Sacred Dunes Alternative Health
- Family Concern Counseling

Please also advise if we will have those authorizations by the end of the week.

Tyler

**From:** Phil Byler <pbyler@nmllplaw.com>
**Sent:** Wednesday, June 17, 2020 12:25 PM
**To:** Jones, Tyler L. <TLJ@stuartlaw.com>; Byler <philb@optonline.net>
**Cc:** Kealey, William P. <WPK@stuartlaw.com>
**Subject:** Re: Overdue Stipulated Materials and Depositions

Thanks, Tyler.

As to depositions, I will get you those dates. I have been checking out travel arrangements (flying may not be a good idea for me) and whether there are quarantine restrictions on me coming from New York (there are for New York people going to Maine and certain places in California).

*Phil*

2

Philip A. Byler, Esq.
Nesenoff & Miltenberg LLP
363 Seventh Avenue - 5th Floor
New York, New York 10001
pbyler@nmllplaw.com
Telephone: 212.736.4500
Telecopier: 212.736.2260

# NESENOFF & MILTENBERG LLP

**Phil Byler, Esq.**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500  •  212.736.2260 fax

Vcard  •  nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

**From:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Sent:** Wednesday, June 17, 2020 11:51 AM
**To:** Phil Byler <pbyler@nmllplaw.com>; Byler <philb@optonline.net>

**Cc:** Kealey, William P. <WPK@stuartlaw.com>
**Subject:** RE: Overdue Stipulated Materials and Depositions

Phil,

Regarding the stipulations, see paragraph 6, reproduced below.

Regarding the depositions, we need dates that would be convenient for you and your witnesses to have their live depositions taken at our offices in Lafayette, IN. Please produce dates between late June and early August.

Tyler

6. Defendants' Motion to Compel is withdrawn without prejudice, subject to
Plaintiff's performance as follows:
- In reference to Defendants' Motion to Compel (ECF No. 80), not later than June15, 2020, Plaintiff will provide Defendants with the following information for the time period between August 2015-August 2016: (a) his cell phone number(s), (b) the name of his cell-phone provider, (c) and his account number for this cell phone number(s), and any other information that may be necessary to subpoena his text message records with Jane Doe. Plaintiff will cooperate with Defendants' efforts to issue a subpoena on the cell phone provider for all text message communications with Jane Doe.

- In reference to Defendants' Motion to Compel (ECF No. 80), not later than June15, 2020, Plaintiff will provide Defendants with a complete data download of all Instagram and Snapchat data from his accounts, from August 2015 to the present.

**From:** Phil Byler <pbyler@nmllplaw.com>
**Sent:** Wednesday, June 17, 2020 11:44 AM
**To:** Jones, Tyler L. <TLJ@stuartlaw.com>; Byler <philb@optonline.net>
**Cc:** Kealey, William P. <WPK@stuartlaw.com>
**Subject:** Re: Overdue Stipulated Materials and Depositions

Tyler:

What information do you need? You will get it. My attention was elsewhere. It was inadvertent on my part to not follow up on this information.

*Phil*

Philip A. Byler, Esq.
Nesenoff & Miltenberg LLP
363 Seventh Avenue - 5th Floor
New York, New York 10001
pbyler@nmllplaw.com
Telephone: 212.736.4500
Telecopier: 212.736.2260

4

# NESENOFF & MILTENBERG LLP

**Phil Byler, Esq.**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

Vcard   •   nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

**From:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Sent:** Wednesday, June 17, 2020 11:32 AM
**To:** Phil Byler <pbyler@nmllplaw.com>; Byler <philb@optonline.net>
**Cc:** Kealey, William P. <WPK@stuartlaw.com>
**Subject:** Overdue Stipulated Materials and Depositions

Phil,

As agreed in the stipulations, your client was to provide information necessary to subpoena his text records and his social media data by the 15th. That deadline has now come and gone.

Please advise if we will have these documents by Thursday night. If there is some need to discuss this, then let me know ASAP.

Likewise, you have not gotten back with Bill or me for concrete dates for the noticed depositions, including your client, his roommate, and your client's parents. If we do not receive your input for a list of dates for these depositions for June-early August by Thursday night, we will reissue the notices for a time that is convenient for Bill and/or myself and proceed accordingly.

Tyler

**Tyler L. Jones**
ASSOCIATE



Stuart +
Branigin
L A W Y E R S

300 Main Street, Suite 900 | P.O. Box 1010 | Lafayette, IN 47902-1010
P: 765.428.7085 | F: 765.742.8175 | tlj@stuartlaw.com

This message is a confidential legal communication to named recipients. If you receive this message in error or are not a named recipient, please notify the sender and delete this email.
Stuart & Branigin LLP

**Jones, Tyler L.**

| | |
|---|---|
| **From:** | Gellenbeck, Pamela S. |
| **Sent:** | Friday, June 19, 2020 4:27 PM |
| **To:** | Jones, Tyler L. |
| **Subject:** | FW: John Doe v. Purdue [IWOV-imanage.FID74540] |

FYI

**From:** Byler <philb@optonline.net>
**Sent:** Friday, June 19, 2020 4:26 PM
**To:** Gellenbeck, Pamela S. <PSG@stuartlaw.com>
**Subject:** Re: John Doe v. Purdue [IWOV-imanage.FID74540]

Thanks, Pamela.  I am getting things in order on my side.  Things have been more complicated in New York in recent months.

Regards, Phil Byler

On June 19, 2020 at 3:37 PM "Gellenbeck, Pamela S." <PSG@stuartlaw.com> wrote:

Mr. Byler:


Attached is the stats for male students for 2015 and 2016.   We are still compiling the stats for female students and hope to have them to you next week.   Also, we are still waiting on the outstanding authorizations, deposition dates and the materials stipulated to be produced by June 15.


Thank you,


Pam

**Pamela S. Gellenbeck**

PARALEGAL


 Stuart + Branigin

300 Main Street, Suite 900 | P.O. Box 1010 | Lafayette, IN 47902-1010

1

P: 765.428.7076 | F: 765.742.8175 | psg@stuartlaw.com

This message is a confidential legal communication to named recipients. If you receive this message in error or are not a named recipient, please notify the sender and delete this email.

Stuart & Branigin LLP

**Jones, Tyler L.**

| | |
|---|---|
| **From:** | Phil Byler <pbyler@nmllplaw.com> |
| **Sent:** | Tuesday, June 23, 2020 5:12 PM |
| **To:** | Jones, Tyler L. |
| **Cc:** | Kealey, William P. |
| **Subject:** | Re: Doe v. Purdue: Outstanding Discovery |

Thanks you, Tyler, for your note. I am not ignoring you, and I appreciate your patience.

*Phil*

Philip A. Byler, Esq.
Nesenoff & Miltenberg LLP
363 Seventh Avenue - 5th Floor
New York, New York 10001
pbyler@nmllplaw.com
Telephone: 212.736.4500
Telecopier: 212.736.2260

# NESENOFF & MILTENBERG LLP

**Phil Byler, Esq.**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

Vcard   •   nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

**From:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Sent:** Tuesday, June 23, 2020 4:37 PM
**To:** Phil Byler <pbyler@nmllplaw.com>
**Cc:** Kealey, William P. <WPK@stuartlaw.com>
**Subject:** Doe v. Purdue: Outstanding Discovery

Phil,

We are still awaiting your client's stipulated discovery and records that are crucial for us to advance the discovery process. Specifically, between myself and my paralegal (and not including this email) I count 3 previous emails and reminders over the last week or so for discovery that was promised to be in our hands by the 15th almost a month ago.

We understand that work can be busy or distracting at times, and that Covid-19 has made some work more challenging, but these are burdens on all counsel and you have not articulated a specific reason why your client has not fulfilled his obligations or why you have not provided us with other requested information. To reiterate, we are still waiting on the following:

- The entirety of your client's medical authorizations;
- Deposition dates for your client, his roommate, and your client's parents; and,
- The information you stipulated to providing, including,
  - Your client's cell phone data, sufficient to allow us to subpoena his records with Jane Doe and
  - Your client's social media records

**To the extent that you have taken the position that you cannot or will not provide any of this information, please advise by 5:00 p.m. tomorrow afternoon.** If we do not receive a responsive answer on these topics, we will issue notices for all of these depositions on dates and times that are available to us, and we will continue our meet-and-confer via the most appropriate means. If necessary, we will refile a renewed motion to compel on the missing information, which we will need to fairly and fully depose your client.

Our availability for the depositions of Plaintiff and his witnesses in August is as follows: August 3, 7, 10, 11, 14, 17-21. If we can get the missing information sooner, we can consider a nearer date.

Very truly yours,

2

Tyler

**Tyler L. Jones**
ASSOCIATE



300 Main Street, Suite 900 | P.O. Box 1010 | Lafayette, IN 47902-1010
P: 765.428.7085 | F: 765.742.8175 | tlj@stuartlaw.com

This message is a confidential legal communication to named recipients. If you receive this message in error or are not a named recipient, please notify the sender and delete this email.
Stuart & Branigin LLP