**Jones, Tyler L.**

---

| | |
|---|---|
| **From:** | Phil Byler <pbyler@nmllplaw.com> |
| **Sent:** | Sunday, July 12, 2020 9:10 PM |
| **To:** | Kealey, William P.; Byler |
| **Cc:** | Jones, Tyler L. |
| **Subject:** | Re: Overdue Stipulated Materials and Depositions |

Bill:

I have reviewed your accusations in your July 10 e-mail, as I said I would, and those accusations are baseless. We are not ignoring the stipulation; that is false for you to say. If you move for sanctions, I will cross-move for sanctions. You are being unnecessarily litigious, and your constant threats to moving for sanctions is totally inconsistent with what the Court expects of counsel. Also, it may be a good time to discuss with the Court the overall gross over-reach of your scorched earth discovery and your slowness to agree to deposition dates.

What in the world are you talking about as to an Instagram password? We produced to your firm Plaintiff's Instagram files. Plaintiff directly e-mailed to your colleague Pamela approving access and requesting that if she had any problems, to let us know. Neither Plaintiff nor I have heard from anyone at your firm that there were any difficulties in downloading the produced Instagram information. Accordingly, I suggest you re-check your information.

I have explained to you before that I did not understand Snapchat. All that has happened is that I agreed that we would provide Snapchat information. In the process of providing that disclosure, I learned that Snapchat does not archive messages and that it is not really social media but a private messenger medium. Plaintiff can and, if need be, state under oath that there are no archived Snapchat messages.

For all your huffing and puffing about social media, which here are Instagram and Snapchat, Plaintiff's social media does not, in Plaintiff's view, yield any relevant information to this case. But we have been cooperating in discovery so that we can move the case forward.

As for your assertion that there are no witnesses supporting reputational and emotional damages, that is simply not true. Your notion that social media accounts is a primary place to look for witnesses supporting reputational and emotional damages is, in my view, totally misconceived and is not true in Plaintiff's case. In any event, what social media that my client ▮▮▮ has, has been produced to you.

Plaintiff has provided over ten authorizations. You complain about two authorizations, and I am working with plaintiff to resolve privilege and relevance issues that are connected to them.

1

**EXHIBIT L**

You do not have a basis whatsoever for seeking a preclusion order. Plaintiff has been cooperating in discovery and has not refused to produce anything, even as to what Plaintiff considers to be excessive and irrelevant. I think you need to take Plaintiff's deposition before even thinking about what would be a meritless motion.

*Phil*

Philip A. Byler, Esq.
Nesenoff & Miltenberg LLP
363 Seventh Avenue - 5th Floor
New York, New York 10001
pbyler@nmllplaw.com
Telephone: 212.736.4500
Telecopier: 212.736.2260


# NESENOFF & MILTENBERG LLP

**Phil Byler, Esq.**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

Vcard   •   nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.


The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.


SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.


IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

---

**From:** Kealey, William P. <WPK@stuartlaw.com>
**Sent:** Friday, July 10, 2020 3:12 PM
**To:** Phil Byler <pbyler@nmllplaw.com>; Byler <philb@optonline.net>
**Cc:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Subject:** RE: Overdue Stipulated Materials and Depositions

Phil,

You stipulated to court-ordered disclosure of the Snapchat and Instagram accounts. John Doe is under a court order that he, apparently on your advice, is ignoring. (Also, after I sent my email below, I learned that the password you supplied for the Instagram account is not functional for John Doe's Instagram messages.) If there are no archived messages in John's Snapchat account, then why doesn't he represent that to the court, and why does he not hand over the Snapchat password for verification? I do not understand why you do not take seriously the integrity of your stipulated word, and the seriousness of John Doe's disregard of a court order.

You have also continued to fail to deliver two of the remaining medical authorizations that you have been promising for many weeks. Obviously your client is refusing to permit access to those providers.

Attached is John's most recent damage claim, asserting "Damages to Reputation" and "Emotional and Psychological Damages." Yet that document does not list any witness as having discoverable information on either of those topics. John Doe's social media accounts and his medical provider files are two key places for Purdue to look for such witnesses. Further, the two missing medical provider releases relate directly to evaluation of "Emotional and Psychological Damages." And, as briefed in our motion to compel, federal courts (including Northern District of Indiana judges) treat social media discovery as directly probative of those topics. Further, John Doe's damage claims encompass everything in his life since Autumn 2015; nothing in his life since then is, in your phrase, "years removed from the events of this case".

For these reasons, we are updating our motion for discovery sanction and will be asking the Court, pursuant to FRCP 37(b)(2)(A)(ii) to "prohibit the disobedient party [John Doe] from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" on the topics of his interactions with Jane Doe; his claim for "Damages to Reputation" and his claim for "Emotional and Psychological Damages."

We will also be seeking an award of attorney fees and costs. For your reference, I attach a recent award of fees and costs against the Doe plaintiff in another Title IX case, *Jane Doe v. Purdue Univ. and Lance Duerfahrd.*

Bill

**William P. Kealey**
Stuart & Branigin LLP
(765) 428-7077

**From:** Phil Byler <pbyler@nmllplaw.com>
**Sent:** Thursday, July 9, 2020 5:55 AM
**To:** Kealey, William P. <WPK@stuartlaw.com>; Byler <philb@optonline.net>
**Cc:** Jones, Tyler L. <TLJ@stuartlaw.com>; Gellenbeck, Pamela S. <PSG@stuartlaw.com>
**Subject:** Re: Overdue Stipulated Materials and Depositions

3

Bill:

Do you know what Snapchat is? I didn't; now I have a better idea. It is not really a form of social media. It is more accurately described a private messaging system. Once a message is opened, Snapchat does not preserve it. All you could learn is the name or screen name of some of Plaintiff John Doe's current friends, and that is years removed from the events of this case. As Plaintiff John Doe has already verified under oath, he has never used Snapchat with respect to *Doe v. Purdue*. In my view, your scorched earth discovery efforts as to Plaintiff John Doe is misconceived.

*Phil*

Philip A. Byler, Esq.
Nesenoff & Miltenberg LLP
363 Seventh Avenue - 5th Floor
New York, New York 10001
pbyler@nmllplaw.com
Telephone: 212.736.4500
Telecopier: 212.736.2260

**NESENOFF & MILTENBERG** LLP

**Phil Byler, Esq.**
363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
212.736.4500   •   212.736.2260 fax
Vcard   •   nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

**From:** Kealey, William P. <WPK@stuartlaw.com>
**Sent:** Wednesday, July 8, 2020 3:09 PM
**To:** Phil Byler <pbyler@nmllplaw.com>; Byler <philb@optonline.net>
**Cc:** Jones, Tyler L. <TLJ@stuartlaw.com>; Gellenbeck, Pamela S. <PSG@stuartlaw.com>
**Subject:** RE: Overdue Stipulated Materials and Depositions

Phil,

We have accessed the Instagram account and are sending out the subpoena to Sprint today so I have removed those two items from the attached motion. You have not responded to me on the Snapchat password. I will file the attached motion at 1 p.m. tomorrow if I do not receive the Snapchat password by then.

Bill

**From:** Kealey, William P.
**Sent:** Tuesday, July 7, 2020 11:12 AM
**To:** Phil Byler <pbyler@nmllplaw.com>; Byler <philb@optonline.net>
**Cc:** Jones, Tyler L. <TLJ@stuartlaw.com>; Gellenbeck, Pamela S. <PSG@stuartlaw.com>
**Subject:** RE: Overdue Stipulated Materials and Depositions

Phil:

The court ordered the cell phone and Snapchat discovery after you stipulated to it, in response to a motion to compel. You promised, and the court ordered, that you would produce it by June 15. Copies are attached. Below in this string, since June 17 Tyler has been pointing our your failure to meet the June 15 deadline. Your next email to me should be providing the court-ordered discovery. No more jawboning.

Bill

**From:** Phil Byler <pbyler@nmllplaw.com>
**Sent:** Tuesday, July 7, 2020 10:11 AM
**To:** Kealey, William P. <WPK@stuartlaw.com>; Byler <philb@optonline.net>
**Cc:** Jones, Tyler L. <TLJ@stuartlaw.com>; Gellenbeck, Pamela S. <PSG@stuartlaw.com>
**Subject:** Re: Overdue Stipulated Materials and Depositions

Bill:

This is unnecessary. Of all the scorched earth discovery that Plaintiff has provided per the June 3 stipulated order, you are now complaining about two of over 10 authorizations. You are getting those two authorizations. And that is without having the June 3 stipulated order in front of me; I don't recall whether the authorization were included.

Phil

5

Get Outlook for Android

# NESENOFF & MILTENBERG LLP

**Phil Byler, Esq.**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500  •  212.736.2260 fax

Vcard  •  nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.


The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.


SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.


IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.


This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

**From:** Kealey, William P. <WPK@stuartlaw.com>
**Sent:** Tuesday, July 7, 2020 9:49:24 AM
**To:** Byler <philb@optonline.net>; Phil Byler <pbyler@nmllplaw.com>
**Cc:** Jones, Tyler L. <TLJ@stuartlaw.com>; Gellenbeck, Pamela S. <PSG@stuartlaw.com>
**Subject:** RE: Overdue Stipulated Materials and Depositions

Phil,

The medical authorizations for Winfield Family Medicine and Family Concern Counseling are still missing. Please advise.

As to Plaintiff's remaining noncompliance with the Court's June 3 discovery order, attached is our draft motion for discovery sanction, dated for filing tomorrow. Underlying authority includes: *Mojapelo v. Nat'l R.R. Passenger Co.*, 748 Fed. App'x 68, 70 (7th Cir. 2019) (citing *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984)); *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). Please provide me by close of business today the court-ordered items listed in the draft motion.

Bill

**William P. Kealey**
Stuart & Branigin LLP
(765) 428-7077

**From:** Byler <philb@optonline.net>
**Sent:** Saturday, July 4, 2020 7:23 AM
**To:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Cc:** Kealey, William P. <WPK@stuartlaw.com>
**Subject:** RE: Overdue Stipulated Materials and Depositions

Sacred Dunes Authorization.

> On July 3, 2020 at 7:23 AM Byler <philb@optonline.net> wrote:
>
> Dear Tyler:
> My desk top computer suddenly crashed yesterday due to a software issue. Dell promises to fix it but hasn't yet. So, I am improvising to get you the material.
> The Instagram can be accessed at:
> https://drive.google.com/file/d/1SvrIn6RCF7w-F3qt4m8mJqO1ul4hag42/view?hl=en
> snapchat username: insect_magician
> cell phone: 219 242 1818  provider: Sprint
> I have more coming.
> - Phil Byler
>
> > On June 17, 2020 at 12:48 PM "Jones, Tyler L." <TLJ@stuartlaw.com> wrote:
> >
> > Phil,
> >
> > It has also come to my attention that your client did not execute the authorizations for three important providers—one of which is a provider he is seeing for treatment of his claimed injuries.
> > • Winfield Family Medicine
> > • Sacred Dunes Alternative Health
> > • Family Concern Counseling
> > Please also advise if we will have those authorizations by the end of the week.
> >
> > Tyler