IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) |
| **DANIELS, JR.,** in his official capacity as President of | ) |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |

## FEE AFFIDAVIT OF WILLIAM P. KEALEY

1. My name is William P. Kealey. I am an adult resident of the State of Indiana. I am an attorney at law, duly admitted to practice before the courts of the State of Indiana and the United States District Court for the Northern District of Indiana, among others. I am the Managing Partner of the law firm of Stuart & Branigin, LLP, which is located at 300 Main Street, Suite 900, Lafayette, Indiana.

2. I have appeared in this matter on behalf of the Defendants, along with my Associate, Tyler L. Jones.

3. Mr. Jones is an attorney at law, duly admitted to practice before the courts of the State of Indiana and the United States District Court for the Northern District of Indiana, among others. He is an Associate Attorney at Stuart & Branigin. I manage and supervise Mr. Jones's work for the purposes of this litigation.

1

4.      I am one of our firm's partners responsible for billing for our firm's representation of Defendants, and I have personal knowledge of the facts set forth herein.

5.      This affidavit is submitted in response to this Court's Opinion and Order (DE 168) issued July 2, 2021 ("July 2 Order") which states:

> Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), the Court **AWARDS** Defendants their reasonable expenses incurred in making their previous motion for sanctions and the instant request for an order to show cause, litigating the hearing held on February 22, 2021, and any other work related to review of Snapchat data or litigation concerning the deleted files. The Court **ORDERS** Defendants to **FILE**, on or before **July 30, 2021**, an affidavit detailing these expenses. Alternatively, the parties may reach an agreement concerning the fees owed to Defendants.

DE 168, at 31-32 (emphasis in original).

6.      The undersigned conferred with Plaintiff's counsel in an effort to reach an agreement concerning the fees owed to Defendants, but it was apparent that Plaintiff was unwilling to make an unconditional payment to Defendants.

7.      I have considered the ABA factors, as set forth in Rule 1.5 of the ABA Model Rules of Professional Conduct, in preparing this response to the Court's above-quoted order for preparation of an affidavit.

8.      My hourly rate for this litigation in 2020 was $345.00 an hour. My hourly rate for this litigation in 2021 is $355.00 an hour.

9.      Mr. Jones's hourly rate for this litigation in 2020 was $185.00 an hour. His hourly rate for this litigation in 2021 is $195.00 an hour.

10.     Stuart & Branigin charges and receives these hourly rates from paying clients similarly situated to Defendants in this case for like work. These hourly rates are in line with the usual and customary rates in Indiana for complex litigation. *See*, for example: *Fair Hous. Ctr. of Cent. Ind. v. Welton*, No. 1:18-cv-1098-JMS-DLP, 2020 U.S. Dist. LEXIS 80597, at *18-19 (S.D.

Ind. May 7, 2020) (determining that reasonable rates in Central Indiana were $450/hour and $350/hour for experienced litigators and $225/hour for assisting attorney); *Lake Cty. Council v. Pera (In re Mandate of Funds)*, 122 N.E.3d 798, 800 (Ind. 2019) (work performed at $430/hr for partner and $245/hr for other attorneys); *Heyne v. Nick's Am. Pancake & Café, Inc.*, 2013 U.S. Dist. LEXIS 162891, *43-44 (N.D. Ind. Nov. 15, 2013) (lodestar calculated using 2013 market rates between $200 and $525 for experienced civil rights attorneys).

11. I am a graduate of Stanford Law School and have been in practice for more than thirty years. I am admitted to the bar of this Court, the Seventh Circuit Court of Appeals, and numerous other federal courts, and am admitted to practice in Indiana, California, and the District of Columbia.

12. Mr. Jones is a *summa cum laude* graduate of the Indiana University Robert H. McKinney School of Law, was previously a judicial clerk on the Indiana Court of Appeals, and is in his fourth year of private practice. He is admitted to the bar of this Court, the Seventh Circuit Court of Appeals, and Indiana, among others.

13. Defendant Purdue University is the payor for our firm's representation of all Defendants in this case.

14. Stuart & Branigin's work on the matters described in the July 2 Order was divided between Mr. Jones and me to ensure billing efficiency.

15. As noted at page 4 of the July 2 Order, in June 2020 a Joint Stipulation relating to the Snapchat data was filed, and the Court "granted the relief implied in the Joint Stipulation." Therefore, this Affidavit summarizes attorney fees from the period from July 1, 2020 up to the present related to the Snapchat data.

16. Between July 1, 2020 and August 7, 2020, Mr. Jones and I reasonably and necessarily invested at least 24.1 hours related to making, filing, and briefing Defendants'' initial Motion for Sanctions (DE 92), or otherwise completing tasks "related to review of Snapchat data or litigation concerning the deleted files." DE 168, at 29. Purdue was invoiced for 6 hours ($2,070.00) of my time and 18.1 hours ($3,348.50) of Mr. Jones' time. That work included research and drafting of the Motion for Sanctions, reviewing Plaintiff's response filed on July 31, 2020 (DE 98), drafting Defendants' reply (DE 99), and attending the telephonic status conference on September 24, 2020. The total invoiced for that time was $5,418.50.

17. Between October 8, 2020 and October 26, 2020, Mr. Jones and I reasonably and necessarily invested at least 25.3 hours related to the Motion to Show Cause (DE 133) or otherwise completing tasks "related to review of Snapchat data or litigation concerning the deleted files." DE 168, at 29. Purdue was invoiced for 1.1 hours ($379.50) of my time and 24.2 hours ($4,470.00) of Mr. Jones' time. That work included reviewing the Snapchat data provided by the Plaintiff, attempts to investigate the missing files including through meet-and-confer with opposing counsel, researching applicable authority and caselaw, and drafting and editing the motion. The total invoiced for that time was $4,849.50.

18. Between January 26, 2021 and February 22, 2021, Mr. Jones and I reasonably and necessarily invested at least 20.5 hours related to litigating the evidentiary hearing on February 22, 2021, or otherwise completing tasks "related to review of Snapchat data or litigation concerning the deleted files." DE 168, at 29.[1] Purdue was invoiced for 5.9 hours ($2,094.50) of my time and 14.6 hours ($2,847.00) of Mr. Jones' time. That work included preparing outlines for the hearing,

---

[1] I am including the work related to preparing for and attending the January 27, 2021 telephonic status conference, which initially addressed the need/viability for an evidentiary hearing, in these calculations. *See* DE 144, 146).

reviewing evidence, and preparing questions, and caselaw research, among other things. The total invoiced for that time was $4,941.50.

19. Between April 14, 2021 and April 27, 2021, Mr. Jones and I reasonably and necessarily invested 9.4 hours related to complying with the Court's April 13, 2021 Order (DE 163) or otherwise completing tasks "related to review of Snapchat data or litigation concerning the deleted files." DE 168, at 29. Purdue was invoiced for 1 hour ($355.00) or my time and 8.4 hours ($1,638.00) of Mr. Jones' time. That work included researching available resources online, meeting and discussing the order with opposing counsel, and preparing a submission for the Court. The total invoiced for that time was $1,993.00.

20. During the work periods described above in this Affidavit, Stuart & Branigin employed Pamela Gellenbeck, a paralegal with more than forty years of experience. Her billable rate for this matter was $165.00 an hour in 2020 and $170.00 an hour in 2021. Over the course of the dates outlined above, Ms. Gellenbeck assisted both Mr. Jones and me in preparing filings; organizing, redacting, and attaching exhibits; and, filing papers with the Court "related to review of Snapchat data or litigation concerning the deleted files." DE 168, at 29. Based on my review of our billing records, Ms. Gellenbeck invested 11 hours in 2020 and 7.4 hours in 2021 that were necessary for Mr. Jones and me to complete the tasks described above. Those hours total to $1,815.00 in 2020 and $1,258.00 in 2021, for a cumulative total of $3,073.00.

21. Though our firm's invoice to Purdue for work performed in July 2021 in this case has not yet issued to Purdue, based on my conversations with Mr. Jones, I estimate that he has invested no less than 15 hours (or $2,925.00 in billable time) this month reviewing this Court's Opinion & Order (DE 168), sorting billing data, assisting me in drafting this affidavit, or otherwise completing tasks "related to review of Snapchat data or litigation concerning the deleted files."

DE 168, at 29. I have spent at least 2.5 hours (or $887.50 in billable time) this month addressing the July 2 Order, reviewing relevant invoices, negotiating the fee with opposing counsel, and preparing this affidavit. Thus, Purdue will be invoiced and will pay not less than $3,812.50 for those tasks.

22. For the forgoing reasons, I respectfully submit that Defendants' reasonable expenses incurred in moving for sanctions and an order to show cause, litigating the hearing held on February 22, 2021, and other work related to review of Snapchat data or litigation concerning the deleted files totals $24,088.00.

23. **Exhibit A** to this Affidavit is a summary of the above-referenced time entry detail from Stuart & Branigin's billing software, as gathered for the computation of amounts addressed herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 30, 2021.

*WKy*

_____

William P. Kealey

**Exhibit A – Billing entries excerpted from Stuart & Branigin LLP billing software**

| Docket Event | Date and Timekeeper | Time Entry | Hrs. |
|---|---|---|---|
| | 7/1/20 (TLJ) | "Edit Motion to Compel and supporting documents" | 1.2 |
| | 7/7/20 (WPK) | "Prepare new draft of Motion to Compel; exchanges with Mr. Byler" | 1.5 |
| | 7/14/20 (WPK) | "Work on Motion to Compel" | 0.6 |
| | 7/15/20 (TLJ) | "Follow up with Byler on missing discovery" | 0.2 |
| | 7/16/20 (TLJ) | "Amend Brief in support of sanctions; draft Certification, Motion for Sanctions, and index of exhibits; discuss new filings with Mr. Kealey and client" | 6.1 |
| **Defs. File Motion for Sanctions on Plt's Failure to Comply with Stipulation 7/17/20** | | | |
| | 7/17/20 (TLJ) | "Final amendments to Motion for Sanctions and Brief in support of the same" | 2.4 |
| | 7/31/20 (TLJ) | "Review Plaintiff's response to Purdue's Motion for Sanctions" | 0.4 |
| **Plt. Files Response to MFS 7/31/20** | | | |
| | 8/3/20 (TLJ) | "Draft Reply Brief in Support of Motion for Sanctions" | 3.1 |
| | 8/4/20 (TLJ) | "Amend/edit Reply Brief in Support of Motion for Sanctions" | 4.3 |
| | 8/5/20 (WPK) | "Work on Reply Brief in Support of Motion for Discovery Sanction" | 0.3 |
| | 8/6/20 (WPK) | "Work on Reply Brief in Support of Motion for Discovery Sanction" | 3 |
| | 8/7/20 (WPK) | "Edit Reply Brief in Support of Motion for Discovery Sanction" | 0.6 |
| | 8/7/20 (TLJ) | "Review Mr. Kealey's edits and finalize Reply Brief" | 0.4 |
| | | **TOTAL** | **24.1** |
| **Court Orders Plaintiff to provide Snapchat data 9/24/20** | | | |

| | | | |
|---|---|---|---|
| | 10/8/20 (TLJ) | "Reivew [sic] produced discovery; E-mail opposing counsel regarding missing files" | 0.9 |
| | 10/9/20 (TLJ) | "E-mail exchange with opposing counsel; update client" | 0.4 |
| | 10/12/20 (TLJ) | "Draft Notice of Non-Compliance" | 1.3 |
| | 10/14/20 (WPK) | "Exchange with Attorney Byler; work on Notice of Spoliation and Non-Compliance with Order to Preserve and Produce" | 0.8 |
| | 10/14/20 (TLJ) | "Draft Notice of Non-Compliance; discuss status of case with Mr. Kealey; call with opposing counsel; draft response E-mail to Byler; research spoliation" | 4.9 |
| | 10/16/20 (TLJ) | "Draft Notice of Non-Compliance and spoliation of evidence" | 7.5 |
| | 10/20/20 (TLJ) | "Research and amend motion/petition regarding spoliation of Snapchat materials" | 5.7 |
| | 10/23/20 (TLJ) | "Research on issue of spoliation of stipulated evidence" | 0.6 |
| | 10/26/20 (TLJ) | "Final research and edits for Motion for Order to Show Cause" | 2.9 |
| | 10/26/20 (WPK) | "Edit Motion for Order to Show Cause Regarding Spoliation of Snapchat Evidence" | 0.3 |
| | | TOTAL | 25.3 |
| **Defs. File Mtn to Show Cause 10/26/20** | | | |
| | | | |
| | 1/26/21 (TLJ) | "Preparation for hearing on Snapchat spoliation" | 1.4 |
| | 2/15/21 (WPK) | "Preparation for evidentiary hearing on Snapchat" | 0.4 |
| | 2/16/21 (TLJ) | "Draft outline for evidentiary hearing" | 4.4 |
| | 2/18/21 (TLJ) | "Draft and finalize joint exhibit list for hearing on Monday regarding destruction of Snapchat data" | 2.5 |
| | 2/18/21 (WPK) | "Preparation for Snapchat evidentiary hearing" | 0.5 |
| | 2/19/21 (TLJ) | "Finalize exhibits for Monday's hearing; work with Ms. Gellenbeck to redact and file" | 1.3 |
| | 2/22/21 (TLJ) | "Prepare for and attend evidentiary hearing for Snapchat data; draft update to client" | 5 |
| | 2/22/21 (WPK) | "Prepare for and attend evidentiary hearing on Snapchat evidence" | 5 |
| | | TOTAL | 20.5 |
| **Court's evidentiary hearing 2/22/21** | | | |

| | | | |
|---|---|---|---|
| **Order for Supplemental briefing 4/13/21** | | | |
| | 4/14/21 (TLJ) | "Look for demonstrative exhibits of [Snapchat] downloads" | 0.5 |
| | 4/14/21 (WPK) | "Attention to Snapchat Order; online research; instructions to Mr. Jones on next steps" | 0.4 |
| | 4/15/21 (WPK) | "Work on response to court's Order on Snapchat evidence; related YouTube research" | 0.3 |
| | 4/16/21 (TLJ) | "Look for potential visual aid for Judge Kolar, per sua sponte Order; discuss the same with Mr. Kealey and opposing counsel" | 0.8 |
| | 4/22/21 (TLJ) | "Research articles and videos to support Joint Stipulation regarding Snapchat; draft the same; discuss the stipulation with opposing counsel" | 3.8 |
| | 4/26/21 (TLJ) | "Draft proposed Joint Stipulation regarding Snapchat; discuss with opposing counsel and respond to his counter" | 1.2 |
| | 4/27/21 (TLJ) | "Review Plaintiff's report to the court; draft Defendants' report to the court" | 2.1 |
| | 4/27/21 (WPK) | "Input to filing on Snapchat Issue; attention to Plaintiff's filing" | 0.3 |
| | | **TOTAL** | **9.4** |
| | | | |
| | | | |
| | 6/30/20 (PSG) | "Revise Renewed Motion to Compel, Brief in Support of Renewed Motion, and Index of Exhibits; prepare exhibits" | 1.7 |
| | 7/2/20 (PSG) | "Revise exhibits for Renewed Motion to Compel" | 0.1 |
| | 7/16/20 (PSG) | "Revise exhibits for Motion for Sanctions" | 1 |
| | 7/17/20 (PSG) | "Revise Exhibits and Index for Motion for Sanctions; conference with Clerk, U.S. District Court regarding filing procedure" | 0.5 |
| | 8/7/20 (PSG) | "Prepare exhibit for Reply Brief in Support of Motion for Sanctions" | 0.1 |
| | 10/7/20 (PSG) | "Receive and review Snapchat videos and photographs from Plaintiff's counsel; upload and organize" | 1.5 |
| | 10/8/20 (PSG) | "Review Snapchat productions from 9/30/20 and 10/7/20; compare for deleted files between productions; assign creation dates to photographs and videos for chronology" | 4 |
| | 10/21/20 (PSG) | "Prepare exhibits for request for Order to Show Cause regarding Snapchat data" | 0.9 |

|  | 10/22/20 (PSG) | "Prepare exhibits for Response regarding Snapchat account" | 0.5 |
|---|---|---|---|
|  | 10/23/20 (PSG) | "Revise exhibit" | 0.1 |
|  | 10/26/20 (PSG) | "Revise exhibits; file and serve Request for Order to Show Cause" | 0.6 |
|  |  | **TOTAL** | **11** |
|  |  |  |  |
|  | 1/26/21 (PSG) | "Prepare revised Exhibit C of Snapchat data; prepare Notice to the Court; file and serve" | 1 |
|  | 2/15/21 (PSG) | "Prepare exhibits for February 22, 2021 hearing on Motion for Sanctions" | 0.2 |
|  | 2/16/21 (PSG) | "Prepare exhibits for February 22, 2021 hearing" | 1.7 |
|  | 2/17/21 (PSG) | "Correspondence to Plaintiff's counsel regarding proposed Exhibits for hearing of February 22, 21" | 0.1 |
|  | 2/18/21 (PSG) | "Correspondence to Judge Kolar regarding submission of exhibits for February 22, 2021 hearing" | 0.1 |
|  | 2/19/21 (PSG) | "Prepare Index to Defendants' Exhibits; correspondence to Judge Kolar" | 2.5 |
|  | 2/20/21 (PSG) | "Receive and review Plaintiff's Exhibits for February 22, 2021 hearing, organize" | 0.8 |
|  | 4/27/21 (PSG) | "Revise report to court regarding Snapchat; prepare exhibits; revisions; file and serve" | 1 |
|  |  | **TOTAL** | **7.4** |