# EXHIBIT A

Re: Activity in Case 2:17-cv-00033-JPK Doe v. Purdue University et al Order on Motion for Order to Show Cause

Phil Byler <pbyler@nmllplaw.com>
Tue 7/20/2021 9:07 AM
To: Kealey, William P. <WPK@stuartlaw.com>
Cc: Jones, Tyler L. <TLJ@stuartlaw.com>

Dear Bill:

The offer that Plaintiff made and that you rejected was fully compliant with the Court's July 2 decision. Yes, the Court's July 2 decision says "award," but that means and must mean that it will be included in the final "award" in the case. The Court's July 2 decision does not say "pay now" and cannot reasonably be so read because that would be saddling an individual plaintiff of modest means with a financial burden in a litigation against a well-financed institution during the litigation. The Court's July 2 decision was not about undermining an adjudication on the merits. To be sure, the final "award" may include damages and attorneys' fees payable to Plaintiff that more than offset the Court's July 2 decision "award" and I believe it will, but you have chosen to litigate the case in a manner that Congress arguably did not want when including the attorneys' fees provisions in the law.

I think it would help if you more sensibly reconsidered your unsupportable assertion that this discovery issue involved a lack of cooperation that does not compare favorably with other cases in your 30+ years of legal practice. Plaintiff has produced all the documents, medical records and post-case Instagram messages that Defendants demanded. Plaintiff produced 75 of 86 post-case Snapchat videos that Defendants demanded. Plaintiff had originally objected to producing any Instagram messages and Snapchat videos, as post-case Instagram messages and Snapchat videos were and are irrelevant to this specific due process/Title IX case concerning a 2016 disciplinary case. But Defendants insisted, and so we entered into a discovery stipulation in which Plaintiff agreed to produce Instagram messages and Snapchat videos. Quite frankly, Plaintiff did so in order that you could see that there was nothing of relevance in the Instagram messages and Snapchat videos to this specific due process/Title IX case concerning a 2016 disciplinary case. And that remains Plaintiff's position: all the Instagram messages and Snapchat videos post-date the events at Purdue in this case, most by many years; the Instagram messages and Snapchat videos do not refer to those events at Purdue; the Instagram messages and Snapchat videos are totally irrelevant to this specific due process/Title IX case. In my 40+ years of experience in the practice of law, I have never seen such dwelling on what is irrelevant.

Consequently, I re-offer that Plaintiff agrees to the $15,000 to be held in abeyance to be part of the final "award."

*Phil*

Philip A. Byler, Esq.
Nesenoff & Miltenberg LLP
363 Seventh Avenue - 5th Floor
New York, New York 10001
pbyler@nmllplaw.com
Telephone: 212.736.4500
Telecopier: 212.736.2260



**Phil Byler, Esq.**

363 Seventh Avenue, 5th Floor
New York, NY 10001-3904

212.736.4500    •    212.736.2260 fax

Vcard    •    nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

**From:** Kealey, William P. <WPK@stuartlaw.com>
**Sent:** Friday, July 16, 2021 5:52 PM
**To:** Phil Byler <pbyler@nmllplaw.com>; Byler <philb@optonline.net>
**Cc:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Subject:** RE: Activity in Case 2:17-cv-00033-JPK Doe v. Purdue University et al Order on Motion for Order to Show Cause

Dear Phil,

The option I presented is for your client to cap his upside exposure on the fee award by paying a fixed amount to Purdue now.
I stated, "You are missing the point of the compromise number, which is a discount in lieu of assembling/debating/filing documentation of the total fees incurred. If we need to go to that effort, your client will likely be ordered to pay more than the amount of the offer on the table today". I also stated, "The court has ordered the expenses to be paid outright to Purdue, which incurred them." (In the Court's words, "AWARDS Defendants" "fees owed to Defendants".) Your client's counter-offer equates to paying Purdue nothing unless and until the case is dismissed on the merits. That offer is noncompliant with the Court's order and is declined.

I do wonder whether you are reading the same order that I am. The discovery conduct faulted in the order is not cooperation and does not compare favorably to any other *Doe v. Purdue* case, or any other case that I have litigated in my 30-plus years of practice.

Bill

**William P. Kealey**
Stuart & Branigin LLP
(765) 428-7077

**From:** Phil Byler <pbyler@nmllplaw.com>
**Sent:** Friday, July 16, 2021 1:06 PM
**To:** Kealey, William P. <WPK@stuartlaw.com>; Byler <philb@optonline.net>
**Cc:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Subject:** Re: Activity in Case 2:17-cv-00033-JPK Doe v. Purdue University et al Order on Motion for Order to Show Cause

Dear Bill:

I have discussed the matter with my client, and I have reviewed the Court's ruling, a large portion of which rejected your requests. I believe that the Court's ruling does not speak in the way you describe in the second paragraph of your July 12, 10:13 am e-mail. But it is not necessary to debate that point or how what you have sought in Snapchat and Instagram is irrelevant or what I still think is too high a bill, and so I won't because the Court does want us to continue to cooperate. I would just note, though, that it appears overall we have done as the Court has requested with respect to cooperation in contrast to some other recent Doe v. Purdue cases. In any event, what my client and I will agree to, without prejudice to Plaintiff's position, is $15,000 if it is held in abeyance pending the final judgment. I am not sure what your July 12, 10:13 am e-mail is saying on that point. If you meant to say it would be held in abeyance, we have a deal.

*Phil*

Philip A. Byler, Esq.
Nesenoff & Miltenberg LLP
363 Seventh Avenue - 5th Floor
New York, New York 10001
pbyler@nmllplaw.com
Telephone: 212.736.4500
Telecopier: 212.736.2260



**Phil Byler, Esq.**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

Vcard   •   nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

**From:** Kealey, William P. <WPK@stuartlaw.com>
**Sent:** Monday, July 12, 2021 10:13 AM
**To:** Phil Byler <pbyler@nmllplaw.com>; Byler <philb@optonline.net>
**Cc:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Subject:** Re: Activity in Case 2:17-cv-00033-JPK Doe v. Purdue University et al Order on Motion for Order to Show Cause

Phil,

In the four minutes between my email and yours, I doubt that you obtained John Doe's response to Purdue's offer. Please provide us his response.

The court's ruling speaks for itself on the year-plus effort on our part regarding Snapchat. As detailed by Judge Kolar, that effort included the need to overcome your role in tendering sworn false statements by John Doe and your failure to secure his compliance with a standing order for preservation of electronic evidence and a stipulated order for turnover of Snapchat evidence. That effort included dealing with a foot-high stack of antagonistic filings on your part.

You are missing the point of the compromise number, which is a discount in lieu of assembling/debating/filing documentation of the total fees incurred. If we need to go to that effort, your client will likely be ordered to pay more than the amount of the offer on the table today.

The court has ordered the expenses to be paid outright to Purdue, which incurred them. No matter what amount the court orders, that amount will be held in abeyance for anything.

Bill

Stuart & Branigin LLP

---

**From:** Phil Byler <pbyler@nmllplaw.com>
**Date:** Monday, July 12, 2021 at 9:26 AM
**To:** Kealey, William P. <WPK@stuartlaw.com>, Byler <philb@optonline.net>
**Cc:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Subject:** Re: Activity in Case 2:17-cv-00033-JPK Doe v. Purdue University et al Order on Motion for Order to Show Cause

Good Morning Bill:

You will need to provide a billing breakdown as to how in the world you got up to over $20,000.

Alternatively, we can accept $15,000 if it is held abeyance to be deducted from an attorneys' fee award to Plaintiff.

*Phil*

Philip A. Byler, Esq.
Nesenoff & Miltenberg LLP
363 Seventh Avenue - 5th Floor
New York, New York 10001
pbyler@nmllplaw.com
Telephone: 212.736.4500
Telecopier: 212.736.2260

**Phil Byler, Esq.**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500    •    212.736.2260 fax

Vcard    •    nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

**From:** Kealey, William P. <WPK@stuartlaw.com>
**Sent:** Monday, July 12, 2021 9:22 AM
**To:** Phil Byler <pbyler@nmllplaw.com>; Byler <philb@optonline.net>
**Cc:** Jones, Tyler L. <TLJ@stuartlaw.com>
**Subject:** FW: Activity in Case 2:17-cv-00033-JPK Doe v. Purdue University et al Order on Motion for Order to Show Cause

Good morning Phil,

This email follows up the July 2 order and the court's suggestion that the parties consider an agreement on the amount to be paid by John Doe to defendants for attorney fee expenses incurred in the Snapchat matter. Those attorney fees exceed $20,000. In the interest of sparing the court the burden of deciding the amount, Purdue will accept $15,000, to be paid by July 23. This amount and deadline are firm. Please notify us by this Friday whether this offer is accepted. If not, the offer will be deemed rejected and we will begin preparing the fee affidavit and will also seek fees for that task.

Bill

Stuart & Branigin LLP

**From:** CMECFinnd@innd.uscourts.gov <CMECFinnd@innd.uscourts.gov>
**Date:** Friday, July 2, 2021 at 4:56 PM
**To:** CMECFinnd@innd.uscourts.gov <CMECFinnd@innd.uscourts.gov>
**Subject:** Activity in Case 2:17-cv-00033-JPK Doe v. Purdue University et al Order on Motion for Order to Show Cause

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court Northern District of Indiana [LIVE]
USDC Northern Indiana

**Notice of Electronic Filing**

The following transaction was entered on 7/2/2021 at 4:55 PM EST and filed on 7/2/2021

**Case Name:** Doe v. Purdue University et al
**Case Number:** [2:17-cv-00033-JPK](2:17-cv-00033-JPK)
**Filer:**
**Document Number:** [168](168)

Docket Text:
**OPINION AND ORDER: The Court GRANTS with relief different than requested [133] Request for Issuance of Show Cause Regarding Plaintiff's Non-Compliance with Order and Spoliation of Evidence. The Court AWARDS Defendants their reasonable expenses incurred as outlined. Defendants to FILE by 7/30/2021, an affidavit detailing these expenses. Alternatively, parties may reach an agreement concerning the fees owed to Defendants. The Court will allow the parties to present evidence to the jury concerning the loss of the Snapchat data, and argument as to the relevance of that data, and the jury will be instructed that it may consider that evidence and argument in making its decision. Signed by Magistrate Judge Joshua P Kolar on 7/2/2021. (tc)**

**2:17-cv-00033-JPK Notice has been electronically mailed to:**

William P Kealey (Terminated)    wpk@stuartlaw.com, map@stuartlaw.com, psg@stuartlaw.com

James F Olds (Terminated)    jfo@stuartlaw.com, jla@stuartlaw.com, pas@stuartlaw.com

Paul E Luka    paul@mendozalaw.net, service@mendozalaw.net

Damon M Cheronis    damon@cheronislaw.com, damoncheronis@yahoo.com

Roberto (Alex) Alejandro Mendoza    info@alexmendozalaw.com, alex@alexmendozalaw.com, service@mendozalaw.net

Andrew T Miltenberg PHV    amiltenberg@nmllplaw.com

Philip A Byler PHV    pbyler@nmllplaw.com, cgarcia@nmllplaw.com, vguisse@nmllplaw.com

Tyler L Jones (Terminated)    tlj@stuartlaw.com, jbr@stuartlaw.com, kml@stuartlaw.com, lkf@stuartlaw.com, tylerjonesjd@gmail.com

Paul Z Winters PHV    paul@wagenmakerlaw.com

Sally R Wagenmaker PHV    sally@wagenmakerlaw.com

**2:17-cv-00033-JPK Notice has been delivered by U.S. Mail or other means to:**
The following document(s) are associated with this transaction:
**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047496160 [Date=7/2/2021] [FileNumber=4468084-0]
[667bb4251ac78b0033f51012c19802c7f17b57676c10e555b21547f9398f0ac58943
61b62701bc1f05660ce672132af78ee961152c9562cd602bb778241f6a8f]]

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.