# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** ) | |
| **DANIELS, JR.**, in his official capacity as President of ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, **KATHERINE** ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, ) | |
| ) | |
| Defendants. ) | |

### RESPONSE OF DEFENDANT MITCHELL ELIAS DANIELS, JR. TO PLAINTIFF'S INTERROGATORIES

Defendant, Mitchell Elias Daniels, Jr. ("Respondent") responds to Plaintiff John Doe's Interrogatories served November 5, 2020.

**Interrogatories and Responses**

1. State whether Defendant Mitchell Elias Daniels, Jr. has read the Seventh Circuit's opinion authored by Judge (now Justice) Amy Coney Barrett in this case, 928 F.3d 652 (7th Cir. 2019)?

**ANSWER: Yes.**

2. State whether Defendant Mitchell Elias Daniels, Jr. has read the portion of the Seventh Circuit's opinion authored by Judge (now Justice) Amy Coney Barrett in this case that states "we instruct the court to address the issue of expungement on remand," 928 F.3d at 667?

1

**ANSWER: Yes.**

3. State whether Defendant Mitchell Elias Daniels, Jr. has read the Amended Complaint in this action?

**ANSWER: No.**

4. State whether Defendant Mitchell Elias Daniels, Jr. has read paragraphs 7 and 8 of the Amended Complaint in this action concerning Defendant Mitchell Elias Daniels, Jr.?

**ANSWER: No.**

5. State whether Defendant Mitchell Elias Daniels, Jr. has learned that Plaintiff John Doe did not receive a hearing in his disciplinary case, was not shown the investigation report by the university throughout the disciplinary case, would not be shown a redacted copy of the investigation report by the university until the fall of 2016 when he was suspended and personally appeared for what Purdue's documents show was a half-hour meeting with the Dean of Students and three members of the Advisory Committee on Equity and Jane Doe did not?

**OBJECTIONS: Respondent objects to this interrogatory as (i) compound and (ii) calling for disclosure of attorney-client communications between Respondent and the Purdue University Office of Legal Counsel.**

6. State what are the roles, responsibilities and functions of Defendant Mitchell Elias Daniels, Jr. as President of Purdue University?

**OBJECTIONS: Overbroad and lacking foundation.**

**ANSWER: Pursuant to Federal Rule of Civil Procedure 33(d),** *see* **Answer and corresponding exhibit to Defendants' Answer No. 24 to Plaintiff's first request for interrogatories, served on January 27, 2020.**

2

7. In the event that the federal district court issues an order requiring the expungement of the disciplinary case record and files against Plaintiff John Doe, will you exercise your authority as President to insure that there is full compliance with the federal court expungement order?

**OBJECTIONS: This interrogatory (a) is an incomplete hypothetical referring to a non-existent "order" and is therefore at best premature [Fed. R. Civ. Proc. 69(a)(2)] and (b) misuses the term "expungement". Plaintiff's complaint prays for "expungement of the disciplinary record from John Doe's school records" not for destruction of any document.**

**ANSWER: Purdue University's Office of Legal Counsel, by delegation of authority from the University's Board of Trustees and the President of the University, has primary authority for evaluation and oversight of the University's legal obligations. Compliance with a final, non-appealable judgment is addressed pursuant to that delegation.**

8. In the event that the federal district court issues an order requiring the expungement of the disciplinary case record and files against Plaintiff John Doe, what specific steps will you take to insure that the there is full compliance with the federal court expungement order?

**OBJECTIONS: This interrogatory (a) is an incomplete hypothetical referring to a non-existent "order" and is therefore premature [Fed. R. Civ. Proc. 69(a)(2)] and (b) misuses the term "expungement". Plaintiff's complaint prays for "expungement of the disciplinary record from John Doe's school records" not for destruction of any document.**

**ANSWER: Purdue University's Office of Legal Counsel, by delegation of authority from the University's Board of Trustees and the President of the University, has primary authority for evaluation and oversight of the University's legal obligations. Compliance with a final, non-appealable judgment is addressed pursuant to that delegation.**

9.  In the event that the federal district court issues an order requiring the expungement of the disciplinary case record and files against Plaintiff John Doe, will you direct the Purdue General Counsel's Office to remove the disciplinary record and case files against Plaintiff John Doe that the Purdue General Counsel's Office has?

**OBJECTIONS: This interrogatory (a) is an incomplete hypothetical referring to a non-existent "order" and is therefore premature [Fed. R. Civ. Proc. 69(a)(2)] and (b) misuses the term "expungement". Plaintiff's complaint prays for "expungement of the disciplinary record from John Doe's school records" not for destruction of any document.**

**ANSWER: Purdue University's Office of Legal Counsel, by delegation of authority from the University's Board of Trustees and the President of the University, has primary authority for evaluation and oversight of the University's legal obligations. Compliance with a final, non-appealable judgment is addressed pursuant to that delegation.**

10. In the event that the federal district court issues an order requiring the expungement of the disciplinary case record and files against Plaintiff John Doe, will you direct the Defendant Dean of Students Katherine Sermersheim to remove the disciplinary record and case files against Plaintiff John Doe that the Dean of Students Katherine Sermersheim has?

**OBJECTIONS: This interrogatory (a) is an incomplete hypothetical referring to a non-existent "order" and is therefore premature [Fed. R. Civ. Proc. 69(a)(2)] and (b) misuses the term "expungement". Plaintiff's complaint prays for "expungement of the disciplinary record from John Doe's school records" not for destruction of any document.**

**ANSWER: Purdue University's Office of Legal Counsel, by delegation of authority from the University's Board of Trustees and the President of the University, has primary authority**

for evaluation and oversight of the University's legal obligations. Compliance with a final, non-appealable judgment is addressed pursuant to that delegation.

11. In the event that the federal district court issues an order requiring the expungement of the disciplinary case record and files against Plaintiff John Doe, will you direct Defendant Vice President Alysa Christmas Rollock to remove the disciplinary record and case files against Plaintiff John Doe that Defendant Vice President Alysa Christmas Rollock has?

**OBJECTIONS:** This interrogatory (a) is an incomplete hypothetical referring to a non-existent "order" and is therefore premature [Fed. R. Civ. Proc. 69(a)(2)] and (b) misuses the term "expungement". Plaintiff's complaint prays for "expungement of the disciplinary record from John Doe's school records" not for destruction of any document.

**ANSWER:** Purdue University's Office of Legal Counsel, by delegation of authority from the University's Board of Trustees and the President of the University, has primary authority for evaluation and oversight of the University's legal obligations. Compliance with a final, non-appealable judgment is addressed pursuant to that delegation.

12. In the event that the federal district court issues an order requiring the expungement of the disciplinary case record and files against Plaintiff John Doe, will you direct the Purdue Office of Institutional Equity to remove the disciplinary record and case files against Plaintiff John Doe that the Purdue Office of Institutional Equity has?

**OBJECTIONS:** This interrogatory (a) is an incomplete hypothetical referring to a non-existent "order" and is therefore premature [Fed. R. Civ. Proc. 69(a)(2)] and (b) misuses the term "expungement". Plaintiff's complaint prays for "expungement of the disciplinary record from John Doe's school records" not for destruction of any document.

**ANSWER: Purdue University's Office of Legal Counsel, by delegation of authority from the University's Board of Trustees and the President of the University, has primary authority for evaluation and oversight of the University's legal obligations. Compliance with a final, non-appealable judgment is addressed pursuant to that delegation.**

13. What steps will you take to follow up and make sure that a federal court order to remove the disciplinary record and case files against Plaintiff John Doe has been implemented?

**OBJECTIONS: This interrogatory (a) is an incomplete hypothetical referring to a non-existent "order" and is therefore premature [Fed. R. Civ. Proc. 69(a)(2)] and (b) misuses the term "expungement". Plaintiff's complaint prays for "expungement of the disciplinary record from John Doe's school records" not for destruction of any document.**

**ANSWER: Purdue University's Office of Legal Counsel, by delegation of authority from the University's Board of Trustees and the President of the University, has primary authority for evaluation and oversight of the University's legal obligations. Compliance with a final, non-appealable judgment is addressed pursuant to that delegation.**

14. What procedures are in place at Purdue University for monitoring compliance with a federal court order?

**OBJECTIONS: This request is ambiguous and lacking any foundation as to any "federal court order", whether relating to a suit by or against Purdue University or a third-party, and without any specification of subject-matter.**

15. If Plaintiff John Doe returns to Purdue University, what policies and procedures are in place so that Plaintiff John Doe will not be subject to retaliation for having litigated this case?

6

ANSWER: Although the question fails to articulate the form of hypothetical retaliation or the hypothetical retaliatory actor, see generally:

https://www.purdue.edu/purdue/about/free-speech.php

https://www.purdue.edu/policies/ethics/iiic1.html

## Verification

I swear (or affirm) under the penalties for perjury, that the representations contained in the foregoing answers to Plaintiff's Interrogatories are true.

Date: 12/1/20

*M. E. Daniels*
President Mitchell E. Daniels
President, Purdue University

Dated: December 2, 2020

As to objections,

/s/ William P. Kealey
William P. Kealey, Atty. No. 18973-79
Tyler L. Jones, Atty. No. 34656-29
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
       tlj@stuartlaw.com
Telephone: 765.423.1561
***Attorneys for the Defendants***

1338008