IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | **CIVIL ACTION** |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** ) | |
| **DANIELS, JR.**, in his official capacity as President of ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, **KATHERINE** ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF JOHN DOE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff John Doe ("John Doe"), by counsel, respectfully moves for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, (i) to enter judgment on John Doe's claim for denial of constitutional due process per *Doe v Purdue*, 928 F.3d 652 (7th Cir. 2019), and (ii) to dismiss Defendants' legally defective counterclaim for declaratory relief.

There are no genuine issues of material fact and John Doe is entitled to summary judgment as a matter of law for: (i) John Doe's constitutional due process claim on the theory that the facts as to the liberty stigma-plus interest and due process violations fully support what was alleged in the Complaint which was ruled a violation of constitutional due process in *Doe v Purdue*, 928 F.3d 652, 659–667 (7th Cir. 2019), and (ii) dismissal of Defendants' counterclaim as without merit as a matter of law given the denial of constitutional due process, that the counterclaim constitutes a legally defective use of the Declaratory Judgment Act according to case law in the Seventh Circuit and there is not a federal law basis for the requested declarations.

John Doe's other claim, one for for sex discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, will need to be tried.  John Doe's Title IX claim must be considered very strong given the discovery record and the discussion of Title IX in the context of the allegations of the Complaint in *Doe v Purdue*, 928 F.3d 652, 667–670. Title IX, however, is an intentional discrimination statute that is not easily susceptible to summary judgment treatment.

John Doe will submit his Memorandum of Law in support of his Motion for Partial Summary Judgment and his Appendix of Exhibits, including the John Doe's Statement of Material Undisputed Facts and the pleadings.  John Doe's Statement of Material Undisputed Facts covers the material undisputed facts for John Doe's claim for denial of constitutional due process is this partial summary judgment motion and is not a comprehensive statement of facts that would be pertinent to the John Doe's Title IX claim.

Wherefore, John Doe, by counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully request that the Court grant partial summary judgment on John Doe's claim for denial of constitutional due process per *Doe v Purdue*, 928 F.3d 652 (7th Cir. 2019), with the requested injunctive relief, and dismissal of Defendants' legally defective counterclaim for declaratory relief, and for all other proper relief.

**Dated:  September 1, 2021**

        **Respectfully submitted,**
        **NESENOFF & MILTENBERG, LLP**
        **By: /s/** *Philip A. Byler*
        **Philip A. Byler, Esq.**
        **Andrew T. Miltenberg, Esq.**
        **363 Seventh Avenue, Fifth Floor**
        **New York, New York 10001**
        **(212) 736-4500**
        pbyler@nmllplaw.com
        amiltenberg@nmllplaw.com
        *Attorneys for Plaintiff John Doe*

**TABLE OF MOTION FOR SUMMARY JUDGMENT EXHIBITS (IN APPENDIX)**

"SJM" stands for "Summary Judgment Motion." The numbering follows for each Summary Judgment Motion Exhibit. A witness name with a "Dep tr" refers to the deposition pages cited. A witness name with a number or letter refers to the deposition exhibit designation and it will have an associated description and Bates numbering. Most all of the Plaintiff John Doe's Statement of Material Undisputed Facts is based on Defendants' admissions in their Answer to the Second Amended Complaint, Defendants' deposition testimony, Defendants' documents and the Navy depositions and documents.

SJM 1: Plaintiff John Doe's Statement of Material Undisputed Facts

SJM 2: Plaintiff John Doe's Second Amended Complaint (ECF 160)

SJM 3: Defendants' Answer and Amended Counterclaim (ECF 161)

SJM 4: Plaintiff John Doe's Answer to Counterclaim (ECF 162)

SJM 5: Plaintiff John Doe's Dep tr 21–23, 111–114, 167–170, 185–188

SJM 6: Vice President Rollock's Dep tr 6–13, 27–32, 35–50, 54–57

SJM 7: Dean Sermersheim's Dep tr 5, 9–31, 35, 39–43

SJM 8: Plaintiff John Doe's February 18, 2021, Affidavit (submitted with Dr. Barden's testimony)

SJM 9:  CARE Director Monica Bloom Dep tr 6–17, 28–32

SJM 10: Sermersheim 33, February 16, 2016, Student of Concern Report (PU 0032–PU 0033)

SJM 11: Rollock/Bloom 2 (PU 0726–PU 0728)

SJM 12:  Rollock/Bloom 3 (PU 0729–PU 0730)

SJM 13: Semersheim/Rollock 10, Sermersheim Letter (PU 0568–PU 0572)

SJM 14: Jacob Amberger Dep tr 10–18, 33–37, 43–50, 56, 61–62, 68–72, 95–97, 103

SJM 15:  Erin Oliver Dep tr 6–7, 10–11, 38–39, 77–78

SJM 16: Sermersheim 11, John Doe Response to Allegations (PU 0573–PU 0576)

SJM 17: Amberger 27, Texts (PU 0206–PU 0339)

SJM 18: Amberger/Oliver 25, Amberger Notes (PU 0060–PU 0083)

SJM 19: Amberger/Oliver 24, Oliver Notes (PU 0034–PU0054)

SJM 20: Amberger 19, Amberger E-Mail to Bloom (PU 0364)

SJM 21: Amberger 21, Bloom E-Mail to Amberger (PU 0370)

SJM 22: Rollock/Sermersheim/Amberger/Oliver 14, Investigation Report with transmittal e-mail (PU 0373–PU 0391)

SJM 23: Sermersheim 34, Sermersheim Memo (PU 0655)

SJM 24: Sermersheim 35, Sermersheim E-Mail (PU 0596)

SJM 25: Amberger 29, Sharp E-Mail (PU 0392)

SJM 26: Bloom 23, Bloom transmittal of June 5, 2016, Statement (PU 0653–PU 0654)

SJM 27: Sermersheim 4, Sermersheim June 14, 2016, Letter (PU 0597–PU 0599)

SJM 28:  Rollock 5, John Doe June 23, 2016, Appeal (PU 0717–PU0718)

SJM 29: Rollock 6, Rollock June 28, 2016, Letter (PU 0600–PU 0601)

SJM 30:  Semersheim/Rollock 7, Sermersheim June 29, 2016, Letter (PU 0603–PU 0607)

SJM 31:  Rollock 8, John Doe July 10, 2016, Appeal (PU 0695–PU 0698)

SJM 32: Rollock 9, Rollock July 21, 2016, Appeal (PU 0608–PU 0610)

SJM 33: Rollock 16, Rollock July 25, 2016, E-Mail (PU 701–PU 0702)

SJM 34:  Adam Sheppard Dep tr 17, 21–25, 28–30, 47

SJM 35: Rodney Hutton Dep tr 7, 22–24, 49–50, 56, 66–67, 69–75

SJM 36: Hutton G/Remaly E/Willstetter D, August 10, 2020, Performance Review Board document (NSTC-00011–NTSC-0012)

SJM 37: Hutton H, August 2020 ROTC Appointment Termination and Disenrollment Authorization (NSTC-0001–NSTC-0004)

SJM 38: Craig Remaly Dep tr 8, 12, 44–50

SJM 39: Willstetter Dep tr 6–8, 28–29, 42–43

SJM 40: Willstetter C/Remaly D, E-mail by Staff Lieutenant Willstatter (NSTC-0140–NSTC-0142)

SJM 41: Custodian Trent Klingerman Dep tr 9–10, 15–35

SJM 42: Daniels Interrogatory Answers

SJM 43: Sheppard 2, Sheppard E-Mail (NSTC 0179)

SJM 44: John Doe 2, Authorization (PU 704)

SJM 45: Hutton E, Fitness Report (NSTC 0166)

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on September 1, 2021.

William P. Kealey, Esq.
Tyler L. Jones, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
  tlj@stuartlaw.com
*Attorneys for Defendants*

BY:   ☐ U.S. Mail      ☐ Federal Express

   ☐ Hand-Delivery   x   Other: ECF

*Philip A. Byler, Esq.*
Philip A. Byler, Esq.

[5]