**EXHIBIT SJM 31**

| | |
|---|---|
| From: | Rollock, Alysa C. |
| Sent: | Monday, July 11, 2016 11:28 AM |
| To: | Devine, Barbara J. |
| Subject: | FW: ▬▬▬ Revised Appeal |
| Attachments: | ▬▬▬ July 10, 2016 Appeal.pdf |

For file

Alysa Christmas Rollock
Vice President for Ethics and Compliance
Purdue University
Ernest C. Young Hall, Room 1029
West Lafayette, IN 47907-2114
(765) 494-5830 Fax: (765) 496-1295
E-mail: acrollock@purdue.edu

CONFIDENTIAL COMMUNICATION: This electronic mail message and any attachments are intended only for the use of the addressee(s) named above and may contain information that is privileged and confidential. If you are not the intended recipient, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this e-mail message in error, please immediately notify the sender and delete this e-mail from your computer. Thank you.

From: ▬▬▬
Sent: Sunday, July 10, 2016 10:35 PM
To: Rollock, Alysa C.
Subject: ▬▬▬ Revised Appeal

I have attached in this email my revised appeal. Please let me know when you have received it. Thank you.

1

PU 0695

**EXHIBIT 8**



July 10, 2016

Vice President for Ethics and Compliance
Alysa Christmas Rollock
Purdue University

Dear Vice President Rollock:

In your correspondence dated June 28, 2016, you instructed Dean Sermersheim to provide the factual basis for her final determination. Dean Sermersheim revised her final determination and yet again failed to provide a factual basis, merely restating her conclusions at greater length. I will once again reiterate my response.

I would like to first address the fact that I have never had the opportunity to see the specific results from Erin Oliver and Jacob Amberger's investigation. Therefore, I cannot address the specific allegations supposedly questioning my credibility, not have I been permitted to respond to any "factual evidence." Dean Sermersheim's unsubstantiated conclusion that I am not a credible witness still has not been corroborated with any facts. I provided the investigators with a list of over 30 names to substantiate the credibility of my character and integrity. However, I *cannot* defend myself against Dean Semersheim's attack on my credibility if there is no factual evidence presented.

Furthermore, my initial meeting with Dean Sermersheim and the three-person panel was flawed at best. A reasonable person would question the fairness of the outcome of a meeting where two of the three faculty members did not receive, read, or review my case until I had entered the room to meet with them. A reasonable person might also question whether they took seriously the importance of a process that could have such punitive and irreversible consequences. What's more, their attitude was one of overt skepticism and hostility, in marked contrast to the way the investigators spoke to me in my first meeting. If the faculty had not read the report, what could possibly explain their attitude other than that they had prejudged the outcome and my (alleged) guilt? And who or what predisposed them?

At the beginning of my fall semester at Purdue, I started the year in the NROTC program. One of the issues discussed at the onset of my student life was the zero tolerance policy towards sexual harassment

and assault within the NROTC. One of [REDACTED] accusations states that I digitally penetrated her while she was sleeping and was not aware of this until I *allegedly told* her of the incident. I never touched her over her clothes, and I never made any moves towards her in any sexual capacity. I reiterate, her allegation is false. Why would I not only admit to something that didn't happen, but also knowingly admit to something that would jeopardize my NROTC scholarship and future serving my country? I will also point out, that [REDACTED], who is also enrolled in the NROTC program, was aware of the zero tolerance policy and consequences of that policy.

I can only speculate as to what [REDACTED] motives are, but there is reason to suspect that she used the zero tolerance policy to "punish" me. Towards the end of my relationship with [REDACTED], she attempted to commit suicide (December 13, 2015) while I was present. From this point on I ended our sexual relationship, as I was concerned for her welfare first and foremost. Rather than ignoring her distress, I followed the University's protocol to get her help, and anonymously reported my fears for her safety, and even her life. If I was the only person she confided in, it would not be hard for [REDACTED] to figure out who reported her threated suicide. It leads me to suspect that this may be the reason for [REDACTED] retaliatory allegation against me. Her psychological and emotional distress would have been reported to NROTC as well. Furthermore, shortly after our relationship ended and her attempted suicide, she quickly entered into a relationship with an upper-class NROTC student, [REDACTED]. If she had been sexually violated, would she so quickly enter into another relationship? The male NROTC student, [REDACTED], also does not personally like me, which he has made clear to me since the beginning of the school year. This forces me to ask the question of whether or not [REDACTED] was part of the suggestion for the allegation, as it was more than *four months* after [REDACTED] alleged this happened, as well as after I anonymously reported her suicide attempt. Was [REDACTED] interviewed, and was he asked about this?

After our relationship, [REDACTED] contacted me on a number of different occasions, even seeking advice. These are not the typical actions of someone who was sexually harassed or assaulted. I provided *textual evidence* to these multiple instances. Again I ask, if I had sexually violated [REDACTED] why would she continue to initiate contact and even seek my advice? It is inexcusable to ignore the facts of this case that substantiate [REDACTED] lack of credibility and her apparent instability.

You (and by this I am including Dean Sermersheim) have stated that you find that by a preponderance of the evidence that I am not a credible witness. You also stated that you find that by a preponderance of the evidence that [REDACTED] is a credible witness. I am requesting to know, as is my right, the particular evidence you used to determine that I am not a credible witness. In my first appeal, I have requested the evidence that was relied upon to support this conclusion. I have been denied the evidence that supports the "factual basis" for your determination, including the investigation report.

At this time, I am requesting that you turn over all documents and materials relating to my official file at Purdue University, including but not limited to all, all materials, independent investigator's reports, and all files, letters, and documentation relating to the investigation. As you are well aware, we have a right to read and inspect all documents pertaining to the investigation (see 2002 ruling of the U.S. Court of Appeals for the Sixth Circuit in *U.S. vs. Miami University*). I am also requesting all handwritten notes that

have been generated by all parties representing the University. I look forward to your speedy delivery of these documents.

In summary, I am requesting that this damaging determination and punitive measures be set aside and overturned, and that Purdue do everything within its power to restore the injury to my reputation. I am also requesting a copy of Ms. Erin Oliver and Mr. Jacob Amberger's report, which I have never been given the opportunity to review, and to defend myself to the accusations against my credibility. Purdue University has clearly violated my opportunity for due process and it is apparent to me that I was found guilty from the onset of these erroneous and false allegations, and treated as such. This is a standard that is lower than the presumption of innocence given to *all* criminal defendants. If this decision is not reversed in its entirety, I will have no choice but to continue to seek all legal remedies against Purdue University.

