**PL Opp DSJ 5**

# Exhibit K

Page 1

```
 1              UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF INDIANA
 2                    HAMMOND DIVISION
 3
 4   JOHN DOE,                    )
                                  )
 5        Plaintiff,              ) CIVIL ACTION NUMBER
                                  ) 2:17-cv-33-JPK
 6   vs.                          )
                                  )
 7   PURDUE UNIVERSITY, PURDUE    )
     UNIVERSITY BOARD OF          )
 8   TRUSTEES, MITCHELL ELIAS     )
     DANIELS, JR., in his         )
 9   official capacity as         )
     President of Purdue          )
10   University, ALYSA            )
     CHRISTMAS ROLLOCK, in her    )
11   official capacity at         )
     Purdue University,           )
12   KATHERINE SERMERSHEIM, in    )
     her official capacity at     )
13   Purdue University,           )
                                  )
14        Defendants.             )
15
16
17     VIDEOCONFERENCE DEPOSITION OF ADAM SHEPPARD
18
19     The deposition upon oral examination of
     ADAM SHEPPARD, a witness produced and sworn before me,
20   Megan M. Bowman, Notary Public in and for the County of
     Marion, State of Indiana, taken on behalf of the
21   Defendants, at 7912 West 26th Street, St. Louis Park,
     Hennepin County, Minnesota, on Wednesday, May 20, 2020,
22   scheduled to commence at 11:00 a.m., pursuant to the
     Federal Rules of Civil Procedure with written notice as
23   to time and place thereof.
24
25
```

Page 2

```
 1       APPEARANCES
 2  FOR THE PLAINTIFF:
 3       Philip A. Byler
         NESENOFF & MILTENBERG LLP
 4       363 Seventh Avenue
         Fifth Floor
 5       New York, NY 10001
         212 736 4500
 6       pbyler@nmllplaw.com
 7
    FOR THE DEFENDANT(S):
 8
         Tyler L. Jones
 9       William P. Kealey
         STUART & BRANIGIN LLP
10       300 Main Street
         Suite 900
11       P O Box 1010
         Lafayette, IN 47902-1010
12       765 423 1561
         tlj@stuartlaw.com
13       wpk@stuartlaw.com
14
    FOR THE U.S. NAVY:
15
         John Matuszak
16       U S NAVY - NAVAL SERVICE TRAINING COMMAND
         2601 A Paul Jones Street
17       Building 1
         Great Lakes, IL 60088-2845
18       847 707 5057
         john.matuszak@navy.mil
19
20
21
22
23
24
25
```

Page 3

```
 1          INDEX OF EXAMINATION
 2
 3  Direct Examination.................  4
       Questions By Tyler L. Jones
 4  Cross-Examination..................  42
       Questions By Philip A. Byler
 5  Further Cross-Examination..........  47
       Questions by Philip A. Byler
 6
 7
 8          INDEX OF EXHIBITS
 9
    Deposition Exhibit No.:
10
    Exhibit 1 - Fact witness approval..........  6
11
12  Defendant's Exhibit No.:
13  Exhibit 1 - Sexual violence report..........  21
    Exhibit 2 - Email between Adam Sheppard and..  28
14            ███████████, 4/6/16
    Exhibit 3 - Email between Adam Sheppard and..  32
15            ███████████, 5/3/16
    Exhibit 4 - Email from Adam Sheppard to......  38
16            ███████████, Placement on
              academic warning, 6/6/16
17  Exhibit 5 - NSTC-0184 Subject: Thoughts on ...  40
              MIDN 4/C ███
18
19
20
21
22
23
24
25
```

Page 4

 1  (Time noted: 11:01 a.m.)
 2            ADAM SHEPPARD,
 3  having been duly sworn to tell the truth, the whole
 4  truth, and nothing but the truth relating to said
 5  matter, was examined and testified as follows:
 6
 7  DIRECT EXAMINATION
 8  QUESTIONS BY TYLER L. JONES:
 9  Q   Good morning, Mr. Sheppard.
10  A   Good morning.
11  Q   My name's Tyler Jones. I'm an associate with
12      Stuart & Branigin. I, along with Bill Kealey,
13      represent Purdue University and several other named
14      defendants against John Doe in the lawsuit here.
15      Briefly for the record, could you fully state
16      your name?
17  A   Adam Phillip Sheppard.
18  Q   Thank you. Sir, have you ever given a deposition
19      before?
20  A   No, this is my first one.
21  Q   Well, congratulations I suppose. I'm sure
22      Mr. Matuszak has already kind of given you the
23      down-low, but basically a deposition's an
24      opportunity for both parties to ask you questions
25      about what you may or may not know --

Page 5

 1  A   Okay.
 2  Q   -- about facts relevant to this case. I'd ask
 3      because everything you are saying is being recorded
 4      by Megan over here, Connor Reporting, I'd ask that
 5      you give us "yeses," "noes," "yays," "nays," as
 6      opposed to head shakes or head bobs.
 7  A   Got it.
 8  Q   I would appreciate it if we let each other finish
 9      what we're saying. You may know the question I'm
10      going to ask and I may know the answer you're going
11      to give, but I'd like us to try not to interrupt
12      each other, so it's a clear record, please.
13  A   Sure.
14  Q   If you answer, I'm going to assume you understood
15      the question. If you don't understand the
16      question, please ask me to rephrase it or ask me to
17      repeat it. Like I said, if you answer, I'm going
18      to assume that you understood; is that fair?
19  A   Sounds good.
20  Q   Okay. Again, you're not a prisoner here. If you
21      need a restroom break or if something happens, the
22      cat jumps on the computer or anything, or any
23      reason like that, just let me know and we can take
24      a brief break. Okay?
25  A   Okay.

|  | Page 42 |  | Page 44 |
|---|---|---|---|
| 1 | MR. JONES: Sure. The admissibility and the | 1 A | I'm trying to think about this. "Title IX |
| 2 | authenticity are -- | 2 | Coordinator (via online reporting form)." |
| 3 | MR. BYLER: Yeah. | 3 | It could have been me. I would have assumed |
| 4 | MR. JONES: Okay. Fair enough. That's all I | 4 | that this would have been what went to that |
| 5 | have then. | 5 | Title IX Coordinator. |
| 6 | MR. BYLER: Okay. I just have some follow-up | 6 Q | Okay. Let me direct your attention. "Has this |
| 7 | questions. | 7 | been reported to any other Purdue University |
| 8 | CROSS-EXAMINATION | 8 | officer or official?" It says, "Yes." |
| 9 | QUESTIONS BY PHILIP A. BYLER: | 9 | Does not that indicate that at the time you |
| 10 Q | First of all, I want to pull up again that first | 10 | were making a report, a report had already been |
| 11 | exhibit, PU57. | 11 | made to Purdue? |
| 12 A | Okay. | 12 | MR. JONES: Object to form. Asked and |
| 13 Q | Okay. And I think your intention was directed to | 13 | answered. You can answer. |
| 14 | the upper right-hand corner where it dates at April | 14 A | Maybe -- maybe what's happening here was she had |
| 15 | 4, 2018? | 15 | told me she wrote a report or that she had |
| 16 A | Okay. | 16 | submitted a report and I submitted one as well. |
| 17 Q | Okay. | 17 | Meaning, when I submitted mine, I was potentially |
| 18 | MR. JONES: Objection to form. I think it says | 18 | aware of the fact that she had already submitted |
| 19 | "2016." | 19 | one via the online reporting form. |
| 20 | MR. BYLER: Oh, I'm sorry. I meant '16. | 20 Q | Okay. Were you a member of the Performance Review |
| 21 Q | April 4, 2016. It says that; correct? | 21 | Board? |
| 22 A | Correct. | 22 A | I could have been. I don't specifically recall. I |
| 23 Q | Okay. Now, in what Ms. ▓▓▓ told you, did you | 23 | was a member of a number of performance review |
| 24 | -- were you informed about when supposedly the | 24 | boards. |
| 25 | offensive behavior occurred? | 25 Q | Let me have you be handed the document that's been |

|  | Page 43 |  | Page 45 |
|---|---|---|---|
| 1 A | I don't recall specifically a date or a time, no. | 1 | marked NSTC-0001 through -4. |
| 2 Q | Did it come up that it was six months earlier or | 2 | THE WITNESS: Is that -- is that one of the |
| 3 | anything like that? | 3 | ones, Tyler, you forwarded me earlier? |
| 4 A | No. It looks like all I really was aware of was | 4 | MR. BYLER: It might have been. |
| 5 | two different occasions. I don't recall a time -- | 5 | MR. JONES: Phil, is that -- is that one of my |
| 6 | a timeline. | 6 | exhibits or is it one of -- is it your exhibit? |
| 7 Q | Okay. So with what you understood, you didn't fix | 7 | MR. BYLER: Your exhibit. |
| 8 | a time date on the two incidents of offensive | 8 | MR. JONES: Okay. |
| 9 | behavior? | 9 | THE WITNESS: -00 -- -0014? |
| 10 A | I don't believe so, no. | 10 | MR. BYLER: -001 through -0004. |
| 11 Q | Okay. Now, can I direct your attention to the | 11 | MR. JONES: Phil, I don't -- that's not one of |
| 12 | middle of the page? And do you -- I'm just going | 12 | our exhibits to this witness. |
| 13 | to read it just so you can focus on it. And it's | 13 | MR. BYLER: Oh, so it wasn't sent to him? |
| 14 | above the essay. | 14 | MR. JONES: Unless you did, I didn't. |
| 15 A | Okay. | 15 | MR. BYLER: Okay. |
| 16 Q | And it reads, "Has this been reported to any other | 16 | BY MR. BYLER: |
| 17 | Purdue University officer or official: Yes. | 17 Q | Let me ask you this as a general question: Are you |
| 18 | If you answered 'yes' to the above question, | 18 | aware of what the disenrollment -- official |
| 19 | please identify the officer official: Title IX | 19 | disenrollment documents show as to ▓▓▓ ? |
| 20 | Coordinator (via online reporting form)." | 20 | MR. JONES: Object to form. You can answer. |
| 21 | Okay. I've read it to you correctly, haven't | 21 A | Not off the top of my head, but I do have these |
| 22 | I? | 22 | -0011 through -0014 from both -- both of your |
| 23 A | Yes. | 23 | offices, if that's what you're referring to. |
| 24 Q | Okay. Were you responsible for that information? | 24 Q | Yeah. That was the document I was referring to. |
| 25 | MR. JONES: Object to form. You can answer. | 25 A | Yup. |

Connor Reporting
A Veritext Company     800-554-3376