# PL Opp DSJ 13

# Exhibit H

Page 1

<pre>
 1                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
 2                     INDIANAPOLIS DIVISION
 3                  Case No. 2L17-cv-33-JPK
 4
      JOHN DOE,                          )
 5                                       )
              Plaintiff,                 )
 6                                       )
                 -vs-                    )
 7                                       )
      PURDUE UNIVERSITY, PURDUE          )
 8    UNIVERSITY BOARD OF TRUSTEES,      )
      MITCHELL ELIA DANIELS, JR., in     )
 9    his official capacity as           )
      President of Purdue University,    )
10    ALYSA CHRISTMAS ROLLOCK, in her    )
      official capacity at Purdue        )
11    University, KATHERINE              )
      SERMERSHEIM, in her official       )
12    capacity at Purdue University,     )
                                         )
13            Defendants.                )
14
15        VIDEOCONFERENCE DEPOSITION OF KYLE WILLSTATTER
16
17           The videoconference deposition upon oral
      examination of KYLE WILLSTATTER, a witness produced
      and sworn before me, Craig Williams, RPR, CMRS, a
18    Notary Public in and for the County of Marion,
      State of Indiana, taken on behalf of the
19    Defendants, at the offices of Stuart & Branigin,
      LLP, 300 Main Street, Suite 900, Lafayette,
20    Tippecanoe County, Indiana, on the 21st day of
      May, 2020, at 1:00 p.m., pursuant to the Federal
21    Rules of Civil Procedure with written notice as to
      time and place thereof.
22
23
24
25
</pre>

**Page 2**

```
 1            APPEARANCES
 2
 3  FOR THE PLAINTIFF:
 4       Philip A. Byler
         NESENOFF & MILTENBERG
 5       363 Seventh Avenue, Fifth Floor
         New York, NY  10001
 6       212 736 4500
         pbyler@nmllplaw.com
 7
    FOR THE DEFENDANTS:
 8
         William P. Kealey
 9       Tyler L. Jones
         STUART & BRANIGIN LLP
10       300 Main Street, Suite 900
         P O Box 1010
11       Lafayette, IN  47902-1010
         765 423 1561
12       wpk@stuartlaw.com
         tlj@stuartlaw.com
13
    FOR THE DEPONENT:
14
         John Matuszak
15       Counsel at U S Navy -
         Naval Service Training Command
16       2601 A Paul Jones Street
         Building 1
17       Great Lakes, IL  60088-2845
         847 707 5057
18       john.matuszak@navy.mil
19
20
21
22
23
24
25
```

**Page 3**

```
 1            INDEX OF EXAMINATION
 2  DIRECT EXAMINATION . . . . . . . . . . . . . . . . . 4
       Questions by Tyler L. Jones
 3  CROSS-EXAMINATION . . . . . . . . . . . . . . . . . 41
       Questions by Philip A. Byler
 4
 5
 6
 7
 8
 9            INDEX OF EXHIBITS
10  Navy Exhibit:
11  Exhibit 1 - Fact Witness Approval Letter . . . . . . 4
12  Defendants' Deposition Exhibit:
13  Exhibit A - NSTC-0165 and NSTC-O152 . . . . . . . . .18
       Exhibit B - NSTC-0015-16 NSTC-0150-0160 . . . . . .20
14  Exhibit C - NSTC-0140-1042 . . . . . . . . . . . . .26
       Exhibit D - NSTC-0011-0012 . . . . . . . . . . . .34
15
    Previously Marked Exhibits:
16
       Exhibit 6 - NSTC-0018-0019 . . . . . . . . . . . .44
17  Exhibit 10- NSTC-0127-0153 . . . . . . . . . . . .47
18
19
20
21
22
23
24
25
```

**Page 4**

```
 1            KYLE WILLSTATTER,
 2  having been duly sworn to tell the truth, the whole
 3  truth, and nothing but the truth relating to said
 4  matter was examined and testified as follows:
 5  DIRECT EXAMINATION,
 6     QUESTIONS BY TYLER L. JONES:
 7  Q  Good morning, sir.
 8  A  Good morning.
 9  Q  Or I guess this afternoon now.
10  A  Whatever time it happens to be.
11  Q  My name is Kyle Jones.  I'm an associate at
12     Stuart Branigin.  The man to my left is Bill
13     Kealey.  He's the partner here at Stuart
14     Branigin.  We represent Purdue University in a
15     federal lawsuit filed by John Doe.
16        Before we get started, Mr. Matuszak is
17     going to want to put the letter into the record,
18     so I'll let him do that.
19        MR. MATUSZAK:  This deposition is being
20     conducted pursuant to the two regulations, and
21     the Navy has approved this deposition.  There's
22     an approval letter that indicates that the
23     deposition can go forward, and that the letter
24     should be part of the record.
25        (Deposition Exhibit 1 was marked for
```

**Page 5**

```
 1  identification.)
 2  Q  Thank you.
 3     Sir, could you, please, state your full
 4  name.
 5  A  Kyle Willstatter.
 6  Q  Thank you.  Have you ever given a deposition
 7  before?
 8  A  I have not.
 9  Q  So I'm just going to give a couple brief ground
10  rules.  I'm sure you talked a little bit with
11  Mr. Matuszak about it, but a deposition is just
12  a chance for both the parties in a lawsuit to
13  ask you questions about what you may or may not
14  know about pertinent facts.
15     Everything that we say, myself and you, is
16  being recorded and will be typed up into a
17  transcript.  I ask because of that if I ask you
18  a question or someone else asks you a question,
19  you give me yeses, noes, yeas, nays, instead of
20  head shakes or head bobs.  Otherwise, it won't
21  show up in the record exactly what you meant.
22  Does that make sense?
23  A  Yes, it does.
24  Q  I'd ask because we're recording this that we try
25  not to interrupt each other.  I promise that if
```

2 (Pages 2 - 5)

Page 42

1  don't mind. Do you have that in front of you?
2  A  Yes.
3  Q  For the sake of the record's clarity, I want to
4     publish paragraph 2 and then ask you some
5     questions about it. Paragraph 2 states, "The
6     PRB" -- that's the Performance Review Board;
7     correct?
8  A  Yes, sir.
9  Q  "The PRB is not about the circumstances
10    surrounding your suspension, it is about the
11    fact that you have been suspended. There's no
12    reason to re-litigate the university's decision.
13    The fact is that you're suspended and the ROD
14    requires disenrollment for any case where a
15    student is suspended. A black and white nature
16    of this PRB is why you are allowed to waive if
17    you so choose. Any witnesses or other persons
18    you want to have present, please let me know
19    their names and the reason. You have the right
20    to bring any witnesses you want; however, unless
21    they're going to state contrary to the facts
22    that you have not been suspended by the
23    university will basically be a waste of time."
24       I have read that accurately; correct?
25  A  Yes, sir.

Page 43

1  Q  And that's what you wrote at the time to
2     Mr. ▮▮▮?
3  A  Yes, sir.
4  Q  And that was, to your knowledge, a correct
5     statement?
6  A  Yes, sir.
7  Q  Turn the first page, I want to direct your
8     attention to the middle of the page and you see
9     your email to ▮▮▮▮▮▮▮▮, copied to Craig
10    Remaly, Friday, August 5, 2016. I want to
11    direct your attention to the second sentence of
12    the first paragraph. First, before I publish
13    it, CO means commanding officer?
14  A  Yes, sir.
15  Q  CNO means Chief of Naval Operations?
16  A  Yes, sir.
17  Q  And who is the Chief of Naval Operations in the
18    hierarchy of the Navy?
19  A  That is the senior military member of the Navy.
20  Q  I'm going to publish it and then ask you similar
21    questions. "Even if the board were to decide
22    and the CO were to agree that you are a lock to
23    be the next CNO, they would still have to find a
24    way to justify keeping you in the program when
25    you can't attend the university."

Page 44

1       Is that your statement in this email?
2  A  Yes.
3  Q  To your knowledge, at the time was that true?
4  A  Yes.
5       (Deposition Exhibit 6 previously marked for
6     identification.)
7  Q  I'm going to ask that you be provided a document
8     which I ask you to have. The first page, which
9     I'm not going to ask you about, is NSTC-0018,
10    and it goes to NSTC-0019. My interest in this
11    document is because of the second page. Do you
12    have the document in front of you?
13  A  Yes, sir.
14  Q  Can you go to the second page, 0019.
15  A  Yes, sir.
16  Q  0019 is dated July 25, 2016.
17  A  Yes.
18  Q  Does this document identify who the members of
19    the Performance Review Board for ▮▮▮▮▮▮
20    will be?
21  A  Yes.
22  Q  And who are they?
23  A  They are Commander Remaly, Major McDowell, and
24    Lieutenant Taylor.
25  Q  Does paragraph 1 state that, "To accommodate

Page 45

1     time for the appeal of his suspension, the
2     Performance Review Board that will consider the
3     performance of Midshipman ▮▮▮▮▮
4     originally scheduled for June 23, 2016, has been
5     rescheduled"?
6  A  Yes.
7  Q  So there was a rescheduling of the Performance
8     Review Board.
9  A  Yes, sir.
10  Q  That first paragraph says, "Midshipman ▮▮▮ is
11    deficient in the following areas outlined in
12    reference A: A. Suspension from the
13    university."
14       Is that what it states?
15  A  Yes.
16  Q  Is there any other reason stated for any
17    deficiency in performance?
18  A  No.
19  Q  Paragraph 3, if you look at that, says,
20    "Performance Review Board will begin at
21    10:00, August 9, 2016."
22       Correct?
23  A  Yes.
24  Q  Is that when it met?
25  A  Yes.

12 (Pages 42 - 45)