IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR.,** in his official capacity as President of Purdue University, **ALYSA CHRISTMAS ROLLOCK**, in her official capacity at Purdue University, **KATHERINE SERMERSHEIM**, in her official capacity at Purdue University, | ) ) ) ) ) No. 2:17-cv-33-JPK ) ) ) |
| | ) |
| Defendants. | ) |

**PURDUE UNIVERSITY'S BRIEF IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS AS TO
TITLE IX CLAIM FOR DAMAGES FOR EMOTIONAL HARM**

Defendant Purdue University ("Purdue") submits this brief in support of its motion for entry of judgment on the pleadings dismissing Plaintiff's prayer for "emotional and psychological damages" as a remedy in his private right of action against Purdue under Title IX of the Education Amendments of 1972.

Pursuant to the Supreme Court's ruling in *Cummings v. Premier Rehab Keller, P.L.L.C.,* No. 20-219, 596 U.S. __, 142 S. Ct. 1562, 2022 U.S. LEXIS 2230 (April 28, 2022), emotional distress damages are not recoverable by a claimant in a Title IX private right of action. Purdue therefore requests dismissal of Plaintiff's Title IX claim for "emotional and psychological damages." (ECF No. 160, Second Am. Compl., p. 63).

Purdue seeks this relief now because the *Cummings* holding is new binding authority that supplements the dismissal arguments in Purdue's submitted Motion for Summary Judgment (DE

1

177). The present Motion would be mooted by entry of summary judgment dismissing Plaintiff's Title IX claim altogether.

## Background

Plaintiff has two claims pending in this lawsuit: a section 1983 Due Process Clause claim and a Title IX discrimination claim. (ECF No. 160, Second Am. Compl., 44-63, ¶¶ 83-155). Plaintiff's section 1983 claim only seeks prospective injunctive relief and does not seek monetary damages. (*Id.* at 63). Plaintiff's Title IX claim pends only against Purdue and seeks, *inter alia*, "emotional and psychological damages." (*Id.*). Plaintiff generally alleges that his "dream" of serving in the Navy was foreclosed as a result of Purdue's discipline, and that the appeals process exacted "a great emotional toll . . . causing great depression and anxiety." (*Id.* at 1-2, 29, ¶¶ 1, 50). He also generally alleges that he has sustained "tremendous damages, including, without limitation emotional distress." (*Id.* at 54, ¶ 113). His prayer for relief for his Title IX claim seeks monetary damages for, *inter alia*, "emotional and psychological damages." (*Id.* at 63-64).

## Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed. "A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (citing *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court "must determine whether the complaint states 'a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**Argument**

Plaintiff cannot state a claim for emotional or psychological damages under Title IX. *Cummings*, 596 U.S. __, 2022 U.S. LEXIS 2230 at *28 (slip op. at 16).

Title IX is one of four antidiscrimination statutes enacted under the Spending Clause of the Constitution. *Id.* at *8-10 (slip op. at 1-3) (identifying these Spending Clause statutes as being Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, the Rehabilitation Act, and the Affordable Care Act). The Plaintiff in *Cummings* sought relief under the Rehabilitation Act and the Affordable Care Act specifically, *id.* at *9 (slip op. at 2); the Supreme Court undertook to analyze the question of "whether emotional distress damages are available under the Spending Clause statutes", *see id.* at *13 (slip op. at 5).

The Supreme Court noted that it had "regularly applied [a] contract-law analogy in cases defining the scope of conduct for which funding recipients may be held liable for money damages" under these Spending Clause statutes. *Id.* at *12 (slip op. at 4) (quoting *Barnes v. Gorman*, 536 U.S. 181, 186 (2002)). "A particular remedy is . . . 'appropriate relief' in a private Spending Clause action 'only if the funding recipient is *on notice* that, by accepting federal funding, it exposes itself to liability of that nature.'" *Id.* at *13 (slip op. at 5) (quoting *Barnes*, 536 U.S. at 187). Under *Barnes*, a funding recipient "will be subject to the *usual* contract remedies in private suits." *Id.* at *15 (slip op. at 6). However, "[i]t is hornbook law that emotional distress is generally not compensable in contract." *Id.* at *15-16 (slip op. at 7) (collecting authorities; citations and internal quotation marks omitted). For this reason, the Supreme Court held that "emotional distress damages are not recoverable under the Spending Clause antidiscrimination statutes we consider here." *Id.* at *27-28 (slip op. at 15-16).

Prior to *Cummings*, the Seventh Circuit had not directly addressed the question whether emotional distress damages are available as a remedy for a claimant in a private right of action under Title IX. Under the *Cummings* holding, it is beyond debate that such damages are <u>not</u> recoverable. Therefore, Plaintiff's Title IX claim for "emotional and psychological damages" fails to state a claim upon which relief can be granted. Should Plaintiff prevail on his Title IX claim, any recovery must be limited to "those remedies 'that [are] normally available for contract actions.'" *Id.* at *22-23 (slip op. at 11) (quoting *Barnes*, 536 U.S. at 188).

For these reasons, Purdue respectfully submits that Plaintiff's prayer for "emotional and psychological damages" must be dismissed.

Dated: May 25, 2022

Respectfully submitted,

/s/ William P. Kealey
Tyler L. Jones (34656-29)
William P. Kealey (18973-79)
James F. Olds (27989-53)
Stuart & Branigin, LLP
300 Main St., Ste. 900
P.O. Box 1010
Lafayette, IN 47902-1010
Telephone: 765-423-1561
Email: wpk@stuartlaw.com
tlj@stuartlaw.com
jfo@stuartlaw.com
***Attorneys for Defendants***

1501335v1

4