IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, **KATHERINE** | ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JOHN DOE'S MEMORANDUM OF LAW
IN RESPONSE TO DEFENDANTS' MOTION FOR
<u>JUDGMENT ON THE PLEADINGS AS TO EMOTIONAL DAMAGES</u>**

Plaintiff John Doe respectfully submits this Memorandum of Law in response to Defendants' motion for judgment on the pleadings to dismiss Plaintiff John Doe's Prayer for Relief in the Second Amended Complaint for "emotional and psychological damages" against Purdue as a remedy in his private right of action under Title IX. Defendants' motion does not address any issue other than the availability of "emotional and psychological damages" against Purdue as a remedy in his private right of action under Title IX.

Plaintiff John Doe has two claims in his Second Amended Complaint (ECF 160): one for denial of due process under the Fourteenth Amendment and 42 U.S.C. § 1983 seeking prospective injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908), and attorneys' fees (ECF 160: Second Amended Complaint §§ 1-82, 83-114 & Prayer for Relief (i)(iii); and one for Title IX sex discrimination seeking compensatory damages, injunctive relief and attorneys' fees (ECF 160: Second Amended Complaint §§ 1-114, 115-155 & Prayer for Relief (ii)(iii)).

Plaintiff John Doe's Fourth Amended Rule 26 Disclosures (Opp. Ex. A), on pages 5 and 6 of that document, identifies the damages being sought in this case by Plaintiff John Doe. There are two categories: (i) damages from past and future economic losses, presented in two ways; and (ii) damages from non-economic injuries. In the latter category of non-economic injuries are: (a) reputational damages (for which the law of defamation gives compensatory damages that may include economic losses); and (b) emotional and psychological damages. As a review of Plaintiff John Doe's Fourth Amended Rule 26 Disclosures shows, emotional and psychological damages are a minor component of Plaintiff John Doe's claimed damages.

Defendants rely upon the recent U.S. Supreme Court decision in *Cummings v. Premier Rehab Keller, PLLC*, No. 20-219, 596 U.S. __, 142 S.Ct. 1562 (2022), for their motion. In that decision, the U.S. Supreme Court reaffirmed its ruling in *Barnes v. Gorman*, 536 U.S. 181, 185-187 (2002), that compensatory damages and injunctive relief are available as relief in private suits under Title IX. The issue in *Cummings v. Premier Rehab Keller, PLLC* was whether compensatory damages available in private suits brought under the Spending Clause statutes (Title VI, Rehabilitation Act, Affordable Care Act and Title IX) include emotional damages. For that narrow issue, the U.S. Supreme Court used a contract-law analogy, but split 6-3 in its application, the majority ruling that emotional damages were not included because contract law did not provide for recovery for emotional damages and punitive damages for breach of contract except with respect to highly unusual contracts and the dissenters arguing that intentional discrimination is particularly likely to cause serious emotional disturbance and that contracts analogous to the Spending Clause statutes did allow for recovery of emotional damages. While *Cummings v. Premier Rehab Keller, PLLC* involved only the Rehabilitation Act and Affordable Care Act, the discussion in the decision was framed in terms of the Spending Clause statutes.

## CONCLUSION

For the reasons stated above, Defendants' motion for judgment on the pleadings as to emotional damages should be considered in accordance with the motion's limitations.

**Dated: June 8, 2022**

          **Respectfully submitted,**

          **NESENOFF & MILTENBERG, LLP**
**By:** /s/ *Philip A. Byler*
      **Philip A. Byler, Esq.**
      **Andrew T. Miltenberg, Esq.**
      **363 Seventh Avenue, Fifth Floor**
      **New York, New York 10001**
      **(212) 736-4500**
      **pbyler@nmllplaw.com**
      **amiltenberg@nmllplaw.com**

*Attorneys for Plaintiff John Doe*

## EXHIBITS TO RESPONSE MEMORANDUM OF LAW

Opp. Ex. A: Plaintiff John Doe's Fourth Amended Rule 26 Disclosures

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on June 8, 2022:

William P. Kealey, Esq.
Tyler L. Jones, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: **wpk@stuartlaw.com**
      **tlj@stuartlaw.com**

*Attorneys for Defendants*

    **BY:**    ☐ **U.S. Mail**    ☐    **Federal Express**

        ☐ **Hand-Delivery**  **x**  **Other: EC**

[3]