# EXHIBIT A

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
----------------------------------------------------------------x
JOHN DOE,                                             |   CIVIL ACTION
                                                      |   No. 2:17-cv-33-JPK
                        Plaintiff,                    |
                                                      |
    v.                                                |
                                                      |
PURDUE UNIVERSITY, PURDUE                             |
UNIVERSITY BOARD OF TRUSTEES,                         |
MITCHELL ELIAS DANIELS, JR., in                       |
his official capacity as President of Purdue          |
University, ALYSA CHRISTMAS                           |
ROLLOCK, in her official capacity at                  |
Purdue University, and KATHERINE                      |
SERMERSHEIM, in her official                          |
capacity at Purdue University,                        |
                                                      |
                        Defendants.                   |
----------------------------------------------------------------x
```

**PLAINTIFF JOHN DOE'S FOURTH AMENDED
RULE 26(a)(1)(A) INITIAL DISCLOSURES**

**PLAINTIFF JOHN DOE**, by his attorneys, Nesenoff & Miltenberg, LLP, makes the following disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. These disclosures are based on information reasonably available to Plaintiff John Doe as of this date. The inclusion of documents in this disclosure statement shall not be deemed to waive: (i) the attorney-client privilege and/or the work-product doctrine, either generally or as they may pertain to the particular document; and/or (ii) objections to the admissibility of these documents at trial.

**Rule 26(a)(1)A)(i): Name, Address and Telephone Number of Each Individual Likely To Have Discoverable Information That Plaintiff May Use To Support His Case in the Complaint:**

| | |
|---|---|
| Plaintiff John Doe | c/o Nesenoff & Miltenberg LLP<br>363 Seventh Avenue-Fifth Floor<br>New York, New York 10001<br>212.736.4500 |
| Dr. R. Chris Barden | c/o Nesenoff & Miltenberg LLP<br>363 Seventh Avenue-Fifth Floor<br>New York, New York 10001<br>212.736.4500 |
| Dr. Stan V. Smith | c/o Nesenoff & Miltenberg LLP<br>363 Seventh Avenue-Fifth Floor<br>New York, New York 10001<br>212.736.4500 |
| Noel Perry | c/o Nesenoff & Miltenberg LLP<br>363 Seventh Avenue-Fifth Floor<br>New York, New York 10001<br>212.736.4500 |
| Defendant Alyssa C. Rollock | c/o Stuart & Branigan LLP<br>300 Main Street – Suite 900<br>P.O. Box 1010<br>Lafayette, Indiana 47902<br>765.423.1561 |
| Defendant Katherine L. Sermersheim | c/o Stuart & Branigan LLP<br>300 Main Street – Suite 900<br>P.O. Box 1010<br>Lafayette, Indiana 47902<br>765.423.1561 |

| | |
|---|---|
| Defendant Mitchell Elias Daniels, Jr. | c/o Stuart & Branigan LLP<br>300 Main Street – Suite 900<br>P.O. Box 1010<br>Lafayette, Indiana 47902<br>765.423.1561 |
| Ms. Erin Oliver | c/o Stuart & Branigan LLP<br>300 Main Street – Suite 900<br>P.O. Box 1010<br>Lafayette, Indiana 47902<br>765.423.1561 |
| Mr. Jacob Amberger | c/o Stuart & Branigan LLP<br>300 Main Street – Suite 900<br>P.O. Box 1010<br>Lafayette, Indiana 47902<br>765.423.1561 |
| Monica Soto Bloom | c/o Stuart & Branigan LLP<br>300 Main Street – Suite 900<br>P.O. Box 1010<br>Lafayette, Indiana 47902<br>765.423.1561 |
| Steven Knecht, Esq. | 22 N 2nd Street<br>Lafayette, Indiana 47901<br>765.423.2557 |
| Elvin Uthupan | 1350 N Meridian St<br>Indianapolis, Indiana 46202<br>219.985.4739 |
| Captain Rodney Hutton | Lafayette, Indiana |
| Executive Officer Craig Remaly | Lafayette, Indiana |
| Lieutenant Taylor | Whereabouts currently unknown |

| | |
|---|---|
| Lieutenant Kyle Wilstatter | Whereabout currently unknown |
| Lieutenant Adam Sheppard | Whereabout currently unknown |
| "Jane Doe" | Whereabouts currently unknown |
| Tandra Foster, Esq. | c/o Stuart & Branigan LLP<br>300 Main Street – Suite 900<br>P.O. Box 1010<br>Lafayette, Indiana 47902<br>765.423.1561 |
| Trent Klingerman, Esq. | c/o Stuart & Branigan LLP<br>300 Main Street – Suite 900<br>P.O. Box 1010<br>Lafayette, Indiana 47902<br>765.423.1561 |

**Rule 26(a)(1)(A)(ii):** **A copy of or a description by category and location of, all documents, data compilations ad tangible things in the possession, custody or control of the party that the disclosing party may use to support its claims or defenses unless solely for impeachment:**

Plaintiff will rely on documents in his possession relating to the allegations and affirmative defenses including, but not limited to:

    1.    Documents in Plaintiff's possession, custody or control relating to the events in question, including: text messages with Jane Roe; the documents referenced in the Amended Complaint; documents relating to the disciplinary proceeding investigation, hearing, appeal; communications with the U.S. Navy; 2016 Purdue University publications; and documents relating to damages.

    2.    U.S. Department of Education documents regarding Title IX, including but not limited to the April 4, 2011 Dear Colleague Letter, Secretary DeVos's September 7, 2017 speech announcing revocation of the April 2011 Dear Colleague Letter, the September 22, 2017 Dear Colleague Letter and intended new regulations to give due process, Obama Administration officials' pronouncements (*e.g.*, former

Assistant Secretary Lhamon speeches).

All of the foregoing documents are available at the offices of Nesenoff & Miltenberg, LLP, 363 Seventh Avenue, 5th Floor, New York, New York 10001.

**Rule 26(a)(1)(A)(iii): A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

Plaintiff John Doe claims the following damages:

(1) Damages from past and future economic losses:

(a) Dr. Stan V. Smith Expert Calculation - $6,271,467

The calculation done by Dr. Stan V. Smith in the produced expert report puts (i) the loss of wages and employee benefits at an upper range of $4,600,700 (loss minus earnings offset) and (ii) the loss of potential value of life at an upper range of $1,670,767.

(b) Loss of Income To Date - $35,000

This amount is based upon a computation of loss of the income in the difference between a commissioned officer's salary ($45,450 based on Monthly Basic Pay Table) and the wages earned in the period June 2019 to April 2020 (with two more months added based on the 10-month average).

(a) Loss of Scholarships - $100,000

This amount is based upon a computation adding the loss of four years of a Navy scholarship to Purdue and of a Presidential Scholarship.

(b) Loss of Future Income - $3,000,000

In the alternative to Dr. Smith's calculations, this amount is based upon a computation of the present value of the difference between a projected income and economic benefits of a career Navy officer minus a projected income and economic benefits of a career white collar employee.

(c) Unreimbursed Counseling Costs – $2,700

This amount reflects the counselling costs incurred (discounted rate of $50 a session, 54 sessions).

   (d) <u>Legal Fees - $300,000 and counting</u>

This amount is based upon Nesenoff & Miltenberg LLP invoices and the attorney fee shifting provisions of Title IX and 42 U.S.C. § 1983.

 (2) <u>Damages from non-economic injuries:</u>

   (a) <u>Damages to Reputation - $250,000</u>

This amount is based upon a computation derived from considering jury instructions for awarding defamation damages.

   (b) <u>Emotional and Psychological Damages - $100,000</u>

This amount is based upon a computation derived from considering jury instructions for awarding infliction of emotional distress damages.

**<u>Rule 26(a)(1)(A)(iv)</u>: For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on as insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy judgment.**

Plaintiff is unaware of any insurance agreements that would cover any or all of the claims herein.

## <u>RESERVATION OF RIGHTS</u>

Plaintiff John Doe reserves the right to supplement, amend or modify these disclosures as new information becomes available. These disclosures are made without waiver of attorney work product and other privileges and without waiver of objections to relevance.

| | |
|---|---|
| August 23, 2021 | Respectfully submitted,<br>NESENOFF & MILTENBERG, LLP<br>By: /s/Philip A. Byler |

          Philip A. Byler (pro hac vice admission)
          Andrew T. Miltenberg
          363 Seventh Avenue, Fifth Floor
          New York, New York 10001
          (212) 736-4500
          pbyler@nmllplaw.com
          **Attorneys for Plaintiff John Doe**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on August 25, 2022:

William P. Kealey, Esq.
Tyler L. Jones, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: **wpk@stuartlaw.com**
       **tlj@stuartlaw.com**
       **jfo@stuartlaw.com**

*Attorneys for Defendants*

      **BY:** ☐ **U.S. Mail**    ☐    **Federal Express**

           ☐ **Hand-Delivery**    x    **Other: Email**


          \_\_\_\_\_**Philip A. Byler, Esq.**_____
          **Philip A. Byler, Esq.**