IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, **KATHERINE** | ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JOHN DOE'S MOTION FOR
RECONSIDERATION AND/OR CERTIFICATION**

Plaintiff John Doe ("John Doe"), by counsel, respectfully submits this Memorandum of Law in support of John Doe's motion pursuant to Rules 54(b) and 60 of the Federal Rules of Civil Procedure for re-argument, reconsideration and amendment of certain parts of the Court's non-final Opinion and Order dated August 11, 2022, that (i) deny John Doe's stigma-plus liberty interest on the ground that John was not in a position to refuse to give authorization to the Navy ROTC to have the university disciplinary files was not the same as having a legal requirement to disclose the university disciplinary files to the Navy ROTC and thus there was self-defamation, while indicating what would cause denial of summary judgment (pp. 16-18 of Slip Opinion), (ii) fails to decide and dismiss John Doe's motion for summary judgment for dismissal of Defendants' Counterclaim a legally defective use of the Declaratory Judgment Act according to case law in the Seventh Circuit and there is not a federal law basis for the requested declarations and (iii), state that there are material issues of fact as to the stigma-plus interest on the basis of allegations

[1]

contrary to the facts in the summary judgment record (pp. 15-16 of Slip Opinion), and that on reconsideration, the Court should rule that (i) John Doe was legally required to disclose the university disciplinary files to the Navy ROTC and thus there was no self-defamation and summary judgment could not be entered on John Doe's due process claim, as John had a stigma-plus liberty interest consistent with the Court's Opinion and Order on what would cause denial of summary judgment, (ii) Defendants' Counterclaim is dismissed with prejudice on the grounds that it is a legally defective use of the Declaratory Judgment Act according to case law in the Seventh Circuit and there is not stated and there is not a federal court jurisdiction for the requested declarations; and (iii) there are not material issues of fact as to the stigma-plus interest on the basis of alleged falsity; and for any ruling not reconsidered and not amended on this motion, certifying for appeal to the U.S. Court of Appeals for the Second Circuit any such ruling, and the Court should grant such other and further relief as the Court deems just and proper.

This motion is supported by an accompanying Memorandum of Law and Exhibits to the Motion -- a Declaration of Plaintiff John Doe, additional pages of John Doe's and Jacob Amberger's depositions, and the Navy Regulations for Officer Development 2015-2016 (produced by the Navy's counsel to Purdue's counsel in response to Purdue's FOIA request and then transmitted to John Doe's counsel), and by reference portions of the summary judgment record.

| | |
|---|---|
| **Dated:  August 30, 2022** | **Respectfully submitted,**<br>**NESENOFF & MILTENBERG, LLP**<br>**By:** /s/ *Philip A. Byler*<br>**Philip A. Byler, Esq.**<br>**Andrew T. Miltenberg, Esq.**<br>**363 Seventh Avenue, Fifth Floor**<br>**New York, New York 10001**<br>**(212) 736-4500**<br>pbyler@nmllplaw.com<br>amiltenberg@nmllplaw.com<br>*Attorneys for Plaintiff John Doe* |

[2]

### TABLE OF MOTION FOR RECONSIDERATION/CERTIFICATION EXHIBITS

Ex. A: John Doe 08/2022 Declaration

Ex. B: John Doe Dep 22-26, 92-93

Ex. C: Navy Regulations for Officer Development 2015-2016

Ex. D: Amberger Dep tr 78-79

By reference, the summary judgment record

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the below address by ECF on August 30, 2021.

William P. Kealey, Esq.
Tyler L. Jones, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
        tlj@stuartlaw.com
*Attorneys for Defendants*

BY:  ☐ U.S. Mail     ☐ Federal Express

     ☐ Hand-Delivery   x   Other: ECF

_____*Philip A. Byler, Esq.*_____
         Philip A. Byler, Esq.

[3]