IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, **KATHERINE** | ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF PLAINTIFF JOHN DOE

PLAINTIFF JOHN DOE, hereby declares subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this case, using a Court authorized pseudonym.

2. I submit this Declaration in support of Plaintiff's motion for reconsideration of certain aspects of the Court's Opinion and order dated August 11, 2022.

3. The Court correctly states at page 16 of the Opinion and Order that I did not believe I was in a position to refuse to authorize the Navy access to the documents from the university disciplinary proceedings. I was 18 years old at the time and in my first year experience of dealing with Navy superiors whom I regarded as absolute authority figures, and I believed that I was expected to cooperate with them as best I could during those difficult circumstances.

4. At my deposition, when I was questioned about the authorization, the questions had to do with whether I could have obtained the investigation report from the Navy, not that the authorization was an act of self-defamation. I was not asked whether I was obligated to provide

[1]

the authorization, just whether I signed it. (See pages 22-26 from my deposition, which is Motion Exhibit B.) What I state here was not the subject of questions at my deposition.

5. When I supplied that authorization in May 2016, the Navy knew about the disciplinary proceeding because Jane Roe had first gone to the Navy in April 2016 to complain (falsely) about sexual assault by me before going to the university with that complaint. It was not as if the Navy learned about the university disciplinary proceeding by virtue of the authorization. Soon after Jane Roe complained to the Navy, I was put on an interim leave of absence pending the university investigation. If I had refused authorization, I would not only have looked bad, but I also would have been sanctioned in some way: the interim leave of absence would have been made an indefinite leave of absence unless I came forward with an exoneration by the university of the allegations of sexual misconduct and absent that exoneration by the university, at some point I would have been disenrolled.

6. When I gave authorization to the Navy in May 2016, my meeting with Dean Sermersheim on June 6, 2016, had not yet occurred. Nor had Dean Sermersheim decided the disciplinary case, which she would do in late June 2016.

7. While it was a difficult time, I do not recall it ever appearing to me that refusing authorization was even an option for me, nor one to be seriously considered had it been. Given Judge Kolar's personal experience serving in the Navy, I am sure he can relate with the expectations of following the orders and wishes of a superior. Though this request may not technically have been an order, it would seem equivalent to one when presented to me. With Jane Doe having reported her accusations to the Navy ROTC and the Navy ROTC looking to Purdue for the investigation, I really was in no position to refuse the authorization.

8. Had I felt at the time that this was an option for consideration (which while it was a difficult time, I did not), withholding authorization and refusing transparency to my superiors would seem like a foolish decision likely to cause me trouble with them in such an event. I believed I had nothing to hide, and at the time fully expected to be exonerated by the university, as I expected to be treated fairly and properly during the Purdue investigation.

9. Should I re-apply to the Navy ROTC or any commission in the US. Armed Forces, I would be honor-bound to disclose the disciplinary disenrollment that is part of my permanent federal record. Someone seeking to become a military leader needs to be candid about disciplinary records, and a failure in transparency would reflect on me poorly anyway due to my DoD file. If I don't disclose, my DoD file would expose my lack of candor and result in my termination from consideration.

10. I have testified before on summary judgment subject to the penalties of perjury and I here testify again subject to the penalties of perjury that I did not do what I was accused of by Jane Roe. In contrast, Jane Roe has never put herself under oath as to her accusations made in the disciplinary case.

11. On page 15 of the Court's Opinion, there is the kind of presentation as to the texts between Jane Doe and me that my declaration on summary judgment at length demonstrated was an incorrect reading of those texts. In contrast, Jane Doe has never put herself under oath as to the meaning of those texts or any of her other wild claims. I have further put myself under oath considering the Purdue investigator's reading of my texts.

12. The Resident Assistant who said I did not receive her assistance to enter Jane's room even though I did not have a key and could not have otherwise gained access was also never put under oath, and had plenty of incentive to not be candid about the situation.

13.   I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 30, 2022.

*John Doe*
John Doe, a pseudonym

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause by ECF shown on August 30, 2021.

William P. Kealey, Esq.
Tyler L. Jones, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
         tlj@stuartlaw.com
*Attorneys for Defendants*