IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.,** in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) | |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) | |
| at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF PLAINTIFF'S REFUSAL TO SUPPLEMENT**

Defendant, The Trustees of Purdue University ("Purdue"), by counsel, states:

1. On September 25, 2019, Purdue served its first requests for production and requests for interrogatories. Purdue served its second requests for production and requests for interrogatories on March 11, 2020, and its third set on August 20, 2020. Plaintiff responded to each of these on November 8, 2019, April 10, 2020, and September 10, 2020, respectively. Plaintiff's most recent Rule 26(a)(1)(A)(iii) damage disclosure supplement was served on August 25, 2022.

2. On February 9, 2023, considering the fast-approaching trial, Defendant requested that Plaintiff supplement his previous discovery responses, particularly those pertaining to his alleged damages, such as providing his recent tax returns, employment history, post-Purdue educational enrollment. Purdue also requested that Plaintiff supplement his Rule 26 damage computation by providing the documents and other evidentiary material on

which the computation is based. Defendant requested a response by February 24, 2023. A copy of the letter sent to Plaintiff's counsel is attached as **Exhibit A**.

3. After not receiving any response, the undersigned counsel followed up with Plaintiff's counsel on February 27, 2023. The email and response is attached as **Exhibit B**. Couched in disparaging terms, John's counsel refused to make any supplement: "Plaintiff John Doe . . . does not have a current obligation to comply with your unreasonable and irrelevant demands. . . ." The email did not cite any authority for the contention that John does not have a duty to supplement his disclosures.

4. The duty to supplement Rule 26(a) disclosures and previous discovery responses that are presently incomplete or incorrect is "mandatory." Fed. R. Civ. P. 26(e); *Lujano v. Town of Cicero*, No. 07 C 4822, 2011 U.S. Dist. LEXIS 148913, at *12 (N.D. Ill. Dec. 23, 2011). The duty "lingers on without subsequent solicitation," *Francis v. AIT Labs*., No. 1:07-cv-0626-RLY-JMS, 2008 U.S. Dist. LEXIS 49015, at *3 (S.D. Ind. June 26, 2008) (quoting *Scranton Gillette Communications, Inc. v. Dannhausen*, 1998 U.S. Dist. LEXIS 23261, 1998 WL 566668 at *1 (N.D. Ill. 1998)), and the duty extends past any discovery deadline and into trial. *Marianjoy Rehabilitation Hospital v. Williams Electronic Games, Inc.*, 1996 WL 411395 at *3 (N.D. Ill. 1996); *see also Outback Steakhouse of Fla., Inc. v. Markley*, 856 N.E.2d 65, 77-78 (Ind. 2006) (holding, while interpreting Indiana's parallel Rule 26(e), that the rule does not provide that the duty to supplement ceases at the onset of trial).

5. Rule 37(c)(1) outlines the consequences for a party's failure to supplement. Specifically, the sanction of exclusion is "automatic and mandatory" absent legal justification or harmlessness. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012). Nevertheless,

the Court is vested with considerable discretion in crafting additional sanctions and may even dismiss a case if the Court finds that misconduct in discovery is due to "willfulness, bad faith, or fault of a party or attorney." *See Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003), *overruled on other grounds*, *see Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776-77 (7th Cir. 2016).

6. John cannot defy the requirement to supplement discovery and disclosures. Parties in other matters who have failed to properly supplement their disclosures and discovery— not to mention counsel who intentionally refuse to do so—have been barred from introducing any evidence of damages, among other sanctions. *See, e.g.*, *Pittsfield Dev., LLC v. City of Chi.*, No. 17 CV 1951, 2021 U.S. Dist. LEXIS 258261, at *37 (N.D. Ill. Nov. 15, 2021) (recommending a sanction barring Plaintiff from submitting certain evidence in support of his damages for failing to properly disclose damages and supplement discovery responses and disclosures); *Nunez v. City of Pompano Beach*, No. 20-62626-CIV-DIMITROULEAS/S, 2022 U.S. Dist. LEXIS 237187, at *10-11 (S.D. Fla. Apr. 26, 2022) (barring Plaintiff from introducing evidence of damages at trial as a sanction for failing to supplement his Rule 26(a)(1)(A)(iii) disclosures).

7. Purdue intends to address remedies and sanctions at the March 14, 2023, Final Pretrial Conference. Further, this is not the first sanctionable discovery dereliction by Plaintiff in this case. *See e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011) ("[W]e review a sanction not in isolation but in light of the entire procedural history of the case. In other words, we weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit." (internal citations and quotation marks omitted)); *see, e.g.*, *Doe v. Purdue Univ.*, No.

2:17-CV-33-JPK, 2021 U.S. Dist. LEXIS 124257 (N.D. Ind. July 2, 2021) (Snapchat

data).

Dated March 7, 2023                               Respectfully submitted,

                                                  /s/ Tyler L. Jones
                                                  William P. Kealey (No. 18973-79)
                                                  Tyler L. Jones (No. 34656-29)
                                                  James F. Olds (No. 27989-53)
                                                  Stuart & Branigin LLP
                                                  300 Main Street, Suite 900
                                                  P.O. Box 1010
                                                  Lafayette, IN 47902-1010
                                                  Email: wpk@stuartlaw.com
                                                         tlj@stuartlaw.com
                                                         jfo@stuartlaw.com
                                                  Telephone: 765.423.1561
                                                  **Attorneys for Defendants**

#1551509