

**Tyler L. Jones**
765.428.7085
tlj@stuartlaw.com

February 9, 2023

*Via Email Only - pbyler@nmllplaw.com*
Philip A. Byler
Nesenoff & Miltenberg LLP
363 Seventh Avenue, 5th Floor
New York, NY 10001

> *Re:    John Doe v. Purdue University et al.*

Dear Phil,

I write regarding Plaintiff's duty under Federal Rule of Civil Procedure 26(e) to supplement his Fourth Amended Rule 26(a)(1)(A) Initial Disclosures (dated August 23, 2021) and his previous interrogatory answers and responses to requests for production.

Rule 26(a)(1)(A)(iii) Disclosure

The Fourth Amended Rule 26(a)(1)(A) Initial Disclosures state in part:

> **Rule 26(a)(1)(A)(iii): A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

Plaintiff John Doe claims the following damages:

(1) Damages from past and future economic losses:

   (a) Dr. Stan V. Smith Expert Calculation - $6,271,467

The calculation done by Dr. Stan V. Smith in the produced expert report puts (i) the loss of wages and employee benefits at an upper range of $4,600,700 (loss minus earnings offset) and (ii) the loss of potential value of life at an upper range of $1,670,767.

   (b) Loss of Income To Date - $35,000

Stuart & Branigin LLP
300 Main St. | Suite 900 | P.O. Box 1010 | Lafayette, Indiana 47902-1010
765.423.1561 | stuartlaw.com

EXHIBIT A

This amount is based upon a computation of loss of the income in the difference between a commissioned officer's salary ($45,450 based on Monthly Basic Pay Table) and the wages earned in the period June 2019 to April 2020 (with two more months added based on the 10-month average).

(a) Loss of Scholarships - $100,000

This amount is based upon a computation adding the loss of four years of a Navy scholarship to Purdue and of a Presidential Scholarship.

(b) Loss of Future Income - $3,000,000

In the alternative to Dr. Smith's calculations, this amount is based upon a computation of the present value of the difference between a projected income and economic benefits of a career Navy officer minus a projected income and economic benefits of a career white collar employee.

. . .

(2) Damages from non-economic injuries:

(a) Damages to Reputation - $250,000

This amount is based upon a computation derived from considering jury instructions for awarding defamation damages.

Apart from the Smith report, there has been insufficient disclosure of any "computation" for any of these categories, no service of any update for the period since August 2021, and no service of "documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." Please disclose same and all supporting documents by February 24, 2023.

Discovery previously served by Purdue

While the duty to supplement discovery "lingers on without subsequent solicitation," *Francis v. AIT Labs*., No. 1:07-cv-0626-RLY-JMS, 2008 U.S. Dist. LEXIS 49015, at *3 (S.D. Ind. June 26, 2008) (quoting *Scranton Gillette Communications, Inc. v. Dannhausen*, 1998 U.S. Dist. LEXIS 23261, 1998 WL 566668 at *1 (N.D. Ill. 1998)), Purdue nonetheless requests that Plaintiff give particular attention to the following, in addition to any other responses that are currently incomplete or incorrect:

*Requests for Production*

- Copies of any educational records for each institution that Plaintiff has attended since his time at Taylor University in 2017. *See* RFP 6.
- Any healthcare records, bills, invoices, or other documents or tangible things that purport to document any of plaintiff's claimed damages. *See* RFP 4, 8, *see also* Third ROG 13
- Plaintiff's tax returns for 2018 to the present. *See* RFP 12

*Interrogatories*

- Updated residential address. *See* ROG 1.
- Identification of all social media websites or applications used from August 2015 to the present, with username or the account name. *See* ROG 3. Out of an abundance of caution, social media includes, but is not limited to, each of the following: Facebook, You Tube, WhatsApp, Messenger, Instagram, TikTok, Snapchat, WeChat, Weibo, Pinterest, Reddit, Twitter, LinkedIn, Quora, Skype, Teams, and imo.
- The names and addresses of all employers since 2017, including self-employment, and all requested information pertaining to those jobs. *See* ROG 4.
- Identifying supporting documents for claimed damages. *See* ROG 7.
- Any psychological or psychiatric counselling services received since plaintiff stopped treating with Mr. Noel at Family Concern Counseling. *See* ROG 8, Third ROG 14.
- Any educational institution Plaintiff has attended since his time at Taylor. *See* ROG 11, Third ROG 17.

If you have any questions, please advise. I will look for proper supplementation by February 24, 2023.

Respectfully,

Tyler L. Jones
300 Main St., Ste. 900
PO Box 1010
Lafayette, IN 47902-1010
765-428-7085

tlj@stuartlaw.com

cc: William Kealey

Stuart & Branigin LLP

300 Main St. | Suite 900 | P.O. Box 1010 | Lafayette, Indiana 47902-1010

765.423.1561 | stuartlaw.com