# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.,** in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) | |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) | |
| at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>PROPOSED FINAL JURY INSTRUCTIONS</u>

Come now Plaintiff John Doe, by counsel, and Defendant The Trustees of Purdue

University ("Purdue"), by counsel, and submit the following Proposed Final Jury Instructions.

The instructions are presented jointly where indicated. Where the parties have not so agreed, the

party presenting the instruction is identified. The parties respectfully request to reserve the right

to add to or modify this submission of instructions based on the course of trial.

Respectfully submitted,

/s/ Philip A. Byler (w/permission)
Philip A. Byler
Andrew T. Miltenberg
Nesenoff & Miltenberg LLP
363 7th Ave 5th floor,
New York, NY 10001
Email: pbyler@nmllplaw.com
       amiltenberg@nmllplaw.com
Telephone: 212-736-4500
***Attorneys for Plaintiff***

/s/ William P. Kealey
William P. Kealey (18973-79)
Tyler L. Jones (34656-29)
James F. Olds (27989-53)
Stuart & Branigin, LLP
300 Main St., Ste. 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
       tlj@stuartlaw.com
       jfo@stuartlaw.com
Telephone: 765-423-1561
***Attorneys for Defendants***

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 1

Members of the jury, the evidence has been completed, and plaintiff's counsel and defense counsel will make their final arguments to you in a few moments. You and I now play the most important part of our respective roles in this case. I will now instruct you on the law that you are to apply to the evidence you have heard in this case.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law. These instructions are my responsibility, and it is your duty to follow the rules of law stated in these instructions even if you might personally disagree with them.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone. Your second duty is to apply the law that I give you to the facts.

You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. Perform these duties fairly and impartially. Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Authority:**

**Federal Civil Jury Instructions for the Seventh Circuit, Instruction No. 1.21 (as modified).**

GIVEN:          _____

MODIFIED:    _____

REFUSED:      _____

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 2

These instructions that I am reading to you will be sent into the jury room along with the exhibits admitted into evidence.

If I have stated any rule, direction, or idea in these instructions in varying ways, I have not intended any special emphasis on the point, and you should not give the point any special emphasis. For that reason, you are not to single out any certain sentence or any individual point or instruction and ignore the others. You must consider all the instructions as a whole, and you are to regard each instruction in light of all the others.

**Authority:**

**Fed. Civ. Jury Inst. 7th Cir. 1.02 (as modified).**

GIVEN:            _____

MODIFIED:        _____

REFUSED:         _____

## <u>JOINT PROPOSED FINAL JURY INSTRUCTION NO. 3</u>

The evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and any facts that I instruct you have been established and proven.

Opening statements of counsel were for the purpose of acquainting you in advance with the facts that they expected the evidence to show. Closing arguments of counsel are for the purpose of discussing the evidence that has actually been presented to you.

The assertions by counsel in opening statements, closing arguments, or in the asking of questions of witnesses do not constitute any evidence whatever in this case. The evidence is what you heard and saw from the witnesses and the exhibits admitted into evidence.

During the course of trial, it often becomes the duty of counsel to make objections and for me to rule on them in accordance with the law. The fact that objections are made or opposed should not influence you in any way.

In your deliberations, you are not to pay any attention to any testimony that was stricken, or any statements of counsel or other statements made to the court concerning those matters.

You are to try the case upon the evidence and the legitimate inferences that you may draw from that evidence. You should not be concerned with why the court decided, at various times throughout the trial, that certain evidence should or should not be admitted. Whether such evidence is admissible is purely a question of law, and you should draw no inferences from the court's rulings on these matters. In admitting evidence to which an objection is made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the witnesses or exhibits. Those are questions for you to decide.

**<u>Authority</u>:**

**Seventh Circuit Civil Sample Preliminary Jury Instruction No. 4**

GIVEN:          _____

MODIFIED:     _____

REFUSED:       _____

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 4

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Authorities:**

**Fed. Civ. Jury Inst. 7th Cir. 1.07.**

GIVEN:          _____

MODIFIED:       _____

REFUSED:        _____

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 5

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Authority:**

**Fed. Civ. Jury Inst. 7th Cir. 1.11.**

GIVEN:        _____

MODIFIED:    _____

REFUSED:      _____

7

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 6

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Authority:**

**Fed. Civ. Jury Inst. 7th Cir. 1.12.**

GIVEN:          _____

MODIFIED:          _____

REFUSED:          _____

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 7

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

• the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

• the witness's memory;

• any interest, bias, or prejudice the witness may have;

• the witness's intelligence;

• the manner of the witness while testifying; and

• the reasonableness of the witness's testimony in light of all the evidence in the case.

**Authority:**

**Fed. Civ. Jury Inst. 7th Cir. 1.13**

GIVEN: _____

MODIFIED: _____

REFUSED: _____

9

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 8

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Authority:**

**Fed. Civ. Jury Inst. 7th Cir. 1.18**

GIVEN:          _____

MODIFIED:      _____

REFUSED:       _____

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 9

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Authority:**

**Fed. Civ. Jury Inst. 7th Cir. 1.27**

GIVEN:        _____

MODIFIED:    _____

REFUSED:     _____

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 10

If you decide for the Defendant on the question of liability, then you should not consider the question of damages.

**Authority:**

**Federal Civil Jury Instructions for the Seventh Circuit, Instruction No. 1.31**

GIVEN:        _____

MODIFIED:        _____

REFUSED:        _____

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 11

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

**Authority:**

**Fed. Civ. Jury Inst. 7th Cir. 1.32**

GIVEN:         _____

MODIFIED:    _____

REFUSED:      _____

13

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 12

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the bailiff, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

**Authority:**

**Fed. Civ. Jury Inst. 7th Cir. 1.33.**

GIVEN:          _____

MODIFIED:     _____

REFUSED:      _____

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 13

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Authority:**

**Fed. Civ. Jury Inst. 7th Cir. 1.34.**

GIVEN: _____

MODIFIED: _____

REFUSED: _____

15

## DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 14

Plaintiff bases his lawsuit on Title IX of the Education Amendments of 1972. Title IX prohibits colleges and universities from denying students access to educational benefits and opportunities on the basis of the student's gender. For the Plaintiff to prevail against Purdue University under Title IX, he must demonstrate that Purdue University engaged in intentional gender discrimination against him. This means gender was either the sole reason or a motivating factor for the disciplinary actions Purdue University took against him.

Plaintiff must prove by a preponderance of the evidence that Purdue University suspended him because of his gender. You must decide whether Purdue University would have suspended Plaintiff had he not been male, but everything else had been the same.

Plaintiff must prove that gender discrimination by the Defendant caused effects that were real, negative, and substantial.

If you find that Plaintiff has proved that Purdue University discriminated against him because he is a man by a preponderance of the evidence, then you must find for Plaintiff and against Purdue University. However, if you find that Plaintiff did not prove that Purdue University discriminated against him because he is a man by a preponderance of the evidence, then you must find for Purdue University and against Plaintiff.


**Authority:**

**Seventh Circuit Pattern Civil Instruction 3.01, 3.02.; "A Title IX sex discrimination claim requires proof that . . . 'the educational institution in question discriminated against [the] plaintiff based on gender.'" *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 2022 U.S. App. LEXIS 21860, \*10 (7th Cir. 2022) (quoting *Doe v. Columbia College Chicago*, 933 F.3d 849, 854 (7th Cir. 2019)); *Doe v. Purdue Univ.*, 928 F.3d 652, 667 (7th Cir. 2019) (Title IX plaintiff must "show that sex was a motivating factor in [Purdue's] decision to discipline" her).**

16

GIVEN:       _____

MODIFIED:    _____

REFUSED:     _____

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 14

Plaintiff John Doe claims Defendant Purdue University intentionally discriminated against him based on his sex in violation of Title IX when it found Plaintiff responsible for sexual assault, in violation of the University's student conduct policy and sanctioned Plaintiff by suspending him from the University.

In order for Plaintiff John Doe to establish his Title IX claim against Defendant Purdue University, Plaintiff John Doe has the burden of proving by a preponderance of the evidence that Plaintiff's sex was a motivating factor in Defendant Purdue University's finding that he was responsible for violating the University's student conduct policy. The question is do the facts that you find show that the university discriminated against Plaintiff John Doe on the basis of sex?

In establishing that Plaintiff John Doe's sex was a motivating factor in finding Plaintiff John Doe responsible to violating Defendant Purdue University's Student Conduct Policy, Plaintiff John Doe is not required to prove that his sex was the sole motivation or a primary motivation for Defendant Purdue University's decision. Plaintiff John Doe satisfies his burden by proving that his sex played a motivating part in Defendant's decision even though other factors may also have motivated Defendant Purdue University.

Plaintiff John Doe is not required to produce direct evidence of intentional discrimination. Discrimination may be inferred from circumstantial evidence, or the existence of other facts from which discrimination can be inferred.

**Defendant cites for its Proposed Final Jury Instruction No. 14 the Seventh Circuit Pattern Jury Instructions 3.01 and 3.02, but Seventh Circuit Pattern Jury Instructions 3.01 and 3.02 are not informative for a Title IX action. Seventh Circuit Pattern Jury Instructions 3.01 provides general employment discrimination instructions. Seventh Circuit Pattern Jury Instructions 3.02 provides retaliation instructions. The Seventh Circuit Pattern Jury Instructions do not have Title IX specific jury instructions. Seventh Circuit case law must**

thus be looked to for formulation of Title IX liability jury instruction.  Defendant does cite but inadequately quotes from and does not conform its instruction to *Doe v. Purdue*, 928 F.3d 652, 667-668 (7th Cir. 2019) (Title IX plaintiff must show "sex was a motivating factor in a university's decision to discipline a student," which entails answering the question whether the facts show "that the university discriminated against John 'on the basis of sex'"?). Plaintiff's proposed instruction does conform to *Doe v. Purdue*.  Defendant also quotes *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 792 (7th Cir. 2022),  that "the educational institution in question discriminated against [the] plaintiff based on gender," citing to *Doe v. Columbia College Chicago*, 933 F.3d 849, 854 (7th Cir. 2019).  The quoted language from *Doe v. Univ. of S. Ind.* is a general requirement better captured in Plaintiff's proposed jury instruction.

GIVEN:        _____

MODIFIED:    _____

REFUSED:      _____

## <u>DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 15</u>

A university's disciplinary process is not held to the standards of a courtroom. You must give substantial deference to the university decisionmaker's credibility determinations regarding a misconduct allegation.

**<u>Authority</u>:**

***Bd. of Curators of Univ. of Mo. v. Horowitz**, 435 U.S. 78, 88, 98 S. Ct. 948, 55 L. Ed. 2d 124 (1978); **Doe v. Univ. of S. Ind.**, 43 F.4th 784, 800 (7th Cir. 2022); **Doe v. Samford Univ.**, 29 F.4th 675, 691 (11th Cir. 2022); **United States v. Walker**, 799 F.3d 1361, 1363 (11th Cir. 2015).*

GIVEN:        _____

MODIFIED:    _____

REFUSED:      _____

### DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 16

Title IX requires Purdue University to respond to allegations of sexual assault regardless of the gender of the individual reporting the allegation or the gender of the individual who is the subject of the allegation. Plaintiff cannot show that Purdue University engaged in gender discrimination by showing a greater frequency of allegations by persons of one gender against persons of another gender or by showing the frequency of disciplinary outcomes by gender.

**Authority:**

***Doe v. Univ. of S. Ind.*, 43 F.4th 784, 798 n.8 (7th Cir. 2022); *Doe v. Univ. of Denver*, 952 F.3d 1182, 1196 (10th Cir. 2020).**

GIVEN:        _____

MODIFIED:        _____

REFUSED:        _____

### DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 17

Defendant argues that Plaintiff's claim for damages should be reduced due to Plaintiff's failure to pursue generally available education and career opportunities.

If you find that

1. Plaintiff did not take reasonable actions to reduce his damages, and

2. That Plaintiff might reasonably had found comparable employment if he had taken such action,

you should reduce any amount you might award Plaintiff by the amount Plaintiff reasonably would have earned during the period for which you are awarding damages.

Defendant must prove both that the reduction should be made and the amount.

**Authority:**

**Seventh Circuit Pattern Civil Instruction 3.12 (as modified).**

GIVEN:        _____

MODIFIED:    _____

REFUSED:      _____

22

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 18

It is the duty of the Court to instruct you as to the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find in favor of the plaintiff as instructed in Instruction No. __, then you must award the plaintiff such sum as you find will fairly and justly compensate him for any damages you find he sustained as a direct result of the defendant's discriminatory conduct.

You may award compensatory damages against a Defendant only for injuries that Plaintiff has proved by a preponderance of the evidence were proximately caused by that Defendant's wrongful conduct. Your award must be based on evidence and not speculation or guesswork.

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

You are not permitted to award damages for any emotional or mental harm that Plaintiff asserts or damages stemming from alleged emotional or mental harm.

If you find in favor of Plaintiff under Instruction No. __, but you find his damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of one dollar ($1.00).

**Authority:**

**Federal Civil Jury Instructions for the Seventh Circuit, Instruction No 1.30 Comments, No. 3.10.** *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, **572 U.S. 118, 132-33, 134 S. Ct. 1377 (2014) ("we generally presume that a statutory cause of action is limited to plaintiffs whose injuries are proximately caused by violations of the statute". . . . 'the judicial remedy**

cannot encompass every conceivable harm that can be traced to alleged wrongdoing.'"); *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2002) (no emotional harm damages available under Spending Clauses statutes); *Doe v. Purdue Univ.*, No. 2:17-CV-33-JPK, 2022 U.S. Dist. LEXIS 143478, *35-36 (N.D. Ind. Aug. 11, 2022) (no emotional harm damages available under Title IX); *Doe v. Curators of the Univ. of Mo.*, No. 19-cv-04229-NKL, 2022 U.S. Dist. LEXIS 145137 (W.D. Mo. Aug. 15, 2022) (same).

GIVEN:        _____

MODIFIED:     _____

REFUSED:      _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19

I have permitted you to hear evidence regarding the Plaintiff's deletion of certain social media photos and videos. I have determined that:

1) Plaintiff had a duty to preserve and provide the Defendants data from his Snapchat account from August 2015 to the present;

2) Plaintiff intentionally deleted 11 videos and images from within the Snapchat application on his phone after this duty arose; and

3) These files cannot be recovered.

You may, but are not required to, infer that these photos and videos would have been prejudicial to Plaintiff's case. You may consider this evidence, along with all the other evidence in the case, in making your decision.

GIVEN:          _____

MODIFIED:          _____

REFUSED:          _____

**Authority:**

***Doe v. Purdue Univ.***, **No. 2:17-CV-33-JPK, 2021 U.S. Dist. LEXIS 124257, at \*48-49 (N.D. Ind. July 2, 2021); Fed. R. Civ. P. 37(e), advisory committee note to the 2015 amendment; *see also* Federal Civil Jury Instructions for the Seventh Circuit, Instruction No 1.19-1.20.**

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 20

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.

Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

GIVEN:          _____

MODIFIED:      _____

REFUSED:        _____

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 21

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

GIVEN:        _____

MODIFIED:   _____

REFUSED:     _____

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 22

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, or computer; the internet; any internet service; any text or instant messaging service; or any internet chat room, blog, or social media website or application such as Facebook, Instagram, Snapchat, YouTube, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

GIVEN:          _____

MODIFIED:       _____

REFUSED:         _____

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 22

The duty of counsel and the Court has now been performed. The counsel engaged in this case have endeavored to bring before you all appropriate evidence that may aid you in arriving at the truth and the Court has endeavored to advise you correctly as to the law, and now there confronts you the final and important duty of deciding your verdicts.

I submit this case to you with the confidence that you will faithfully and justly discharge the important duty resting upon you, without being moved by any undue demand. After a careful consideration of the law and the evidence in this case, you should return your verdicts accordingly.

As upright citizens, charged with the solemn and responsible duties of assisting this Court in the administration of justice in this country, you will put aside all sympathy and sentiment, all consideration of public approval or disapproval, and look steadfastly and alone to the law and the evidence in this case and return to this Court such verdicts as are warranted thereby.

GIVEN:            _____

MODIFIED:       _____

REFUSED:        _____

1554208