IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | **CIVIL ACTION** |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** ) | |
| **DANIELS, JR.**, in his official capacity as President of ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, **KATHERINE** ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF JOHN DOE'S MOTION TO PLACE IN
THE TRIAL RECORD DEFENDANTS' ADMISSIONS FROM
THEIR ANSWER TO THE SECOND AMENDED COMPLAINT**

Plaintiff John Doe, through counsel, respectfully moves to place in the trial record Defendants' admissions from their Answer to the Second Amended Complaint. These admissions are in Exhibit A to this motion. Defendants' Answer is Exhibit B to this motion (DE 161). The Second Amended Complaint is Exhibit C to this motion (DE 160).

The law is long and well established that admissions in an Answer are binding judicial admissions. *See, e.g., Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 805 (7th Cir. 2005) ("The City's answer to paragraph 45 of the complaint, admitting that Division Street is a locally designated highway, constitutes a binding judicial admission."); *Freedom Nat. Bank v. N. Ill. Corp.*, 202 F.2d 601, 605–606 (7th Cir. 1953) ("That which a defendant admits in his answer is binding upon him until he withdraws the admission by a proper amended or supplemental pleading. No such amended or supplemental pleading was filed by the defendant in

this case. The plaintiff, therefore, had the right to rely on the defendant's admission. . ."); *Tibbs v. Illinois Admin. Off. of Illinois Cts.,* 149 F. Supp. 3d 1015, 1024 (C.D. Ill. 2016), *aff'd sub nom. Tibbs v. Admin. Off. of the Illinois Cts.*, 860 F.3d 502 (7th Cir. 2017)(" The Plaintiff is correct that a defendant's answer which admits a complaint's allegation constitutes a 'binding judicial admission.'"); *Fid. Mut. Life Ins. Co. v. Chicago Title & Tr. Co. of Chicago*, No. 92 C 8475, 1994 WL 494897, at *4 (N.D. Ill. Sept. 7, 1994) ("admissions in the pleadings are binding on the parties" even in the face of conflicting evidence in the record); *Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 716 (2010) ("binding effect of a party's admissions in an answer"), citing *American Title Insurance Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir 1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them"); *Munson v. Shearing*, 2017 WL 1862203, at *6 (S.D. Ill. May 9, 2017) ("Defendant's answer to allegation in complaint constituted a binding judicial admission"); *Myers v. City of Chicago*, 2012 WL 4009694, at *2 (N.D. Ill. Sept. 12, 2012) ("[A]dmissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions."); *Missouri Hous. Dev. Comm'n v. Brice,* 919 F.2d 1306, 1315 (8th Cir.1990) (holding admission in answer to be binding even in the face of conflicting evidence in the record).

**Dated:  March 30, 2023**            **Respectfully submitted,**

                                     **NESENOFF & MILTENBERG, LLP**
                                     **By:** /s/ *Philip A. Byler*
                                     **Philip A. Byler, Esq.**
                                     **Andrew T. Miltenberg, Esq.**
                                     **363 Seventh Avenue, Fifth Floor**
                                     **New York, New York 10001**
                                     **(212) 736-4500**
                                     pbyler@nmllplaw.com
                                     amiltenberg@nmllplaw.com
                                     ***Attorneys for Plaintiff John Doe***

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on March 30, 2023:

William P. Kealey, Esq.
Tyler L. Jones, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
        tlj@stuartlaw.com
*Attorneys for Defendants*

BY:   ☐ U.S. Mail        ☐ Federal Express

      ☐ Hand-Delivery    x  Other: ECF


_____*Philip A. Byler, Esq.*_____
         Philip A. Byler, Esq.