# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, **KATHERINE** | ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF JOHN DOE'S SUPPLEMENTATION

The following states Plaintiff John Doe's supplementation as requested in the letter dated February 9, 2023, of Tyler Jones, an attorney for Defendants:

### Rule 26(a)(1)(A)(iii) Disclosure

Defendant complains, mistakenly, that "[a]side from the Smith report, there has been insufficient disclosure of any "computation" for any of these categories, no service of any update since August 2021, and no service of 'documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered."   Defendants then quote from part of Plaintiff John Doe's Fourth Amended Rule 26(a)(1)(A) Initial Disclosures, dated August 23, 2021, which was right before the start of the summary judgment briefing. Plaintiff John Doe's Third Amended Rule 26(a)(1)(A) Initial Disclosures, dated February 8, 2021, had the same damages numbers, but

[1]

Defendants made no follow up discovery request or complaint about insufficiency then. Plaintiff's answers to Defendants' Third Set of Interrogatories, dated October 30, 2020, had the same damage numbers except for the Smith Report which had not yet been rendered, but Defendants made no follow up discovery request or complaint about insufficiency then either; and that was 2½ years ago. The parts of Plaintiff John Doe's Fourth Amended Rule 26(a)(1)(A) Initial Disclosures that are quoted are as follows:

> Plaintiff John Doe claims the following damages:
>
> (1) Damages from past and future economic losses:
>
> (a) Dr. Stan V. Smith Expert Calculation - $6,271,467
>
> The calculation done by Dr. Stan V. Smith in the produced expert report puts (i) the loss of wages and employee benefits at an upper range of $4,600,700 (loss minus earnings offset) and (ii) the loss of potential value of life at an upper range of $1,670,767.
>
> (b) Loss of Income To Date - $35,000
>
> This amount is based upon a computation of loss of the income in the difference between a commissioned officer's salary ($45,450 based on Monthly Basic Pay Table) and the wages earned in the period June 2019 to April 2020 (with two more months added based on the 10-month average).
>
> (a) Loss of Scholarships - $100,000
>
> This amount is based upon a computation adding the loss of four years of a Navy scholarship to Purdue and of a Presidential Scholarship.
>
> (b) Loss of Future Income - $3,000,000
>
> In the alternative to Dr. Smith's calculations, this amount is based upon a computation of the present value of the difference between a projected income and economic benefits of a career Navy officer minus a projected income and economic benefits of a career white collar employee.
>
> . . . .
>
> (2) Damages from non-economic injuries:
>
> (a) Damages to Reputation - $250,000

[2]

This amount is based upon a computation derived from considering jury instructions for awarding defamation damages.

Just a cursory review of the foregoing disclosure shows that Defendant's complaint about lacking computations is plainly false. The disclosures state computations:

Defendants put aside Dr. Smith's report because the Smith Report containing Dr. Smith's calculations was provided to counsel for Defendants. An updated report from Dr. Smith is provided in an accompanying pdf.

The "Loss of Income To Date - $35,000" is described as "the difference between a commissioned officer's salary ($45,450 based on Monthly Basic Pay Table) and the wages earned in the period June 2019 to April 2020 (with two more months added based on the 10-month average)." The Monthly Basic Pay Table for commissioned officers has been and is publicly available.

The "Loss of Scholarships - $100,000" is described as being "based upon a computation adding the loss of four years of a Navy scholarship to Purdue and of a Presidential Scholarship." Both scholarships were full-ride, and the Navy scholarship was invoked to cover Purdue tuition and room/board. Defendants have the documents for the Navy scholarship and the Presidential scholarship and their value is known to Purdue. Scholarship documents were produced in the Navy document production and in Plaintiff John Doe's production. The amount for loss of scholarships, however, should be corrected to $75,000 because Plaintiff John Doe lost three years of scholarship, not four, because Plaintiff John Doe did get the benefit of one year of scholarship.

The "Loss of Future Income - $3,000,000" is described as an "alternative to Dr. Smith's calculations, this amount is based upon a computation of the present value of the difference between a projected income and economic benefits of a career Navy officer minus a projected income and economic benefits of a career white collar employee."

The "Damages to Reputation - $250,000" is described as an "amount is based upon a computation derived from considering jury instructions for awarding defamation damages."

While not the subject of Mr. Jones's February 9, 2023 letter, Dr. R. Chris Barden is listed on Plaintiff John Doe's Rule 26 Statement as a witness and the Court did during the pretrial conference held on March 14 2023, grant leave to Plaintiff John Doe to serve a revised Barden Report. The Court, in his August 11, 2022 opinion, granted Defendant's motion to strike the then existing Barden Report, but then expressly stated on page 11 of the Court slip opinion: "The Court is not barring any and all expert opinions Dr. Barden may offer." A Revised Barden Report compliant with the Court's August 11, 2022 rulings is provided in an accompanying pdf.

### Discovery Previously Served By Purdue: Requests for Production

1. There are no educational records since Taylor University.

2. Plaintiff John Doe has been in very good health in recent years and has not seen doctors since providing HIPAA Authorizations to Defendants. The one acupuncture bill is being produced in an accompanying pdf.

3. Tax returns for 2018 are being produced in accompanying pdfs. Plaintiff John Doe's small of amount of income in recent years did not produce tax liability, but Plaintiff, when filing his 2022 return, will have his family's tax accountant do the prior years.

### Discovery Previously Served By Purdue: Interrogatories

1. Walton Street, Ukrainian Village, Chicago, Illinois.

2. Instagram – boom_snap_[Plaintiff John Doe's real last name]; Snapchat – insect_magician; Facebook – [Plaintiff John Doe's real name]; Linkedin – [Plaintiff John Doe's real name]. Nothing regarding this case in any way has been posted on any of these sites -- just personal stuff on these sites having no relevance whatsoever to the case.

[4]

3.      For the period from June 2017 up to November 7, 2019, Plaintiff's employment information was provided in response to Interrogatory No. 4 in Defendants' First Set of Interrogatories, dated November 7, 2019.  Since November 7, 2019, Plaintiff's employment information is as follows:

·Lawncare in Fort Hood, Texas, February-April 2021

-Remote contracting sales with Salesprocess.io fall 2021 - winter 2022 (~Feb2022) - made about $3,000-$5,000 with that company. The company address is 1301 - 350 Bay St E Toronto, Ontario M5H 2S6.

-Remote contracting sales with Kinobody ~6 weeks October-November 2022  - made about $1500 with them. The company address is PO Box 1290, Boulder, Colorado, 80306.

-Remote contracting sales with CHALK Performance Training from November 2022 - present. Made about $5000 with them so far ($20 of it in 2022). The company address is 121 E 18th St, Costa Mesa, CA 92627.

4.      Permanent federal record referenced in Navy Regulations for Officer Development; Purdue's own documents reflecting the crediting of the scholarship to Plaintiff's tuition and room/board account; Monthly Basic Pay Table for commissioned officers.

5.      None.

6.      None.

**Dated:  March 16, 2023**

**Respectfully submitted,**
**NESENOFF & MILTENBERG, LLP**
**By: /s/ *Philip A. Byler***
**Philip A. Byler, Esq.**
**Andrew T. Miltenberg, Esq.**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
pbyler@nmllplaw.com
amiltenberg@nmllplaw.com
*Attorneys for Plaintiff John Doe*

## VERIFICATION

I, the Plaintiff, given the pseudonym John Doe in the action Doe v. Purdue, No. 2:17-cv-33-JPK, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing representations are true and correct in Plaintiff's answers to the interrogatories in John Doe's Supplementation and that the redacted tax returns produced with this Supplementation are mine and were filed.

Dated: March 16, 2023

    ___/s/ John Doe, Court authorized pseudonym___
    John Doe (Court authorized pseudonym)

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on March 16, 2023:

William P. Kealey, Esq.
Tyler L. Jones, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
       tlj@stuartlaw.com
*Attorneys for Defendants*

BY: ☐ U.S. Mail   ☐ Federal Express

☐ Hand-Delivery   x   Other: E-Mail

____*Philip A. Byler, Esq.*_____
Philip A. Byler, Esq.

[6]