IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) | |
| **KATHERINE SERMERSHEIM**, in her official | ) | |
| capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF PLAINTIFF JOHN DOE
## TO RECUSE MAGISTRATE JUDGE KOLAR AS TRIAL JUDGE

**PLAINTIFF JOHN DOE**, a Court authorized pseudonym, hereby declares subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

### Introduction

1. I am John Doe and Plaintiff in the *Doe v. Purdue* Title IX/Due Process case that has become precedent throughout the United States since Justice Amy Coney Barrett and 2 other woman judges unanimously ruled in my favor at the 7th Circuit now 4 years ago. For some background, I grew up in a large Christian family with 2 fantastic parents, 2 brothers, and 3 sisters. Three of my siblings were adopted from Ukraine in 2008, which has always been a fun talking point about my family. While going through high school, I felt a conviction to serve my country. No one else in my

immediate family had any military experience or interest, so I was going to be the first. I thus began my school application process with that in mind. While being narrowly rejected from the Naval Academy in Annapolis, MD, I was given a full-ride Navy ROTC scholarship offer from Purdue University, which I gladly accepted. I felt I had made the right decision as I began my schooling and Navy career in the ROTC. However, this trajectory came to a halt in my 2nd semester in spring 2016 when I was subject to an investigation over false allegations an ex-girlfriend of mine (also in Navy ROTC) filed with the school after she was directed there by Navy ROTC staff. While at Purdue University in 2016, I was subject to an investigation over false allegations an ex-girlfriend of mine filed with the school after being directed there by the Navy ROTC, which we were both a part of at the time. Even though her claims were untrue and without proof, the investigation was massively biased and flawed. In reality it was hardly an investigation at all. I was effectively disabled from defending myself properly, lied about by the school itself, and given a total charade by Purdue's Dean of Students and her associates. Despite the many holes in her story and no direct testimony from Jane herself, she was found a "credible witness" and I was found a "noncredible witness" and disrespectfully suspended from the university. This cost me my mental health, my friends, my full-ride Navy ROTC scholarship, and the ability to serve my country for the rest of my life.

2. Mr. Byler's Declaration reviews the law and the facts for recusal. I write this Declaration because I want people to understand that I sincerely believe that the current judge on my case is not impartial. Justice Barrett ruled that I could proceed with my Due Process and Title IX claims in an opinion that, in addition to becoming

a precedent of national importance, was directly cited by Secretary of Education Betsy Devos when she reformed Title IX law by due process regulation.

    3. As reflected in Mr. Byler's Declaration, in just 4 years, the Barrett opinion has become the most influential Title IX citation in all of U.S. law. In her opinion, Justice Barrett directed the District Court to "consider expungement on remand" of the disciplinary record when criticizing Purdue's serious violations of my due process rights - high schools do a better job than Purdue did to me, she said.

    4. As reflected in Mr. Byler's Declaration, in the 4 years since Judge Kolar was tasked with handling my case, he has universally ruled against me on most all issues. He has adopted every significant argument from Purdue, despite a discovery record that exposes many misstatements from Purdue and further strengthens my arguments that were adopted by Justice Barrett, Judge Sykes, and Judge St. Eve. Despite all of Purdue's scorched earth tactics spent looking for ways to attack me personally and undermine my credibility *ad hominem*, they have consistently failed, as shown by the evidence and by the discovery record.

    5. When demanding all of my medical documents in discovery (none of which they ended up deposing me about or citing in their motions), Purdue was adamant over also gaining access to my private mental health counseling records. For reference, my counselor was a well-respected Purdue graduate in the process of getting his counseling license as he actively practiced. Every one of his clients, including me, was under the impression that our conversations were confidential as per the HIPPA standard, and they should have been treated as such. Purdue's arguments should not have been accepted, but Judge Kolar did so anyway. There was

nothing within my counseling records to support Purdue's aggression towards me. Although my position was further strengthened from this, I am left feeling violated and disgusted by the intrusion of my privacy. Despite all their demands for materials that have been proven unjustified, Judge Kolar's sentiment towards Purdue remained unchanged, a trend that has stayed consistent in spite of the facts and behaviors of both parties.

6. In a contrasting issue, Purdue issued a protective order requesting that the president at the time, Mitch Daniels, be exempted from depositions. Although he was a named Defendant and our desire to include him in depositions, Judge Kolar again ruled in Purdue's favor.

7. The next issue that Magistrate Judge Kolar ruled on had to do with 11 of 86 pieces of Snapchat media, all 86 of which were completely irrelevant to the case and contained nothing that would reflect poorly on my character. For reference, Snapchat is considered a social media application, although much of its function is more accurately equated to a private messaging service and media created with the application is not necessarily shared. I had accidentally deleted several pieces of media from my Snapchat account while clearing memory on my cell phone which unbeknownst to me at the time, also affected my Snapchat account. In his ruling, Judge Kolar said several things. Although I can understand his position that whether intentional or not, I was under an obligation to preserve my files, he went too far when he ruled spoliation without fulfilling the basic requirements for spoliation. Judge Kolar gave us a completely speculative "relevance" explanation with no regard for the rest of my social media that I had disclosed, and in doing so again showed a

clear lack of impartiality. In addition, he ordered me to pay Purdue's attorney fees for that entire process, which they claimed amounted to around $30,000. He also strangely raised the matter of these fees during a teleconference call in July 2023, the sole topic of which was my change in legal representation. This issue was never cited by Purdue and none of my social media was questioned by them in my deposition.

8. The discovery process ended up revealing that things were worse than what was known to the 7th Circuit. The facts showed clear violations of my due process rights and that I was obligated to disclose the school's investigation to the Navy, consistent with the 7th Circuit ruling. To combat the stiff adversity I was facing from Purdue's counsel in what has appeared as a years-long effort to run me financially dry, I had to borrow significant amounts of money from my family. I am blessed to have good people in my life and to have been raised in a large loving family, but this sort of malicious strain gone unchecked by the judge has certainly done no favors for me, my family, and my counsel.

9. We hired several highly reputable experts to further validate the case. These experts delivered some very damning reports that elaborated on just how bad Purdue University really was to me. Purdue did not protest when we submitted these reports. However, after we cited Dr. R. Christopher Barden's report in our Summary Judgment papers months later, Purdue submitted a motion to exclude the report. Judge Kolar approved their motion and told my counsel and I that we could submit a modified report as a basis for trial testimony, which we did. Given the clear judicial bias so far, I would prefer a different judge rule on that and all other pre-trial

proceedings so that we are given a fair chance.

10. I feel as though I have been fighting both Purdue and Judge Kolar. Mr. Byler's Declaration explains the many problems with Judge Kolar's August 2022 and February 2023 opinions. In his August 2022 ruling, despite what he may say, Judge Kolar did indeed overrule Justice Barrett and the 7th Circuit. He sided with Purdue's previously rejected argument regarding "legal obligation" to disclose and thus supports the ideas that I self-stigmatized myself when fulfilling my Navy responsibilities, and my due process rights being violated was "irrelevant". Doing this allowed Judge Kolar to ignore the serious due process violations by Purdue that we rightly focused on. Judge Kolar's logic in his August 2022 and February 2023 opinions not only retroactively demanded a legal obligation of disclosure from me, they simultaneously denied any possibility of fulfilling that standard. Thus, he has unambiguously decided that neither I, nor anyone else in my position, deserve due process rights while at college in the Navy ROTC.

11. While I was present during live oral argument in December 2022, it seemed quite obvious during my counsel's presentation that, based on his live reaction to the points being made, Judge Kolar recognized the flaws in Purdue's illogical arguments and the problems of adopting them. Apparently, that did not translate to his changing his mind. Judge Kolar said in his August Opinion that had we supplied some sort of proof that I was required to disclose Purdue's investigation report to the Navy, he would have considered otherwise. Despite Purdue's excessive legal obligation standard never being accepted prior, we obliged the judge in reconsideration and pointed out multiple sections within the Navy ROD that showed

exactly that. We also discovered and showed Judge Kolar two separate opinions that contended with his August 2022 ruling *from within his own Indiana district* and *which involved Purdue and the same Purdue counsel,* information Purdue withheld from us and the judge. Judge Kolar found no issue here and in his reconsideration, ignored both our fulfillment of Judge Kolar's obligation argument via the Navy ROD presentation, and Purdue's omission of the conflicting opinions.

    12. In order to continuously deny my due process claim, Judge Kolar evolved his requirement for proof that my Navy authorization was involuntary to demanding proof that my Navy authorization was legally obligated. In addition to falsely concluding that I voluntarily authorized Navy disclosure (when in fact I had no choice but to comply with the request of my Navy superiors, regardless of how I was feeling at the time), Judge Kolar decided that some of my emotions at the time of giving authorization were more important than the Navy rules themselves. This allowed him to feel more comfortable claiming that the Navy ROD was insufficient grounds - ignoring the entire fact that this new argument effectively grants me and anyone else in my position no possibility of due process rights at all. He moved the goalposts of what was required in order to continue supporting Purdue's argument, denying my due process rights, and thereby overruling Justice Barrett & the 7th Circuit.

    13. Despite doing our best to be reasonable and professional throughout the past 4 years that Magistrate Judge Kolar has been assigned to my case, it is impossible to deny his consistently biased behavior against me. This month marks the 4th year that Judge Kolar has sponsored Purdue's sick obsession to justify their actions against me and cause me further harm. They have lied about me and gone

after me personally with absolutely no repercussions, and through lowly tactics have run my legal fees far higher than what is appropriate. This judge's actions have only emboldened Purdue and Mr. Kealey to continue. I am blessed to be represented and supported by great people, because without them Purdue would have succeeded in bankrupting me off my pursuit of justice long ago.

14. The actions of what should be an integrity-driven, prestigious school disturb me. The actions of what is supposed to be a fair judge in the United States of America disturbs me greatly. Purdue has cost me and my family hundreds of thousands of dollars in fees just from trying to clear my record, and neither Purdue nor (more importantly) Judge Kolar seem to care at all. In our settlement conference, Judge Kolar told me settling was in my best interest and tried to pressure me into taking a wholly inadequate offer from Purdue with no expungement and no attorneys fees, and not even enough money to cover the sanctions he ordered against me in his screwy Snapchat opinion.

15. Despite overseeing the discovery, a settlement conference, and being subject to a mandamus petition from my counsel and I, the same Judge Kolar now insists on overseeing my jury trial. He strangely has yet to even address our mandamus petition. The only thing Judge Kolar can do at this point is relinquish his position on this case to a more impartial judge. I absolutely do not consent to his overseeing of pre-trial and jury trial in my case. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of July, 2023.

_____*John Doe, a pseudoynm*_____
**John Doe, a pseudonym**