IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) |
| **DANIELS, JR.,** in his official capacity as President of | ) |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |

### RESPONSE TO "PLAINTIFF JOHN DOE'S MOTION TO RECUSE MAGISTRATE JUDGE KOLAR"

Defendants, by counsel, respond to "Plaintiff John Doe's Motion to Recuse Magistrate Judge Kolar" ("Motion") (DE 257).

The most recent substantive ruling in this case was on February 14, 2023, the day after a judicial settlement conference. (DE 223, 224). On February 17, 2023, Plaintiff filed a Petition for Writ of Mandamus in the Court of Appeals (DE 229). The Petition was denied on March 6, 2023 by a quorum of the same panel that decided *Doe v. Purdue University*, 928 F.3d 652 (7th Cir. 2019). (DE 232).

The Motion does not invoke grounds that post-date the February 17, 2023 Petition. (DE 257-1 at p. 6, citing "July 2, 2021, August 11, 2022 and February 14, 2023 opinions"). The Motion recycles the failed Petition. Both the Motion and the Petition are tactics to circumvent the unavailability of an interlocutory appeal. Plaintiff's counsel admits as much. DE 257-1 p. 32

1

("Magistrate Judge Kolar refused to certify for appeal the due process ruling . . . The petition for mandamus was then promptly brought.").

Repackaging the failed Petition as a "Motion for Recusal" is a transparent misuse of 28 U.S.C. §§ 144 and 455. At page 29 of the failed Petition, Plaintiff demanded that the Court of Appeals "grant mandamus and reverse the grant of Defendants' motion for summary judgment dismissing the due process claim, *remand the case to an Article III District Judge* for reconsideration of summary judgment for John on the due process claim and for trial on the Title IX claim and, if need be, the due process claim." (emphasis added) By denying the Petition, the appellate panel considered and rejected Plaintiff's arguments for a new judge.

Further, the Joint Final Pretrial Order (DE 239), filed on March 21, 2023, is silent on recusal. A recusal grievance must be timely, and the Motion is not. 28 U.S.C. § 144 (requiring a "timely" affidavit showing grounds for recusal); *Fond du Lac Bumper Exch., Inc. v. Jui Li Enter. Co.*, No. 09-cv-0852, 2015 U.S. Dist. LEXIS 168288, at *13 (E.D. Wis. Dec. 16, 2015).

Plaintiff's disagreement with various rulings is immaterial to the standard for recusal. "Adverse orders and other judicial rulings are not today sufficient for establishing bias for disqualification. *See Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000)." *Reinoehl v. CDC*, No. 3:21-CV-608 DRL-MGG, 2022 U.S. Dist. LEXIS 27795, * 11 (N.D. Ind. Feb. 16, 2022). "Bias . . . must be grounded in some form of personal animus that the judge harbors against the litigant . . . judicial rulings alone are almost never a valid basis for a recusal motion." *United States v. Barr*, 960 F.3d 906, 920 (7th Cir. 2020). *See Black v. Friedrichsen*, No. 1:19-CV-307-TLS, 2022 U.S. Dist. LEXIS 124719, at *9 (N.D. Ind. July 14, 2022).

The Motion contends that, at the February 13, 2023 judicial settlement conference, the judge forecast that "things were not likely go our way at trial." (DE 257-1 at p. 7). Such

2

"discussion of the merits of the parties' respective cases during" a settlement conference "does not show partiality". *Montgomery v. Vill. of Posen*, No. 14 C 3864, 2017 U.S. Dist. LEXIS 9405, at *4 (N.D. Ill. Jan. 24, 2017).

The gap between Plaintiff John Doe's allegations and his burden to prove those allegations has long been front and center. The appellate panel foresaw years ago that "John may face problems of proof" and was merely permitting his claim to "ma[k]e it past the pleading stage". 928 F.3d at 670. Plaintiff's "problems of proof" were on display in the rulings addressed in his failed Petition for Writ of Mandamus. Like that Petition, the Motion should be denied.[1]

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (18973-79)
James F. Olds (27989-53)
Stuart & Branigin LLP
300 Main St., Ste. 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
       tlj@stuartlaw.com
       jfo@stuartlaw.com
Telephone: 765-423-1561
*Attorneys for Defendants*

---

[1] The Motion's character attacks on the defense lose sight of the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit. "Accusations and characterizing opposing counsel as 'liars' has no place in a judicial proceeding." *Alford v. Aaron Rents, Inc.*, No. 3:08-cv-683 MJR-DGW, 2010 U.S. Dist. LEXIS 67790, at *39 n.14 (S.D. Ill. May 17, 2010) (citing Standard Nos. 2 – "We will abstain from disparaging personal remarks or acrimony toward other counsel" and 4 – "We will not, absent good cause, attribute bad motives or improper conduct to other counsel . . ."). *See also Dillinger v. Brandt*, No. 1:20-cv-2257-JMS-DLP, 2020 U.S. Dist. LEXIS 172989, *9-10 (S.D. Ind. Sep. 22, 2020); *U.S. Neurosurgical, Inc. v. City of Chi.*, No. 02 C 4894, 2006 U.S. Dist. LEXIS 97659, *7-8 (N.D. Ill. Mar. 21, 2006).