**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, **KATHERINE** | ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JOHN DOE'S REPLY IN FURTHER
SUPPORT TO RECUSE MAGISTRATE JUDGE KOLAR**

Plaintiff John Doe ("John Doe"), through counsel, submits this Reply to the Defendant

Purdue's response (DE 258) and in further support of John Doe's motion (DE 258) pursuant to 28

U.S.C. § 144 and 28 U.S.C. § 455 to recuse Magistrate Judge Joshua Kolar from being the judge

for pre-trial proceedings and the trial judge in this case.

1.      Defendant Purdue, to avoid directly addressing the weighty substantive grounds for

a bias recusal detailed in John Doe's motion (DE257), incorrectly equates the mandamus petition

with a recusal bias motion, which are addressed to two different legal standards.  A mandamus

petition as here (Seventh Circuit DE 23-2310) challenges the Judge's actions as going beyond the

jurisdiction of the Court.  A recusal motion for bias as here (DE257) challenges the legally and

constitutionally required impartiality of the judge.  At the same time, bias may explain why a Judge

would go beyond the jurisdiction of the Court, and that was suggested in the mandamus petition

here:

[1]

On June 28, 2019, in *Doe v. Purdue*, in an opinion by Judge Barrett, this Court reversed the dismissal by the District Court (Magistrate Judge Cherry) of Plaintiff's due process and Title IX claims. 928 F.3d 652.  The Court ruled John has a stigma plus liberty interest, rejecting Purdue's argument John had self-defamed himself by authorizing disclosure of university disciplinary files to the Navy, and that Purdue had egregiously denied due process.  The Court also upheld John's Title IX claim.

Judge (now Justice) Barrett issued the opinion for the Court in *Doe v. Purdue* nearly 4 years ago. In that time, Purdue has aggressively litigated the case, and the Magistrate Judge facilitated that aggressiveness, *showing an unjustified partiality for Purdue* and uncaring that a large institution in Purdue was pursuing scorched-earth litigation against a young individual.  The Docket Entries are 31 pages long and are at A1-31.

(Seventh Circuit DE 23-2310, p.3; emphasis added.)  Accordingly, John Doe's recusal motion for bias cannot properly be glibly called a recycled mandamus petition (bias and conduct in excess of jurisdiction are inquiries requiring a different focus); and neither are properly treated as efforts to avoid the final judgment rule.  For the final judgment rule fairly to work, Judges need to stay within their jurisdiction and to decide matters within their jurisdiction impartially.

2.     Defendant Purdue's reliance upon the denial of mandamus is weakened and undercut by the incontrovertible facts (a) that no opinion was issued by the Seventh Circuit when denying mandamus and (b) that Judge Barrett was not on the Seventh Circuit panel making the mandamus decision.  Defendant Purdue may wish to read into the denial a rejection of a new judge, but it is more reasonable to read into it the thought that a hard reversal would be in order by a full panel to send a message that the Justice Barrett opinion in *Doe v. Purdue* is to be respected and followed. Defendant Purdue's reliance upon the denial of mandamus is also weakened and undercut by the point that a ruling against mandamus challenging the Judge's actions as going beyond the jurisdiction of the Court does not decide a meritorious challenge to the legally and constitutionally required impartiality of the judge.

3.      Defendant Purdue's argument that an extrajudicial source of bias is necessary for a recusal motion for bias is incorrect as a matter of governing U.S. Supreme Court law. John Doe's counsel addressed this issue in his counsel's declaration, in a section entitled "The Legal Basis for This Motion":

> 11.      As for the "extrajudicial source" doctrine, "there is not much doctrine to the doctrine." *Liteky v. United States*, 510 U.S. 540, 554 (1994). Establishing an extrajudicial source of bias "is not a *necessary* condition for 'bias or prejudice' recusal." *Liteky v. United States*, 510 U.S. 540, 554 (1994) (emphasis in the original). This is because "'extrajudicial source' is . . . not the exclusive [basis for establishing disqualifying bias or prejudice], since it is not the *exclusive* reason a predisposition can be wrongful or inappropriate. A favorable or unfavorable predisposition can also deserve to be characterized as 'bias' or 'prejudice' because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment. (That explains what some courts have called the 'pervasive bias' exception to the 'extrajudicial source' doctrine. See, *e.g., Davis v. Board of School Comm'rs of Mobile County,* 517 F.2d 1044, 1051 (CA5 1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).)" *Liteky v. United States,* 510 U.S. at 551 (emphasis in the original). "Recusal is required *whenever* there exists a genuine question concerning a judge's impartiality, and not merely when the question arises from an extrajudicial source." *Liteky v. United States,* 510 U.S. at 551 (emphasis in the original).
>
> 12.      Plaintiff is not relying upon the mere fact of adverse rulings but upon the manifestations of "judicial predispositions that go beyond what is normal and acceptable," and show a case of "pervasive bias." *Liteky v. United States,* 510 U.S. at 551. In particular, Magistrate Judge Kolar's July 2, 2021, August 11, 2022 and February 14, 2023 opinions mishandling the law in a way an impartial judge would not do, misstating the factual record in a way an impartial judge would not do, and do so all to Purdue's benefit, issuing what were propaganda pieces for Purdue, establishing Magistrate Judge Kolar won't be impartial due to pervasive bias.

(DE 257-2, pp. 6-7).

4.      Defendant Purdue instead looks to two off point Seventh Circuit opinions. *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000), ruled that "the question is whether a reasonable person would be convinced the judge was [actually] biased," citing *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir.1996), but that the circumstances of the case did not warrant recusal. It

was certainly not a case of pervasive bias, and the Seventh Circuit, citing *Liteky v. United States*, 510 U.S. 540, 554 (1994), which had ruled that an extrajudicial source of bias "is not a *necessary* condition for 'bias or prejudice' recusal" to mean that judicial rulings alone rarely provide the basis for recusal.  *United States v. Barr*, 960 F.3d 906 (7th Cir. 2020), ruled that failure to file a good faith affidavit warranted denial of motion for recusal on ground of personal bias or prejudice; and that the district judge's conduct did not demonstrate bias toward defendant requiring recusal. Again, *United States v. Barr* was not a pervasive bias case.

5.      The recusal for bias problem here is certainly not mere disagreements with rulings, but Defendant Purdue still blithely ignores and fails to address how Magistrate Judge Kolar's July 2, 2021 spoliation opinion, August 11, 2022 summary judgment opinion and February 14, 2023 reconsideration opinion mishandled the law in a way an impartial judge would not do, misstated the factual record in a way an impartial judge would not do, and do so all to Purdue's benefit in what can fairly be called propaganda pieces for Purdue.  Without the legal mistake of misapprehending *Liteky v. United States*, 510 U.S. 540, 554 (1994), and asserting the supposed need that establish an extrajudicial source of bias is a *necessary* condition for "bias or prejudice" recusal," Defendant Purdue cannot responsibly avoid directly dealing with the circumstances of the case and the specific rulings that demonstrated pervasive bias.  But Defendant Purdue does. And further, Defendant Purdue has no answer for why Judge Kolar, after being subject to a mandamus petition and holding a settlement conference (which John Doe fairly describes in his declaration), is so insistent upon handling critical pre-trial motions and being the trial judge as if he has an investment in the outcome? John Doe's concerns stated in his declaration about bias (DE257-2) cannot rightly be ignored.

[4]

6.        Defendant Purdue notes the timeliness requirement of 28 U.S.C. § 144, but does not specifically address why the bias motion is untimely here given the facts giving rise to the recusal motion occurred: Magistrate Judge Kolar's July 2, 2021, August 11, 2022 and February 14, 2023 opinions mishandling the law in a way an impartial judge would not do, misstating the factual record in a way an impartial judge would not do, and do so all to Purdue's benefit, amounting to what were propaganda pieces for Purdue.

7.        Defendant Purdue's counsel footnotes a false complaint about being called a liar, citing Seventh Circuit Standards of Professional Conduct. John Doe's counsel, however, never called Purdue's counsel a liar in John Doe counsel's declaration for bias recusal (DE257-1), nor did John Doe in his supporting declaration. (DE257-2).  John Doe in his supporting declaration, did criticize Purdue *as a school* for lying about John Doe, but that is not grounds for Purdue counsel's complaint.  Nor is the criticism of Purdue counsel, made by John Doe in his supporting declaration, for failing to advise Judge Kolar about Judge Martin's opinion on stigma-plus in *Mary Doe and Nancy Roe v. Purdue*, 4:18-CV-89-JEM (N.D. Ind. Jan. 13, 2022).

8.        If something is to be called a lie, it is the notion that John Doe has not come forward with proof of his case.  John Doe did -- and then some. John Doe's summary judgment submissions demonstrate that fact.  John Doe's counsel addressed this issue in his counsel's declaration:

> 21.        John Doe moved for summary judgment on his due process claim and to dismiss Purdue's state police power counterclaim. DE183 is his memorandum of law, DE191 is his reply memorandum of law, and DE183-1 is Plaintiff's material statement of facts in support of summary judgment on due process. Summary judgment was premised on discovery having conclusively established the facts alleged in the Complaint that Judge Barrett had relied upon in upholding Plaintiff's due process claim and additional facts that made the denials of due process even more egregious. Purdue moved for summary judgment to dismiss John's due process and Title IX claims.  DE187 is John's opposition memorandum of law, and DE187-2 is John's material facts in opposition to Purdue's motion.  Purdue

never used any of John's social media production in the summary judgment briefing. (DE178, DE180.)

…

28.    The discovery record made Purdue's argument and Magistrate Judge Kolar's ruling about self-defamation wholly untenable. Indisputably: (i) the NROTC knew about the disciplinary proceeding well before the May 24, 2016 authorization because on April 4, 2016, Jane Doe first went to the NROTC to make her accusations; (ii) Purdue first learned of Jane Doe's accusations from the NROTC; and (iii) the NROTC was looking to the Purdue investigation from the start.

…

36.    Based on the allegations of the Complaint, Judge Barrett wrote strongly about the denial of due process in this case: "Purdue's process fell short of what even a high school must provide to a student facing a days-long suspension." 928 F.3d 663-664. Discovery strengthened John's case that he was denied due process.  The depositions of Purdue employees with the documents that formed the basis of the allegations of the Complaint not only substantiated the allegations, but showed a process more flawed than what was alleged in the Complaint.  Purdue never provided John Doe with the evidence and the investigation report during the disciplinary case, there was no real hearing, and there was pre-judgment based upon treatment of Jane Doe's accusations.  Expungement of the disciplinary file was and is the proper remedy.  (DE183-1 through 183-41; DE 183, pp. 6-33, 39-46.) The District Court on remand was to consider the expungement of the disciplinary file ("we instruct the court to address the issue of expungement on remand"), but Magistrate Judge Kolar refuses to do so, knowing how opposed Purdue is to expungement.

37.    Due process matters so that cases are not decided "on the basis of an erroneous or distorted conception of the law or the facts." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980). The Magistrate Judge, however, rationalized the jarring result of adopting Purdue's position that "whether Purdue complied with due process is immaterial" by also adopting what are Purdue's gross misstatements of the record.  It reflects the lack of impartiality on the part of the Magistrate Judge.

(DE257-1, pp.  12, 15-16, 21.)

## CONCLUSION

For the reasons stated above and in the moving papers, pursuant to 28 U.S.C. § 144 and 28

U.S.C. § 455, Magistrate Judge Joshua Kolar should be recused from being the judge for pre-

trial proceedings and the trial judge in this case per 28 U.S.C. § 455(a) and per 28 U.S.C. § 144.

**Dated: July 25, 2023**

           **Respectfully submitted,**
           **LAW OFFICES OF PHILIP A. BYLER**
           **By: /s/** *Philip A. Byler*
           **Philip A. Byler, Esq.**
           **11 Broadview Drive**
           **Huntington, New York 11743**
           **(631) 848-5175**
           **philb@optonline.net**
           ***Attorneys for Plaintiff John Doe***

<u>**CERTIFICATE OF SERVICE**</u>

   The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on July 25, 2023.

William P. Kealey, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
*Attorneys for Defendants*

BY: ☐ U.S. Mail  ☐ Federal Express

    ☐ Hand-Delivery x <u>Other: ECF</u>

       _____*Philip A. Byler, Esq.*_____
        Philip A. Byler, Esq.

[7]