APPEAL,CONMAG,PROTO

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (Hammond)
## CIVIL DOCKET FOR CASE #: 2:17−cv−00033−JPK

Doe v. Purdue University et al
Assigned to: Magistrate Judge Joshua P Kolar
Case in other court:  USCA, 17−03565
                       USCA, 23−01310
Cause: 42:1983 Civil Rights Act

Date Filed: 01/24/2017
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

Discovery Deadline: 12/21/2020
Dispositive Motion Deadline: 09/01/2021
Expert Discovery Deadline:

Settlement Conference:
Final Pretrial Conference:
Trial Date: 11/28/2023

**Plaintiff**

**John Doe**

represented by **Philip A Byler PHV**
Law Offices of Philip A Byler
11 Broadview Dr
Huntington, NY 11743
631−848−5175
Email: philb@optonline.net
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew T Miltenberg PHV**
Nesenoff & Miltenberg LLP
363 Seventh Ave 5th Fl
New York, NY 10001
212−736−4500
Email: amiltenberg@nmllplaw.com
*TERMINATED: 07/05/2023*
*PRO HAC VICE*

**Damon M Cheronis**
Cheronis Parente & Levitt
The Marquette Building
140 S Dearborn St Ste 411
Chicago, IL 60603
312−663−4644
Fax: 312−277−1920
Email: damon@cheronislaw.com
*ATTORNEY TO BE NOTICED*

**Paul E Luka**
Mendoza Law PC
120 S State St Ste 400
Chicago, IL 60603
312−971−7309

Fax: 312−236−9825
Email: paul@mendozalaw.net
*ATTORNEY TO BE NOTICED*

**Roberto (Alex) Alejandro Mendoza**
Alex Mendoza Law LLC
6950 Indianapolis Blvd
Hammond, IN 46324
219−200−2000
Fax: 866−676−4550
Email: info@alexmendozalaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Purdue University**                    represented by    **James F Olds**
Stuart & Branigin LLP − Laf/IN
300 Main St Ste 900
PO Box 1010
Lafayette, IN 47902−1010
765−428−7072
Fax: 765−742−8175
Email: jfo@stuartlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William P Kealey**
Stuart & Branigin LLP − Laf/IN
300 Main St Ste 900
PO Box 1010
Lafayette, IN 47902−1010
765−423−1561
Fax: 765−742−8175
Email: wpk@stuartlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tyler L Jones**
Drewry Simmons Vornehm LLP − Car/IN
Carmel City Center
736 Hanover Pl Ste 200
Carmel, IN 46032
866−938−4848
Fax: 317−580−4855
Email: tjones@dsvlaw.com
*TERMINATED: 04/12/2023*

**Defendant**

**Purdue University Board of Trustees**    represented by    **James F Olds**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William P Kealey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tyler L Jones**
(See above for address)
*TERMINATED: 04/12/2023*

**Defendant**

| | | |
|---|---|---|
| **Mitchell Elias Daniels, Jr.** | represented by | **James F Olds** |
| *in his official capacity as President of* | | (See above for address) |
| *Purdue University* | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**William P Kealey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tyler L Jones**
(See above for address)
*TERMINATED: 04/12/2023*

**Defendant**

| | | |
|---|---|---|
| **Alysa Christmas Rollock** | represented by | **James F Olds** |
| *in her official capacity at Purdue* | | (See above for address) |
| *University* | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**William P Kealey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tyler L Jones**
(See above for address)
*TERMINATED: 04/12/2023*

**Defendant**

| | | |
|---|---|---|
| **Katherine Sermersheim** | represented by | **James F Olds** |
| *in her official capacity at Purdue* | | (See above for address) |
| *University* | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**William P Kealey**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Tyler L Jones**
(See above for address)
*TERMINATED: 04/12/2023*

**Defendant**

**Erin Oliver**                                    represented by   **James F Olds**
*individually and as agent for Purdue*                              (See above for address)
*University*                                                        *TERMINATED: 09/04/2019*
*TERMINATED: 09/04/2019*                                            *LEAD ATTORNEY*

                                                                   **William P Kealey**
                                                                   (See above for address)
                                                                   *TERMINATED: 09/04/2019*
                                                                   *LEAD ATTORNEY*

                                                                   **Tyler L Jones**
                                                                   (See above for address)
                                                                   *TERMINATED: 04/12/2023*

**Defendant**

**Jacob Amberger**                                 represented by   **James F Olds**
*individually and as agent for Purdue*                              (See above for address)
*University*                                                        *TERMINATED: 09/04/2019*
*TERMINATED: 09/04/2019*                                            *LEAD ATTORNEY*

                                                                   **William P Kealey**
                                                                   (See above for address)
                                                                   *TERMINATED: 09/04/2019*
                                                                   *LEAD ATTORNEY*

                                                                   **Tyler L Jones**
                                                                   (See above for address)
                                                                   *TERMINATED: 04/12/2023*

**Miscellaneous Party**

**Family Concern Counseling**                      represented by   **Paul Z Winters PHV**
                                                                   Wagenmaker & Oberly
                                                                   53 W Jackson Blvd Ste 1734
                                                                   Chicago, IL 60604
                                                                   312−626−1600
                                                                   Fax: 312−626−1610
                                                                   Email: paul@wagenmakerlaw.com
                                                                   *LEAD ATTORNEY*
                                                                   *PRO HAC VICE*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Sally R Wagenmaker PHV**
                                                                   Wagenmaker & Oberly
                                                                   53 W Jackson Blvd Ste 1734

4

Chicago, IL 60604
312−626−1600
Fax: 312−626−1610
Email: sally@wagenmakerlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Miscellaneous Party**

**Noel Perry**                                  represented by   **Paul Z Winters PHV**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *PRO HAC VICE*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Sally R Wagenmaker PHV**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *PRO HAC VICE*
                                                                 *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Purdue University Board of Trustees**          represented by   **James F Olds**
*TERMINATED: 02/14/2023*                                         (See above for address)
                                                                 *TERMINATED: 02/14/2023*

                                                                 **Tyler L Jones**
                                                                 (See above for address)
                                                                 *TERMINATED: 04/12/2023*

                                                                 **William P Kealey**
                                                                 (See above for address)
                                                                 *TERMINATED: 02/14/2023*

V.

**Counter Defendant**

**John Doe**                                     represented by   **Andrew T Miltenberg PHV**
*TERMINATED: 02/14/2023*                                         (See above for address)
                                                                 *TERMINATED: 07/05/2023*
                                                                 *PRO HAC VICE*

                                                                 **Damon M Cheronis**
                                                                 (See above for address)
                                                                 *TERMINATED: 02/14/2023*

                                                                 **Paul E Luka**
                                                                 (See above for address)
                                                                 *TERMINATED: 02/14/2023*

**Philip A Byler PHV**
(See above for address)
*TERMINATED: 02/14/2023*
*PRO HAC VICE*

**Roberto (Alex) Alejandro Mendoza**
(See above for address)
*TERMINATED: 02/14/2023*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/24/2017 | 1 | COMPLAINT with JURY DEMAND against All Defendants ( Filing fee $ 400 receipt number 0755−3152420.), filed by John Doe. (Attachments: # 1 Civil Cover Sheet Cover Sheet, # 2 Proposed Summons, # 3 Proposed Summons, # 4 Proposed Summons, # 5 Proposed Summons, # 6 Proposed Summons, # 7 Proposed Summons, # 8 Proposed Summons)(Mendoza, Roberto) (Entered: 01/24/2017) |
| 01/24/2017 | 2 | MOTION To Proceed Under Pseudonym and for Protective Order re 1 Complaint, by Plaintiff John Doe. (Attachments: # 1 Affidavit)(Mendoza, Roberto) (Entered: 01/24/2017) |
| 01/24/2017 | 3 | MEMORANDUM in Support of 2 MOTION To Proceed Under Pseudonym and for Protective Order re 1 Complaint, filed by John Doe. (Mendoza, Roberto) (Entered: 01/24/2017) |
| 01/25/2017 | | Judge Jon E DeGuilio and Magistrate Judge Paul R Cherry added. **NEW CASE, MOTION PENDING** (nae) (Entered: 01/25/2017) |
| 01/25/2017 | 4 | Summons Issued as to Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. **NOTE:The attached document is accessible by court personnel only. Summons forms that were electronically submitted to the court for issuance will be returned to counsel via e−mail.** (Attachments: # 1 Oliver Summons, # 2 Amberger Summons, # 3 Sermersheim Summons, # 4 Daniels Summons, # 5 Purdue Summons, # 6 Board of Trustees Summons)(nae) (Entered: 01/25/2017) |
| 01/27/2017 | 5 | Application for Attorney Andrew Todd Miltenberg to Appear Pro Hac Vice on behalf of Plaintiff−John Doe. Pro Hac Vice fee of $ 96 has been received, receipt number 0755−3155535(Pro Hac Vice Temporary login, ) (Entered: 01/27/2017) |
| 01/30/2017 | 6 | Application for Attorney Philip A. Byler to Appear Pro Hac Vice on behalf of Plaintiff−John Doe. Pro Hac Vice fee of $ 96 has been received, receipt number 0755−3156408(Pro Hac Vice Temporary login, ) (Additional attachment(s) added on 2/21/2017: # 1 Supplement SCOTUS Certificate) (mtr). (Entered: 01/30/2017) |
| 01/30/2017 | 7 | ORDER granting 5 Application to Appear Pro Hac Vice of Attorney Andrew T Miltenberg PHV for John Doe. Signed by Magistrate Judge Paul R Cherry on 1/30/17. (mtr) (Entered: 01/30/2017) |
| 02/13/2017 | 8 | NOTICE of Appearance by William P Kealey on behalf of Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim (Kealey, William) (Entered: 02/13/2017) |

| 02/13/2017 | 9 | NOTICE of Appearance by James F Olds on behalf of Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim (Olds, James) (Entered: 02/13/2017) |
|---|---|---|
| 02/15/2017 | 10 | ORDER: Each party and each attorney in this case shall take reasonable steps to preserve electronically stored information (ESI) that is relevant to any claim or defense in this case, whether or not the information is admissible at trial. This requirement relates back to the point in time when the party or attorney reasonably anticipated litigation about these matters. Text entry order. By Magistrate Judge Paul R Cherry on 2/15/2017. (smb) (Entered: 02/15/2017) |
| 02/15/2017 | 11 | MINUTE ORDER taking under advisement 2 Motion to Proceed Under Pseudonym and for Protective Order. Reply to be filed by 3/13/2017. Response to be filed by 3/6/2017. Text entry order. By Magistrate Judge Paul R Cherry on 2/15/2017. (smb) (Entered: 02/15/2017) |
| 02/15/2017 | 12 | AGREED NOTICE to extend time to file answer filed by Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim ; answer due by 3/31/17. (Kealey, William) (Entered: 02/15/2017) |
| 02/22/2017 | 13 | ORDER & NOTICE OF HEARING: Telephonic Rule 16 Preliminary Pretrial Conference set for 4/6/2017 09:15 AM Central before Magistrate Judge Paul R Cherry w/the Court initiating the conference. Proposed joint discovery plan in accordance with FRCP 26(f) due by 3/31/2017. Signed by Magistrate Judge Paul R Cherry on 2/22/2017. (smb) (Additional attachment(s) added on 3/17/2017: # 1 Amended Notice) (smb). (Entered: 02/22/2017) |
| 02/22/2017 | 14 | MAGISTRATE JUDGE CONSENT FORMS sent to all parties (Standard Track).. (smb) (Entered: 02/22/2017) |
| 02/22/2017 | 15 | ORDER granting 6 Application to Appear Pro Hac Vice of Attorney Philip A Byler PHV for John Doe. Signed by Magistrate Judge Paul R Cherry on 2/22/2017. (mtr) (Entered: 02/22/2017) |
| 02/23/2017 | | Reset Deadlines per 12 . Answer due by 3/31/2017. (nal) (Entered: 02/23/2017) |
| 03/02/2017 | 16 | RESPONSE to Motion re 2 MOTION To Proceed Under Pseudonym and for Protective Order re 1 Complaint, filed by Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Attachments: # 1 Exhibit A − Indianapolis Star Story)(Kealey, William) (Entered: 03/02/2017) |
| 03/06/2017 | 17 | REPLY to Response to Motion re 2 MOTION To Proceed Under Pseudonym and for Protective Order re 1 Complaint, filed by John Doe. (Mendoza, Roberto) (Entered: 03/06/2017) |
| 03/31/2017 | 18 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 03/31/2017) |
| 03/31/2017 | 19 | BRIEF in Support of 18 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Katherine Sermersheim, Purdue University Board of Trustees, Erin Oliver, Purdue University, Jacob Amberger, Mitchell Elias Daniels, Jr., Alysa |

| | | Christmas Rollock. (Kealey, William) (Entered: 03/31/2017) |
|---|---|---|
| 03/31/2017 | 20 | REPORT of Rule 26(f) Planning Meeting. (Mendoza, Roberto) (Entered: 03/31/2017) |
| 04/05/2017 | 21 | MINUTE ORDER VACATING Telephonic Preliminary R16B Conference on 4/6/2017 @9:15 Am Central before Magistrate Paul R. Cherry pending ruling on 18 MOTION to Dismiss. Text entry order. By Magistrate Judge Paul R Cherry on 4/5/2017. (smb) (Entered: 04/05/2017) |
| 04/05/2017 | 22 | NOTICE of Appearance by Paul E Luka on behalf of All Plaintiffs (Luka, Paul) (Entered: 04/05/2017) |
| 04/11/2017 | 23 | First MOTION for Extension of Time to File Response/Reply as to 18 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *(Joint Motion)* by Plaintiff John Doe. (Mendoza, Roberto) (Entered: 04/11/2017) |
| 04/12/2017 | 24 | AMENDED MINUTE ORDER granting 23 Motion for Extension of Time finding good cause shown. Plaintiffs response to the Motion to Dismiss 18 is extended to 06/09/2017, and the deadline for Defendants reply is extended to 6/23/2017. Any further request to extend these deadlines will be viewed with disfavor. Text entry order. By Magistrate Judge Paul R Cherry on 4/12/2017. (smb) Modified on 4/13/2017 to show amended text/ddl. (smb). (Entered: 04/12/2017) |
| 04/13/2017 | | Correct Deadlines: Response to be filed by 6/9/2017 to 18 MOTION to Dismiss.Reply to be filed by 6/23/2017. (smb) (Entered: 04/13/2017) |
| 05/01/2017 | 25 | ORDER REASSIGNING CASE. Case reassigned to Senior Judge James T Moody for all further proceedings. Judge Jon E DeGuilio no longer assigned to case. Magistrate Consent forms due by 5/22/2017. Signed by Chief Judge Theresa L Springmann on 5/1/2017. (rmc) (Entered: 05/01/2017) |
| 05/31/2017 | 26 | **Incorrect document filed − correct document attached** OPINION AND ORDER granting 2 MOTION To Proceed Under Pseudonym and for Protective Order. The Court ORDERS that the parties use the pseudonym John Doe for Plaintiff and the pseudonym Jane Doe to refer to the female complainant in the underlying disciplinary proceeding. The Court further ORDERS Defendants to refrain from revealing Plaintiffs identity. Signed by Magistrate Judge Paul R Cherry on 5/31/17. (nal) (Additional attachment: # 1 Opinion and Order) . (nal) (Entered: 05/31/2017) |
| 06/01/2017 | 27 | NOTICE OF REASSIGNMENT OF CASE TO MAGISTRATE JUDGE: The parties having consented pursuant to 28 U.S.C. Section 636(c), this case is referred to Magistrate Judge Paul R Cherry for all purposes and is reassigned pursuant to General Order 2007−10 from Magistrate Judge Paul R Cherry and Senior Judge James T Moody to Magistrate Judge Paul R Cherry. (kjp) (Entered: 06/01/2017) |
| 06/09/2017 | 28 | RESPONSE to Motion re 18 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by John Doe. (Mendoza, Roberto) (Entered: 06/09/2017) |
| 06/23/2017 | 29 | REPLY to Response to Motion re 18 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 06/23/2017) |
| 09/15/2017 | 30 | NOTICE by John Doe re 28 Response to Motion *(Supplemental Authority)* (Mendoza, Roberto) (Entered: 09/15/2017) |

| 11/15/2017 | 31 | OPINION AND ORDER: The Court hereby GRANTS Defendants' 18 Motion to Dismiss for Plaintiff's Complaint as to all counts. The Court (1) dismisses without prejudice the claims for injunctive relief in Counts I and II; (2) dismisses without prejudice the state law contract claims in Counts III and IV; (3) dismisses without prejudice all § 1983 claims against Defendants Purdue University, the Purdue University Board of Trustees, and the individual defendants in their official capacities; (4) dismisses with prejudice all claims against Defendant Daniels in his individual capacity; (5) dismisses with prejudice the § 1983 damages claims against the individual defendants in their individual capacities for failure to state a claim; and (6) dismisses with prejudice the Title IX claims in Count II for failure to state a claim. Signed by Magistrate Judge Paul R Cherry on 11/15/2017. (jss) (Entered: 11/15/2017) |
| --- | --- | --- |
| 11/15/2017 | 32 | CLERK'S ENTRY OF JUDGMENT. (jss) (Entered: 11/15/2017) |
| 11/15/2017 | | ***Deadlines/Hearings terminated. (Answer deadlines termed) (mlc) (Entered: 11/17/2017) |
| 12/15/2017 | 33 | NOTICE of Appearance by Damon M Cheronis on behalf of John Doe (Cheronis, Damon) (Entered: 12/15/2017) |
| 12/15/2017 | 34 | NOTICE OF APPEAL, filed by Plaintiff John Doe. Filing fee $ 505, receipt number 0755−3436272. (Cheronis, Damon) (Entered: 12/15/2017) |
| 12/18/2017 | 35 | Short Record Sent to US Court of Appeals re 34 Notice of Appeal. Appeal filing fees paid in the amount of $505 − Receipt #0755−3436272. (nal) (Entered: 12/18/2017) |
| 12/18/2017 | 36 | USCA Case Number 17−3565 for 34 Notice of Appeal filed by John Doe. (jss) (Entered: 12/19/2017) |
| 12/22/2017 | 37 | Docketing Statement re: 34 Notice of Appeal filed by John Doe. (Cheronis, Damon) (Entered: 12/22/2017) |
| 07/08/2019 | 38 | NOTICE of Appearance by Tyler L Jones on behalf of Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim (Jones, Tyler) (Entered: 07/08/2019) |
| 07/22/2019 | 39 | MANDATE of USCA as to 37 Docketing Statement, 35 Short Record Sent to USCA, 34 Notice of Appeal filed by John Doe, 36 USCA Case Number. The USCA REVERSES the judgment of the district court, with costs, and the case is REMANDED for proceedings consistent with this opinion. (rmf) (Entered: 07/24/2019) |
| 07/24/2019 | | Magistrate Judge Joshua P Kolar added pursuant to General Order 2019−1. Magistrate Judge Paul R Cherry no longer assigned to case. (tc) (Entered: 07/24/2019) |
| 07/24/2019 | 40 | ORDER REGARDING CONTINUED EXERCISE OF JURISDICTION BY UNITED STATES MAGISTRATE JUDGE: The Court SETS this case for a telephonic status conference on September 5, 2019, at 9:30 a.m. (C.S.T.). If the parties do not intend to object to the continued exercise of jurisdiction by the undersigned, they may jointly notify the Court of this at any time before the thirty−day deadline to object has passed. In the event of such a joint notification, the parties may also request an earlier telephonic status conference. Signed by Magistrate Judge Joshua P Kolar on 7/24/19. (ksp) (Entered: 07/25/2019) |

| 08/01/2019 | 41 | NOTICE OF REASSIGNMENT OF CASE TO MAGISTRATE JUDGE: The parties having consented pursuant to 28 U.S.C. Section 636(c), this case is referred to Magistrate Judge Joshua P Kolar. (kjp) (Entered: 08/01/2019) |
| --- | --- | --- |
| 08/02/2019 | 42 | AGREED NOTICE to extend time to file answer filed by Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim ; answer due by September 3, 2019. (Kealey, William) (Entered: 08/02/2019) |
| 08/13/2019 | 43 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 08/13/2019) |
| 08/13/2019 | 44 | BRIEF in Support of 43 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Katherine Sermersheim, Purdue University Board of Trustees, Erin Oliver, Purdue University, Jacob Amberger, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock. (Kealey, William) (Entered: 08/13/2019) |
| 08/15/2019 | 45 | MOTION Issuance of a Subpoena by Defendants Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Kealey, William) (Entered: 08/15/2019) |
| 08/15/2019 | 46 | CERTIFICATE *Pursuant to N.D. Ind. L.R. 37−1*. (Kealey, William) (Entered: 08/15/2019) |
| 08/19/2019 | 47 | MINUTE ORDER: Per Local Rule 7−1(d)(3), Plaintiff has until August 29, 2019 to respond to Defendants' 45 Verified Motion for an Issuance of a Subpoena. On or before September 5, 2019 (the date by which a reply brief would be due should Plaintiff file a response on August 29, 2019), both parties are ORDERED to indicate whether they have any reason to believe that the United States Navy, Naval Reserve Officer Training Corps, and/or Purdue Naval Reserve Officer Training Corps objects to the issuance of the subpoena requested in Defendants' Verified Motion for an Issuance of a Subpoena so that the presiding judge can determine whether there are grounds for recusal based upon his service in the United States Navy Reserves. Signed by Magistrate Judge Joshua P Kolar on 8/19/2019. (tc) (Entered: 08/19/2019) |
| 08/20/2019 | 48 | Consent MOTION for Extension of Time to File Response/Reply as to 45 MOTION Issuance of a Subpoena , 43 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Plaintiff John Doe. (Byler PHV, Philip) (Entered: 08/20/2019) |
| 08/21/2019 | 49 | ORDER: The Court, finding good cause shown and noting Defendants do not object, GRANTS 48 Unopposed Motion for Extension of Time to Respond to Defendants' Motion to Dismiss and Verified Motion for Issuance of a Subpoena. Plaintiff's time to respond to Defendants' 43 Motion to Dismiss is EXTENDED to 9/3/2019. Plaintiff's time to respond to Defendants' 45 Verified Motion for Issuance of a Subpoena is EXTENDED to 9/3/2019. On or before September 10, 2019 (the date by which a reply brief would be due should Plaintiff file a response to the 45 Verified Motion for Issuance of a Subpoena on September 3, 2019), both parties are ORDERED to indicate whether they have any reason to believe that the United States Navy, Naval Reserve Officer Training Corps, and/or Purdue Naval Reserve Officer Training Corps objects to the issuance of the subpoena requested in Defendants' Verified Motion for an Issuance of a Subpoena so that the presiding judge can |

| | | |
|---|---|---|
| | | determine whether there are grounds for recusal based upon his service in the United States Navy Reserves. Approved by Magistrate Judge Joshua P Kolar on 8/21/2019. Text entry order. (tc) (Entered: 08/21/2019) |
| 08/26/2019 | 50 | NOTICE by Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim re 49 Order on Motion for Extension of Time to File Response/Reply, 45 MOTION Issuance of a Subpoena (Attachments: # 1 Exhibit A − Email Consent dated 8−23−19)(Jones, Tyler) Modified on 8/27/2019 (shk). (Entered: 08/26/2019) |
| 09/03/2019 | 51 | AMENDED COMPLAINT against Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim, filed by John Doe.(Byler PHV, Philip) (Entered: 09/03/2019) |
| 09/03/2019 | 52 | RESPONSE to Motion re 43 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by John Doe. (Attachments: # 1 Exhibit A−Initial Complaint, # 2 Exhibit B−Doe v. Purdue Seventh Circuit Opinion, # 3 Exhibit C−Amended Complaint, # 4 Exhibit D−Byler July 15, 2019 Letter to Kealey, # 5 Exhibit E−Byler August 15, 2019 Email to Tyler Jones, # 6 Exhibit F−Marked Amended Complaint, # 7 Exhibit G−Plaintiff's Declaration)(Byler PHV, Philip) (Entered: 09/03/2019) |
| 09/03/2019 | 53 | RESPONSE to Motion re 45 MOTION Issuance of a Subpoena filed by John Doe. (Attachments: # 1 Exhibit A−Doe v. Purdue Seventh Circuit Opinion, # 2 Exhibit B−Amended Complaint, # 3 Exhibit C−Doe Declaration, # 4 Exhibit D−Doe's June 23, 2016 Appeal Letter, # 5 Exhibit E−Doe's July 10, 2016 Appeal, # 6 Exhibit F−Doe's Resignation Letter, # 7 Exhibit G−Byler July 15, 2019 Letter to Kealey, # 8 Exhibit H−Byler August 15, 2019 Email to Jones)(Byler PHV, Philip) (Entered: 09/03/2019) |
| 09/04/2019 | 54 | REPLY to Response to Motion re 45 MOTION Issuance of a Subpoena *To The U.S. Navy* filed by Purdue University Board of Trustees. (Kealey, William) (Entered: 09/04/2019) |
| 09/05/2019 | 55 | TELEPHONIC STATUS CONFERENCE held on 9/5/2019, before Magistrate Judge Joshua P Kolar. Pla appeared by atty Philip Byler. Dfts appeared by attys Tyler Jones, William Kealey. Discussion held as to need for discovery deadlines. Parties request a scheduling order be entered. Court to issue discovery deadlines by separate order. (Tape #FTR GOLD.) (tc) (Entered: 09/05/2019) |
| 09/09/2019 | 56 | REPLY to Response to Motion re 43 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Purdue University Board of Trustees. (Kealey, William) (Entered: 09/09/2019) |
| 09/09/2019 | 57 | MINUTE ORDER: Per the Parties' Report of Planning Meeting, the parties estimate that 10 to 20 depositions will be needed per side. The parties agree to reevaluate and discuss the number of depositions based on their initial disclosures made under Rule 26(a)(1). The parties will abide by the limitation of Fed. R. Civ. P. 33(a)(1) with respect to number of interrogatories. The parties propose a maximum of 30 requests for admission by each party to any other party. Responses will be due 30 days after service unless extended by agreement or by order of the Court. Supplementation of disclosures and discovery responses will be governed by Fed. R. Civ. P. 26(e)(1)(A) and will occur quarterly no later than the last business day of the quarter. Fed. R. Civ. P. 26(a)(1) and (a)(2) disclosures shall not be filed with the Court. Initial Disclosures to be exchanged by 10/18/2019. The last date to seek leave of Court to join additional |

| | | |
|---|---|---|
| | | parties or amend pleadings for the Pltf is 12/6/2019; for the Dfts is 12/20/2019. Fact Discovery to be completed by 6/26/2020. Plaintiff expert witness disclosures and reports to be delivered to the defendant by 9/4/2020. Defendants' expert witness disclosures and reports to be delivered to the plaintiff by 10/9/2020. Objections to expert witnesses due by 1/15/2021. Dispositive motions to be filed by 1/15/2021. Approved by Magistrate Judge Joshua P Kolar on 9/9/2019. Text entry order. (tc) (Entered: 09/09/2019) |
| 09/17/2019 | 58 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 09/17/2019) |
| 09/17/2019 | 59 | *Incomplete Document − Refiled at DE 59 * BRIEF in Support of 58 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Katherine Sermersheim, Purdue University Board of Trustees, Erin Oliver, Purdue University, Jacob Amberger, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock. (Kealey, William) Modified on 9/18/2019 to update docket text. (nal) (Entered: 09/17/2019) |
| 09/17/2019 | 60 | BRIEF in Support of 58 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Katherine Sermersheim, Purdue University Board of Trustees, Erin Oliver, Purdue University, Jacob Amberger, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock. (Kealey, William) (Entered: 09/17/2019) |
| 09/19/2019 | 61 | OPINION AND ORDER: The Court hereby GRANTS the Verified Motion for Issuance of a Subpoena 45 . The Court will execute the subpoena attached as Exhibit E to Defendants' motion. A signed copy of the subpoena will be filed at the next docket entry. The Court AUTHORIZES Defendants to issue the signed subpoena to non−parties the Navy, NROTC and Purdue NROTC. Signed by Magistrate Judge Joshua P Kolar on 9/19/2019. (jss) (Entered: 09/20/2019) |
| 09/19/2019 | 62 | SUBPOENA DUCES TECUM (jss) (Entered: 09/20/2019) |
| 10/01/2019 | 63 | RESPONSE to Motion re 58 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by John Doe. (Attachments: # 1 Exhibit A−Seventh Circuit Decision, # 2 Exhibit B−Amended Complaint)(Byler PHV, Philip) (Entered: 10/01/2019) |
| 10/01/2019 | 64 | SUPPLEMENT to 63 Response to Motion *Revised Exhibit A to ECF Docket No. 63* filed by John Doe. (Byler PHV, Philip) (Entered: 10/01/2019) |
| 10/07/2019 | 65 | REPLY to Response to Motion re 58 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 10/07/2019) |
| 10/17/2019 | 66 | MINUTE ORDER: Telephonic Status Conference set for 10/25/2019 09:30 AM in US District Court − Hammond before Magistrate Judge Joshua P Kolar. Court to initiate the call. If a different number than is listed on the docket should be used to reach counsel directly, please contact Judge Kolar's case manager at teresa_castillo@innd.uscourts.gov at least 24 hours in advance. Approved by Magistrate Judge Joshua P Kolar on 10/17/2019. Text entry order. (tc) (Entered: 10/17/2019) |
| 10/25/2019 | 67 | TELEPHONIC STATUS CONFERENCE held on 10/25/2019, before Magistrate Judge Joshua P Kolar. Pla appeared by atty Philip Byler. Dfts appeared by attys Tyler |

| | | |
|---|---|---|
| | | Jones, William Kealey. Discussion held regarding e−mails sent to chambers. The Court reminds the parties of their obligations of the Rules of Civil Procedure and that any request for relief or action from the court should be filed via CM/ECF. The Court will withhold ruling on the Motion to Dismiss for at least 14 days. The parties are ordered to confer with each other to discuss Rule 1. (Tape #FTR GOLD.) (Entered: 10/25/2019) |
| 12/27/2019 | 68 | MOTION for Extension of Time to File Response/Reply *to Plaintiff's First Set of Interrogatories* by Defendants Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 12/27/2019) |
| 12/30/2019 | 69 | ORDER: Court GRANTS 68 Motion for Extension of Time to Respond to Plaintiff John Doe's First Set of Interrogatories. The deadline for Defendants to respond to Plaintiff's First Set of Interrogatories is EXTENDED to 1/27/2020. Approved by Magistrate Judge Joshua P Kolar on 12/30/2019. Text entry order. (tc) (Entered: 12/30/2019) |
| 03/31/2020 | 70 | OPINION AND ORDER: DENYING as moot 43 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. The Court intends to rule on Defendants' Motion to Dismiss Section 1983 Damage Claims, Due Process Claims, and Injunctive Relief Claims 58 in the next 45 days. Signed by Magistrate Judge Joshua P Kolar on 3/31/2020. (lhc) (Entered: 03/31/2020) |
| 05/01/2020 | 71 | MOTION for Protective Order by Defendants Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 05/01/2020) |
| 05/04/2020 | 72 | WITHDRAWN RE 90 MINUTE ORDER: MOTION to Compel by Plaintiff John Doe. (Attachments: # 1 MOL in Support, # 2 Declaration of Philip Byler, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L)(Byler PHV, Philip) Modified on 6/3/2020 (tc). (Entered: 05/04/2020) |
| 05/04/2020 | 73 | AGREED PROTECTIVE ORDER, GRANTING 71 MOTION for Protective Order by Defendants Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. Signed by Magistrate Judge Joshua P Kolar on 5/4/2020. (lhc) (Entered: 05/05/2020) |
| 05/14/2020 | 74 | NOTICE by John Doe *to Magistrate Judge Kolar* (Byler PHV, Philip) (Entered: 05/14/2020) |
| 05/15/2020 | 75 | MINUTE ORDER: Telephonic Status Conference set for 5/19/2020 03:00 PM in US District Court − Hammond before Magistrate Judge Joshua P Kolar. Parties are instructed to dial 877−336−1280 and enter access code 3293676# when prompted. Approved by Magistrate Judge Joshua P Kolar on 5/15/2020. Text entry order. (tc) (Entered: 05/15/2020) |
| 05/18/2020 | 76 | NOTICE by John Doe re 74 Notice (Other) *to Magistrate Judge Kolar* (Byler PHV, Philip) (Entered: 05/18/2020) |
| 05/18/2020 | 77 | RESPONSE to Motion re 72 MOTION to Compel filed by Mitchell Elias Daniels, Jr., Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine |

| | | |
|---|---|---|
| | | Sermersheim. (Kealey, William) (Entered: 05/18/2020) |
| 05/19/2020 | 78 | STATUS REPORT by Mitchell Elias Daniels, Jr., Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Attachments: # 1 Exhibit A)(Kealey, William) (Entered: 05/19/2020) |
| 05/19/2020 | 79 | NOTICE by John Doe re 78 Status Report (Byler PHV, Philip) (Entered: 05/19/2020) |
| 05/19/2020 | 80 | WITHDRAWN RE 90 MINUTE ORDER: MOTION to Compel by Defendants Mitchell Elias Daniels, Jr., Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) Modified on 6/3/2020 (tc). (Entered: 05/19/2020) |
| 05/19/2020 | 81 | BRIEF in Support of 80 MOTION to Compel filed by Katherine Sermersheim, Mitchell Elias Daniels, Jr., Purdue University Board of Trustees, Alysa Christmas Rollock. (Attachments: # 1 Appendix Index to Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I)(Kealey, William) (Entered: 05/19/2020) |
| 05/19/2020 | 82 | NOTICE by Mitchell Elias Daniels, Jr., Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim re 80 MOTION to Compel *Certification* (Kealey, William) (Entered: 05/19/2020) |
| 05/19/2020 | 83 | TELEPHONIC STATUS CONFERENCE held on 5/19/2020 before Magistrate Judge Joshua P Kolar. Plaintiff appeared by atty Philip Byler. Defendants appeared by atty William Kealey and atty Tyler Jones. The Court addresses plaintiff's belatedly−raised issues regarding depositions. The Court determines that the depositions will go forward to on agreed dates. The Court orders the parties to engage in conversation for modification to the discovery schedule and for all outstanding discovery disputes. (Proceeding recorded via AT&T Host − Kolar) (efc) (Entered: 05/19/2020) |
| 05/19/2020 | 84 | OPINION AND ORDER granting in part and denying in part 58 MOTION to Dismiss Section 1983 Damage Claims, Due Process Claims, and Injunctive Relief Claims filed by Defendants Purdue University Board of Trustees, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock and Katherine Sermersheim, as outlined in the Order. Signed by Magistrate Judge Joshua P Kolar on 5/19/20. (efc) (Entered: 05/19/2020) |
| 05/22/2020 | 85 | AGREED NOTICE to extend time to file answer filed by Mitchell Elias Daniels, Jr., Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim ; answer due by June 30, 2020. (Kealey, William) (Entered: 05/22/2020) |
| 05/22/2020 | 86 | *Joint Motion to Modify Case Management Plan* by Mitchell Elias Daniels, Jr., Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim (Kealey, William) Modified on 5/26/2020 to reflect document is a motion (tc). (Entered: 05/22/2020) |
| 05/26/2020 | 87 | RESPONSE to Motion re 72 MOTION to Compel filed by John Doe. (Attachments: # 1 Supplement Byler Reply Declaration)(Byler PHV, Philip) (Entered: 05/26/2020) |
| 05/26/2020 | | Reset Deadlines per DE 85 Mitchell Elias Daniels, Jr., Purdue University Board of Trustee, Alysa Christmas Rollock and Katherine Sermersheim answer due 6/30/2020. (nal) (Entered: 05/26/2020) |

| | | |
|---|---|---|
| 05/26/2020 | 88 | ORDER: The Court, finding good cause shown and noting the agreement of the parties, GRANTS 86 Joint Motion to Modify Case Management Plan. The fact discovery deadline is EXTENDED to 9/30/2020. Plaintiff's expert witness disclosures and reports to be delivered to Defendants by 12/11/2020. Defendants' expert witness disclosures and reports to be delivered to Plaintiff by 1/29/2021. Objections to expert witnesses due by 4/30/2021. Dispositive motions to be filed by 4/30/2021. Approved by Magistrate Judge Joshua P Kolar on 5/26/2020. Text entry order. (tc) (Entered: 05/26/2020) |
| 06/02/2020 | 89 | *Joint* STIPULATION re 72 MOTION to Compel by Defendants Mitchell Elias Daniels, Jr., Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 06/02/2020) |
| 06/03/2020 | 90 | ORDER: Noting the agreement of the parties, the Court GRANTS the relief implied in the parties' 89 Joint Stipulation on Pending Motions to Compel. Accordingly, Plaintiff's 72 Notice of Motion to Compel and Associated Relief and Defendants' 80 Motion to Compel are WITHDRAWN. Approved by Magistrate Judge Joshua P Kolar on 6/3/2020. Text entry order. (tc) (Entered: 06/03/2020) |
| 06/30/2020 | 91 | ANSWER to 51 Amended Complaint , COUNTERCLAIM against John Doe by Katherine Sermersheim, Mitchell Elias Daniels, Jr., Purdue University Board of Trustees, Purdue University, Alysa Christmas Rollock.(Kealey, William) (Entered: 06/30/2020) |
| 07/17/2020 | 92 | MOTION for Sanctions *for Failure to Comply with Discovery Order* by Defendants Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Jones, Tyler) (Entered: 07/17/2020) |
| 07/17/2020 | 93 | BRIEF in Support of 92 MOTION for Sanctions *for Failure to Comply with Discovery Order* filed by Katherine Sermersheim, Purdue University Board of Trustees, Purdue University, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock. (Attachments: # 1 Index to Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M)(Jones, Tyler) (Entered: 07/17/2020) |
| 07/17/2020 | 94 | CERTIFICATE *Regarding Defendants' Motion for Sanctions*. (Jones, Tyler) (Entered: 07/17/2020) |
| 07/29/2020 | 95 | MOTION for Extension of Time to File Response/Reply by Plaintiff John Doe. (Attachments: # 1 Affidavit)(Byler PHV, Philip) (Entered: 07/29/2020) |
| 07/29/2020 | 96 | REPLY by John Doe to 91 Answer to Amended Complaint, Counterclaim . (Byler PHV, Philip) (Entered: 07/29/2020) |
| 07/30/2020 | 97 | ORDER: The Court, noting Defendants do not object, GRANTS 95 Plaintiff John Doe's Consented to Local Rule 6.1 Motion. The Court ACCEPTS [DE 96] Plaintiff John Doe's Reply to Counterclaim as timely filed. Approved by Magistrate Judge Joshua P Kolar on 7/30/2020. Text entry order. (tc) (Entered: 07/30/2020) |
| 07/31/2020 | 98 | RESPONSE to Motion re 92 MOTION for Sanctions *for Failure to Comply with Discovery Order* filed by John Doe. (Attachments: # 1 Plaintiff John Doe's Memorandum of Law in Opposition to Defendants' Motion for Sanctions, # 2 Affidavit Declaration of Plaintiff's Counsel Philip A. Byler, # 3 Affidavit Declaration |

| | | |
|---|---|---|
| | | of Plaintiff John Doe, # 4 Exhibit List of Plaintiff John Doe's Motion Exhibits, # 5 Exhibit Plaintiff's Verified Responses to Defendants' First Set of Interrogatories, # 6 Exhibit Plaintiff Signed Eight Medical Authorizations, # 7 Exhibit Plaintiff Counsel E−Mail Producing Medical Records from Plaintiff Files)(Byler PHV, Philip) (Entered: 07/31/2020) |
| 08/07/2020 | 99 | REPLY by Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees to 98 Response to Motion,, 92 MOTION for Sanctions *for Failure to Comply with Discovery Order* . (Attachments: # 1 Exhibit N)(Jones, Tyler) (Entered: 08/07/2020) |
| 08/11/2020 | 100 | MINUTE ORDER: Telephonic Status Conference set for 9/24/2020 10:30 AM in US District Court − Hammond before Magistrate Judge Joshua P Kolar re 92 Motion for Sanctions for Failure to Comply With Discovery Order. Parties are instructed to dial 877−336−1280 and enter access code 3293676# when prompted. Approved by Magistrate Judge Joshua P Kolar on 8/11/2020. Text entry order. (tc) (Entered: 08/11/2020) |
| 08/14/2020 | 101 | MOTION for Leave to File Sur−reply to Address Defendants' Misrepresentations Concerning the Testimony and Exhibits of the Navy Depositions That Were Not Subject of the Moving Papers For or Opposition to Defendants' 92 MOTION for Sanctions *for Failure to Comply with Discovery Order* filed by John Doe. (Attachments: # 1 Supplement Memorandum of Law, # 2 Exhibit Deposition Transcript of Commanding Officer Rodney Hutton, # 3 Exhibit Ex. A to Hutton Deposition (NSTC 168−195) June 14, 2016 Preliminary Inquiry, # 4 Exhibit Ex. D to Hutton Deposition (NSTC 0055−0060) Scholarship Papers for Plaintiff John Doe, # 5 Exhibit Ex. H to Hutton Deposition (NSTC 0001−004) August 2020 ROTC Appointment Termination and Disenrollment Authorization, # 6 Exhibit Ex. G to the Hutton deposition (NSTC 00111−0012) August 10, 2020 Performance Review Board document, # 7 Exhibit Deposition Transcript of Executive Officer Craig Remaly, # 8 Exhibit Ex. D to the Remaly deposition (NSTC 0140−0142) E−mail by Staff Lieutenant Willstatter, # 9 Exhibit Deposition Transcript of Staff Lieutenant Kyle Willstatter, # 10 Exhibit Deposition Transcript of Staff Lieutenant Kyle Willstatter, # 11 Exhibit Deposition Transcript of Staff Lieutenant Megan Redlawsk Chester, # 12 Exhibit Deposition Transcript of Staff Lieutenant Adam Sheppard)(Byler PHV, Philip) Modified on 8/17/2020 to reflect document is a motion(tc). (Entered: 08/14/2020) |
| 08/14/2020 | 102 | ORDER: Plaintiff John Doe is ORDERED to file redacted versions of the documents filed at DE 98 by 8/21/2020. Counsel is REMINDED to file only documents, including exhibits, that comply with the Court's May 31, 2017 order and ADVISES counsel that future filings containing Plaintiff's true name will be stricken. Signed by Magistrate Judge Joshua P Kolar on 8/14/2020. (mrm) (Entered: 08/14/2020) |
| 08/17/2020 | 103 | RESPONSE to Motion re 92 MOTION for Sanctions *for Failure to Comply with Discovery Order* filed by Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 08/17/2020) |
| 08/20/2020 | 104 | ORDER: The Court, noting Defendants do not object, GRANTS 101 Motion for Leave to File Sur−Reply to Address Defendants' Misrepresentations Concerning the Testimony and Exhibits of the Navy Depositions That Were Not the Subject of the Moving Papers for or Opposition to Defendants' Sanctions Motion. Plaintiff is ordered to file his sur−reply upon receipt of this order. Approved by Magistrate Judge |

| | | |
|---|---|---|
| | | Joshua P Kolar on 8/20/2020. Text entry order. (tc) (Entered: 08/20/2020) |
| 08/21/2020 | 105 | STATEMENT *of Compliance*. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Byler PHV, Philip) (Entered: 08/21/2020) |
| 08/21/2020 | 106 | REPLY to Response to Motion re 92 MOTION for Sanctions *for Failure to Comply with Discovery Order* filed by John Doe. (Attachments: # 1 Exhibit Deposition Transcript of Commanding Officer Rodney Hutton, # 2 Exhibit Ex. A to Hutton Deposition (NSTC 168−195) June 14, 2016 Preliminary Inquiry, # 3 Exhibit Ex. D to Hutton Deposition (NSTC 0055−0060) Scholarship Papers for Plaintiff John Doe, # 4 Exhibit Ex. D to Hutton Deposition (NSTC 0055−0060) Scholarship Papers for Plaintiff John Doe, # 5 Exhibit Ex. G to the Hutton deposition (NSTC 00111−0012) August 10, 2020 Performance Review Board document, # 6 Exhibit Deposition Transcript of Executive Officer Craig Remaly, # 7 Exhibit Ex. D to the Remaly deposition (NSTC 0140−0142) E−mail by Staff Lieutenant Willstatter, # 8 Exhibit Deposition Transcript of Staff Lieutenant Kyle Willstatter, # 9 Exhibit Ex. 6 to Willstatter Deposition (NSTC 0018−0019) Appointment of Performance Review Boards, # 10 Exhibit Deposition Transcript of Staff Lieutenant Megan Redlawsk Chester, # 11 Exhibit Deposition Transcript of Staff Lieutenant Adam Sheppard)(Byler PHV, Philip) (Entered: 08/21/2020) |
| 08/25/2020 | 107 | NOTICE of Plaintiff's Deposition Testimony, by Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim re 92 MOTION for Sanctions *for Failure to Comply with Discovery Order* (Attachments: # 1 Exhibit A − Excerpt of Plaintiff's Deposition Testimony)(Jones, Tyler) Modified on 8/26/2020 (shk). (Entered: 08/25/2020) |
| 09/01/2020 | 108 | RESPONSE of Plaintiff John Doe to Defendants' Submission of Deposition Testimony in Purported Further Support of Defendants' Sanctions Motion by John Doe to 107 Notice (Other), . (Byler PHV, Philip) (Entered: 09/01/2020) |
| 09/11/2020 | 109 | NOTICE by John Doe *Per Local Rule 6−1(b) For An Automatic Initial Extension* (Byler PHV, Philip) (Entered: 09/11/2020) |
| 09/11/2020 | 110 | MOTION for Protective Order *Regarding Daniels Deposition* by Defendants Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim, Counter Claimant Purdue University Board of Trustees. (Attachments: # 1 Exhibit A − Notice of Zoom Conference Deposition, # 2 Exhibit B − NROTC Notice of Interim Leave of Absence)(Kealey, William) (Entered: 09/11/2020) |
| 09/11/2020 | 111 | CERTIFICATE *Rule 37−1(a) Certification Regarding Defendants' Motion for Entry of Protective Order*. (Attachments: # 1 Exhibit A − Correspondence of 9/4/20, # 2 Exhibit B − Email of 9/8/20, # 3 Exhibit C − Correspondence dated 9/10/20)(Kealey, William) (Entered: 09/11/2020) |
| 09/14/2020 | 112 | MINUTE ORDER: The Court notes that Defendants' [DE 110] Motion for Protective Order Regarding Daniels Deposition will not be fully briefed, assuming the briefing deadlines set forth in the Local Rules, prior to the scheduled deposition, much less ruled upon prior to that date. The Court ORDERS that, absent an agreement of the parties, no deposition of Defendant Mitchell Elias Daniels is to take place until the Court rules on Defendants' pending motion. The parties shall meet and confer as to whether an extension of discovery deadlines are necessary, and may propose additional discovery deadlines upon the Court's ruling on Defendants' [DE 110] Motion for Protective Order Regarding Daniels Deposition. Approved by Magistrate |

| | | Judge Joshua P Kolar on 9/14/2020. Text entry order. (tc) (Entered: 09/14/2020) |
|---|---|---|
| 09/22/2020 | 113 | Application for Attorney Paul Zachary Winters to Appear Pro Hac Vice on behalf of Family Concern Counseling / Noel Perry (non parties). Pro Hac Vice fee of $ 96 has been received, receipt number 0755−4349254(Pro Hac Vice Temporary login, ) (Entered: 09/22/2020) |
| 09/22/2020 | 114 | ORDER granting 113 Application to Appear Pro Hac Vice of Attorney Paul Z Winters PHV for Family Concern Counseling and Noel Perry. Signed by Magistrate Judge Joshua P Kolar on 9/22/2020. (ace) (Entered: 09/22/2020) |
| 09/23/2020 | 115 | First MOTION to Quash *Subpoena to Mr. Noel Perry* by Miscellaneous Parties Family Concern Counseling, Noel Perry. (Attachments: # 1 Exhibit Exhibit A − Subpoena, # 2 Exhibit Exhibit B − Letter to Attorney William Kealey−Redacted, # 3 Exhibit Exhibit C − Letter from Attorney Philip Byler)(Winters PHV, Paul) (Entered: 09/23/2020) |
| 09/24/2020 | 116 | MEMORANDUM OF LAW re 110 MOTION for Protective Order *Regarding Daniels Deposition Opposition to Defendants' Motion for a Protective Order Against the Noticed Deposition of Defendant Mitchell Elias Daniels, Jr.* by John Doe. (Byler PHV, Philip) (Entered: 09/24/2020) |
| 09/24/2020 | 117 | TELEPHONIC STATUS CONFERENCE held on 9/24/2020, before Magistrate Judge Joshua P Kolar. Court addresses recent sealing of DE's 101 and 106 . Plaintiff ORDERED to review filings to ensure the true names of John Doe and Jane Doe are properly redacted. Plaintiff further ORDERED to file report regarding redactions issue by 10/5/2020. Discussion held as to Defendants' [DE 92] Motion for Sanctions for Failure to Comply with Discovery Order. The Court DENIES without prejudice [DE 92] Motion for Sanctions for Failure to Comply with Discovery Order. The Court ORDERS Plaintiff to provide Snapchat data to Defendants consistent with the [DE 89] Joint Stipulation of Pending Motions to Compel. Discussion held as to privilege issue concerning medical records, as raised in briefing on [DE 92] Motion for Sanctions for Failure to Comply with Discovery Order. The Court SETS the deadline for Plaintiff to assert any privilege over medical records sought by Defendants to 10/5/2020. Plaintiff ORDERED to include privilege log with any such assertion. The Court ORDERS parties to meet and confer regarding how case is to proceed to the end of discovery. (Tape #ATT HOST − Kolar.) (tc) (Entered: 09/24/2020) |
| 09/24/2020 | | Telephonic Status Conference terminated. (mlc) (Entered: 10/01/2020) |
| 09/28/2020 | 118 | Application for Attorney Sally R. Wagenmaker to Appear Pro Hac Vice on behalf of Family Concern Counseling, Mr. Noel Perry (both non−parties). Pro Hac Vice fee of $ 96 has been received, receipt number 0755−4355142(Pro Hac Vice Temporary login, ) (Entered: 09/28/2020) |
| 09/29/2020 | 119 | ORDER granting 118 Application to Appear Pro Hac Vice of Attorney Sally R Wagenmaker PHV for Family Concern Counseling and Noel Perry. Signed by Magistrate Judge Joshua P Kolar on 9/29/2020. (ace) (Entered: 09/29/2020) |
| 09/29/2020 | 120 | Joint MOTION Modify Case Management Plan re 88 Order on Motion for Extension of Time to Complete Discovery,, *by Defendants The Trustees of Purdue University, et al. (Kealey, William P.)* by Plaintiff John Doe. (Byler PHV, Philip) (Entered: 09/29/2020) |

| 09/30/2020 | 121 | ORDER: The Court, noting the agreement of the parties, GRANTS 120 Joint Motion to Modify Case Management Plan. The fact discovery deadline is EXTENDED to 10/30/2020. Approved by Magistrate Judge Joshua P Kolar on 9/30/2020. Text entry order. (tc) (Entered: 09/30/2020) |
|---|---|---|
| 10/01/2020 | 122 | REPLY to Response to Motion re 110 MOTION for Protective Order *Regarding Daniels Deposition* filed by Mitchell Elias Daniels, Jr., Purdue University Board of Trustees. (Kealey, William) (Entered: 10/01/2020) |
| 10/05/2020 | 123 | REPORT by John Doe *in Compliance with the Court's September 24, 2020 Order on Redactions in ECF 101 and ECF 106*. (Byler PHV, Philip) (Entered: 10/05/2020) |
| 10/05/2020 | 124 | STATEMENT *by John Doe on Assertion of Privilege in Compliance with the Court's September 24, 2020 Order* regarding 117 Status Conference,,,,, Order on Motion for Sanctions,,,,. (Byler PHV, Philip) (Entered: 10/05/2020) |
| 10/07/2020 | 125 | RESPONSE to Motion re 115 First MOTION to Quash *Subpoena to Mr. Noel Perry* filed by Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Attachments: # 1 Appendix Index of Exhibits, # 2 Exhibit A − Plaintiff's Initial Disclosures, # 3 Exhibit B − Plaintiff's Amended Disclosures, # 4 Exhibit C − Plaintiff's Second Amended Disclosures, # 5 Exhibit D − Deposition Excerpts of Plaintiff, # 6 Exhibit E − Email, # 7 Exhibit F − Declaration, # 8 Exhibit G − Declaration of Process Server, # 9 Exhibit H − Proof of Service, # 10 Exhibit I − Police Report, # 11 Exhibit J − Plaintiff's Response to Request for Production)(Kealey, William) (Entered: 10/07/2020) |
| 10/07/2020 | 126 | DISCOVERY *L.R. 37−1 Certification* by Family Concern Counseling, Noel Perry.(Wagenmaker PHV, Sally) (Entered: 10/07/2020) |
| 10/13/2020 | 127 | REPLY to Response to Motion re 115 First MOTION to Quash *Subpoena to Mr. Noel Perry* filed by John Doe. (Byler PHV, Philip) (Entered: 10/13/2020) |
| 10/14/2020 | 128 | MINUTE ORDER: Telephonic Status Conference set for 10/22/2020 02:00 PM (Central time) in US District Court − Hammond before Magistrate Judge Joshua P Kolar re 110 Motion for Protective Order Regarding Daniels Deposition, 115 Motion to Quash Subpoena to Testify at a Deposition to Mr. Noel Perry. Parties are instructed to dial 877−336−1280 and enter access code 3293676# when prompted. Approved by Magistrate Judge Joshua P Kolar on 10/14/2020. Text entry order. (tc) (Entered: 10/14/2020) |
| 10/14/2020 | 129 | MOTION for Extension of Time to File Response/Reply *Unopposed* by Plaintiff John Doe. (Byler PHV, Philip) (Entered: 10/14/2020) |
| 10/14/2020 | 130 | REPLY to Response to Motion re 115 First MOTION to Quash *Subpoena to Mr. Noel Perry* filed by Family Concern Counseling, Noel Perry. (Attachments: # 1 Exhibit Index of Exhibits, # 2 Exhibit Exhibit A − Declaration of Noel Perry with Attachments, # 3 Exhibit Exhibit B − Declaration of Elise Juhl, # 4 Exhibit Exhibit C − Declaration of Brenda Morris)(Wagenmaker PHV, Sally) (Entered: 10/14/2020) |
| 10/15/2020 | 131 | ORDER: The Court, noting Defendants do not object, GRANTS 129 Unopposed Motion to Extend. Plaintiff's responses to Defendants' Third Set of Interrogatories to be delivered to Defendants by 10/30/2020. Approved by Magistrate Judge Joshua P Kolar on 10/15/2020. Text entry order. (tc) (Entered: 10/15/2020) |
| 10/20/2020 | 132 | |

| | | |
|---|---|---|
| | | MINUTE ORDER: On the Court's own motion, the Telephonic Status Conference set for 10/22/2020 is RESET to 10/29/2020 at 02:00 PM in US District Court − Hammond before Magistrate Judge Joshua P Kolar. Parties are instructed to dial 877−336−1280 and enter access code 3293676# when prompted to join the conference. Approved by Magistrate Judge Joshua P Kolar on 10/20/2020. Text entry order. (tc) (Entered: 10/20/2020) |
| 10/26/2020 | 133 | MOTION for Order to Show Cause *Regarding Plaintiff's Non−Compliance with Order and Spoliation of Evidence* by Defendants Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim, Counter Claimant Purdue University Board of Trustees. (Attachments: # 1 Exhibit A − Deposition Excerpts, # 2 Exhibit B − Snapchat Data − 9−30−2020, # 3 Exhibit C − Snapchat Data − 10−7−2020, # 4 Exhibit D − Plaintiff's Snapchat Explanation, # 5 Exhibit E − Email)(Jones, Tyler) (Entered: 10/26/2020) |
| 10/26/2020 | 134 | CERTIFICATE *Pursuant to LR 37−1.* (Jones, Tyler) (Entered: 10/26/2020) |
| 10/26/2020 | 135 | RESPONSE to Motion re 133 MOTION for Order to Show Cause *Regarding Plaintiff's Non−Compliance with Order and Spoliation of Evidence* filed by John Doe. (Attachments: # 1 Exhibit Exhibit A)(Byler PHV, Philip) (Entered: 10/26/2020) |
| 10/29/2020 | 136 | TELEPHONIC STATUS CONFERENCE held on 10/29/2020, before Magistrate Judge Joshua P Kolar. Pla appeared by atty Philip Byler. Dfts appeared by attys Tyler Jones, William Kealey. Misc Party appeared by attys Sally Wagenmaker, Clyde Taylor. For reasons stated on the record, the Court GRANTS 110 Motion for Protective Order Regarding Daniels Deposition. The Court ORDERS the parties to confer regarding the possibility of less burdensome discovery and will look favorably upon any motion to extend discovery deadlines for this limited purpose. Order to follow. Discussion held as to [DE 115] Motion to Quash Subpoena to Testify at a Deposition to Mr. Noel Perry. Ruling to be issued by separate order. (Tape #ATT HOST.) (tc) (Entered: 10/29/2020) |
| 11/05/2020 | 137 | ORDER: The Court AFFIRMS that, at this time, Plaintiff is barred from taking the deposition of Defendant Mitchell Elias Daniels. The Court further AFFIRMS that the parties are to meet and confer regarding alternative means of discovery for the information sought by Plaintiff. The Court notes that the requirement to meet and confer is not merely pro forma and, further, the Court cautions that a renewed motion seeking to revisit this issue must show changed circumstances not present prior to the Court's October 29, 2020 hearing on this matter. Finally, the Court notes that it will look favorably upon any motion to extend discovery deadlines for the limited purpose of allowing Plaintiff to seek the information outlined in his response to the Motion for Protective Order. Signed by Magistrate Judge Joshua P Kolar on 11/5/2020. (bas) (Entered: 11/05/2020) |
| 11/06/2020 | 138 | REPLY to Response to Motion re 92 MOTION for Sanctions *for Failure to Comply with Discovery Order* filed by John Doe. (Attachments: # 1 Addendum Sur−Reply Memorandum, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, # 6 Exhibit Exhibit E, # 7 Exhibit Exhibit F, # 8 Exhibit Exhibit G, # 9 Exhibit Exhibit H, # 10 Exhibit Exhibit I, # 11 Exhibit Exhibit J, # 12 Exhibit Exhibit K)(Byler PHV, Philip) (Entered: 11/06/2020) |
| 11/16/2020 | 139 | MOTION to Amend/Correct 88 Order on Motion for Extension of Time to Complete Discovery,, by Plaintiff John Doe. (Byler PHV, Philip) (Entered: 11/16/2020) |
| 11/17/2020 | 140 | |

| | | |
|---|---|---|
| | | ORDER: The Court, finding good cause shown and noting the agreement of the parties, GRANTS <u>139</u> Joint Motion to Modify Case Management Plan. The fact discovery deadline is EXTENDED to 12/21/2020. Plaintiff's expert witness disclosures and reports to be delivered to Defendants by 1/25/2021. Defendants' expert witness disclosures and reports to be delivered to Plaintiff by 3/16/2021. Approved by Magistrate Judge Joshua P Kolar on 11/17/2020. Text entry order. (tc) (Entered: 11/17/2020) |
| 12/22/2020 | 141 | MINUTE ORDER: Due to instances of both Plaintiff's and Jane Doe's names appearing unredacted, the Court has provisionally sealed [DE 138] Plaintiff John Doe's Re−Filed "Sur−Reply" to Address Defendants' Misrepresentations Concerning the Testimony and Exhibits of the Navy Depositions that were not the Subject of the Moving Papers for or Opposition to Defendants' Sanctions Motion. The Court will address the issue of redactions at a hearing to be set by separate order. Approved by Magistrate Judge Joshua P Kolar on 12/22/2020. Text entry order. (tc) (Entered: 12/22/2020) |
| 12/22/2020 | 142 | MINUTE ORDER: Telephonic Status Conference set for 1/27/2021 09:30 AM (Central time) in US District Court − Hammond before Magistrate Judge Joshua P Kolar. Parties are instructed to dial 877−336−1280 and enter access code 3293676# when prompted to join the conference. Approved by Magistrate Judge Joshua P Kolar on 12/22/2020. Text entry order. (tc) (Entered: 12/22/2020) |
| 01/11/2021 | <u>143</u> | OPINION AND ORDER The Court DENIES the <u>115</u> Motion to Quash Subpoena to Testify at a Deposition to Mr. Noel Perry. The Court ORDERS Noel Perry to appear for a deposition at a time and date agreed upon by Mr. Perry, Plaintiff, and Defendants. Finally, the Court DENIES Defendants' request for attorneys' fees and costs incurred in response to the motion to quash. Signed by Magistrate Judge Joshua P Kolar on 1/11/21. (kjp) (Entered: 01/11/2021) |
| 01/22/2021 | <u>144</u> | NOTICE TO COUNSEL regarding how the Court intends to proceed at upcoming Telephonic Status Conference set for 1/27/2021 09:30 AM (Central time). Signed by Magistrate Judge Joshua P Kolar on 1/22/2021. (lhc) (Entered: 01/22/2021) |
| 01/26/2021 | <u>145</u> | NOTICE by Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University re <u>133</u> MOTION for Order to Show Cause *Regarding Plaintiff's Non−Compliance with Order and Spoliation of Evidence* (Attachments: # <u>1</u> Exhibit C − Corrected Exhibit regarding Snapchat Data)(Jones, Tyler) (Entered: 01/26/2021) |
| 01/27/2021 | 146 | TELEPHONIC STATUS CONFERENCE held on 1/27/2021, before Magistrate Judge Joshua P Kolar. Pla appeared by atty Philip Byler. Dfts appeared by attys Tyler Jones, William Kealey. Court addresses the parties' failure to redact the true names of John and Jane Doe in various documents. Parties to file redacted versions of DEs 93, 98, 101, and 106 along with a certification that all documents have been thoroughly checked for the true names of John and Jane Doe as directed on the record. These documents are to be filed as they originally appeared on the docket, with the main filing and accompanying exhibits as part of the same docket entry. All documents filed at DEs 93, 98, 101, and 106 must be refiled as instructed, even if an individual filing or accompanying exhibit does not itself need redactions. Discussion held as to DE <u>133</u> Request for Issuance of Order to Show Cause Regarding Plaintiff's Non−Compliance with Orders and Spoliation of Evidence. Parties do not object to proceeding with an evidentiary hearing. Parties to meet and confer as to how exhibits will be presented at the evidentiary hearing. Exhibits should be produced to opposing counsel and the Court prior to the scheduled hearing. Evidentiary hearing to be set by |

| | | |
|---|---|---|
| | | separate order. (Tape #ATT HOST.) (tc) (Tape #ATT HOST.) (tc) (Entered: 01/27/2021) |
| 01/27/2021 | 147 | MINUTE ORDER: Evidentiary Hearing re 133 Request for Issuance of Order to Show Cause Regarding Plaintiff's Non−Compliance with Order and Spoliation of Evidence set for 2/22/2021 09:30 AM by way of Zoom before Magistrate Judge Joshua P Kolar. Plaintiff John Doe must appear at the Evidentiary Hearing. Approved by Magistrate Judge Joshua P Kolar on 1/27/2021. (tc) (Entered: 01/27/2021) |
| 02/05/2021 | 148 | BRIEF in Support of 92 MOTION for Sanctions *for Failure to Comply with Discovery Order* filed by Katherine Sermersheim, Purdue University Board of Trustees, Erin Oliver, Purdue University, Jacob Amberger, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock. (Attachments: # 1 Exhibit A − Email, # 2 Exhibit B − Email, # 3 Exhibit C − Email, # 4 Exhibit D − Email, # 5 Exhibit E − Email, # 6 Exhibit F − Email, # 7 Exhibit G − Email, # 8 Exhibit H − Email, # 9 Exhibit I − Correspondence, # 10 Exhibit J − REDACTED, # 11 Exhibit K − Email, # 12 Exhibit L − Email, # 13 Exhibit M − Email, # 14 Appendix Index to Exhibits, # 15 Exhibit Certification of Redactions)(Jones, Tyler) (Entered: 02/05/2021) |
| 02/09/2021 | 149 | Joint MOTION to Amend/Correct 140 Order on Motion to Amend/Correct, 88 Order on Motion for Extension of Time to Complete Discovery,, *Modify Case Management Plan* by Plaintiff John Doe. (Byler PHV, Philip) (Entered: 02/09/2021) |
| 02/10/2021 | 150 | MINUTE ORDER: Due to a discrepancy in one of the requested deadlines, the Court TAKES UNDER ADVISEMENT the 149 Joint Motion to Modify Case Management Plan and STAYS all deadlines referred to in the motion, with the motion to be addressed and new deadlines set at the hearing on 2/22/2021. The parties are encouraged to work within any agreed upon deadlines. Approved by Magistrate Judge Joshua P Kolar on 2/10/2021. Text entry order. (tc) (Entered: 02/10/2021) |
| 02/19/2021 | 151 | NOTICE by Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim *Regarding Evidentiary Hearing of February 22, 2021* (Jones, Tyler) (Entered: 02/19/2021) |
| 02/22/2021 | 152 | MEMORANDUM in Opposition to 92 MOTION for Sanctions *for Failure to Comply with Discovery Order* filed by John Doe. (Attachments: # 1 Affidavit Declaration of Plaintiff's Counsel Philip A. Byler, Esq., # 2 Affidavit Declaration of Plaintiff John Doe, # 3 Exhibit 1 −− Plaintiff's Objections and Responses to Defendants' First Set of of Interrogatories, # 4 Exhibit 2 −− Authorizations, # 5 Exhibit 3 −− Email, # 6 Exhibit 4 −− Email, # 7 Affidavit Plaintiff's Certification of Redactions: ECF 98)(Byler PHV, Philip) (Entered: 02/22/2021) |
| 02/22/2021 | 153 | REPLY to Response to Motion re 101 MOTION for Leave to File *"Sur−Reply"* filed by John Doe. (Attachments: # 1 Supplement Plaintiff John Doe's Memorandum of Law In Support of Plaintiff John Doe's Motion for Leave to File This "Sur−Reply" to Address Defendants' Misrepresentations Concerning the Testimony and Exhibits of the Navy Depositions That Were Not the Subject of the Moving Papers for or Opposition to Defendants' Sanctions Motion, # 2 Exhibit A Deposition Transcript of Commanding Officer Rodney Hutton, # 3 Exhibit B Ex. A to Hutton Deposition (NSTC 168−195) June 14, 2016 "Preliminary Inquiry", # 4 Exhibit C Ex. D to Hutton Deposition (NSTC 0055−0060) Scholarship Papers for Plaintiff John Doe, # 5 Exhibit D Ex. H to Hutton Deposition (NSTC 0001−0004) August 2020 ROTC Appointment Termination and Disenrollment Authorization, # 6 Exhibit E Ex. G. to |

| | | |
|---|---|---|
| | | Hutton Deposition (NSTC 00111−00112) August 10, 2020 Performance Review Board Document, # 7 Exhibit F Deposition Transcript of Executive Officer Craig Remaly, # 8 Exhibit G Ex. D to the Remaly deposition (NSTC 0140−0142) E−mail by Staff Lieutenant Willstater, # 9 Exhibit H Deposition Transcript of Staff Lieutenant Kyle Willstater, # 10 Exhibit I Ex. 6 to Willstatter Deposition (NSTC 0018−0019) Appointment of Performance Review Boards, # 11 Exhibit J Deposition Transcript of Staff Lieutenant Megan Redlawk Chester, # 12 Exhibit K Deposition Transcript of Staff Lieutenant Adam Sheppard, # 13 Affidavit Plaintiff's Certification of Redactions: ECF 101)(Byler PHV, Philip) (Entered: 02/22/2021) |
| 02/22/2021 | 154 | REPLY to Response to Motion re 101 MOTION for Leave to File *Plaintiff John Doe's "Sur−Reply" to Address Defendants' Misrepresentations Concerning the Testimony and Exhibits of the Navy Depositions That Were Not the Subject of the Moving Papers for or Opposition to Defendants' Sanctions Motion* filed by John Doe. (Attachments: # 1 Exhibit A Deposition Transcript of Commanding Officer Rodney Hutton, # 2 Exhibit B Ex. A to Hutton Deposition (NSTC 168−195) June 14, 2016 Preliminary Inquiry, # 3 Exhibit C Ex. D to Hutton Deposition (NSTC 0055−0060) Scholarship Papers for Plaintiff John Doe, # 4 Exhibit D Ex. H to Hutton Deposition (NSTC 0001−004) August 2020 ROTC Appointment Termination and Disenrollment Authorization, # 5 Exhibit E Ex. G to the Hutton deposition (NSTC 00111−0012) August 10, 2020 Performance Review Board document, # 6 Exhibit F Deposition Transcript of Executive Officer Craig Remaly, # 7 Exhibit G Ex. D to the Remaly deposition (NSTC 0140−0142) E−mail by Staff Lieutenant Willstatter, # 8 Exhibit H Deposition Transcript of Staff Lieutenant Kyle Willstatter, # 9 Exhibit I Ex. 6 to Willstatter Deposition (NSTC 0018−0019) Appointment of Performance Review Boards, # 10 Exhibit J Deposition Transcript of Staff Lieutenant Megan Redlawsk Chester, # 11 Exhibit K Deposition Transcript of Staff Lieutenant Adam Sheppard, # 12 Affidavit Plaintiff's Certifications of Redactions: ECF 106)(Byler PHV, Philip) (Entered: 02/22/2021) |
| 02/22/2021 | 155 | EVIDENTIARY HEARING held via Zoom on 2/22/2021, before Magistrate Judge Joshua P Kolar. Pla appeared w/atty Philip Byler. Dft appeared by attys Tyler Jones, William Kealey. Defendants present evidence witness John Doe called as witness − sworn as to testimony and exhibits admitted into evidence. Direct examination/cross examination conducted. Closing arguments heard from parties. The 133 Request for Issuance of Order to Show Cause Regarding Plaintiff's Non−Compliance with Order and Spoliation of Evidence REMAINS UNDER ADVISEMENT. (Court Reporter Angela Phipps.) (tc) (Entered: 02/22/2021) |
| 02/22/2021 | 156 | Witness List/Exhibit List. (tc) (Entered: 02/22/2021) |
| 02/23/2021 | 157 | ORDER: The Court, finding good cause shown and noting the agreement of the parties, GRANTS nunc pro tunc 149 Joint Motion to Modify Case Management Plan. Plaintiff's one expert witness disclosure and report concerning gender bias to be delivered to Defendants by 2/19/2021. Defendants' motion for a Rule 35 examination in compliance with Rule 35(a)(2) to be filed by 2/12/2021. If Defendants' Rule 35 examination request is granted, Defendants' Rule 35 examination report to be delivered to Plaintiff's counsel 14 days after completion. Defendants' expert witness disclosures to be delivered to Plaintiff by 4/30/2021. Objections to expert witnesses due by 6/30/2021. Dispositive motions to be filed by 6/30/2021. Approved by Magistrate Judge Joshua P Kolar on 2/23/2021. Text entry order. (tc) (Entered: 02/23/2021) |

| | | |
|---|---|---|
| 03/01/2021 | 158 | STIPULATION *of the Parties to File Second Amended Complaint* by Plaintiff John Doe. (Attachments: # 1 Supplement Second Amended Complaint)(Byler PHV, Philip) (Entered: 03/01/2021) |
| 03/02/2021 | 159 | ORDER: The Court, finding justice so requires and noting the agreement of the parties, GRANTS 158 Stipulation of the Parties to File Second Amended Complaint. Plaintiff is ordered to file his Second Amended Complaint upon receipt of this order. Approved by Magistrate Judge Joshua P Kolar on 3/2/2021. Text entry order. (tc) (Entered: 03/02/2021) |
| 03/02/2021 | 160 | AMENDED COMPLAINT *(Second)* against Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim, filed by John Doe.(Byler PHV, Philip) (Entered: 03/02/2021) |
| 03/16/2021 | 161 | *Defendants'* ANSWER to 160 Amended Complaint , Amended COUNTERCLAIM against John Doe by Katherine Sermersheim, Purdue University Board of Trustees, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock.(Kealey, William) (Entered: 03/16/2021) |
| 03/29/2021 | 162 | *Plaintiff John Doe's* ANSWER to 161 Answer to Amended Complaint,, Counterclaim, by John Doe.(Byler PHV, Philip) (Entered: 03/29/2021) |
| 04/13/2021 | 163 | ORDER: The Court ORDERS the parties to meet and confer regarding the screen displays that would have been seen by an individual on both the Snapchat mobile application and Snapchat website at the time Plaintiff made the relevant downloads. The Court further ORDERS the parties to file, on or before 4/27/2021, a joint report with exhibits either showing, via screenshots, or describing in full the screen displays that existed as Plaintiff would have seen them. If the parties cannot come to an agreement regarding what the screen displays showed at the time Plaintiff made the relevant downloads, they may file separate reports on that same date with exhibits reflecting what they believe to be the screen displays described above. Signed by Magistrate Judge Joshua P Kolar on 4/13/21. (ksp) Modified on 4/14/2021 (kms). (Entered: 04/13/2021) |
| 04/27/2021 | 164 | DISCOVERY *Plaintiff Submission Per Court April 13, 2021 Order* by John Doe.(Byler PHV, Philip) (Entered: 04/27/2021) |
| 04/27/2021 | 165 | NOTICE by Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University *of Report Regarding Snapchat* (Attachments: # 1 Exhibit A − Snapchat 9−30−2020, # 2 Exhibit B − Snapchat 10−7−2020)(Jones, Tyler) (Entered: 04/27/2021) |
| 06/16/2021 | 166 | Joint MOTION to Amend/Correct *Case Management Plan* by Plaintiff John Doe. (Byler PHV, Philip) (Entered: 06/16/2021) |
| 06/17/2021 | 167 | ORDER: Finding good cause shown and noting the parties' agreement, the Court GRANTS 166 Joint Motion to Modify Case Management Plan. Objections to expert witnesses are due by 7/30/2021. Dispositive motions must be filed by 7/30/2021. The Court will rule on Dft.'s Motion for Order to Show Cause 133 by 7/15/2021. Telephonic Status Conference set for 7/29/2021 10:00 AM in US District Court − Hammond before Magistrate Judge Joshua P Kolar. Parties are instructed to dial 877−336−1280 and enter access code 3293676# when prompted to join the conference. Approved by Magistrate Judge Joshua P Kolar on 6/17/2021. Text entry order. (tc) (Entered: 06/17/2021) |

| 07/02/2021 | 168 | OPINION AND ORDER: The Court GRANTS with relief different than requested 133 Request for Issuance of Show Cause Regarding Plaintiff's Non−Compliance with Order and Spoliation of Evidence. The Court AWARDS Defendants their reasonable expenses incurred as outlined. Defendants to FILE by 7/30/2021, an affidavit detailing these expenses. Alternatively, parties may reach an agreement concerning the fees owed to Defendants. The Court will allow the parties to present evidence to the jury concerning the loss of the Snapchat data, and argument as to the relevance of that data, and the jury will be instructed that it may consider that evidence and argument in making its decision. Signed by Magistrate Judge Joshua P Kolar on 7/2/2021. (tc) (Entered: 07/02/2021) |
|---|---|---|
| 07/20/2021 | 169 | MOTION for Leave to File *Oversized Brief* by Defendants Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 07/20/2021) |
| 07/20/2021 | 170 | MOTION for Leave to File *Oversized Brief* by Plaintiff John Doe. (Byler PHV, Philip) (Entered: 07/20/2021) |
| 07/20/2021 | 171 | MOTION for Leave to File *Oversized Brief in Opposition to Defendants' Summary Judgment Motion with Oversized Brief* by Plaintiff John Doe. (Byler PHV, Philip) (Entered: 07/20/2021) |
| 07/20/2021 | 172 | MINUTE ORDER: The Court hereby VACATES the 7/30/21 dispositive motion deadline. The Court will reset the deadline, and address the pending motions regarding the scope of briefing, at the 7/29/21 status conference. Approved by Magistrate Judge Joshua P Kolar on 7/20/2021. Text entry order. (tc) (Entered: 07/20/2021) |
| 07/29/2021 | 173 | TELEPHONIC STATUS CONFERENCE held on 7/29/2021, before Magistrate Judge Joshua P Kolar. Pla appeared by atty Philip Byler. Dfts appeared by attys Tyler Jones, Williams Kealey. Without objection, the Court GRANTS 169 Defendants' Motion for Leave to File Oversized Brief, 170 Plaintiff John Doe's Motion to File Oversized Brief, and 171 Plaintiff John Doe's Motion to File Oversized Brief in Opposition to Defendants' Summary Judgment Motion with Oversized Brief. Deadlines for filing dispositive motions remain vacated, yet parties may file any such motions as they deem appropriate. Discussion held as to possibility of judicial settlement conference. Parties directed to meet and confer as to this issue. Telephonic Status Conference set for 8/19/2021 11:00 AM (Central time) before Magistrate Judge Joshua P Kolar. Parties are instructed to dial 877−336−1280 and enter access code 3293676# when prompted to join the conference. Parties may file a status report in lieu of Telephonic Status Conference. Dfts request the Court vacate the daubert motions deadline set at DE 167. Plaintiff joins in request − Granted. (Tape #ATT HOST.) (tc) (Entered: 07/29/2021) |
| 07/30/2021 | 174 | AFFIDAVIT *(Fee) of William P. Kealey* by Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 07/30/2021) |
| 08/12/2021 | 175 | AFFIDAVIT in Opposition *to Fee Affidavit of William P. Kealey* by John Doe. (Attachments: # 1 Exhibit Email exchange, # 2 Exhibit Daniels' Interrogatory Answers, # 3 Exhibit Excerpts of Trent Klingerman's Deposition, # 4 Exhibit List of Snapchat Videos and Pictures)(Byler PHV, Philip) (Entered: 08/12/2021) |
| 08/19/2021 | 176 | TELEPHONIC STATUS CONFERENCE held on 8/19/2021, before Magistrate Judge Joshua P Kolar. Pla appeared by atty Philip Byler. Dfts appeared by attys Tyler |

| | | |
|---|---|---|
| | | Jones, William Kealey. Parties do not believe a settlement conference would be productive at this time. By agreement, dispositive motions to be filed by 9/1/2021. The daubert motions deadline remains vacated. (Tape #ATT HOST (5).) (tc) (Entered: 08/19/2021) |
| 08/31/2021 | 177 | MOTION for Summary Judgment by Defendants Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University. (Kealey, William) (Entered: 08/31/2021) |
| 08/31/2021 | 178 | BRIEF in Support of 177 MOTION for Summary Judgment filed by Erin Oliver, Purdue University, Jacob Amberger, Mitchell Elias Daniels, Jr.. (Attachments: # 1 Appendix Index to Exhibits to Brief in Support of Defendants' Motion for Summary Judgment, # 2 Exhibit Exhibit A − Hutton Depo Excerpts, # 3 Exhibit B − Remaly Depo Excerpts, # 4 Exhibit C − Willstatter Depo Excerpts, # 5 Exhibit D − Regulations of Officer Development, # 6 Exhibit E − Chester Depo Excerpts, # 7 Exhibit F − University Investigator's Report dated 5−20−16, # 8 Exhibit G − Contract Between Doe and Navy, # 9 Exhibit H − Midshipman A Depo Excerpts, # 10 Exhibit Jane's Sexual Violence Report dated 4−4−16, # 11 Exhibit J − Sheppard Depo Excerpts, # 12 Exhibit K − Email from Hutton to Stefancic, # 13 Exhibit L − Sheppard's Sexual Violence Report dated 4−4−16, # 14 Exhibit M − Electronic notification email, # 15 Exhibit N − Notice of Interim LOA dated 4−5−16, # 16 Exhibit O − Sermersheim Depo Excerpts, # 17 Exhibit P − Bloom Depo Excerpts, # 18 Exhibit Q − Email Bloom − Sermersheim − Rollock dated 4−5−16, # 19 Exhibit R − Notice of Allegations, # 20 Exhibit S − Rollock Depo Excerpts, # 21 Exhibit T − Sermersheim to Jane and John Doe dated 4−11−16, # 22 Exhibit U − Information Sheets, # 23 Exhibit V − John Doe's Response to Allegations, # 24 Exhibit W − Oliver Depo Excerpts, # 25 Exhibit X − Amberger Depo Excerpts, # 26 Exhibit Y − Text Messages 2015 and 2016, # 27 Exhibit Z − John Doe Depo Excerpts, # 28 Exhibit AA − Sermersheim to Panel 5−26−16, # 29 Exhibit BB − Sermersheim to John Doe 5−31−16 of panel mtg, # 30 Exhibit CC − Jane's Statement and Email She Cannot Attend, # 31 Exhibit DD − Bloom to Sermersheim 6−5−16, # 32 Exhibit EE − Email from Sharp 5−31−16, # 33 Exhibit FF − Determination Letter 6−14−16, # 34 Exhibit GG − John Doe's Appeal dated 6−23−16, # 35 Exhibit HH − Rollock to John Doe 6−28−16, # 36 Exhibit II − Revised Fianl Determination 6−29−16, # 37 Exhibit JJ − Plaintiff's Depo Exhibit 7, # 38 Exhibit KK − Appeal of Revised Final Determination 7−10−16, # 39 Exhibit LL − Final Determination 7−21−16, # 40 Exhibit MM − Sheppard to Doe 5−3−16, # 41 Exhibit NN − Redlawsk Preliminary Inquiry 6−14−16, # 42 Exhibit OO − Initial PRB Notice 6−16−16, # 43 Exhibit PP − Willstatter to John Doe 7−26−16, # 44 Exhibit QQ − PRB Summary and Recommendation, # 45 Exhibit RR − Appointment Termination, # 46 Exhibit SS − Disenrollment Recommendation, # 47 Exhibit TT − Placement on Academic Warning 1−15−16, # 48 Exhibit UU − Purdue University Transcript, # 49 Exhibit VV − Sheppard and Doe regarding grades, # 50 Exhibit WW − Notice from Hutton and NROTC 5−20−16, # 51 Exhibit XX − Taylor University Transcripts, # 52 Exhibit YY − Taylor Report, # 53 Exhibit ZZ − Perry Depo Excerpts, # 54 Exhibit AAA − Amberger Notes − Part I, # 55 Exhibit AAA − Amberger Notes − Part II, # 56 Exhibit BBB − Oliver Notes − Part I, # 57 Exhibit BBB − Oliver Notes Part II)(Kealey, William) (Entered: 08/31/2021) |
| 08/31/2021 | 179 | MOTION to Seal *Unredacted Exhibits to Defendants' Brief in Support of Motion for Summary Judgment* by Defendants Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University. (Kealey, William) (Entered: 08/31/2021) |
| 08/31/2021 | 180 | |

| | | |
|---|---|---|
| | | Sealed Document re <u>179</u> MOTION to Seal *Unredacted Exhibits to Defendants' Brief in Support of Motion for Summary Judgment*. (Attachments: # <u>1</u> Exhibit A − Hutton Depo Excerpts, # <u>2</u> Exhibit B − Remaly Depo Excerpts, # <u>3</u> Exhibit C − Willstatter Depo Excerpts, # <u>4</u> Exhibit F − Investigator's Report dated 5−20−16, # <u>5</u> Exhibit G − Contract between Doe and Navy, # <u>6</u> Exhibit H − Midshipman A Depo Excerpts, # <u>7</u> Exhibit I − Jane Doe's Sexual Violence Report dated 4−4−16, # <u>8</u> Exhibit J − Sheppard Depo Excerpts, # <u>9</u> Exhibit L − Sheppard's Sexual Violence Report 4−4−16, # <u>10</u> Exhibit M − Electronic notification email, # <u>11</u> Exhibit N − Notice of Interim LOA 4−5−16, # <u>12</u> Exhibit O − Sermersheim Depo Excerpts, # <u>13</u> Exhibit P − Bloom Depo Excerpts, # <u>14</u> Exhibit Q − Bloom to Sermersheim and Rollock 4−5−16, # <u>15</u> Exhibit R − Notice of Allegations, # <u>16</u> Exhibit T − Sermersheim to Jane and Jane Doe 4−11−16, # <u>17</u> Exhibit V − John Doe's Response to Allegations, # <u>18</u> Exhibit X − Amberger Depo Excerpts, # <u>19</u> Exhibit Y − Text Messages 2015 and 2016, # <u>20</u> Exhibit Z − John Doe Depo Excerpts, # <u>21</u> Exhibit AA − Sermersheim to Panl 5−26−16, # <u>22</u> Exhibit BB − Sermersheim to John Doe 5−31−16, # <u>23</u> Exhibit CC − Jane Statement She Cannot Attend, # <u>24</u> Exhibit DD − Jane Doe Statement from Bloom to Sharp, # <u>25</u> Exhibit EE − Email from Sharp 5−31−16, # <u>26</u> Exhibit FF − Sermersheim determination letter 6−14−16, # <u>27</u> Exhibit GG − John Doe's Appeal 6−23−16, # <u>28</u> Exhibit Rollock to John Doe 6−28−16, # <u>29</u> Exhibit II − Revised Final Determination 6−29−16, # <u>30</u> Exhibit JJ − Plaintiff's Exhibit 7 to Depo, # <u>31</u> Exhibit KK − Appeal of Revised Fiinal Determination 7−10−16, # <u>32</u> Exhibit LL − Final Determination 7−21−16, # <u>33</u> Exhibit MM − Sheppard to Doe 5−3−16, # <u>34</u> Exhibit NN − Redlawsk Preliminary Inquiry Rec., # <u>35</u> Exhibit OO − Initial PRB Notice 6−16−16, # <u>36</u> Exhibit PP − Willstatter to John Doe 7−26−26, # <u>37</u> Errata QQ − PRB Summary and Recommendation, # <u>38</u> Exhibit RR − Appointment Termination, # <u>39</u> Exhibit SS − Disenrollment Recommendation, # <u>40</u> Exhibit TT − Placement on Academic Warning 1−15−16, # <u>41</u> Exhibit UU − Purdue University Transcript, # <u>42</u> Exhibit VV − Sheppard to John Doe regarding grades, # <u>43</u> Exhibit WW − Notice from Hutton and NROTC dated 5−20−16, # <u>44</u> Exhibit XX − Taylor University Transcript, # <u>45</u> Exhibit YY − Reports−documents from Taylor University, # <u>46</u> Exhibit AAA − Amberger Investigator Notes − Part I, # <u>47</u> Exhibit AAA − Amberger Investigator Notes − Part II, # <u>48</u> Exhibit BB − Oliver Investigator Notes − Part I, # <u>49</u> Exhibit BBB − Oliver Investigator Notes − Part II)(Kealey, William) (Entered: 08/31/2021) |
| 09/01/2021 | <u>181</u> | MOTION for Summary Judgment by Plaintiff John Doe. (Byler PHV, Philip) (Entered: 09/01/2021) |
| 09/01/2021 | <u>182</u> | APPENDIX *of Exhibits* by John Doe. (Byler PHV, Philip) (Entered: 09/01/2021) |
| 09/01/2021 | <u>183</u> | MEMORANDUM in Support of <u>181</u> MOTION for Summary Judgment filed by John Doe. (Attachments: # <u>1</u> Exhibit Statement of Material Undisputed Facts, # <u>2</u> Exhibit Second Amended Complaint, # <u>3</u> Exhibit Defendants' Answer to Plaintiff's Second Amended Complaint and Amended Counterclaim, # <u>4</u> Exhibit Plaintiff's Answer to Amended Counterclaim, # <u>5</u> Exhibit Deposition Transcript Excerpts of John Doe, # <u>6</u> Exhibit Deposition Transcript Excerpt of Alysa Rollock, # <u>7</u> Exhibit Deposition Transcript Excerpt of Katherine Sermersheim, # <u>8</u> Exhibit Declaration of John Doe, # <u>9</u> Exhibit Deposition Transcript Excerpt of Monica Bloom, # <u>10</u> Exhibit Student of Concern Report, # <u>11</u> Exhibit Email from Monica Bloom, # <u>12</u> Exhibit Email from Alysa Rollock, # <u>13</u> Exhibit Sermersheim Letter, # <u>14</u> Exhibit Deposition Transcript Excerpt of Jacob Amberger, # <u>15</u> Exhibit Deposition Transcript Excerpt of Erin Oliver, # <u>16</u> Exhibit John Doe's Response to Allegations, # <u>17</u> Exhibit Text messages, # <u>18</u> Exhibit Notes of Jacob Amberger, # <u>19</u> Exhibit Notes of Erin Oliver, |

| | | |
|---|---|---|
| | | # 20 Exhibit Amberger Email to Bloom, # 21 Exhibit Bloom Email to Amberger, # 22 Exhibit Investigation Report, # 23 Exhibit Sermersheim Memo, # 24 Exhibit Sermersheim Email, # 25 Exhibit Sharp Email, # 26 Exhibit Bloom Email, # 27 Exhibit Semersheim Letter, # 28 Exhibit John Doe June 23 Appeal, # 29 Exhibit Rollock June 28 Letter, # 30 Exhibit Semersheim June 29 Letter, # 31 Exhibit John Doe July 10 Appeal, # 32 Exhibit Rollock July 21 Letter, # 33 Exhibit Rollock July 25 Email, # 34 Exhibit Deposition Transcript Excerpt of Adam Sheppard, # 35 Exhibit Deposition Transcript Excerpt of Rodney Hutton, # 36 Exhibit Performance Review Board, # 37 Exhibit Aug. 2020 ROTC Appointment Termination, # 38 Exhibit Deposition Transcript Excerpt of Craig Remaly, # 39 Exhibit Deposition Transcript Excerpt of Kyle Willstatter, # 40 Exhibit Willstatter Email, # 41 Exhibit Deposition Transcript Excerpt of Custodian Trent Klingerman, # 42 Exhibit Response of Defendant Daniels to Plaintiff's Interrogatories, # 43 Exhibit Sheppard Email, # 44 Exhibit Authorization, # 45 Exhibit Fitness Report)(Byler PHV, Philip) (Entered: 09/01/2021) |
| 09/02/2021 | 184 | ORDER: Having reviewed the motion and related exhibits, and finding good cause to retain the unredacted exhibits under seal, the Court GRANTS Defendants' Motion to Seal 179 and ORDERS that the unredacted exhibits ( 180 and related attachments) be retained under seal. Approved by Magistrate Judge Joshua P Kolar on 9/2/2021. Text entry order. (tc) (Entered: 09/02/2021) |
| 09/13/2021 | 185 | Joint MOTION Modify Summary Judgment Briefing Schedule by Defendants Mitchell Elias Daniels, Jr., Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 09/13/2021) |
| 09/21/2021 | 186 | ORDER: Finding good cause shown and noting the parties' agreement, the Court GRANTS 185 Joint Motion to Modify Summary Judgment Briefing Schedule and ORDERS that the deadline for any party to respond to the motions for summary judgment [177, 181] is extended to 10/15/2021. Approved by Magistrate Judge Joshua P Kolar on 9/21/2021. Text entry order. (tc) (Entered: 09/21/2021) |
| 10/15/2021 | 187 | RESPONSE to Motion re 177 MOTION for Summary Judgment *in Opposition to Defendants' Motion for Summary Judgment* filed by John Doe. (Attachments: # 1 Appendix Plaintiff John Doe's Appendix of Exhibits in Opposition to Defendants' Motion for Summary Judgment, # 2 Exhibit Exhibit 1 − Statement of Facts and Genuine Disputes, # 3 Exhibit Exhibit 2 − Deposition Excepts of Rodney Hutton Ex. D, # 4 Exhibit Exhibit 3 − Rodney Hutton Deposition, # 5 Exhibit Exhibit 4 − Deposition Excerpts of Midshipman A, # 6 Exhibit Exhibit 5 − Deposition Excerpts of Adam Sheppard, # 7 Exhibit Exhibit 6 − Ex. K to Defendants' Motion, # 8 Exhibit Exhibit 7 − Ex. N to Defendants' Motion, # 9 Exhibit Exhibit 8 − Deposition Excerpts of John Doe, # 10 Exhibit Exhibit 9 − Deposition Excerpts of Erin Oliver, # 11 Exhibit Exhibit 10 − Deposition Excerpts of Student R, # 12 Exhibit Exhibit 11 − Purdue Data, # 13 Exhibit Exhibit 12 − Deposition Excerpts of Craig Remaly, # 14 Exhibit Exhibit 13 − Deposition Excerpts of Kyle Willstatter, # 15 Exhibit Exhibit 14 − Deposition Excerpts of Megan Chester, # 16 Exhibit Exhibit 15 − Ex. WW to Defendants' Motion, # 17 Exhibit Exhibit 16 − John Doe Deposition Ex. 21, # 18 Exhibit Exhibit 17 − Deposition Excerpts of Noel Perry, # 19 Exhibit Exhibit 18 − April 2011 Dear Colleague Letter, # 20 Exhibit Exhibit 19 − Asst. Sec. Lhamon Testimony, # 21 Exhibit Exhibit 20 − CARE Facebook Postings, # 22 Exhibit Exhibit 21 − Plaintiff's Answers to Defendants' Third Set of Interrogatories, # 23 Exhibit Exhibit 22 − Dr. Barden Expert Report, # 24 Exhibit Exhibit 23 − Special Report, U.S. Dep't of Justice, Dec. 2014, # 25 Exhibit Exhibit 24 − Deposition Excerpts of |

| | | |
|---|---|---|
| | | Erin Oliver, # 26 Exhibit Exhibit 25 − Deposition Excerpts of Jacob Amberger, # 27 Exhibit Exhibit 26 − Rodney Hutton Deposition Ex. I, # 28 Exhibit Exhibit 27 − Defendants' Responses to Plaintiff's Requests for Admission No. 2)(Byler PHV, Philip) Modified on 10/18/2021 to edit text(tc). (Entered: 10/15/2021) |
| 10/15/2021 | 188 | RESPONSE to Motion re 181 MOTION for Summary Judgment filed by Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University. (Kealey, William) (Entered: 10/15/2021) |
| 10/22/2021 | 189 | Joint MOTION for Extension of Time to File Response/Reply *Motion for Summary Judgment* by Defendants Mitchell Elias Daniels, Jr., Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 10/22/2021) |
| 10/25/2021 | 190 | ORDER: Finding good cause shown and noting the parties' agreement, the Court GRANTS 189 Joint Motion to Modify Summary Judgment Briefing Schedule and ORDERS that replies to the pending motions for summary judgment 177 and 181 must be filed by 11/5/2021. Approved by Magistrate Judge Joshua P Kolar on 10/25/2021. Text entry order. (tc) (Entered: 10/25/2021) |
| 11/04/2021 | 191 | MEMORANDUM in Support of 181 MOTION for Summary Judgment filed by John Doe. (Byler PHV, Philip) (Entered: 11/04/2021) |
| 11/08/2021 | 192 | REPLY to Response to Motion re 177 MOTION for Summary Judgment filed by Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 11/08/2021) |
| 11/08/2021 | 193 | MOTION to Strike 187 Reply to Response to Motion,,,,,,,,, *of R. Christopher Barden* by Defendants Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Jones, Tyler) (Entered: 11/08/2021) |
| 11/15/2021 | 194 | Joint MOTION for Extension of Time to File Response/Reply *of Daubert Motion* by Plaintiff John Doe. (Byler PHV, Philip) (Entered: 11/15/2021) |
| 11/17/2021 | 195 | MINUTE ORDER: Telephonic Status Conference regarding the timing of 193 Defendants' Daubert motion and future case management deadlines set for 12/9/2021 10:00 AM (Central time) before Magistrate Judge Joshua P Kolar. The merits of the motion will not be discussed at the conference. Parties are instructed to dial 877−336−1280 and enter access code 3293676# when prompted to join the conference. Approved by Magistrate Judge Joshua P Kolar on 11/17/2021. Text entry order. (tc) (Entered: 11/17/2021) |
| 11/17/2021 | 196 | MINUTE ORDER: The briefing deadlines related to 193 Defendants' Motion to Exclude Expert Testimony are STAYED pending the telephonic status conference set for 12/9/2021 before Magistrate Judge Joshua P Kolar. Approved by Magistrate Judge Joshua P Kolar on 11/17/2021. Text entry order. (tc) (Entered: 11/17/2021) |
| 12/09/2021 | 197 | TELEPHONIC STATUS CONFERENCE held on 12/9/2021, before Magistrate Judge Joshua P Kolar. Pla appeared by atty Philip Byler. Dfts appeared by attys Tyler Jones, William Kealey. The Court GRANTS, with relief different than requested, 194 Joint Motion to Modify Daubert Motion Briefing Schedule. Plaintiff's response to be filed by 1/6/2022; any reply to be filed by 1/20/2022. (Tape #ATT HOST.) (tc) (Entered: 12/09/2021) |

| 01/06/2022 | 198 | RESPONSE to Motion re 193 MOTION to Strike 187 Reply to Response to Motion,,,,,,,, *of R. Christopher Barden* filed by John Doe. (Byler PHV, Philip) (Entered: 01/06/2022) |
| 01/06/2022 | 199 | APPENDIX to 198 Response to Motion by John Doe. (Attachments: # 1 Exhibit Exhibit 1 − Dr. Barden Declaration, # 2 Exhibit Exhibit 2 − Dr. Barden Report, # 3 Exhibit Exhibit 3 − Dr. Barden Declaration, Exhibit A, # 4 Exhibit Exhibit 4 − Deposition Transcript Except of Jacob Amberger, # 5 Exhibit Exhibit 5 − Deposition Transcript Excerpt of Erin Oliver)(Byler PHV, Philip) (Entered: 01/06/2022) |
| 01/20/2022 | 200 | REPLY to Response to Motion re 193 MOTION to Strike 187 Reply to Response to Motion,,,,,,,, *of R. Christopher Barden* filed by Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Jones, Tyler) (Entered: 01/20/2022) |
| 04/04/2022 | 201 | NOTICE by Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim re 177 MOTION for Summary Judgment *of Additional Authority* (Attachments: # 1 Exhibit A)(Kealey, William) (Entered: 04/04/2022) |
| 04/08/2022 | 202 | PLAINTIFF JOHN DOE'S RESPONSE TO DEFENDANTS' NOTICE OF ADDITIONAL AUTHORITY by John Doe to 201 Notice (Other), . (Byler PHV, Philip) (Entered: 04/08/2022) |
| 05/25/2022 | 203 | MOTION for Judgment on the Pleadings *as to Title IX Claim for Damages for Emotional Harm* by Defendant Purdue University. (Kealey, William) (Entered: 05/25/2022) |
| 05/25/2022 | 204 | BRIEF in Support of 203 MOTION for Judgment on the Pleadings *as to Title IX Claim for Damages for Emotional Harm* filed by Purdue University. (Kealey, William) (Entered: 05/25/2022) |
| 06/08/2022 | 205 | RESPONSE to Motion re 203 MOTION for Judgment on the Pleadings *as to Title IX Claim for Damages for Emotional Harm* filed by John Doe. (Attachments: # 1 Exhibit A − Plaintiff John Doe's Fourth Amended Initial Disclosures)(Byler PHV, Philip) (Entered: 06/08/2022) |
| 08/11/2022 | 206 | OPINION AND ORDER: The Court GRANTS in part and DENIES in part Defendants' motion for summary judgment 177 . Plaintiff's due process claim (Count I) is dismissed, while his Title IX claim (Count II) remains pending. DENIES Plaintiff's motion for partial summary judgment 181 . GRANTS Defendants' motion to strike the opinion of Plaintiff's expert 193 . The opinion of Dr. Christopher Barden is excluded from the summary judgment record and may not be used at trial and GRANTS Defendants' motion for judgment on the pleadings 203 . Plaintiff's claim for "emotional and psychological damages" in connection with Count II is dismissed. Signed by Magistrate Judge Joshua P Kolar on 8/11/2022. (mrm) (Entered: 08/11/2022) |
| 08/12/2022 | 207 | MINUTE ORDER: Telephonic Status Conference set for 9/1/2022 09:30 AM (Central time) before Magistrate Judge Joshua P Kolar. Parties are instructed to dial 877−336−1280 and enter access code 3293676# when prompted to join the conference. Approved by Magistrate Judge Joshua P Kolar on 8/12/2022. Text entry order. (tc) (Entered: 08/12/2022) |
| 08/30/2022 | 208 |  |

| | | |
|---|---|---|
| | | MOTION for Reconsideration re <u>206</u> Opinion and Order,,, Terminate Motions,, by Plaintiff John Doe. (Attachments: # <u>1</u> Exhibit A − Declaration of John Doe, # <u>2</u> Exhibit B − John Doe Depo excerpts, # <u>3</u> Exhibit C − Navy Regulations for Officer Development (ROD) 2015 2016, # <u>4</u> Exhibit D − Amberger Depo excerpts)(Byler PHV, Philip) (Entered: 08/30/2022) |
| 08/30/2022 | <u>209</u> | MEMORANDUM in Support of <u>208</u> MOTION for Reconsideration re <u>206</u> Opinion and Order,,, Terminate Motions,, filed by John Doe. (Byler PHV, Philip) (Entered: 08/30/2022) |
| 09/01/2022 | 210 | TELEPHONIC STATUS CONFERENCE held on 9/1/2022, before Magistrate Judge Joshua P Kolar. Pla appeared by atty Philip Byler. Dfts appeared by attys Tyler Jones, William Kealey. Discussion held as to possibility of settlement conference. Parties to file a joint statement by 9/8/2022 in the event all agree to a settlement conference by the presiding judge. Absent such a filing, the case will be referred to another judicial officer for purposes of conducting a settlement conference. Discussion held as to [DE 208] Plaintiff John Doe's Motion for Reconsideration and/or Certification. The Court will not require a response from Defense at this time. The time period to file a response, if any, will be set upon the Court's review of today's hearing. No ruling granting Motion for Reconsideration and/or Certification will issue prior to response, reply if filed, and oral argument. (Tape #ATT HOST 2.1.) (tc) (Entered: 09/01/2022) |
| 09/06/2022 | 211 | ORDER: Defendants are given until September 20, 2022 to file any response to Plaintiff's Motion for Reconsideration [DE 208] and the representations made at the September 1, 2022 telephonic hearing on this matter. Any reply brief due within seven (7) days of the filing of Defendants' response. Approved by Magistrate Judge Joshua P Kolar on 9/6/2022. Text entry order. (tc) (Entered: 09/06/2022) |
| 09/06/2022 | <u>212</u> | TRANSCRIPT of Telephonic Status Conference held on 09/01/2022, before Magistrate Judge Joshua P Kolar. Court Reporter Stacy L. Drohosky, Telephone 219−852−3462, E−mail stacy_drohosky@innd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request − Transcript shall be e−filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 9/15/2022. Redaction Request due 9/27/2022. Redacted Transcript Deadline set for 10/7/2022. Release of Transcript Restriction set |

| | | |
|---|---|---|
| | | for 12/5/2022. (sld) (Entered: 09/06/2022) |
| 09/20/2022 | 213 | RESPONSE to Motion re 208 MOTION for Reconsideration re 206 Opinion and Order,,, Terminate Motions,, filed by Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Jones, Tyler) (Entered: 09/20/2022) |
| 09/26/2022 | 214 | REPLY to Response to Motion re 208 MOTION for Reconsideration re 206 Opinion and Order,,, Terminate Motions,, *Plaintiff's Reply Memorandum of Law in Support* filed by John Doe. (Attachments: # 1 Exhibit Martin SJ Opinion)(Byler PHV, Philip) (Entered: 09/26/2022) |
| 09/27/2022 | 215 | REPLY to Response to Motion re 208 MOTION for Reconsideration re 206 Opinion and Order,,, Terminate Motions,, *CORRECTED Reply Memorandum* filed by John Doe. (Attachments: # 1 Martin SJ Opinion)(Byler PHV, Philip) (Entered: 09/27/2022) |
| 11/22/2022 | 216 | MINUTE ORDER: Oral Arguments re 208 Motion for Reconsideration and/or Certification set for 12/19/2022 09:30 AM (Central time) in US District Court − Hammond before Magistrate Judge Joshua P Kolar. Approved by Magistrate Judge Joshua P Kolar on 11/22/2022. Text entry order. (tc) (Entered: 11/22/2022) |
| 12/19/2022 | 217 | MOTION HEARING re 208 Motion for Reconsideration and/or Certification held on 12/19/2022, before Magistrate Judge Joshua P Kolar. Pla appeared by atty Philip Byler. Dfts appeared by atty William Kealey. Arguments heard. The motion is TAKEN UNDER ADVISMENT. Written order to follow. Settlement conference/jury trial dates to be set by separate order. (Court Reporter Angela Phipps.) (tc) (Entered: 12/19/2022) |
| 12/21/2022 | 218 | ORDER FOR SETTLEMENT CONFERENCE: Settlement Conference set for 2/13/2023 09:30 AM (Central time) via Zoom before Magistrate Judge Joshua P Kolar. Each party shall provide the court with a brief Confidential Settlement Memorandum by January 23, 2023 in pdf format to Kolar_Chambers@innd.uscourts.gov. Signed by Magistrate Judge Joshua P Kolar on 12/21/2022. (tc) (Entered: 12/21/2022) |
| 12/21/2022 | 219 | ORDER: Telephonic Status Conference re settlement conference set for 1/27/2023 09:30 AM (Central time) before Magistrate Judge Joshua P Kolar. Parties are instructed to dial 877−336−1280 and enter access code 3293676# when prompted to join the conference. Approved by Magistrate Judge Joshua P Kolar on 12/21/2022. Text entry order. (tc) (Entered: 12/21/2022) |
| 12/22/2022 | 220 | ORDER: Jury Trial set for 4/24/2023 08:30 AM in US District Court − Hammond before Magistrate Judge Joshua P Kolar. Final Pretrial Conference to be set by separate order. Approved by Magistrate Judge Joshua P Kolar on 12/22/2022. Text entry order. (tc) (Entered: 12/22/2022) |
| 01/05/2023 | 221 | TRANSCRIPT of Motion Hearing, held on December 19, 2022, before Magistrate Judge Joshua P Kolar. Court Reporter Angela Phipps, Telephone 219−852−3616, E−mail angela_phipps@innd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

| | | |
|---|---|---|
| | | **IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request − Transcript shall be e−filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 1/17/2023. Redaction Request due 1/26/2023. Redacted Transcript Deadline set for 2/6/2023. Release of Transcript Restriction set for 4/5/2023. (ap) (Entered: 01/05/2023) |
| 01/27/2023 | 222 | TELEPHONIC STATUS CONFERENCE held on 1/27/2023, before Magistrate Judge Joshua P Kolar. Pla appeared by atty Philip Byler. Dfts appeared by attys Tyler Jones, William Kealey. Upcoming settlement conference discussed. (tc) (Entered: 01/27/2023) |
| 02/13/2023 | 223 | SETTLEMENT CONFERENCE held via Zoom on 2/13/2023, before Magistrate Judge Joshua P Kolar. Pla appeared by atty Philip Byler. Dfts appeared by attys Tyler Jones, William Kealey w/Alysa Rollock and general counsel Steven Schultz. Settlement not reached. (tc) (Entered: 02/13/2023) |
| 02/14/2023 | 224 | OPINION AND ORDER: The Court GRANTS IN PART John Doe's Motion for Reconsideration [DE 208], and DISMISSES Defendants' Amended Counterclaim [DE 161]. The Court DENIES all other relief requested in the motion. Signed by Magistrate Judge Joshua P Kolar on 2/14/2023. (tc) (Entered: 02/14/2023) |
| 02/14/2023 | 225 | ORDER: Final Pretrial Conference set for 3/7/2023 at 11:00 AM (Central time) via Zoom before Magistrate Judge Joshua P Kolar. Approved by Magistrate Judge Joshua P Kolar on 2/14/2023. Text entry order. (tc) (Entered: 02/14/2023) |
| 02/15/2023 | 226 | MOTION to reset *Final Pretrial Conference* by Defendant Purdue University. (Kealey, William) (Entered: 02/15/2023) |
| 02/15/2023 | 227 | RESPONSE to Motion re 226 MOTION to reset *Final Pretrial Conference* filed by John Doe. (Byler PHV, Philip) (Entered: 02/15/2023) |
| 02/16/2023 | 228 | ORDER: The Court GRANTS 226 Motion to Reschedule Final Pretrial Conference. the Final Pretrial Conference set for 3/7/2023 is RESET to 3/14/2023 at 01:00 PM via Zoom before Magistrate Judge Joshua P Kolar. Approved by Magistrate Judge Joshua P Kolar on 2/16/2023. Text entry order. (tc) (Entered: 02/16/2023) |
| 02/17/2023 | 229 | NOTICE of Case Opening for Writ of Mandamus case# 23−1310. (rmf) (Entered: 02/23/2023) |
| 02/17/2023 | 230 | CIRCUIT RULE 3(b) NOTICE. (rmf) (Entered: 02/23/2023) |
| 03/02/2023 | 231 | |

| | | |
|---|---|---|
| | | USCA Notice of fee payment. Fee Amount: $500.00 Receipt Number: A07−45306−945. 2 7293047 [23−1310]. (rmf) (Entered: 03/03/2023) |
| 03/06/2023 | 232 | ORDER of USCA − IT IS ORDERED that the petition for writ of mandamus is DENIED. (rmf) (Entered: 03/06/2023) |
| 03/07/2023 | 233 | NOTICE by Purdue University Board of Trustees *of Plaintiff's Refusal to Supplement* (Attachments: # 1 Exhibit A − Letter to Plaintiff's counsel to supplement, # 2 Exhibit B − Email to Plaintiff's Counsel)(Jones, Tyler) (Entered: 03/07/2023) |
| 03/14/2023 | 234 | FINAL PRETRIAL CONFERENCE held via Zoom on 3/14/2023, before Magistrate Judge Joshua P Kolar. Pla appeared by atty Philip Byler. Dfts appeared by attys William Kealey, Tyler Jones. Motions in Limine, Proposed Jury Instructions, Proposed Voir Dire Questions, Proposed Pretrial order shall be prepared and filed by 3/21/2023. Pltf to provide Dft with document re expert opinion addressed during conference by 3/21/2023; any related disputes to be presented to the Court by 3/28/2023. Pltf to supplement previous discovery responses re 233 Notice of Plaintiff's Refusal to Supplement by 3/16/2023. Absent an agreement from the parties, Defense to create first draft of proposed pretrial order, Pltf to create first draft of proposed jury instructions, and exchange such documents by 3/16/2023. Parties required to schedule a time with courtroom deputy at teresa_castillo@innd.uscourts.gov in order to familiarize themselves with courtroom technology prior to trial. (Tape #FTR GOLD.) (tc) (Entered: 03/14/2023) |
| 03/21/2023 | 235 | MOTION in Limine *for Exclusion of Inadmissible Facts, Contentions & Arguments* by Defendant Purdue University Board of Trustees. (Attachments: # 1 Exhibit A − Plaintiff's Answer to INT No. 15, # 2 Exhibit B − Smith Report, # 3 Exhibit C − Stokes Brief & Smith Report, # 4 Exhibit D − Barden Expert Report)(Kealey, William) (Entered: 03/21/2023) |
| 03/21/2023 | 236 | Proposed Voir Dire by Purdue University Board of Trustees. (Kealey, William) (Entered: 03/21/2023) |
| 03/21/2023 | 237 | Preliminary Proposed Jury Instructions by Purdue University Board of Trustees. (Kealey, William) (Entered: 03/21/2023) |
| 03/21/2023 | 238 | Final Proposed Jury Instructions by Purdue University Board of Trustees. (Kealey, William) (Entered: 03/21/2023) |
| 03/21/2023 | 239 | Proposed Pretrial Order *Joint Final Pretrial Order* by Purdue University. (Kealey, William) (Entered: 03/21/2023) |
| 03/28/2023 | 240 | MOTION to Strike *Motion to Exclude Barden Opinions* by Defendant Purdue University Board of Trustees. (Attachments: # 1 Exhibit A1, # 2 Exhibit A2, # 3 Exhibit B1, # 4 Exhibit B2)(Kealey, William) (Entered: 03/28/2023) |
| 03/30/2023 | 241 | MOTION to Place in the Trial Record Defendants' Admissions from their Answer to the Second Amended Complaint by Plaintiff John Doe. (Attachments: # 1 Exhibit A − Admissions in Defendants Answer, # 2 Exhibit B − Answer (ECF161), # 3 Exhibit C − Second Amended Complaint (ECF160))(Byler PHV, Philip) (Entered: 03/30/2023) |
| 04/04/2023 | 242 | RESPONSE to Motion re 235 MOTION in Limine *for Exclusion of Inadmissible Facts, Contentions & Arguments* filed by John Doe. (Attachments: # 1 Exhibit A − Doe v. Purdue Opinion of the Seventh Circuit, June 28, 2019, # 2 Exhibit B − Re−Argument Transcript, December 19, 2022, # 3 Exhibit C − Johns |

| | | |
|---|---|---|
| | | Supplementation, March 16, 2023, # 4 Exhibit D − Johns Memorandum of Law for Due Process Summary Judgment, # 5 Exhibit E − Johns Memorandum of Law In Opposition To Defendants Motion For Summary Judgment, # 6 Exhibit F − Plaintiffs Reply Memorandum of Law in Further Support of Johns Motion for Due Process Summary Judgment, # 7 Exhibit G − John Doe Deposition tr., # 8 Exhibit H − Rodney Hutton Deposition tr., # 9 Exhibit I − Noel Perry Deposition, # 10 Exhibit J − Dr. Stan V. Smith Report, # 11 Exhibit K − Chart of Cases Where Dr. Smiths testimony on hedonic damages admitted, # 12 Exhibit L − Stokes opposition to exclusion in Stokes v. John Deere Seeding Grp.,, # 13 Exhibit M − Revised Barden Report, March 16, 2023, # 14 Exhibit N − Snapchat Listing Exhibit, # 15 Exhibit O − Plaintiff John Does Mother Deposition tr., # 16 Exhibit P − Plaintiff John Does Father Deposition tr., # 17 Exhibit Q − Plaintiff John Does Roommate Deposition tr., # 18 Exhibit R − Plaintiff Fourth Amended Rule 26 Disclosure Statement, # 19 Exhibit S − Hutton Deposition Ex. I, Pl Opp DSJ Hutton Ex. I (NSTC 0005−0006), # 20 Exhibit T − John Declaration, February 18, 2021, # 21 Exhibit U − SJM 33 02.16.2016 Student of Concern Report (PU 32−33), # 22 Exhibit V − Sermersheim Deposition tr, # 23 Exhibit W − Oliver Deposition tr., # 24 Exhibit X − Amberger Deposition tr)(Byler PHV, Philip) (Entered: 04/04/2023) |
| 04/06/2023 | 243 | Joint MOTION to Vacate *Trial Date and Refer the Parties to Magistrate Judge Rodovich for Judicial Settlement Conference* by Defendants Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim, Counter Claimant Purdue University Board of Trustees. (Kealey, William) (Entered: 04/06/2023) |
| 04/06/2023 | 244 | ORDER: Telephonic Status Conference re 243 Joint Motion to Vacate Trial Date and Refer the Parties to Magistrate Judge Rodovich for Judicial Settlement Conference set for 4/11/2023 10:30 AM (Central time) before Magistrate Judge Joshua P Kolar. The Court intends to vacate the trial setting during the conference. Parties are instructed to dial 877−336−1280 and enter access code 3293676# when prompted to join the conference. Approved by Magistrate Judge Joshua P Kolar on 4/6/2023. Text entry order. (tc) Modified on 4/6/2023 to edit text(tc). (Entered: 04/06/2023) |
| 04/11/2023 | 245 | RESPONSE to Motion re 240 MOTION to Strike *Motion to Exclude Barden Opinions* filed by John Doe. (Attachments: # 1 Exhibit A − Dr. Bardens report dated March 16, 2023, # 2 Exhibit B − Erin Oliver Deposition tr 9, 19, 23, 32−33, 52, 68−71, 102, # 3 Exhibit C − Jacob Amberger Deposition tr 9−10, 47−48, 57, # 4 Exhibit D − John Doe Deposition tr. 21−22, 104−105, 113−124, 185−188, # 5 Exhibit E − Df. Answer)(Byler PHV, Philip) (Entered: 04/11/2023) |
| 04/11/2023 | 246 | TELEPHONIC STATUS CONFERENCE held on 4/11/2023, before Magistrate Judge Joshua P Kolar. Pla appeared by atty Philip Byler. Dfts appeared by attys Tyler Jones, William Kealey. The 243 Joint Motion to Vacate Trial Date and Refer the Parties to Magistrate Judge Rodovich for Judicial Settlement Conference is GRANTED. The Jury Trial set for 4/24/2023 before Magistrate Judge Joshua P Kolar is VACATED. This matter is REFERRED to Magistrate Judge Andrew P Rodovich to conduct a settlement conference. All pending motions are STAYED pending the settlement conference. New trial date to be set by separate order. (Tape #ATT HOST 2.) (tc) (Entered: 04/11/2023) |
| 04/11/2023 | | Magistrate Judge Andrew P Rodovich added. (tc) (Entered: 04/12/2023) |
| 04/12/2023 | 247 | MOTION to Withdraw as Attorney *Tyler L. Jones* by Defendants Jacob Amberger, Mitchell Elias Daniels, Jr., Erin Oliver, Purdue University, Purdue University Board |

| | | |
|---|---|---|
| | | of Trustees, Alysa Christmas Rollock, Katherine Sermersheim, Counter Claimant Purdue University Board of Trustees. (Jones, Tyler) (Entered: 04/12/2023) |
| 04/12/2023 | 248 | ORDER: Telephonic Status Conference set for 4/28/2023 10:30 AM (Central time) before Magistrate Judge Andrew P Rodovich for the purpose of scheduling a settlement conference. Parties are instructed to dial 877−336−1274 and enter access code 4620540# when prompted to join the conference. By Magistrate Judge Andrew P Rodovich on 4/12/2023. Text entry only. (tc) (Entered: 04/12/2023) |
| 04/12/2023 | 249 | ORDER: The Court GRANTS 247 Motion to Withdraw. The appearance of Attorney Tyler L. Jones for Defendants is WITHDRAWN. Approved by Magistrate Judge Joshua P Kolar on 4/12/2023. Text entry order. (tc) (Entered: 04/12/2023) |
| 04/28/2023 | 250 | TELEPHONIC STATUS CONFERENCE held on 4/28/2023, before Magistrate Judge Andrew P Rodovich. Pla appeared by atty Philip Byler. Dfts appeared by atty William Kealey. Settlement Conference set for 6/7/2023 09:00 AM (Central time) via Zoom before Magistrate Judge Andrew P Rodovich. Plaintiff and a representative of defendants with settlement authority must appear at the settlement conference. Please email confidential settlement statements no later than 5 days prior to Rodovich_Chambers@innd.uscourts.gov. (tc) (Entered: 04/28/2023) |
| 06/07/2023 | 251 | SETTLEMENT CONFERENCE held via Zoom on 6/7/2023, before Magistrate Judge Andrew P Rodovich. Pla appeared w/attys Philip Byler, Andrew Miltenberg. Dfts appeared by atty William Kealey w/Alysa Rollock and general counsel Steven Schultz. Settlement not reached. (tc) (Entered: 06/07/2023) |
| 06/07/2023 | | Magistrate Judge Andrew P Rodovich no longer assigned to case. (tc) (Entered: 06/07/2023) |
| 06/27/2023 | 252 | MOTION to Withdraw as Attorney by Plaintiff John Doe. (Attachments: # 1 Exhibit A − Discharge Email)(Miltenberg PHV, Andrew) (Entered: 06/27/2023) |
| 06/28/2023 | 253 | ORDER: The Court SETS this matter for a telephonic hearing on 7/5/2023 at 10:30 AM (Central time) before Magistrate Judge Joshua P Kolar. Parties are instructed to dial 877−336−1280 and enter access code 3293676# when prompted to join the conference. Attorneys Byler and Miltenberg are ORDERED to attend. Plaintiff's counsel are ORDERED to notify Plaintiff of the hearing. The hearing may be vacated if the status of Plaintiff's representation is clarified. Approved by Magistrate Judge Joshua P Kolar on 6/28/2023. Text entry order. (tc) (Entered: 06/28/2023) |
| 07/03/2023 | 254 | RESPONSE to Motion re 252 MOTION to Withdraw as Attorney *Notice of Appearance, Declarations* filed by John Doe. (Attachments: # 1 Affidavit, # 2 Affidavit)(Byler PHV, Philip) (Entered: 07/03/2023) |
| 07/05/2023 | 255 | TELEPHONE CONFERENCE held on 7/5/2023, before Magistrate Judge Joshua P Kolar. Pla appeared w/attys Andrew Miltenberg, Philip Byler. Dfts appeared by atty William Kealey. Without objection, the Court GRANTS 252 Motion for Leave to Withdraw as Counsel. The appearance of Attorney Andrew T. Miltenberg on behalf of Plaintiff is WITHDRAWN. In the event fees or expenses are sought from atty Miltenberg and/or the law firm of Nesenoff & Miltenberg LLP, parties should serve atty Miltenberg with any motions or related filings. (Tape #ATT HOST 1.) (tc) (Entered: 07/05/2023) |
| 07/05/2023 | 256 | NOTICE by John Doe *Notice of Lien* (Miltenberg PHV, Andrew) (Entered: 07/05/2023) |

| 07/09/2023 | 257 | MOTION to Disqualify Judge by Plaintiff John Doe. (Attachments: # 1 Affidavit, # 2 Affidavit)(Byler PHV, Philip) (Entered: 07/09/2023) |
| 07/19/2023 | 258 | RESPONSE to Motion re 257 MOTION to Disqualify Judge *Kolar* filed by Mitchell Elias Daniels, Jr., Purdue University, Purdue University Board of Trustees, Alysa Christmas Rollock, Katherine Sermersheim. (Kealey, William) (Entered: 07/19/2023) |
| 07/20/2023 | 259 | MINUTE ORDER (text entry only): Plaintiffs pending motion 257 will be promptly addressed after the briefing period outlined in N. D. Ind. L. R. 7−1(d)(3). Approved by Magistrate Judge Joshua P Kolar on 7/20/23. (efc) (Entered: 07/20/2023) |
| 07/25/2023 | 260 | REPLY to Response to Motion re 257 MOTION to Disqualify Judge *Kolar* filed by John Doe. (Byler PHV, Philip) (Entered: 07/25/2023) |
| 08/14/2023 | 261 | OPINION AND ORDER: John Does Motion to Recuse 257 is DENIED. Signed by Magistrate Judge Joshua P Kolar on 8/14/2023. (ash) (Entered: 08/14/2023) |
| 08/14/2023 | 262 | ORDER: Jury Trial set for 11/28/2023 08:30 AM in US District Court − Hammond before Magistrate Judge Joshua P Kolar. The Final Pretrial Conference and hearing on outstanding motions will be scheduled at the convenience of the parties and the court. Approved by Magistrate Judge Joshua P Kolar on 8/14/2023. Text entry order. (tc) (Entered: 08/14/2023) |
| 08/22/2023 | 263 | NOTICE of Appearance by Philip A Byler PHV on behalf of All Plaintiffs (Byler PHV, Philip) (Entered: 08/22/2023) |
| 08/22/2023 | 264 | NOTICE of Appearance by Philip A Byler PHV on behalf of All Plaintiffs (Byler PHV, Philip) (Entered: 08/22/2023) |
| 08/24/2023 | 265 | NOTICE of Appearance by Philip A Byler PHV on behalf of All Plaintiffs (Byler PHV, Philip) (Entered: 08/24/2023) |
| 08/25/2023 | 266 | NOTICE of Change of Address/Contact Information (Byler PHV, Philip) (Entered: 08/25/2023) |
| 09/07/2023 | 267 | NOTICE OF APPEAL as to 261 Opinion and Order, Terminate Motions, filed by Plaintiff John Doe. Filing fee $ 505, receipt number AINNDC−5347790. (Byler PHV, Philip) (Entered: 09/07/2023) |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
|       Plaintiff, | ) | |
| | ) | |
|   v. | ) | CAUSE NO.: 2:17-CV-33-JPK |
| | ) | |
| PURDUE UNIVERSITY, *et al.*, | ) | |
|       Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff John Doe's "Motion to Recuse" the undersigned pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. [DE 257]. The motion is fully briefed. For the reasons described below, the motion is denied.

**BACKGROUND**

John filed this lawsuit alleging that his constitutional and federal statutory rights were violated when Purdue University suspended him after an investigation into a former girlfriend's accusation of sexual misconduct. The underlying facts are set forth in previous opinions and orders in the case.[1] For present purposes, the Court briefly sets forth relevant procedural history.

The previous magistrate judge assigned to the case dismissed John's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally sufficient claim for relief. In an opinion and order authored by then-Judge Amy Coney Barrett, the Seventh Circuit Court of Appeals reversed the dismissal order, finding that John had alleged facts sufficient to support claims under both the Fourteenth Amendment and Title IX. *See Doe v. Purdue Univ.*, 928 F.3d

---

[1] *See Doe v. Purdue Univ.*, No. 2:17-CV-33-JPK, 2022 WL 3279234 (N.D. Ind. Aug. 11, 2022)*, on reconsideration in part,* No. 2:17-CV-33-JPK, 2023 WL 1991698 (N.D. Ind. Feb. 14, 2023)*; Doe v. Purdue Univ.*, No. 2:17-cv-33-JPK, 2020 WL 2542674 (N.D. Ind. May 19, 2020); *Doe v. Purdue Univ.*, 281 F. Supp. 3d 754 (N.D. Ind. 2017), *rev'd*, 928 F.3d 652 (7th Cir. 2019).

652 (7th Cir. 2019). Upon remand for further proceedings, the case was reassigned to the undersigned magistrate judge, with the consent of the parties. *See* 28 U.S.C. § 636(c); [DE 40, 41].

A protracted discovery period ensued, during which numerous motions were filed and ruled upon, including another motion to dismiss. This was followed by a motion for judgment on the pleadings and cross-motions for summary judgment. On August 11, 2022, the undersigned entered an opinion and order granting summary judgment in favor of Purdue[2] on John's Fourteenth Amendment due process claim, while allowing John's Title IX claim to move forward to trial. [DE 206]. John filed a motion for reconsideration and, in the alternative, to permit an interlocutory appeal. Oral argument was held. In an opinion and order entered on February 14, 2023, the undersigned denied reconsideration of John's due process claim, concluding that John had not identified a manifest error of fact or law, and that the case did not meet the applicable standard for certification of an interlocutory appeal. [DE 224]. John then filed a petition for writ of mandamus with the Seventh Circuit, seeking to challenge the due process ruling before trial on the Title IX claim. *In re: John Doe*, Case No. 23-1310 (7th Cir. Feb. 17, 2023). The Seventh Circuit denied John's petition on March 6, 2023. *Doe*, Case No. 23-1310 (Doc. 3).

The undersigned also held a settlement conference on February 13, 2023, which was unsuccessful. A trial on John's Title IX claim was set for April 24, 2023, and the pretrial conference was held on March 14, 2023. The trial date was vacated, however, when the parties filed a joint motion to refer the case to a different magistrate judge for another settlement conference. That second settlement conference was held on June 7, 2023, but no settlement was reached. On July 5, 2023, the Court granted a motion to withdraw the appearance of one of John's attorneys at a telephonic status conference. On July 9, 2023, John filed the instant recusal motion.

---

[2] References to Purdue University include the individual defendants as well.

2

## DISCUSSION

John argues the undersigned should be recused because his "impartiality might reasonably be questioned" (28 U.S.C. § 455(a)), and he has a "personal bias or prejudice" (28 U.S.C. § 144) either against John or in favor of Purdue. [DE 257-1 at 2]. The asserted grounds for this contention include: (1) the undersigned's rulings on various motions filed in the case, especially the summary judgment ruling in favor of Purdue on John's due process claim; (2) the undersigned's handling of various discovery disputes, especially one involving the deletion of Snapchat data [DE 133]; (3) statements purportedly made by the undersigned during the February 13, 2023, settlement conference; and (4) John's mandamus petition[3] asking the Seventh Circuit to remand the case to an Article III District Judge for reconsideration of summary judgment on his due process claim and for trial.[4]

John's recusal motion is brought pursuant to two statutory provisions: 28 U.S.C. § 455, and 28 U.S.C. § 144. *See* [DE 257]. Section 455 provides in relevant part as follows:

> § 455. Disqualification of justice, judge, or magistrate judge
>
> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he as a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; ….

---

[3] John's Petition For A Writ of Mandamus is not part of the record, but since John relies on it in his recusal motion, the undersigned cites to it here. *See In re: John Doe*, Case No. 23-1310, Doc. 1-1 (7th Cir. Feb. 17, 2023).

[4] In addressing each matter, the undersigned will disregard inflammatory accusations in John's counsel's declaration made without factual content. *E.g.,* [DE 257-1 at 2 (asserting that the undersigned "has made common cause with Purdue counsel to frustrate Plaintiff John Doe's effort to vindicate his due process and Title IX rights and to undermine and eviscerate [current Supreme Court] Justice Barrett's opinion in this case"); *id.* at 4 (asserting that the history of the case shows the undersigned "kowtowing to Purdue and its implacable public rejection of Justice Barrett's nationally significant opinion"); *id.* at 7 (asserting that the undersigned's rulings are "propaganda pieces for Purdue")].

3

Section 144 is similar, and provides as follows:

> § 144. Bias or prejudice of judge
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Before addressing the substance of the allegations, the Court first turns to a threshold matter for the § 144 challenge, timeliness. A § 144 affidavit is untimely unless filed "at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for [] disqualification." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993). John's allegations of bias are premised on a series of events over the four years the undersigned has overseen this case, most recently the February 13, 2023, settlement conference, and John's February 17, 2023, petition for a writ of mandamus. Even granting John the benefit of the doubt, by counting from the most relevant recent event,[5] the motion is almost five months late. *See United States v. Betts-Gaston*, 860 F.3d 525, 538 (7th Cir. 2017) ("The two affidavits defense counsel filed address events . . . four months before the filing. Those allegations were not timely."); *Sykes*, 7 F.3d at 1339 (affidavit filed "[t]wo months after the allegedly prejudicial statement" was untimely); *United States v.*

---

[5] Counsel's affidavit also discusses the July 5, 2023 status conference, during which the undersigned mentioned a July 2, 2021, opinion imposing sanctions against John for violating discovery orders. *See* [DE 257-1, ¶ 20]. While John and counsel restate their disagreement with the sanctions, there were no new facts at the July 5 conference "demonstrating the [alleged] basis for . . . disqualification." *Sykes*, 7 F.3d at 1339; *see also* [DE 260 ¶ 6] (John's argument that the motion is timely because of "facts giving rise to the recusal motion" occurring, most recently, in February 2023).

*Barnes*, 909 F.2d 1059, 1072 (7th Cir. 1990). It appears that John's § 144 challenge comes too late.[6] However, the Court will address the substance of John's motion in the context of both § 455 and § 144.

The Supreme Court considered both § 455 and § 144 in *Liteky v. United States,* 510 U.S. 540 (1994). The Court held that the "impartiality" language in § 455(a) amounts to a "'catchall' recusal provision, covering both 'interest or relationship' and 'bias or prejudice' grounds" for recusal. *Id.* at 548. Specific "interest or relationship" grounds for recusal are set out in subsections (b)(2)-(b)(5) of the statute, but none of those have been raised as a basis for recusal here. Instead, John alleges bias or prejudice as the reason the undersigned should recuse from the trial of this case. "Bias or prejudice" as a ground for recusal is expressly mentioned in § 455(b)(1) and § 144. Because the phrase "bias or prejudice" in § 144 "mirrors the language of" § 455(b)(1), *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000), "judicial interpretations of 'personal bias or prejudice' under § 144 [are] equally applicable to § 455(b)(1)." *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985).

John cites only subsection (a) of § 455 as a basis for his § 455 argument, and does not cite subsection (b)(1). As noted, the Supreme Court has interpreted the impartiality standard in § 455(a) as encompassing the concept of "bias or prejudice" expressly found in § 455(b)(1). *See Liteky,* 510 U.S. at 553 n.2 (explaining that "subsection (a) has a broader reach than subsection (b), but that

---

[6] Further, the statute requires the affidavit to be "accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. There is commentary in counsel's affidavit about "not relish[ing]" making the motion and doing so based on counsel's "professional opinion." [DE 257-1 ¶ 8]; *see also* [*id.* ¶ 3 (stating that the motion "is being made upon serious reflection")]. But counsel did not file a good faith certificate. Because § 144 is "a powerful tool that could easily be abused," its procedural requirements are strictly enforced. *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020). As a result, the failure to file the required good faith certification may be alternative grounds for denying the motion. *See Betts-Gaston*, 860 F.3d at 537-38 ("There is no [ ] certificate [from counsel of record] here. Counsel filed h[is] own affidavit, which is not sufficient.").

the provisions obviously have some ground in common as well, and should not be applied inconsistently" (internal quotation marks and citation omitted)). In short, for the same reasons that recusal is or is not required under § 455(b)(1) and § 144, it is or is not required under § 455(a). Accordingly, the undersigned's discussion going forward applies to all three recusal provisions. *See id*. at 548 (explaining that subsections (a) and (b)(1) of § 455 "br[ing] into § 455 elements of general 'bias and prejudice' recusal that had previously been addressed only by § 144").

"Bias or prejudice" under all three recusal provisions is "to be evaluated on an *objective* basis." *Id.* (emphasis in original). In general, what matters "is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal [is] required whenever impartiality might reasonably be questioned." *Id*. at 548 (quoting *Liljeberg v. Health Servs. Acquisition Corp*., 486 U.S. 847 (1988)). For a party "to successfully seek [a judge's] recusal, he must show an objective, disinterested observer fully informed of the reasons for seeking recusal would entertain a significant doubt that justice would be done in the case." *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020) (internal quotation marks and citations omitted). That analysis is properly performed by the judge whose disqualification is sought. *See United States v. Perez*, 956 F.3d 970, 974 (7th Cir. 2020) (noting that § 455 expressly refers to the judge "disqualify[ing] himself"); *Watford v. LaFond*, 725 F. App'x 412, 414 (7th Cir. 2018) (rejecting the argument that § 144 "required the district judge to refer the recusal motion to a different judge"); *Balistrieri*, 779 F.2d at 1199-1200, 1202-03; *Cohee v. McDade*, 472 F. Supp. 2d 1082, 1084 (S.D. Ill. 2006) (citing *Balistrieri*).

John's argument implicates the "extrajudicial source" doctrine. That doctrine, in its "classic formulation," required that, for the alleged bias and prejudice to be disqualifying, it had to "stem from an extrajudicial source." *Liteky*, 510 U.S. at 544 (quoting *United States v. Grinnell Corp.*,

6

384 U.S. 563, 583 (1966)). In *Liteky*, however, the Supreme Court clarified that "extrajudicial source" does not necessarily mean "extrinsically acquired bias," as opposed to "court-acquired" bias. *Id.* at 550. Thus, John's counsel is correct in quoting *Liteky* for the proposition that "[e]stablishing an extrajudicial source of bias 'is not a *necessary* condition for bias or prejudice recusal.'" [DE 257-1 ¶ 11 (quoting *Liteky*, 510 U.S. at 554 (emphasis in original; internal quotation marks omitted)]. But neither are all unfavorable dispositions, whether based on extrajudicial matters or in-court matters, biased or prejudicial. Instead, the words "bias or prejudice" refer to specific kinds of unfavorable dispositions. *Liteky,* 510 U.S. at 551. The difference between unfavorable dispositions that are biased and prejudicial, and those that are not, is that the former "connote a favorable or unfavorable disposition or opinion *that is somehow wrongful or inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess." *Id.* (emphasis added).[7]

John does not argue that the disputed decisions rest on knowledge that the undersigned ought not to possess. Instead, John's arguments fall into the first category of bias or prejudice: that the "unfavorable" rulings and statements in question are "undeserved." But as John acknowledges [DE 257-1 ¶ 11], the alleged bias or prejudice must be "*so extreme as to display clear inability to render fair judgment*," also referred to in the pre-*Liteky* case law as the "'pervasive bias' exception to the 'extrajudicial source' doctrine." *Liteky*, 510 U.S. at 551 (emphasis added); *see also id.* at 550 (undeserved bias or prejudice must be "excessive in degree (for example, a criminal juror who is so inflamed by properly admitted evidence of a defendant's prior criminal activities that he will

---

[7] *Liteky* held that this interpretation of the term "bias and prejudice" applies equally to § 455(a), even though that provision uses the term "impartiality" instead. As the Supreme Court explained, "there is an equivalent pejorative connotation, with equivalent consequences, to the term 'partiality.' … 'Partiality' does not refer to all favoritism, but only to such as is, for some reason, wrongful or inappropriate." *Liteky*, 510 U.S. at 552 (quoting AMERICAN HERITAGE DICTIONARY 1319 (3d ed. 1992) ("partiality" defined as "[f]avorable prejudice or bias")).

vote guilty regardless of the facts)"). And the Supreme Court and Seventh Circuit have stressed that predispositions of a judge based on the proceedings themselves will "rarely" fall into this "extreme" category. *Id.* at 555; *see Barr*, 960 F.3d at 920. Applying the above principles to the matters cited by John and his counsel, the undersigned concludes that none require the undersigned to recuse from this case.

### 1. Disagreement with previous opinions

Most of the moving papers are dedicated to John and his counsel's disagreement with three opinions entered by the undersigned: the July 2, 2021, opinion sanctioning John for violating discovery orders [DE 168]; the August 11, 2022, opinion addressing the parties' summary judgment motions [DE 207]; and the February 14, 2023, opinion on John's motion to reconsider the summary judgment opinion [DE 224]. *See* [DE 257-1 ¶¶ 12, 16-50]. John has raised most of these arguments before, and the matters need not be relitigated here. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. … [T]hey … can only *in the rarest circumstances* evidence the degree of favoritism or antagonism required …. Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555 (emphasis added); *see also Montgomery v. Vill. of Posen*, 711 F. App'x 343, 345 (7th Cir. 2018) ("[J]udges' adverse rulings or expressions of doubts about the strength of a case do not establish bias or partiality."); *In re City of Milwaukee*, 788 F.3d 717, 722 (7th Cir. 2015) ("[F]ederal judges sometimes make mistakes or see factual or legal issues differently."). John's disagreement with the undersigned's decisions – no matter how vehement or how colorfully described – does not demonstrate "personal bias or prejudice," nor does it constitute a reasonable basis to question the undersigned's impartiality.

8

John asserts that he is not relying upon the mere fact of adverse rulings but upon the manifestations of "judicial predispositions that go beyond what is normal and acceptable," and show a case of "pervasive bias." [DE 257-1, ¶ 12]. In particular, he asserts that the undersigned "mishandl[ed] the law" and "misstat[ed] the factual record," "in a way an impartial judge would not do." [*Id.*]. But if the undersigned did those things, John will be vindicated when he appeals a final judgment in this case to the Seventh Circuit. The concept of "impartiality" cannot be stretched to encompass an argument that the undersigned simply got it wrong (as in a mistaken interpretation of the law or facts, not as in based on "wrong*ful*" considerations). Perhaps in theory the concept exists of getting it so wrong that the wrongness becomes wrong*ful*, and thus, biased and prejudiced; but if it does, John's arguments do not demonstrate its application here.[8]

More generally, John's counsel complains that the undersigned has "adopted Purdue's arguments" in all but one of the eight opinions issued in this case since the Seventh Circuit's remand. [DE 257-1 ¶ 14]. That overlooks several issues where the undersigned ruled in John's favor, including most significantly, denying Purdue's motion for summary judgment on John's Title IX claim. *See* [DE 206 at 18-23]. John repeatedly argues that the undersigned's decisions violated his "Title IX rights" as well as U.S. Department of Education regulations under Title IX,

---

[8] The crux of John's argument that the undersigned got it wrong is that the summary judgment ruling is supposedly contrary to the Seventh's Circuit's ruling on the allegations of the complaint. The issue turns on the following language in the opinion: "John's case is different. He does not claim simply that he might someday have to self-publish the guilty finding to future employers. Instead, John says that he had an obligation to authorize Purdue to disclose the proceedings to the Navy." 928 F.3d at 662. The passage, however, clearly begins with a statement of what John did "not claim" and "[i]nstead … sa[id]" (i.e., *alleged*). The court was required to accept as true what John alleged at the motion to dismiss stage. At the summary judgment stage, however, to avoid the entry of judgment on his deprivation of liberty claim, John was required to not just *allege* that he had an obligation to authorize Purdue to disclose the proceedings to the Navy; he needed to provide evidence of that allegation sufficient for a reasonable jury to rule in his favor on it. That the undersigned found against John based on the evidence in the record at the summary judgment stage does not mean that the undersigned contradicted a higher court's ruling in the context of a motion to dismiss and thereby engaged in "insubordinate pettifoggery." [DE 257-1 ¶ 26]. Indeed, John argues at length about evidence that he believes supports his view that he was compelled to disclose the investigation to the Navy, *see, e.g.*, [*id.* at ¶¶ 27-35], which shows that the issue ultimately turns on *evidentiary facts*, not allegations or issues of law resolved by the Seventh Circuit.

9

*see* [DE 257-1 ¶¶ 2, 24], but the summary judgment order *denied* Purdue relief from that claim, allowing it to proceed to trial.

Regardless, an alleged pattern of rulings against one party does not itself demonstrate bias. "Bias . . . must be grounded in some form of personal animus that the judge harbors against the litigant." *Barr*, 960 F.3d at 920. It "cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's view of the law[.]" *McLaughlin v. Union Oil Co. of Cal.*, 869 F.2d 1039, 1047 (7th Cir. 1989); *see, e g., Epstein v. Epstein*, No. 14 C 8431, 2017 WL 3168975, at *2-3 (N.D. Ill. July 26, 2017) ("The plaintiff prefaces this chronology with his conclusion that 'both judges have consistently ruled against me and blocked my progress at every turn.' . . . A more complete review of the docket reveals a number of additional rulings benefitting the plaintiff. Moreover, bias is not simply a matter of counting rulings against you and rulings in your favor.").

Beyond his disagreement with various opinions, counsel infers bias from "reasonable case-management decisions" (*United States v. Clinton*, No. 22-1130, 2023 WL 4446689, at *2 (7th Cir. July 11, 2023)), and misunderstandings of the applicable rules. For example, counsel infers bias from a proposed order that Purdue's counsel e-mailed to chambers. At a status conference, the undersigned explained that proposed orders are permitted under applicable rules, and the Court routinely accepts them. John objected to the length of the proposed order; in response, the undersigned allowed the parties to make additional filings on the pending motion. *See* [DE 67]. Nonetheless, counsel concludes without any factual support that "Purdue's action seems to shed light on [the undersigned's] later opinions." [DE 257-1 ¶ 15].

Counsel also accuses the undersigned of a "partisan slip" in the summary judgment opinion, since the opinion "repeated the allegations of [complainant Jane Doe] when in fact she

never testified. Proof is needed. Jane's allegations were not and are not proof." [*Id*. ¶ 39]. The undesigned analyzed John's summary judgment motion by the applicable standard, which includes considering the evidence in the light most favorable to the non-movant, regardless of whether the underlying facts are "proven." *See* [DE 206 at 14-16]. The summary judgment ruling never assumed that Jane "testified," but described witness testimony and written records indicating that Jane reported to Purdue that John had sexually assaulted her, including John's own response to those allegations. *See* [*Id*. at 2-6]. The undersigned considered this along with other evidence, and ultimately concluded: "Without assessing the truth of these facts, this evidence creates a genuine issue of fact precluding summary judgment for John." [*Id*. at 15-16]. That decision does not resolve whether Purdue's investigation was adequate under all applicable laws, or whether Purdue was correct to suspend John. Whether Purdue's investigation violated John's rights remains an issue in the case through John's Title IX claim.

Essentially, John and counsel allege that almost every substantive decision that went against them over the past four years was the result of bias. Such arguments demonstrate why "[a]n objective standard is essential [to § 455(a)] . . . Because some people see goblins behind every tree, a subjective approach would approximate automatic disqualification." *Matter of Mason*, 916 F.2d 384, 386 (7th Cir. 1990); *see In re Sherwin-Williams Co.*, 607 F.3d 474, 477-78 (7th Cir. 2010) ("That [a person] focusing only on one aspect of the story[] might perceive a risk of bias is irrelevant."). And the argument ignores that the alleged bias or prejudice must be based on consideration of some *wrongful* or *inappropriate* matter. John disagrees with the decisions, but he does not show a wrongful or inappropriate basis for those decisions, and thus has not shown bias or prejudice within the meaning of either § 455 or § 144.

11

**2.      Discovery disputes**

John alludes to a number of discovery disputes, including Purdue's motion seeking sanctions for spoliation of evidence. If anything, John's recitation of the facts behind the spoliation motion shows that the issue was litigated and resolved based on factual and legal considerations that were properly before the Court and not based on any wrongful or inappropriate matter. *See* [DE 257-1 ¶¶ 18-20]. To the extent John points to any perceived criticism of his own actions, in the context of spoliation or any other discovery issue, that also is not a basis for recusal. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555.

The Supreme Court identified one "rare" example of a "deep-seated favoritism or antagonism" meriting recusal; a judge in a World War I espionage case against German-American defendants said, "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Liteky*, 510 U.S. at 558 (quoting *Berger v. United States*, 255 U.S. 22, 28 (1921)). Nothing John points to comes anywhere close to that level. Any comments the undersigned might have made in ruling on the parties' discovery disputes were "within the bounds of what imperfect men and women. . .  sometimes display." *Id.* at 555-56. "We do not reward defendants 'for success in baiting the judge,' and we 'allow reasonable latitude for normal human sensitivity' in responding to such provocation." *Betts-Gaston*, 860 F.3d at 534.

12

### 3.    Settlement conference

John and counsel also object to remarks the undersigned allegedly made at the February 13, 2023, settlement conference. Specifically, counsel claims the undersigned "was insistent in telling [John] and his counsel that things were not likely to go our way at trial . . . and strongly urged [John] to take Purdue's offer that was unacceptable to [John]." [DE 257-1 ¶ 13]. John claims the undersigned "told me settling was in my best interest and tried to pressure me into taking a wholly inadequate offer." [DE 257-2 ¶ 14]. Considering the confidential nature of a settlement conference, the undersigned does not corroborate or deny any allegations of specific remarks or discuss anything else from the *ex parte* portions of the conference.

John and counsel do not explain exactly how the undersigned allegedly tried to "pressure" him. The undersigned infers that John disagreed with the undersigned about the chance of success at trial, was unsatisfied with Purdue's offer of settlement, and thus views the alleged suggestion that "settling was in [his] best interest" as improper pressure.[9] But "it is the nature of a settlement conference that in attempting to facilitate a resolution of the case, the judge informs both parties of [his] assessment of the strengths and weaknesses of their respective positions," and may "challenge the plaintiff's opinion" of his own case. *Epstein*, 2017 WL 3168975, at *5. And contrary to counsel's suggestion, the fact that the undersigned "already oversaw a settlement conference" [DE 257-1, ¶ 52] is not itself a reasonable basis to question his impartiality for a jury trial.[10] *See Montgomery v. Vill. of Posen*, No. 14 C 3864, 2017 WL 345547, at *1 (N.D. Ill. Jan.

---

[9] Counsel concludes that the undersigned "seemed determined in seeing John take any sort of deal regardless of fairness." [DE 257-1 ¶ 51]. The settlement discussions will remain confidential, but the record sharply contradicts counsel's suggestion that the undersigned was "determined" for the case to settle in a particular way. In fact, the undersigned explained before the conference that the "default" would be for another judge to conduct it, unless the parties agreed otherwise. [DE 212, 1:13-8:2 (September 1, 2022 status hearing)].

[10] John demanded a jury trial [DE 160 at 1], and the undersigned clarified that if he did oversee the settlement conference, "we certainly will not do a bench trial." [DE 212, 3:7-11].

13

24, 2017), *aff'd*, 711 F. App'x 343 (7th Cir. 2018) ("Conducting a settlement conference—with the attendant *ex parte* communications with both sides—does not demonstrate a judge holds a bias toward either party . . . Similarly, any discussion of the merits of the parties' respective cases during those discussions does not show partiality."); *see also Bhatti v. Cnty. of Sacramento*, No. CIV. S-05-0754WBSEFB, 2009 WL 1451709, at *2-3 (E.D. Cal. May 22, 2009); *Bilello v. Abbott Lab'ys*, 825 F. Supp. 475, 478-480 (E.D.N.Y. 1993).

### 4. Mandamus petition

Finally, counsel argues that John's February 17, 2023, mandamus petition, which the Seventh Circuit has already denied, requires the undersigned's recusal. [DE 257-1 ¶ 52 ("Given the presence of our mandamus petition alone, he should have already recused himself from the trial.")]. But a party cannot compel recusal merely through the act of complaining about the judge. That would effectively allow litigants to switch judges at any time for any reason. *See In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000) (mandamus petition and misconduct complaints did not require recusal: "Indeed, if that were the rule, litigants displeased with Judge A's adverse rulings could easily manipulate the system by filing a misconduct complaint, thereby disqualifying Judge A from hearing the case, in the hopes that the case would then be assigned to Judge B who might be more sympathetic to their cause."); *N.Y. City Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986) ("Section 455(a) [would] become[] a form of peremptory challenge against the judge. The statute does not create such a challenge, however. That is the point of limiting disqualification to a case where the judge's "impartiality might reasonably be questioned.").

John states that the undersigned "strangely has yet to even address" the mandamus petition. [DE 257-2, ¶ 15]. That petition was not before this Court, and the Seventh Circuit denied it without seeking an answer from the undersigned. *See* Fed. R. App. P. 21(b)(1). It is not clear how or why

the undersigned would have "addressed" the petition, or how *not* addressing it suggests bias or prejudice. Given John's mistaken belief that the mere filing of the petition required the undersigned's recusal, it does not appear that it would have been productive to do so.

One final note: The undersigned has considered whether this motion should be assigned to another judge. The better course here is to bring this matter to a close and proceed to trial. *See Watford*, 725 F. App'x at 414 (rejecting the argument that § 144 "required the district judge to refer the recusal motion to a different judge"). It is certainly conceivable that mistakes were made in this litigation, and perhaps at some time in the future a higher court will rule that one or more of those mistakes came from the front of the courtroom. Every litigant is entitled to a fair and impartial judge, but no judge is infallible. At the same time, the judge has a duty to resolve disputes and bring the litigation to an end. This matter will be set for trial. After judgment, all parties retain their right to an appeal.

## CONCLUSION

As shown above, the grounds cited by John for the undersigned's recusal are inadequate under the principles applicable to the two recusal statutes as set forth by the Supreme Court. John's grounds "consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel . . . All occurred in the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky*, 510 U.S. at 556. Accordingly, John's Motion to Recuse [DE 257] is **DENIED**.

So ORDERED this 14th day of August, 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) | |
| **KATHERINE SERMERSHEIM**, in her official | ) | |
| capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF APPEAL TO THE U.S. COURT
OF APPEALS FOR THE SEVENTH CIRCUIT**

Notice is hereby given that Plaintiff John Doe hereby appeals to the United

States Court of Appeals for the Seventh Circuit from the August 14, 2023, Magistrate

Judge's Opinion and Order (DE 261) denying the Plaintiff John Doe's Motion to

recuse Magistrate Judge Joshua Kolar for bias (Dkts 257, 260). This is an appeal

from "a final decision" denying recusal due to bias "which is separate from the merits

and unreviewable on appeal." *Powers v. Chicago Transit Auth.*, 846 F.2d 1139, 1141

(7th Cir. 1988) (Easterbrook, J.). Bias of a trial judge is too important to be denied

review and too independent of the cause itself to require that appellate jurisdiction

be deferred until the whole case is adjudicated. *United States v. Henderson,* 915 F.3d

1127, 1130 (7th Cir. 2019) (Sykes, C.J.).

This appeal relies upon the guidance of such Seventh Circuit precedents in *United States v. Henderson*, 915 F.3d 1127, 1130–1132 (7th Cir. 2019)(Sykes, C.J.); *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 868–869 (7th Cir. 2013) (Sykes, .C.J.); *Ott v. City of Milwaukee*, 682 F.3d 552, 554–555 (7th Cir. 2012) (Wood, J.); *United States v. J.J.K.*, 76 F.3d 870, 872 (7th Cir. 1996) (Posner, J.); *Powers v. Chicago Transit Auth.*, 846 F.2d 1139 (7th Cir. 1988) (Easterbrook, J.); and *R.R. Donnelley & Sons Co. v. F.T.C.*, 931 F.2d 430 (7th Cir. 1991) (Easterbrook, J.).

*United States v. Henderson,* 915 F.3d 1127, 1130–1132, recognized the immediate appealability of what was called a collateral order fixing security in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949), as such orders "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated. . . .To qualify for immediate review under this exception, an order 'must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). Here, the denial of recusal due to bias conclusively determines the disputed question, resolves (incorrectly) a critically important issue completely separate from the merits of the action, and is effectively unreviewable on appeal from a final judgment.

*JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 868–869 (7th Cir. 2013), recognizes, as does this appeal, that "Collateral-order review is based

on a practical construction of 28 U.S.C. § 1291; it is not an exception to the final-judgment rule." *Ott v. City of Milwaukee,* 682 F.3d 552, 554 (7th Cir.2012) (internal quotation marks omitted). *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.,* 707 F.3d at 868–869, also recognizes, as does this appeal, that we "'do not engage in an 'individualized jurisdictional inquiry.','" *Mohawk Indus., Inc. v. Carpenter,* 558 U.S. 100 (2009); *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546 (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 473 (1978)). The focus is on "'the entire category to which a claim belongs,' " (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 868 (1994)) and whether "the class of claims, taken as a whole, can be adequately vindicated by other means," 707 F.3d at 868–869.

Such review was recognized, for example, in *United States v. Henderson,* 915 F.3d at 1131, for a category including (1) an order denying bail, *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); (2) an order denying dismissal based on double jeopardy, *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); (3) an order denying dismissal under the Speech or Debate Clause, *Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979); and (4) an order for the administration of psychotropic medication to render a defendant competent for trial, *Sell v. United States*, 539 U.S. 166, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003). Such review was also recognized by the U.S. Supreme Court in *Mitchell v. Forsyth,* 472 U.S. 511 (1985), for the denial of summary judgment based on qualified immunity, but not by the Seventh Circuit in *Gosnell v. City of Troy, Ill.*, 979 F.2d 1257, 1260–61 (7th Cir. 1992), *as amended* (Nov. 17, 1992)

Such review has been denied: in *United States v. Henderson,* 915 F.3d at 1132, for an order of shackling; in *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.,* 707 F.3d 853, 868–69 (7th Cir. 2013), for an order staying enforcement of asset discovery for an order staying enforcement of the asset discovery and for an order denying a motion to quash a nonparty subpoena for pretrial discovery; in *Ott v. City of Milwaukee*, 682 F.3d 552, 554–555 (7th Cir. 2012), for an order violating the attorney-client privilege; in *Powers v. Chicago Transit Auth.*, 846 F.2d 1139, for an order holding a person in civil contempt for failure to supply information in discovery; in *Judd v. First Federal Savings*, 599 F.2d 820 (7th Cir. 1979), for denial of permission to use mortgage company's computer-generated list of its mortgagors for class notification purposes; in *Judd v. First Fed. Sav. & Loan Ass'n of Indianapolis*, 599 F.2d 820, 822 (7th Cir. 1979), for an order decertifying a class; in *R.R. Donnelley & Sons Co. v. F.T.C.*, 931 F.2d 430 (7th Cir. 1991), for the denial of a motion for summary judgment and for the grant of discovery.

The denial of recusal due to bias does not fit in a category of claim for which the review has been denied per *Powers v. Chicago Transit Auth* and *United States v. Henderson*, and as stated above, the denial of recusal due to bias does satisfy the requirements of *Powers v. Chicago Transit Auth* and *United States v. Henderson.*

Magistrate Judge Kolar's opinion denying recusal for bias [DE 261] is a final order" within the meaning of *Powers v. Chicago Transit Auth.*, 846 F.2d 1139, 1141 (7th Cir. 1988) (Easterbrook, J.). that is too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated.  *United*

*States v. Henderson,* 915 F.3d 1127, 1130 (7th Cir. 2019) (Sykes, C.J.). Magistrate Judge Kolar's opinion denying recusal for bias [DE 261] avoids the actual reasons establishing the pervasive bias in this case presented and certified in the Declaration of Philip A. Byler [DE 257-1], and instead gives rationalizations and inapposite propositions to justify his functioning as a biased trial judge in an important case.

## I.   **Magistrate Judge Kolar's Avoidance of** **Discussing the Specifics of His Opinions.**

Magistrate Judge Kolar acknowledges that the Byler Declaration relies on (i) "[r]ecusal [being] required *whenever* there exists a genuine question concerning a judge's impartiality" *Liteky v. United States,* 510 U.S. 540, 551 (1994) (emphasis in the original) [DE 257-1, p. 7], (ii) the "pervasive bias" theory recognized by *Liteky v. United States,* 510 U.S. at 551 [DE 257-1, p. 7], and (iii) the Byler Declaration's primary focus on three opinions that are presented as key points establishing evidence of bias -- the July 2, 2021 spoliation opinion; the August 22, 2022 summary judgment opinion; and the February 14, 2023 reconsideration opinion [DE 257-1, pp. 8-31]. [DE 261, p. 8.] The details that Magistrate Judge Kolar has chosen to omit, alter and ignore in each and every opinion have consistently influenced his final decisions against Plaintiff John Doe, and the same CANNOT be said for his treatment of Purdue.

Magistrate Judge Kolar says he won't relitigate these opinions here (but in reality not at all) and further says, in a conclusory way, all that is involved is Plaintiff's "disagreement" with those opinions which he asserts is for appeal after trial [DE 261, p. 8]. That statement assumes a conclusion the Byler Declaration does

not allow unless the Byler Declaration's details establishing evidence of bias are effectively ignored which, consistent in his bias against Plaintiff John, Magistrate Judge Kolar does ignore. No mere "disagreements" are involved here. The Byler Declaration states [DE 257-1, pp. 6-7]:

> Plaintiff is not relying upon the mere fact of adverse rulings but upon the manifestations of "judicial predispositions that go beyond what is normal and acceptable," and show a case of "pervasive bias." *Liteky v. United States,* 510 U.S. at 551. In particular, Magistrate Judge Kolar's July 2, 2021, August 11, 2022 and February 14, 2023 opinions mishandled the law in a way an impartial judge would not do, misstate the factual record in a way an impartial judge would not do, and do so all to Purdue's benefit, establishing Magistrate Judge Kolar won't be impartial due to pervasive bias.

Magistrate Judge Kolar relegates attacks on the Byler Declaration and defends his rulings mostly within a series of footnotes, while in the text of his opinion rationalizes why he does not need to address the specifics in the Byler Declaration which overwhelmingly establish lack of impartiality and bias.

## II.   <u>Inadequately Documented Consent and Bias.</u>

Magistrate Judge Kolar's opinion refusing recusal assumes he has consent pursuant to 28 U.S.C. § 636. [DE 261, p. 1.] The Docket Entries regarding consent, however, do not conclusively establish that consent was properly obtained. The first Docket Entry regarding consent states Magistrate Judge Kolar is assigned to the case, but the Docket Entry has no number and says the assignment is pursuant to a General Order. The following Docket Entry 40, dated July 24, 2019, records an Order of Magistrate Judge Kolar that if the parties do not intend to object to the continued exercise of jurisdiction of Magistrate Judge Kolar, to notify Magistrate Judge Kolar.

[DE 40.]  Docket Entry 41, dated August 1, 2019, then records the assignment of the case to Magistrate Judge Kolar upon the consent of the parties.  [DE 41.]  The Docket Entries, however, do not record the filing of signed consents of the parties required by 28 U.S.C. § 636 for Magistrate Judge Kolar to be the judge for all purposes, including for trial.  There was no indication of bias then in July 2019 on the part of Magistrate Judge Kolar, who had seemingly good credentials, or what would follow in subsequent years that now form the basis of Plaintiff's pervasive bias motion. Despite his coverage of litigation, discovery, settlement conference, and partial pre-trial, Magistrate Judge Kolar absolutely insists on also handling the rest of pre-trial and trial. The obvious question to ask here is: why is Magistrate Judge Kolar so keen on handling this case all the way through trial?

### III.     Footnote Attacks and Defenses
### Of Opinions; Text Rationalizations.

Magistrate Judge Kolar in a footnote asserts he will disregard Plaintiff's "inflammatory accusations" that Magistrate Judge Kolar says are without factual content [DE 261, p. 3 n. 4] Given his position here, Magistrate Judge Kolar may call them inflammatory, but to claim they are without factual content is far from the truth. We stand by our statements, which are directly stated factual assessments of Magistrate Judge Kolar's conduct that are supported by the detailed factual content of the 33-page Byler Declaration and that objectively establish Magistrate Judge Kolar's lack of impartiality and bias  [DE 257-1].  What Magistrate Judge Kolar complains about are the statements in the Byler Declaration (i) that Magistrate Judge Kolar "has made common cause with Purdue counsel to frustrate Plaintiff John Doe's effort to

vindicate his due process and Title IX rights and to undermine and eviscerate [current U.S. Supreme Court] Justice Barrett's opinion in this case" (DE 257-1 p. 2); (ii) that the history of the case shows Magistrate Judge Kolar "kowtowing to Purdue and its implacable public rejection of Justice Barrett's nationally significant opinion" (DE 257-1 p. 4); and (iii) that Magistrate Judge Kolar's rulings are "propaganda pieces for Purdue" (DE 257-1 p. 7). Direct language, yes; but true, as shown in the Byler Declaration and, more importantly, never directly addressed by Magistrate Judge Kolar.

Magistrate Judge Kolar in another footnote calls into question whether the Byler Declaration is a good faith affidavit and certificate. [DE 261, p. 5 n. 6.]  The Byler Declaration is most certainly a good faith affidavit with its detailed discussions, and paragraphs 3 and 8 of the Byler Declaration essentially constitute the requisite certificate. (DE 257-1.) The Byler Declaration leaves no doubt that Magistrate Judge Kolar is biased and lacks impartiality.  At the time the motion to recuse was made on July 9, 2023, the Attorney of Record was effectively Philip A. Byler because on July 5, 2023, Magistrate Judge Kolar granted Nesenoff & Miltenberg's motion to withdraw, leaving Philip A. Byler, operating in The Law Offices of Philip A. Byler, as the Attorney of Record for Plaintiff John Doe. [DE 255.]

Magistrate Judge Kolar in yet another footnote [DE 261, p. 4 n. 5] lashes out at the Byler Declaration's discussion of Magistrate Judge Kolar veering off topic in a July 5, 2023 teleconference, a conference that had been scheduled with the sole purpose of addressing John's change in representation. Instead of justifying his

still unclear mention of sanctions related to the July 2021 spoliation opinion (where there was no spoliation), Magistrate Judge Kolar strangely pushed back in an attempt to strengthen his unrelated argument by saying that no new facts regarding spoliation were presented by John at the teleconference (no new facts are necessary to show bias with respect to the July 2, 2021 spoliation opinion). Magistrate Judge Kolar's line of logic here is nonsensical and puzzling to say the least, and his motive for doing so appeared to be an attempt to antagonize John and appease Purdue. The sanctions mentioned here would mean adverse jury instructions and awarding Purdue fees amounting to nearly $30,000 against John before the trial even began. The entire situation reveals further bias from Magistrate Judge Kolar.

Magistrate Judge Kolar cites the requirement that the moving party file at the earliest moment after the moving party acquires knowledge of the facts demonstrating the basis for disqualification, citing *United States v. Sykes*, 7 F.3d 1331, 1333 (7th Cir. 1993), *United States v. Betts-Gaston*, 860 F.3d 525, 538 (7th Cir.2017), and *United States v. Barnes*, 909 F.2d 1059, 1072 (7th Cir. 1990). Those cases, however, all involved much different circumstances -- a relatively short period of a trial or a sentencing relating to courtroom annoyances, antagonistic relationships, possible baiting, or suppression of evidence. Those circumstances bore no relevance to the bias shown in Magistrate Judge Kolar's July 2, 2021 spoliation opinion, the August 11, 2022 summary judgment opinion and the February 14, 2023 reconsideration opinion.

Magistrate Judge Kolar noted that the bias motion is premised on a series of events over four years in which Plaintiff's counsel has been involved, but that is why the Byler Declaration can and did provide the good faith certificate for the bias motion.  The conclusion that Magistrate Judge Kolar was biased developed as Judge Kolar went from the July 2, 2021 spoliation opinion where irrelevancy was mistreated as spoliation and there was no spoliation but John Doe was still threatened adverse jury instructions and Purdue awarded attorney fees, the August 11, 2022 summary judgment opinion where Magistrate Judge Kolar rationalized rejecting Justice Barrett's nationally recognized due process precedent that Purdue had publicly attacked, and the February 14, 2023 reconsideration opinion where Magistrate Judge Kolar embraced Purdue's positions that the Navy ROD and Purdue's due process violations are irrelevant.  Although the major focus of Plaintiff's bias claim comes from the three opinions, of which the latest one was released in February 2023, Magistrate Judge Kolar's biased behavior has remained evident in the proceedings since.

Making a bias motion against someone who has clearly intended to be the trial judge would be no easy step.  Purdue had no answer as to what would have been a timely bias motion, just an irate reaction to the effort to recuse Magistrate Judge Kolar and assign an Article III judge to the case and some false posturing about what was and is the strong case Plaintiff has.  [DE 258, p. 2.]  It was not reasonable to expect Plaintiff to have filed the bias motion before the June 7, 2023 settlement conference requested by Purdue and before the July 3, 2023 conference called by

Magistrate Judge Kolar -- then his conference remarks contributed to the case for bias. Magistrate Judge Kolar nevertheless treats the bias motion as late, which is a conclusion to run away from the fact he is actively seeking to be a biased trial judge after a series of decisions that are biased.

As Magistrate Judge Kolar recognizes, Plaintiff invokes § 144 and § 455(a), § 455(a) has broader reach than § 455(b), citing *Liteky v. United States,* 510 U.S. at 553 n. 2, and bias is to be evaluated on an objective basis. [DE 261, pp. 5-6]. The initial analysis may be performed by the judge whose disqualification is sought. Magistrate Judge Kolar argues that a bias motion premised on a judge's rulings will rarely be the basis of a proper bias motion [DE 261, pp. 7-8]. Even if that proposition were accepted, *arguendo*, this would be that rare case, something that Plaintiff's counsel has not seen in almost 50 years of practice.

### IV.   Improper Communication: Purdue's Second Motion To Dismiss and E-Mailed Opinion To Magistrate Judge Kolar.

Magistrate Judge Kolar refers to "reasonable case management decisions" not showing bias and lack of impartiality, but his cover up misstatement about proposed orders being permitted to be emailed to Chambers [DE 261, p. 10] does show bias and lack of impartiality. "Reasonable case management decisions" [DE 261, p. 10] were not involved here. The Byler Declaration describes what really happened concerning what was Purdue's second motion to dismiss and an opinion (not an order ) e-mailed by Purdue counsel to Magistrate Judge Kolar [DE 257-1, pp. 7-8]:

> 15.    On September 17, 2019, less than three months after Judge Barrett's opinion for the Seventh Circuit, reversing Magistrate Judge Cherry's dismissal of the case, Purdue moved to dismiss again, seeking

dismissal of Plaintiff John Doe's due process claim, notwithstanding
that Judge Barrett's opinion for the Seventh Circuit had upheld that due
process claim, and seeking reduction of the case to a Title IX damages
claim.  (DE58, 60.)  Plaintiff's opposition made clear that Purdue's
second motion to dismiss was entirely out of order, suggesting sanctions
for Purdue's motion in disregard of the then relatively recent Seventh
Circuit's decision. (DE 63.)  After the briefing was submitted, out of the
blue, Purdue counsel felt comfortable submitting, to Judge Kolar by e-
mail, an entire draft opinion that would grant Purdue's motion to
dismiss  to reduce the case to a Title IX damages case.  Plaintiff objected
to Purdue's unsolicited submission of an opinion by e-mail.  Judge Kolar
held a conference reminding the parties of their obligation for filing (DE
67); although Judge Kolar did not adopt the submitted opinion at that
time, Purdue's action certainly seems to shed light on Judge Kolar's
later opinions.  Nine months later, on May 19, 2020, Magistrate Judge
Kolar granted in part and denied in part Purdue's motion, trimming a
few injunctive requests.  (DE84.)

It is one thing for a Court to receive an emailed proposed order to formalize a decision

the Court has made; there is no bias shown in that procedure.   But it is quite another

thing for a Court to receive and defend receiving a complete opinion with the litigant's

desired result, which is what happened here.

Magistrate Judge Kolar tries to describe the event as John objecting to an

overly long proposed order, which is contrary to the case docket entry indicating that

the judge admonished the parties about email submissions [DE 67].  What happened

is reflected in Docket Entry 67. What did NOT happen is what Magistrate Judge

Kolar says in his denial of recusal for bias opinion.  What Magistrate Judge Kolar

says is that Purdue emailed a proposed order and John objected to the length of the

proposed order [DE 261, p. 10].  That's false. As the Byler Declaration documents, the

actual problem was Purdue's emailed submission of an opinion granting Purdue's

proposed second motion to dismiss reducing the case to a Title IX damages case; the problem was not an overly long proposed order. [DE 257-1, pp. 7-8.]

Magistrate Judge Kolar's cover up misstatement does show bias.  Purdue's strategy from the start after this Court ruled in June 2019 was somehow to get rid of John Doe's due process claim and oversee a strip trial of Plaintiff's Title IX claim with Purdue's state police power counterclaim [DE 91].  What Purdue sought in its second motion to dismiss, Magistrate Judge Kolar gave in his August 11, 2022 summary judgment opinion, a continuation of the bias that started becoming obvious after the July 2, 2021 spoliation opinion, and a bias that will certainly extend through trial if allowed to continue but not before showing what a biased trial judge, he would be in his July 2, 2021 spoliation opinion.

**V.     The July 2, 2021 Spoliation Opinion.**

There was good reason for the Byler Declaration to include the fact that at a July 5, 2023 conference, Judge Kolar brought up the subject of his July 2, 2021 spoliation opinion.  Paragraphs 19 and 20 of the Byler Declaration [DE 57-1, pp. 9-11] discuss the bias shown in Magistrate Judge Kolar's July 2, 2021 spoliation opinion, including Magistrate Judge Kolar's remarks at the July 5, 2023 conference.  Magistrate Judge Kolar's assertion in his denial of bias opinion that he decided spoliation on the evidence before the Court [DE 261, p.12] is false and further evidence of his bias.  It was not a matter of "mere disagreement":

> 19. In the backdrop of Plaintiff factually building his due process and Title IX case, Purdue moved for sanctions against Plaintiff John Doe, making a plethora of inaccurate accusations about discovery and seeking (again) the due process claim be struck.  (DE 148.) John Doe

opposed, showing his compliance with discovery. (DE 152, DE 152-1, DE 152-2.) On February 22, 2021, the Court held a multi-hour evidentiary hearing on Purdue's motion. (DE 155.) John Doe testified under oath how 11 Snapchat documents were accidentally deleted when John cleared memory from his cell phone without realizing deletion from his cell phone would affect his Snapchat account and that the deleted documents were more of the same of what was produced (DE156; Snapchat Memories received in evidence, A32-35; DE155). The Snapchat documents and indeed, all his social media were irrelevant, spanning years after the 2016 events at Purdue and relating only to personal matters (e.g., one of John's sisters playing piano). Spoliation of evidence occurs when one party destroys evidence relevant to an issue in the case. *Smith v. United States,* 293 F.3d 984, 988 (7th Cir.2002); *Crabtree v. Nat'l Steel Corp.,* 261 F.3d 715, 721 (7th Cir.2001).

20.   On July 2, 2021, Magistrate Judge Kolar ruled there was spoliation, granting relief albeit different than requested because striking the due process claim was said to be disproportionate (but which Purdue sought because the record had established the due process claim). The Magistrate Judge showed a lack of impartiality by strangely ignoring all the discovery Plaintiff John Doe complied with and focused on what little Plaintiff John Doe did not have.  The Magistrate Judge acknowledged "there is nothing in the record to indicate whether the files were in fact adverse to Plaintiff's case" (DE168, p. 29), but speculated "it was not inconceivable" the 11 Snapchat personal posts might be potentially relevant to John Doe's desired Navy career without giving an explanation how it was conceivable, much less actually relevant (DE168, p. 16), which a glance at the Snapchat listing showed it wasn't (*see* A33-35 in Mandamus Appendix). The Magistrate Judge unjustly lambasted John Doe for the deletion, ordered payment of Purdue's attorney fees (which were claimed to be $30,000 and which would wrongly burden John Doe's effort to vindicate his due process and Title IX rights), and outlined jury instructions regarding what were totally irrelevant documents. (DE168.) However, adverse inference instructions require intentional destruction and relevance. *Crabtree v. Nat'l Steel Corp.,* 261 F.3d at 721; *Keller v. United States,* 58 F.3d 1194 (7th Cir.1995) (collecting cases).  Such adverse jury instructions, although erroneously given, would wrongly impact John Doe at trial and further wrongly burden John Doe's effort to vindicate his due process and Title IX rights.  At a July 5, 2023 teleconference involving the transfer of responsibilities for Plaintiff's representation, the Magistrate Judge *sua sponte* brought up the spoliation sanction, even though it was irrelevant to the teleconference and at that point it was clear the

> spoliation ruling was in error, as it concerned totally irrelevant post-
> suspension Snapchat memories.  The point appeared to be that the
> Magistrate Judge was quite prepared to do Purdue a favor and order
> Plaintiff to pay Purdue an amount that wrongly burden John Doe's effort
> to vindicate his due process and Title IX rights.

Magistrate Judge Kolar so ruled without an evidentiary basis, reflected in the fact

that Purdue never used any of John's social media production in the summary

judgment briefing despite the extensive aggression into his personal life throughout

discovery. (DE 178, DE 180.)

## VI.   Summary Judgment Briefing.

Purdue has liked to posture that John just hasn't come forward with proof of

his case, but the summary judgment briefing very much dispels that false notion.  The

Byler Declaration states [DE 257-1, p. 12]:

> 21.   John Doe moved for summary judgment on his due process
> claim and to dismiss Purdue's state police power counterclaim. DE183
> is his memorandum of law, DE191 is his reply memorandum of law, and
> DE183-1 is Plaintiff's material statement of facts in support of summary
> judgment on due process. Summary judgment was premised on
> discovery having conclusively established the facts alleged in the
> Complaint that Judge Barrett had relied upon in upholding Plaintiff's
> due process claim and additional facts that made the denials of due
> process even more egregious.  Purdue moved for summary judgment to
> dismiss John's due process and Title IX claims.  DE187 is John's
> opposition memorandum of law, and DE 187-2 is John's material facts
> in opposition to Purdue's motion.  Purdue never used any of John's social
> media production in the summary judgment briefing. (DE178, DE180.)

The evidentiary material compiled and listed at DE 187 and organized in

John's material fact statement at DE 187-2 powerfully supported John's Title IX case.

## VII.   The August 11, 2022 Summary Judgment Opinion.

Magistrate Judge Kolar, in a footnote {DE 261, p. 9 n. 8], defended the dismissal of Plaintiff John's due process claim based on the difference between a motion to dismiss and a motion for summary judgment.  Magistrate Judge Kolar's technical discussion of that difference simply does not address what was terribly wrong in his August 11, 2022 opinion that reflected a lack of impartiality and bias on the part of Magistrate Judge Kolar for Purdue.  Judge (now Justice) Barrett's opinion made clear that Purdue's disciplinary procedures were woefully deficient and that expungement was to be considered, but Magistrate Judge Kolar ignored the procedural defects and the directive to consider expungement of the disciplinary file.  This was not a matter of "mere disagreement"; this was not a matter of Plaintiff looking for "goblins" [DE 261, p. 11]; this was not a matter of ruling for Purdue and against Plaintiff.  The Byler Declaration explained [DE  257-1, pp. 12-18]:

### De Facto Rejection of Justice Barrett on Liberty Stigma-Plus Interest

22. On August 11, 2022, the Magistrate Judge showed a lack of impartiality when denying John Doe's motion for summary judgment on his due process claim on the ground there were issues of fact with respect to the stigma-plus liberty interest whether the stigma was false, even though the Seventh Circuit has never adopted a falsity element for a stigma-plus liberty interest and the record did not support there were the issues identified. Purdue's motion for summary judgment dismissing the due process claim was granted, rejecting John Doe's stigma-plus liberty interest, reviving the self-defamation ground that Judge Barrett had rejected and requiring a narrow, unrealistic legal obligation divorced from military realities to authorize disclosure of the university disciplinary file to the Navy. Struck was Plaintiff's expert report from Dr. R. Chris Barden, who had critiqued and found seriously wanting Purdue's biased investigation.  Ignored in the August 11 opinion was Plaintiff's motion to dismiss Purdue's legally defective state police power

counterclaim that would allow Purdue to put Plaintiff on trial.  (DE206, A168-216.)   Judge Kolar's August 11th Opinion gave Purdue what Purdue sought in its 2019 second motion to dismiss, the dismissal of Plaintiff's due process claim.

**The National Importance of Judge (Now Justice) Barrett's Due Process Opinion.**

23.     The national importance of the due process rulings of then Judge (now Justice) Barrett in *Doe v. Purdue*, 928 F.3d 652, 661-664, 667 (7th Cir. 2019), cannot be understated, holding: (i) that John had pleaded a stigma-plus liberty interest; (ii) that Purdue's disciplinary process was woefully deficient and did not provide due process, citing among other things not giving John the investigation report and not holding a real hearing ("Purdue's process fell short of what even a high school must provide to a student facing a days-long suspension"); and (iii) that the District Court on remand was to consider the expungement of the disciplinary file ("we instruct the court to address the issue of expungement on remand").

24.     When then Education Secretary DeVos announced on May 6, 2020, what would be the current due process Title IX regulations, she pointed to three cases that were particularly instructive, one of which was the Seventh Circuit's decision in *Doe v. Purdue*. "*Secretary DeVos Announces New Title IX Regulation,*" *https://www.youtube.com/watch?v=hTb3yfMNGuA;* U.S. Department of Education Press Release, "Secretary DeVos Takes Historic Action to Strengthen Title IX Protections for All Students," May 6, 2020; 34 C.F.R. 106.45.   Secretary DeVos noted that it was a three-woman panel with then Circuit Judge Amy Coney Barrett as the author of the opinion. "*Secretary DeVos Announces New Title IX Regulation*" https://www.youtube.com/*watch*?v=*hTb*3yfMNGuA.

25.     When Judge Barrett was nominated for the U.S. Supreme Court, her *Doe v. Purdue* opinion was a subject of attention.  Defending Judge Barrett's opinion in the Wall Street Journal was K.C. Johnson, "Sex, Due Process and Amy Coney Barrett," Wall Street Journal, Oct. 1, 2020.  Purdue responded with its defiant defense, "Purdue Responds on Judge Amy Coney Barrett's Title IX Opinion," Wall Street Journal, Oct. 12, 2020.  Judge Barrett's opinion has been a thorn in Purdue's side, and Purdue does not want to live in accordance with it.

26.     The Magistrate Judge misstates John's argument as meaning the national importance of the *Doe v. Purdue* due process

ruling by itself compels denial of summary judgment.   (DE224, p. 10.) That is not Plaintiff's argument.   It is that the Magistrate Judge's August 11 Opinion did not consider Purdue's due process violations and expungement of the disciplinary file as contemplated in Judge Barrett's opinion, but rather with specious, insubordinate pettifoggery dismissed the due process claim (DE206, pp.16-18, DE224, pp. 2-4), by adopting Purdue's self-defamation argument expressly rejected by Judge Barrett, marginalizing chain of command military realities and effecting an absurd result wholly inconsistent with Judge Barrett's opinion.

### Judge Barrett's Rejection of Self-Defamation for the Court.

27.   Before the Seventh Circuit in 2019, Purdue had argued that John had engaged in self-defamation by authorizing the release of the university disciplinary files to the Navy.  That argument then was premised on the NROTC only learning of John's disciplinary case because of John's authorization of disclosure to the Navy ROTC.  Judge Barrett stated in her opinion Purdue's position: "The university maintains that it has not and will not divulge John's disciplinary record without his permission.  The Navy knows about it only because John signed a form authorizing the disclosure after the investigation began." 928 F.3d at 661.  Purdue cited *Olivieri v. Rodriguez,* 122 F.3d 406 (7th Cir.1997), where a voluntary disclosure was the reason for an employment discharge in a situation that the Seventh Circuit considered it speculative whether the disclosure would ever be called for. Judge Barrett, however, rejected Purdue's argument (928 F.3d at 652): John's case is different. He does not claim simply that he might someday have to self-publish the guilty finding to future employers. Instead*,* John says that he had an obligation to authorize Purdue to disclose the proceedings to the Navy. That makes John's case more like *Dupuy v. Samuels*, 397 F.3d 493 (7th Cir. 2005), than *Olivieri*. In *Dupuy*, we held that the publication requirement of the stigma-plus test was satisfied when the plaintiffs were obligated to authorize a state agency to disclose its finding that they were child abusers to the plaintiffs' current and prospective employers. 397 F.3d at 510. (928 F.3d at 662.)

28.   The discovery record made Purdue's argument and Magistrate Judge Kolar's ruling about self-defamation wholly untenable.  Indisputably: (i) the NROTC knew about the disciplinary proceeding well before the May 24, 2016 authorization because on April 4, 2016, Jane Doe first went to the NROTC to make her accusations; (ii) Purdue first learned of Jane Doe's accusations from the NROTC; and (iii) the NROTC was looking to the Purdue investigation from the start.

**The Navy Knew About The Disciplinary Proceeding Before
Authorization and Was Looking To Purdue's Investigation.**

29.     On April 4, 2016, Jane Doe (falsely) told Navy Lieutenant
Sheppard she had been subject to two instances of sexual misconduct by
John, and Lieutenant Sheppard informed his superior officers
Commander Hutton and Executive Officer Remaly about Jane Doe's
allegations.  (DE183-34: Shepard tr 21-25, 28-30; DE183-43:  Sheppard
Ex 2; DE187: Sheppard tr 42-43.)  Also on April 4, 2021, Commander
Hutton reported Jane Doe's sexual misconduct allegations to Purdue's
Office of the Dean of Students, reflecting the interrelationship of Purdue
and the Purdue Navy ROTC.  (DE 187-6: Dfs. SJ Ex. K.)  When asked
by Purdue counsel about the "investigation" of the sexual misconduct
allegations against John, NROTC Commander Hutton responded that
"that investigation was referred to Purdue University."  (DE 183-35:
Hutton tr. 14.)    On April 4, 2021, Purdue's Dean of Students
Sermersheim advised Purdue's CARE Director Bloom of Jane Doe's
allegations.  (DE 187-6: Dfs. SJ Ex. K).)

30.     On April 5, 2021, Commander Hutton sent a letter to John
informing him that John was being placed on "an Interim Leave of
Absence (ILOA) *due to your pending university investigation*" and that
"[f]urther administrative action, potentially to include Performance
Review Board (PRB), will be taken *on completion of the university
investigation*."  (DE 187-7; italics added.)   The April 5, 2016 letter
further stated that John was prohibited from participating in ROTC
activities, but would remain enrolled in NROTC.  (DE 187-7.)

31.     The authorization to the NROTC for access to the Purdue
disciplinary files was dated May 24, 2016, well after the NROTC learned
of the disciplinary proceeding.  (DE183-5, John tr. 23; DE183-44.)  John
Doe testified at his deposition that the Navy wanted "in the loop"
(DE183-5, tr 21-22), and when John Doe was deposed by Purdue about
the authorization document, the questions were about whether he could
have obtained the Purdue investigation report from the NROTC, not
self-defamation (which was never raised).  (DE208-1, DE208-2, tr 22-
26.)

32.     The significance was explained by John Doe: "With Jane
Roe having reported her accusation to the Navy ROTC and the Navy
ROTC looking to Purdue for the investigation, I really was in no position
to refuse the authorization." (DE208-1 ¶ 7.)  According to John: "Soon
after Jane Roe complained to the Navy, I was put on interim leave of
absence pending the university investigation.   If I had refused

authorization, I would not only have looked bad, but I also would have been sanctioned in some way." (DE208-1 ¶¶ 3, 5.)  John thus had no choice but to authorize the Navy to be "in the loop" in the university disciplinary proceeding; it was not voluntary. John's case is "more like *DuPuy v. Samuels*." 928 F.3d at 662.  Purdue's authorization argument made no sense given the actual facts.

**The Magistrate Judge's Narrow Legal Obligation**
**Ruling Is At Odds With Judge Barrett's Opinion**
**And Is Divorced From Military Realities.**

33.     John's situation as a NROTC midshipman who was not in a position to refuse the authorization to the Navy is totally inapposite to the situation of a voluntary disclosure of a disciplinary record for a school transfer, as in *Doe v. Trustees of Indiana University*, 2021 WL 2213257 (S.D. Ind. May 4, 2021), and to the situation of a voluntary disclosure of the reason for an employment discharge in *Olivieri v. Rodriguez,* 122 F.3d 406 (7th Cir.1997). Here, the obligation to disclose was not, as wrongly asserted by the Magistrate Judge, speculative. Rationalizing away the distinction between civilian and military life in this context amounts to willful blindness, which resulted in the Magistrate Judge incorrectly treating John's authorization as voluntary and John's testimony the Navy "wanted in the loop" as not a legal obligation to authorize.  (DE221, p. 16; DE224, pp. 2-4.)

34.     Dismissing military realities as speculation, as the Magistrate Judge does, is erroneous at best.  The December 19 hearing exchanges lay bare the unreasonableness of the Magistrate Judge's opinion:

[**MR. BYLER**]: . . .  The authorization was requested because the Navy – and this is the testimony – "wanted in the loop."  And that meant they wanted in the loop of the investigation. And they were put into the loop.

And John Doe was not in a position to say no.  As ROTC midshipmen, respecting his Navy superiors, wanting a career in the Navy, you have a request; knowing that the Navy wants to be in the loop.  You don't say no.

The suggestion that maybe he says no is just ridiculous.  I have combat officer sons, who, when asked this, of course you give the authorization. . . .

**THE COURT**: But I see nothing.  I don't see your client saying, "I was given order."

I don't see any deposition . . . .

[**MR. BYLER**]: Well, excuse me. At his deposition, all he was asked about the authorization was to identify it.  The deposition then went off, "Well, could you have gotten the investigation report from the Navy." . . .

[Plaintiff] was on scholarship.   He had to honor his commitments and obligations. . .  And that meant, when he gets a request for this kind of authorization, that kind of access, when the Navy knows and it's going to be relying on the [Purdue] investigation, yes, he has to give it.  He was in no position not to give it. . . .

The decision that Commander Hutton testified to was: We're going to rely on the Purdue investigation. . . .

And it was in that context in which John Doe knows that they're wanting to be in the loop because the investigation that's ongoing, he's requested by a superior officer for that access. . . .

## VIII.  Judge Kolar's Allowance of Purdue's State  Police Power Counterclaim (Putting John on Trial).

Magistrate Judge Kolar, in denying bias, points out he denied summary Judgment on John's Title IX claim [DE 261, p. 10; DE 206.] Magistrate Judge Kolar is not being fully candid.  It would not be just a Title IX trial per the August 11, 2022 summary judgment opinion because Magistrate Judge Kolar also refused to dismiss Purdue's state police power counterclaim [DE 206] despite the lack of legal and factual merit to Purdue's state police power counterclaim [DE 183, pp. 43-47; DE 191, pp. 14-15].  In a Title IX/state police power trial sought by Purdue and then to be allowed by Magistrate Judge Kolar, an individual in John is put on trial, just as John had been with respect to spoliation. That the summary judgment record and papers

would have made difficult dismissing John's Title IX claim [DE 177-178, 187, 192] is beside the point given Magistrate Judge Kolar's refusal to address and dismiss Purdue's state police power counterclaim in the August 11, 2022 summary judgment opinion.

## IX.   Magistrate Judge Kolar's Partisan Slip in the August 11, 2022 Opinion.

Magistrate Judge Kolar does address what is called the "partisan slip" of treating Jane Roe as testifying, asserting that the August 11, 2022 summary judgment opinion never assumed that Jane Roe had testified. [DE 261, pp. 10-11.] That treatment is at odds with Magistrate Judge Kolar's own August 11, 2022 opinion.  Further, the August 11, 2022 opinion showed bias and lack of impartiality with respect to the discovery related to summary judgment and with respect to Magistrate Judge Kolar's defective notion of triable issues for stigma plus.  The Byler Declaration explains [DE  257-1, pp. 20-25]:

### Discovery Strengthened The Denial of Due Process Case

36.    Based on the allegations of the Complaint, Judge Barrett wrote strongly about the denial of due process in this case: "Purdue's process fell short of what even a high school must provide to a student facing a days-long suspension." 928 F.3d 663-664. Discovery strengthened John's case that he was denied due process.  The depositions of Purdue employees with the documents that formed the basis of the allegations of the Complaint not only substantiated the allegations, but showed a process more flawed than what was alleged in the Complaint.  Purdue never provided John Doe with the evidence and the investigation report during the disciplinary case, there was no real hearing, and there was pre-judgment based upon treatment of Jane Doe's accusations.  Expungement of the disciplinary file was and is the proper remedy.  (DE183-1 through 183-41; DE 183, pp. 6-33, 39-46.) The District Court on remand was to consider the expungement of the disciplinary file ("we instruct the court to address the issue of

expungement on remand"), but Magistrate Judge Kolar refuses to do so, knowing how opposed Purdue is to expungement.

37.     Due process matters so that cases are not decided "on the basis of an erroneous or distorted conception of the law or the facts." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980). The Magistrate Judge, however, rationalized the jarring result of adopting Purdue's position that "whether Purdue complied with due process is immaterial" by also adopting what are Purdue's gross misstatements of the record. It reflects the lack of impartiality on the part of the Magistrate Judge.

### The Non-Existent Alleged Triable Issues for Stigma Plus

38.     As discussed, the Magistrate Judge's ruling on stigma-plus liberty interest was legally and factually erroneous, divorced from military chain of command realities in order to avoid the grant of summary judgment on Plaintiff John's due process claim. In addition, Magistrate Judge Kolar's proof of falsity requirement to establish a stigma plus liberty interest, which the Seventh Circuit has never adopted, was fundamentally flawed: the August 14, 2022 opinion gave a purported review of triable issues that did not reflect the factual record but that did reflect a lack of impartiality.

### Jane Doe Never Testifying Versus John Doe Repeatedly Testifying.

39.     Magistrate Judge Kolar strangely repeated what were the allegations of Jane Doe when in fact she never testified.  Summary judgment is not a time when allegations suffice. Proof is needed. Jane's allegations were not and are not proof.  *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 876 (7th Cir. 2021) (facts needed to defeat summary judgment).

40.     In contrast, John Doe has repeatedly put himself under oath to state that Jane's accusations are false.  In the summary judgment record is John Doe's statement under oath saying:

> All of Jane Doe's claims made in April 2016, including that I touched her sexually without her consent or awareness, were and are false.  I have maintained that all her claims were false from my initial statements in the Purdue disciplinary process at the start, all the way through to the appeals. I said so orally to Dean Sermersheim in June 2016.   I said so in my oral statements to Navy ROTC personnel, and I said so in my

written statement in August 2016 to Navy ROTC at the time of my disenrollment (which was based solely upon my university suspension), and I have continued to maintain this truth for the past four and a half years of this legal case.

(DE 183-8: SJM 8 (John Doe 02/18/2021 Affidavit ¶ 30).)  John Doe did again on reconsideration.  (Motion Ex. A: John Doe 08/2/22 Declaration ¶ 10.)

### John-Jane Doe Texts.

41.     Magistrate Judge Kolar showed a lack of impartiality when referring to what were 133 pages of John Doe-Jane Doe texts in accordance with Purdue's misreading based on Purdue's misleading excerpts without discussing John Doe's testimony on the texts that he alone had provided.

42.     The Court quotes passages of John Doe-Jane Doe texts as if they were admissions of guilt. They weren't; and there was no evidence before Judge Kolar to treat them as evidence of guilt.  That Magistrate Judge Kolar does so shows a lack of impartiality. In depositions, Purdue's Dean Sermersheim, Purdue's investigator Amberger and Purdue's investigator Oliver each admitted that there is no statement in the texts in which John admitted or Jane Doe accused John of committing the sexual acts alleged in the Notice of Allegations. (DE183-7: Semersheim tr 34; DE183-14: Amberger tr 70-72; DE187-9: Oliver tr. 50-57).)  Notably, before the alleged incidents, John and Jane Doe had a three-month relationship in which John and Jane Doe had a sexual relationship initiated by Jane, the first such relationship in John Doe's life after being brought up in an Evangelical Christian home where he was taught sex was for marriage.  (DE183-8: John 02/18/2021 Affidavit ¶¶ 4-5; DE 208-1: Ex. A, John tr 92-93.)  John Doe has put himself under oath as to the correct understanding of the texts (where the surrounding context makes them all clear, yet Purdue hid when cherry-picking them); Jane Doe never did. (DE208-1: John 08/2022 Declaration ¶ 11.)

43.     To the investigators, John provided 133 pages of text messages between John and Jane Doe covering the period December 23, 2015 to March 15, 2016; he testified he did so because the texts showed there had not been a sexual assault; the texts included that Jane Doe sent John and his family Christmas cookies after the supposed sexual assault occurred and after Jane Doe initially claimed the relationship had ended.  Jane Doe provided *no* texts to the investigators, telling them she had deleted the texts.  (DE183-3: Df. Answer ¶ 36; DE183-14:

Page **24** of 38

Amberger Dep tr 17-18, 33-34, 36-37, 43-44, 47-48, 56, 68-72, 103; DE183-11: Amberger 27, Texts (PU 206-339)); DE183-7: Semersheim tr. 34; DE 183-5: John Dep. tr. 111-114.)

44.    Yet, the investigation report included only short portions of 7 pages of the 133 pages of texts (the selected portions did not include texts showing an ongoing relationship after Jane Doe's claims), and Vice President Rollock and Dean Sermersheim did not know that there were 133 pages of texts submitted by John to the investigators.  (DE183-3: Df. Answer ¶¶ 2, 37, 39; DE183-14: Amberger Dep tr 49-50, 61-62); DE183-6: Rollock Dep tr 30, 46-47; DE183-7: Sermersheim Dep tr 21-23, 35; DE183-41: Custodian Klingerman Dep tr 27-28.)   The investigation report twisted the texts and contained many other inaccuracies including the fabrication that John Doe confessed to the allegations. Knowing this, it is no wonder they refused to let him view the investigation report and defend himself while at Purdue, something other schools typically provide, but not Purdue.   (DE183-8: John 02/18/2021 Affidavit ¶ 15; DE187, pp. 44-47.)

### The Investigation Report.

45.    There is no good reason for Magistrate Judge Kolar to ignore: (i) Plaintiff John was not provided an opportunity to review the investigation report during the disciplinary case, (ii) the investigation report included only short portions of 7 pages of the 133 pages of texts (the selected portions did not include texts showing an ongoing relationship after Jane Doe's claims), and (iii) Vice President Rollock and Dean Sermersheim did not know that there were 133 pages of texts submitted by John to the investigators. (DE183-3: Df. Answer ¶¶ 2, 37, 39; DE183-14: Amberger Dep tr 49-50, 61-62); DE183-6: Rollock Dep tr 30, 46-47; DE183-7: Sermersheim Dep tr 21-23, 35; DE183-41: Custodian Klingerman Dep tr 27-28.)   Only a partisanship for Purdue explains why Magistrate Judge Kolar also ignored that the investigation report had twisted the texts and contained many other inaccuracies pointed out by Plaintiff.   (DE183-8: John 02/18/2021 Affidavit ¶ 15; DE187, pp. 44-47.)

### The Letter Sent On Behalf Of Jane Doe To The Committee.

46.    On June 6, 2016, Jane Doe would not appear in person before the Advisory Committee on Equity and Dean Sermersheim; instead, on June 5, 2016, Monica Bloom, Director of CARE and a lawyer, submitted a written statement said to come from Jane Doe, which was in the form of an e-mail. Bloom was asked in her deposition how, if Jane

Doe did not have access to a computer, she e-mailed the statement to
Bloom. Bloom said she (Bloom) did not recall (DE183-9, Bloom Dep tr
29-30; 183-26: Bloom 23, Bloom transmittal of June 5, 2016 statement
(PU653-654)).  The Magistrate Judge does not deal with this testimony,
but rather incorrectly states it was undisputed the e-mail came from
Jane Doe, the point was very much in dispute, and further, the
Magistrate Judge also does not address the fact that the three-person
panel of the Advisory Committee on Equity and Dean Sermersheim,
never met and never heard any direct testimony from Jane Doe and did
not have the opportunity to ask any questions of Jane Doe.  (DE183-3:
Df. Answer ¶ 41; DE183-9: Bloom tr 28-32; DE183-26: Bloom 23, Bloom
transmittal of June 5, 2016 statement.)

**X.      The February 14, 2023 Reconsideration
Opinion (Rejection of Navy ROD for Obligation).**

Magistrate Judge Kolar does not have a footnote about reconsideration or even

much discussion about the February 14, 2023 reconsideration opinion other than to

say the reconsideration motion did not provide a basis for reconsideration. [DE 261,

p. 8.]  But the reconsideration motion provided more than a basis for reconsideration;

the reconsideration opinion showed an alarming bias and an abject lack of

impartiality with respect to the application of the Navy ROD establishing the

obligation for stigma-plus.  The legal requirement for stigma-plus advocated by

Purdue and adopted by Magistrate Judge Kolar was not Judge (now Justice) Barrett's

test.  This was again no mere disagreement.  The Byler Declaration explained [DE

257-1, pp. 26-29]:

**Ignoring the Navy ROD**

47.      On February 14, 2023, Magistrate Judge Kolar yet again
showed a lack of impartiality in his reconsideration decision. Magistrate
Judge Kolar adhered to dismissing the due process claim, ruling that
John Doe failed on summary judgment to show a legally obligated
disclosure, that John Doe's position he was in no position to refuse
authorization was insufficient even though the Navy ROD clearly

substantiated that John could not properly refuse authorization. (DE208-3.)

48. The Navy ROD (which was not available at the time of the Navy depositions) clearly substantiates that John could not properly refuse authorization. (DE208-3.) The Magistrate Judge showed a lack of impartiality in not addressing Plaintiff's full presentation of the Navy ROD.

### Navy Regulations Compelling Giving Authorization

49. Authorization to disclose the Purdue disciplinary files was expected under the governing Navy regulations at the time as a matter of "Honor" stated in the Navy ROD. Honesty and respect to his superior officers called upon John to provide the authorization. The Honor Code in the Navy ROD (DE208-3) at section 1-3 (pp. 1-3) provides that "Military systems, which often operate under extreme duress, are built on a foundation of absolute trust and fidelity", that NROTC must instill honor upon future officers during accession training and ensure that honor is carried into fleet service", that "[t]hroughout its history, the Naval Service has successfully operated through reliance on certain values held by its personnel", that "Honor is a keen sense of ethical conduct, honesty, integrity, and responsibility", that "Honor includes honesty, at all times no matter the outcome", and that "[i]t is respect to both juniors and seniors." The Magistrate Judge's belittling of the significance of the Honor Code is quite ill-considered.

50. Authorization to disclose the Purdue disciplinary files was also expected under the governing Navy regulations at the time as a matter of not showing a "disregard or contempt for authority" and not showing a "lack of a sense of responsibility" that would constitute a "major offense" per the Navy ROD (DE208-3), at section 3-19.2.a.(11) (pp. 3-40). The NROTC knew there was a Purdue investigation of Jane Doe's accusations of sexual assault and wanted "in the loop" (DE183: SJM 5, tr 22). It was John's responsibility that the NROTC be included in the loop. The Magistrate Judge's failure to address this point is unjustifiable.

### Sanction Upon Refusing Authorization

51. Had John refused to provide the authorization, there would have been an order to provide the authorization. Also, when a midshipmen student is put on interim leave of absence, which John was by Commander Hutton's order of April 5, 2016, the Navy ROD (DE208-

3 at section 6-7.3, pp. 6-11 – 6-12) requires a Performance Review Board ("PRB") "as soon as possible." Because John provided the authorization, a PRB was not held, and when one was held after completion of the university disciplinary case, the PRB only concerned the university suspension. Had John shown a "disregard or contempt for authority," a "lack of a sense of responsibility," and a lack of "honor" by refusing authorization, an additional PRB would have been ordered. The interim leave of absence would have been converted into a disciplinary leave of absence per the Navy ROD at section 6-7.3, pp. 6-12. The Magistrate Judge's failure to address this point is unjustifiable.

## **Required Disclosure Upon Re-Application**

52.    If John were to re-apply to the NROTC, he would have to disclose the disciplinary finding. Commanding Officer Hutton identified the ROTC Appointment Termination and Disenrollment Authorization and testified the only reason for the ROTC disenrollment was the university suspension. (DE183-35: Hutton Dep tr 56, 66-67; DE 183-36: Hutton H, ROTC Appointment Termination and Disenrollment Authorization.) The August 10, 2016 PRB document showed the Board's finding was that John was suspended by Purdue and the recommendation was disenrollment of John. (DE183-36: Aug. 10, 2016 Performance Review Board, p. 2.)

53.    The PRB document is made part of the student's file per the Navy ROD (DE208-3, section 6-13.5, pp. 6-20) and because it involved disenrollment is sent to Naval Operations per the Navy ROD section 6-13.6, p. 6-20. Disciplinary disenrollment documents are part of his "permanent federal record" per Navy ROD (DE 208-3) section 6-16 (pp. 6-26 – 6-27):

> c. Disciplinary disenrollments become a matter of permanent federal record and may prejudice the individual for future military or civil employment. Disciplinary disenrollments may be disqualifying for future federal security clearances that are often necessary for positions in private industry. Disciplinary disenrollments may be prejudicial to their interests should they ever apply for a commission in the Armed Forces. . . .

54.    Should John re-apply to the NROTC or to any commission in the U.S. Armed Forces, he would be honor-bound to disclose the disciplinary disenrollment that is part of permanent federal record and if he did not and it were inevitably discovered in a mandatory

background check, termination would be expected. (DE208-1 ¶ 9.) The permanent federal record exists only as a result of the university disciplinary case (DE209, pp. 8-9); the Navy did not conduct its own investigation but relied 100% on the university disciplinary suspension. (DE187-2, pp. 23-27 and record citations therein.) The Magistrate Judge's failure to address this point is more than strange, it was a partisan slip.

## XI.   The February 14, 2023 Reconsideration Opinion (Erroneous Result and Ignoring Contrary Precedent).

Magistrate Judge Kolar's reconsideration opinion changed the goalposts as to what would be the basis for denying summary judgment, adopting a legal requirement for refusing authorization and rejecting the Navy ROD as just internal rules and not law, so as to render due process immaterial. This showed an alarming bias and an abject lack of impartiality with respect to the result which ignored contrary precedent on point. This was yet again no mere disagreement. The Byler Declaration explained [DE 257-1, pp. 29-32]:

### The Erroneous Result

55.    The Navy ROD compelled giving authorization, would make John subject to sanction upon refusing authorization, and required disclosure upon re-application due to a permanent federal record – which even the Magistrate Judge's August 11 opinion indicated would make summary judgment inappropriate (DE206, pp. 16-17) but which the Magistrate Judge avoided on reconsideration, so much lacking in impartiality Magistrate Judge Kolar had become. Instead, the Magistrate Judge essentially adopted Purdue's dismissal of the Navy ROD as "a set of internal Navy rules, not law" and Purdue's denial that the Navy ROD had the force of law to compel executing the authorization (DE 221, p. 12). That, however, leads to the absurd result that a Navy ROTC midshipman who acts per the requests of his Navy superiors and the obligations reflected in the Navy ROD has no due process rights. Purdue's position that whether Purdue's disciplinary process complied with Fourteenth Amendment due process is "immaterial" (DE213, p. 12) and the Magistrate Judge's effective

adoption of that position reflects how much at odds Purdue and the Magistrate Judge are with Justice Barrett's opinion.

### False Basis For Rejecting Reconsideration.

56.     Reconsideration here was sought based upon the texts of Rule 54(b) and 60(b) of the Federal Rules of Civil Procedure, *see* A. Scalia, *Reading Law: The Interpretation of Legal Texts* p. 56 (West Pub. 2012), and *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191-1192 (7th Cir. 1990), where it is stated:

> A motion for reconsideration performs a valuable function where:
>
>> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. . . .
>
>> Justice Cardozo also recognized the utility of the motion to reconsider to the misunderstood litigant:
>
>> . . . A grievous wrong may be committed by some misapprehension or inadvertence by the judge for which there would be no redress, if this power did not exist.

57.     The Magistrate Judge's mistreatment of the stigma-plus liberty interest was particularly untenable given the Navy ROD.   The Magistrate Judge, in order to rely on inapposite case law more restrictive of reconsideration, treats authorization as a central issue in the summary judgment briefing.  (DE224, 4-5.) It was not – far from it. The authorization was drowned in hundreds of pages of briefs on other issues and statements of material facts (*see* ¶ 19, p. 10 above), the reconsideration evidence was to provide an elaboration of what was originally submitted, and a whole new argument was not raised.

### Ignoring Contrary Northern District of Indiana Precedent

58.     Magistrate Judge Kolar strangely omitted addressing the point for reconsideration that two Northern District of Indiana precedents are contrary to his ruling and that, in particular, Attorney Kealey, who has been counsel for the Purdue in this case and in *Mary Doe and Nancy Roe v. Purdue*, 4:18-CV-89-JEM (N.D. Ind. Jan. 13,

2022), did not advise the Magistrate Judge of Judge Martin's January 13, 2022 ruling (after the summary judgment briefing) upholding and sending to trial those plaintiffs' due process claim.  (DE214-1, DE72 in 4:18-CV-89-JEM.)  Judge Martin wrote:

> Roe asserts that she will be obligated to self-report this sanction to other institutions of higher education, including law schools, and by implication, bar admission authorities, meaning her stigma of a sanction will continue to be disseminated.

> As in *Doe v. Purdue Univ.*, supra, in which the plaintiff was required to authorize Purdue to release information about a sanction to his ROTC program and the Court of Appeals found that even with his permission to disclose, the disclosure satisfied the stigma-plus standard, the disclosure of Roe's sanction may impact her future education and employment opportunities. . . . Roe has asserted that the decision by Purdue, which she asserts was based on a flawed process, has resulted in a loss of future educational and employment opportunities, and a factfinder could agree.

(DE241-1, DE72 in 4:18-CV-89-JEM: Slip Op. at 20-21.)  In that case, Roe felt an obligation to self-report; this case is even stronger, as John Doe here had an obligation because he was in no position to not give authorization. A second Northern District of Indiana case also found stigma-plus liberty interest. *Doe v. Purdue*, 464 F. Supp.3d 989, 1001-1003 (N.D. Ind. 2020) (Springmann, J.).

## XII.   Magistrate Judge Kolar's Mischaracterization About His Pattern of Rulings, Adoption of Purdue Positions, <u>Rulings Against Plaintiff and Plaintiff Looking for Goblins.</u>

Magistrate Judge Kolar engages in mischaracterization when saying Plaintiff John Doe argues that his pattern of rulings, adoption of Purdue positions and rulings against Plaintiff are evidence of bias and that Plaintiff is looking for "goblins."  [DE 261, p.11.]  The implication by Magistrate Judge Kolar that Plaintiff is paranoid and overreacting to the relentless bias of his opinions despite Magistrate Judge

Kolar himself refusing to address the specific details that Plaintiff continues to raise in regards to those rulings is frankly unjudicial and unbecoming.

It wasn't just the pattern of rulings, adoption of Purdue's positions and the rulings against Plaintiff; it was what paragraphs 22-34 of the Byler Declaration discussed, quoted above, about "Rejection of Justice Barrett on Liberty Stigma-Plus Interest," "The National Importance of Judge (Now Justice) Barrett's Due Process Opinion," "Judge Barrett's Rejection of Self-Defamation for the Court," "The Navy Knew About The Disciplinary Proceeding Before Authorization and Was Looking To Purdue's Investigation," "The Magistrate Judge's Narrow Legal Obligation Ruling Is At Odds With Judge Barrett's Opinion And Is Divorced From Military Realities." [DE 57-1, pp. 12-19.]   This and the spoliation and reconsideration opinions are what specifically support the points that Magistrate Judge Kolar "has made common cause with Purdue counsel to frustrate Plaintiff John Doe's effort to vindicate his due process and Title IX rights and to undermine and eviscerate [current Supreme Court] Justice Barrett's opinion in this case" (DE 257-1 p. 2), and that the history of the case shows Magistrate Judge Kolar "kowtowing to Purdue and its implacable public rejection of Justice Barrett's nationally significant opinion" (DE 257-1 p. 4).

Second, Magistrate Judge Kolar's July 2, 2021 spoliation opinion; the August 22, 2022 summary judgment opinion, and the February 14, 2023 reconsideration opinion are propaganda pieces for Purdue.   As discussed in the Byler Declaration, Magistrate Judge Kolar's July 2, 2021 spoliation opinion ignored John's otherwise complete compliance with extensive discovery and, without meeting the law's basic

requirements, finds John guilty of spoliation over 11 irrelevant post-suspension Snapchat entries and speculates without reason that somehow they could relate to John's desired Navy career; and further, Magistrate Judge Kolar's July 2, 2021 spoliation opinion ordered adverse jury instructions and fees paid to Purdue. [DE 257-1, pp. 8-11]. That opinion was quite a propaganda piece for Purdue to falsely portray John as derelict in discovery. As discussed above and in the Byler Declaration, Magistrate Judge Kolar's August 22, 2022 summary judgment opinion, with a legalistic approach misapprehending the discovery record. rejected Justice Barrett's due process opinion of national importance and exonerated Purdue from egregious due process violations despite military realities. That was quite a propaganda piece for Purdue. [DE 257-1, pp. 12-25]. As discussed above and in the Byler Declaration, Magistrate Judge Kolar's February 14, 2023 reconsideration opinion brushed aside the Navy ROD and Judge Martin's contrary precedent in the Northern District of Indiana applying stigma plus and exonerated Purdue from its due process violations. [DE 257-1, pp. 26-31]. That was a propaganda piece for Purdue.

### XIII.  Magistrate Judge Kolar On "Discovery Disputes".

Magistrate Judge Kolar engages in mischaracterization that is as false as false can be when asserting that the Byler Declaration only shows Magistrate Judge Kolar considered the evidence before him as to the alleged spoliation. [DE 261, p.12.] The Byler Declaration shows Magistrate Judge Kolar not considering the evidence before him and not considering the applicable law. [DE 57-1, pp. 9-11.] Magistrate Judge

Kolar's July 2, 2021 spoliation opinion ignored John's compliance with discovery and, without meeting the law's basic requirements, finds John guilty of spoliation over 11 irrelevant post-suspension Snapchat entries and speculates without reason that somehow they could relate to John's desired Navy career.  [DE 57-1, pp. 9-11.]

Magistrate Judge Kolar ignores giving a protective order against deposing Purdue President Mitch Daniels. [DE 137.]  Daniels was a named defendant in his official capacity for the enforcement of injunctive relief under claims for denial of constitutional due process per *Ex Parte Young*, 209 U.S. 123 (1908).  President Daniels as Defendant Purdue's President was pleaded as ultimately responsible for the university's compliance with a federal injunction. [DE 51, p. 4.]

Magistrate Judge Kolar ignores the discovery disputes in overriding HIPAA and ordering the deposition of Noel Perry, John's personal counsellor. [DE 143.] Noel Perry gave helpful testimony for John, but the issue of bias concerns the overriding of HIPAA, ordering the turnover of all notes concerning John's private sessions and ordering the deposition of John's personal counsellor at Purdue's request.  Because of the invasion of John's privacy and disregard of HIPAA, John no longer uses such counseling.

Magistrate Judge Kolar ignores his striking the expert opinion of Dr. R. Christopher Barden. [DE 206.]  Dr. Barden, a clearly qualified expert, has never been excluded from testifying; and here, Dr. Barden's testimony is proper under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  Dr. Barden is a licensed psychologist (MN and TX ) and licensed

attorney, has testified and/or consulted as an expert witness in many jurisdictions with regard to a number of areas including investigative methodologies, standards of care in investigations including abuse cases, the science of memory-false memories-tainted memories, the science of investigative interviewing, misconduct and malpractice in investigations, clinical psychology, psychopathology, psychotherapy, diagnostic issues, coping-resilience science, the nature of science, Frye-Daubert-Kumho science analysis, history-methodology-standards of care in criminal and related investigations, the reliability of various scientific methodologies, investigative methods and procedures. [DE 199-1; 199-2.]

The original Barden report faults Purdue's "believe the woman" approach, citing the testimony of Purdue investigators Amberger and Oliver concerning their training as a factual reference point for Dr. Barden's testimony on "believe the woman." [DE 199-1.] When questioned about his training, investigator Amberger testified that he recognized the phrase "believe women," citing the use of the phrase by End Violence Against Women International ("EVAWI") in some of their e-mails and training and by Purdue's "Center for Advocacy Response and Education" ("CARE") when conducted training and running education on campus. (DE 187-26; Amberger Dep tr 9-10.) When questioned about her training, investigator Oliver testified about receiving training from Michigan State Professor Campbell on the neurobiology of trauma (DE 187-24, Erin Oliver Dep tr 9) – which Dr. Barden harshly criticizes as junk science. [DE 199-1; DE 199-2.] The original Barden report also discussed the Purdue CARE Facebook postings [DE 187-21; DE 199-1], the kind of

which was referenced in Judge (now Justice) Barrett's opinion.  928 F.3d at 669.  The original Barden report further rejects the 1 in 5 statistic and criticizes its effect leading to university victim-centered policies and procedures. [DE 199-1; DE 199-2.]

As a result of Magistrate Judge Kolar's striking the original Barden report and Plaintiff objecting, Plaintiff was ordered to provide a revised report by Dr. Barden, which was done with a March 16, 2023 report focusing on confirmation bias and defective investigative methodologies used by Purdue. [DE 234; DE 245-1.]  Purdue moved to exclude the opinions in Dr. Barden's March 16, 2023 report [DE 240], and Plaintiff has opposed Purdue's motion [DE 245]. This is one of the important pre-trial motions for the trial judge.

So also is Purdue's general motion *in limine* seemingly intended to hamstring John's case. [DE 235.] Purdue's motion contains a laundry list of requested exclusions including: evidence or argument directed to Purdue's disciplinary process; the content of disciplinary records or expungement; John's claim of lost opportunity in Navy ROTC or Navy career; the economic value of the loss of enjoyment of life (hedonic damages) that Defendants' conduct caused John (which is the subject of Dr. Stan Smith's expert testimony); the Seventh Circuit opinion and the procedural history of the case before this Court except for spoliation; how John's suspension adversely affected John's family and friends; argument and evidence regarding education and career hypotheticals; evidence and contentions about the history, purpose or intent of Title IX; Purdue's objections to John's discovery; details about John's and Jane's relationship that provided essential context to the false accusations made in April

2016 by Jane; that the Purdue investigators ignored the John-Jane Doe sexual relationship; Jane's suicide attempt; John's religious upbringing. [DE 235.]  Plaintiff has strenuously opposed that motion.  [DE 242.]  A trial judge has a certain amount of discretion with respect to such matters, and that discretion should not be in the hands of a biased judge lacking in impartiality.

### XIV.   February 13, 2023 Settlement Conference and Mandamus.

Magistrate Judge Kolar's references to the settlement conference and mandamus [DE 261, pp. 1,14] ignore that John got the impression Magistrate Judge Kolar would not be fair at trial and that the mandamus petition challenged Magistrate Judge Kolar for exceeding his jurisdiction, not bias.  That the mandamus petition was denied does not establish Magistrate Judge Kolar is not biased within his jurisdiction. A decision badly misreading Justice Barett's opinion can be within the jurisdiction of the Magistrate Judge's jurisdiction, but it can and is here evidence of bias and lack of impartiality.

### XV.   Closing Question.

In the end, the question is why Magistrate Judge Kolar is so intent upon being the trial judge? Plaintiff's answer is to run a biased trial.  An Article III judge should be assigned to be trial judge in this important case.


Respectfully submitted on this 7th day of September, 2023.

> **Respectfully submitted,**
> **LAW OFFICES OF PHILIP A. BYLER**
> By: /s/ *Philip A. Byler*
> **Philip A. Byler, Esq.**

Page **37** of 38

89

**11 Broadview Drive**
**Huntington, New York 11743**
**(631) 848-5175**
pbyler1976@gmail.com
philb@optonline.net
***Attorneys for Plaintiff John Doe***