IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) |
| **DANIELS, JR.,** in his official capacity as President of | ) |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO MINUTE ORDER DATED SEPTEMBER 13, 2023

Defendants, by counsel, respond to the Court's Minute Order dated September 13, 2023 (DE 270).

The Minute Order directs the parties "to file status reports by 9/27/2023, addressing whether the Court retains jurisdiction over pretrial matters, including motions in limine, given John Doe's 'Notice of Appeal' at DE [267]."

Although "'[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal'", *United States v. Weiss*, No. 23-2096, 2023 U.S. App. LEXIS 13543, at *4 (7th Cir. June 1, 2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)), in this case the Court of Appeals has paused application of that rule. In response to John Doe's Notice of Appeal, the Court of Appeals has directed John Doe to file a memorandum "stating why this appeal should not be dismissed for lack of jurisdiction." (Case

1

No. 23-2764, DE 3). Therefore, it appears to be premature to question whether appellate jurisdiction has divested this Court's jurisdiction.

Even if the Court of Appeals were to accept jurisdiction, this Court would retain jurisdiction over pretrial matters, including motions in limine. The opening paragraph of John Doe's Notice of Appeal states: "This is an appeal from 'a final decision' denying recusal due to bias 'which is separate from the merits and unreviewable on appeal.' *Powers v. Chicago Transit Auth.*, 846 F.2d 1139, 1141 (7th Cir. 1988) (Easterbrook, J.)." Page 2 of the Notice of Appeal states: "Here, the denial of recusal due to bias conclusively determines the disputed question, resolves (incorrectly) a critically important issue *completely separate from the merits of the action*, and is effectively unreviewable on appeal from a final judgment." (emph. added).

Where, as here, the interlocutory appeal does not ask the appellate court to address "liability on the merits", the appeal does "not divest the district court of jurisdiction over the merits." *Kilty v. Weyerhaeuser Co.*, 758 F. App'x 530, 533 (7th Cir. 2019).

The Notice of Appeal appears to be invoking the "collateral order" rule. The *Powers* case states: "An order is collateral and appealable only to the extent it is a 'final decision' separate from the merits and unreviewable on appeal." *Powers v. Chi. Transit Auth.*, 846 F.2d 1139, 1141 (7th Cir. 1988). The controlling jurisdictional rule for a "collateral order" is:

> Under the "collateral order" doctrine, "the district court can go about its business handling the principal claims in a case while the circuit court addresses 'issues separate from the merits.'"

*Browne v. Waldo*, No. 2:20-CV-196-JVB-APR, 2023 U.S. Dist. LEXIS 51405, at *3 (N.D. Ind. Mar. 27, 2023) (quoting *Herx v. Diocese of Fort Wayne-South Bend, Inc.*, No. 1:12-CV-122, 2014 U.S. Dist. LEXIS 150860, 2014 WL 5431583, at *1 (N.D. Ind. Oct. 23, 2014) and *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)).

For these reasons, this Court retains jurisdiction over pretrial matters, including motions in limine for the scheduled trial, while the Court of Appeals addresses the collateral order that is the subject of the Notice of Appeal.

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (18973-79)
James F. Olds (27989-53)
Stuart & Branigin LLP
300 Main St., Ste. 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
tlj@stuartlaw.com
jfo@stuartlaw.com
Telephone: 765-423-1561
*Attorneys for Defendants*