IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) | |
| **KATHERINE SERMERSHEIM**, in her official | ) | |
| capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JOHN DOE'S RESPONSE TO MAGISTRATE
JUDGE KOLAR'S SEPTEMBER 13, 2023 ORDER (DE 270)**

The September 13, 2023 Order (DE 270) directs the parties "to file status reports by 9/27/2023, addressing whether the Court retains jurisdiction over pretrial matters, including motions in limine, given John Doe's 'Notice of Appeal' at DE [267]."

28 U.S.C. § 144 provides that "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Although this Court, in an August 14, 2023 Opinion and Order, has denied Plaintiff John Doe's motion to recuse for bias,

Plaintiff John Doe has filed a Notice of Appeal as to that August 14, 2023 Opinion and Order.

Purdue concedes in its Response that "'[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal'", citing *United States v. Weiss*, No. 23-2096, 2023 U.S. App. LEXIS 13543, at *4 (7th Cir. June 1, 2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)), (DE 271, p. 1.) Purdue then asserts two positions.

Purdue first takes the modest position that given the direction of the Court of Appeals that John Doe file a memorandum "stating why this appeal should not be dismissed for lack of jurisdiction." (Case No. 23-2764, CA DE 3), "it appears to be premature to question whether appellate jurisdiction has divested this Court's jurisdiction." (DE 27, p. 2.) The inference from Purdue's first position is that if the Court of Appeals assumes jurisdiction, this Court will be divested of jurisdiction over pretrial matters – a sensible conclusion.

But then Purdue takes a second more aggressive -- and erroneous – position. Purdue, anxious to have this Court rule on pretrial issues, particularly the motion *in limine*, also argues that **"even if"** the Court of Appeals were to accept jurisdiction, this Court would retain jurisdiction over pretrial matters, including motions in limine. In other words, Purdue would have this Court proceed to decide pretrial issues critical to the fairness of a trial, particularly the motion *in limine*, while the Seventh Circus is deciding whether this Court has demonstrated bias and a lack of

impartiality such that this Court should be recused from deciding pretrial issues and overseeing the trial. Purdue's position would have this Court act disrespectfully to the Seventh Circuit and invite an appellate stay order. Purdue's position also suggests an expectation of biased decision-making which Purdue fully understands would be a continuation of the Court's conduct in this case.

Purdue's justification is a ill-considered technical one, that the issue of bias is separate from the merits and should be treated as an interlocutory appeal. What Purdue myopically overlooks are: (i) that whether there is a proper basis for an appeal of what traditionally has been called a collateral order is a different issue from an interlocutory appeal; and (ii) the merits are vitally affected by biased decision-making. The case cited by Purdue, *Kilty v. Weyerhaeuser Co.*, 758 F. App'x 530, 533 (7th Cir. 2019), involved an interlocutory order and did not involve the issue of bias. While collateral orders may often leave the district court free to go about the business of handling the principal claims in the case, that is not true as to bias. Such cases as *Browne v. Waldo*, No. 2:20-CV-196-JVB-APR, 2023 U.S. Dist. LEXIS 51405, at *3 (N.D. Ind. Mar. 27, 2023), *Herx v. Diocese of Fort Wayne-South Bend, Inc.*, No. 1:12-CV-122, 2014 U.S. Dist. LEXIS 150860, 2014 WL 5431583, at *1 (N.D. Ind. Oct. 23, 2014), and *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)), are inapposite.

For the reasons stated above, this Court cannot lawfully retain jurisdiction over pretrial matters, including motions *in limine* for the scheduled trial, while the Court of Appeals addresses the collateral order that is the subject of the Notice of Appeal.

Respectfully submitted on this 26th day of September, 2023.

> **Respectfully submitted,**
> **LAW OFFICES OF PHILIP A. BYLER**
> By: /s/ *Philip A. Byler*
> **Philip A. Byler, Esq.**
> 11 Broadview Drive
> Huntington, New York 11743
> **(631) 848-5175**
> pbyler1976@gmail.com
> *Attorneys for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

I, PHILIP A. BYLER, hereby declare per 28 U.S.C. § 1746, that on September 26, 2023, I caused to be served by ECF upon William Kealey, counsel of record for the Purdue Defendants=Appellees, Plaintiff John Doe's Response To Magistrate Judge Kolar's September 13, 2023 Order (DE 270) e-filed on September 26, 2023.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 26th day of September, 2023.

_____*Philip A. Byler*_____
**Philip A. Byler**