IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) |
| **DANIELS, JR.,** in his official capacity as President of | ) |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S TITLE IX INJUNCTIVE RELIEF CLAIM**

Defendants, The Trustees of Purdue University ("Purdue University"), Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, and Katherine Sermersheim, by counsel, submit this brief in support of their Motion to Dismiss Plaintiff's Title IX Injunctive Relief Claim.

**Introduction**

For Plaintiff John Doe's Title IX claim, he seeks damages against Purdue University and injunctive relief against Purdue University and named officials in their official capacities.

John served his suspension and did not seek to enjoin it by preliminary injunctive relief. His contention that he should not have been suspended is moot for purposes of injunctive relief. Further, because there is no pending claim to exonerate John, there can be no exoneration rationale for injunctive relief.

1

A Title IX private right of action only addresses the purposes of Title IX. John's Title IX injunctive relief claim does not meet the standing test for the case-or-controversy requirement. There is no allegation of real and immediate harm to John's prospective educational opportunity.

Purdue's mere possession of disciplinary records is insufficient for the injury-in-fact requirement for standing. Further, John's stated intention to disclose those records at trial nullifies any possibility that expungement relief would redress a risk of harm from third-party awareness of his disciplinary history and the related records.

**<u>Title IX Injunctive Relief Allegation</u>**

Count II of the Second Amended Complaint (DE 160) alleges: "As a result of the foregoing, John Doe has standing to seek and is entitled to an injunction vacating John Doe's disciplinary findings and decision, granting expungement of John Doe's transcript of the disciplinary record, ordering the ending of the suspension subject to any readmission requirements." (Para. 153). A corresponding prayer appears at page 64. However, John has not carried these contentions forward in the proposed Joint Final Pretrial Order (DE 239).

The Jurisdictional Statement in the proposed Joint Final Pretrial Order states: "Defendants assert that the standing requirements for Plaintiff's Title IX injunctive relief claims are not met and there is no subject matter jurisdiction for trial of those claims. Plaintiff disagrees." (DE 239 p. 1) Defendants also state: "John has waived and will waive any injunctive relief claim for destruction of Purdue University records offered and received into the Court's pre-trial and trial record in this case." (DE 239 p. 9); and, "Purdue University's possession of records of John's disciplinary suspension is not an actionable harm". (DE 239 p. 9).

**Legal Standard**

"The burden to establish standing is on the party invoking federal jurisdiction." *Scanlan v. Eisenberg*, 669 F.3d 838, 841-42 (7th Cir. 2012).

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568, 582-583 (2021).

There is no standing "in the absence of an injury". *Baysal v. Midvale Indem. Co.*, 78 F.4th 976, 979 (7th Cir. 2023). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Casillas v. Madison Ave. Assocs.*, 926 F.3d 329, 333 (7th Cir. 2019) (Barrett, J.). "Under Article III, federal courts do not adjudicate hypothetical or abstract disputes." *TransUnion LLC*, 210 L. Ed. 2d at 583.

Standing must be confirmed for each claim for relief at the time the court considers the relief. "As a general rule, cases or individual claims for relief become moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 860 (7th Cir. 2018) (internal citations and quotations omitted). Mootness is "the doctrine of standing set in a time frame." *Id*.

**Argument**

    **A.    John served his suspension and did not seek to enjoin it by preliminary injunctive relief. His contention that he should not have been suspended is moot for purposes of injunctive relief.**

An injunction cannot rewind the parties' history to an earlier time. John never sought a rehearing on Purdue's disciplinary determination. John served his suspension and chose not to

seek to enjoin it by preliminary injunctive relief. The question whether John should have been suspended is no longer a live question for purposes of injunctive relief. Therefore, it is moot. *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 626 (7th Cir. 2007) ("When the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome, the claims are moot and must be dismissed for lack of jurisdiction.") (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

John's standing when he filed suit begs the question of his standing today. "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (quotation omitted). John's allegations of a Title IX violation in 2016, without more, are insufficient to establish the elements of standing for injunctive relief today. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Hero v. Lake Cty. Election Bd.*, 561 F. Supp. 3d 786, 791 (N.D. Ind. 2021) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) and *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

Mootness is made vivid by the impossibility of redress. Between a university and former students, a moot injunctive relief claim cannot satisfy the redress requirement for standing. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 860 (7th Cir. 2018) ("It is too late for an injunction. . . . Nearly four years after the last alleged wrongdoing . . . [a]n injunction could not redress plaintiffs' alleged injuries."). Expunging Purdue's disciplinary file would not change the fact that John served a suspension. Destroying a historical record does not change history. For injunctive relief purposes, any alleged harm from the occurrence of John's suspension is moot. He is limited to his damage claim.

4

**B.    There is no pending claim to exonerate John.**

This Court has already determined that the trial on John's Title IX claim will not address the question of his culpability for sexual assault of Jane Doe. Purdue's Counterclaim (DE 91) sought a declaratory judgment on John's culpability. (p. 69: "Counterclaimant Purdue University respectfully requests that this Court: A. Declare that John Doe's above-alleged sexual misconduct violated Purdue University's conduct regulations."). On John's motion, this Court dismissed the Counterclaim, on the ground that the Title IX determination of the question whether "Purdue did or did not exhibit gender bias in its treatment of John" would resolve the case "regardless of whether he sexually assaulted Jane". (DE 224 p. 17). For this reason, injunctive relief cannot be based on any rationale of exoneration.

**C.    There is no ripe allegation of loss of educational opportunity.**

  **1. John's allegation of prospective harm to his occupational liberty has been dismissed. John is limited to his Title IX claim for harm to his educational opportunity.**

The Court of Appeals' instruction that this Court "address the issue of expungement on remand" was directed first to John's now-dismissed claim for loss of occupational liberty, "that if the guilty finding is expunged, a career in the Navy may once again be open to him". *Doe v. Purdue Univ.*, 928 F.3d 652, 666-67 (7th Cir. 2019). Because John's Due Process stigma-plus claim has been dismissed, his occupational liberty allegation is no longer relevant to determination of standing for injunctive relief.

John must show standing for injunctive relief under Title IX. The private right of action under Title IX is limited to Title IX's objective that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

*See Cannon v. Univ. of Chicago*, 441 U.S. 677, 704 (1979); *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 640 (1999); *C.S. v. Madison Metro. Sch. Dist.*, 34 F.4th 536, 541 (7th Cir. 2022) (*en banc*) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286, 292 (1998)); *Doe v. Duerfahrd*, No. 4:18-CV-72-JVB-JEM, 2022 U.S. Dist. LEXIS 213403, at *18-19 (N.D. Ind. Nov. 28, 2022). Therefore, John must show standing for an injunction to remedy prospective exclusion from participation in or denial of the benefits of an education program or activity. Specifically, John must contend that expungement of Purdue University's disciplinary records would remedy a currently blocked educational opportunity for him. There is no such contention in the parties' proposed Joint Final Pretrial Order.

### 2. No allegation of a real and immediate loss of educational opportunity.

"To have standing for prospective injunctive relief, a plaintiff must face a real and immediate threat of future injury as opposed to a threat that is merely conjectural or hypothetical." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (internal quotations omitted). As summarized in *Prosser v. Becerra*, 2 F.4th 708 (7th Cir. 2021):

> In the absence of an actual injury, standing may still exist in the face of a threatened injury if that future injury is certainly impending—in a word, imminent. See *Lujan*, 504 U.S. at 564 n.2 ("Although 'imminence' is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is '*certainly* impending.'") (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990))); *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2565, 204 L. Ed. 2d 978 (2019) (explaining that imminence requires a showing that "there is a substantial risk that the harm will occur"). The Supreme Court has "repeatedly reiterated that threatened injury must be certainly impending to constitute injury in fact, and that allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013) (cleaned up).

2 F.4th at 714. In a discrimination case, evidence of past discipline that has no remaining effect is insufficient to establish standing. *Marzullo v. Nlmk Ind.*, No. 2:18-CV-476-TLS, 2021 U.S. Dist. LEXIS 52694, at *30 (N.D. Ind. Mar. 22, 2021).

Neither the Second Amended Complaint nor the proposed Joint Final Pretrial Order contends that John is experiencing or faces a real and immediate risk of loss of educational opportunity on account of Purdue's possession of disciplinary records.

John's suspension ended in 2017, and he remains eligible to re-enroll at Purdue University. The Court of Appeals has held John to the standing requirement to allege an intention to enroll at Purdue and show a "real and immediate" prospect of harm to his opportunity to do so. *Doe v. Purdue Univ.*, 928 F.3d at 666 (internal citation omitted).[1]

John cannot meet the standing requirement for injunctive relief by hypothesizing a future effect on his educational opportunity. John does not assert any ripe allegation of loss of educational opportunity. There is no contention that John is presently trying or intending to enroll anywhere. There is no contention that the records from Purdue University's disciplinary findings and decision are or will soon become available to any third-party.[2]

---

[1] As the Court of Appeals stated: "John also seeks to remove the conditions of re-entry imposed by Purdue as part of his discipline. John lacks standing here too. As we already noted, he has not alleged that he intends to return to Purdue—a necessary fact to demonstrate a cognizable injury from the barriers to re-entry." *Doe v. Purdue Univ.*, 928 F.3d 652, 666 (7th Cir. 2019). The Court expressly applied this holding to John's Title IX claim. *Id*. at 670.

[2] John's prayer for an injunction "vacating John Doe's disciplinary findings and decision" has no basis in the Title IX private right of action. The "Grievance Process" regulations (34 CFR § 106.45), which were enacted by the Department of Education in 2020 (after the Court of Appeals decision in this case) require that Jane Doe's allegation be decided. Section 106.45(b)(7)(i) states that the decision-maker "must issue a written determination regarding responsibility" and Section 106.45(b)(7)(iii) states that the "determination regarding responsibility becomes final either on the date that the recipient provides the parties with the written determination of the result of the appeal, if an appeal is filed, or if an appeal is not filed, the date on which an appeal would no longer be considered timely." There is no provision that permits a decision to be permanently vacated, leaving the determination of responsibility permanently unresolved. Given the Department of Education's determination requirement, the Title IX private right of action cannot provide John a path to evade a final determination on the weight of the evidence on Jane's allegation. Further, the trial of John's discrimination claim in this Court does not meet any of the requirements of 34 CFR § 106.45 for determination of the preponderance of the evidence on Jane Doe's allegation against John.

Without such an allegation, injunctive relief would not "affect the rights of litigants in the case before them and simply would be an opinion advising what the law would be upon hypothetical state of facts". *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006). *See Nat'l Park Hospitality Ass'n v. Dep't of Interior,* 538 U.S. 803, 808 (2003); *Ind. Right to Life, Inc. v. Shepard,* 507 F.3d 545, 549 (7th Cir. 2007). A claim for injunctive relief is not ripe where it concerns information that may become available "in the event" the plaintiff pursues a hypothetical future opportunity, because such a claim rests on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008) (quoting *Texas v. United States,* 523 U.S. 296, 300 (1998) and *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 580-81 (1985)). A claim for expungement is also not ripe where, as here, there is no evidence that there is any *public* record to expunge. *Id*.

### 3. The mere existence of Purdue's archival disciplinary file is not a concrete injury.

"'Article III standing requires a concrete injury even in the context of a statutory violation.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. at 2205 (2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). Therefore, John's allegation that his disciplinary suspension violated Title IX is not sufficient to establish standing for injunctive relief. Even if the statutory violation were proved, John must allege a concrete injury that is occurring or will result from the statutory violation.[3]

---

[3] The Court of Appeals has already ruled out standing for John's contention that he has standing for injunctive relief to redress his generalized grievances about Purdue's process for addressing student sexual misconduct. *Doe v. Purdue Univ.*, 928 F.3d 652, 666 (7th Cir. 2019). John's indignance is insufficient to meet the injury-in-fact requirement for standing, even if there were ongoing conduct triggering so-called "dignitary harm". *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 834 (7th Cir. 2019).

8

Further, the *TransUnion* opinion blocks any argument that the mere existence of Purdue's archival record of John's disciplinary suspension is a concrete injury. The *TransUnion* opinion focused on whether "the mere existence of inaccurate information, absent dissemination, amounts to concrete injury" and concluded that such an allegation of harm does not have "a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." 141 S.Ct. at 2209, 2213 (quoted and discussed in *DeBoard v. Ventry Apartments, LLC*, No. 1:22-CV-396-HAB, 2023 U.S. Dist. LEXIS 107955, at *18 (N.D. Ind. June 22, 2023)). The court in *DeBoard* concluded that violation of a discrimination statute does not meet the standing requirement because "a statutory violation alone" does not establish standing and "Plaintiff has failed to allege a particularized, concrete injury that would give this Court jurisdiction over his claim." *DeBoard v. Ventry Apartments, LLC*, 2023 U.S. Dist. LEXIS 107955, at *19.

These authorities dictate the same conclusion here. John has no standing for his injunctive relief claim because he is not alleging any present or imminent dissemination by Defendants. Without dissemination, there is no real and immediate threat of future injury and therefore no standing for the injunctive relief prayed for in John's complaint.

Further, as discussed above, even if John were to prevail on his Title IX claim, he would prove only a discrimination injury, not exoneration. Because there is no pending claim to establish culpability or exoneration, there is no pending claim that can support injunctive relief to dispossess Purdue of the evidence that shows John's culpability.

**D.      Expungement would not redress any harm.**

As noted above, the third element of standing is the redress requirement. There is no standing to seek injunctive relief that cannot be redressed by the requested injunction. It is impossible for John to claim that expungement (in the form of destruction of documents) will

redress a real and immediate injury by Purdue. Once this case is tried, the documents will reside in this court's trial record. The new status quo will be public domain access to those records, based on disclosure by John himself. Any hypothetical post-trial risk of disclosure by Purdue of those same records cannot be meaningfully redressed because the voluntary trial disclosure is the new reality. Just as destruction of a bookseller's stock of a book does not limit disclosure, if the book is also in the public library, so ordering the destruction of Purdue's archive would be pointless once the same documents and information are in this Court's permanent trial record.

It is also impossible to redress John's decision to serve his Purdue suspension rather than seek to preliminarily enjoin it from taking effect. Because he did not seek or obtain preliminary relief, the suspension commenced and ran its course. No prospective injunction can alter that past occurrence. This Court cannot redress the fact that the suspension occurred, a fact that will be memorialized in the trial record.

## **Conclusion**

For the above-stated reasons, Defendants respectfully request that the Court dismiss Plaintiff's Title IX private right of action for injunctive relief.

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (18973-79)
James F. Olds (27989-53)
Stuart & Branigin LLP
300 Main St., Ste. 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
              jfo@stuartlaw.com
Telephone: 765-423-1561
*Attorneys for Defendants*