IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) |
| **DANIELS, JR.,** in his official capacity as President of | ) |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO BIFURCATE
## LIABILITY AND REMEDY PHASES OF TRIAL

Defendants, The Trustees of Purdue University, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, and Katherine Sermersheim, by counsel, move pursuant to Federal Rule of Civil Procedure 42(b) to bifurcate the liability and damage phases of the trial scheduled for November 28, 2023.

1. As summarized in *Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, No. 11-cv-8808, 2023 U.S. Dist. LEXIS 140025, at *13-14 (N.D. Ill. Aug. 11, 2023):

> Under Rule 42(b) of the Federal Rules of Civil Procedure, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." *See* Fed. R. Civ. P. 42(b). The Rule permits district courts to bifurcate the liability and damages phases of a trial. *See Fetzer v. Wal-Mart Stores, Inc.*, 2016 U.S. Dist. LEXIS 160770, 2016 WL 6833912, at *6 (N.D. Ill. 2016); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, at § 2390 (3d ed. Apr. 2023 update) ("The separation of issues of liability from those relating to damages is an obvious use for Federal Rule 42(b).")

2. As further summarized in the *Kraft Foods* decision:

1

> The Seventh Circuit has developed a three-part test to determine whether to bifurcate issues for trial. "First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy." *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). A district court needs to find only that one of these criteria — avoiding prejudice, or promoting judicial economy — is met to grant a motion to bifurcate. *See Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007). "Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. Finally, separate trials must not be granted if doing so would violate the Seventh Amendment." *Houseman*, 171 F.3d at 1121 (citation omitted).
>
> Applying this test requires the court to "balance considerations of convenience, economy, expedition, and prejudice, depending on the peculiar facts and circumstances of each case." *See Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) . . . .. Given the wide range of case-specific factors, "determining whether to bifurcate [issues] is a fact-intensive determination over which the Court has considerable discretion." *Est. of Loury ex rel. Hudson v. City of Chicago*, 2020 U.S. Dist. LEXIS 53475, 2020 WL 1491141, at *1 (N.D. Ill. 2020); *see also Volkman v. Ryker*, 736 F.3d 1084, 1089 (7th Cir. 2013) ("A district court's decision to bifurcate or to hold separate trials is reviewable for an abuse of discretion.").

*Kraft Foods Glob., Inc.*, 2023 U.S. Dist. LEXIS 140025, at *14-15.

3.      For the trial in this case, bifurcation would avoid prejudice. The Court has deferred consideration of Defendants' Rule 12(b)(1) motion regarding subject-matter jurisdiction to hear the injunctive relief claim (DE 273). It is inherently prejudicial to require Defendants to stand trial on an injunctive relief claim for which subject-matter jurisdiction is unresolved. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692, 694 (7th Cir. 2003) (discussing prejudice including "waste of time and money" where case proceeds in the absence of subject matter jurisdiction).

4.      Bifurcation would promote judicial economy for the jury. Plaintiff contends that as many as eight trial days may be needed. Bifurcation would ensure that the liability determination would be complete by the end of the first week of trial. Bifurcation would spare the jury the burden of hearing evidence on remedies that Plaintiff is not entitled to in the event of

a defense verdict on liability. More particularly, bifurcation would promote judicial economy in the following ways:

      a.      At the pretrial conference on November 8, 2023, the Court noted that the evidence bearing on the allegation of intentional gender discrimination by Purdue decision-makers centers on the documents and information that those decision-makers received. This is an inherently narrow inquiry, and bifurcating this narrow inquiry from the rest of the case will benefit the jury.

      b.      It is undisputed that plaintiff's contentions relating to "expungement" are outside the jury's task. See Defendants' pending motion in limine "B" (DE 235).

      c.      Regarding remedies, witnesses may testify to John's post-Purdue college career and employment. Such testimony has no relevance to the jury's determination as to whether sex was a motivating factor in the Purdue decision-makers' decision-making. At the pretrial conference, Plaintiff's counsel noted his intent to present testimony by "Navy witnesses". No Navy witness participated in the Purdue decision that is the subject of Plaintiff's Title IX claim. The opening paragraph of the appellate decision in this case spotlights that John's Navy allegations concern the alleged "result" of Purdue's decision, not the decision itself: "As a result of that decision, John was expelled from the Navy ROTC program, which terminated both his ROTC scholarship and plan to pursue a career in the Navy." *Doe v. Purdue Univ.*, 928 F.3d 652, 656 (7th Cir. 2019). *See also id.* at 666 (John "claims that if the guilty finding is expunged, a career in the Navy may once again be open to him."). Therefore, any testimony from Navy witnesses would be solely concerned with John's proposed remedies.

For these reasons, Defendants respectfully ask the Court to bifurcate the liability and damage phases of the trial scheduled for November 28, 2023.

        Respectfully submitted,

        /s/ William P. Kealey
        William P. Kealey (18973-79)
        James F. Olds (27989-53)
        Scott N. Teal (35713-53)
        Stuart & Branigin LLP
        300 Main St., Ste. 900
        P.O. Box 1010
        Lafayette, IN 47902-1010
        Email: wpk@stuartlaw.com
              jfo@stuartlaw.com
        Telephone: 765-423-1561
        *Attorneys for Defendants*