IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| PURDUE UNIVERSITY, PURDUE UNIVERSITY | ) |
| BOARD OF TRUSTEES, MITCHELL ELIAS | ) |
| DANIELS, JR., in his official capacity as President of | ) |
| Purdue University, ALYSA CHRISTMAS ROLLOCK, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) |
| KATHERINE SERMERSHEIM, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S MEMORANDUM ON DISPUTED JURY INSTRUCTIONS**

Defendant, The Trustees of Purdue University, by counsel, submits this memorandum in response to the Court's request for "briefing on disputed jury instructions" (DE 282).

The only claim for the jury is the Title IX claim for damages, which pends solely against Purdue University.

The following jury instructions submitted in DE 238 are not "Joint": Defendant's No. 14, Plaintiff's No. 14, Defendant's Nos. 15-17, and Defendant's No. 19.

**No. 14**

This is the only non-joint instruction on which Plaintiff has submitted an alternative instruction.

Defendant's instruction is based on the cited authorities that accompany it. Plaintiff's alternative instruction does not cite any authority. A sentence-by-sentence parsing of Plaintiff's instruction shows that it is not well-grounded in law, includes inappropriate advocacy, and would mislead the jury.

1

<u>Statement in Plaintiff's version</u>: "Plaintiff John Doe claims Defendant Purdue University intentionally discriminated against him based on his sex in violation of Title IX when it found Plaintiff responsible for sexual assault, in violation of the University's student conduct policy and sanctioned Plaintiff by suspending him from the University."

<u>Comment</u>: This statement is not an instruction at all. It is advocacy and should be confined to the preliminary instructions, not the final instructions. Also, the "in violation" syntax is confusing as to whether Plaintiff is claiming that the finding of responsibility was a policy violation.

<u>Statement in Plaintiff's version</u>: "In order for Plaintiff John Doe to establish his Title IX claim against Defendant Purdue University, Plaintiff John Doe has the burden of proving by a preponderance of the evidence that Plaintiff's sex was a motivating factor in Defendant Purdue University's finding that he was responsible for violating the University's student conduct policy."

<u>Comment</u>: This statement is less helpful to the jury than the formulation in Defendant's No. 14, which tracks with the second paragraph of Seventh Circuit Pattern Jury Instruction 3.01 and states: "If you find that Plaintiff has proved that Purdue University discriminated against him because he is a man by a preponderance of the evidence, then you must find for Plaintiff and against Purdue University. However, if you find that Plaintiff did not prove that Purdue University discriminated against him because he is a man by a preponderance of the evidence, then you must find for Purdue University and against Plaintiff."

<u>Statement in Plaintiff's version</u>: "The question is do the facts that you find show that the university discriminated against Plaintiff John Doe on the basis of sex?"

<u>Comment</u>: This rhetorical question is argument, not an instruction. Also, the phrase "facts that you find" is confusing because the jury is not instructed to make factual findings.

<u>Statement in Plaintiff's version</u>: "In establishing that Plaintiff John Doe's sex was a motivating factor in finding Plaintiff John Doe responsible to [sic] violating Defendant Purdue University's Student Conduct Policy, Plaintiff John Doe is not required to prove that his sex was the sole motivation or a primary motivation for Defendant Purdue University's decision."

<u>Comment</u>: No authority endorses this formulation. This formulation would confuse the jury because it implies that the jury could conclude that Purdue University was primarily motivated by the weight of evidence of John's culpability, and yet still decide in favor of the Plaintiff. This formulation is also confusing because it is inconsistent with the previous sentence, which invokes the formulation "on the basis of sex". The appellate ruling in this case grounds the "on the basis of sex" formulation in the statutory language of Title IX itself. *Doe v. Purdue Univ.*, 928 F.3d 652, 667 (7th Cir. 2019) ("Title IX . . . provides that '[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.' [citation] . . . "The success of John's claim depends on whether Purdue discriminated against him 'on the basis of sex'.") There is no room in this formulation for inviting the jury to discount the "primary motivation for Defendant Purdue University's decision." It is impossible to read this *Doe v. Purdue* holding as permission for a jury to reason that even a disciplinary determination primarily based on a genuinely held view of the weight of the evidence can nonetheless also be construed as a violation of Title IX.

<u>Statement in Plaintiff's version</u>: "Plaintiff John Doe satisfies his burden by proving that his sex played a motivating part in Defendant's decision even though other factors may also have motivated Defendant Purdue University."

<u>Comment</u>: This statement has the same defects as the preceding statement.

<u>Statement in Plaintiff's version</u>: "Plaintiff John Doe is not required to produce direct evidence of intentional discrimination. Discrimination may be inferred from circumstantial evidence, or the existence of other facts from which discrimination can be inferred."

<u>Comment</u>: This is a misleading formulation and an inaccurate statement of applicable law. There is no category of non-direct, non-circumstantial evidence consisting of "other facts from which discrimination can be inferred". The types of circumstantial evidence that can be considered for a possible inference of intentional discrimination are: "ambiguous or suggestive comments or conduct; better treatment of people similarly situated but for the protected characteristic; and dishonest . . . justifications for disparate treatment." *Joll v. Valparaiso Cmty. Sch.*, 953 F.3d 923, 929 (7th Cir. 2020) (Title VII case); see *Doe v. Trs. of Ind. Univ.*, No. 1:20-cv-02006-JRS-MJD, 2022 U.S. Dist. LEXIS 59743, at *10 (S.D. Ind. Mar. 31, 2022) (employing *Joll* factors in Title IX case). John's contentions in the parties' Joint Proposed Final Pretrial Order (DE 239) do not allege either (i) better treatment of similarly situated non-males accused of sexual misconduct or (ii) that the Purdue decision-makers gave dishonest justifications for differences between treatment of John and Purdue's treatment of non-males accused of sexual misconduct. The only remaining relevant category of evidence is "ambiguous or suggestive comments or conduct" by Purdue decision-makers in the

"university's decision to discipline" him. Inviting the jury to consider innuendo about the probative value of "other facts" would invite prejudicial speculation.

**No. 15**

Defendant's Proposed Final Jury Instruction No. 15 reads: "A university's disciplinary process is not held to the standards of a courtroom. You must give substantial deference to the university decisionmaker's credibility determinations regarding a misconduct allegation."

Decades ago, the United States Supreme Court held, "A school is an academic institution, not a courtroom or administrative hearing room." *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 88, 98 S. Ct. 948, 954 (1978).

The second sentence implements the deferential standard announced in the Supreme Court's bedrock Title IX sexual misconduct decision: "[C]ourts should refrain from second-guessing the disciplinary decisions made by school administrators." *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648 (1999), *cited in Doe v. Univ. of Denver*, 952 F.3d 1182, 1199 (10th Cir. 2020).

The second sentence also maps up to a binding Seventh Circuit precedent in an analogous case, *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 800 (7th Cir. 2022). In that case, Plaintiff Doe was a male student who was suspended following a determination of responsibility for sexual misconduct. The court stated:

> Trial judges sometimes credit part of a witness's story even if that witness was not consistent with other aspects of her story. . . . We do not know just what happened between John and Jane on the night of November 13-14, 2020, but that is not the question for federal courts on the merits of John's Title IX claim. On the record before us, the committee's choice to credit Jane's account over John's appears reasonable and falls well short of proof that the committee was biased against men. Accord, *Samford University*, 29 F.4th at 691 (Title IX committees are not held "to a higher standard than we hold district courts").

5

*Doe v. Univ. of S. Ind.*, 43 F.4th at 800. Under this holding, the jury is specifically not tasked with deciding "what happened between John and Jane" because "that is not the question for federal courts on the merits of John's Title IX claim." Instruction No. 15 ensures that the jury will focus on the question of bias, not on whether the jurors themselves would assess Jane's and John's credibility in the same manner that Purdue decision-makers did.

**Instruction No. 16**

Defendant's Proposed Final Jury Instruction No. 16 contains two statements:

- "Title IX requires Purdue University to respond to allegations of sexual assault regardless of the gender of the individual reporting the allegation or the gender of the individual who is the subject of the allegation."
- "Plaintiff cannot show that Purdue University engaged in gender discrimination by showing a greater frequency of allegations by persons of one gender against persons of another gender or by showing the frequency of disciplinary outcomes by gender."

The first sentence states a long-established Title IX principle. *C.S. v. Madison Metro. Sch. Dist.*, 34 F.4th 536, 540 (7th Cir. 2022) (when "the relevant school official acquires actual notice upon learning that misconduct rising to the level of sex discrimination has occurred . . . Title IX impose[s] an obligation to act").

The second sentence implements a recognized distinction between an allegation of anti-respondent bias (which encompasses any sex) and sex bias, which John alleges in this case. *Doe v. Univ. of Denver*, 952 F.3d 1182, 1196, 1200 (10th Cir. 2020) ("discriminatory treatment of a group to which both genders can belong does not give rise to an inference of gender discrimination"; "evidence of a school's discriminatory treatment of a group that can include both men and women does not create a reasonable inference of gender discrimination"). That opinion also noted, "at nearly every school, the overwhelming majority of sexual-misconduct respondents are men". *Doe v. Univ. of Denver*, 952 F.3d at 1201. Therefore, showing the

frequency of disciplinary outcomes by gender has no probative value, and the jury should be so instructed.

**No. 17**

Defendant's Proposed Final Jury Instruction No. 17 is a modification of Seventh Circuit Pattern Civil Instruction 3.12. The modification fills in the parentheticals in the pattern instruction. There is no dispute that the duty to mitigate is an affirmative defense available to the defense and is appropriate for assertion in defense to Plaintiff's damage claim.

**No. 19**

Defendant's Proposed Final Jury Instruction No. 19 implements this Court's ruling that such an instruction will be given. *Doe v. Purdue Univ.*, No. 2:17-CV-33-JPK, 2021 U.S. Dist. LEXIS 124257, at *48-49 (N.D. Ind. July 2, 2021). Defendant's Proposed Final Jury Instruction No. 19 employs instruction language from Federal Civil Jury Instructions for the Seventh Circuit, Instruction Nos. 1.19 and 1.20. The Court's July 2, 2021 ruling shows the cause for giving Defendant's Proposed Final Jury Instruction No. 19.

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (18973-79)
James F. Olds (27989-53)
Scott N. Teal (35713-53)
Stuart & Branigin LLP
300 Main St., Ste. 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
       jfo@stuartlaw.com
Telephone: 765-423-1561
*Attorneys for Defendants*