IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| PURDUE UNIVERSITY, PURDUE UNIVERSITY | ) |
| BOARD OF TRUSTEES, MITCHELL ELIAS | ) |
| DANIELS, JR., in his official capacity as President of | ) |
| Purdue University, ALYSA CHRISTMAS ROLLOCK, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, | ) |
| KATHERINE SERMERSHEIM, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |

**PURDUE UNIVERSITY'S MEMORANDUM ON PSEUDONYM USAGE**

Defendant, The Trustees of Purdue University, by counsel, submits this memorandum in response to the Court's request for "Briefing on pseudonym status with reference to relevant authority justifying any proposed stipulation" (DE 282).

The status quo is the May 31, 2017 Order (DE 26) that the parties use the pseudonyms John Doe and Jane Doe and that Defendants refrain from revealing John Doe's identity.

That Order's requirement of a pseudonym for John Doe should be construed narrowly and revisited, for the following reasons.

First, it is in derogation of Federal Rule of Civil Procedure 10(a).

Second, ordinary course pseudonym usage for adult Title IX plaintiffs in cases such as this one has not been approved by the Seventh Circuit,[1] and there have been recent decisions

---

[1] The Seventh Circuit disfavors anonymous litigation because it conflicts with "the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Doe v. Village of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016). To proceed anonymously, a party must show "'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Id.* at 377.

1

rejecting such pseudonym usage. The leading authorities outside the Seventh Circuit are *Doe 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022) ("recognizing the strong presumption against the use of pseudonyms in civil litigation") and *Doe v. Massachusetts Institute of Technology*, 46 F.4th 61, 72-73 (1st Cir. 2022) (outlining that circuit's test for determining when that presumption is overcome). In 2021, a District Court summarized the applicable law and denied a Section 1983 plaintiff's pseudonym request in a sexual assault case, because there were no "exceptional circumstances" and "the public's interest in judicial openness is dramatically greater here because Doe is seeking substantial damages from public officials". *Doe v. Cook Cty.*, 542 F. Supp. 3d 779, 790-91 (N.D. Ill. 2021). More recently, a District Court denied pseudonym status to a male Title IX plaintiff who was expelled for sexual assault. *Doe v. Rosalind Franklin Univ.*, No. 1:23-cv-02054, 2023 U.S. Dist. LEXIS 147771, at *8 (N.D. Ill. Aug. 4, 2023).

Third, the May 31, 2017 Order is more than six years old. There is no evidence in the record for the Court to evaluate whether John Doe's given name, as the disciplined student and Title IX claimant, remains confidential outside of this case. In the interim, the Court has made determinations regarding John's disclosures to the Navy, and there is no evidence that John has taken any step to restrict access to his identity in that context.

Fourth, John has stipulated in the parties' proposed Joint Final Pretrial Order (DE 239) that his given name may be used at the upcoming trial.

For these reasons, Purdue University has no basis to support continuing pseudonym status for John Doe in any respect, including on the docket in this case.

With respect to Jane Doe, it is the defense's understanding that she is prepared to testify using her given name. Nonetheless, Jane Doe is a non-party and therefore does not come under the party-identification requirement in Federal Rule of Civil Procedure 10(a). With respect to

identification in the public docket of this case, there is no reason to modify the Court's May 31, 2017 Order that Jane be identified by a pseudonym, and Jane's privacy expectations should be respected. *See generally Wolfe v. Schaefer*, 619 F.3d 782, 785 (7th Cir. 2010) (the Seventh Circuit has recognized "a constitutional right to the privacy" of "information that most people are reluctant to disclose to strangers," including "medical, sexual, financial, and perhaps other categories of highly personal information"); *see also Doe v. Gray*, 75 F.4th 710, 717 (7th Cir. 2023) (discussing *Wolfe*).

                Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (18973-79)
James F. Olds (27989-53)
Scott N. Teal (35713-53)
Stuart & Branigin LLP
300 Main St., Ste. 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
      jfo@stuartlaw.com
Telephone: 765-423-1561
*Attorneys for Defendants*

3