-FILED-

NOV 13 2023

At_____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| PURDUE UNIVERSITY, PURDUE UNIVERSITY ) | |
| BOARD OF TRUSTEES, MITCHELL ELIAS ) | |
| DANIELS, JR., in his official capacity as President of ) | |
| Purdue University, ALYSA CHRISTMAS ROLLOCK, ) | No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, KATHERINE ) | |
| SERMERSHEIM, in her official capacity at Purdue University, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF JOHN DOE'S MEMORANDUM RE
## PLACING DEFENDANTS' ADMISSIONS IN TRIAL RECORD

Plaintiff John Doe respectfully submits this Memorandum concerning Plaintiff's motion to place in the trial record Defendants' admissions from Defendants' Answer (DE 241), a matter that the Court raised in the pre-trial conference held on November 8, 2023 (DE 282). As counsel for Plaintiff stated at the pre-trial conference, the Docket Entries for the case showed no response by Defendants to Plaintiff's motion to place in the trial record Defendants' admissions from Defendants' Answer. Plaintiff's motion was made March 30, 2023 (DE 241). A response was due April 13, 2023. None was filed then; none was ever filed. Given the long-established law stated in Plaintiff's motion, there really did not appear to be a substantive response open to Defendants to oppose the motion.

Defendants now make three belated arguments against Plaintiff's motion, none of which have any merit.

[1]

*First*, Defendants argue Plaintiff's motion is not timely (never mind that Defendants' response is not timely by seven months). Defendants claim that Plaintiff's motion should be regarded not as a motion to place in the trial record Defendants' admissions from their Answer (which is what the motion is on its face) but rather as a motion in limine that should have been made nine days earlier than Plaintiff's motion was. But Plaintiff's motion was not and is not a motion seeking to exclude specific evidence, which is what a motion in limine is, but rather one that seeks to hold Defendants to the judicial admissions they made in their Answer and rendering moot the consideration of evidence on the subjects of the admissions. Defendants' string citation of three District Court cases does not support Defendants' argument. *Pryor v. Corrigan*, No. 17-cv-1968, 2023 WL 1100436, 2023 U.S. Dist. LEXIS 15122 (N.D. Ill. Jan. 30, 2023), discusses motions in limine in general, but does not even address treating a motion to place admissions in the trial record as equivalent to a motion in limine and does not so rule. *Valdez v. Lowry*, No. 18 CV 5434, 2021 WL 5769533, 2021 U.S. Dist. LEXIS 232315, at *36 (N.D. Ill. Dec. 5, 2021), discusses the motions in limine in that case, but again does not even address treating a motion to place admissions in the trial record as equivalent to a motion in limine and does not so rule. *Aitken v. Debt Mgmt. Partners, LLC*, No. 1:12-cv-01511-JEH, 2015 WL 433508, 2015 U.S. Dist. LEXIS 11642, at *4-6 (C.D. Ill. Feb. 2, 2015), discusses the motions in limine in that case, but yet again does not even address treating a motion to place admissions in the trial record as equivalent to a motion in limine and does not so rule.

*Second*, Defendants argue that many of the statements in the Admissions are not in Defendants' Answer. That is not true. The chart provided by Defendants, when analyzed, confirms what is in the Admissions document (DE 241-1). Defendants' chart indicates Defendants admitted the allegation of the Complaint, and the Admission states what was admitted to. While

[2]

Defendants assert that the Answer qualified its admissions, the Admissions reflect those qualifications. Defendants also complain that the Admissions include what John Doe said to Purdue personnel, but what John Doe said to Purdue personnel is an appropriate subject for admission.

*Third*, Defendants argue that judicial admissions are not evidence and that Defendants can avoid their admissions by claiming evidentiary objections. That is simply not the law. Defendants are bound by their admissions. Defendants are confusing the rules of evidence, such as FRE 401 and FRE 403 and which govern the admissibility of testimony and documents, with the situation of admissions, which pre-empts the question of whether testimony and documents satisfy the rules of evidence. The relevant law is set forth in Plaintiff's motion (DE 241, pp. 1-2):

> The law is long and well established that admissions in an Answer are binding judicial admissions. *See, e.g., Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 805 (7th Cir. 2005) ("The City's answer to paragraph 45 of the complaint, admitting that Division Street is a locally designated highway, constitutes a binding judicial admission."); *Freedom Nat. Bank v. N. Ill. Corp.*, 202 F.2d 601, 605–606 (7th Cir. 1953) ("That which a defendant admits in his answer is binding upon him until he withdraws the admission by a proper amended or supplemental pleading. No such amended or supplemental pleading was filed by the defendant in this case. The plaintiff, therefore, had the right to rely on the defendant's admission. . ."); *Tibbs v. Illinois Admin. Off. of Illinois Cts.*, 149 F. Supp. 3d 1015, 1024 (C.D. Ill. 2016), *aff'd sub nom. Tibbs v. Admin. Off. of the Illinois Cts.*, 860 F.3d 502 (7th Cir. 2017)(" The Plaintiff is correct that a defendant's answer which admits a complaint's allegation constitutes a 'binding judicial admission.'"); *Fid. Mut. Life Ins. Co. v. Chicago Title & Tr. Co. of Chicago*, No. 92 C 8475, 1994 WL 494897, at *4 (N.D. Ill. Sept. 7, 1994) ("admissions in the pleadings are binding on the parties" even in the face of conflicting evidence in the record); *Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 716 (2010) ("binding effect of a party's admissions in an answer"), citing *American Title Insurance Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir 1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them"); *Munson v. Shearing*, 2017 WL 1862203, at *6 (S.D. Ill. May 9, 2017) ("Defendant's answer to allegation in complaint constituted a binding judicial admission"); *Myers v. City of Chicago*, 2012 WL 4009694, at *2 (N.D. Ill. Sept. 12, 2012) ("[A]dmissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions."); *Missouri Hous. Dev. Comm'n v. Brice,* 919 F.2d 1306, 1315 (8th Cir.1990) (holding admission in answer to be binding even in the face of conflicting evidence in the record).

[3]

Defendants' notion they can walk away from binding judicial admissions by claiming evidentiary issues is not part of law. The time for taking issue with allegations of the Complaint is in the Answer.

## CONCLUSION

For the reasons stated above, the Court should grant Plaintiff's motion to place in the trial record Defendants' admissions from Defendants' Answer, and the Court should order such further and other relief as the Court deems just and proper.

**Dated: November 13, 2023**

**Respectfully submitted,**
**LAW OFFICES OF PHILIP A. BYLER**
By: /s/ *Philip A. Byler*
**Philip A. Byler, Esq.**
**11 Broadview Drive**
**Huntington, New York 11743**
**(631) 848-5175**
Pbyler1976@gmail.com
*Attorneys for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on November 13. 2023:

William P. Kealey, Esq.
James Olds, Esq.
Scotty Teal, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com

*Attorneys for Defendants*

BY: ECF

[4]