-FILED-
NOV 13 2023
At_____M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| PURDUE UNIVERSITY, PURDUE UNIVERSITY | ) |
| BOARD OF TRUSTEES, MITCHELL ELIAS | ) |
| DANIELS, JR., in his official capacity as President of | ) |
| Purdue University, ALYSA CHRISTMAS ROLLOCK, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, KATHERINE | ) |
| SERMERSHEIM, in her official capacity at Purdue University, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### PLAINTIFF JOHN DOE'S MEMORANDUM RE FRE 404

Plaintiff John Doe respectfully submits this Memorandum concerning any notice of intent to use evidence covered by Federal Rule of Evidence ("FRE") 404, which was a matter the Court raised in the pre-trial conference held on November 8, 2023 (DE 282).

FRE 404 addresses character evidence and states in most relevant part:

**(a) Character Evidence.**

**(1)** *Prohibited Uses*. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

There is what is a limited exception stated in subsection (a)(3) that "*[a] witness's credibility* may be attacked or supported by testimony about *the witness's reputation* for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." FRE 404 further provides:

**(b) Other Crimes, Wrongs, or Acts.**

[1]

**(1)** *Prohibited Uses.* Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . .

Plaintiff does not intend to rely upon character evidence: Plaintiff's percipient testimony about his interactions with Jane Roe, about his upbringing, about the texts between Jane Roe and John Doe, and even about his effort to submit character references to the Purdue investigators does not constitute character evidence covered by FRE 404.

Plaintiff is concerned, however, that Defendants make a fair disclosure as to FRE 404. A review of the Pre-Trial Order reveals a number of witnesses from Taylor University and documents relating to the period when Plaintiff attended Taylor University, which was after Plaintiff's time at Purdue and which is not relevant to what happened during the disciplinary process at Purdue. Given the aggressive discovery that Defendants did, it is a fair question whether Defendants intend to attack Plaintiff's character in some other ways.

## CONCLUSION

For the reasons stated above, the Court should order such further and other relief as the Court deems just and proper.

**Dated: November 13, 2023**              **Respectfully submitted,**
                                          **LAW OFFICES OF PHILIP A. BYLER**
                                          **By:** /s/ *Philip A. Byler*
                                          **Philip A. Byler, Esq.**
                                          **11 Broadview Drive**
                                          **Huntington, New York 11743**
                                          **(631) 848-5175**
                                          pbyler1976@gmail.com
                                          ***Attorneys for Plaintiff John Doe***

[2]

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on November 13. 2023:

William P. Kealey, Esq.
James Olds, Esq.
Scotty Teal, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com

*Attorneys for Defendants*

BY: ECF