-FILED-
NOV 13 2023
At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| PURDUE UNIVERSITY, PURDUE UNIVERSITY | ) |
| BOARD OF TRUSTEES, MITCHELL ELIAS | ) |
| DANIELS, JR., in his official capacity as President of | ) |
| Purdue University, ALYSA CHRISTMAS ROLLOCK, | ) No. 2:17-cv-33-JPK |
| in her official capacity at Purdue University, KATHERINE | ) |
| SERMERSHEIM, in her official capacity at Purdue University, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF JOHN DOE'S MEMORANDUM RE SUPPLEMENTATION

Plaintiff John Doe respectfully submits this Memorandum concerning "Supplementation" that the Court raised in the pre-trial conference held on November 8, 2023 (DE 282). As counsel for Plaintiff stated at the pre-trial conference, Plaintiff had provided the requested Supplementation, and Defendants did not object thereafter. As counsel for Plaintiff further stated at the pre-trial conference, the issue of Supplementation was really dead.

Defendants did raise Supplementation in their motion in limine (DE 235), but Defendants did so as if Plaintiff had not provided the requested Supplementation and did so based upon false premises. Plaintiff's opposition (DE 242, pp. 3-4) fully showed that part of Defendants' motion was without merit. That at this point the Court is requesting a memorandum on supplementation by November 13 is in effect giving Defendants an opportunity for a reply without an opportunity to Plaintiff to respond to whatever Defendants now say.

Plaintiff's opposition on this point stated (DE 242, pp, 3-4):

[1]

### C. John's Supplementation Was Good; A Large Record Exists Showing The Loss of Navy ROTC and Navy Opportunity; John Has Disclosed His Employment and Educational History; Suspension Not A Subject Of Social Media and Current Employment.

Purdue cites another Doe v. Purdue case that was before Judge Martin as if it were this case saying undisclosed information and witnesses would not be permitted and then falsely asserts that John's Supplementation defies the requirement to supplement his discovery responses and disclosures. (Df. Mem. 2-3.) That is as false as false can be. John's Supplementation, which is provided here (Opp. Ex. C) but not in Purdue's motion to exclude papers, more than fully satisfies the obligation to supplement. A cursory examination of John's Supplementation shows it provides the requested supplementation as to damages, specific interrogatories and specific documents. It is telling that Purdue cites no specific deficiency in the Supplementation.

Purdue also falsely asserts that John has disclosed no evidence for his claim of lost opportunity in Navy ROTC or Navy career. (Df. Mem. 3.) That is as false as false can be. A whole record was built with the Navy depositions that established the only reason for John's disenrollment, stated in the Navy documents, was the Purdue suspension. This subject was briefed at length with record citations and quotations in John's motion for summary judgment (DE 183, Opp. Ex. D, pp. 23-28) and its supporting Statement of Material Facts (DE 183-1, pp. 23-29) and John's opposition to Defendant's motion for summary judgment (DE 187, Opp. Ex. E, pp. 24-30, 32-33) and its supporting Statement of Facts and Genuine Dispute (DE 187-2, p. 23-29). John's Reply in further support of summary judgment on due process rejected the argument advanced by Purdue. (DE 191, Opp. Ex. F, pp. 11-14.) John in deposition gave testimony that Purdue did the investigation upon which the Navy relied. (Opp. Ex. G, John Doe tr.194-195.)

Purdue asserts that John has no record of having enrolled at Purdue or at any other educational institution since the end of 2017. (Df. Mem. 3.) John has made no claim that he did so enroll, only that (which he has disclosed) he has limited financial means due to the loss of scholarships, but he testified in deposition he does intend to return to school once the distraction of this case is over. (Opp. Ex. G, John Doe tr. 72, 166-170.)

Purdue misleads by saying that there is no awareness of John's disciplinary suspension with his employers and on social media. (Df. Mem. 3.) John produced all his social media, which shows he only used it for personal purposes (DE 155, DE 156, Opp. Ex. N), not broadcasting about anything that happened at Purdue. The jobs John has been able to get have not required disclosure of the Purdue suspension, as they were not federal or military in nature.

[2]

Plaintiff's Supplementation was dated March 16, 2023, and was Exhibit C to Plaintiff's opposition (DE 242-3), which stated:

The following states Plaintiff John Doe's supplementation as requested in the letter dated February 9, 2023, of Tyler Jones, an attorney for Defendants:

### Rule 26(a)(1)(A)(iii) Disclosure

Defendant complains, mistakenly, that "[a]side from the Smith report, there has been insufficient disclosure of any "computation" for any of these categories, no service of any update since August 2021, and no service of 'documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." Defendants then quote from part of Plaintiff John Doe's Fourth Amended Rule 26(a)(1)(A) Initial Disclosures, dated August 23, 2021, which was right before the start of the summary judgment briefing. Plaintiff John Doe's Third Amended Rule 26(a)(1)(A) Initial Disclosures, dated February 8, 2021, had the same damages numbers, but Defendants made no follow up discovery request or complaint about insufficiency then. Plaintiff's answers to Defendants' Third Set of Interrogatories, dated October 30, 2020, had the same damage numbers except for the Smith Report which had not yet been rendered, but Defendants made no follow up discovery request or complaint about insufficiency then either; and that was 2½ years ago. The parts of Plaintiff John Doe's Fourth Amended Rule 26(a)(1)(A) Initial Disclosures that are quoted are as follows:

Plaintiff John Doe claims the following damages:

(1) Damages from past and future economic losses:

(a) Dr. Stan V. Smith Expert Calculation - $6,271,467 The calculation done by Dr. Stan V. Smith in the produced expert report puts (i) the loss of wages and employee benefits at an upper range of $4,600,700 (loss minus earnings offset) and (ii) the loss of potential value of life at an upper range of $1,670,767.

(b) Loss of Income To Date - $35,000 This amount is based upon a computation of loss of the income in the difference between a commissioned officer's salary ($45,450 based on Monthly Basic Pay Table) and the wages earned in the period June 2019 to April 2020 (with two more months added based on the 10-month average).

(c) Loss of Scholarships - $100,000 This amount is based upon a computation adding the loss of four years of a Navy scholarship to Purdue and of a Presidential Scholarship.

(d) Loss of Future Income - $3,000,000 In the alternative to Dr. Smith's calculations, this amount is based upon a computation of the present value of the difference between a projected income and economic benefits of a career Navy officer minus a projected income and economic benefits of a career white collar employee. . . . .

(2) Damages from non-economic injuries:

Damages to Reputation - $250,000 This amount is based upon a computation derived from considering jury instructions for awarding defamation damages. Just a cursory review of the foregoing disclosure shows that Defendant's complaint about lacking computations is plainly false. The disclosures state computations: Defendants put aside Dr. Smith's report because the Smith Report containing Dr. Smith's calculations was provided to counsel for Defendants. An updated report from Dr. Smith is provided in an accompanying pdf.

The "Loss of Income To Date - $35,000" is described as "the difference between a commissioned officer's salary ($45,450 based on Monthly Basic Pay Table) and the wages earned in the period June 2019 to April 2020 (with two more months added based on the 10-month average)." The Monthly Basic Pay Table for commissioned officers has been and is publicly available.

The "Loss of Scholarships - $100,000" is described as being "based upon a computation adding the loss of four years of a Navy scholarship to Purdue and of a Presidential Scholarship." Both scholarships were full-ride, and the Navy scholarship was invoked to cover Purdue tuition and room/board. Defendants have the documents for the Navy scholarship and the Presidential scholarship and their value is known to Purdue. Scholarship documents were produced in the Navy document production and in Plaintiff John Doe's production. The amount for loss of scholarships, however, should be corrected to $75,000 because Plaintiff John Doe lost three years of scholarship, not four, because Plaintiff John Doe did get the benefit of one year of scholarship.

The "Loss of Future Income - $3,000,000" is described as an "alternative to Dr. Smith's calculations, this amount is based upon a computation of the present value of the difference between a projected income and economic benefits of a career Navy officer minus a projected income and economic benefits of a career white collar employee."

The "Damages to Reputation - $250,000" is described as an "amount is based upon a computation derived from considering jury instructions for awarding defamation damages." While not the subject of Mr. Jones's February 9, 2023 letter, Dr. R. Chris Barden is listed on Plaintiff John Doe's Rule 26 Statement as a witness and the Court did during the pretrial conference held on March 14 2023, grant leave to Plaintiff John Doe to serve a revised Barden Report. The Court, in his August 11, 2022 opinion, granted Defendant's motion to strike the then existing Barden

[4]

Report, but then expressly stated on page 11 of the Court slip opinion: "The Court is not barring any and all expert opinions Dr. Barden may offer." A Revised Barden Report compliant with the Court's August 11, 2022 rulings is provided in an accompanying pdf.

### Discovery Previously Served By Purdue: Requests for Production

1. There are no educational records since Taylor University.

2. Plaintiff John Doe has been in very good health in recent years and has not seen doctors since providing HIPAA Authorizations to Defendants. The one acupuncture bill is being produced in an accompanying pdf.

3. Tax returns for 2018 are being produced in accompanying pdfs. Plaintiff John Doe's small of amount of income in recent years did not produce tax liability, but Plaintiff, when filing his 2022 return, will have his family's tax accountant do the prior years.

### Discovery Previously Served By Purdue: Interrogatories

1. Walton Street, Ukrainian Village, Chicago, Illinois.

2. Instagram – boom_snap_[Plaintiff John Doe's real last name]; Snapchat – insect_magician; Facebook – [Plaintiff John Doe's real name]; Linkedin – [Plaintiff John Doe's real name]. Nothing regarding this case in any way has been posted on any of these sites -- just personal stuff on these sites having no relevance whatsoever to the case.

3. For the period from June 2017 up to November 7, 2019, Plaintiff's employment information was provided in response to Interrogatory No. 4 in Defendants' First Set of Interrogatories, dated November 7, 2019. Since November 7, 2019, Plaintiff's employment information is as follows: ·Lawncare in Fort Hood, Texas, February-April 2021 -Remote contracting sales with Salesprocess.io fall 2021 - winter 2022 (~Feb2022) - made about $3,000-$5,000 with that company. The company address is 1301 - 350 Bay St E Toronto, Ontario M5H 2S6. -Remote contracting sales with Kinobody ~6 weeks October-November 2022 - made about $1500 with them. The company address is PO Box 1290, Boulder, Colorado, 80306. -Remote contracting sales with CHALK Performance Training from November 2022 - present. Made about $5000 with them so far ($20 of it in 2022). The company address is 121 E 18th St, Costa Mesa, CA 92627.

4. Permanent federal record referenced in Navy Regulations for Officer Development; Purdue's own documents reflecting the crediting of the scholarship to Plaintiff's tuition and room/board account; Monthly Basic Pay Table for commissioned officers.

5. None.

6. None.

## CONCLUSION

For the reasons stated above, the Court should reject Defendants' argument about supplementation and grant to Plaintiff such other relief as the Court deems just and proper.

Dated: November 13, 2023

Respectfully submitted,
**LAW OFFICES OF PHILIP A. BYLER**
By: /s/ *Philip A. Byler*
Philip A. Byler, Esq.
11 Broadview Drive
Huntington, New York 11743
(631) 848-5175
pbyler1976@gmail.com
*Attorneys for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on November 13. 2023:

William P. Kealey, Esq.
James Olds, Esq.
Scotty Teal, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com

*Attorneys for Defendants*

BY: ECF