# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

November 6, 2023

*Before*
DIANE S. SYKES, *Chief Judge*
ILANA DIAMOND ROVNER, *Circuit Judge*
THOMAS L. KIRSCH II, *Circuit Judge*

CERTIFIED COPY

| | |
|---|---|
| No. 23-2764 | JOHN DOE,<br>          Plaintiff - Appellant<br><br>v.<br><br>PURDUE UNIVERSITY, et al.,<br>          Defendants - Appellees |
| **Originating Case Information:** ||
| District Court No: 2:17-cv-00033-JPK<br>Northern District of Indiana, Hammond Division<br>Magistrate Judge Joshua P. Kolar ||

The following are before the court:

1. **JURISDICTIONAL MEMORANDUM**, filed on September 26, 2023, by counsel for the appellant.

2. **REPONSE TO ORDER DATED SEPTEMBER 28, 2023**, filed on September 29, 2023, by counsel for the appellees.

3. **PLAINTIFF-APPELLANT JOHN DOE'S MOTION FOR STAY PENDING APPEAL**, filed on October 30, 2023, by counsel for the appellant.

4. **DECLARATION OF PLAINTIFF'S ATTORNEY PHILIP A. BYLER, ESQ. TO RECUSE MAGISTRATE JUDGE KOLAR AS TRIAL JUDGE**, filed on October 30, 2023, by counsel for the appellant.

No. 23-2764                                                                                    Page 2

**IT IS ORDERED** that this appeal is **DISMISSED** for lack of jurisdiction. The collateral order doctrine does not allow review of a recusal order. *Hampton v. City of Chicago*, 643 F.2d 478, 480 (7th Cir. 1981). A denied recusal order may be reviewed before final judgment through a writ of mandamus, *In re Gibson*, 950 F.3d 919, 923 (7th Cir. 2019), but this court will not construe an appeal, like Doe's here, that does not comply with the requirements of Federal Rule of Civil Procedure 21(a), as a petition for writ of mandamus. *United States v. Henderson,* 915 F.3d 1127, 1132 (7th Cir. 2019). Further, this court permits review of a denied recusal motion—under any provision of 28 U.S.C. § 455—through appeal of the final judgment. *In re Gibson,* 950 F.3d at 922 (citing *Fowler v. Butts*, 829 F.3d 788, 793 (7th Cir. 2016)). Any alleged harm caused by the denial of Doe's motion to recuse can be addressed on appeal from a final decision. Because there is no basis for jurisdiction over the appeal,

**IT IS FURTHER ORDERED** that the motion to stay is also **DISMISSED** for lack of jurisdiction.

form name: **c7_Order_3J**     (form ID: **177**)