IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33 |
| in her official capacity at Purdue University, | ) | |
| **KATHERINE SERMERSHEIM**, in her official | ) | |
| capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S DENIAL OF CONSENT/OBJECTION
TO MAGISTRATE JUDGE RODOVICH AS THE REASSIGNED
JUDGE TO THE CASE FOR ALL PURPOSES (RESPONSE TO DE 306)**

To the Clerk and all parties: please take notice that Plaintiff John Doe, in response to the Court Order entered on February 2, 2024, at 5:51 PM EST and filed February 2, 2024 (DE 306), objects to and denies consent to Magistrate Judge Rodovich as the reassigned judge to the case who could act for all purposes in the case, and demands that the case be randomly assigned to an Article III judge as Plaintiff John Doe is entitled under Article III of the U.S. Constitution. Plaintiff John Doe has not consented to Magistrate Judge Rodovich to act as judge for all purposes per 28 U.S.C. § 636(c), which requires "consent of the parties."

To the Clerk and all parties: please take further notice that the February 2, 2024 Order (DE 306), in making reference to the case being "fully consented to" and

[1]

"the case will remain on full consent with Magistrate Judge Rodovich" unless a party objects, is erroneous and unlawful under 28 U.S.C. § 636.

(1) Whether there was proper consent in this case to Magistrate Judge Kolar to be the judge for all purposes has been thoroughly questioned with reasonable. Stated at DE 267, pages 6-7 of Plaintiff John Doe's appeal to the Seventh Circuit of the denial of recusal due to bias:

> Magistrate Judge Kolar's opinion refusing recusal assumes he has consent pursuant to 28 U.S.C. § 636. [DE 261, p. 1.] The Docket Entries regarding consent, however, do not conclusively establish that consent was properly obtained. The first Docket Entry regarding consent states Magistrate Judge Kolar is assigned to the case, but the Docket Entry has no number and says the assignment is pursuant to a General Order. The following Docket Entry 40, dated July 24, 2019, records an Order of Magistrate Judge Kolar that if the parties do not intend to object to the continued exercise of jurisdiction of Magistrate Judge Kolar, to notify Magistrate Judge Kolar. [DE 40.] Docket Entry 41, dated August 1, 2019, then records the assignment of the case to Magistrate Judge Kolar upon the consent of the parties. [DE 41.] The Docket Entries, however, do not record the filing of signed consents of the parties required by 28 U.S.C. § 636 for Magistrate Judge Kolar to be the judge for all purposes, including for trial. There was no indication of bias then in July 2019 on the part of Magistrate Judge Kolar, who had seemingly good credentials, or what would follow in subsequent years that now form the basis of Plaintiff's pervasive bias motion. . . .

(2) Regardless of the above point, consent to one Magistrate Judge acting as a judge for all purposes in a case pursuant to 28 U.S.C. § 636 does not provide consent to another Magistrate Judge so acting pursuant to 28 U.S.C. § 636; such consent is not transferable.

(3) The case is not and has never been on full consent with Magistrate Judge Rodovich. There would need to be a fully executed consent with respect to Magistrate Judge Rodovich to act as a judge for all purposes in a case pursuant to 28

U.S.C. § 636, and neither Plaintiff John Doe nor his counsel has signed such a consent and neither Plaintiff John Doe nor his counsel ever will.

To the Clerk and all parties: please take further notice that the February 2, 2024 Order (DE 306), is in error and unlawful under 28 U.S.C. § 636 in asserting that "the confidentiality of the consent process" requires a party not to file "any objection on the docket" but to file the objection with the Clerk.

(1)  While this Objection/No Consent document will be delivered to the Clerk's Office in Hammond, there is no confidentiality of the consent process requiring a mailed delivery to the Clerk's Office.  There is nothing calling for confidentiality in the fact a party chooses to not give consent to a Magistrate Judge to be judge for all purposes in the case.  It is part of the job that some parties may choose not to give consent to a Magistrate Judge to be judge for all purposes.

(2)  Actions as to the assignment or reassignment of judges are matters of public filings.  The integrity of the court process requires a party's response to the February 2, 2024 Order, DE 306, be reflected in the public docket.  Otherwise, questions can be easily raised about the manipulation of the consent process.

Dated:   February 5, 2024

Respectfully submitted,
LAW OFFICES OF PHILIP A. BYLER
By: /s/Philip A. Byler
Philip A. Byler, Esq.
11 Broadview Drive
Huntington, New York 11743
(631) 848-5175
Pbyler1976@gmail.com
*Attorneys for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on February 5. 2024 by ECF:

William P. Kealey, Esq.
James Olds, Esq.
Scotty Teal, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com