## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | **CIVIL ACTION** |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** ) | |
| **DANIELS, JR.**, in his official capacity as President of ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, ) | No. 2:17-cv-33 |
| in her official capacity at Purdue University, ) | |
| **KATHERINE SERMERSHEIM**, in her official ) | |
| capacity at Purdue University, ) | |
| ) | |
| Defendants. ) | |

### DECLARATION OF PHILIP A. BYLER, ESQ. IN RESPONSE TO ORDER TO SHOW CAUSE IMPROPERLY ISSUED BY MAGISTRATE JUDGE RODOVICH AND IN SUPPORT OF PLAINTIFF JOHN DOE'S CROSS-MOTION TO RECUSE MAGISTRATE JUDGE RODOVICH AND ASSIGN AN ACTIVE ARTICLE III JUDGE

**PHILIP A. BYLER**, hereby declares subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

1.      I am the Owner of the Law Offices of Philip A. Byler, the attorney of record for Plaintiff John Doe in this case, and I am a member of the Bar of the Northern District of Indiana federal court.  I have been handling this case since its original filing, including successfully arguing the Seventh Circuit appeal, *Doe v. Purdue*, 928 F.3d 652 (7th Cir. 2019).

2.      I submit this Declaration: (i) in compliance with Rule 11(b)(1) of the Federal Rules of Civil Procedure and in response to the Order To Show Cause issued

without cross-motion to legal authority by Magistrate Judge Rodovich and filed at DE 308; and (ii) in support of Plaintiff John Doe's cross-motion to disqualify Magistrate Judge Radovich and assign the case to an active Article III judge who won't be just assigning tasks to a Magistrate Judge but who will impartially and actively decide trial motions and oversee the trial.

## PREFACE:
## STATEMENT OF PROFESSIONAL CREDENTIALS

3.      I begin with a statement of professional credentials because the record should reflect that the lawyer here responding to the Order To Show Cause (DE 308) and is making the Cross-Motion is a knowledgeable lawyer with nearly 50 years of experience.

4.      I am a member of the Bars of the States of Ohio and New York and of numerous federal courts, including the Northern District of Indiana, the U.S. Supreme Court, the U.S. Courts of Appeals for the Seventh, First, Second, Third, Fourth, Sixth, Eighth, Ninth, and Tenth Circuits, and the District Courts for the District of Columbia, the Southern, Western, Eastern, and Northern Districts of New York, the District of Colorado, the Southern District of Ohio, and the Southern District of Indiana.

5.      I received my J.D. degree in 1976 from Harvard Law School. From 1976 to 1978, I was law clerk to the Honorable Judge John W. Peck of the U.S. Court of Appeals for the Sixth Circuit. In 1978, I began the private practice of law as an associate in the Litigation Department of Cravath, Swaine & Moore in New York City working on antitrust, securities, First Amendment and civil rights litigations. In

1984, I moved to Weil Gotshal & Manges in New York City, where I worked on international trade, accounting fraud, First Amendment, RICO, ERISA, breach of contract and commercial litigations. In 1990, I established my own practice.

6.      I have tried cases in New York state court and in federal court to decision. I have briefed and orally argued cases in the U.S. Courts of Appeals for the First, Second, Seventh, Eighth, Ninth and Tenth Circuits, the New York Court of Appeals, the New York Appellate Divisions for the First and Second Departments, and the Arizona Supreme Court. Among others, I briefed, orally argued and won *Immuno A.G. v. Moor-Jankowski*, 77 N.Y.2d 235, 567 N.E.2d 1270, 566 N.Y.S.2d 906 (Kaye, J.), *cert. denied*, 500 U.S. 954 (1991); *Doe v. Columbia*, 831 F.3d 46 (2d Cir. 2016) (Leval, J.); as noted above, *Doe v. Purdue*, 928 F.3d 652 (7th Cir. 2019) (Barrett, J.); and *Doe v. MIT*, 46 F.4th 61 (1st Cir. 2022) (Selya, J.).

7.      I am and have been for 14 years a Delegate to Judicial Nominating Conventions for New York's 10th Judicial District. I am active in Bar Associations, including the New York State Bar Association. I am and have been since 2007 a member of the Professional Discipline Committee of the New York State Bar Association, its Secretary since 2015 and its Chair of its Subcommittee on Fitness To Practice; and I was for over a decade a member of the Professional Discipline Committee of the New York City Bar Association. For the last consecutive twelve years, I have been listed on the Thomson Reuters Super Lawyers list for the New York Metro region. I was given the Community Service Award by DePauw University in 2008.

[3]

# I.

## RESPONSE TO ORDER TO SHOW CAUSE

### A.    The Notice of Reassignment (DE 306).

8.    The Order To Show Cause at DE 308 asserts that I publicly filed a Denial of Consent/Objection to Magistrate Judge Rodovich (DE 307) in violation of the Notice of Reassignment (DE 306). That Notice of Reassignment (DE 306), without authority in law and without consent of Plaintiff John Doe, assigned the case to Magistrate Judge Rodovich as a consented to judge in the case.  That Notice of Reassignment (DE 306), without authority in law and without consent of Plaintiff John Doe, further called for a confidential filing of any objection to Magistrate Judge Rodovich so acting.  The purported violation of the Notice of Reassignment consisted of the public filing of the Denial of Consent/Objection at DE 307.  The Order To Show Cause called upon me to show cause why I should not be sanctioned for violating the Notice of Reassignment for the public filing of the Denial of Consent/Objection at DE 307 and for unspecified unprofessional attacks upon Magistrate Judge Kolar.

### B.    The February 5, 2024 Denial of Consent/Objection (DE 307).

9.    The February 5, 2024 Denial of Consent/Objection at DE 307 clearly states why the Denial of Consent/Objection was publicly filed, and the Denial of Consent/Objection at DE 307 does not contain any attacks of any nature upon Magistrate Judge Kolar.

10.    Thus, the February 5, 2024 Denial of Consent/Objection filed at DE 307 is quoted here in full for careful reading:

To the Clerk and all parties: please take notice that Plaintiff John Doe, in response to the Court Order entered on February 2, 2024, at 5:51 PM EST and filed February 2, 2024 (DE 306), objects to and denies consent to Magistrate Judge Rodovich as the reassigned judge to the case who could act for all purposes in the case, and demands that the case be randomly assigned to an Article III judge as Plaintiff John Doe is entitled under Article III of the U.S. Constitution. Plaintiff John Doe has not consented to Magistrate Judge Rodovich to act as judge for all purposes per 28 U.S.C. § 636(c), which requires "consent of the parties."

To the Clerk and all parties: please take further notice that the February 2, 2024 Order (DE 306), in making reference to the case being "fully consented to" and "the case will remain on full consent with Magistrate Judge Rodovich" unless a party objects, is erroneous and unlawful under 28 U.S.C. § 636.

(1)    Whether there was proper consent in this case to Magistrate Judge Kolar to be the judge for all purposes has been thoroughly questioned with reasonable basis. Stated at DE 267, pages 6-7 of Plaintiff John Doe's appeal to the Seventh Circuit of the denial of recusal due to bias:

> Magistrate Judge Kolar's opinion refusing recusal assumes he has consent pursuant to 28 U.S.C. § 636. [DE 261, p. 1.] The Docket Entries regarding consent, however, do not conclusively establish that consent was properly obtained. The first Docket Entry regarding consent states Magistrate Judge Kolar is assigned to the case, but the Docket Entry has no number and says the assignment is pursuant to a General Order. The following Docket Entry 40, dated July 24, 2019, records an Order of Magistrate Judge Kolar that if the parties do not intend to object to the continued exercise of jurisdiction of Magistrate Judge Kolar, to notify Magistrate Judge Kolar. [DE 40.] Docket Entry 41, dated August 1, 2019, then records the assignment of the case to Magistrate Judge Kolar upon the consent of the parties. [DE 41.] The Docket Entries, however, do not record the filing of signed consents of the parties required by 28 U.S.C. § 636 for Magistrate Judge Kolar to be the judge for all purposes, including for trial. There was no indication of bias then in July 2019 on the part of Magistrate Judge Kolar, who had seemingly good credentials, or what would follow in subsequent years that now form the basis of Plaintiff's pervasive bias motion. . . .

[5]

(2)  Regardless of the above point, consent to one Magistrate Judge acting as a judge for all purposes in a case pursuant to 28 U.S.C. § 636 does not provide consent to another Magistrate Judge so acting pursuant to 28 U.S.C. § 636; such consent is not transferable.

(3)  The case is not and has never been on full consent with Magistrate Judge Rodovich.  There would need to be a fully executed consent with respect to Magistrate Judge Rodovich to act as a judge for all purposes in a case pursuant to 28 U.S.C. § 636, and neither Plaintiff John Doe nor his counsel has signed such a consent and neither Plaintiff John Doe nor his counsel ever will.

To the Clerk and all parties: please take further notice that the February 2, 2024 Order (DE 306), is in error and unlawful under 28 U.S.C. § 636 in asserting that "the confidentiality of the consent process" requires a party not to file "any objection on the docket" but to file the objection with the Clerk.

(1)  While this Objection/No Consent document will be delivered to the Clerk's Office in Hammond, there is no confidentiality of the consent process requiring a mailed delivery to the Clerk's Office. There is nothing calling for confidentiality in the fact a party chooses to not give consent to a Magistrate Judge to be judge for all purposes in the case.  It is part of the job that some parties may choose not to give consent to a Magistrate Judge to be judge for all purposes.

(2)  Actions as to the assignment or reassignment of judges are matters of public filings.  The integrity of the court process requires a party's response to the February 2, 2024 Order, DE 306, be reflected in the public docket.  Otherwise, questions can be easily raised about the manipulation of the consent process.

11.  The Notice of Reassignment at DE 306 was strange in its confidentiality provision and its directive not to contact the Court about the Notice of Reassignment. Given the case's history for the past 4½ years, Plaintiff and his counsel had every reason to take protective action in the form of the public filing of the No Consent/Objection document at DE 307.  Given the Order To Show Cause at DE 308, it is worthwhile to walk through the Denial of Consent/Objection document at DE 307.

[6]

**C.**   <u>No Consent/Objection In Response To Order of Reassignment.</u>

12.     The first paragraph of the Denial of Consent/Objection document at DE 307 contains Plaintiff John Doe's response to the February 2, 2024 Order of Reassignment at DE 306.  That response is that Plaintiff John Doe objects to and denies consent to Magistrate Judge Rodovich as the reassigned judge to the case who could act for all purposes in the case, and Plaintiff John Doe demands that the case be randomly assigned to an Article III judge as Plaintiff John Doe is entitled under Article III of the U.S. Constitution.  Plaintiff John Doe further responds that he has not consented to Magistrate Judge Rodovich to act as judge for all purposes per 28 U.S.C. § 636(c), which requires "consent of the parties."

13.     The response in the first paragraph of the Denial of Consent/Objection document at DE 307 is perfectly appropriate given the publicly filed February 2, 2024 Order of Reassignment at DE 306. The response in the first paragraph of the Denial of Consent/Objection document at DE 307 is not of a nature that calls for confidentiality, but rather should be publicly filed given the contents of the February 2, 2024 Order of Reassignment at DE 306, so there is no question about Plaintiff John Doe's position on the matter, that there is no consent and there is objection. The response in the first paragraph of the Denial of Consent/Objection document at DE 307 does not contain attacks of any nature upon Magistrate Judge Kolar, only a restatement of relevant case history concerning this specific topic of consent and the assertion of Plaintiff John Doe's rights under Article III of the U.S. Constitution

to have a federal court heard by a person invested with Article III authority and 28 U.S.C. § 636.

**D.    Legal Rejection, As Ultra Vires, of Case Being Assigned To And Fully Consented To With Magistrate Judge Rodovich.**

14.    The second paragraph of the Denial of Consent/Objection document at DE 307 is the legal rejection, as ultra vires, of the case being "fully consented to" and "remain[ing] on full consent with Magistrate Judge Rodovich" unless a party objects (which Plaintiff John Doe now has).  The February 2, 2024 Order of Reassignment (DE 306) does not cite any legal authority for asserting the case would "remain on full consent with Magistrate Judge Rodovich"; there is no legal authority for such a provision, particularly not in 28 U.S.C. § 636.  A Magistrate Judge may be assigned certain tasks, but not to be judge for all purposes.

15.    The second paragraph of the Denial of Consent/Objection document at DE 307 contains three numbered subparagraphs.

16.    The first numbered subparagraph records Plaintiff John Doe's questioning of the assertion that case was fully consented to with Magistrate Judge Kolar, relying upon the statement in Plaintiff John Doe's appeal to the Seventh Circuit of the denial of recusal due to bias, which will be quoted here for reference:

> Magistrate Judge Kolar's opinion refusing recusal assumes he has consent pursuant to 28 U.S.C. § 636.  [DE 261, p. 1.] The Docket Entries regarding consent, however, do not conclusively establish that consent was properly obtained. The first Docket Entry regarding consent states Magistrate Judge Kolar is assigned to the case, but the Docket Entry has no number and says the assignment is pursuant to a General Order. The following Docket Entry 40, dated July 24, 2019, records an Order of Magistrate Judge Kolar that if the parties do not intend to object to the continued exercise of jurisdiction of Magistrate Judge Kolar, to notify

Magistrate Judge Kolar.  [DE 40.]  Docket Entry 41, dated August 1, 2019, then records the assignment of the case to Magistrate Judge Kolar upon the consent of the parties.  [DE 41.]  The Docket Entries, however, do not record the filing of signed consents of the parties required by 28 U.S.C. § 636 for Magistrate Judge Kolar to be the judge for all purposes, including for trial.  There was no indication of bias then in July 2019 on the part of Magistrate Judge Kolar, who had seemingly good credentials, or what would follow in subsequent years that now form the basis of Plaintiff's pervasive bias motion. . . .

It may be noted at this point that the Seventh Circuit has not yet ruled on the merits whether Magistrate Judge Kolar is biased.  (Seventh Circuit Text Order, Sev. Cir. 23-2764 Docket Entry 14.)

17.     The second numbered subparagraph states that regardless of the questioning of whether there was consent as to Magistrate Judge Kolar, consent to one Magistrate Judge acting as a judge for all purposes in a case pursuant to 28 U.S.C. § 636 does not provide consent to another Magistrate Judge so acting pursuant to 28 U.S.C. § 636; such consent is not transferable.  Magistrate Judge Kolar could not lawfully transfer or assign any consent he believed he had to Magistrate Judge Rodovich.

18.     The third numbered subparagraph states that the case is not and has never been on full consent with Magistrate Judge Rodovich, which is an important point here.  There would need to be a fully executed consent with respect to Magistrate Judge Rodovich to act as a judge for any and all purposes in a case pursuant to 28 U.S.C. § 636, and neither Plaintiff John Doe nor his counsel has signed such a consent and neither Plaintiff John Doe nor his counsel ever will.  At Purdue counsel's request, in June 2023, a settlement conference was held before Magistrate

Judge Rodovich, and suffice it to be said that both Plaintiff John Doe and his counsel (me) were dissatisfied with Magistrate Judge Rodovich's handling of the conference and apparent chumminess with Purdue counsel; Magistrate Judge Rodovivh, who parroted Purdue counsel.  It does not matter if Magistrate Judge Rodovich and Purdue's counsel have a different view; what matters is that Plaintiff John Doe and his counsel (me) object to and do not consent to Magistrate Judge Rodovich to be judge for all purposes and have in fact objected to and do not give consent to Magistrate Judge Rodovich to be judge for all purposes. Plaintiff John Doe's No Consent/Objection document at DE 307 precludes Magistrate Judge Rodovich from taking any action in this case, including issuing and considering this Order To Show Cause.

19.    The statement in the second paragraph of the Denial of Consent/Objection document at DE 307 -- that the February 2, 2024 Order (DE 306), in making reference to the case being "fully consented to" and "the case will remain on full consent with Magistrate Judge Rodovich" unless a party objects, is erroneous and unlawful under 28 U.S.C. § 636 -- is perfectly appropriate given the publicly filed February 2, 2024 Order of Reassignment (DE 306). The statement in the second paragraph of the Denial of Consent/Objection document at DE 307 does not call for confidentiality, but rather should be publicly filed given the contents of the February 2, 2024 Order of Reassignment (DE 306) so there is no question about Plaintiff John Doe's position on the matter, that there is no consent and there is objection. The statement in the second paragraph of the Denial of Consent/Objection document at

DE 307 does not contain attacks of any nature upon Magistrate Judge Kolar, only a restatement of relevant case history concerning this specific topic of consent and the assertion of Plaintiff John Doe's rights under Article III of the U.S. Constitution and 28 U.S.C. § 636.

**E.   Legal Rejection, As Ultra Vires, of The Assertion That "The Confidentiality of the Consent Process" Requires A Party To Not File "Any Objection on the Docket" But To File Objection With The Clerk.**

20.     The third paragraph of the Denial of Consent/Objection document at DE 307 is the legal rejection, as ultra vires, that "the confidentiality of the consent process" requires a party not to file "any objection on the docket" but to file the objection with the Clerk.  The February 2, 2024 Order of Reassignment (DE 306) does not cite any legal authority for asserting that "the confidentiality of the consent process" requires a party not to file "any objection on the docket" but to file the objection with the Clerk; there is no legal authority for such a provision, particularly not in 28 U.S.C. § 636 which specifically applies here.

21.     The third paragraph of the Denial of Consent/Objection document at DE 307 contains two numbered subparagraphs.

22.     The first numbered subparagraph records Plaintiff John Doe's position that while this Objection/No Consent document will be delivered to the Clerk's Office in Hammond. and that document was so delivered by mail (DE 309), there is no confidentiality of the consent process requiring a mailed delivery to the Clerk's Office. Also, there is nothing calling for confidentiality in the fact a party chooses to not give consent to a Magistrate Judge to be judge for all purposes in a case; it is part of the

[11]

job of a Magistrate Judge that some parties may choose not to give consent to that Magistrate Judge to be judge for all purposes in a case.

23.     The second numbered subparagraph records Plaintiff John Doe's position that actions as to the assignment or reassignment of judges are matters of public filings and that the integrity of the court process requires a party's response to the February 2, 2024 Order, DE 306, be reflected in the public docket -- otherwise, questions can be easily raised about the manipulation of the consent process.

24.     The statement in the third paragraph of the Denial of Consent/Objection document at DE 307 – that the February 2, 2024 Order (DE 306) is in error and unlawful under 28 U.S.C. § 636 in asserting that "the confidentiality of the consent process" requires a party not to file "any objection on the docket" but to file the objection with the Clerk -- is perfectly appropriate given the publicly filed February 2, 2024 Order of Reassignment (DE 306). The statement in the third paragraph of the Denial of Consent/Objection document at DE 307 does not call for confidentiality, but rather should be publicly filed given the contents of the February 2, 2024 Order of Reassignment (DE 306), so there is no question about Plaintiff John Doe's position on the matter, that there is no consent and there is objection. The statement in the third paragraph of the Denial of Consent/Objection document at DE 307 does not contain attacks of any nature upon Magistrate Judge Kolar, but rather only a restatement of relevant case history concerning this specific topic of consent and the assertion of Plaintiff John Doe's rights under Article III of the U.S. Constitution and 28 U.S.C. § 636.

**F.**   <u>No Cognizable Violations As To Reassignment Order (DE 306)</u>

25.     In two respects, the February 2, 2024 Reassignment Order at DE 306 was ultra vires and not a lawful order such that it can be properly asked why was the February 2, 2024 Reassignment Order violated.

26.     *First*, the February 2, 2024 Reassignment Order stated the case would "remain on full consent with Magistrate Judge Rodovich" unless a party objects.  The February 2, 2024 Reassignment Order does not cite any legal authority and there is no legal authority for one Magistrate Judge acting as a judge for all purposes in a case pursuant to 28 U.S.C. § 636 to transfer such consent to another Magistrate Judge to so act pursuant to 28 U.S.C. § 636; such consent is not transferable; a party would need to consent separately to Magistrate Judge Rodovich pursuant to 28 U.S.C. § 636, and that consent has not been given and won't be.

27.     *Second*, the February 2, 2024 Reassignment Order stated "the confidentiality of the consent process" requires a party not to file "any objection on the docket" but to file the objection with the Clerk. The February 2, 2024 Reassignment Order does not cite any legal authority and there is no legal authority for requiring a party to file confidentially with the Clerk the party's objection/no consent document to a Magistrate Judge.  Imposition of a confidentiality requirement would lead to questions that can be easily raised about the manipulation of the consent process.  As noted above, actions as to the assignment or reassignment of judges are matters of public filings, and the integrity of the court process requires a

party's response to the February 2, 2024 Order, DE 306, be reflected in the public docket

## G.  Protection of Plaintiff John Doe.

28.    It should be clear from the foregoing that the prompt, public filing of the No Consent/Objection document at DE 307 was necessary and was done to protect Plaintiff John Doe's right to not consent to and object to Magistrate Judge Rodovich as the judge in the case for all purposes and to protect Plaintiff John Doe's right to have an Article III judge actively handle his case.

## H.  Without Prejudice.

29.    This submission is made without prejudice to Plaintiff John Doe's position that Magistrate Judge Rodovich did not have authority to issue the Order To Show Cause and is precluded from taking any action in this case, including issuing and considering this Order To Show Cause.

## II.

## CROSS-MOTION TO RECUSE MAGISTRATE
## JUDGE RODOVICH AND ASSIGN AN ACTIVE ARTICLE III JUDGE

30.    As noted above, this Declaration is being submitted in support of Plaintiff John Doe's cross-motion to disqualify Magistrate Judge Radovich and assign the case to an active Article III judge who will actively and impartially decide trial motions and oversee the trial (and won't be just assigning tasks to a Magistrate Judge which would effectively make such Article III Judge a simple proxy, undermining Article III itself.  A Magistrate Judge does not have the Article III judicial power invested in him or her.

[14]

31.     As also noted above, the first paragraph of the Denial of Consent/Objection document at DE 307 contains Plaintiff John Doe's "demand[] that the case be randomly assigned to an Article III judge as Plaintiff John Doe is entitled under Article III of the U.S. Constitution."

32.     That assignment is what is still needed in this case, and not to just any Article III judge, but to an Article III judge such as Judge Simon or Judge Lund who will actively oversee trial and trial issues, not just hand off issues to a Magistrate Judge. The cross-motion is prompted by the fact that on February 14, 2024, an Order was entered on the case docket after DE 309 stating that 85-year old Senior Judge James T Moody and objected to Magistrate Judge Andrew P Rodovich are added to case in what appears to be an effort to frustrate Plaintiff John Doe's Article III rights.

A.     **Magistrate Judge Rodovich Must Be Recused From The Case.**

33.     This cross-motion to recuse Magistrate Judge Rodovich is based upon the application of two federal statutes that by their literal texts apply here: 28 U.S.C. § 144 and 28 U.S.C. § 455. 28 U.S.C. § 455(a) provides that "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 144 provides that "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

34.     The goal of section 455(a) is to avoid even the appearance of partiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "A violation of § 455(a)—which requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned—is established when a reasonable person, knowing the relevant facts, would expect that a judge knew of circumstances creating an appearance of partiality," *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 848 (1988).

35.     As for the "extrajudicial source" doctrine, "there is not much doctrine to the doctrine." *Liteky v. United States*, 510 U.S. 540, 554 (1994). Establishing an extrajudicial source of bias "is not a *necessary* condition for 'bias or prejudice' recusal." *Liteky v. United States*, 510 U.S. 540, 554 (1994) (emphasis in the original). This is because "'extrajudicial source' is . . .  not the exclusive [basis for establishing disqualifying bias or prejudice], since it is not the *exclusive* reason a predisposition can be wrongful or inappropriate. A favorable or unfavorable predisposition can also deserve to be characterized as 'bias' or 'prejudice' because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment. See, *e.g., Davis v. Board of School Comm'rs of Mobile County,* 517 F.2d 1044, 1051 (CA5 1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).)" *Liteky v. United States,* 510 U.S. at 551 (emphasis in the original). "Recusal is required *whenever* there exists a genuine question concerning a judge's impartiality, and not merely when the question arises from an

extrajudicial source." *Liteky v. United States,* 510 U.S. at 551 (emphasis in the original).

32.     Magistrate Judge Rodovich has shown that which establishes a required recusal due to "a genuine question concerning a judge's impartiality" by: (i) issuing the Order To Show Cause when he had no authority to do so after Plaintiff John Doe's objection and no consent to Magistrate Judge Rodovich acting as a judge for any and all purposes, (ii) demanding that Plaintiff's counsel (me) explain why Plaintiff's counsel violated the Notice of Reassignment's ultra vires confidentiality provision (DE 306) when, as shown above, the No Consent/Objection document (DE 307) spelled out why the No Consent/Objection document was publicly filed and properly so; (iii) attempting to preserve a legally improper effort to assign full consent to himself; (iv) demanding that Plaintiff's counsel (me) justify what were said to be, inaccurately and incorrectly, unprofessional attacks on Magistrate Judge Kolar; and (v) continuing to act in the case despite Plaintiff John Doe's No Consent/Objection filing (DE 307).

33.  As noted above, Plaintiff John Doe's  Consent/Objection document (DE 307) contains no attacks of any kind on Magistrate Judge Kolar, and  the Seventh Circuit has not yet ruled on the merits whether Magistrate Judge Kolar is biased.  (Seventh Circuit Text Order, Sev. Cir. 23-2764 Docket Entry 14.)   If, as seems likely, Magistrate Judge Rodovich is basing the demand that Plaintiff's counsel (me)  justify what, inaccurately and incorrectly, were called unprofessional attacks on Judge Kolar on the motion for recusal due to bias, that motion for recusal due to bias, authorized by federal statutes, was fully supported at length in the District Court (DE 257, DE

260) and the Seventh Circuit (DE 267, Sev. Cir. 23-2764, Docket Entry 13), and the Seventh Circuit has not ruled in any way that the recusal for bias motion was unjustified, but rather they said it was to be heard with the appeal on the final judgment. Plaintiff John Doe does not agree with that procedural ruling and has filed a petition for certiorari challenging it, U.S Sup. Ct. 23-851. But to the point of Magistrate Judge Rodovich's lack of impartiality, Magistrate Judge Rodovich obviously resents the filings made by Plaintiff John Doe concerning his colleague's lack of impartiality, and that manifested resentment reflects the inability of Magistrate Judge Rodovich to be impartial in this case.

34. Further, the illegal effort to assign consent to Magistrate Judge Rodovich, who has been chummy with Purdue's counsel, reeks of trying to maintain a biased situation in this case.

**B.** **Need To Assign Case To Active Article III Judge.**

35. This case is seven years old. It needs to have an active Article III judge assigned to it who will deal with time-consuming trial and trial issues, not (God bless him) an 85-year old judge who will be assigning tasks to an objected to, biased Magistrate Judge. There are two such active judges in the Hammond division of the Northern District of Indiana, Judge Simon and Judge Lund. This case needs that kind of reassignment in the interests of justice. What Plaintiff John Doe wants is a fair trial, not a fixed one.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 20th of February, 2024.

_____/s/ *Philip A. Byler*_____
Philip A. Byler

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on February 20. 2024 by ECF:

William P. Kealey, Esq.
James Olds, Esq.
Scotty Teal, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com

_____/s/ *Philip A. Byler*_____
Philip A. Byler