UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-33 |
| | ) | |
| PURDUE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on the Order To Show Cause [DE 308] entered on February 6, 2024. Attorney Philip A. Byler filed a response [DE 310] on February 20, 2024. Rather than demonstrating that sanctions are not appropriate, the response was a continuation of the unprofessional conduct of Byler and included personal attacks on members of this court. It is **RECOMMENDED** that sanctions be imposed against Byler.

### Discussion

Under **28 U.S.C. § 636(c)** and **Federal Rule of Civil Procedure 73(a)**, a civil case may be assigned to a magistrate judge if all the parties consent. In particular, **§ 636(c)(2)** provides in part:

> [T]he *clerk of the court* shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. *The decision of the parties shall be communicated to the clerk of court*. (emphasis added).

*See also* **Rule 73(b)(1)** ("The clerk must give the parties written notice of their opportunity to consent).

Because the consent of the parties must be voluntary, district courts have developed procedures to preserve the confidentiality of the parties' decision. *See generally*: **9C Charles**

Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3071.2. *See also*: N.D. Ind. Consent To Or Declination Of The Exercise Of Jurisdiction By A United States Magistrate Judge form[1].

On February 2, 2024, the Honorable Joshua P. Kolar was sworn in as a Circuit Judge. In anticipation of Judge Kolar's elevation to the Seventh Circuit, the district court established a plan for managing the cases assigned to Judge Kolar as a magistrate judge. Pursuant to than plan, all of the fully consented cases were transferred from Judge Kolar's docket to the docket of the undersigned magistrate judge. As required by law, the parties were given the option of withdrawing their consent and having the case assigned to a district judge. The Notice entered on the docket and approved by the district court stated, in part:

> The case will remain on full consent with Magistrate Judge Rodovich unless you object to such reassignment within thirty (30) days from the date of this notice **by notifying the clerks office in writing**. To maintain the confidentiality of the consent process, **do NOT notify chambers or file any objection on the docket**. Rather, if you object to the reassignment, you must either mail or email your objection to the clerk's office where the case is pending . . . .

[DE 306] (emphasis in original). *See also Kalan v. City of St. Francis*, 274 F.3d 1150, 1153 (7th Cir. 2001) (The parties must consent to a specific magistrate judge).

On February 5, 2024, Byler filed the challenged document as a pleading rather than comply with the February 2nd Order. In additional to the refusal to consent to the transfer of the case to another magistrate judge, the pleading contained a renewed attack on Judge Kolar as well as the integrity of the Clerk's office ("questions can be easily raised about the manipulation of the consent process"). [DE 307, p. 3].

---

[1] https://www.innd.uscourts.gov/sites/innd/files/ConsentForm.pdf

Byler's response fails to offer a valid defense for his conduct and, due to additional unprofessional comments, requires the imposition of sanctions. As previously discussed, the consent process protects the confidentiality of the parties' decision because the magistrate judge may continue to have case management responsibilities. In his response, Byler makes it clear that he does not agree with the procedures established by statute, federal rules, and local rules. However, his disagreement is not a license to disregard court orders.

In addition to his reluctance to abide by the February 2nd Order, the docket reflects a history of personal attacks on Judge Kolar following an adverse ruling on cross motions for summary judgment. On August 11, 2022, Judge Kolar entered a 24-page order discussing the issues raised in both motions and explaining the reasons for his decision. [DE 206].

At times, a decision may be subject to a principled disagreement — "Reasonable minds may differ." Other times, a judge may fall victim to an occupational hazard of reaching an incorrect result. No matter how carefully a judge considers the issues and explains the basis for the decision, many times attorneys and parties will disagree with the ruling. Such is the practice of law.

For whatever reason, Byler has not been able to accept adverse rulings by Judge Kolar and has raised repeated allegations of bias. The record also reflects two attempts to remove Judge Kolar from the case followed by appeals to the Seventh Circuit. [DE 229, 257, 267]. These allegations of impartiality are included in his challenged pleading and in the response to the show cause order. In particular, his response stated "[g]iven the case's history for the past 4 ½ years, Plaintiff and his counsel had every reason to take protective action in the form of the public filing of the No Consent/Objection document…." [DE 310, p. 6]. Besides being irrelevant to the issue of consenting to a different magistrate judge, Byler used the notice to continue his

personal vendetta against Judge Kolar. Facing the prospect of sanctions has not deterred his unprofessional conduct.

Not satisfied with his assault on the integrity of Judge Kolar and the Clerk's office, Byler included a cross-motion to Recuse Magistrate Judge Rodovich in his response. Every issue raised by Byler lacks merit.

First, Byler alleges that the undersigned magistrate judge attempted "to preserve a legally improper effort to assign full consent to himself" and "continue[d] to act in the case despite Plaintiff John Doe's consent/objection filing." [DE 310, p. 17]. The February 2nd notice clearly stated that the case would be assigned to a district judge if a party objected. On February 14, 2024, the case was assigned to Senior District Judge James T. Moody for dispositive matters and the undersigned magistrate judge for case management purposes pursuant to the policy previously adopted by the court[2]. This false allegation constitutes another attack by Byler on a member of this court who had the audacity to disagree with him.

Second, Byler alleges that this court demonstrated a bias in favor of the defendants at the June 7, 2023 settlement conference.

> At Purdue counsel's request, in June 2023, a settlement conference was held before Magistrate Judge Rodovich, and suffice it to be said that both Plaintiff John Doe and his counsel (me) were dissatisfied with Magistrate Judge Rodovich's handling of the conference and apparent chumminess with Purdue counsel; Magistrate Judge Rodovivh [sic], who parroted Purdue counsel.

[DE 310, pp. 9-10].

This is yet another unjustified personal and unprofessional attack. The allegation of "chumminess", besides being false, cannot be based on personal knowledge. The settlement

---

[2] Both Hammond magistrate judges were aware of the **Kalan** case and participated in adopting the policy that allowed the parties to object to the reassignment.

conference was conducted via Zoom, and the parties were assigned to separate "breakout rooms" at the start of the conference. All of the court's discussions with the parties occurred in their respective breakout rooms. Therefore, Byler never was present for any conversations the court had with the Purdue representatives, and he has no basis to make the claim of "chumminess."

The "parroted" charge fares no better. A mediator must become familiar with factual and legal issues in the case in order to facilitate a settlement. A recommendation of the mediator must be accompanied by an evaluation of the case before the recommendation can be considered by the parties. This is not a case of clear liability, and that was explained to the plaintiff and Byler. Once again, Byler equates a difference of opinion with judicial bias.

Byler's response was not content with attacks on the integrity of two magistrate judges and the Clerk's office. He also objected to the case being assigned to Judge Moody.

> The cross-motion is prompted by the fact that on February 14, 2024, an Order was entered on the case docket after DE 309 stating that 85-year old Senior Judge James T Moody and objected to Magistrate Judge Andrew P Rodovich are added to case in what appears to be an effort to frustrate Plaintiff John Doe's Article III rights.

[DE 310, p. 15].

For good measure, Byler concluded his response with "[w]hat Plaintiff John Doe wants is a fair trial, not a fixed one." [DE 310, p. 18]. It is difficult to imagine a greater insult to this court and the judges who are privileged to serve it. That comment alone warrants serious sanctions.

Judge Moody served this court with distinction for over 20 years as an active district judge and has rendered valuable service as a senior district judge for an additional 20 years. The attack on Judge Moody came before he issued a decision in the case to provoke Byler's ire. It was the culmination of a pattern of unprofessional conduct that warrants sanctions.

*Conclusion*

For the foregoing reasons, it is **RECOMMENDED** that the following **SANCTIONS** be imposed against Philip A. Byler:

1). A fine in the amount of $5,000 payable to the Clerk within 14 days of any order accepting this Recommendation;

2). A requirement of local counsel pursuant to N.D. Ind. L.R. 83-5(d);

3). An order directing the Clerk to certify a copy of the order imposing sanctions to the Attorney Disciplinary Commissions for New York and Indiana;

4). An order requiring the Plaintiff to file an affidavit under seal stating that he has read the order imposing sanctions against his attorney.

This Report and Recommendation is submitted pursuant to **28 U.S.C. § 636(b)(1)(C)**. Pursuant to **28 U.S.C. § 636(b)(1)**, the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar*, Inc., 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

Byler responded to clear allegations of misconduct with additional, more serious misconduct. It is in his best interest to obtain an attorney before an objection is filed to this Report and Recommendation.

SO ORDERED this 26th day of February, 2024.

/s/ Andrew P. Rodovich
United States Magistrate Judge