## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33 |
| in her official capacity at Purdue University, | ) | |
| **KATHERINE SERMERSHEIM**, in her official | ) | |
| capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JOHN DOE'S WRITTEN OBJECTIONS, PURSUANT TO 28
U.S.C. § 636 (b)(1)(C), TO THE FEBRUARY 26, 2024 REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE RODOVICH (DE 311) TO
SANCTION PHILIP A. BYLER FOR THE PUBLIC FILING (DE 307)
OF PLAINTIFF JOHN DOE'S FEBRUARY 5, 2024 OBJECTION
TO MAGISTRATE JUDGE RODOVICH SERVING AS JUDGE FOR
ALL PURPOSES IN *Doe v. Purdue* AND TO ULTRA VIRES ASPECTS
OF THE FEBRUARY 2, 2024 ORDER OF REASSIGNMENT (DE 306)**

Plaintiff John Doe, through counsel (who is a member of the Bar of this Court

with a certificate of membership), timely submits his Written Objections, pursuant

to 28 U.S.C. § 636 (b)1) C), to the February 26, 2024 Report and Recommendation of

Magistrate Judge Rodovich to sanction his counsel Philip A. Byler for the public filing

(DE 307) of Plaintiff John Doe's February 5, 2024 No Consent/Objection to Magistrate

Judge Rodovich serving as judge for all purposes on *Doe v. Purdue* and to the ultra

vires aspects of the February 2, 2024 Order of Reassignment (DE 306).

**No Proper Rodovich Authority; Rodovich Failure To Address the Reasons Showing**
**No Cognizable Violations and The Protection of Plaintiff John Doe's Rights**

1.     As will be shown herein, (i) Magistrate Judge Rodovich did not have proper legal authority to issue the February 26, 2024 Report and Recommendation (DE 311), (ii) Magistrate Judge Rodovich did not have proper legal authority to issue the February 6, 2024 Order To Show Cause  (DE 308), and  (iii) Magistrate Judge Rodovich failed to address the reasons presented in the Byler Declaration (DE 310) showing that there were no cognizable violations of the February 2, 2024 Order of Reassignment (DE 306) and that the public filing of Plaintiff John Doe's February 5, 2024 No Consent/Objection to Magistrate Judge Rodovich was done in the interest of protecting Plaintiff John Doe.  Magistrate Judge Rodovich has instead preferred to engage in an extended tirade, misstating the facts and the law (*e.g.*, there is no legal requirement of confidentiality in the process of consenting or refusing to consent to a Magistrate Judge), making unjustified personal attacks on Plaintiff John Doe's counsel, and ignoring among other things the relevant point that the Seventh Circuit has not yet ruled on the merits whether Magistrate Judge Kolar is biased.  (Seventh Circuit Text Order, Sev. Cir. 23-2764 Docket Entry 14.)

**The Unjustified Sanctions Recommendations Aimed**
**At Hamstringing Plaintiff John Doe's Representation**

2.     These Written Objections will first address the Report and then the Recommendation, which were not issued with proper legal authority, which were not remotely justified and which as will further shown herein, appear to be an attempt to hamstring Plaintiff John Doe's representation and give expression to Magistrate

Judge Rodovich's apparent personal animus against Plaintiff John Doe's counsel. As presented in the Byler Declaration (DE 310, pp. 2-3), Plaintiff John Doe's counsel is an experienced lawyer with extenssive legal credentials, he is a member of the Northern District of Indiana federal court Bar, and he has been handling this case since its original filing, including successfully arguing the Seventh Circuit appeal, *Doe v. Purdue*, 928 F.3d 652 (7th Cir. 2019). (DE 310, p. 1.)

**Plaintiff John Doe--No Consent To Magistrate Judge Rodovich; 28 U.S.C. § 636 About Preserving Party Right Not To Consent To Magistrate Judge, Not Confidentiality**

3.     The report begins with reference to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 as supporting assigning a case to a Magistrate Judge "if all parties consent." Fede (DE 311, p. 1.) What the report fails to acknowledge in this connection and should be acknowledged at the outset is that in this case, Plaintiff John Doe has denied consent and objected to Magistrate Judge Rodovich (DE 307.)

4.     Further, the report misrepresents 28 U.S.C. § 636(c); its different meaning becomes clear when quoted more fully as opposed to the selective part of 28 U.S.C. § 636 quoted in the report (DE 311, p. 1). The passage in question in 28 U.S.C. § 636(c) is actually about the availability of a Magistrate Judge to serve in the case and about preserving the right of a party not to consent to a Magistrate Judge (as Plaintiff John Doe has done). The passage in 28 U.S.C. § 636(c) is not about preserving confidentiality as to the consent process regarding a Magistrate Judge (as the report misreads it):

> *If a* [magistrate judge](#) *is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a* [magistrate](#)

*judge to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court.* Thereafter, either the district court judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in so doing, *shall also advise the parties that they are free to withhold consent without adverse substantive consequences. Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent.*

(Emphasis supplied.)

**No Rule Or Law Requiring Confidentiality In
The Consent Or No Consent To Magistrate Judge**

5.     The report misreads the Wright & Miller federal practice book (DE 311, pp. 1-2) as supporting the notion that district courts have developed procedures to preserve the confidentiality of the parties, footnoting to the consent form for the Northern District of Indiana.  The cited passage in the Wright & Miller federal practice book is about procedures for preserving a party's right not to consent to a magistrate judge, not procedures to preserve confidentiality.  A consent form does not establish "procedures to preserve confidentiality," but rather is a document used to document consent.

6.     The Wright & Miller federal practice book does <u>not</u> establish there is a requirement of confidentiality in the Northern District of Indiana or anywhere else as to the consent or no consent to a Magistrate Judge.  In fact, what the Report overlooks is **the dispositive bottom-line fact: there is no Local Rule of the Northern District of Indiana, not at LR 72-1 or elsewhere in the Local Rules, establishing there is a requirement of confidentiality in the consent to or refusal to consent to a Magistrate Judge.**  Further, there is no federal statute, not in 28 U.S.C. § 636 and

not elsewhere in the U.S. Code, establishing there is a requirement of confidentiality in the consent to or refusal to consent to a Magistrate Judge.

7.     The report cites to *Kalan v. City of St. Francis*, 274 F.3d 1150, (7th Cir. 2001), but as the report acknowledges (DE 311, p.2), all that case holds is that the parties must consent to a specific magistrate judge, not that there is a confidentiality requirement in the consent to or refusal to consent to a Magistrate Judge and here, Plaintiff John Doe has specifically objected to Magistrate Judge Rodovich.

## The February 2, 2024 Notice of Reassignment (DE 306)

8.     The report, after utterly failing to establish a legal requirement of confidentiality in the consent to or refusal to consent to a Magistrate Judge, turns to the February 2, 2024 Notice of Reassignment (DE 306), which purported to reassign *Doe v. Purdue* the case to Magistrate Judge Rodovich as a consented to judge in the case  and which further called for a confidential filing of any objection to Magistrate Judge Rodovich so acting (DE 311, p. 2.)  These provisions, as discussed below, are *ultra vires*.  That Judge Kolar had a hand in the February 2, 2024 Notice of Reassignment does not wipe away its *ultra vires* errors.   The purported violation of the Notice of Reassignment consisted of the public filing of the Denial of Consent/Objection at DE 307.   (DE 311, p. 2.)

9.     The report states, falsely and outrageously, that "Byler makes it clear that he does not agree with the procedures established by statute, federal rules and local rules."  (DE 311, p. 3.)  What the report instead shows, as discussed above, is that the report has misapprehended, misread and misrepresented the procedures

[5]

established by statute, federal rules and local rules. **There is no Local Rule of the Northern District of Indiana, not at LR 72-1 or elsewhere in the Local Rules, establishing there is a requirement of confidentiality in the consent to or refusal to consent to a Magistrate Judge.** There is no federal statute, not in 28 U.S.C. § 636 and not elsewhere in the U.S. Code, establishing there is a requirement of confidentiality in the consent to or refusal to consent to a Magistrate Judge. As discussed above, The Wright & Miller federal practice book does not establish a requirement of confidentiality in the Northern District of Indiana or anywhere else as to the consent or no consent to a Magistrate Judge. As discussed above, the passage referenced in the report in 28 U.S.C. § 636(c) is actually about the availability of a Magistrate Judge to serve in the case and about preserving the right of a party not to consent to a Magistrate Judge (as Plaintiff John Doe has done); that passage in 28 U.S.C. § 636(c) is not about preserving confidentiality as to the process of consenting or not consenting to a Magistrate Judge (as the report misreads it).

10.    It is not a matter of disagreeing with the February 2, 2024 Notice of Reassignment so as to rationalize disregard it (DE 311, p. 3). **It is a matter that courts must act in accordance with the law; the Rule of Law requires it. It is a matter that the February 2, 2024 Notice of Reassignment (DE 306) contained the *ultra vires* defects identified in Plaintiff John Doe's February 5, 2024 Denial of Consent/Objection (DE 307). It is a matter that the client's proper protection required a public filing of February 5, 2024 Denial of Consent/Objection (DE 307) in response to the publicly filed February 2, 2024 Notice of Reassignment (DE 306).** Judge

[6]

Kolar's proactivity in preemptively and unlawfully assigning consent to Magistrate Judge Rodavich and telling the parties they could withdraw such consent, is clearly at odds with how the law states that consent is not assumed, but conditional on the actions of the parties.

<u>The February 5, 2024 Denial of Consent/Objection (DE 307).</u>

11.    The report inaccurately calls February 5, 2024 Denial of Consent/Objection at DE 307 a "pleading" (DE 311, p. 2).  What the February 5, 2024 Denial of Consent/Objection document at DE 307 does is clearly "give notice" to Plaintiff John Doe's objection and lack of consent to Magistrate Judge Rodovich and provide the reasoning why the Denial of Consent/Objection was publicly filed. What the February 5, 2024 Denial of Consent/Objection at DE 307 does not do is contain any attacks of any nature upon Judge Kolar.  The report is thus false in asserting that the February 5, 2024 Denial of Consent/Objection contains a renewed attack on Judge Kolar and the Clerk's Office (DE 311, p. 2).

12.    The report misses the point, made in the February 5, 2024 Denial of Consent/Objection document (DE 307, p. 3), that a reason for a public filing of a Denial of Consent/Objection document is to avoid "questions [that] can be easily raised about the manipulation of the consent process" (DE 311, p. 2).

13.    The February 5, 2024 Denial of Consent/Objection filed at DE 307 is quoted here in full so that it is not misunderstood, misrepresented and distorted:

> To the Clerk and all parties: please take notice that Plaintiff John Doe, in response to the Court Order entered on February 2, 2024, at 5:51 PM EST and filed February 2, 2024 (DE 306), objects to and denies consent to Magistrate Judge Rodovich as the reassigned judge to the

case who could act for all purposes in the case, and demands that the case be randomly assigned to an Article III judge as Plaintiff John Doe is entitled under Article III of the U.S. Constitution.  Plaintiff John Doe has not consented to Magistrate Judge Rodovich to act as judge for all purposes per 28 U.S.C. § 636(c), which requires "consent of the parties."

To the Clerk and all parties: please take further notice that the February 2, 2024 Order (DE 306), in making reference to the case being "fully consented to" and "the case will remain on full consent with Magistrate Judge Rodovich" unless a party objects, is erroneous and unlawful under 28 U.S.C. § 636.

(1)    Whether there was proper consent in this case to Magistrate Judge Kolar to be the judge for all purposes has been thoroughly questioned with reasonable basis.  Stated at DE 267, pages 6-7 of Plaintiff John Doe's appeal to the Seventh Circuit of the denial of recusal due to bias:

> Magistrate Judge Kolar's opinion refusing recusal assumes he has consent pursuant to 28 U.S.C. § 636.  [DE 261, p. 1.] The Docket Entries regarding consent, however, do not conclusively establish that consent was properly obtained. The first Docket Entry regarding consent states Magistrate Judge Kolar is assigned to the case, but the Docket Entry has no number and says the assignment is pursuant to a General Order.  The following Docket Entry 40, dated July 24, 2019, records an Order of Magistrate Judge Kolar that if the parties do not intend to object to the continued exercise of jurisdiction of Magistrate Judge Kolar, to notify Magistrate Judge Kolar.  [DE 40.]  Docket Entry 41, dated August 1, 2019, then records the assignment of the case to Magistrate Judge Kolar upon the consent of the parties. [DE 41.]  The Docket Entries, however, do not record the filing of signed consents of the parties required by 28 U.S.C. § 636 for Magistrate Judge Kolar to be the judge for all purposes, including for trial.  There was no indication of bias then in July 2019 on the part of Magistrate Judge Kolar, who had seemingly good credentials, or what would follow in subsequent years that now form the basis of Plaintiff's pervasive bias motion. . . .

(2)  Regardless of the above point, consent to one Magistrate Judge acting as a judge for all purposes in a case pursuant to 28 U.S.C.

§ 636 does not provide consent to another Magistrate Judge so acting pursuant to 28 U.S.C. § 636; such consent is not transferable.

(3) The case is not and has never been on full consent with Magistrate Judge Rodovich. There would need to be a fully executed consent with respect to Magistrate Judge Rodovich to act as a judge for all purposes in a case pursuant to 28 U.S.C. § 636, and neither Plaintiff John Doe nor his counsel has signed such a consent and neither Plaintiff John Doe nor his counsel ever will.

To the Clerk and all parties: please take further notice that the February 2, 2024 Order (DE 306), is in error and unlawful under 28 U.S.C. § 636 in asserting that "the confidentiality of the consent process" requires a party not to file "any objection on the docket" but to file the objection with the Clerk.

(1) While this Objection/No Consent document will be delivered to the Clerk's Office in Hammond, there is no confidentiality of the consent process requiring a mailed delivery to the Clerk's Office. There is nothing calling for confidentiality in the fact a party chooses to not give consent to a Magistrate Judge to be judge for all purposes in the case. It is part of the job that some parties may choose not to give consent to a Magistrate Judge to be judge for all purposes.

(2) Actions as to the assignment or reassignment of judges are matters of public filings. The integrity of the court process requires a party's response to the February 2, 2024 Order, DE 306, be reflected in the public docket. Otherwise, questions can be easily raised about the manipulation of the consent process.

14. This statement, the report does not even attempt to address with respect to its substance, but rather dismisses it as not offering a defense. (DE 311, p. 3). That is flatly incorrect. The report, among other things, erroneously dismisses as irrelevant what is critically important -- that given the case's history for the past 4½ years, Plaintiff John Doe and his counsel had every reason to take protective action in the form of the public filing of the No Consent/Objection document at DE 307. The report also ignores the substance of the Denial of Consent/Objection document

[9]

at DE 307 that establishes there were no legally cognizable violations of the Reassignment Order (DE 306). The report's back-of-the-hand treatment to the Denial of Consent/Objection document at DE 307 calls for close examination of that document, which shows the valid defenses the report fails to recognize.

## No Consent/Objection In Response To Order of Reassignment.

15.     The first paragraph of the Denial of Consent/Objection document at DE 307 contains Plaintiff John Doe's response to the February 2, 2024 Order of Reassignment at DE 306. That response is that Plaintiff John Doe objects to and denies consent to Magistrate Judge Rodovich as the reassigned judge to the case who could act for all purposes in the case, and Plaintiff John Doe demands that the case be randomly assigned to an Article III judge as Plaintiff John Doe is entitled under Article III of the U.S. Constitution. Plaintiff John Doe further responds that he has not consented to Magistrate Judge Rodovich to act as judge for all purposes per 28 U.S.C. § 636(c), which requires "consent of the parties."

16.     The response in the first paragraph of the Denial of Consent/Objection document at DE 307 is perfectly appropriate given the publicly filed February 2, 2024 Order of Reassignment at DE 306. The response in the first paragraph of the Denial of Consent/Objection document at DE 307 is not of a nature that calls for confidentiality, but rather should be publicly filed given the contents of the February 2, 2024 Order of Reassignment at DE 306, so there is no question about Plaintiff John Doe's position on the matter, that there is no consent and there is objection. The response in the first paragraph of the Denial of Consent/Objection document at DE

307 does not contain attacks of any nature upon Magistrate Judge Kolar, only a restatement of relevant case history concerning this specific topic of consent and the assertion of Plaintiff John Doe's rights under Article III of the U.S. Constitution and 28 U.S.C. § 636.

**Legal Rejection, As Ultra Vires, of Case Being Assigned To**
**And Fully Consented To With Magistrate Judge Rodovich.**

17.    The second paragraph of the Denial of Consent/Objection document at DE 307 is the legal rejection, as *ultra vires*, of the case being "fully consented to" and "remain[ing] on full consent with Magistrate Judge Rodovich" unless a party objects (which Plaintiff John Doe has).  The February 2, 2024 Order of Reassignment (DE 306) does not cite any legal authority for asserting the case would "remain on full consent with Magistrate Judge Rodovich." **There is no legal authority for such a provision, particularly not in 28 U.S.C. § 636 and not in the Local Rules of the Northern District of Indiana.  A Magistrate Judge may be assigned certain tasks, but not to be a judge for all purposes without consent of the parties (Plaintiff John Doe has refused consent).  Further, Magistrate Judge Rodovich was not assigned, per 28 U.S.C. § 636, the tasks of issuing the Order To Show Cause at DE 308 and doing the Report and Recommendation at DE 311.**

18.    The second paragraph of the Denial of Consent/Objection document at DE 307 contains three numbered subparagraphs.

19.    The first numbered subparagraph, importantly, records Plaintiff John Doe's questioning of the assertion that case was fully consented to with then

Magistrate Judge Kolar, relying upon the statement in Plaintiff John Doe's appeal to the Seventh Circuit of the denial of recusal due to bias, which is worth quoting:

> Magistrate Judge Kolar's opinion refusing recusal assumes he has consent pursuant to 28 U.S.C. § 636. [DE 261, p. 1.] The Docket Entries regarding consent, however, do not conclusively establish that consent was properly obtained. The first Docket Entry regarding consent states Magistrate Judge Kolar is assigned to the case, but the Docket Entry has no number and says the assignment is pursuant to a General Order. The following Docket Entry 40, dated July 24, 2019, records an Order of Magistrate Judge Kolar that if the parties do not intend to object to the continued exercise of jurisdiction of Magistrate Judge Kolar, to notify Magistrate Judge Kolar. [DE 40.] Docket Entry 41, dated August 1, 2019, then records the assignment of the case to Magistrate Judge Kolar upon the consent of the parties. [DE 41.] The Docket Entries, however, do not record the filing of signed consents of the parties required by 28 U.S.C. § 636 for Magistrate Judge Kolar to be the judge for all purposes, including for trial. There was no indication of bias then in July 2019 on the part of Magistrate Judge Kolar, who had seemingly good credentials, or what would follow in subsequent years that now form the basis of Plaintiff's pervasive bias motion. . . .

It may be noted at this point and will be discussed further below that the Seventh Circuit has not yet ruled on the merits whether Magistrate Judge Kolar is biased. (Seventh Circuit Text Order, Sev. Cir. 23-2764 Docket Entry 14.)

20.    The second numbered subparagraph states that regardless of the questioning of whether there was consent as to Magistrate Judge Kolar, consent to one Magistrate Judge acting as a judge for all purposes in a case pursuant to 28 U.S.C. § 636 does not provide consent to another Magistrate Judge so acting pursuant to 28 U.S.C. § 636; **such consent is not transferable.** Even if consent were a non-issue with Magistrate Judge Kolar, such consent is not lawfully transferable to another judge, and that certainly includes Magistrate Judge Rodovich.

21.    The third numbered subparagraph states that the case is not and has never been on full consent with Magistrate Judge Rodovich.  There would need to be a fully executed consent with respect to Magistrate Judge Rodovich to act as a judge for all purposes in a case pursuant to 28 U.S.C. § 636, and neither Plaintiff John Doe nor his counsel has signed such a consent and neither Plaintiff John Doe nor his counsel ever will.  At Purdue counsel's request, in June 2023, a settlement conference was held before Magistrate Judge Rodovich, and suffice it to be said that both Plaintiff John Doe and his counsel were dissatisfied with Magistrate Judge Rodovich's handling of the conference and apparent chumminess with Purdue counsel.  It does not matter if Magistrate Judge Rodovich and Purdue's counsel have a different view (DE 311, p. 5).  What matters is that Plaintiff John Doe and his counsel object to and do not consent to Magistrate Judge Rodovich to be judge for all purposes and have in fact objected to and do not give consent to Magistrate Judge Rodovich. **Plaintiff John Doe's No Consent/Objection document at DE 307 legally precluded Magistrate Judge Rodovich from taking any action in this case, including issuing and considering the Order To Show Cause at DE 308, and from issuing the Report and Recommendation at DE 311.**

22.    The statement in the second paragraph of the Denial of Consent/Objection document at DE 307 -- that the February 2, 2024 Order (DE 306), in making reference to the case being "fully consented to" and "the case will remain on full consent with Magistrate Judge Rodovich" unless a party objects, is erroneous and unlawful under 28 U.S.C. § 63)6 -- was perfectly appropriate given the publicly

filed February 2, 2024 Order of Reassignment (DE 306). The statement in the second paragraph of the Denial of Consent/Objection document at DE 307 does not call for confidentiality, but rather that it should be publicly filed given the contents of the publicly filed February 2, 2024 Order of Reassignment (DE 306), so there is no question about Plaintiff John Doe's position on the matter, that there is no consent and there is objection. The statement in the second paragraph of the Denial of Consent/Objection document at DE 307 does not contain attacks of any nature upon Magistrate Judge Kolar, only a restatement of relevant case history concerning this specific topic of consent and the assertion of Plaintiff John Doe's rights under Article III of the U.S. Constitution and 28 U.S.C. § 636.

**Legal Rejection, As Ultra Vires, of The Assertion That "The Confidentiality the Consent Process" Requires A Party To Not File "Any Objection on the Docket" But To File Objection With The Clerk.**

23.     The third paragraph of the Denial of Consent/Objection document (DE 307) is the legal rejection, as *ultra vires*, that "the confidentiality of the consent process" requires a party not to file "any objection on the docket" but to file the objection with the Clerk.  **The February 2, 2024 Order of Reassignment (DE 306) does not cite any legal authority for asserting that "the confidentiality of the consent process" requires a party not to file "any objection on the docket" but to file the objection with the Clerk; there is no legal authority for such a provision, particularly not in 28 U.S.C. § 636 which specifically applies here; as discussed above, there is no legal requirement for confidentiality in the consenting or not consenting to a**

[14]

**Magistrate Judge; and what the report cites does not provide any such legal authority.**

24.    The third paragraph of the Denial of Consent/Objection document (DE 307) contains two numbered subparagraphs.

25.    The first numbered subparagraph records Plaintiff John Doe's position that while this Objection/No Consent document will be delivered to the Clerk's Office in Hammond. and that document was so delivered by mail (DE 309), there is no legally required confidentiality of the consent process requiring a mailed delivery to the Clerk's Office (in the nearly 50-year career of Plaintiff John Doe's counsel, he has never encountered such a thing.  Also, there is nothing calling for confidentiality in the fact a party chooses to not give consent to a Magistrate Judge to be judge for all purposes in a case; it is part of the job of a Magistrate Judge that some parties may choose not to give such consent to that Magistrate Judge.

26.    The second numbered subparagraph records Plaintiff John Doe's position that actions as to the assignment or reassignment of judges are matters of public filings and that the integrity of the court process requires a party's response to the February 2, 2024 Order, DE 306, be reflected in the public docket -- otherwise, questions can be easily raised about the manipulation of the consent process. The report misinterprets this point as an attack on the integrity of the Court.  It is no such thing.  It is a matter of transparency in a public process and maintaining the appearance of propriety.

27.    The statement in the third paragraph of the Denial of Consent/Objection document (DE 307) – that the February 2, 2024 Order (DE 306) is in error and unlawful under 28 U.S.C. § 636 in asserting that "the confidentiality of the consent process" requires a party not to file "any objection on the docket" but to file the objection with the Clerk -- was perfectly appropriate given the publicly filed February 2, 2024 Order of Reassignment (DE 306). The statement in the third paragraph of the Denial of Consent/Objection document at DE 307 does not call for confidentiality, but rather should be publicly filed given the contents of the February 2, 2024 Order of Reassignment (DE 306), so there is no question about Plaintiff John Doe's position on the matter, that there is no consent and there is objection. The statement in the second paragraph of the Denial of Consent/Objection document at DE 307 does not contain attacks of any nature upon Magistrate Judge Kolar, but rather only a restatement of relevant case history concerning the specific topic of consent and the assertion of Plaintiff John Doe's rights under Article III of the U.S. Constitution and 28 U.S.C. § 636.

No Cognizable Violations As To Reassignment Order (DE 306)

28.    In two respects, the February 2, 2024 Reassignment Order at DE 306 was *ultra vires* and not a lawful order such that it can be properly asked why was the February 2, 2024 Reassignment Order violated.

29.    *First*, the February 2, 2024 Reassignment Order stated the case would "remain on full consent with Magistrate Judge Rodovich" unless a party objects. **The February 2, 2024 Reassignment Order does not cite any legal authority and there is**

[16]

no legal authority for one Magistrate Judge acting as a judge for all purposes in a case pursuant to 28 U.S.C. § 636 to transfer such consent to another Magistrate Judge to so act pursuant to 28 U.S.C. § 636; such consent is not transferable; a party would need to consent separately to Magistrate Judge Rodovich pursuant to 28 U.S.C. § 636, and that consent has not been given and won't be.

30.    *Second*, the February 2, 2024 Reassignment Order stated "the confidentiality of the consent process" requires a party not to file "any objection on the docket" but to file the objection with the Clerk. **The February 2, 2024 Reassignment Order does not cite any legal authority and, as discussed above, there is no legal authority for requiring a party to file confidentially with the Clerk the party's objection/no consent document to a Magistrate Judge.** Imposition of a confidentiality requirement would lead to questions that can be easily raised about the manipulation of the consent process. As noted above, actions as to the assignment or reassignment of judges are matters of public filings, and the integrity of the court process requires a party's response to the February 2, 2024 Order, DE 306, be reflected in the public docket

<u>Protection of Plaintiff John Doe.</u>

31.    It should be clear from the foregoing that the prompt, public filing of the No Consent/Objection document at DE 307 was necessary and done to protect Plaintiff John Doe's right to not consent to and object to Magistrate Judge Rodovich as the judge in the case and to protect Plaintiff John Doe's right to have an Article III judge actively handle his case.

[17]

The July 2023 Bias Motion

32.    The following is provided to rebut the report's false assertions that Plaintiff John Doe and his counsel have been engaged in personal attacks upon Judge Kolar.   Plaintiff John Doe and his counsel have availed themselves of motions authorized by federal law.

33.    The Order To Show Cause (DE 308) referred to unspecified unprofessional attacks by Plaintiff John Doe's counsel upon then Judge Kolar.  The Byler Declaration (DE 309) in response to the Order To Show Cause denied that the No Consent/Objection document at DE 307 contained any unprofessional attacks on Judge Kolar.  Because the Order To Show Cause improperly did not specify what unprofessional attacks were at issue, the Byler Declaration (DE 309), in response to the Order To Show Cause, speculated (DE 309, pp. 17-18) that Magistrate Judge Rodovich was demanding Plaintiff John Doe's counsel  justify the bias motion filed against Judge Kolar -- a motion authorized by federal law and fully supported at length in the District Court (DE 257, DE 260) and in the Seventh Circuit (DE 267, Sev. Cir. 23-2764, Docket Entry 13), and the Seventh Circuit has not ruled in any way that it was unjustified (DE 267, Sev. Cir. 23-2764, Docket Entry 14).  A report is not the proper place for a Court to finally identify the purported unprofessional attacks that the Court demands justification; that's for an Order To Show Cause, a requirement not satisfied here.

34.    Magistrate Judge Rodovich's Report and Recommendation is abusing a sanctions motion against counsel to punish that counsel based on the Magistrate

Judge's personal umbrage over a statutorily authorized bias motion filed against a colleague. Such abuse may gratify the Magistrate Judge's personal feelings, but it has no rational relationship to the fair administration of justice, particularly when the alleged violation is the public filing of Plaintiff John Doe's February 5, 2024 No Consent/Objection document to Magistrate Judge Rodovich (DE 307), a public filing which was in the client's best interest. Magistrate Judge Rodovich's Report and Recommendation should be dismissed for lacking a proper sanctions case.

35.    The report is wildly and outrageously false in describing the docket as reflecting a history of personal attacks on Judge Kolar. (DE 311, p.3.) Accompanying these Written Objections is a copy of the Docket Entries through March 5, 2024. Judge Kolar was on the case from March 24, 2019 to February 2, 2024, and throughout that period, what the docket reflects, quite differently, is that despite much litigation, there were years where there was nothing that remotely could be said to involve a personal attack on Judge Kolar and in that entire period, there was nothing reflecting what fairly and properly be called "personal attacks" on Judge Kolar.

36.    On August 30, 2022, Plaintiff John Doe moved to reconsider (DE 209) the grant of summary judgment against Plaintiff John Doe's due process claim, a grant said to be contrary to Judge Barrett's opinion in *Doe v. Purdue*, 928 F.3d 928 (7th Cir. 2019). But such a standard motion is not remotely a personal attack. On February 17, 2023, John Doe filed a petition for a writ of mandamus (DE 229) on the theory that Judge Kolar was exceeding his jurisdiction in effectively overruling Judge

Barrett's opinion in *Doe v. Purdue*, 928 F.3d 928 (7th Cir. 2019) and in rendering decisions at odds with the discovery evidentiary record.  Such a petition, authorized by federal law, cannot properly be classified as an unprofessional personal attack.

37.    The report does not accurately state the timing of the bias motion. The report incorrectly says the bias motion was made after the grant of summary judgment against Plaintiff John Doe's due process claim, which was in August 2022 (DE 206); to that ruling, Plaintiff John Doe's response was a motion for reconsideration (DE 209). The bias motion, however, was not made until July 9, 2023, following the failure of settlement talks (at which point the concern of Plaintiff John Doe and his counsel for a fair trial became the immediate focus).  Thus it was in July 2023 that Plaintiff John Doe moved to recuse Judge Kolar for bias, applying two federal statutes: 28 U.S.C. § 144 and 28 U.S.C. § 455. 28 U.S.C. § 455(a) provides that "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 144 provides that "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  (DE 257, DE 260.)  The recusal for bias motion was supported by a 9-page declaration by Plaintiff John Doe (DE 257-2) and a 34-page declaration by Plaintiff John Doe's counsel (DE 257-1).

38.    The goal of section 455(a) is to avoid even the appearance of partiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  "A violation of § 455(a)—which requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned—is established when a reasonable person, knowing the relevant facts, would expect that a judge knew of circumstances creating an appearance of partiality," *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 848 (1988).

39.    As for the "extrajudicial source" doctrine, "there is not much doctrine to the doctrine."    *Liteky v. United States*, 510 U.S. 540, 554 (1994). Establishing an extrajudicial source of bias "is not a *necessary* condition for 'bias or prejudice' recusal." *Liteky v. United States*, 510 U.S. 540, 554 (1994) (emphasis in the original). This is because "'extrajudicial source' is . . .  not the exclusive [basis for establishing disqualifying bias or prejudice], since it is not the *exclusive* reason a predisposition can be wrongful or inappropriate. A favorable or unfavorable predisposition can also deserve to be characterized as 'bias' or 'prejudice' because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment. See, *e.g., Davis v. Board of School Comm'rs of Mobile County,* 517 F.2d 1044, 1051 (CA5 1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).)"  *Liteky v. United States,* 510 U.S. at 551 (emphasis in the original). "Recusal is required *whenever* there exists a genuine question concerning a judge's impartiality, and not merely when the question arises from an

extrajudicial source." *Liteky v. United States,* 510 U.S. at 551 (emphasis in the original).

40.    Plaintiff has not been relying upon disagreements and the mere fact of adverse rulings, but upon the manifestations of "judicial predispositions that go beyond what is normal and acceptable," and show a case of "pervasive bias." *Liteky v. United States,* 510 U.S. at 551.   In particular, Judge Kolar's July 2, 2021, August 11, 2022 and February 14, 2023 opinions mishandled the law in a way an impartial judge would not do, misstated the factual record in a way an impartial judge would not do, and did so all to Purdue's benefit, establishing Magistrate Judge Kolar won't be impartial due to pervasive bias.  Added to the pervasive bias was the extra-judicial source of bias from Judge Kolar's nomination of the Seventh Circuit after no years as an Article III judge and four years as a Magistrate Judge rendering the decisions giving rise to the bias motion.

41.    The report attacks the bias motion, without considering any of its specifics, as a matter of Plaintiff John Doe's counsel not able to accept adverse rulings by Judge Kolar.  (DE 311, p. 3.)  Such an attack is false and insufficient for a sanctions motion.  That Plaintiff John Doe and his counsel found certain key rulings of Judge Kolar to be wildly erroneous is not the basis of an attorney sanction decision.

42.    In response to the bias motion, Judge Kolar did write an opinion denying the recusal motion.  (DE 206.)  But the report ignores that Plaintiff John Doe filed an appeal (DE 267) which included a rebuttal to Judge Kolar's questionable opinion. Accompanying these Written Objections is Plaintiff John Doe's September 7, 2023

Notice of Appeal with the 32-page rebuttal to Judge Kolar (DE 267, pp. 6-38). While the report parrots the Judge Kolar line that what was involved were mere disagreements, the rebuttal to Judge Kolar in the appeal and the premise of the bias motion shows that involved were far more than just disagreements – *e.g.*, eleven utterly irrelevant post-suspension Snapchat items speciously treated as spoliation without fulfilling its legal requirements resulting in an onerous award of fees and an adverse jury instruction to burden Plaintiff John Doe; the dismissal of Plaintiff John Doe's due process claim based on what was a rejection of Judge Barrett's opinion in *Doe v. Purdue*, 928 F.3d 652 (7th Cir. 2019); the ignoring of the Navy regulations providing an irrefutable basis for the stigma-plus liberty interest and recognition of Plaintiff John Doe's due process claim; the complete avoidance by Judge Kolar of justifying the July 2, 2021, August 11, 2022 and February 14, 2023 opinions; and his serious misstatements of the evidentiary record. These were manifestations of "judicial predispositions that go beyond what is normal and acceptable," and show a case of "pervasive bias." *Liteky v. United States,* 510 U.S. at 551. And they were occurring as the nomination of Judge Kolar to the Seventh Circuit from being a Magistrate Judge was being advanced. The foregoing did not and does not reflect a personal vendetta against Judge Kolar, but rather an effort to have judicial impartiality as required by federal law.

43.    As noted above, the Seventh Circuit has not yet ruled on the merits whether Magistrate Judge Kolar is biased. (Seventh Circuit Text Order, Sev. Cir. 23-2764 Docket Entry 14.) The Seventh Circuit has not ruled in any way that the recusal

for bias motion was unjustified, but rather they said it was to be heard with the appeal on the final judgment. (Seventh Circuit Text Order, Sev. Cir. 23-2764 Docket Entry 14.) Plaintiff John Doe does not agree with that procedural ruling and has filed a petition for certiorari challenging it, U.S Sup. Ct. 23-851, and Purdue has announced it is not filing a response to that petition.

## The Cross-Motion To Recuse Magistrate Judge Rodovich From The Case.

44.    The report complains about the cross-motion to recuse Magistrate Judge Rodovich. (DE 311, p. 4.) That cross-motion to recuse Magistrate Judge Rodovich is stated to be based upon the application of two federal statutes: 28 U.S.C. § 144 and 28 U.S.C. § 455, requiring, as discussed above, impartiality of judges and magistrate judges.

45.    The report engages in attack upon Plaintiff John Doe's counsel about the recusal cross-motion, but does not directly address the reasons and grounds for that recusal cross-motion. (DE 311, p. 4). According to the cross-motion, Magistrate Judge Rodovich has shown that which establishes required recusal from "a genuine question concerning a judge's impartiality." The following reasons and grounds were advanced for recusal, and the report ironically provides further evidence of the need for recusal.

46.    The first reason for recusal is that Magistrate Judge Rodovich issued the Order To Show Cause (DE 308) and now the Report and Recommendation (DE 311) when, as discussed above, he had no proper authority to do so. There is no legal authority, particularly not in 28 U.S.C. § 636, for a provision that Magistrate Judge

Rodovich be assigned consent to be the judge for all purposes in a case. A Magistrate Judge may be assigned certain tasks under 28 U.S.C. § 636, but not to be judge for all purposes. Further, Magistrate Judge Rodovich was not assigned, per 28 U.S.C. § 636, the tasks of issuing the Order To Show Cause at DE 308 and doing the Report and Recommendation at DE 311. Yet, Magistrate Judge Rodovich charged ahead intent upon sanctioning Plaintiff John Doe's counsel.

47.    The second reason for recusal is that Magistrate Judge Rodovich issued the Order To Show Cause (DE 308). demanding that Plaintiff John Doe's counsel explain why he did not abide by the Notice of Reassignment's *ultra vires* confidentiality provision (DE 306) when, as shown above, the No Consent/Objection document (DE 307) spelled out why the No Consent/Objection document was properly publicly filed.

48.    The third reason for recusal is that Magistrate Judge Rodovich has been attempting to preserve a legally improper effort to assign consent to himself to be judge for all purposes in the case. Magistrate Judge Rodovich has been repeatedly advised in writing that he has been objected to and that he has no proper authority to act in this case. Yet, he continues to do so, which shows the public filing of Plaintiff John Doe's No Consent/Objection document (DE 307) a very wise action.

49.    The fourth reason for recusal is that Magistrate Judge Rodovich demanded Plaintiff John Doe's counsel justify what were called unprofessional attacks on Judge Kolar that were not specifically identified in the Order To Show

Cause (DE 308) and that were only identified in the report. Notice and opportunity to be heard as the specific charges were not observed in favor of finding guilt first.

50. The fifth reason for recusal is that obviously, Magistrate Judge Rodovich resents the filings made by Plaintiff John Doe concerning his colleague's lack of impartiality, but that reflects the inability of Magistrate Judge Rodovich to be impartial.

### Need To Assign Case To Active Article III Judge.

48. The report complains about the cross-motion with respect to Senior Judge James T. Moody DE 31, p.5), but that cross-motion has an entirely different nature and rationale than the one directed at Magistrate Judge Radovich for recusal. The concern of Plaintiff John Doe is stated in the first paragraph of the Denial of Consent/Objection document at DE 307 containing Plaintiff John Doe's "demand[] that the case be randomly assigned to an Article III judge as Plaintiff John Doe is entitled under Article III of the U.S. Constitution." And that means an active Article III judge who won't be just assigning tasks to a Magistrate Judge but who will actively and impartially decide trial motions and oversee the trial.

49. This case is seven years old. It needs to have an active Article III judge assigned to it who will deal with trial and trial issues, not (God bless him) an 85-year old judge who will be assigning tasks to an objected to Magistrate Judge. There are two such active judges in the Hammond division of the Northern District of Indiana, Judge Simon and Judge Lund. With what has gone on in this case, it needs that kind

of reassignment in the interests of justice.  What Plaintiff John Doe wants is a fair trial.

<u>Recommendations for Sanctions</u>

50.    Before considering the report's specific Recommendations for sanctions (DE 311, p. 6), the Recommendations – there are four – all should be dismissed.  As discussed above, Magistrate Judge Rodovich issued the Order To Show Cause (DE 308) and the Report and Recommendation (DE 311) when, as discussed above, he had no proper legal authority to do so.

51.    The first recommendation is for a $5,000 fine which has no clearly stated rationale and which justification in the public interest.  The purported violation was the public filing of Plaintiff John Doe's No Consent/Objection document at DE 307, which was in response to the publicly filed Notice of Reassignment at DE 306.  As explained herein, the public filing was in the client's interest. If any part of the $5,000 is attributable to the bias motion, then the sanctions recommendation is being improperly abused to punish an attorney for having made a motion authorized by federal law, never rejected on the merits by the Seventh Circuit, but a motion still to the displeasure of Magistrate Judge Rodovich.

52.    The second recommendation is for a requirement of local counsel, even though Plaintiff John Doe's counsel, Mr. Byler, is a member of the Northern District of Indiana Bar and has been handling the case post-remand from July 2019 on without such local counsel.  Judge Kolar never required such local counsel July 2019-February 2024, and there is no need for such local counsel now – the docket entries

[27]

from July 2019 to February 2024 document the fact there is no need. Further, the Court imposed requirement of local counsel is to impose an unwarranted cost on Plaintiff John Doe to burden his efforts to vindicate his rights. Plaintiff John Doe and his counsel may choose on their own to hire, for trial, a local attorney or another member of the Northern District of Indiana Bar, but that is properly left to them.

53. The third recommendation is to direct a certified copy of the sanctions order to the Attorney Disciplinary Commissions for New York and Indiana. Those Attorney Disciplinary Commissions may wonder why there is an attorney sanction over the public filing of a no consent/objection document in response to a publicly filed notice of reassignment and over a motion authorized by federal law and the Seventh Circuit has not even decided it on the merits. In any event, Plaintiff John Doe's counsel would deal with it. He is and has been since 2007 a member of the Professional Discipline Committee of the New York State Bar Association, its Secretary since 2015 and its Chair of its Subcommittee on Fitness To Practice.

54. The fourth recommendation is to require Plaintiff John Doe to file an affidavit under seal stating he has read the sanctions order against his attorney. Plaintiff John Doe can do such an affidavit, but what he will state and not under seal is that in consultation with him (the client), the No Consent/Objection document at DE 307 was publicly filed in response to the publicly filed Notice of Reassignment at DE 306 and that the public filing of the No Consent/Objection document was in his (the client's) interest.

**Concluding False and Insulting Assertions**

55.     The report asserts falsely and outrageously that Plaintiff John Doe's counsel "responded to clear allegations of misconduct with more serious misconduct." (DE 311, p. 6.)  What clear allegations of misconduct?  The public filing of Plaintiff John Doe's No Consent/Objection document at DE 307, which was in response to the publicly filed Notice of Reassignment at DE 306?  What more serious misconduct? The explanations that Plaintiff John Doe's counsel in DE 310 gave in response to the Order To Show Cause (DE 308) showing no cognizable violations of the Notice of Reassignment and a client interest in the public filing?

56.     The report concludes on one final insulting note -- that it in the interest of Plaintiff John Doe's counsel to consult with an attorney before filing an Objection. Why? These Written Objections are being filed now in the interest of the client because these Written Objections address accurately the many serious errors and misstatements of the Report and Recommendation and the fact Magistrate Judge Rodovich who has acted without lawful authority in this case.

**Without Prejudice**

57.     This submission is made without prejudice to Plaintiff John Doe's position that Magistrate Judge Rodovich did not have authority to issue the Order To Show Cause and did not have authority to issue the Report and Recommendation and is precluded from taking any action in this case.

Dated:  March 8, 2024

> Respectfully submitted,
> LAW OFFICES OF PHILIP A. BYLER
> By: /s/Philip A. Byler

[29]

**Philip A. Byler, Esq.**
**11 Broadview Drive**
**Huntington, New York 11743**
**(631) 848-5175**
pbyler1976@gmail.com
***Attorneys for Plaintiff John Doe***

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on March 8. 2024 by ECF:

William P. Kealey, Esq.
James Olds, Esq.
Scotty Teal, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com

_____/s/ *Philip A. Byler*_____
Philip A. Byler

[30]