**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
|         Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:17-CV-33-JVB-APR |
| | ) | |
| PURDUE UNIVERSITY, *et al.*, | ) | |
|         Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Report and Recommendation [DE 311] issued by Magistrate Judge Andrew Rodovich on February 26, 2024. Judge Rodovich recommends that the Court impose several forms of sanctions against Philip A. Byler, attorney for Plaintiff. A memorandum in opposition was filed on March 8, 2024.

## STANDARD OF REVIEW

The court "may accept, reject, or modify, in whole or in part," a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *see also Marinov v. UAW*, No. 4:18CV59, 2021 WL 4026201, at *1 (N.D. Ind. Sept. 3, 2021) (applying § 636(b)(1)'s standards to a *sua sponte* report and recommendation). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Portions of the report to which there is no objection are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)). Byler, in effect, objects to the Report and Recommendation in its entirety, so the Court's review in this instance is de novo.

**BACKGROUND**

For a time, then-Magistrate Judge Joshua Kolar was presiding over this case by consent of the parties. After Judge Kolar was sworn in as a judge of the Seventh Circuit Court of Appeals, the Court implemented a process by which the cases assigned to Judge Kolar in which he was presiding by consent of the parties were moved to Judge Rodovich's docket and the parties were given the opportunity to object to the reassignment to Judge Rodovich and have the case assigned to an Article III district court judge.

The Court's notice (1) indicated that objections could be made within 30 days and that objections should be made "**by notifying the clerks office in writing**" and (2) instructed "**do NOT notify chambers or file any objection on the docket**" in order to maintain the confidentiality of the consent process. (Notice, ECF No. 306 (emphasis in original)).

Instead of following the process clearly directed by the Court's notice, Byler filed an objection on the docket, violating both the Court's directive and the stated purpose of preserving the confidentiality of the consent process. Byler asserted that his objection must be made public, "[o]therwise questions can be easily raised about the manipulation of the consent process." (Denial of Consent at 3, ECF No. 307). Byler also alluded to his arguments made previously in this case that Judge Kolar was biased against Plaintiff. Judge Rodovich ordered Byler to show cause why he should not be sanctioned for violating the Notice and for making an unprofessional attack on Judge Kolar.

Byler filed a declaration arguing that his lack of consent was necessary to make a record of his lack of consent. He also argues that the docket is unclear whether consent to Judge Kolar was ever properly obtained.

Byler then proceeded to strenuously object to Judge Rodovich presiding over the case, stating that there was an "apparent chumminess" between Judge Rodovich and opposing counsel at the settlement conference that Judge Rodovich conducted in this case. Byler also insists that, because the Court acted beyond its authority in requiring the confidential denial of consent to Judge Rodovich, Byler cannot be held accountable for violating the prescribed procedure.

## JUDGE RODOVICH'S REPORT

Judge Rodovich, in his Report and Recommendation, outlined the process for reassigning the cases that had consented to Judge Kolar's jurisdiction, Byler's disregard of the confidentiality-preserving measures, and Byler's response to the show cause order. Judge Rodovich found that Byler failed to offer a valid defense for his conduct and made additional unprofessional comments in his response to the show cause order. Judge Rodovich also noted other personal attacks on Judge Kolar, which began after Judge Kolar ruled on cross motions for summary judgment.

Judge Rodovich further notes that Byler's accusation of "chumminess" is not based on personal knowledge because the settlement conference occurred via Zoom with all parties in separate "breakout rooms" and Byler was never present to observe Judge Rodovich's interactions with the opposing parties and their counsel. Judge Rodovich also identifies that, though Byler took issue with Judge Rodovich evaluating the case during the settlement conference, an evaluation is a part of the mediation process, and a difference of opinion is not the same as judicial bias.

Judge Rodovich recommends the Court impose a $5,000 fine, require local counsel pursuant to Local Rule 83-5(d), inform the Indiana and New York attorney disciplinary commissions of the sanctions order, and require Plaintiff to file an affidavit stating that he has read the order imposing sanctions against his attorney.

**PLAINTIFF'S OBJECTIONS**

Byler objects, arguing that Judge Rodovich did not have legal authority to issue the show cause order or the Report and Recommendation. Byler also argues that Judge Rodovich failed to address Byler's arguments that Byler did not violate the Court's order regarding reassignment and the process for objecting to consent to Judge Rodovich.

Byler argues that the Court acted beyond its authority in moving the case from Judge Kolar's docket to Judge Rodovich's docket. Byler also contends that no statute or rule requires confidentiality in the consent process. In light of these asserted defects and the case's history in this court, Byler maintains that he properly filed his client's denial of consent publicly to protect his client's interests.

Byler strays from the topic at hand to raise questions about whether consent to Judge Kolar's jurisdiction was, in fact, obtained. Additionally, Byler again raises the specter of "chumminess" between opposing counsel and Judge Rodovich. Byler also contends that, contrary to what Judge Rodovich wrote, Byler did not make any unprofessional personal attack against Judge Kolar. Byler ends with a motion for Judge Rodovich to recuse himself.

**ANALYSIS**

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and, as a corollary to this proposition, to preserve themselves and their officers from the approach and insults of pollution." *Anderson v. Dunn*, 19 U.S. 204, 227 (1821). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)).

Byler repeatedly states that no statute or rule required the Court to implement measures to insure confidentiality of the consent process. Even so, the Court was within its inherent authority to implement the measures, and Byler was not free to ignore the Court's mandates. The Court has decided that allowing consent decisions to be made without the magistrate judge learning which parties withhold consent is a vital part of preserving the voluntariness of the consent process.[1] *See* 28 U.S.C. § 636(c)(2) ("Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent."). Byler violated the Court's Notice[2] by filing on the docket his client's objection to Judge Rodovich presiding over the case.

Let the Court put this bluntly: Byler's insistence that his client's denial of consent would not have been honored had he properly sent the denial to the clerk's office is incorrect. The following cases were moved from Judge Kolar's docket to Judge Rodovich's docket and, following the parties' actions in accordance with the Court's prescribed consent process, were reassigned to Article III District Court Judges: 2:22-CV-185 *Orbital Engineering Inc. v. DVG Team Inc.* (Judge Philip Simon, presiding), 2:23-CV-5 *Lawrence Dunlap v. United States* (Judge Theresa Springmann), 2:23-CV-144 *Shamecka Hypolite v. FedEx Freight, Inc.* (Judge James Moody), and 2:23-CV-273 *Johnson v. Baxter* (Judge Jon DeGuilio).

Additionally, the allegation of "chumminess" between Judge Rodovich and opposing counsel appears to be based on Byler and his client's dissatisfaction with the settlement conference,

---

[1] That is, a party may feel pressured to consent to jurisdiction to maintain the goodwill of the magistrate judge, who will continue to handle matters in the case on referral from the presiding judge. It also ensures that the parties can be confident that the magistrate judge's decisions, even if adverse to the party withholding consent, are not based on the withholding of consent because the magistrate judge does not know which party or parties denied consent. Nevertheless, the Court has full confidence in its magistrate judges' abilities to make fair, unbiased decisions even if those judges were aware of which parties denied consent to magistrate judge jurisdiction.

[2] Byler misattributes the notice regarding moving the case to Judge Rodovich's docket to Judge Kolar. The notice was not issued by any particular judge. Instead, in accordance with § 636(c)(2), *the clerk of court* provided the notice to the parties.

but Byler identifies nothing to indicate that Judge Rodovich acted unprofessionally in holding that conference. "Parroting" opposing counsel—which could otherwise be described as explaining the opposing viewpoints that the Court or a jury will have to resolve if the case proceeds without the parties' agreement to settle—is a part of the settlement process. Both sides should be made to see where the weaknesses of their own positions lie so they can make an informed decision about whether to take the risk of a winner-take-all resolution via continuing the case or to choose to manage the risk by settling it. A judge who tells parties in the settlement conference that they are a shoo-in to win at trial is not acting as an effective mediator.

Though Byler argues that the docket is unclear whether consent to Judge Kolar was ever properly obtained, he does not contend that his client objected to Judge Kolar's exercise of jurisdiction over the case when provided the opportunity to do so when the case was reassigned to Judge Kolar from his predecessor's docket. *See* (Order, ECF No. 40 (providing 30 days to object to Judge Kolar presiding by consent)).

Given that Judge Kolar is no longer a judge with the Northern District of Indiana, the Court declines to get into the weeds of the arguments regarding judicial bias. As the Seventh Circuit noted, Byler is free to raise the argument on appeal after final judgment. Still, regarding other comments Byler has made regarding judges assigned to this case, the Court will disabuse Byler of the notion that it is professional behavior to argue that a judge's age alone is a sufficient reason to object to that judge's assignment to one's case. It is not.

Fortunately for Byler, the Court enjoys significant discretion when exercising its inherent power to sanction conduct. *See Chambers*, 501 U.S. at 43-45; *Schumde v. Sheahan*, 420 F.3d 645, 650 (7th Cir. 2005). And, to be clear, the Court would be within the bounds of its discretion to sanction Byler as Judge Rodovich recommends. At the present juncture, however, the Court, in

6

exercise of its discretion, chooses to not impose sanctions at this time and instead issues a stern warning: Byler's behavior must improve. The Court's consent procedure was implemented within its authority and Byler's willful disregard of it was exceptionally unprofessional and inappropriate, as was his repeated defense of that misguided action. Should Byler's actions in this case continue to show unprofessional conduct and disregard of the Court's authority, the Court will not hesitate to revisit the actions raised in this Opinion and Order and reconsider whether to impose sanctions on Byler for these actions.

As a final matter, Byler attempted to include a cross-motion to disqualify Judge Rodovich in his response to the show cause order. Northern District of Indiana Local Rule 7-1(a) requires motions to be filed separately, so that request is not properly before the Court.

### CONCLUSION

Based on the above, the Court **MODIFIES** Judge Rodovich's Report and Recommendation [DE 311]. The Court **FINDS** that Byler has acted unprofessionally and willfully disregarded the Court's lawful procedure regarding the consent. The Court **DECLINES** to impose sanctions at this time but will reconsider sanctions on the conduct identified in the Report and Recommendation if further unprofessional behavior occurs.

SO ORDERED on May 1, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT