UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CV-33-JVB-APR |
| ) | |
| PURDUE UNIVERSITY, *et al.*, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Title IX Injunctive Relief Claim [DE 273] filed on October 20, 2023, by Defendants The Trustees of Purdue University, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, and Katherine Sermersheim. Plaintiff John Doe responded to the motion on April 8, 2024, and Defendants replied on April 15, 2024.

This matter is also before the Court on Plaintiff John Doe's Application to File Sur-Reply Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Title IX Injunctive Relief, and Sur-Reply Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Title IX Injunctive Relief [DE 318] filed on April 19, 2024.

**PROCEDURAL BACKGROUND**

This case is currently pending on Plaintiff's Second Amended Complaint, filed on March 2, 2021. On August 11, 2022, then-Magistrate Judge Joshua Kolar (presiding over the case by consent of the parties) granted summary judgment as to Plaintiff's due process claim. Only Plaintiff's Title IX claim remains pending, though the request for emotional and psychological damages in connection with that claim were dismissed. Regarding Plaintiff's Title IX claim, he included a request for "an injunction vacating John Doe's disciplinary findings and decision, granting

expungement of the disciplinary record from John Doe's school records at Defendant Purdue,[1] [and] ordering the ending of the suspension subject to any readmission requirements." (2d Am. Compl. at 64, ECF No. 160).

## MOTION TO DISMISS STANDARD

Defendants contend that Plaintiff's Title IX injunctive relief claim does not meet the standing test for subject matter jurisdiction and should therefore be dismissed for lack of jurisdiction. "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

## ANALYSIS

Defendants contend that Plaintiff cannot meet the standing requirements because "[t]here is no allegation of real and immediate harm to John's prospective educational opportunity," "Purdue's mere possession of disciplinary records in insufficient for the injury-in-fact requirement for standing," and Plaintiff's intention to disclose disciplinary records at trial nullifies any relief that expungement of the records would redress. (Br. at 2, ECF No. 274).

Defendants highlight that Plaintiff did not include a prayer for relief in the proposed joint final pretrial order, filed on March 21, 2023. This filing is neither a pleading nor a court order. The Court does not see any indication that Judge Kolar, who was then presiding over the case, informed the parties that the relief sought must be included in the proposed pretrial order. The Court also notes that, in the pretrial order, Defendants contended that Plaintiff waived any injunctive relief

---

[1] The Court adopts the parties' practice (also noted by Judge Kolar in his Opinion and Order on a motion to dismiss the first amended complaint) of using "expungement" to refer to both the vacating of the disciplinary findings and decision and the removal of the disciplinary record from Plaintiff's school records at Purdue. *See* (Op. & Order, ECF No. 84).

2

claim for expungement and Plaintiff disagreed with that contention. *See* (Proposed Joint Final Pretrial Order §§ E.1.e, E.2.r, ECF No. 239). That is, Plaintiff was not disavowing his request for injunctive relief. Ultimately, Plaintiff had no obligation to state his prayer for relief in the proposed joint final pretrial order, so the absence of the prayer in that document is immaterial to resolving the motion to dismiss.

Plaintiff asserts that his request for injunctive relief is not moot because he is still subject to re-enrollment requirements and because, though he has served the suspension imposed on him as a result of Purdue's disciplinary process, expungement of the record of that suspension would free Plaintiff from ongoing disclosure requirements to employers and schools other than Purdue.

Judge Kolar ruled that Plaintiff's allegations in his first amended complaint regarding the re-enrollment requirements were sufficient to create standing for the re-enrollment-related injunctive relief that Plaintiff requests. *See* (Op. & Order at 17-18, ECF No. 84). The allegations of the complaint Judge Kolar was considering do not meaningfully deviate from the operative allegations here. *Compare* (Am. Compl. ¶¶ 4, 74, 82, ECF No. 51) *with* (2d Am. Compl. ¶¶ 4, 47, 82, ECF No. 160). Accordingly, the Court reaches the same result. Plaintiff alleges that he faces a real and immediate threat of injury from the conditions of re-entry (including completing a training and meeting with the assistant director of the Center for Advocacy, Response, and Education) that were placed on him as a result of Purdue's disciplinary process and guilty finding that Plaintiff challenges in this lawsuit. Removal of these requirements would redress the injury.

The Seventh Circuit specifically found that Plaintiff had standing to seek "an injunction ordering university officials to expunge the finding of guilt from his disciplinary record," noting "[f]or this relief, [Plaintiff] has standing: [Plaintiff's] marred record is a continuing harm for which he can seek redress." *Doe v. Purdue Univ.*, 928 F.3d at 666. This quoted language came in the

context of discussing Plaintiff's now dismissed due process claim, but the circuit court held that this discussion regarding injunctive relief applied equally to his Title IX claim. *Id.* at 670.

Despite this ruling from the appellate court, Defendants state that any harm Plaintiff incurred is impossible to redress via injunctive relief. They note that expungement of the disciplinary record would not change the historical fact that Plaintiff served a suspension. The Court will not deviate from the Seventh Circuit's guidance that a marred disciplinary record is a continuing harm for which injunctive relief in the form of expungement can be sought. Defendants also contend that Plaintiff must allege present or imminent dissemination of his disciplinary record to meet the concrete injury aspect of standing. This, too, runs counter to the holding that the marred disciplinary record itself is a continuing harm.

Defendants also want to cabin the records to be expunged of mention of Plaintiff's suspension to Plaintiff's academic transcript, which they identify as having no notation of the suspension. *Where* the records of the disciplinary process are housed is not so important as the fact that they *exist*. Plaintiff wants expungement of the records of the disciplinary process, and Defendants do not assert that these records do not exist somewhere. Defendants' attempt to make much of the absence of a transcript notation is a mere distraction from the real issue.

Defendants further argue that, because Plaintiff's claim for loss of occupational liberty has been dismissed, Plaintiff must show loss of educational opportunity that can be redressed by injunctive relief. Defendants maintain that Plaintiff, having served his suspension, remains eligible to re-enroll at Purdue, so there is no loss of educational opportunity as a result of his disciplinary record. However, because the disciplinary record itself is a continuing harm, Plaintiff need not connect the expungement request to remedying an imminent harm regarding his properly alleged intention to re-enroll at Purdue.

Defendants also identify that Plaintiff intends to put documents regarding the disciplinary process against him into the trial record. Defendants extrapolate from this that the documents will be a part of the public record and therefore any destruction of Purdue's records would have no effect because the records would exist elsewhere (that is, in the Court's publicly available trial record).

Defendants' argument is unconvincing. While Plaintiff may disclose the records in the course of trial on his claims, expungement of Purdue's records would redress the continuing harm caused by the marred disciplinary record as noted by the Seventh Circuit. A disciplinary record found in the context of evidence presented at a trial on the issue of whether that precise record is the result of a process that violated Title IX is not analogous to that same disciplinary record being presented in the context of a school's records that carry the public's general presumption of accuracy. Defendants' motion fails. Plaintiff has standing for his requested injunctive relief.

## MOTION FOR SURREPLY

Plaintiff sought the Court's leave to file a surreply to the motion. Because the Court resolves the motion to dismiss in Plaintiff's favor on the briefs presented, the Court denies the request as moot.

## CONCLUSION

Based on the above, the Court hereby **DENIES** Defendants' Motion to Dismiss Plaintiff's Title IX Injunctive Relief Claim [DE 273] and **DENIES as moot** Plaintiff John Doe's Application to File Sur-Reply Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Title IX Injunctive Relief, and Sur-Reply Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Title IX Injunctive Relief [DE 318].

SO ORDERED on May 1, 2024.

                                                  s/ Joseph S. Van Bokkelen  
                                                  JOSEPH S. VAN BOKKELEN, JUDGE  
                                                  UNITED STATES DISTRICT COURT