IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| Plaintiff, | ) **CIVIL ACTION** |
| v. | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR.,** in his official capacity as President of Purdue University, **ALYSA CHRISTMAS ROLLOCK**, in her official capacity at Purdue University, **KATHERINE SERMERSHEIM**, in her official capacity at Purdue University, | ) No. 2:17-cv-00033-GSL |
| Defendants. | ) |

## MOTION TO VACATE PSEUDONYM ORDER

Defendants, The Trustees of Purdue University, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, and Katherine Sermersheim ("Defendants"), by counsel, move this Court to vacate the pseudonym relief granted in the Order at ECF No. 26 (the "Pseudonym Order").

In this Title IX suit, Plaintiff obtained leave to proceed by a pseudonym in the case caption and filings, based on an analysis of the framework in *Doe v. Indiana Black Expo*, 923 F. Supp. 137 (S.D. Ind. 1996). Plaintiff's January 24, 2017 brief in support of his request for leave to proceed by pseudonym asserted, "The Seventh Circuit has not laid down a test for determining whether pseudonym status should be granted." ECF No. 3 p. 4. That contention was not accurate then, and the Seventh Circuit has recently held that its long-standing precedents limiting

pseudonym usage apply in Title IX cases. The *Indiana Black Expo* framework, which was never adopted as Circuit precedent, has now been disavowed.

Also, the Pseudonym Order provides for an open courtroom, and Plaintiff has stipulated that he will proceed by his actual name, not a pseudonym, at trial. As a result, an interested public attendee at trial will learn Plaintiff's identity. There is no valid rationale in this case to use a pseudonym for a plaintiff who will be publicly identified in open court at trial.

Although Defendants present this Motion, the caselaw makes plain that Defendants do not have a burden to rebut pseudonym authorization. As detailed below, pseudonym usage is a matter of judicial administration, and the party seeking leave to proceed by pseudonym must show cause for relief from the general requirement that litigants be identified by their actual names.

## BACKGROUND

When filing his Complaint on January 24, 2017, Plaintiff John Doe also filed a *Notice of* Ex Parte *Motion to Proceed Under Pseudonym and for Protective Order*. ECF No. 2. His supporting Memorandum (ECF No. 3), relied upon the framework in *Indiana Black Expo*. Defendants opposed that motion. *See* ECF No. 16.

On May 31, 2017, in an Opinion and Order that also relies upon *Indiana Black Expo*, Magistrate Judge Cherry granted Plaintiff's motion, adding that "[t]he courtroom proceedings will remain open, subject to the least intrusive means possible of protecting the identities of the parties and witnesses." *See* ECF No. 26-1.

The Joint Pretrial Order filed on March 21, 2023, states: "The parties stipulate that Plaintiff John Doe will proceed at trial using his real name and not

– 2 –

using pseudonyms in the courtroom. The parties further stipulate that at trial the parties, counsel, and witnesses may refer to Plaintiff John Doe by his real name in the courtroom." ECF No. 239 p. 18.

### ARGUMENT

### *A. Pseudonym usage is disfavored in Title IX cases, absent "exceptional circumstances".*

Federal Rule of Civil Procedure 10(a) requires the title of a complaint to name the parties. "The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997).

The Seventh Circuit recently issued two opinions on pseudonym usage in a Title IX case. *See Doe v. Trustees of Indiana University*, 101 F.4th 485 (7th Cir. 2024) ("*Indiana University*"); *Doe v. Loyola University Chicago*, 100 F.4th 910 (7th Cir. 2024) ("*Loyola University*"). The opinions confirm that the above-quoted *Doe v. Blue Cross & Blue Shield United* precedent applies to Title IX cases and hold that "Title IX litigation is not an exception to the norm that adult litigants are identified by name." *Indiana University*, 101 F.4th at 493; *Doe v. Loyola University Chicago*, 100 F.4th at 913. The court rejected the argument that "plaintiffs in Title IX suits regularly are allowed to conceal their identities[,]" noting that "the assertion 'this is how things have been done' is not a justification for doing them that way." *Indiana University*, 101 F.4th at 492. Prior Title IX caselaw does "not create an easement

– 3 –

across the norm of using litigants' names." *Id.*, *quoted with approval in Loyola University*, 100 F.4th at 913.[1]

Instead, "[o]nly 'exceptional circumstances' justify the use of a fictitious name for an adult party." *E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019), *cited in Loyola University*, 100 F.4th at 913. The only types of "exceptional circumstances" that might suffice are: the party seeking pseudonym status "is a minor, is at risk of physical harm, or faces improper retaliation (that is, private responses unjustified by the facts as determined in court)." *Indiana University*, 101 F.4th at 493.

Mere risk of embarrassment will not suffice. *Indiana University*, 101 F.4th at 491 ("we have refused to allow plaintiffs to proceed anonymously merely to avoid embarrassment") (internal citation omitted); *Loyola University*, 100 F.4th at 913 ("a desire to keep embarrassing information secret does not justify anonymity"). Thus, where the magistrate judge in the *Indiana University* case found that a plaintiff faced a risk of "stigmatization from the community and the public at large," the Seventh Circuit unequivocally stated that "That will not do" to justify pseudonym status. *Indiana University*, 101 F.4th at 492.

Likewise, a risk of reputational harm is insufficient. *Indiana University*, 101 F.4th at 491 (noting that "every indicted defendant's name is open to the public, despite the reputational harm to a person who is presumed innocent. Someone

---

[1] Plaintiff John Doe's counsel of record, Attorney Byler, was also counsel of record for the Doe plaintiff in the *Indiana University* case. The Seventh Circuit panel's dialog with Attorney Byler at oral argument in the *Indiana University* case is available at media.ca7.uscourts.gov/sound/2022/mm.22-1576.22-1576_10_27_2022.mp3.

charged with a felony may be shunned or encounter trouble finding a job, but a court would not call that 'retaliation' that justifies anonymity.").

The *Loyola University* opinion vividly elaborates:

> Although we recognize that no one wants a college's finding of misconduct broadcast in the pages of the Federal Reporter, a desire to keep bad news confidential, if adequate to justify secrecy, would lead to a norm of anonymity across swaths of civil and criminal litigation. Take a worker who files an age-discrimination suit, only to be met by the response that he had been fired as incompetent. Or consider a criminal defendant charged with crossing state lines to have a sexual encounter with a teenager. If those charges and defenses are made in public, why should college students enjoy a privilege to keep misdeeds secret?

*Loyola University*, 100 F.4th at 913-14.

### B. The Pseudonym Order relied on a disavowed framework.

As detailed above, the prior briefing and decision on pseudonym usage rely upon *Indiana Black Expo*. The Seventh Circuit has rejected that approach, stating that "[t]he magistrate judge's brief opinion mentions a multi-factor approach drawn from opinions of a few district judges, an approach that has not been adopted by this circuit." *Indiana University*, 101 F.4th at 493.[2] Because of that reliance on a now-disavowed approach, the Pseudonym Order lacks a sound legal foundation and should be vacated.

### C. Plaintiff has made no evidentiary showing under the exceptional circumstances for pseudonym usage.

---

[2] The briefing in in *Indiana University* focuses on *Indiana Black Expo*. *See Doe v. Indiana University*, S.D. Ind. Cause No. 1:20-cv-02006 at ECF Nos. 23 (defendants' opposition to plaintiff's motion for pseudonym status) & 25 (plaintiff's reply thereto); *and* 7th Cir. Cause No. 22-1576 at ECF Nos. 65 (plaintiff's supplemental brief on pseudonym status) & 66 (defendants' supplemental brief on pseudonym status).

Here, Plaintiff John Doe has not asserted or made an evidentiary showing that he "is a minor, is at risk of physical harm, or faces improper retaliation (that is, private responses unjustified by the facts as determined in court)." *Indiana University*, 101 F.4th at 493. Such a showing would require "an evidentiary hearing". *Id.* at 492.

## CONCLUSION

For these reasons, Defendants respectfully submit that the Court's grant of permission for pseudonym usage, as stated in Pseudonym Order (ECF No. 26-1), should be vacated.

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (18973-79)
James F. Olds (27989-53)
Scotty N. Teal (35713-53)
Stuart & Branigin LLP
300 Main St., Ste. 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
         jfo@stuartlaw.com
Telephone: 765-423-1561
*Attorneys for Defendants*