**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33- AVB |
| in her official capacity at Purdue University, **KATHERINE** | ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JOHN DOE'S MEMORANDUM OF LAW IN
SUPPORTOF PLAINTIFF JOHN DOE'S MOTION TO PLACE
IN THE TRIAL RECORD DEFENDANTS' ADMISSIONS FROM
DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

Plaintiff John Doe, through counsel, respectfully moves by leave of the Court (DE 315, DE 324), to place in the trial record Defendants' admissions (Ex. A hereto & DE 241-1) from Defendants' Answer (Ex. B hereto, DE 161 & DE 241-2) to the Second Amended Complaint (Ex. C hereto, DE 160, & DE 241-3). Plaintiff John Doe's motion, timely made (DE 315, DE 324), should be granted because admissions in an Answer are binding judicial admissions, are accurately stated in the Admissions document (Ex. A hereto & DE 241-1), and are not subject to evidentiary objections.

As noted in the Motion document, Defendants' admissions are in Exhibit A to this motion, which was DE 241-1 when the motion was originally made on March 30, 2023 (DE 241). Defendants' Answer is Exhibit B to this motion, which is DE 161 in the ECF system and was DE 241-2 when the motion was originally made on March 30, 2023 (DE 241). Plaintiff John Doe's

[1]

Second Amended Complaint is Exhibit C to this motion, which is DE 160 in the ECF filing system

and which was DE 241-3 when the motion was originally made on March 30, 2023 (DE 241).  The

motion was then made because there was not a place in the Pre-Trial Order format for stipulations.

Each Admission in the Admissions document (Ex. A & DE 241-1) has a citation to the

Defendants' Answer (Ex. B & DE 241-2).  For example, Admission 1 in the Admissions document

is as follows:

> Plaintiff John Doe ("John Doe") is a natural person who during the 2015-
> 2016 school year, was a student at Defendant Purdue University ("Purdue") and a
> Navy ROTC midshipman living in Purdue's on-campus residence halls. (Def.
> Answer ¶¶ 4, 82.)

Admission 1 states what Paragraphs 4 and 82 of Defendants' Answer admits. Plaintiff John Doe's

motion grew out of the fact that Judge Kolar's pre-trial order did not have a place for stipulations

of undisputed fact.

## I.    ADMISSIONS IN AN ANSWER ARE BINDING JUDICIAL ADMISSIONS.

The law is well established that admissions in an Answer are binding judicial admissions.

*See, e.g., Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 805 (7th Cir.

2005) ("The City's answer to paragraph 45 of the complaint, admitting that Division Street is a

locally designated highway, constitutes a binding judicial admission."); *Freedom Nat. Bank v. N.*

*Ill. Corp.*, 202 F.2d 601, 605–606 (7th Cir. 1953) ("That which a defendant admits in

his answer is binding upon him until he withdraws the admission by a proper amended or

supplemental pleading. No such amended or supplemental pleading was filed by the defendant in

this case. The plaintiff, therefore, had the right to rely on the defendant's admission. . ."); *Tibbs v.*

*Illinois Admin. Off. of Illinois Cts.,* 149 F. Supp.3d 1015, 1024 (C.D. Ill. 2016), *aff'd sub*

*nom. Tibbs v. Admin. Off. of the Illinois Cts.*, 860 F.3d 502 (7th Cir. 2017)(" The Plaintiff is correct

that a defendant's answer which admits a complaint's allegation constitutes a 'binding judicial

admission.'"); *Fid. Mut. Life Ins. Co. v. Chicago Title & Tr. Co. of Chicago*, No. 92 C 8475, 1994 WL 494897, at *4 (N.D. Ill. Sept. 7, 1994) ("admissions in the pleadings are binding on the parties" even in the face of conflicting evidence in the record); *Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 716 (2010) ("binding effect of a party's admissions in an answer"), citing *American Title Insurance Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir 1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them"); *Munson v. Shearing*, 2017 WL 1862203, at *6 (S.D. Ill. May 9, 2017) ("Defendant's answer to allegation in complaint constituted a binding judicial admission"); *Myers v. City of Chicago*, 2012 WL 4009694, at *2 (N.D. Ill. Sept. 12, 2012) ("[A]dmissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions."); *Missouri Hous. Dev. Comm'n v. Brice,* 919 F.2d 1306, 1315 (8th Cir.1990) (holding admission in answer to be binding even in the face of conflicting evidence in the record).

This case does not involve conflicting evidence, but the point of the above-cited cases is that a response that there is evidence not in accord with the admissions does not matter. If the Defendant has admitted the allegation in the Complaint, that's it -- no further inquiry is called for. Also, no amended or supplemental pleading was filed by Defendants in this case.

## II.    DEFENDANTS INEXCUSABLY DEFAULTED WHEN FAILING TIMELY TO RESPOND TO PLAINTIFF JOHN DOE'S MOTION PER THE RULES.

Plaintiff John Doe's motion to place in the trial record Defendants' admissions from Defendants' Answer (DE 241) was a matter that Judge Kolar raised in the pre-trial conference held on November 8, 2023 (DE 282). Counsel for Plaintiff John Doe responded at that pre-trial conference that the Docket Entries for the case showed no response by Defendants to Plaintiff John Doe's motion to place in the trial record Defendants' admissions from Defendants' Answer, and

that was in fact what the Docket Entries showed.  Plaintiff John Doe's motion was made March

30, 2023. (DE 241.)  Under Local Rule 7-1(d)(3) of the Northern District of Indiana, Defendants'

response was due April 13, 2023.  No response was filed then; none was ever filed until the Court

allowed Defendants to put in a response in November 2023.

Given the long-established and unequivocal law stated in Plaintiff John Doe's motion, there

really did not appear to be a substantive response open to Defendants to oppose the motion.  If

Defendants nevertheless believed there was some defect or answer to Plaintiff John Doe's motion

to place in the trial record Defendants' admissions from their Answer, Defendants were required

by Rule to state what the defect was by April 13, 2023.  But Defendants didn't respond; Defendants

did nothing.  Defendants inexcusably defaulted.

**III.      PLAINTIFF JOHN DOE'S MOTION TO PLACE IN THE TRIAL
RECORD WAS TIMLY MADE AND WAS NOT A MOTION  IN LIMINE.**

Defendants, projecting their own failure as to timeliness, have bizarrely argued that

Plaintiff John Doe's motion was not timely made -- never mind the fact that Defendants defaulted

and that Defendants' response was only by allowance of Judge Kolar seven months after Plaintiff

John Doe's motion was made.

In support of Defendants' meritless timeliness argument, Defendants have speciously

argued that Plaintiff John Doe's motion should be regarded not as a motion to place in the trial

record Defendants' admissions from their Answer, but rather as a motion in limine that should

have been made nine days earlier than Plaintiff John Doe's motion was.  There was no basis and

there is no basis whatsoever for that recharacterization; Defendants' argument is like calling an

apple an orange because it is convenient to Defendants' meritless argument.  When Judge Kolar

addressed the subject of the Admissions motion that had not been responded to by Defendants,

there was no suggestion that it was really a motion in limine, but rather it was treated as an

Admissions motion as to which Judge Kolar gave mercy to Defendants in the sense of allowing Defendants to reply to it.

Plaintiff John Doe's motion to place in the trial record Defendants' admissions from Defendants' Answer to the Second Amended Complaint was not and is not a motion seeking to exclude specific evidence -- which is what a motion in limine is.   Plaintiff John Doe's motion to place in the trial record Defendants' admissions from Defendants' Answer to the Second Amended Complaint is a motion that seeks to hold Defendants to the judicial admissions they made in their Answer.  The consequence of Plaintiff John Doe's motion to place in the trial record Defendants' admissions from their Answer to the Second Amended Complaint is to establish facts, not the exclusion of specific items of evidence.

To elaborate this point, a motion in limine is used to request the court to make a pretrial ruling on the admissibility of evidence or certain legal issues. The purpose of filing an in limine motion is to exclude evidence that may be prejudicial, irrelevant, or otherwise inadmissible before it is presented to the jury or judge during trial. By addressing these issues before trial begins, it helps streamline the trial process and avoid potential distractions or legal complications during the proceedings.  In contrast, an Admissions motion is used to request that certain facts or allegations in a case be deemed admitted by the opposing party. Typically, these are facts that are largely not in dispute or are easily verifiable in the documentary evidence.

Defendants have claimed that "Granting the Motion's proposed relief would render much trial testimony (including Plaintiff John Doe's own testimony) cumulative, redundant, duplicative, and a waste of time, and therefore inadmissible". Not true.  In reality, granting this motion to put Defendants' admissions in the trial record would have an opposite effect and allow a much more

[5]

streamlined trial testimony process by not only saving time but, more importantly, helping the jury's overall understanding of this very nuanced case. Defendants' argument falls flat when considering the fact that presenting admissions to the jury would clarify and accelerate the trial process by focusing basic foundational evidence to one place. There is no omission here, contrary to their claims. Were there any truth to their claim that this would render much trial testimony "cumulative, redundant, duplicative, and a waste of time", Defendants' certainly would have elaborated on this, but they did not.

Defendants' past reliance on three District Court cases does not support Defendants' opposition to the Admissions (Ex. A, DE 241-1) going into the trial record. *Pryor v. Corrigan*, No. 17-cv-1968, 2023 WL 1100436, 2023 U.S. Dist. LEXIS 15122 (N.D. Ill. Jan. 30, 2023), discusses motions in limine in general, but does not even address treating a motion to place admissions in the trial record as equivalent to a motion in limine and does not so rule. *Valdez v. Lowry*, No. 18 CV 5434, 2021 WL 5769533, 2021 U.S. Dist. LEXIS 232315, at *36 (N.D. Ill. Dec. 5, 2021), discusses the motions in limine in that case, but again does not even address treating a motion to place admissions in the trial record as equivalent to a motion in limine and does not so rule. *Aitken v. Debt Mgmt. Partners, LLC*, No. 1:12-cv-01511-JEH, 2015 WL 433508, 2015 U.S. Dist. LEXIS 11642, at *4-6 (C.D. Ill. Feb. 2, 2015), discusses the motions in limine in that case, but yet again does not even address treating a motion to place admissions in the trial record as equivalent to a motion in limine and does not so rule. In fact, there is no case law supporting the notion that an admissions motion is really a motion *in limine*.

## IV.    DEFENDANTS CAN NOT CLAIM EVIDENTIARY OBJECTIONS TO AVOID THEIR ADMISSIONS.

Defendants have argued that judicial admissions are not evidence and that Defendants can avoid their admissions by claiming evidentiary objections. That is simply not the law. Defendants

[6]

are bound by their admissions. Defendants are confusing the rules of evidence, such as FRE 401 and FRE 403 and which govern the admissibility of testimony and documents, with the situation of admissions, which pre-empts the question of whether testimony and documents satisfy the rules of evidence in the first place. The relevant law was set forth in Plaintiff John Doe's original motion (DE 241, pp. 1-2) and is again set forth above (pp. 1-2): "The law is well established and unequivocal that admissions in an Answer are binding judicial admissions." Just the first three citations in Plaintiff John Doe's motion illustrate the point: *Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 805 (7th Cir. 2005) ('The City's answer to paragraph 45 of the complaint, admitting that Division Street is a locally designated highway, constitutes a binding judicial "'admission.'"); *Freedom Nat. Bank v. N. Ill. Corp.*, 202 F.2d 601, 605–606 (7th Cir. 1953) ('That which a defendant admits in his answer is binding upon him until he withdraws the admission by a proper amended or supplemental pleading. No such amended or supplemental pleading was filed by the defendant in this case."; ."); *Tibbs v. Illinois Admin. Off. of Illinois Cts.*, 149 F. Supp.3d 1015, 1024 (C.D. Ill. 2016), *aff'd sub nom. Tibbs v. Admin. Off. of the Illinois Cts.*, 860 F.3d 502 (7th Cir. 2017)(" The Plaintiff is correct that a defendant's answer which admits a complaint's allegation constitutes a 'binding judicial admission.'").

Plaintiff John Doe, therefore, has the right to rely on the Defendant's admissions. Defendants' effort to invoke hearsay, for example, is entirely misplaced in the context of pleadings. Defendants' notion they can walk away from binding judicial admissions by claiming evidentiary issues is not part of the law. The time for taking issue with allegations of the Complaint was in the Answer. Defendants do not like how the Admissions Motion makes them look and are now trying to avoid responsibility for their actions shown in the facts .

[7]

## V.    THE STATEMENTS IN THE ADMISSIONS DOCUMENT (EX. A & DE 241-1) ARE IN DEFENDANTS' ANSWER.

Defendants have argued that many of the statements in the Admissions are not in Defendants' Answer.  That is simply not true.  The incomplete chart provided by Defendants is but a distraction intended to confuse and muddy the waters. But even Defendant's chart, when analyzed, corroborates the Admissions document (Ex. A & DE 241-1).  Defendants' incomplete chart shows that Defendants' Answer (Ex. B to this Motion & DE 241-2) admitted to the allegation of Plaintiff John Doe's Second Amended Complaint (Ex. C to this Motion & DE 241-3), and the Admissions document (Ex. A to this Motion & DE 241-1) states to what was admitted. Notably, Defendants' document is titled "Purdue's Response to Motion to Admit Pleadings", not "Purdue's Response to Motion in Limine."

Defendants have asserted that the Answer "qualified" its admissions, but Defendants did not do so.  When Defendants admitted an allegation of Plaintiff John Doe's Second Amended Complaint, Defendants admitted it -- period.  Nor does the admissions document (Ex. A, DE 241-1) modify the meaning of the Defendants' admissions.  The Admissions document (Ex. A, DE 241-1) accurately states what Defendants have admitted.  This point can be checked by checking the citations in the Admissions document.  The Admissions document, totaling 51 paragraphs, takes information from Defendants' 144-paragraph Answer (due to a numbering error in the Second Amended Complaint the numbering reads up to 155 but is in reality 144)..  Defendants have also complained that the admissions include what John Doe said to Defendants' personnel, but what John Doe said to Defendants' personnel is an appropriate subject for admission and is highly relevant.

Below is a simplified breakdown of ALL Defendants' admissions, which can be easily cross-referenced with the corresponding paragraph numbers in Defendants' Answer (Ex. B & DE

[8]

241-2). For the sake of more easily following the different admissions they reference, we have their admissions broken into three categories.

Completely Admitted (20):

5, 6, 13, 14, 27, 28, 29, 30, 33, 48, 52, 53, 54, 70, 71, 74, 79, 85, 116, 117

Paragraphs with some sentences admitted and some sentences denied (50):

1, 2, 4, 7, 8, 9, 10, 12, 15, 16, 19, 23, 24, 25, 26, 31, 36, 37, 38, 39, 41, 43, 4 4, 45, 46, 47, 56, 60, 73, 76, 77, 78, 80, 81, 82, 84, 86, 87, 88, 89, 90, 95, 97, 98, 99, 110, 118, 120, 131, 132

John Doe Testimony Admissions (14):

32, 34, 35, 40, 49, 50, 51, 62, 63, 64, 65, 66, 67, 68

Defendants did not admit to any part of 60 out of 144 paragraphs in the Second Amended Complaint, but Plaintiff John Doe does not rely in any way on those denied paragraphs here. They admitted all or parts of 84 out of 144 paragraphs – over half of the Second Amended Complaint.

All of Defendants' admissions are fair game; denied portions are obviously not fair game. For paragraphs that are partially admitted, the admitted portions are just as equal as the other admissions. There is no legal or reasonable basis to think otherwise, or Defendants would have done more than just posture on the issue. In regards to the 14 John Doe testimony admissions, Defendants admitted that the statements were made, and value lies in that simple acknowledgement. The whole concept of admissions is rather black and white, yet Defendants attempt to blur the lines several different ways in order to avoid the effect of admissions.

[9]

## CONCLUSION

For the reasons stated above, the Court should grant Plaintiff's motion to place in the trial record Defendants' admissions from Defendants' Answer, and the Court should order such further and other relief as the Court deems just and proper.

**Dated: June 28, 2024**

> **Respectfully submitted,**
> **LAW OFFICES OF PHILIP A. BYLER**
> **By: /s/** *Philip A. Byler*
> **Philip A. Byler, Esq.**
> **11 Broadview Drive**
> **Huntington, New York 11743**
> **(631) 848-5175**
> *Attorneys for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

The undersigned certifies that this document and the exhibits ren ferred to hereiwas served upon the attorneys of record for each party to the above-entitled cause at the address shown below on June 28, 2024:

William P. Kealey, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
*Attorneys for Defendants*

BY:  ☐ U.S. Mail   ☐ Federal Express

☐ Hand-Delivery   x   Other: ECF

_____ *Philip A. Byler, Esq.* _____

[10]

Philip A. Byler, Esq.