IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| Plaintiff, | ) **CIVIL ACTION** <br> ) |
| v. | ) <br> ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR.,** in his official capacity as President of Purdue University, **ALYSA CHRISTMAS ROLLOCK**, in her official capacity at Purdue University, **KATHERINE SERMERSHEIM**, in her official capacity at Purdue University, | ) <br> ) <br> ) <br> ) No. 2:17-cv-33-GSL <br> ) <br> ) <br> ) <br> ) |
| Defendants. | |

**PURDUE UNIVERSITY'S MOTION TO SEPARATE
LIABILITY AND DAMAGE ISSUES FOR TRIAL**

Defendant, The Trustees of Purdue University ("Purdue"), by counsel, moves pursuant to Federal Rule of Civil Procedure 42(b) to separate the trial of liability and damage issues. Pursuant to DE 315, this is a renewal of DE 284.

1. The only claim for trial is Plaintiff's Title IX claim. As analyzed in the Court's summary judgment ruling, that claim requires Plaintiff to show "sex discrimination was a motivating factor in John's suspension." DE 206 p. 23.

2. As stated in *Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, No. 11-cv-8808, 2023 U.S. Dist. LEXIS 140025, at *13-14 (N.D. Ill. Aug. 11, 2023): "[Rule 42(b)] permits district courts to bifurcate the liability and damages phases of a trial. *See Fetzer v. Wal-Mart Stores, Inc.*, 2016 U.S. Dist. LEXIS 160770, 2016 WL 6833912, at *6 (N.D. Ill. 2016); 9A Charles Alan Wright & Arthur R. Miller, Federal

1

Practice and Procedure, at § 2390 (3d ed. Apr. 2023 update) ('The separation of issues of liability from those relating to damages is an obvious use for Federal Rule 42(b).')"

    3.    As further summarized in the *Kraft Foods* opinion:

> The Seventh Circuit has developed a three-part test to determine whether to bifurcate issues for trial. "First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy." *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). A district court needs to find only that one of these criteria — avoiding prejudice, or promoting judicial economy — is met to grant a motion to bifurcate. *See Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007). "Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. Finally, separate trials must not be granted if doing so would violate the Seventh Amendment." *Houseman*, 171 F.3d at 1121 (citation omitted).
>
> Applying this test requires the court to "balance considerations of convenience, economy, expedition, and prejudice, depending on the peculiar facts and circumstances of each case." *See Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) . . .. Given the wide range of case-specific factors, "determining whether to bifurcate [issues] is a fact-intensive determination over which the Court has considerable discretion." *Est. of Loury ex rel. Hudson v. City of Chicago*, 2020 U.S. Dist. LEXIS 53475, 2020 WL 1491141, at *1 (N.D. Ill. 2020); *see also Volkman v. Ryker*, 736 F.3d 1084, 1089 (7th Cir. 2013) ("A district court's decision to bifurcate or to hold separate trials is reviewable for an abuse of discretion.").

*Id.* at *14-15.

    4.    Bifurcation would promote judicial economy for the Court and jury. At the telephonic conference on June 13, 2024, Plaintiff's counsel stated his belief that trial will require two weeks. DE 324. Bifurcation would ensure that the liability determination is complete by the end of the first week of trial. In the event of a defense verdict on liability, bifurcation would spare the Court and jury the burden of hearing evidence on damages.

2

5.  In the parties' proposed Joint Final Pretrial Order filed on March 21, 2023 (DE 239), Plaintiff's contentions are separated by liability (sections E.1.a-c) and damages (section E.1.d). Section E.1.d states that Plaintiff's damage claim focuses on "Navy ROTC disenrollment". The Seventh Circuit decision in this case spotlights that Plaintiff's Navy ROTC disenrollment allegation concerns the alleged "result" of Purdue's disciplinary decision, not the decision itself: "As a result of that decision, John was expelled from the Navy ROTC program, which terminated both his ROTC scholarship and plan to pursue a career in the Navy." *Doe v. Purdue Univ.*, 928 F.3d 652, 656 (7th Cir. 2019). Because Plaintiff's damage evidence centers on that alleged "result", that evidence can wait until after the jury determines whether "sex discrimination was a motivating factor in John's suspension." DE 206 p. 23.

For these reasons, Purdue respectfully moves the Court to separate the liability and damage issues at the trial of Plaintiff's Title IX claim.

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (18973-79)
James F. Olds (27989-53)
Scott N. Teal (35713-53)
Stuart & Branigin LLP
300 Main St., Ste. 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
      jfo@stuartlaw.com
Telephone: 765-423-1561
*Attorneys for Defendants*

3