IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) | |
| **DANIELS, JR.**, in his official capacity as President of | ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) | No. 2:17-cv-33-GL |
| in her official capacity at Purdue University, **KATHERINE** | ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JOHN DOE'S MEMORANDUM OF LAW IN RESPONSE
TO DEFENDANTS' MOTION TO VACATE PSEUDONYMITY OR0DER**

   Plaintiff John Doe, through counsel, respectfully submits this Memorandum of Law to address Defendants' motion to vacate the pseudonymity order that was entered earlier in this case on May 31, 2017, *Doe v. Purdue*, 321 F.R.D. 339 (N.D. Ind. 2017) (Cherry, M.J..).  Defendants' motion does not inform the Court of (I) how the relatively recent decision of *Doe v Trustees of Indiana. University*, 101 F.4th 485 (7th Cir. 2024) ("*Doe v. IU*"), has created a split of authority concerning the use of pseudonymity in Title IX/due process/breach of contract cases arising out of university sexual misconduct proceedings; (II) what was the sound reasoning of the Magistrate Judge granting pseudonymity in this case; and (III) why pseudonymity has been important in this case.

**I.    THE RECENT DOE v, IU DECISION AND THE SPLIT IN AUTHORITY**

   Defendants rely upon *Doe v. IU* to vacate the pseudonym order in this case. Counsel for Plaintiff John Doe in this case does not agree with the ruling in *Doe v.*

[1]

*IU*, but it does justify Defendants' motion. The problem with Defendants' presentation is that it miscasts what was and, outside the Seventh Circuit, still is the prevailing application of pseudonymity in Title IX/due process/breach of contract cases arising out of university sexual misconduct proceedings. The *Doe v. IU* decision was issued a little over two months ago.

The case was before the Seventh Circuit Court because the District Court had granted the University Defendants' motion for summary judgment dismissing the Title IX and due process claims, 577 F.Supp.3ed 896 (S.D. Ind. 2022). Earlier in the case, though, the Magistrate Judge for the District Court granted the Plaintiff's motion for pseudonymity. Citing the Seventh Circuit's opinion in *Doe v. City of Chicago*, 360 F.3d at 669-670, the Magistrate Judge recognized that the "Court has 'an independent duty' to determine whether 'exceptional circumstances' exist to justify a departure from the typical method of proceeding under a party's real name." (ECF 13, p. 2.) The Magistrate Judge further recognized the five factors enumerated in *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. at 140, for determining whether pseudonymity was appropriate and, citing *EW v. New York Blood Center*, 31 F.R.D. 108, 111 (E.D.N.Y. 2003), added a sixth factor of the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. (ECF 13, pp. 2-3.)

The Magistrate Judge applied the stated six factors to rule that pseudonymity for John Doe and Jane Roe was proper in that case: (i) John Doe's allegations claiming violations of due process and Title IX challenge government activity because Indiana University is a public institution of higher education; (ii) the litigation requires disclosure of information of utmost intimacy, including John Doe's and Jane Roe's sexual activity, Jane Roe's allegations and the details of the University findings; (iii) the factor of possibly admitting to illegal activity was not involved in this case; (iv) John Doe would be exposed to harassment and stigmatization from the community and the public at large and his future academic and

[2]

career prospects may be destroyed by the discovery of a;;eged dating violence; (v) Defendants were aware of John Doe's and Jane Roe's true identities, will have an unobstructed opportunity to conduct discovery, and thus are not prejudiced by John Doe and Jane Roe proceeding under pseudonyms; and (vi) the record in the case would not be sealed, the legal and procedural rulings in the case would remain a matter of public record, the actual identities of John Doe and Jane Roe would be of minimal value to the public. (ECF 13, pp. 3-5.)

The Seventh Circuit affirmed summary judgment as to the Title IX claim, but reversed the grant of summary judgment on the due process claim. The Seventh Circuit also *sua sponte* vacated the order of pseudonymity, finding it an abuse of discretion (notwithstanding the reasoner application of six factors supporting pseudonymity) because the Plaintiff John Doe and the Jane Roe in *Doe v. IU* were not minors and there was no threat of physical harm or retaliation. · The Seventh Circuit "gave" the Plaintiff John Doe in *Doe v. IU* the option of withdrawing the lawsuit and keeping his name secret or electing to continue with the lawsuit and disclosing to the public Plaintiff's true name, at which point the District Court would decide what remedy is appropriate for the denial of due process in Dean Hess's failure to allow Plaintiff John Doe in *Doe v. IU* to present his position before expelling Plaintiff. 2024 WL 1824967 at 10.

The Seventh Circuit's decision on pseudonymity has created a split of authority with respect to pseudonymity in cases arising out of university sexual misconduct proceedings. Ini *Doe v. MIT*, 46 F.4th 61 (1st Cir. 2022) (Selya, J.), an appeal that counsel for Plaintiff in this case briefed and orally argued to the First Circuit, the First Circuit articulated a four-part test, reversing the denial of the use of a pseudonym by a student seeking to challenge a university sexual misconduct finding and sanction. On remand, the District Judge in *Doe v. MIT*, 2022 WL

16554725 (D. Mass. Oct. 31, 2022), entered an order provisionally granting pseudonym status with the admonition that the pseudonym status would not likely be continued at trial.

This is consistent with other cases where pseudonymity was granted in cases arising out of university sexual misconduct proceedings *Doe v. Colgate*, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) (pseudonym treatment granted, over the school's opposition, by applying the Second Circuit non-exclusive list of factors and ruling they weighed in favor of granting pseudonym status); *Doe v. Trustees of Dartmouth College*, 2018 WL 2048385 (D.N.H. May 2, 2018), (pseudonym motion granted an uncontested motion applying Third Circuit non-exhaustive nine-factor balancing test articulated in *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011), to determine whether the plaintiff may proceed under a pseudonym); *Doe 1 v. George Washington University*, 369 F.Supp.3d 49 (D.D.C. 2019) (sensitive information, no prejudice to university defendants).

## II.   THE MAGISTRATE JUDGE'S DECISION IN THIS CASE GRANTING PSEUDONYMITY.

The case name *Doe v. Purdue*, 928 F.3d 652 (7th Cir. 2019), is typically associated with the opinion of then Judge (now Justice) Amy Coney Barrett for the Seventh Circuit panel upholding a Complaint brought by a "John Doe" asserting due process and Title IX claims. At the outset of that case, there was a contested motion brought by the "John Doe" in that case seeking pseudonym status for himself and for the university complainant.  The Purdue Defendants opposed the motion for pseudonym status for the students, but the U.S. Magistrate Judge granted the pseudonym motion in the context of a Title IX/due process case for reasons that are informative. *Doe v. Purdue,* 321 F.R.D. 339. The analysis the Magistrate Judge did was quite reasoned.

### A.   Recognition of Prior Seventh Circuit Requirements for Pseudonymity.

The Magistrate Judge began the analysis with the recognition of Rule 10 of the Federal Rules of Civil Procedure requiring the caption to include the names of all parties and that this

[4]

Court disfavors the use of fictitious names and insists that a judge has an independent duty to determine whether exceptional circumstances exist, citing *Doe v. Blue Cross & Blue Shield* for the rule and *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp.137 (S.D. Ind. 1996), for the recognition there are circumstances when a fictitious name is permitted. The Magistrate Judge further noted that this Court has stated that a party using a pseudonym under the presumption that the parties' identities are public information and possible prejudice to the opposing party by showing the harm to the party using a pseudonym exceeds the likely harm from concealment, citing *Doe v. City of Chicago*. The Magistrate Judge recognized that the decision on pseudonymity was within the discretion of the District Court, citing *K.F.P. v. Dane County*.

The Magistrate Judge noted that the Seventh Circuit "has not articulated a test or elements for determining when exceptional circumstances exist to justify allowing a party to proceed under a pseudonym." 321 F.R.D. at 341. The Magistrate Judge thus turned to the five-factor test articulated by the Southern District of Indiana in *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. at 140. That case was an employment discrimination suit in which the plaintiff sought unsuccessfully to use a pseudonym due to substance abuse and mental health hospitalization, but the case did provide an opportunity for the Southern District of Indiana District Court to articulate an analytical framework for pseudonymity that was used by the Magistrate Judge in this case and in *Doe v. Purdue*: (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit to his or her intention to engage in illegal activity, there by risking criminal prosecution; (4) whether the plaintiff would risk injury of identified; and (5) whether the party defending against the suit brought under a pseudonym would be prejudiced. 923 F.R.D. at 341.

Defendants can call this multi-factor test disfavored but it was not disfavored before *Doe . IU* and it leads to reasoned decision-making.

The Magistrate Judge noted a similar test in the Second Circuit's *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d at 189-190. The Magistrate Judge read *Doe v. Elmbrook School District* to cite *Sealed Plaintiff v. Sealed Defendant # 1* with approval and noted that the *Sealed Plaintiff* case also considered whether the injury litigated against would be incurred as a result of the disclosure and whether the information has thus far been kept confidential.

B. **Application of Factors For Consideration As To Pseudonymity.**

The Magistrate Judge looked at the factors drawn from *Doe v. Indiana Black Expo, Inc.* and *Sealed Plaintiff* and concluded that in the circumstances of the case, the plaintiff's interest in privacy outweighed a public interest in knowing the identities of litigants and pseudonym treatment was justified. These same factors are present in this case.

1. **Challenge To Government Activity.**

Plaintiff John Doe argued that he was challenging government activity because he was suing a public institution, and the Magistrate Judge credited this factor to proceeding pseudonymously. 321 F.R.D. at 341-342.

2. **"Information of the Utmost Intimacy".**

The Court stated, 321 F.R.D. at 342, as to the factor of "information of the utmost intimacy":

> [T]his litigation requires the disclosure of "information of the utmost intimacy," as demonstrated by the details set out in the Complaint, including information regarding Plaintiff's and Jane Doe's sexual relationship, Jane Doe's allegations of sexual misconduct, and the details of the University's findings. Other courts have permitted plaintiffs alleging similar claims against colleges and universities to proceed anonymously. *See, e.g.*, *John Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016) (ruling on a motion to dismiss under Rule 12(b)(6) and acknowledging, but not analyzing, that the plaintiff is proceeding by pseudonym); *Doe v. Brown Univ.*, 210 F.Supp.3d 310 (D.R.I. 2016) (acknowledging the prior grant of a motion to proceed pseudonymously); *Doe v. Colgate Univ.*, No. 5:15-CV-1069, 2016 WL

1448829 (N.D.N.Y. Apr. 12, 2016) (granting plaintiff's motion to proceed under pseudonym after balancing the factors set out in *Sealed Plaintiff*, 537 F.3d at 188–89); *Doe v. Washington & Lee Univ.*, No. 14CV52, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015) (ruling on a motion to dismiss under Rule 12(b)(6) and acknowledging, but not analyzing, that the plaintiff is proceeding by pseudonym); *Doe v. Univ. of Massachusetts–Amherst*, No. 14-30143, 2015 WL 4306521, at *5 (D. Mass. July 14, 2015) (same); *Doe v. Salisbury Univ.*, JKB–1403853, 2015 WL 3478134 (D. Md. June 2, 2015) (same); *Doe v. Univ. of S. Florida Bd. of Trs.*, No. 8:15-CV-682, 2015 WL 3453753 (M.D. Fla. May 29, 2015) (same); *Doe v. Univ. of Montana*, No. CV 12-77, 2012 WL 2416481 (D. Mont. June 26, 2012) (unsealing the case but maintaining plaintiff and accuser's anonymity through the use of pseudonyms, finding "that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names"); *Doe v. Univ. of the South*, 687 F.Supp.2d 744, 764 (E.D. Tenn. 2009) (overruling, without substantive analysis, the defendant's objection to the Magistrate Judge's granting of the Plaintiff's motion to proceed under pseudonyms).

Defendants counter that "Plaintiff's prolix complaint freely discloses much intimate information, including . . . history of intercourse . . . [and] anatomic and other details of sexual and social contacts." (ECF 16, p. 3). It is unclear how this lessens the importance of this factor. If anything, the details in the Complaint, which Plaintiff argues are necessary for him to state a claim, strengthen the argument that highly sensitive and personal details of an intimate nature will be at issue in this case. This second factor weighs in favor of allowing Plaintiff to proceed under a pseudonym.

### 3. <u>Injury From Identification When Seeking To Clear Name.</u>

The Court stated, 321 F.R.D. at 342-343, as to the injury from identification when seeking vindication:

> [T]he Court considers whether Plaintiff would risk suffering injury if identified, which is related to the factor considered by the Second Circuit Court of Appeals of whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. This factor also weighs in Plaintiff's favor. If Plaintiff's identity is revealed, Plaintiff would suffer the very harm to his reputation that he seeks to remedy by bringing this lawsuit; in other words, if Plaintiff is successful in proving that the charges of sexual misconduct against him were unfounded and that Defendants' procedures violated his due process rights, the revelation of Plaintiff's identity "would further exacerbate the emotional and reputational injuries he alleges." *Colgate Univ.*, 2016 WL 1448829, at *3. As the court in *Colgate University* reasoned:

> The rise of sexual assaults on college campuses is a troubling epidemic, however, in addressing this epidemic, courts have a duty to ensure that "[e]ach case must be decided on its own merits, according to its own facts. If a college student is to be marked for life as a sexual predator, it is reasonable to require that he be provided a fair opportunity to defend himself and an impartial arbiter to make that decision." The Court finds that forcing Plaintiff to reveal his identity would not advance any aspect of the litigation but instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention. The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations. *Id.* (citing *Doe v. Brandeis Univ.*, 177 F.Supp.3d 561, 573 (D. Mass. 2016)). The nature of the internet in present society also makes case-related information associated with an individual's name accessible.

**4. Lack of Prejudice To Defendants.**

Another factor discussed by the Magistrate Judge in *Doe v. Purdue,* 321 F.R.D. at 343, is that the Purdue University defendants would not be impeded in their defense from allowing the plaintiff in that case to proceed under a pseudonym.

**5. Plaintiff's Identity Kept Confidential.**

A further factor cited and discussed by the Magistrate Judge in *Doe v. Purdue,* 321 F.R.D. at 343, is that the "Plaintiff's identity has thus far been kept confidential." The Magistrate Judge considered the submission of information by the plaintiff in that case to the university in the course of the disciplinary case, but that submission was not considered to have compromised plaintiff's actual identity.

**6. Open Proceedings: Actual Identities of Plaintiff and Accuser of Minimal Value to the Public.**

A final consideration that was discussed by the Magistrate Judge in *Doe v. Purdue,* 321 F.R.D. at 343 (emphasis added), is that:

the public interest will continue to be served as the record in this case will not be sealed and the legal and procedural rulings in this case will remain a matter of public record. The courtroom proceedings will remain open, subject to the least intrusive means possible of protecting the identities of the parties and witnesses. *The actual identities of Plaintiff and his accuser are of minimal value to the public.*

**7. *Doe v. Purdue* Conclusion.**

The Magistrate Judge's conclusion, 321 F.R.D. at 343, was:

> Having balanced the factors, the Court finds that Plaintiff has overcome the strong presumption in favor of requiring a litigant's name to be a matter of public record by showing that the harm to Plaintiff exceeds the likely harm from concealment.

*See Doe v. Purdue*, 19-CV- 56, 2019 WL 3887165 (N.D. Ind. Aug. 19, 2019) (pseudonym use allowed in another Title IX/due process case against Purdue, employing the multi-factor test in *Doe v. Purdue*, 321 F.R.D. 339).

**III.  WHY PSEUDONYMITY HAS BEEN IMPORTANT IN THIS CASE.**

Thr order of pseudonymity was entered in this case for the protection of both Jane Roe and John Doe.

It has protected university complainant Jane Roe, who never testified. and who has appeared poorly in the evidentiary record; it was she who initiated the sexual relationship with Plaintiff John Doe, taking his virginity and engaging in wild behavior (DE 189-8, Aff. ¶¶ 4-7.)

It has protected Plaintiff John Doe, who has testified under oath numerous times and who was subjected to scorched earth discovery; his post-Purdue social media posts were demanded by Defendants, who never used any of it in the summary judgment papers, and his records with his mental health counselor (who was deposed by Defendants at the insistence of Purdue and by Order of Judge Kolar who ruled HIPAA did not apply to his mental health counseling, even though Plaintiff John and his mental health counselor thought HIPAA)  -- the testimony from the mental

[9]

health counselor was very helpful to Plaintiff John Doe but still the mental health records were not appropriate for public airing.

The parties have filed a Joint Pre-Trial Order that allows for use of real names during the trial but maintain pseudonymity in the public docket. (DE 239, p. 18.) That provision is a sensible one given the case law. So, why are Defendants so intent on vacating what has protected both Jane Roe and John Doe?

## **CONCLUSION**

For the reasons stated above, the Court should have trial proceed per the provision in the Pre-Trial Order governing pseudonymity, and the Court should order such further and other relief as the Court deems just and proper.

**Dated: July 10, 2024**

                    **Respectfully submitted,**
                    **LAW OFFICES OF PHILIP A. BYLER**
                    **By:** /s/ *Philip A. Byler*
                    **Philip A. Byler, Esq.**
                    **11 Broadview Drive**
                    **Huntington, New York 11743**
                    **(631) 848-5175**
                    pbyler1976@gmail.com
                    *Attorneys for Plaintiff John Doe*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on July 10, 2024:

William P. Kealey, Esq.
James Olds, Esq.
Scotty Teal, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com

*Attorneys for Defendants*

BY: ECF

                                                **By: /s/** *Philip A. Byler*
                                                       **Philip A. Byler, Esq.**