IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | **CIVIL ACTION** |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** ) | |
| **DANIELS, JR.**, in his official capacity as President of ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, ) | No. 2:17-cv-33-GL |
| in her official capacity at Purdue University, **KATHERINE** ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
BIFURCATE LIABILITY AND REMEDY ISSUES OF TRIAL**

Plaintiff John Doe submits this Memorandum of Law in opposition to Defendant Purdue's motion to bifurcate liability and remedy issues of this case. Defendants' motion should be denied.

**I,**   ***Kraft Foods Glob. Inc. v. United Egg Producers, Inc.*, Is Highly Inapposite.**

The first case relied upon by Defendants, *Kraft Foods Glob. Inc. v. United Egg Producers, Inc.*, 2023 WL 5177501. 2023 U.S. Dist. LEX1S 40025 (N.D. Ill. Aug. 11, 2023)., is highly inapposite. There, bifurcation was ordered in a case involving an antitrust claim brought by four major food producers (Kraft, Kellogg, General Mills and Nestle USA) against major egg producers for conspiring to restrict the supply of eggs. It was a claim that had spawned a number of multi-district litigations. *Kraft Foods* acknowledged that "bifurcation remains the exception, not the rule" and recognized the three factors identified by the Seventh Circuit in *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999), for determining bifurcation. The decision whether to bifurcate in *Kraft Foods*, though, was dictated by the fact that *Kraft Foods* was an

[1]

antitrust case which that Court said made for a strong case for bifurcation, citing Seventh Circuit pronouncements favoring bifurcation in antitrust cases. *Kraft Foods*, 2023 WL 5177501 at *10-11.

## II.    Defendants Do Not Rely Upon Any Title IX/Due Proceed Cases For Bifurcation.

While relying upon highly inapposite antitrust case law, notably missing from Defendants' argument is any reference to Title IX/due process cases in which bifurcation was ordered.   There is no history of bifurcation in Title IX cases.

## III.    Application of *Houseman* Is Against Bifurcation.

As noted above, the Seventh Circuit in *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999), identified factors for determining bifurcation.  Defendants' effort to rely upon *Houseman* factors fails. Application of *Houseman* results in ruling against bifurcation.

The first *Houseman* factor is whether separate trials on liability and remedy would avoid prejudice to a party or promote judicial economy, *Houseman v. U.S. Aviation Underwriters*, 171 F.3d at 1121; *Kraft Foods*, 2023 WL 5177501 at *5.

Defendants cannot reasonably argue that it would be prejudiced by having to stand trial for injunctive relief because the Seventh Circuit decision in this case, *Doe v. Purdue*, 928 F.3d 652, 670 (7th Cir. 2019), which after ruling for Plaintiff John Doe, directed the District Court to consider expungement on remand (which applies as well to Title IX), 928 F.3d at 666-670, and Defendants' motion to dismiss the injunctive relief has been denied.  (DE 320.)

Defendants' judicial economy. argument is premised upon the possibility there might be a defense verdict.  Defendants argue that if the jury determines liability, the jury won't have to deal with remedy issues.  Bifurcation, however, cannot be based upon one side, the defense, prevailing.

[2]

Defendants completely ignore the second *Houseman* factor – no unfair prejudice to the non-moving party (here, John Doe). *Houseman v. U.S. Aviation Underwriters*, 171 F.3d at 1121; *Kraft Foods*, 2023 WL 5177501 at *5. Bifurcation here would require re-presenting the evidence relating to liability in order to address adequately injunctive and monetary remedies, and that would not promote judicial economy but would prejudice Plaintiff John Doe. Notably, Defendants do not provide a neat dividing line between evidence for liability and evidence for relief, which more typically exists in antitrust cases.

A third *Houseman* factor, the need to present evidence to separate juries concerning at least monetary relief, so as to stay consistent with the Seventh Amendment right to a jury trial, also weighs against bifurcation, as the interest of judicial economy would certainly not be served by the need to have two separate juries.

**IV.    The Evidence Relating To the Navy's Reliance Upon Purdue's Investigation and (Erroneous) Disciplinary Sanction Does Not Argue For Bifurcation.**

Defendants argue for bifurcation because of Plaintiff John Doe's intention to introduce into evidence the Navy testimony (such as Commander Hutton's) that established it was solely the Purdue suspension that resulted in Plaintiff John Doe's disenrollment from Navy ROTC and the loss of the Navy ROTC scholarship. Defendants' argument is without merit and does not justify bifurcation. Defendants ignore, among other things, that throughout this case, Defendants have argued, erroneously, that the Navy did its own investigation (which it didn't) in order to shift the blame over to the Navy. Further, Defendants' desire to keep evidence of the Navy's reliance upon Purdue's flawed investigation and wrongful suspension is all the more reason to not bifurcate.

## CONCLUSION

For the reasons stated above, the Court should deny Defendant Purdue's motion to bifurcate liability and remedy issues of this case, and the Court should order such further and other relief as the Court deems just and proper.

**Dated:  July 11, 2024**

                **Respectfully submitted,**
                **LAW OFFICES OF PHILIP A. BYLER**
                **By: /s/ *Philip A. Byler***
                **Philip A. Byler, Esq.**
                **11 Broadview Drive**
                **Huntington, New York 11743**
                **(631) 848-5175**
                pbyler1976@gmail.com
                *Attorneys for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on July 11. 2024:

William P. Kealey, Esq.
James Olds, Esq.
Scotty Teal, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com

*Attorneys for Defendants*

BY: ECF

                **By: /s/ *Philip A. Byler***