IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** <br><br> Plaintiff, <br><br> v. <br><br> **PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR.,** in his official capacity as President of Purdue University, **ALYSA CHRISTMAS ROLLOCK**, in her official capacity at Purdue University, **KATHERINE SERMERSHEIM**, in her official capacity at Purdue University, <br><br> Defendants. | **CIVIL ACTION** <br><br> No. 2:17-cv-00033-GSL |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO VACATE PSEUDONYM ORDER

Defendants, The Trustees of Purdue University, Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, and Katherine Sermersheim ("Defendants"), by counsel, reply to Plaintiff's Response (DE 333) to Defendants' Motion to Vacate (DE 327) the pseudonym relief granted in the Order at DE 26 (the "Pseudonym Order").

The Response does not argue that this Court should deny the Motion.

The Response does not make any offer of proof under the criteria required by *Doe v. Trustees of Indiana University*, 101 F.4th 485 (7th Cir. 2024) ("*Indiana University*") and *Doe v. Loyola University Chicago*, 100 F.4th 910 (7th Cir. 2024) ("*Loyola University*") for pseudonym usage in this Title IX case. The Response does not contend that Plaintiff "is a minor, is at risk of physical harm, or faces improper retaliation (that is, private responses unjustified by the facts as determined in

court)." *Indiana University*, 101 F.4th at 493. As a result, Plaintiff has defaulted his burden to show cause for the required evidentiary hearing under those criteria. Under those 2024 opinions, the Pseudonym Order must be vacated. In turn, vacation of the Pseudonym Order requires recaptioning this case with Plaintiff's given name as required by Federal Rule of Civil Procedure 10(a).

The Response offers irrelevant arguments about whether there is a "split in the circuits" and whether the Pseudonym Order had a sound legal foundation when it was entered seven years ago. This case is bound by the law of the Seventh Circuit. Plaintiff does not even try to argue that the analytical framework in *Doe v. Indiana Black Expo*, 923 F. Supp. 137 (S.D. Ind. 1996) has survived the Seventh Circuit's *Indiana University* and *Loyola University* decisions. It is undisputed that the *Indiana Black Expo* framework, which was never adopted as Circuit precedent, has now been disavowed.

The Response detours into an attack on defense discovery of "his post-Purdue social media posts". (DE 333 p. 9). Defendants therefore note that on July 2, 2021, this Court ruled that "Plaintiff intentionally deleted" social media evidence that he had a duty to preserve and provide to Defendants; awarded Defendants "their reasonable expenses incurred in making their previous motion for sanctions and the instant request for an order to show cause, litigating the hearing held on February 22, 2021, and any other work related to review of Snapchat date or litigation concerning the deleted files"; and ordered Defendants to file "an affidavit detailing

these expenses". DE 168 p. 31-32. Defendants did so and respectfully await the Court's approval of the amount documented by Defendants. DE 174.

## Conclusion

For these reasons, Defendants respectfully submit that the Pseudonym Order should be vacated.

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (18973-79)
James F. Olds (27989-53)
Scotty N. Teal (35713-53)
Stuart & Branigin LLP
300 Main St., Ste. 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
           jfo@stuartlaw.com
Telephone: 765-423-1561
*Attorneys for Defendants*