IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** <br><br> Plaintiff, <br><br> v. <br><br> **PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR.,** in his official capacity as President of Purdue University, **ALYSA CHRISTMAS ROLLOCK**, in her official capacity at Purdue University, **KATHERINE SERMERSHEIM**, in her official capacity at Purdue University, <br><br> Defendants. | **CIVIL ACTION** <br><br> No. 2:17-cv-33-GSL |

**PURDUE UNIVERSITY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SEPARATE LIABILITY AND DAMAGE ISSUES FOR TRIAL**

Defendant, The Trustees of Purdue University ("Purdue"), by counsel, replies to Plaintiff's Opposition (DE 334) to Purdue's Motion (329) pursuant to Federal Rule of Civil Procedure 42(b) to separate the trial of liability and damage issues.

I.

The Opposition does not dispute that this Court has broad discretionary authority to require the jury to reach a verdict on Title IX liability before the same jury receives and decides evidence on damages.

Judicial economy is a sufficient ground for bifurcation, if the decision to bifurcate does not unfairly prejudice the non-movant. *Houseman v. United States Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999); *Chlopek v. Fed. Ins. Co.*,

1

499 F.3d 692, 700 (7th Cir. 2007); *Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, No. 11-cv-8808, 2023 U.S. Dist. LEXIS 140025, at *14 (N.D. Ill. Aug. 11, 2023).

The Opposition does not dispute that bifurcation would promote judicial economy, by ensuring that the liability determination is complete by the end of the first week of trial, and thus potentially spare the Court and jury the burden of hearing evidence on damages following a defense verdict on liability. *See, e.g., Hopkins v. AMTRAK*, No. 08-CV-2965 (NGG) (RML), 2016 U.S. Dist. LEXIS 52142, at *8 (E.D.N.Y. Apr. 18, 2016) ("Bifurcation here also serves the interests of judicial economy. If, following the liability phase, the jury finds that Defendants are not liable, the court and the parties will be spared the cost and time of holding a trial on the damages phase.").

## II.

The Opposition's contention that there is no reported opinion separating liability and damages in a Title IX trial is unhelpful. The Opposition does not cite any opinion from any Title IX trial of any kind. There are very few reported opinions on any aspect of jury trials of Title IX claims like Plaintiff's.

## III.

The Opposition does not articulate any genuine prejudice scenario.

The Opposition fails to explain or show why the jury would need to hear about Plaintiff's damage claim before the jury decides whether sex discrimination was a motivating factor in his suspension. The Opposition insists that there is no "neat dividing line between evidence for liability and evidence for relief" (DE 334 p.

2

3) but the Joint Final Pretrial Order (DE 239) shows otherwise. Plaintiff's contentions are separated by liability (sections E.1.a-c) and damages (section E.1.d).

Plaintiff also fails to explain or show why bifurcation would (in Plaintiff's words) "require re-presenting the evidence relating to liability" (DE 334 p. 3) at a damage phase. If the jury finds Purdue liable, the evidence that the jury heard during the liability phase would remain available to the jury to the extent it is relevant to the jury's evaluation of Plaintiff's damage claim. "[T]he use of a single jury in both trial phases will allow jurors to carry background about witnesses and documents from the first phase into the second phase of trial." *Bd. of Regents v. Bos. SCI Corp.*, Civil Action No. 18-392-GBW, 2022 U.S. Dist. LEXIS 217378, at *4 (D. Del. Dec. 2, 2022).

IV.

The Opposition's discussion of "the need to present evidence to separate juries" is misconceived. Purdue's Motion does not ask for separate juries for liability and damages. Rule 42(b) permits a single jury to hear evidence in a proceeding that is separated between liability and damage phases. *Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, *supra*, at *35-36 (N.D. Ill. Aug. 11, 2023) (discussing Federal Judicial Center guidance that "Generally, when issues are severed for separate trials, they should be tried before the same jury"). *See, e.g., Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 935 (7th Cir. 1989); *Hopkins v. AMTRAK*, *supra*, at *10 (ordering a bifurcated trial in which a single jury would decide liability and, if necessary, reconvene to decide damages after deciding liability).

3

    For these reasons, separation of the liability and damage issues at the trial of Plaintiff's Title IX claim is merited.

                                            Respectfully submitted,

                                            /s/ William P. Kealey
                                            William P. Kealey (18973-79)
                                            James F. Olds (27989-53)
                                            Scotty N. Teal (35713-53)
                                            Stuart & Branigin LLP
                                            300 Main St., Ste. 900
                                            P.O. Box 1010
                                            Lafayette, IN 47902-1010
                                            Email: wpk@stuartlaw.com
                                                     jfo@stuartlaw.com
                                            Telephone: 765-423-1561
                                            *Attorneys for Defendants*