IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | **CIVIL ACTION** |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** ) | |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** ) | |
| **DANIELS, JR.**, in his official capacity as President of ) | |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, ) | No. 2:17-cv-33- AVB |
| in her official capacity at Purdue University, **KATHERINE** ) | |
| **SERMERSHEIM**, in her official capacity at Purdue University, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF JOHN DOE'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORTOF PLAINTIFF JOHN DOE'S MOTION TO PLACE
IN THE TRIAL RECORD DEFENDANTS' ADMISSIONS FROM
DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

Plaintiff John Doe ("John"), through counsel, respectfully submits this Reply to respond to Defendants' legally deficient, confused opposition to John's motion to place in the trial record Defendants' admissions from Defendants' Answer (Ex. B to the motion, DE 161 & DE 241-2) to the Second Amended Complaint (Ex. C to the motion, DE 160, & DE 241-3). John's motion, which was timely made (DE 315, DE 324), should be granted because admissions in an Answer are binding judicial admissions, are accurately stated in the Admissions document (Ex. A to the motion & DE 241-1), and are not subject to evidentiary objections. Defendants in their opposition fail to show otherwise.

The lack of merit to Defendants' rather blustery opposition to John's motion is reflected in Defendants' preliminary argument that John's motion is not compliant with the June 14, 2024 Scheduling, Pretrial Conference and Trial Order at DE 325. (Dfs. Opp. 1.) That preliminary

[1]

argument is false. John's motion was filed pursuant to the Court's June 14, 2024 Order at DE 324, which stated in pertinent part: "Any motions that the parties need to refile relative to the order at DE 315 are due by 6/28/2024." One such motion was this motion. The Order at DE 315 stated in pertinent part: "The following motions are DENIED without prejudice to refiling after the final pretrial conference has been reset: Defendant's 235 Motion in Limine, the 240 Motion to Exclude Barden Opinions, Plaintiff John Doe's 241 Motion to Place in the Trial Record Defendants Admissions from Their Answer to the Second Amended Complaint and Defendants' 284 Motion to Bifurcate Liability and Remedy Phases of Trial." Defendants re-filed their motions referenced in DE 315; John has re-filed his motion referenced in DE 315, which is this motion. The Court's July 12, 2024 Order at DE 336 adjusted the briefing deadlines for a number of these motions.

Defendants follow up with another preliminary argument that "there are only two paths into the 'trial record': (i) admission of evidence and (ii) publication via a judicial instruction" and that because John is not moving the admission into evidence of the Complaint and Answer, John's motion must be construed as one seeking a jury instruction. (Dfs. MOL 1-3.) The method of presentation to the jury of judicial admissions and of parties' stipulations is by the Court instructing the jury at a time during the trial the Court deems appropriate. While Defendants fault John for not providing the specific jury instruction now in advance of the Court's ruling on the motion, jury instructions cannot reasonably be proposed until the Court rules on the motion; the content of that instruction may be affected by the Court's ruling – it is thus premature to make that submission now.

### A. Defendants' Admissions Stated in Exhibit Are Supported By Defendants' Answer to the Second Amended Complaint.

Defendants are simply wrong that the Admissions document modifies the text of the Answer. As explained in John's motion (DE 328, p. 2), each Admission in the Admissions

document (Ex. A & DE 241-1) has a citation to the Defendants' Answer (Ex. B & DE 241-2). For example, Admission 1 in the Admissions document is as follows:

> Plaintiff John Doe ("John Doe") is a natural person who during the 2015-2016 school year, was a student at Defendant Purdue University ("Purdue") and a Navy ROTC midshipman living in Purdue's on-campus residence halls. (Def. Answer ¶¶ 4, 82.)

Admission 1 states what Paragraphs 4 and 82 of Defendants' Answer admits.

Defendants' Exhibit 1 was presented in Defendants' original November 9, 2023 opposition to John's motion at DE 283, and as a result, John's June 27, 2024 motion at DE 328, pp. 7-9, in Point V entitled "THE STATEMENTS IN THE ADMISSIONS DOCUMENT (EX. A & DE 241-1) ARE IN DEFENDANTS' ANSWER," dealt with Defendants' chart that is their Exhibit 1 to their opposition.

As previously stated, the chart provided by Defendants is but a distraction intended to confuse and muddy the waters. But even Defendant's chart, when analyzed, corroborates the Admissions document (Ex. A & DE 241-1). Defendants' chart shows that Defendants' Answer (Ex. B to this Motion & DE 241-2) admitted to the allegation of John's Second Amended Complaint (Ex. C to this Motion & DE 241-3), and the Admissions document (Ex. A to this Motion & DE 241-1) states to what was admitted.

Defendants have again asserted that the Answer "qualified" its admissions, but an examination of the Answer shows that Defendants did not do so. When Defendants admitted an allegation of John's Second Amended Complaint, Defendants admitted it -- period. Nor does the Admissions document (Ex. A, DE 241-1) modify the meaning of the Defendants' admissions. The Admissions document (Ex. A, DE 241-1) accurately states what Defendants have admitted. This point can be checked by checking the citations in the Admissions document. The Admissions document takes information from Defendants' 144-paragraph Answer (due to a numbering error

[3]

in the Second Amended Complaint the numbering reads up to 155 but is in reality 144). Defendants have also complained that the admissions include what John Doe said to Defendants' personnel, but what John Doe said to Defendants' personnel is an appropriate subject for admission and is highly relevant. John's motion provides a simplified breakdown of ALL Defendants' admissions. (DE 328-1, pp. 8-9.)

**B.    Judicial Admissions Make Evidence Unnecessary; the Federal Rules of Evidence Do Not Apply To Judicial Admissions.**

Defendants ironically acknowledge the salient point in its opposition (Dfs. Opp. 3):

> Judicial admissions "are formal concessions in the pleadings in the case or stipulations by a party or its counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." J. Strong, McCormick on Evidence § 254, at 142 (4th ed. 1992); see also J. Wigmore, Wigmore on Evidence § 1064, at 536 (2d ed. 1923). Judicial admissions are "'are not evidence at all but rather have the effect of withdrawing a fact from contention.'" Keller, 58 F.3d at n.8 (quoting Michael H. Graham, Federal Practice and Procedure: Evidence § 6726 (Interim Edition)).

Defendants argue that "Granting this [admissions] Motion's proposed relief would render much trial testimony (including Plaintiff John Doe's own testimony) cumulative, redundant, duplicative, and a waste of time, and therefore inadmissible". Not true. In reality, granting this motion to put Defendants' admissions in the trial record would have an opposite effect and allow a much more streamlined trial testimony process by not only saving time but, more importantly, helping the jury's overall understanding of this very nuanced case. There is no attempt at anything beyond holding Defendants to their legally binding admissions, contrary to their claims.

Defendants misread *Pryor v. Corrigan*, No. 17-cv 1968, 2023 U.S. Dist. LEXIS 15122, *55 (N.D. Ill. Jan. 30, 2023). That case involved not judicial admissions, which are not subject to

rules of evidence, but the entirely different subject of requests for admission, which are subject to the rules of evidence.

Admissions that confirm documents or statements are non-problematic despite what Defendants say. Defendants characterize as hearsay are nevertheless equal to all other admissions, as they were also admitted to in Defendants' Answer. If the Defendants were truly concerned by what they argue now, they would have objected at the time of the Answer, not after. The time for objection is the Answer, not after the admissions.

## CONCLUSION

For the reasons stated above and in Plaintiff's original motion, the Court should grant Plaintiff's motion to place in the trial record Defendants' admissions from Defendants' Answer, and the Court should order such further and other relief as the Court deems just and proper.

**Dated: July 26, 2024**

                                          **Respectfully submitted,**
                                          **LAW OFFICES OF PHILIP A. BYLER**
                                          **By:** /s/ *Philip A. Byler*
                                          **Philip A. Byler, Esq.**
                                          **11 Broadview Drive**
                                          **Huntington, New York 11743**
                                          **(631) 848-5175**
                                          *Attorneys for Plaintiff John Doe*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on July 26, 2024:

William P. Kealey, Esq.
James Olds, Esq.
Scotty Teal, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
*Attorneys for Defendants*

BY:   ☐ U.S. Mail        ☐ Federal Express

☐ Hand-Delivery   x   Other: ECF

_____*Philip A. Byler, Esq.*_____
Philip A. Byler, Esq.