IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY** | ) |
| **BOARD OF TRUSTEES, MITCHELL ELIAS** | ) |
| **DANIELS, JR.,** in his official capacity as President of | ) |
| Purdue University, **ALYSA CHRISTMAS ROLLOCK**, | ) No. 2:17-cv-33-GSL |
| in her official capacity at Purdue University, | ) |
| **KATHERINE SERMERSHEIM**, in her official capacity | ) |
| at Purdue University, | ) |
| | ) |
| Defendants. | ) |

**PURDUE'S REPLY BRIEF IN
SUPPORT OF MOTION *IN LIMINE***

Defendant, The Trustees of Purdue University, by counsel, replies to Plaintiff John Doe's Memorandum of Law in Opposition [DE 342] to Purdue's Motion *in Limine* [DE 331] as follows:

**ARGUMENT**

**A. The opinions of R. Christopher Barden and Stan V. Smith**

For the reasons set forth in Purdue's Motion to Exclude Expert Opinions [DE 330] ("Motion") and its Reply Brief in Support of that Motion ("Reply"), which is contemporaneously filed herewith, evidence of the opinions of R. Christopher Barden and Stan V. Smith must be excluded. Purdue hereby incorporates its arguments set forth in its Motion and Reply.

**B. Alleged failure to comply with any procedural requirement**

Purdue has moved *in limine* to exclude any claim or argument that Purdue has violated Plaintiff's due process rights because this Court has dismissed Plaintiff's constitutional due

1

process claim, leaving only Plaintiff's disparate treatment claim for the jury. John has not asserted that Purdue's procedures violated the Title IX regulations that were effective at the time of his investigation. At trial, the jury will be asked to determine whether Purdue intentionally discriminated against John on the basis of his sex (male). Evidence that the Department of Education adopted new procedural regulations one or more times since John was disciplined by Purdue is irrelevant and will confuse the jury.

The Court need not look further than John's opposition to Purdue's motion *in limine* on this point for a preview of the manifest juror confusion John has planned for trial. John does not dispute that Purdue's process fully comported with the Title IX regulations that existed in 2016.

Instead, John points to language from the Seventh Circuit opinion reversing this Court's order dismissing the case (which itself should be excluded *in limine, see* Part D., *infra*), press releases from former Secretary of Education Devos announcing 2020 changes to Title IX regulations, and a court decision enjoining enforcement of Title IX regulations promulgated by the Department of Education this year (*see* Part E., *infra*). The Court should enter an order *in limine* forbidding such evidence or argument in the presence of the jury because it is irrelevant and likely to cause juror confusion. Fed. R. Evid. 402, 403. Evidence of changes in the law and any consequent changes to Purdue's investigation and resolution procedures is also inadmissible under FRE 407, which bars evidence of subsequent measures taken when such evidence is aimed at proving culpable conduct. Fed. R. Evid. 407.

The relevant Title IX standard in this case is the standard that existed in spring 2016 when John's conduct was reported to the university and the university commenced an investigation. The introduction of any subsequent legal standards or adjustments made by Purdue due to those standards must be excluded by the court *in limine.*

### C. John's remedy claims

#### 1. Effect of Purdue's pending motion for bifurcation

Purdue has filed a motion to bifurcate the liability and damages issues for trial. [DE 329]. If the Court grants Purdue's motion, all evidence related to damages should be excluded from the liability phase of the trial. Damages evidence is irrelevant to the question of intentional gender discrimination and, is therefore, inadmissible during the liability phase. It should be excluded under FRE 402 & FRE 403.

#### 2. "Expungement" of John's disciplinary records

Plaintiff concedes that any argument related to equitable relief of "expungement" would only be made to the Court if the jury returns a verdict in favor of Plaintiff. There appears to be no dispute that such evidence or argument in the presence of the jury is irrelevant under FRE 402 and inadmissible under FRE 403 as likely to lead to juror confusion and as a waste of juror time, inasmuch as the question of equitable relief is exclusively for the court to decide. *See, e.g.*, *Downes v. Volswagen of Am., Inc.*, 41 F.3d 1132, 1141 (7th Cir. 1994) (noting, in Title VII employment context, that expungement of employee's disciplinary record was an equitable remedy for the court to determine).

#### 3. Damages contentions and evidence not disclosed during discovery

Purdue seeks an order *in limine* instructing Plaintiff, his attorney and his witnesses from introducing damage contentions and evidence that were not disclosed during discovery. Deployment of such contentions and evidence is improper as a matter of law. *See* Fed. R. Civ. P. 37(c)(1).[1]

---

[1] Plaintiff asserts that Purdue has misled the Court by citing to persuasive authority illustrating how the Northern District of Indiana has resolved this precise issue in a recent Title IX case. [DE 331 at p.4 citing *Doe v. Purdue Univ.*, Case No. 4-18-CV-89-JEM, 2022 U.S. Dist. LEXIS 128601 at *17) (N.D.

Specifically, Purdue seeks to exclude evidence that:

- John sought to re-enroll in Navy ROTC or enlist in the Navy

- His current or aggregate income (or lack thereof)

- John sought to re-enroll as a student at any Purdue campus or any other college or university aside from Taylor University in 2017.

- That he has sought employment or was denied an employment opportunity due to his suspension from Purdue University.

Plaintiff does not directly respond to Purdue's objection and does not suggest that he intends to offer any evidence on the above points.

Instead, Plaintiff responds that he has offered evidence that John was disenrolled by the Purdue Navy ROTC. [DE 342 at p. 7]. This evidence is immaterial to his damage disclosure obligation. John has never offered any testimony or evidence claiming damages for any unsuccessful attempt to enroll in Navy ROTC or enlist in the Navy. It is undisputed that John never even tried to do so, either during or after the conclusion of Purdue's one year suspension. John has freely admitted that he has chosen to do nothing to explore or pursue a Navy future until this case concludes. Having never tried to do so, he has not contended or shown that the Navy rejected him.[2]

Plaintiff does not dispute the legal basis for exclusion of undisclosed damage contentions and supporting evidence. He offers no contrary legal authority and no relevant and admissible

---

Ind. 2022). Purdue cited the case properly and accurately. It did not, as Plaintiff suggests cite the case "as if it were this case." [DE 342 at p. 6].

[2] Defendants continue to dispute John's standing for any injunctive relief claim, in light of the lack of any evidence that John faces any actual or imminent harm from the one-year suspension that ended seven years ago. *See* DE 273, 320. *Compare Doe v. Univ. of S. Ind.*, No. 3:21-cv-00144-TWP-CSW, 2024 U.S. Dist. LEXIS 129493, *17 (S.D. Ind. July 23, 2024) ("John's response . . . fails to identify an injury that is concrete, particularized, and actual or imminent. The question of whether or not actions taken by the court can redress an injury comes only *after* establishing that there has been an alleged injury. (internal citation omitted)).

basis for offering such evidence. Therefore, he has waived any opposition to Purdue's motion on this point and the Court should enter an order excluding any evidence that has not been produced during discovery.

### 4. Emotional distress, psychological harm, "loss of enjoyment of life" and other consequential damages.

Plaintiff concedes that remedies for emotional distress, psychological harm and other, similar categories of consequential damages are not recoverable in this case. [DE 342 at p. 8] Plaintiff confirms he is not seeking such damages. Still, Plaintiff seeks to introduce evidence of such injuries as a foundation for his "lost future earning capacity" and an explanation for why he has been unable to continue his studies or any career pathway during the seven years this case has been pending.

Plaintiff's argument misses the very simple point that has been thoroughly briefed in Purdue's motion to exclude Plaintiff's expert testimony and incorporated herein by reference. This Court has dismissed any claim for emotional and psychological damages in this case. The dismissal was mandatory based on 2022 U.S. Supreme Court precedent in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1573 (2022). That case limits remedies in Spending Clause cases, including those arising under Title IX, to the "usual forms of relief for breaching a legally enforceable commitment." *Id.* Necessarily, emotional distress damages *and* other forms of consequential damages such as loss of enjoyment of life or lost future earning capacity, which were not within the reasonable contemplation of the parties at the time of entering into their enforceable commitment (*i.e.,* in the context of a student and university, the time of enrollment) are unavailable in this case.

Because recovery of these categories of consequential damages is barred as a matter of law, evidence and argument in the presence of the jury is irrelevant under FRE 402 and unfairly prejudicial and confusing to the jury under FRE 403.

### D. The Seventh Circuit Opinion in this case.

Purdue has asked for an order *in limine* instructing Plaintiff and his counsel from offering evidence or argument in the presence of the jury that the Seventh Circuit has made any finding or conclusion on the substantive legal merits of this case. The Seventh Circuit's opinion and order remanding the case at the pleading stage is irrelevant to the jury's task to evaluate the trial evidence and apply the Court's instructions. Any reference to the Seventh Circuit's opinion and order would confuse the jury, which should look only to the jury instructions, not to any pretrial ruling in this case.. Plaintiff, his counsel, and his witnesses should be instructed not to introduce such evidence or argument in the presence of the jury.

### E. Statements in the press or opinions from nonparties about this case.

In his response, Plaintiff has agreed that he will not seek to enter statements in the press or opinions from nonparties (other than his proffered experts to the extent they have admissible opinions) in the trial of this case.

### F. Jane Doe's sexual history.

Purdue seeks an order *in limine* instructing Plaintiff, his attorney and his witnesses from introducing evidence regarding Jane Doe's sexual history predating Jane's relationship with John. Plaintiff responds by offering four (4) examples of the types of evidence John intends to offer about Jane's sexual history. Some of that testimony, including how John perceived his own sexual relationship with Jane, is from John's personal knowledge. However, the testimony is

irrelevant to the issue of whether Purdue intentionally discriminated against John because John is male and should be excluded on that basis. Fed. R. Evid. 402, 403.

John further seeks to offer evidence about what Jane told him about her sexual past before Jane met John. [DE 342 at p. 15] ("Jane told me that she had multiple sexual partners before college. . ."). Such testimony is inadmissible under FRE 403, FRE 404, FRE 412 and FRE 802.

### G. Jane Doe's mental health.

Purdue seeks an order *in limine* instructing Plaintiff, his attorney and his witnesses from introducing evidence regarding Jane Doe's mental health, including out-of-court statements that John attributes to Jane about her mental health history, diagnoses, and past suicidal ideation and an incident John perceived as an attempted suicide.

John responds with a preview of the evidence he intends to offer about his perception of Jane's behavior and her "mental instability." [DE 342 at pp. 17-20]. John's analysis of Jane's behavior and the inferences he draws from that behavior to explain why Jane reported John's sexual misconduct or how her behavior impacted her credibility is utterly without foundation, completely irrelevant, and comprises inadmissible lay opinion and hearsay. The evidence must be excluded under FRE 402, FRE 403, FRE 701 and FRE 802.

### H. John's claimed religiosity.

Purdue seeks an order *in limine* instructing Plaintiff, his attorney and his witnesses from introducing evidence regarding John's religious upbringing or his own or his family's religious or moral values. Such evidence is irrelevant to the extent there is any probative value whatsoever it is outweighed by the likelihood of juror confusion or provoking religious or anti-religious biases of the jurors.

In response, John suggests that his religious upbringing helps explain the text message exchanges between John and Jane. He suggests that John's apology for "violating" Jane was not an expression of remorse for touching Jane while she slept but rather for his having a sexual relationship with her outside of marriage. [DE 342 at p. 21].

Whatever marginal value John's religious beliefs has to explain what he meant when he apologized to Jane for violating her is outweighed by the unfair prejudice such evidence is likely to cause. The evidence must be excluded under FRE 403 and FRE 610, which provides that evidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility. *See, e.g.*, Am. Heartland Port, Inc. v. Am. Port Holdings, Inc., 2014 U.S. Dist. LEXIS 88374, *4,5 (N.D. W.Va. 2014) ("Even if [evidence of Plaintiff's religious beliefs was relevant, however, such evidence is excludable under Rule 403 . . . [t]he evidence referencing Kraina's religious beliefs and religiosity in general has the potential to create unfair prejudice with members of the jury. Accordingly, such evidence is excluded.").

### I. Alleged impact on John's family and friends.

Purdue seeks an order *in limine* instructing Plaintiff, his attorney and his witnesses from introducing evidence regarding any alleged impact on *third parties* such as John's family or friends. Plaintiff responds that he intends to offer testimony from John's parents and roommate regarding the emotional and psychological impact of the investigation and suspension *on John*. As argued in Part. C.4, *supra* and in greater detail in Purdue's motion to exclude expert testimony, emotional distress and psychological harm damages are barred as a matter of law. Therefore, evidence regarding these harms is irrelevant and likely to unfairly prejudice Purdue and confuse the jurors. Such evidence must be excluded under FRE 402 and FRE 403.

### J. Objections to discovery.

Purdue seeks an order instructing Plaintiff, his attorney, and his witnesses from introducing evidence regarding Purdue's discovery objections. Those legal objections are offered by the attorneys for Purdue and are not attributable or imputable to any party or witness in this case. Offering evidence of those objections is irrelevant and unfairly prejudicial to Purdue.

Plaintiff's response does not dispute the legal basis for Purdue's motion on this point. He offers no contrary legal authority and no relevant and admissible basis for offering such evidence. Therefore, he has waived any opposition to Purdue's motion and the Court should enter an order excluding evidence of Purdue's counsel's objections to discovery.

### K. Purdue's liability insurance coverage.

Purdue seeks an order instructing Plaintiff, his attorney, and his witnesses from introducing evidence regarding Purdue's liability insurance coverage, which is inadmissible under FRE 411. Plaintiff acknowledges that such evidence is inadmissible and agrees to not present evidence of Purdue's coverage unless Purdue opens the door to such evidence by arguing that a judgment in this case would impact its ability to deliver its core mission of teaching, research and engagement.

### L. The parties' settlement negotiations and any Rule 68 Offer of Judgment.

Purdue seeks an order instructing Plaintiff, his attorney. and his witnesses from introducing evidence regarding statements or offers made in the context of confidential settlement negotiation and Purdue's prior Offer of Judgment made in this case. Such evidence is inadmissible under FRE 408 and Fed. R. Civ. P. 68. Plaintiff 's response is that "[i]f Purdue argues that John is out only for money damages," then he might introduce settlement discussions to "dispositively disprove that." [DE 342 at p. 23]. The rules of evidence provide very narrow

exceptions to the general rule that confidential settlement discussions are inadmissible. The limited circumstances for admissibility are "proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b). None of those factors are present in this case. Therefore, such evidence must be excluded *in limine*.

### M. No "Golden Rule" appeal to the jury.

Purdue seeks an order instructing Plaintiff, his attorney, and his witnesses from introducing evidence or making argument that jurors should put themselves in John's position. Such evidence or argument is universally understood as improper because it contradicts the Judge's instruction to the jury that they must remain neutral and decide the case on the facts and the law.

Plaintiff's response does not dispute the legal basis for Purdue's motion on this point. He offers no contrary legal authority and no relevant and admissible basis for offering such evidence. Therefore, he has waived any opposition to Purdue's motion and the Court should enter an order prohibiting any "Golden Rule" appeal in the presence of the jury.

### N. Argument that the jury should "Send a Message" to Purdue or anyone else; any mention of punitive damages or punishment.

Purdue seeks an order instructing Plaintiff, his attorney, and his witnesses from introducing evidence or making argument that jurors should punish Purdue or "send Purdue a message." Such evidence or argument is improper because, as a matter of law, John is not entitled to recover punitive damages on his Title IX claim.

Plaintiff's response does not dispute the legal basis for Purdue's motion on this point. He offers no contrary legal authority and no relevant and admissible basis for offering such evidence. Therefore, he has waived any opposition to Purdue's motion and the Court should

enter an order prohibiting the Plaintiff for making a "send a message" appeal in the presence of the jury.

### O. Any non-party's Title IX allegations against Purdue University, any event or evidence underlying or in the course of any non-party's Title IX lawsuit against Purdue University, and any related disciplinary outcome or sanction.

Purdue seeks an order instructing Plaintiff, his attorney, and his witnesses from introducing evidence or making argument that jurors should punish Purdue or "send Purdue a message." Such evidence or argument is improper because, as a matter of law, John is not entitled to recover punitive damages on his Title IX claim.

Plaintiff's response does not dispute the legal basis for Purdue's motion on this point. He offers no contrary legal authority and no relevant and admissible basis for offering such evidence. Therefore, he has waived any opposition to Purdue's motion and the Court should enter an order prohibiting the Plaintiff for making a "send a message" appeal in the presence of the jury.

### P. The "History," "Purpose," or "Intent" of Title IX

Purdue seeks an order instructing Plaintiff, his attorney, and his witnesses from introducing evidence or making argument about the history, purpose or intent of Title IX. Such evidence or argument is improper because it is the province of the Court to instruct jurors on the law to apply in this case.

Plaintiff's response does not dispute the legal basis for Purdue's motion on this point. He offers no contrary legal authority and no relevant and admissible basis for offering such evidence. Therefore, he has waived any opposition to Purdue's motion and the Court should enter an order prohibiting the Plaintiff from offering evidence or making arguments about the history, purpose or intent of Title IX.

## CONCLUSION

For all the foregoing reasons, and for the reasons cited in Purdue's Motion *in Limine* [DE 331], Purdue's Motion *in Limine* should be granted.

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey (18973-79)
James F. Olds (27989-53)
Scotty N. Teal (35713-53)
Stuart & Branigin LLP
300 Main St., Ste. 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
       jfo@stuartlaw.com
       snt@stuartlaw.com
Telephone: 765-423-1561
*Attorneys for Defendants*