UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOHN DOE,

    Plaintiff,

v.

PURDUE UNIVERSITY, et al.,

    Defendants.

Case No. 2:17-CV-33-GSL

## OPINION AND ORDER

Before the Court is Defendants' Motion to Bifurcate Liability and Damages Issues for Trial, [DE 329]. The matter was fully briefed, and the Court heard argument from the parties on November 7, 2024. For the reasons below, Defendants' Motion to Bifurcate Liability and Damages Issues for Trial, [DE 329], is DENIED.

"A trial court has discretion to decide whether to bifurcate a trial." *United States v. Alviar*, 573 F.3d 526, 545 (7th Cir. 2009) (citing *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000)). However, the trial court must determine if separate trials would avoid prejudice to a party or promote judicial economy. *Houseman v. U.S. Aviation Underwriters,* 171 F.3d 1117, 1121 (7th Cir. 1999) (citing *DeWitt, Porter, Huggett, Schumacher & Morgan v. Kovalic*, 991 F.2d 1243, 1245 (7th Cir. 1993)). Only one of these criteria need be met before a court can order separation. *Houseman,* 171 F.3d 1117, 1121 (citing *MCI Communications v. American Tel. & Tel. Co.,* 708 F.2d 1081, 1166 (7th Cir. 1983)). The Court must also be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. *Houseman,* 171 F.3d 1117, 1121. Finally, separate trials must not be granted if doing so would violate the Seventh Amendment. *Housemanx,* 171 F.3d 1117, 1121; *see Hydrite Chemical Company v. Calumet*

*Lubricants Co.*, 47 F.3d 887, 890 (7th Cir. 1995). The party seeking bifurcation "has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials based on the case's circumstances." *BASF Catalysts LLC v. Aristo, Inc.*, 2009 WL 523123, at *2 (N.D. Ind. Mar. 2, 2009).

Applying *Houseman* here, bifurcation is not appropriate. Defendants' judicial economy argument has not persuaded the Court. Defendants argue that the damages portion of the trial will require different evidence and separate experts than the liability phase of the trial will. As an initial matter, this is true of nearly every lawsuit that contemplates damages, and most suits are not bifurcated. *Albert's Diamond Jewelers, Inc. v. AaLand Diamond Jewelers LLC*, 2023 U.S. Dist. LEXIS 172688, *3-4 (N. D. Ind. Sept. 27, 2023); *see BASF Catalysts LLC v. Aristo, Inc.*, No. 2:07-CV-222, 2009 U.S. Dist. LEXIS 16263, 2009 WL 523123, at*4 (N.D. Ind. Mar. 2, 2009) ("Although [defendant] is correct that damages discovery is wasted effort if no liability is found, this applies equally to all liability-based litigation and is not a convincing argument on a straightforward patent infringement claim such as presented here.")

Notwithstanding this, trying both the liability and damages issues simultaneously will avoid the presentation of duplicative evidence and ensure the speedy resolution of this case. While certain pieces of evidence may be specific to either the liability or damages phase, there is certainly duplicative evidence to be presented, as the same, singular claim will be tried for both liability and damages. Additionally, Defendants failed to persuade the Court that bifurcation will not prejudice Plaintiff. *See BASF Catalysts LLC v. Aristo, Inc.*, 2009 WL 523123, at *2 (N.D. Ind. Mar. 2, 2009).

For the foregoing reasons,' Defendants' Motion to Bifurcate Liability and Damages Issues for Trial, [DE 329], is DENIED.

SO ORDERED.

ENTERED: November 15, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court