UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOHN DOE,

    Plaintiff,

    v.

PURDUE UNIVERSITY, et al.,

    Defendants.

Case No. 2:17-CV-33-GSL

## OPINION AND ORDER

Before the Court is Defendants' Motion to Vacate the Pseudonym Order, [DE 327]. The matter was fully briefed, and the Court heard argument from the parties on November 7, 2024. For the reasons below, Defendants' Motion to Vacate the Pseudonym Order, [DE 327], is GRANTED.

On May 31, 2017, the Court granted Plaintiff's request to proceed by pseudonym in the case caption and filings, based on an analysis of the framework in *Doe v. Indiana Black Expo*, 923 F. Supp. 137 (S.D. Ind. 1996). [DE 26-1]. In the seven years since then, the controlling caselaw of this Circuit has evolved.

Defendants provided this Court with two Seventh Circuit cases from earlier this year which are on-point: *Doe v. Trs. of Ind. Univ.,* 101 F.4th 485 (7th Cir. 2024); and *Doe v. Loyola Univ.*, 100 F.4th 910 (7th Cir. 2024). In *Doe v. Trs. Of Ind. Univ.*, the Seventh Circuit made clear "Title IX litigation is not an exception to the norm that adult litigants are identified by name." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 493. In fact, the Circuit found the district court had abused its discretion by permitting "John Doe" to conceal his name without finding that (1) he is a minor, (2) he is at risk of physical harm, or (3) he faced improper retaliation. *Id; see Doe v.*

*Univ. of S. Ind.*, 2024 U.S. Dist. LEXIS 123763, *10 (S. D. Ind. Jul. 11, 2024). Insufficient circumstances to permit a litigant to proceed under a pseudonym are: (1) risk of embarrassment; (2) risk of "stigmatization from the community and the public at large;" and (3) risk of reputational harm. *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 493. Although anonymity may be "common" in Title IX suits, it must be justified in each case. *Doe v. Loyola Univ. Chi.*, 100 F.4th 910, 913. As a result, here, John Doe must not be allowed to proceed by pseudonym.[1]

Pseudonym usage is not justified under controlling precedent. Plaintiffs do not contend John Doe is a minor, at risk of physical harm, or faces improper retaliation. The Court VACATES the Pseudonym Order, [DE 26-1]. The Court ORDERS the parties to cease use of pseudonyms, to reveal John Doe and Jane Doe's identities, and to proceed by naming the parties and actors appropriately in the captions and in the pleadings. The Court DIRECTS the Clerk of Court to modify the docket to change the name from John Doe to Plaintiff's legal name in the caption and on all filings moving forward.

SO ORDERED.

ENTERED: November 15, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court

---

[1] During the November 7, 2024 hearing, Defendants also pointed the Court to the Proposed Order, which was filed by Defendants on behalf of both parties. Defendants argued that Plaintiff's stipulation in the Joint Pretrial Order to not use the pseudonym at trial was an "admission of a party opponent" that the pseudonym was not actually necessary. Plaintiff, in response, argued that while the caselaw only permits pseudonym usage if one of the three findings is made, it is entirely permissible for the parties to stipulate to pseudonym usage, and that the Court should preserve the status quo of using pseudonyms until trial. Neither of these arguments are well-taken by the Court. A jointly proposed order which is the product of good-faith negotiations and agreement is not an admission of a party opponent. That said, there is no "status quo" for the Court to preserve here, as Plaintiff requests, because the Proposed Order was never entered. The last page of the jointly proposed order contains a blank signature line for Judge Kohler. [DE 239, Page 21]. This document holds no authority.