IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALEXANDER HORB, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR., in his official capacity as President of Purdue University, ALYSA CHRISTMAS ROLLOCK, in her official capacity at Purdue University, KATHERINE SERMERSHEIM, in her official capacity at Purdue University, | ) ) ) ) No. 2:17-cv-33-GSL ) ) ) |
| | ) |
| Defendants. | ) |

**P<span>URDUE</span> U<span>NIVERSITY'S</span> O<span>BJECTIONS TO</span> P<span>LAINTIFF'S</span> T<span>RIAL</span> E<span>XHIBITS</span>**

Defendant The Trustees of Purdue University, by counsel, pursuant to Section G.2 of the Court's Scheduling, Pretrial Conference, and Trial Order (DE 325), states:

Plaintiff has filed an Exhibit List at pages 3-5 in Docket Entry 359-1. Purdue objects to the admissibility of the following exhibits on that list:

Exhibit 25. "Pl SJM 42: Daniels Interrogatory Answers". Purdue incorporates the objections stated in the Answers. This document does not contain any witness statement that is probative of any material issue for the jury's determination. Because this document addresses Plaintiff's injunctive relief claim which will not be heard or decided by the jury, the document is not relevant and would be confusing to the jury and a waste of time.

1

Exhibit 32. "Pl Opp DSJ 11: Purdue Data 2015-2016". This document lacks any foundation to establish what it is. It appears on its face to refer to third-party matters that are collateral to this case and therefore confusing to the jury and a waste of time.

Exhibit 35. "Opp DSJ 18: April 2011 Dear Colleague Letter". This document appears on its face to be an excerpt from a larger document. Its incompleteness makes it confusing and lacking foundation as to what it purports to be. The document is not probative to establish Plaintiff's sex discrimination claim. The document appears to be an opinion statement of the Federal Government, not Purdue University, and therefore is not probative of Plaintiff's allegation that Purdue University acted with discriminatory intent toward him. Further, evidence that an individual or institution favors complainants or victims in investigating allegations of sexual misconduct or has a "pro-complainant" or "pro-victim" bias does not support an inference of anti-male bias. *Gash v. Rosalind Franklin Univ.*, 117 F.4th 957, 963 (7th Cir. Sept. 24, 2024).

Exhibit 36. "Pl Opp DSJ 19: Assistant Secretary Lhamon Testimony". This document is a statement of opinion by a non-party who is not a fact witness to any of the events alleged in this case or a designated expert witness in this case. To the extent that the document is offered for the truth of the speaker's statements, it is inadmissible hearsay. The Federal Government's intentions and efforts with respect to the document's stated topic ("Sexual Assault on Campus: Working to Ensure Student Safety") are not material to any element of Plaintiff's Title IX claim. The

2

jury in this case will not be instructed to make any determination regarding the statements in the document. For these reasons, the document is not relevant and would be confusing to the jury and a waste of time.

Exhibit 37. "Pl Opp DSJ 20: CARE Facebook postings PU 0756-0884". This compilation document is not authenticated as to time or author(s) or how and from where the compilation was assembled. There is no foundation showing that this document or any part of it is a statement by any witness in this case. Evidence that an individual or institution favors complainants or victims in investigating allegations of sexual misconduct or has a "pro-complainant" or "pro-victim" bias does not support an inference of anti-male bias. *Gash*, supra.

Exhibit 38. "Pl Opp DSJ 21: Plaintiff's Answers to Defendants' Third Set of Interrogatories". This document is an out-of-court statement by Plaintiff which is inadmissible for its truth.

Exhibit 39. "Pl Opp DSJ 23: Rape and Sexual Assault Victimization among College Age Females, 1995-2013 (Special Report), U.S. Department of Justice, December 2014, http://www.bjs.gov.content/pub/pdf/ravcaf9513.pdf)." This document is a statement of opinion by a non-party (the U.S. Department of Justice). To the extent that the document is offered for the truth of the speaker's statements, it is inadmissible hearsay. The Federal Government's intentions and efforts with respect to the document's stated topic ("Rape and Sexual Assault Victimization Among College-Age Females, 1995-2013") are not material to any element of Plaintiff's Title IX claim. The jury in this case will not be instructed to make any

determination regarding the statements in the document. For these reasons, the document is not relevant and would be confusing to the jury and a waste of time.

<u>Exhibits 43 (Bloom Deposition), 45 (Amberger Deposition) 46 (Oliver Deposition), 47 (Perry Deposition), 50 (Hutton Deposition), 51 (Remaly Deposition), 52 (Taylor Deposition), 53 (Willstatter Deposition), 54 (Sheppard Deposition), and 59 (Klingerman Deposition)</u>. These are entire transcripts of the depositions of persons who are not named parties and have not been shown to be unavailable witnesses. Therefore, their deposition testimony is not admissible. Further, Klingerman is not listed on Plaintiff's Witness List at 359-1, pages 5-6. Also, Klingerman is one of Purdue University's trial attorneys in this case, and there is no foundation to show that he was a fact witness to the events at issue or that he is a sole source for any material fact.

<u>Exhibits 48 and 49. Noel Perry Notes</u>. These documents, which are notes by a counselor who consulted with Plaintiff, are inadmissible for multiple reasons. First, Plaintiff has not designated any expert opinion by Perry. Second, Plaintiff's psychology-based damage claims are inadmissible. Pursuant to *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (April 28, 2022), this Court has dismissed Plaintiff's claim for emotional and psychological damages. DE 206 pp. 23-24. See also DE 331 pp. 6-8 (Motion in Limine). For the reasons detailed in Sections C.4 and C.5 of Purdue's Motion in Limine, *Cummings* also requires exclusion of any claim by John for consequential damages. Further, as detailed in Section C.3 of that Motion in Limine, Plaintiff has not made a compliant disclosure of any damage

claim at all. Third, Exhibit 48 contains an inadmissible hearsay statement regarding the Seventh Circuit opinion in this case. Fourth, that statement is an inflammatory aspersion and is also factually inaccurate—there has been no trial or order for a re-trial. Fifth, as detailed in Section D of Purdue's Motion in Limine, the Seventh Circuit's opinion is not evidence and would be confusing to jurors, who will not have any knowledge of the difference between proof and pleading practice.

Exhibit 60. "Second Amended Complaint (ECF 160)". Plaintiff's complaint is advocacy, not evidence. Plaintiff cannot offer his own advocacy and unsworn, unexamined statements outside of deposition or trial for their truth.

Exhibits 61 "Defendants' Answer to Second Amended Complaint (ECF 161)" and 62 "Summary: Facts Based on Defendants' Admissions in Answer to Second Amended Complaint". These documents are inadmissible for the reasons previously briefed in Docket Entry 332, Defendants' Opposition to Motion to Place in the Trial Record Defendants' Admissions From Their Answer to the Second Amended Complaint. Further, Plaintiff has not tendered any proposed final jury instruction for the Court to instruct the jury on any contention that Plaintiff contends is undisputed in the Answer to the Second Amended Complaint. That waiver forfeits any contention that the Answer establishes any facts outside of the evidentiary record.

Exhibits 63-67 "Commissioned Officer Monthly Pay Tables 2019-2023". There is no foundation connecting the data in the tables to Plaintiff's Title IX damage claim. Plaintiff has elected not to try to enlist in the military. Therefore, the

condition precedent to any consequential damage claim for military pay is not established, and military pay data is inadmissible to show any earnings loss. Further, pursuant to *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (April 28, 2022), this Court has dismissed Plaintiff's claim for emotional and psychological damages. DE 206 pp. 23-24. See also DE 331 pp. 6-8 (Motion in Limine). For the reasons detailed in Sections C.4 and C.5 of Purdue's Motion in Limine, *Cummings* also requires exclusion of any claim by John for consequential damages. Further, as detailed in Section C.3 of that Motion in Limine, Plaintiff has not made a compliant disclosure of any damage claim at all.

Respectfully submitted,

s/ William P. Kealey
William P. Kealey (18973-79)
Trenten D. Klingerman ((23033-53)
Scotty N. Teal (35713-53)
Stuart & Branigin, LLP
300 Main St., Ste. 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
tdk@stuartlaw.com
snt@stuartlaw.com
Telephone: 765-423-1561
***Attorneys for Defendants***