IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **ALEXANDER HORB,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR.**, in his official capacity as President of Purdue University, **ALYSA CHRISTMAS ROLLOCK**, in her official capacity at Purdue University, **KATHERINE SERMERSHEIM**, in her official capacity at Purdue University, | ) ) ) ) ) ) ) ) ) | No.2:17-cv-33-GSL |
| Defendants. | ) | |

DECLARATION OF PHILIP A. BYLER, ESQ. IN RESPONSE TO DECEMBER 19, 2024 *SUA SPONTE* ORDER TO SHOW CAUSE AND IN SUPPORT OF RESCHEDULING CROSS-APPLICATION

**PHILIP A. BYLER**, hereby declares subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Owner of the Law Offices of Philip A. Byler, the attorney of record for Plaintiff Alexander Horb in this case, and I am a member of the Bar of the Northern District of Indiana federal court. I have been handling this case since its original filing almost seven years ago, including the drafting and filing of the Complaint, conducting the depositions and other discovery, litigating the summary judgment motions, discovery issues and Plaintiff's motions for reconsideration,

[1]

2.     I submit this Declaration in response to the December 19, 2024 *sua sponte* Order To Show Cause and in support of a rescheduling cross-application. I will start with a Preface of my professional credentials, lest anyone think I have been acting disrespectfully or mindlessly, and I deeply apologize to the Court if there was that perception.  I should have been more pro-active in raising with the Court the problems discussed in this Declaration.  I will then discuss in Part I the December 19, 2024 Order To Show Cause.  Due to Defendants' overzealous advocacy, there is not fair recognition of what under present circumstances Plaintiff has done attempting to act in  "good faith compliance" with the Court's June 14 Scheduling Order and the December 19 Order To Show Cause does not take into account the outstanding important motions yet to be heard, much less decided, by the Court that will shape the final pretrial order and pretrial brief..  I will then discuss in Part II my current health situation after an unexpected four--hour brain surgery performed successfully (100 percent removal of a tumor) by Dr. Nelson Moss at Memorial Sloan Kettering in New York City on October 14, 2024.. I am presently still confined to a rehabilitation facility located on Long Island where I have been much, much longer than I had originally thought would be the case, where I will be until at least early February 2025  and where I am undergoing physical and occupational therapy for brain surgery recovery so I can use my left arm and walk normally again (which I can't do right now but am expected at some point to do).

[2]

## PREFACE:
## STATEMENT OF PROFESSIONAL CREDENTIALS

3.  I begin with a statement of professional credentials because the record should reflect that the lawyer here responding to the Order To Show Cause (DE 366) and is making the rescheduling Cross-Motion is a knowledgeable lawyer with nearly 50 years of experience who has not been acting in intentional disregard of the Court's June 14 Scheduling Order, but rather has been responding to the Court's own modification of the June 14 Scheduling Order that has inadvertently created difficulties in terms of the "good faith compliance" required by the June 14 DE 325) and the preparation of proper pretrial papers.

4.  I am a member of the Bars of the States of Ohio and New York and of numerous federal courts, including the Northern District of Indiana, the U.S. Supreme Court, the U.S. Courts of Appeals for the Seventh, First, Second, Third, Fourth, Sixth, Eighth, Ninth, and Tenth Circuits, and the District Courts for the District of Columbia, the Southern, Western, Eastern, and Northern Districts of New York, the District of Colorado, the Southern District of Ohio, and the Southern District of Indiana.

5.  I received my J.D. degree in 1976 from Harvard Law School. From 1976 to 1978, I was law clerk to the Honorable Judge John W. Peck of the U.S. Court of Appeals for the Sixth Circuit. In 1978, I began the private practice of law as an associate in the Litigation Department of Cravath, Swaine & Moore in New York City working on antitrust, securities, First Amendment and civil rights litigations. In 1984, I moved to Weil Gotshal & Manges in New York City, where I worked on

[3]

international trade, accounting fraud, First Amendment, RICO, ERISA, breach of contract and commercial litigations. In 1990, I established my own practice.

6. I have tried cases in New York state court and in federal court to decision. I have briefed and orally argued cases in the U.S. Courts of Appeals for the First, Second, Seventh, Eighth, Ninth and Tenth Circuits, the New York Court of Appeals, the New York Appellate Divisions for the First and Second Departments, and the Arizona Supreme Court. Among others, I briefed, orally argued and won *Immuno A.G. v. Moor-Jankowski*, 77 N.Y.2d 235, 567 N.E.2d 1270, 566 N.Y.S.2d 906 (Kaye, J.), *cert. denied*, 500 U.S. 954 (1991); *Doe v. Columbia*, 831 F.3d 46 (2d Cir. 2016) (4evel, J.); as noted above, *Doe v. Purdue*, 928 F.3d 652 (7th Cir. 2019) (Barrett, J.); and *Doe v. MIT*, 46 F.4th 61 (1st Cir. 2022) (Selya, J.).

7. I am and have been for 14 years a Delegate to Judicial Nominating Conventions for New York's 10th Judicial District. I am active in Bar Associations, including the New York State Bar Association. I am and have been since 2007 a member of the Professional Discipline Committee of the New York State Bar Association, its Secretary since 2015 and its Chair of its Subcommittee on Fitness To Practice; and I was for over a decade a member of the Professional Discipline Committee of the New York City Bar Association. For the last consecutive twelve years, I have been listed on the Thomson Reuters Super Lawyers list for the New York Metro region. I was given the Community Service Award by DePauw University in 2008.

[4]

I.

## RESPONSE TO ORDER TO SHOW CAUSE

A.   The *Sua Sponte* Order To Show Cause (DE 366).

8.    The *sua sponte* Order To Show Cause, filed at 4:34 PM on December 19, 2024, at DE 366 states:

> ORDER: Plaintiff has failed to follow this Courts Scheduling, Pretrial, and Trial Order, at (DE [325]). Plaintiff has not fully adhered to the deadlines for A1, A2, or A3, found on Page 2 of the Scheduling, Pretrial, and Trial Order, DE [325]. Plaintiff is ORDERED to file the required pretrial materials found in A1, A2, and A3, by Monday, December 23, 2024, at 12:00PM Central Standard Time. Plaintiff is further ORDERED to SHOW CAUSE by filing, as a separate docket entry apart from the required pretrial materials, a document explaining his inability to adhere to the following deadlines. November 28, 2024: deadline to exchange all exhibits with opposing counsel. December 5, 2024: deadline to submit plaintiffs trial brief; proposed jury instructions, verdict form, and voir dire questions; and any objections to another partys expert witness. December 12, 2024: deadline to submit responses to objections to expert testimony; any objections to proposed jury instructions, verdict forms, and voir dire questions; any objections to documents or exhibits, along with a copy of the contested document or exhibit; and any objections to portions of depositions, along with a copy of the deposition transcript. Additionally, the Court ORDERS Plaintiff to work with Defendants and submit the Proposed Joint Final Pretrial Order by Monday, December 23, 2024, at 12:00PM Central Standard Time. Plaintiff is ORDERED to review the Courts Scheduling, Pretrial, and Trial Order, at DE [325], for further explanation and instruction regarding these requirements. Text entry by Judge Gretchen S Lund on 12/19/2024.

9.    The Order To Show Cause was surprising given the discussion and rescheduling done during the November 7, 2024 conference (DE 351), when my medical condition from brain surgery was discussed. I was too optimistic then about the time required for recovery); the rescheduling done on November 7, 2023 that included a virtual hearing in

November 2024 on the pseudonym and bifurcation motions (the Court would vacate pseudonymity and deny bifurcation) and the movement to January 2025 of the *Daubert* hearings and the hearing of a series of important motions –including placement of Defendants' admissions from their Answer into the trial record, .reinstatement of Plaintiff's due process claim, and Defendants' motion to exclude miscellaneous items from evidence;  Among other things, preparation of a proper pretrial order, preparation of a proper pretrial brief and proper treatment of evidentiary issues require hearing and decision on the outstanding motions and on the *Daubert* issues..

10. Plaintiff has already complied with the June 14 Order with respect to the preparation of a pretrial order per this Court's format on December 9, 2024 (DE 359). On that date, Defendants filed a pretrial order from March 2023, to which Plaintiff objected that, among other things, what Defendants had filed was not in conformance with this Court's pretrial order format (which is clearer with respect to the claims asserted and relief sought) and so, Plaintiff filed what it could per this Court's pretrial order format at DE 359 in good faith compliance with the June 14 Order. There is no interest in the fair administration of justice to force Plaintiff to agree to a defective pretrial order.  On August 16, 2024 at DE 343, Plaintiff filed his opposition to Defendants' motion to exclude Plaintiffs' experts. It is not clear to Plaintiff if something more is needed, as Plaintiff has tried to satisfy A1,, A2 and A3 Plaintiff needs more feedback from the Cour more is required at this point,, especially

given what I discuss in Part II below. Plaintiff will file appropriate documents at the appropriate time.

11. Plaintiff did exchange its trial exhibits. Atter learning that the office of Defendants' counsel was closed during the Thanksgiving period, when Plaintiff had planned and did try to deliver hard copies of the exhibits, Plaintiff sent a link to Defendants' counsel. Defendants sent their exhibits by link. Defendants filed objections on December 12, 2024 (DE 351) which means Defendants got Plaintiff's exhibits.

12. To Defendants' filing of a "Trial Brief," Plaintiff objected that it could not be considered a "trial brief" given the outstanding motions. Plaintiff instead filed Plaintiff's summary judgment briefs which stated the facts based on the evidentiary summary judgment record and Plaintiff's brief reinstating the due process claim based on the reconsideration record including the Navy ROD (DE 363). Defendant's "trial brief" relies upon a misstatement of the facts.

13. Defendants, seemingly to inflame the Court unfairly, interposed a stream of one-sided objections (DE 365) to Plaintiff's filing of his objections to Defendants' flawed filings, but Plaintiff's objections were entirely proper in pointing out the practical problems in literally complying with the June 14 Order given that the Court has not held *Daubert* hearings and there has not been hearing of a series of important motions much less decisions on them–including placement of Defendants' admissions from their Answer into the trial record, .reinstatement of Plaintiff's due process claim, and Defendants' motion to exclude miscellaneous items

[7]

from evidence; If the Court gave credence to Defendants' objections, respectfully, the Court should have given an opportunity to Plaintiff to be heard concerning specific issues rather than being hit over the head with an accusatory *sua sponte* Order To Show Cause with short deadlines. Defendants' counsel appears to be trying to take advantage of Plaintiff counsel's health situation. Discussed in Part II below and also cynically ignoring the role Defendants' counsel in making this a seven year old case, pursuing scorched earth discovery against Plaintiff that included Plaintiff's parents, Plaintiff's mental health counselor and Plaintiffs post-Purdue social media which Defendants never used.

14. Additionally, what Defendants overlook is that their current quest to have even more deposition time with Plaintiff is in violation of the June 14 Order.

## II.

## RESCHEDULING CROSS-APPLICATION

15. Accompanying this Declaration is a letter from Dr, Michael Postow of Memorial Sloan Kettering concerning my current medical condition after two brain surgeries and seven radiation treatments in 2024 and current rehabilitation therapies. The bottom line is that on medical advice I while I can do, as I have, virtual arguments, I cannot travel to Indiana for in-court proceedings. Right now, I can't walk in the courthouse or anywhere else. My Memorial Sloan Kettering doctors would say no to my attempting to do a trial in February when I need to be doing rehabilitation treatments. We ask the Court for some grace in these circumstances.

16. Respectfully, anyway, this case is in need of a reset and rescheduling.. It does not serve the ends of justice to rush *Daubert* hearings and the hearing of a

series of important substantive motions, particularly motions for placement of Defendants' admissions from their Answer into the trial record and reinstatement of Plaintiff's due process claim. It does not serve the ends of justice to attempt to proceed on pretrial papers that do not adequately address important issues in the case.

17.     Defendants are rushing, knowing of their weakness with respect to the outstanding motions and knowing my health situation, to slip in legally defective trial jury instructions (DE 354), which are not in the Court's interest, as they will reflect adversely on the Court with respect to an important area of the law, and to create confusion to draw attention away from what is required for proper litigation of this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 23rd of December, 2024.

_____/s/ *Philip A. Byler*_____
Philip A. Byler

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served upon the attorneys of record for each party to the above-entitled cause at the address shown below on December 23. 2024 by ECF:

William P. Kealey, Esq.
James Olds, Esq.
Scotty Teal, Esq.
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010

Email: wpk@stuartlaw.com

\_\_\_\_\_/s/ *Philip A. Byler*_____
Philip A. Byler