IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **ALEXANDER HORB,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PURDUE UNIVERSITY, PURDUE UNIVERSITY BOARD OF TRUSTEES, MITCHELL ELIAS DANIELS, JR.**, in his official capacity as President of Purdue University, **ALYSA CHRISTMAS ROLLOCK**, in her official capacity at Purdue University, **KATHERINE SERMERSHEIM**, in her official capacity at Purdue University, | ) ) ) ) ) ) ) ) | No. 2:17-cv-33-JPK |
| Defendants. | ) | |

**DECLARATION OF PLAINTIFF ALEXANDER HORB
IN SUPPORT OF MOTION FOR CONTINUANCE**

Alexander Horb hereby declares subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

**Introduction**

1. Due to the unique circumstances here in this case at this junction and on advice of counsel, I am submitting an affidavit in support of the motion for continuance that we are filing here with the Court. I wish to convey to the Court a clear understanding of our current situation to the best of my ability. I hope that given the Court's own experience with getting up to speed on this case and the

understanding that adding additional counsel this late into a nuanced, specialized lawsuit is no simple task, our request for more time is considered acceptable. The reality is that asking people to come on board something like this takes time, and while we have all appreciated the original 30 days granted by the Court, it was a very tough timetable for this task, even with the help of my family. Based on how fast communications have progressed with the law firms and lawyers we have already talked to and are in the process of talking to, we are confident in finding new counsel within 60 days from now. 30 days would require some luck. We plan to include having counsel fit to litigate both the trial and the Daubert hearing in the event Mr. Byler is not healthy by then. Because of what will be mentioned next, we are even more unsure if Mr. Byler will be physically able to litigate trial and the Daubert hearing regardless of a continuance, but we are of course always hoping to be proven wrong. Currently, my family and I plan to keep him as counsel at the very least as a means to help speed up the onboarding process of whoever we hire as additional counsel. His mind is still sound and sharp and will no doubt help in that regard.

     2. That being said, over the past 2 weeks, Phil experienced a deterioration of motor control on his right side, which has been his "good side" since the October surgery. Doctors ordered an MRI, and upon reviewing the MRI results last Wednesday, it was determined that he would need a third brain surgery immediately. He was transported into the city this past Monday night by the hospital, and was just yesterday scheduled for an immediate brain surgery 2 days out on Thursday the 6th. This is information Phil and his wife gave me over the phone, and they said it would

be acceptable to include here for context. The fact that he must now have this additional surgery also impacts my strategy with seeking new counsel moving forward. As mentioned above, it is not likely that Phil will be healthy enough to litigate a trial anytime soon, so I have modified my outreach to further reflect this reality. This obviously also means that Phil will be unable to attend the meeting scheduled for tomorrow, as his surgery will have to take priority. If the Court wishes, I can still attend, but at the moment I have no additional counsel to accompany me, as that process is still ongoing.

      3. I really did appreciate the compassion shown for Phil at the Zoom meeting last month, and I ask that the Court show some further consideration towards us seeking additional counsel before trial and Daubert dates are set. We certainly do not wish to delay this lawsuit further than necessary, but more time to find additional counsel is indeed necessary. From what I've been told, this request is reasonable, and I hope the Court agrees. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

      Executed on this 5th day of February, 2025.

      _____*Alexander Horb*_____

**Alexander Horb, Plaintiff**