UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ALEXANDER HORB,

    Plaintiff,

    v.

PURDUE UNIVERSITY, PURDUE
UNIVERSITY BOARD OF TRUSTEES,
MITCHELL ELIAS DANIELS, JR.,
ALYSA CHRISTMAS ROLLOCK,
KATHERINE SERMERSHEIM,

    Defendants.

Case No. 2:17-CV-33-GSL

## ORDER

On July 18, 2025, this Court granted Defendants' Motion to Exclude Plaintiff's expert Dr. Stan Smith. [DE 388]. On August 14, 2025, Plaintiff filed a Motion for Clarification at [DE 394], which requested clarification on the Court's Order, provided new argument and caselaw, and alternatively, requested this Court certify his interlocutory appeal. The Court will address each in turn.

## DISCUSSION

Plaintiff's current counsel, Mr. North, filed his appearance on April 7, 2025. [DE 378]. On May 13, 2025, the Court held a Zoom video-teleconference to move the case forward. [DE 381]. At that hearing, the Court was intentional to inquire about Mr. North's readiness to proceed on Plaintiff's Motion to Reinstate Due Process Claim, [DE 345], Defendants' Motion to Exclude, [DE 330], and Defendants' Motion in Limine, [DE 331]. The Court directly asked Mr. North if, after having reviewed the briefing submitted by Plaintiff's former counsel, he expected to file a motion for leave to file supplemental briefing on any of the pending matters. Mr. North

responded that it was a possibility, which the Court was receptive of. Mr. North also asserted that a full *Daubert* evidentiary hearing was unnecessary for the purposes of resolving Defendants' Motion to Exclude. The Court then set for hearing both Plaintiff's Motion to Reinstate Due Process Claim and Defendants' Motion to Exclude for June 18, 2025. [DE 381].

Plaintiff never sought leave, either before or after the hearing, to submit supplemental briefing. As a result, the Court decided the motions, including Defendants' Motion to Exclude Plaintiff's expert Dr. Smith, based on Plaintiff's former counsel's briefing and Plaintiff's current counsel's oral argument. Almost a month after this Court issued its Order, Plaintiff filed this Motion, which is styled as a Motion for Clarification. Plaintiff's Motion rehashes arguments already rejected by this Court and presents entirely new arguments and caselaw, which appear to have been available to Plaintiff at the time this Court inquired about supplemental briefing.

## I.    Damages Based on Lost Wages

The Court explicitly held that because Plaintiff failed to identify a Title IX case in this Circuit where damages based on lost wages were permitted, the Court remained unconvinced that as a matter of law those types of damages were available to Plaintiff here. As a result, the Court barred Dr. Smith's testimony based on lost wages. In his Motion, Plaintiff presents out of circuit, Title IX cases where damages based on lost wages were contemplated. New arguments and caselaw are inappropriate in a Motion for Clarification, so the Court will not consider them here. Insofar as Plaintiff requests clarification, Dr. Smith is not permitted to testify to damages based on lost wages, regardless of what is shown at trial.

## II.    *Daubert*

In footnote 7, Plaintiff emphasizes that the District Court focused "only, it seems, on the 'factual underpinnings' of [Dr. Smith's] expert opinion," not the "expert's methodology" as the

"Seventh Circuit directs district courts." [DE 394, Page 7]. As an initial matter, it is well-established that a party waives an argument by presenting it only in an undeveloped footnote. *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 848 F.3d 822, 829 (7th Cir. 2017) (citing *United States v. Warner*, 792 F.3d 847, 856 (7th Cir. 2015)); *Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013). Beyond this, the Court directs Plaintiff's counsel to his own statements at the hearings in May and June.

At the status conference on May 13, 2025, Plaintiff's counsel asserted to the Court that a full *Daubert* evidentiary hearing was unnecessary for the purpose of resolving Defendants' Motion to Exclude. During the hearing on June 18, 2025, there was little discussion, particularly by Plaintiff during his rebuttal, of the *Daubert* standard or its factors as they relate to Dr. Smith. [DE 389].

Defendants argued that Dr. Smith had never overcome *Daubert* in the federal courts of the Seventh Circuit because his methods were unreliable, and that here, the analysis he purported to provide was irrelevant because the jury is limited to deciding damages based on Plaintiff's loss of educational opportunity from sex discrimination. [*Id.* at 16]. Plaintiff's response to Defendants focused briefly on whether Dr. Smith could appropriately provide "alternative possible futures," or more than one scenario for Plaintiff's damages, but was largely focused on arguing that as a matter of law, damages based on lost wages were available as compensatory damages under *Cummings* and Indiana contract law in a Title IX case such as this. [*Id.* at 25-29].

At no point did Plaintiff's counsel request leave to submit supplemental briefing, despite the Court's discussion with him. Therefore, based on all the information presented to the Court, including Plaintiff's request that the Court not hold a full *Daubert* hearing, Plaintiff's oral argument largely focused on whether damages based on lost wages were available as a matter of

law, not *Daubert,* and Plaintiff's decision to not request supplemental briefing, the Court resolved the issue of whether Dr. Smith could testify as a matter of law. It was not error to do so without having conducted a full *Daubert* analysis.

Because Plaintiff in his Motion has suggested that the Court erred by not doing so, the Court undertakes a *Daubert* analysis now. Rule 702 of the Federal Rules of Evidence and the principles set forth in *Daubert* govern the admissibility of expert testimony. *Higgins v. Koch Dev. Corp*., 997 F. Supp. 2d 924, 930 (S.D. Ind. 2014) (citing *Smith v. Ford Motor Co*., 215 F.3d 713, 717-18 (7th Cir. 2000)). The court must ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms*., 509 U.S. 579, 597 (1993). The Seventh Circuit has set forth a three-step analysis in its application of the *Daubert* standard: (1) the witness must be qualified as an expert by knowledge, skill, experience, training, or education; (2) the expert's reasoning or methodology underlying the testimony must be scientifically reliable; and (3) the testimony must assist the trier of fact to understand evidence or to determine a fact in issue. *Ervin v. Johnson & Johnson, Inc*., 492 F.3d 901, 904 (7th Cir. 2007). The party proffering the expert, here, Plaintiff, must show these factors by a "preponderance of proof." *United States v. Allen*, 207 F. Supp. 2d 856, 869 (N.D. Ind. 2002) (citing *Daubert*, 509 U.S. at 592 n. 10).

Here, Defendants filed their Motion to Exclude the Expert Opinions of Dr. Smith at [DE 330]. Plaintiff responded at [DE 341], to which Defendants replied at [DE 343]. Defendants do not appear to argue that Dr. Smith is unqualified, which the Court will not press, because it need not actually reach the issue. Regardless of whether Dr. Smith is appropriately qualified as an expert here, his purported testimony does not survive the second step of the *Daubert* analysis.

Defendants argued that Dr. Smith's conclusions lacked foundation, because Dr. Smith does not explain how he came to any of the probabilities that Plaintiff would earn a degree, pursue a career in a given field, or even succeed in that role. [DE 330, Page 18]. Defendants also pointed out that Dr. Smith's calculations did not take Plaintiff's personal and relevant facts into account in reaching his conclusions. [*Id.* at 19-20, 21]. Finally, Defendants argued that although Dr. Smith provided three different potential earnings outcomes, it did not appear that doing so required Dr. Smith's expertise as an economist, and instead, appeared to be the use of algebraic equations. [*Id.* at 20].

Plaintiff's briefing in response, submitted by his former counsel, is just over a page long and largely focused on arguing that damages based on lost wages are compensatory damages available as remedies in Title IX cases. [DE 341, Page 25]. In response to Defendants' point that Dr. Smith's calculations do not take Plaintiff's specific circumstances into account, Plaintiff argued:

> Defendants also attack Dr. Smith for not recognizing that Plaintiff John's GPA 2.1 – never mind that total GPA was above 3.0 and that the Navy ROTC leadership recognized that grades don't equal career success and acknowledged John McCain as the last in his class but went on to be a success (U.S. Senator, Presidential candidate). Defendants' mentally imbalanced personal attacks on John are not actual facts.

[*Id.* at 24-26]. This response does nothing to address Defendants' argument that Dr. Smith's conclusions lack appropriate foundation, nor does it address Defendants' argument that Dr. Smith's conclusions are merely algebraic hypotheses, not expert analyses. Because Plaintiff's counsel never requested leave to submit supplemental briefing, these arguments are what are available for the Court to consider. And, as discussed above, Plaintiff, at the hearing, only cursorily argued why it was appropriate for Dr. Smith to provide more than a singular damages

forecast. Much like his former counsel, Plaintiff focused the arguments on whether the damages were available as a matter of law.

Defendants raised concerns about Dr. Smith's conclusions, particularly the foundations on which he bases them. Plaintiff has provided this Court with no real rebuttal to those points. For this reason, the Court questions the foundations upon which Dr. Smith came to his conclusions, and finds his testimony based on lost wages would have been appropriately excluded under *Daubert*. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993).

### III.    Interlocutory Appeal

Plaintiff argues that this Court should certify his interlocutory appeal because its Order (1) "involves a controlling question of law as to which there is substantial ground for difference of opinion" and that (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." [DE 394 at 9 (citing 28 U.S.C. § 1292(b))]. To show that substantial ground for a difference of opinion exists on the question of law, the movant must show that there are "substantial conflicting decisions regarding the claimed controlling issue of law." *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 212 F.Supp.2d 903, 910 (S.D. Ind. 2002); *Hoffman v. Carefirst of Fort Wayne, Inc.*, 2010 U.S. Dist. LEXIS 107493, at *7 (N.D. Ind. Oct. 6, 2010) (citing *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994) (requiring "a sufficient number of conflicting and contradictory opinions" to justify § 1292(b) certification)); *Fed. Deposit Ins. Corp. v. First Nat'l Bank of Waukesha, Wis.*, 604 F.Supp. 616, 620 (D.C. Wis. 1985) ("§ 1292(b) was not intended merely to provide an avenue for review of difficult rulings in hard cases, and the mere fact that there is a lack of authority on a disputed issue does not necessarily establish some substantial ground for a difference of opinion under the statute.")

Plaintiff has provided this Court with no such evidence that substantial grounds for difference of opinion exists on the issue of whether damages of lost wages are appropriate compensatory damages in a Title IX case proceeding on a sex discrimination claim. Plaintiff cites a transcript, [DE 215], from a trial court proceeding in *Doe v. Loyola University Chicago*, No.: 1:18−cv−07335. The Court does not find the transcript, which briefly discusses damages based on lost wages, in a case where the court granted summary judgment against the plaintiff and for the university on his claim of Title IX sex discrimination, to be evidence that substantial difference of opinion exists within our Circuit. *Doe v. Loyola University Chicago*, No.: 1:18−cv−07335, [DE 181, Page 65]. Further, this transcript was available at the time the Court discussed supplemental briefing with Plaintiff. This would have been more appropriately presented either during supplemental briefing, if granted leave, or during the hearing on June 18, 2025.

Plaintiff also cites several unpublished out-of-circuit trial court decisions which do not appear to permit damages based on lost wages but instead provide commentary on the definition of compensatory damages. Here again, Plaintiff has not provided this Court with evidence that substantial difference of opinion exists. Ultimately, the decision of whether to grant an interlocutory appeal lies within the sound discretion of this Court. *Smith v. Ford Motor Co.*, 908 F. Supp. 590, 600 (N.D. Ind. 1995). Because Plaintiff has failed to meet his burden, this Court, in its discretion, DENIES Plaintiff's request to certify an interlocutory appeal.

## <u>CONCLUSION</u>

In its Order, this Court found that Dr. Smith could not testify to damages based on lost wages because they were unavailable as a matter of law in a Title IX case proceeding on a claim of sex discrimination. Even if those damages were appropriate in a case such as this, Dr. Smith's

conclusions and methodologies here cannot surmount *Daubert*, and would have been barred for that reason, as well. For each of these reasons, the Court CLARIFIES that Defendants' Motion to Exclude is GRANTED, and Dr. Smith is not permitted to testify to damages based on lost wages. The Court DENIES Plaintiff's request to certify an interlocutory appeal.

      SO ORDERED.

      ENTERED: August 26, 2025

                      /s/ GRETCHEN S. LUND
                      Judge
                      United States District Court